**IN THE UNITED STATES COURT OF FEDERAL CLAIMS**

| | | |
|---|---|---|
| **JZ Buckingham Investments LLC as Tax Matters Partner of JBJZ Partners, a South Carolina general partnership,** | § | |
| **Plaintiff,** | § | **CASE NO. 05-231 T** |
| | § | **Chief Judge Edward J. Damich** |
| **v.** | § | |
| **United States of America,** | § | |
| **Defendant.** | § | |

**PLAINTIFF'S MOTION TO DEEM CERTAIN ALLEGATIONS ADMITTED OR, IN THE ALTERNATIVE, FOR A MORE SPECIFIC ANSWER AND INCORPORATED MEMORANDUM OF LAW**

## TABLE OF CONTENTS

**I. QUESTIONS PRESENTED** .......... 1

A. Issue One. .......... 1

B. Issue Two. .......... 2

**II. STATEMENT OF THE CASE** .......... 2

**III. FACTUAL BACKGROUND** .......... 3

A. The IRS Conducted a Thorough Audit and Investigation. .......... 4

B. Counsel for the Government Has Had Time to Investigate the Case and Answer. .......... 5

**IV. ARGUMENT AND AUTHORITIES** .......... 6

A. Where Assertion of Ignorance Is Obviously a Sham, the Allegations of a Complaint Should Stand Admitted. .......... 6

B. In the Alternative, the Government's Answer Is Insufficient and Should be Amended. .......... 10

1. The Government Should Not State It Does Not Have Sufficient Knowledge or Information When It Does. .......... 10

2. The Government Must Admit What It Can. .......... 11

**V. CONCLUSION** .......... 13

**VI. PRAYER** .......... 14

# TABLE OF AUTHORITIES

<u>CASES</u>

*American Photocopy Equip. Co. v. Rovico, Inc.*,
359 F.2d 745 (7th Cir. 1966) ....................................7-9

*David v. Crompton & Knowles Corp.*,
58 F.R.D. 444 (E.D. Pa. 1973) ....................................8

*Insurance Co. of N. Am. v. M.B. Assocs.*,
1992 WL 395571 (S.D.N.Y. 1992)....................................7, 8

*Securities and Exch. Comm'n v. Manus*,
1981 WL 1683 (S.D.N.Y. 1981) ....................................8

*Soto v. Lord*,
693 F. Supp. 8 (S.D.N.Y. 1988) ....................................7

<u>RULES</u>

FED. R. CIV. P. 8(b) ....................................*passim*

RCFC 8(b) ....................................*passim*

<u>OTHER</u>

5 CHARLES ALAN WRIGHT & ARTHUR R. MILLER,
FEDERAL PRACTICE AND PROCEDURE § 1266 (3rd ed. 2004)....................................7

**IN THE UNITED STATES COURT OF FEDERAL CLAIMS**

| | | |
|---|---|---|
| **JZ Buckingham Investments LLC as Tax Matters Partner of JBJZ Partners, a South Carolina general partnership,** | § | |
| **Plaintiff,** | § | **CASE NO. 05-231 T**<br>**Chief Judge Edward J. Damich** |
| **v.** | § | |
| **United States of America,** | § | |
| **Defendant.** | § | |

**PLAINTIFF'S MOTION TO DEEM CERTAIN ALLEGATIONS ADMITTED OR, IN THE ALTERNATIVE, FOR A MORE SPECIFIC ANSWER AND INCORPORATED MEMORANDUM OF LAW**

Plaintiff JZ Buckingham Investments LLC as Tax Matters Partner of JBJZ Partners ("Plaintiff") respectfully requests the Court to deem admitted by Defendant the United States of America (the "Government") Paragraphs 1-4, 6, and 17-35 of Plaintiff's Complaint for Readjustment of Partnership Items Under 26 U.S.C. § 6226 (the "Complaint"), or, in the alternative, order the Government to provide a more specific answer to those allegations as required by Rule 8(b) of the Rules of the Court of Federal Claims ("RCFC").

## I. QUESTIONS PRESENTED

### A. Issue One.

Whether certain allegations in the Complaint should be considered admitted where the Government claimed to lack knowledge or information sufficient to

answer when it actually had enough knowledge and information to admit or deny Plaintiff's allegations based on a lengthy IRS examination and where it had sufficient time to investigate the factual allegations in the Complaint.

**B. Issue Two.**

In the alternative, should the Court order the Government to amend its Answer to fully and accurately respond to the Plaintiff's allegations based on knowledge and information in its possession as RCFC 8(b) requires?

## II. STATEMENT OF THE CASE

Despite the fact that Plaintiff initiated this action, Plaintiff is actually in the position of a defendant challenging the Internal Revenue Service's ("IRS") final adverse determination of certain partnership tax items. Indeed, the Government made this determination after an IRS examination that lasted over two years during which the IRS reviewed extensive documentation that Plaintiff and other related taxpayers willingly provided. And, Plaintiff voluntarily disclosed its involvement in these transactions to the IRS under IRS Notice 2002-2. As a consequence, either the Government's determinations against which Plaintiff is defending are not founded in fact and are consequently arbitrary and capricious, or the Government simply failed to take the time to review its file prior to answering.

The Government has inappropriately failed to specifically admit or deny Plaintiff's allegations by stating it is without sufficient information to respond

specifically. *See* Answer ¶¶ 17-29. The Government also failed to deny certain allegations while admitting the portions it could admit based on information in its possession. Contrary to its assertions, the Government has sufficient knowledge and information to respond. The Government's pleading games are a plain abuse of RCFC 8(b), which tracks the precise language of FED. R. CIV. P. 8(b). The Government is playing these same games in other courts around the country. Because of these flaws in the Government's Answer and the unnecessary cost and inconvenience associated with discovery and trial on all factual issues, the Court should deem certain allegations admitted, or in the alternative, order the Government to amend its Answer and provide more specific admissions and denials based on information that is obviously in its possession and control within fourteen days of the date of the Court's Order on this Motion.

In support of this Motion, Plaintiff would show the Court as follows:

## III. FACTUAL BACKGROUND

It is outrageous for the Government to contend that it is without sufficient information to admit even the most basic aspects of the transactions that gave rise to the adjustments at issue in this case and to deny allegations it should have admitted. *See* Answer at ¶¶ 17-29. As the history of the present dispute demonstrates, the Government has an in-depth knowledge of the facts of this case. Furthermore, because of the extension granted to answer, the Government has had

ample time and opportunity to consider the allegations in the Complaint and make an appropriate answer.

**A. <u>The IRS Conducted a Thorough Audit and Investigation.</u>**

Before the IRS issued the Notice of Final Partnership Administrative Adjustment ("FPAA") to JBJZ Partners on December 9, 2004 making the adjustments at issue here, it audited the tax treatment of the transactions at issue for over two years. During the audit, Plaintiff and other related taxpayers responded to the IRS's inquiries for information by answering written requests for information and providing documents. Plaintiff and other related taxpayers disclosed their involvement in the transactions pursuant to IRS Notice 2002-2, which demanded that the disclosing party provide all information and documents relating to their involvement in the transactions. In short, Plaintiff cooperated with the IRS's requests for information. Contemporaneously with the audit, the IRS sought and obtained documents by summons from the various advisors involved in the case, including, but not limited to, Ernst & Young, LLP and Jenkens & Gilchrist P.C. Counsel for Plaintiff suspects that it obtained documentation from Brown & Wood LLP and Deustche Bank, A.G. as well. Further, the Government's counsel of record in this case has been monitoring a number of civil lawsuits relating to the transactions at issue here.

## B. **Counsel for the Government Has Had Time to Investigate the Case and Answer.**

On February 17, 2005, Plaintiff timely filed this case, challenging the adjustments the IRS made in the FPAA. This case was assigned to the Department of Justice, Tax Division, who represents the IRS in this action. Over Plaintiff's objection, the Government obtained an extension of its deadline to file an answer so that its lawyers could obtain and review the administrative file before answering. Plaintiff objected to the extension on the grounds that the Government was simply asking for delay and, based on experiences in a similar case, would not answer specifically even with the extra time. As expected, the Government provided its cursory answer to the Complaint, virtually mirroring its answer in the other case, on June 20, 2005.

As a result of the extension, the Government had over 120 days to review the IRS files and properly answer. By any measure, four months over and above the IRS's audit and continuing investigation should be sufficient to obtain the IRS administrative files, learn about the case, and provide an appropriate answer that comports with RCFC 8(b).

## IV. ARGUMENT AND AUTHORITIES

The Government's Answer is wholly deficient because it did not properly admit or deny Plaintiff's allegations based on information and knowledge within its possession and control. It is plain that the Government did not make a good faith inquiry into the truth of the allegations of the Complaint.

### A. Where Assertion of Ignorance Is Obviously a Sham, the Allegations of a Complaint Should Stand Admitted.

The RCFC and the Federal Rules of Civil Procedure require a defending party to make specific, rather than general, denials: "Denials shall fairly meet the substance of the averments denied. When a pleader intends in good faith to deny only a part or a qualification of an averment, the pleader shall specify so much of it as is true and material and shall deny only the remainder." RCFC 8(b); FED. R. CIV. P. 8(b); *see also* 5 CHARLES ALAN WRIGHT & ARTHUR R. MILLER, FEDERAL PRACTICE AND PROCEDURE § 1266 (3rd ed. 2004). If a responding party does not have enough knowledge or information to know whether an allegation should be admitted or denied, it can respond that it "is without knowledge or information sufficient to form a belief as to the truth of an averment." RCFC 8(b); FED. R. CIV. P. 8(b). Such a response is treated as a denial. *Id.*

Nevertheless, use of this pleading technique should be limited:

> [R]esort to this form of allegation should not be capricious. A denial of knowledge or information requires that the party not only lack first-hand knowledge of the necessary facts involved but also that the pleader lack information upon which she reasonably could form a personal belief concerning the truth of the adversary's allegations. Normally a party may not assert a lack of knowledge or information if the necessary facts or data involved are **within his knowledge or easily brought within his knowledge**, a matter of general knowledge in the community, or a matter of public record.

5 CHARLES ALAN WRIGHT & ARTHUR R. MILLER, FEDERAL PRACTICE AND PROCEDURE § 1262 (3rd ed. 2004) (analyzing Federal Rules of Civil Procedure) (emphasis added). Courts addressing this topic have demanded that a party's response reflect reality: "a party 'may not deny sufficient information or knowledge with impunity, but is subject to the **requirements of honesty** in pleading. An averment will be deemed admitted when the matter is obviously one as to which [the] defendant has knowledge or information.'" *Insurance Co. of N. Am. v. M.B. Assocs.*, 1992 WL 395571, *4 (S.D.N.Y. 1992) (deeming allegations admitted where defendant claimed to be without knowledge or information relating to his own business relationships) *quoting Soto v. Lord*, 693 F. Supp. 8, 23 n.28 (S.D.N.Y. 1988) (emphasis added). Simply responding that a party does not have enough knowledge or information to admit or deny an allegation will not constitute a denial if "the assertion of ignorance is obviously a sham." *See American*

*Photocopy Equip. Co. v. Rovico, Inc.*, 359 F.2d 745, 747 (7th Cir. 1966). Where there is evidence that a party had the requisite information to adequately respond and instead chose to state it was lacking information, "the facts alleged in the complaint stand admitted." *Id.*

Moreover, asserting lack of knowledge requires more than a lack of first-hand knowledge of the necessary facts. *See M.B. Assocs.*, 1992 WL 395571 at *4. The party making the assertion must also be unable to ascertain the necessary facts with *reasonable effort*. *Securities and Exch. Comm'n v. Manus*, 1981 WL 1683, *2 (S.D.N.Y. 1981) (deeming facts admitted where allegations relating a party's ownership of stock could be discovered); *see also David v. Crompton & Knowles Corp.*, 58 F.R.D. 444, 447 (E.D. Pa. 1973) (deeming the plaintiff's allegation admitted where the defendant was claiming not to have knowledge of the terms of its own purchase agreement). If the necessary facts *could have been* ascertained by the party, the averment of ignorance will be deemed an admission. *Manus*, 1981 WL 1683, *2.

In *American Photocopy Equip. Co. v. Rovico, Inc.*, 359 F.2d 745 (7th Cir. 1966), the Seventh Circuit affirmed a district court's decision to deem certain allegations admitted where the party claiming ignorance had knowledge of the facts by virtue of prior litigation, a factual circumstance quite similar to the one before this Court today. The plaintiffs, American Photocopy Equipment Co.

("APEC"), obtained a preliminary injunction forbidding defendant, Rovico, Inc. ("Rovico"), from infringing its patent. *Id.* at 746. Rovico answered APEC's complaint and asserted a counterclaim. *Id.* In turn, APEC answered the allegations in Rovico's answer and counterclaim. *Id.* The court observed that "some of these allegations were not fairly met and denied by plaintiff's [APEC's] reply to the answer." *Id.* APEC denied certain allegations but stated that it was "without knowledge or information sufficient to form a belief as to the truth of the remaining averments of paragraph 40 of said answer." *Id.*

APEC insisted that it had complied with the terms of FED. R. CIV. P. 8(b) by stating it was without sufficient knowledge to respond. Because the court believed that the information was within APEC's control by virtue of a prior suit determining the validity of the patent at issue, the Seventh Circuit disagreed: "We disagree and hold that plaintiff has not in effect denied the aforesaid averment of defendant. Rule 8(b) affords no shelter to plaintiff, in view of the facts presented in Rovico's answer and counterclaim." *Id.* at 747. Because of this and other issues, the court reversed the preliminary injunction and ordered the case to proceed to trial. *Id.* at 748.

Like plaintiffs in *Rovico, Inc.* and the other parties claiming ignorance in all the above-cited cases, the Government cannot simply state that it does not have sufficient information when all evidence and common sense would lead a

reasonable person to the contrary conclusion. The Government should have specifically admitted or denied Plaintiff's allegations based on the information and knowledge in its and the IRS's possession. The Government plainly has the information required to answer properly; if it did not, it should not have issued the FPAA. Furthermore, by virtue of the extension granted to it to answer, the Government has had sufficient time to undertake any investigation required. Therefore, Plaintiff respectfully requests that the Court deem Paragraphs 1-4, 6, and 17-35 admitted for the reasons articulated below in Sections II.B.1 and II.B.2.

**B. <u>In the Alternative, the Government's Answer Is Insufficient and Should be Amended.</u>**

In the alternative, Plaintiff would simply request that the Court order the Government to respond more specifically to Paragraphs 1-4, 6, and 17-35 in accordance with the standards articulated in RCFC 8(b) and FED. R. CIV. P. 8(b). The Government should review its client's (the IRS's) administrative file and materials collected during the audit to respond appropriately.

1. *The Government Should Not State It Does Not Have Sufficient Knowledge or Information When It Does.*

The Government did not comply with RCFC 8(b) or FED. R. CIV. P. 8(b) because it failed to specifically admit or deny certain allegations based on information readily available to it. Instead, it responded that it did not have enough knowledge or information to admit or deny the allegations. The

Government states that it is without sufficient information to admit or deny the details of the basic transactions at issue. *See* Answer at ¶¶ 17-29.

These responses are abusive and defy reason. The Government has access to the IRS's files and information that would enable it to make accurate and specific admissions or denials of these allegations. The IRS had to have this information to make its adjustments in the FPAA. If it did not have the knowledge and information about the facts of the transactions, then it would appear that the adjustments and application of penalties were arbitrary and capricious determinations. Furthermore, the Government has access to all the transaction documents and tax returns that were provided to the IRS during the audit. Many of those documents establish the basic facts the Government says it is without knowledge or information to admit or deny. While the Parties may certainly disagree about the characterization of the transactions, there can be little dispute about the details of what actually happened, and the Government must respond appropriately.

*2. The Government Must Admit What It Can.*

The Government has obviously failed to specifically admit or deny aspects of certain allegations as required by RCFC 8(b) and FED. R. CIV. P. 8(b). Its Answer is replete with examples of denials that do not fairly meet the substance of the allegations. The Government's answer is also inconsistent, which establishes

that it is aware of certain facts, but simply did not answer carefully. For instance, the Government claims it does not have enough information to admit or deny the basic details of the transactions, but somehow it has enough information to admit that shares of stock were contributed to JBJZ Partners. *Compare* Answer ¶¶ 17-29 with ¶¶ 30, 31. This is hopelessly inconsistent and defies any rational explanation.

The Government did not even plainly admit or deny the existence of the entities involved in the transactions. *See* Answer at ¶¶ 1, 2, 4, 6. Instead, it responded that the entities "purported" to be a partnership under South Carolina law and Delaware limited liability companies. Similarly, the Government refused to plainly admit the ownership percentages of each limited liability company in JBJZ Partners and that the interests in JBJZ Partners were contributed to JBJZ Investors, Inc. *See id.* at ¶¶ 2, 4, 32, 33. Instead, it admitted that the ownership percentages and the contributions were facts that Plaintiff "purports." *See id.* The Government must either admit or deny the allegations; it cannot avoid the question by simply admitting that Plaintiff is "purporting" certain facts. If this were the case, then the Government should admit all the allegations of the Complaint because the allegations are necessarily a description of what Plaintiff "purports." Finally, these entities obviously exist, contrary to the Government's Answer. *See id.* at ¶¶ 1, 2, 4, 6. The Government has all the formation documents and

certificates in its possession. The Government should admit that and, if it chooses, deny that they be recognized for tax purposes.

## V. CONCLUSION

The Court should determine that the Government has admitted certain allegations and that its hollow assertions of ignorance are simply not true. In the alternative, the Court should order the Government to more specifically respond to the allegations in the Complaint. As it stands, the Government has ignored information readily available to it and has answered that it does not have enough information to adequately admit or deny the allegations. The Government also answered with overly-broad denials, failing to admit the allegations it could admit as required by RCFC 8(b) and FED. R. CIV. P. 8(b).

As it stands, the Government's Answer will needlessly lengthen the time necessary for discovery and trial because the Government has not made any attempt to narrow the factual and legal issues before the Court, which ultimately prejudices Plaintiff, who has deposited millions of dollars to challenge the IRS's determinations. Therefore, if the Court does not consider certain allegations admitted, the Government should be required to comply with RCFC 8(b) and FED. R. CIV. P. 8(b) by specifically denying and admitting the allegations based on information available to it through its client, the IRS.

## VI. PRAYER

Plaintiff respectfully requests that the Court grant this Motion and order that Paragraphs 1-4, 6, and 17-35 of the Complaint are admitted by the Government or, alternatively, order the Government to respond to the Complaint more specifically within fourteen days of the Court's Order on this Motion. Plaintiff requests further and additional relief to which it may be entitled.

Respectfully submitted on August 30, 2005,

/s/ Joel N. Crouch
Joel N. Crouch
M. Todd Welty
David E. Colmenero
Lezlie B. Willis

MEADOWS, OWENS, COLLIER, REED
COUSINS & BLAU, L.L.P.
901 Main Street, Suite 3700
Dallas, TX 75202
(214) 744-3700 Telephone
(214) 747-3732 Facsimile

ATTORNEYS FOR PLAINTIFF
JZ BUCKINGHAM INVESTMENTS LLC

## CERTIFICATE OF CONFERENCE

I certify that on or about August 29, 2005, I requested that Defendant amend its answer as requested in this Motion. Counsel for Defendant disagreed that amendment was necessary and, therefore, objects to the relief sought in this Motion.

/s/ Joel N. Crouch
JOEL N. CROUCH

## CERTIFICATE OF SERVICE

I hereby certify that on August 30, 2005, I electronically filed the foregoing pleading with the Clerk of the Court using the ECF system which will send notification of such filing to the following:

John A. Lindquist, III
Trial Attorney, Tax Division
U.S. Department of Justice
P.O. Box 55
Ben Franklin Station
Washington DC 20044

/s/ Joel N. Crouch
JOEL N. CROUCH