The InterTech Group®

July 9, 2003

Mr. Paul M. Daugerdas
Jenkens & Gilchrist
225 West Washington St.
Suite 2600
Chicago, Illinois 60606

Re: IRS John Doe Summons

Dear Mr. Daugerdas:

I received your letter of June 30, 2003 regarding the IRS John Doe Summons issue. I understand your ethical obligation to assert your attorney client privilege and confidentiality rights to the IRS regarding information of names and confidential client information. Sometime ago I had given Ernst & Young authority to release my name and cooperate with the IRS. I do not believe anything that we filed as structured was inconsistent with either the normal opportunity to make a profit (or loss), i.e. a reasonable business decision, to be at risk, while simultaneously benefit from the provisions of the existing tax laws. Although I do not wish to be the "on-stage" focus of a legal process, I believe the law is, as you opined, on our side and ultimately the court will have to re-affirm this or deny this premise.

In general, I believe open dialogue is better than not. Accordingly, I hereby give you authority to issue such information on my behalf which will enable the IRS to obtain the information they need to evaluate any matters concerning myself.

Please feel free to coordinate any disclosures or activities with Ernst & Young. I would suggest that you contact Kenny Hughes.

If you need anything else, please let me know.

Yours very truly,

Jerry Zucker

JZ/cc

(843) 744-5174 • Fax (843) 747-4092
4838 Jenkins Avenue • P.O. Box 5205 • North Charleston, SC 29405

EXHIBIT E

Z001661

The InterTech Group®

August 13, 2003

Mr. Paul M. Daugerdas
Jenkens & Gilchrist
225 West Washington St.
Suite 2600
Chicago, Illinois 60606

Re: IRS John Doe Summons

Dear Mr. Daugerdas:

I received your letter of August 6, 2003 regarding your update on the IRS John Doe Summons issue. I understand your ethical obligation to assert your attorney client privilege and confidentiality rights to the IRS regarding information of names and confidential client information. Sometime ago I had given Ernst & Young authority to release my name and cooperate with the IRS. I do not believe anything that we filed as structured was inconsistent with either the normal opportunity to make a profit (or loss), i.e. a reasonable business decision, to be at risk, while simultaneously benefit from the provisions of the existing tax laws. Although I do not wish to be the "on-stage" focus of a legal process, I believe the law is, as you opined, on our side and ultimately the court will have to re-affirm this or deny this premise. I am attaching a copy of my letter to you of July 9, 2003 regarding this issue.

In general, I believe open dialogue is better than not. Accordingly, I hereby give you authority to issue such information on my behalf which will enable the IRS to obtain the information they need to evaluate any matters concerning myself.

Please feel free to coordinate any disclosures or activities with Ernst & Young. I would suggest that you contact Kenny Hughes.

If you need anything else, please let me know.

Yours very truly,

Jerry Zucker

JZ/cc
w/attachments

(843) 744-5174 • Fax (843) 747-4092
4838 Jenkins Avenue • P.O. Box 5205 • North Charleston, SC 29405

Z001660

The InterTech Group

January 15, 2004

Mr. Michael Sweeney
Sidley Austin Brown & Wood LLP
Bank One Plaza
10 South Dearborn Street
Chicago, Illinois 60603

Re: United States of America vs. Sidley Austin Brown & Wood LLP

Dear Mr. Sweeney:

I am in receipt of your January 14th fax notice regarding the above referenced matter. I thought that I had previously responded to you in connection with this matter but, in the event I had not, this is to advise you that I understand your ethical obligation to assert your attorney client privilege and confidentiality rights to the IRS regarding information of names and confidential client information. Sometime ago I had given Ernst & Young authority to release my name and cooperate with the IRS. I do not believe anything that we filed as structured was inconsistent with either the normal opportunity to make a profit (or loss), i.e. a reasonable business decision, to be at risk, while simultaneously benefit from the provisions of the existing tax laws. Although I do not wish to be the "on-stage" focus of a legal process, I believe the law is, as you opined, on our side and ultimately the court will have to re-affirm this or deny this premise. I am attaching a copy of my letter to Jenkins & Gilcrest regarding this same issue.

In general, I believe open dialogue is better than not. Accordingly, I hereby give you authority to issue such information on my behalf which will enable the IRS to obtain the information they need to evaluate any matters concerning myself.

Please feel free to coordinate any disclosures or activities with Ernst & Young. I would suggest that you contact Kenny Hughes.

If you need anything else, please let me know.

Yours very truly,

Jerry Zucker

JZ/cc

P.O. BOX 5205, NORTH CHARLESTON, S.C. 29406 (803) 744-5174 FAX (803) 747-4092 TWX 810-881-1861