# UNITED STATES OF AMERICA
# JUDICIAL PANEL ON MULTIDISTRICT LITIGATION

CHAIRMAN:
**Judge Wm. Terrell Hodges**
United States District Court
Middle District of Florida

MEMBERS:
**Judge John F. Keenan**
United States District Court
Southern District of New York

Judge D. Lowell Jensen
United States District Court
Northern District of California

Judge J. Frederick Motz
United States District Court
District of Maryland

Judge Robert L. Miller, Jr.
United States District Court
Northern District of Indiana

Judge Kathryn H. Vratil
United States District Court
District of Kansas

Judge David R. Hansen
United States Court of Appeals
Eighth Circuit

DIRECT REPLY TO:

Michael J. Beck
Clerk of the Panel
One Columbus Circle, NE
Thurgood Marshall Federal
Judiciary Building
Room G-255, North Lobby
Washington, D.C. 20002

Telephone: [202] 502-2800
Fax: [202] 502-2888

http://www.jpml.uscourts.gov

December 6, 2005

TO INVOLVED COUNSEL

Re: MDL-1727 -- In re COBRA Tax Shelters Litigation

*Carmel Partners, et al. v. United States of America*, S.D. Indiana, C.A. No. 1:04-1661
*Gary Woods, etc. v. United States of America*, W.D. Texas, C.A. No. 5:05-216
*Gary Woods, etc. v. United States of America*, W.D. Texas, C.A. No. 5:05-217

Dear Counsel:

I am enclosing a copy of a Panel transfer order filed today in the above-captioned matter.

The Rules of Procedure of the Judicial Panel on Multidistrict Litigation, 199 F.R.D. 425 (2001), and specifically, Rules 1.1, 7.4 and 7.5, refer to "tag-along" actions. Please familiarize yourself with these Rules for your future reference. With regard to Rule 7.5, you need only provide this office with a copy of the complaint which you feel qualifies as a "tag-along" action and informally request that our "tag-along" procedures be utilized to transfer the action to the transferee district. If you have any questions regarding procedures used by the Panel, please telephone this office.

Very truly,

Michael J. Beck
Clerk of the Panel

By [signature]
Deputy Clerk

Enclosure

JUDICIAL PANEL ON
MULTIDISTRICT LITIGATION

*RELEASED FOR PUBLICATION*

DEC - 6 2005

FILED
CLERK'S OFFICE

*DOCKET NO. 1727*

# *BEFORE THE JUDICIAL PANEL ON MULTIDISTRICT LITIGATION*

## *IN RE COBRA TAX SHELTERS LITIGATION*

***Carmel Partners, et al. v. United States of America*, S.D. Indiana, C.A. No. 1:04-1661**
***Gary Woods, etc. v. United States of America*, W.D. Texas, C.A. No. 5:05-216**
***Gary Woods, etc. v. United States of America*, W.D. Texas, C.A. No. 5:05-217**

## *BEFORE WM. TERRELL HODGES, CHAIRMAN, JOHN F. KEENAN, D. LOWELL JENSEN, J. FREDERICK MOTZ, ROBERT L. MILLER, JR., KATHRYN H. VRATIL AND DAVID R. HANSEN, JUDGES OF THE PANEL*

## *TRANSFER ORDER*

This litigation currently consists of one action in the Southern District of Indiana and two actions in the Western District of Texas. Defendant United States moves the Panel, pursuant to 28 U.S.C. § 1407, for an order centralizing this litigation in the Southern District of Indiana. All plaintiffs in these actions oppose the motion.

On the basis of the papers filed and hearing session held, the Panel finds that these three actions involve common questions of fact, and that centralization under Section 1407 in the Southern District of Indiana will serve the convenience of the parties and witnesses and promote the just and efficient conduct of this litigation. These actions share allegations concerning the propriety of a generic tax product known as "Currency Options Bring Reward Alternatives" (COBRA), which the Internal Revenue Service has identified as an abusive tax shelter. Centralization under Section 1407 is necessary in order to eliminate duplicative discovery, prevent inconsistent pretrial rulings, and conserve the resources of the parties, their counsel and the judiciary.

Plaintiffs argue in opposition to centralization that resolution of this litigation will likely depend on facts unique to each action. Plaintiffs suggest that informal coordination of discovery would be preferable to Section 1407 centralization. We disagree. Transfer under Section 1407 will offer the benefit of placing all actions in this docket before a single judge who can structure pretrial proceedings to accommodate all parties' legitimate discovery needs while ensuring that the common party and witnesses are not subjected to discovery demands that duplicate activity that will or has occurred in other actions. Discovery with respect to any case-specific issues can also proceed concurrently with discovery on common issues. *In re Joseph F. Smith Patent Litigation*, 407 F.Supp. 1403, 1404 (J.P.M.L. 1976).

We are persuaded that the Southern District of Indiana is a preferable transferee forum for this litigation. The Southern District of Indiana has 1) the first-filed action; 2) the support of the common

defendant to this litigation; and 3) the resources that this complex tax matter is likely to require. Additionally, the action in the Southern District of Indiana has progressed somewhat further than the Western District of Texas actions.

IT IS THEREFORE ORDERED that, pursuant to 28 U.S.C. § 1407, the actions pending in the Western District of Texas are transferred to the Southern District of Indiana and, with the consent of that court, assigned to the Honorable John D. Tinder for coordinated or consolidated pretrial proceedings with the action already pending in that district.

FOR THE PANEL:

Wm. Terrell Hodges
Chairman