IN THE UNITED STATES COURT OF FEDERAL CLAIMS

No. 05-231 T
(Chief Judge Damich)

JZ Buckingham Investments LLC as Tax Matters Partner
of JBJZ Partners, a South Carolina general partnership,

Plaintiff,

v.

United States of America,

Defendant.

**AMENDED ANSWER**

Defendant, United States of America, in answer to the Complaint for Readjustment of Partnership Items, respectfully denies each and every allegation therein not expressly admitted in its Answer, and incorporates by reference each of its responses to the individually numbered paragraphs in the Complaint for Readjustment of Partnership Items as in its original answer, except amends its Answer to the following numbered paragraphs of the complaint:

6. JBJZ Partners is a South Carolina general partnership with employer identification number 57-1088089. Its principal place of business is 16 Buckingham Dr., Charleston, SC 29407. For the year ending December 27, 1999, JBJZ Partners filed its federal tax return with the Internal Revenue Service at Cincinnati, OH 45999-0011.

Answer: Defendant states that JBJZ Partners purported to be a South Carolina general partnership and is also disregarded for federal income tax purposes, but admits that JBJZ Partners, upon application to the Internal Revenue Service, was assigned the employer identification number 57-1088089, and that its purported principal place of business is 16 Buckingham Dr., Charleston, SC 29407. It is further admitted that JBJZ Partners filed a federal tax return for the year ending December 27, 1999, but it is denied that the return was filed with the Internal Revenue Service at Cincinnati, OH 45999-0011. The remaining allegations contained in paragraph 6 are allegations of law to which no response is required. To the extent that a response is required, the remaining allegations contained in paragraph 6 are denied.

27. November 24, 1999, JZ and JGB contributed the Options to JBJZ Partners as contributions to capital.

Answer: Defendant states that JBJZ Partners purported to be a South Carolina general partnership and is also disregarded for federal income tax purposes and is Defendant is presently without knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in paragraph 27.

28. On December 22, 1999, JBJZ Partners' option positions terminated in accordance with their terms.

Answer: Defendant states that JBJZ Partners purported to be a South Carolina general partnership and is also disregarded for federal income tax purposes and Defendant is presently without knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in paragraph 28.

29. During December 1999, JBJZ Partners purchased Canadian Dollars (the "Foreign Currency") as an investment.

Answer: Defendant states that JBJZ Partners purported to be a South Carolina general partnership and is also disregarded for federal income tax purposes and Defendant is presently without knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in paragraph 29.

30. On December 22, 1999, 4,500 shares of Cisco Systems, Inc. which were held for investment for more than one year ("Long Term Shares") were contributed to JBJZ Partners.

Answer: Defendant admits that on December 22, 1999, Jerry Zucker purported to contribute 4,500 shares of stock in Cisco Systems, Inc. to JBJZ Partners which purported to be a South Carolina general partnership, but states that JBJZ Partners is a factual sham and that, even if it did exist, this entity is disregarded for federal income tax purposes because it had no business purpose, and also states that JBJZ Partners, even if it did exist, was created as a sham entity as a step in a prearranged plan and is thus also disregarded for federal income tax purposes under the step transaction doctrine, and also states that this entity, if it did exist, was created for a purpose which was inconsistent with the intent of Subchapter K of the Internal Revenue Code.

31. December 22, 1999, 500 shares of Cisco Systems, Inc. which were held for investment for less than six months ("Short Term Shares") were contributed to JBJZ Partners.

Answer: Defendant admits that on December 22, 1999, James Boyd purported to contribute 500 shares of stock in Cisco Systems, Inc. to JBJZ Partners which purported to be a South Carolina general partnership, but states that JBJZ Partners is a factual sham and that, even if it did exist, this entity is disregarded for federal income tax

purposes because it had no business purpose, and also states that JBJZ Partners, even if it did exist, was created as a sham entity as a step in a prearranged plan and is thus also disregarded for federal income tax purposes under the step transaction doctrine, and also states that this entity, if it did exist, was created for a purpose which was inconsistent with the intent of Subchapter K of the Internal Revenue Code.

Respectfully submitted,

12/23/05
Date

s/ Dennis Donohue

DENNIS DONOHUE
Attorney of Record
U.S. Department of Justice - Tax Division
Post Office Box 403
Ben Franklin Station
Washington, D.C. 20044
(202) 307-6492

EILEEN J. O'CONNOR
Assistant Attorney General
MILDRED L. SEIDMAN
Chief, Court of Federal Claims Section
DAVID GUSTAFSON
Assistant Chief

**CERTIFICATE OF SERVICE**

IT IS HEREBY CERTIFIED that on this 23rd day of December, 2005, the undersigned caused a true and complete copy of the foregoing AMENDED ANSWER to be electronically filed with the Court, such electronically filing is forwarded to:

Joel N. Crouch
Texas State Bar No. 05144220
Meadows, Owens, Collier, Reed
Cousins & Blau, L.L.P.
901 Main Street, Suite 3700
Dallas, Texas 75202
(214) 744-3700 Telephone
(214) 747-3732 Facsimile

s/ David M. Steiner
DAVID M. STEINER
Trial Attorney, Tax Division
U.S. Department of Justice
Post Office Box 55 Ben Franklin Station
Washington, D.C. 20044
(202) 307-5892