IN THE UNITED STATES COURT OF FEDERAL CLAIMS

No. 05-231 T
(Chief Judge Damich)

---

JZ Buckingham Investments LLC as Tax Matters Partner
of JBJZ Partners, a South Carolina general partnership,

Plaintiff,

v.

United States of America,

Defendant.

---

**DEFENDANT'S MOTION TO REVISE SCHEDULING ORDER**

The United States of America moves the Court to conform the discovery schedule in this COBRA case with the discovery schedule recently set by the Court in the three so-called *Murphy* COBRA cases of *MURFAM Farms, LLC, et al. v. United States*, Fed. Cl. No. 06-245T, *PSM Farms, LLC, et al. v. United States*, Fed. Cl. No. 06-246 T and *Murphy Pork Partners, LLC, et al. v. United States*, Fed. Cl. No. 06-247T, consolidated by Order of this Court dated October 5, 2006. The United States also plans to file a motion with the District Court in the Southern District of Indiana (the "MDL court") in *In Re COBRA Tax Shelter Litigation*, No. 05-9727, similarly requesting that court to conform the discovery schedule in the MDL COBRA cases to the discovery dates set by this Court in the *Murphy* COBRA cases.

The principal reason for both of these motions is to prevent significant and unnecessary duplicative discovery which would defeat the fundamental objective of the MDL Panel's order of consolidation of the district court COBRA cases.

**STATEMENT**

This case, as well as the three *Murphy* cases, involve the same highly-complex tax shelter strategy that is at issue in *In Re COBRA Tax Shelter Litigation*, No. 05-9727 (S.D.Ind.) (the "MDL litigation"). That MDL litigation involves one COBRA case in the Southern District of Indiana and two COBRA cases in the Western District of Texas. Over the strong opposition of the taxpayer-partners, the United States moved the Panel for Multi District Litigation, pursuant to 28 U.S.C. § 1407, to centralize all discovery in these three COBRA cases by transferring the two Western District of Texas cases to the Southern District of Indiana.

To support the motion, the United States averred that COBRA was a highly-sophisticated tax-driven financial transaction that was designed, marketed, and implemented by numerous individuals at five professional accounting, law, and banking firms. We further represented that each of these District Court cases involved common questions of fact concerning whether COBRA is an abusive tax shelter and would accordingly involve time-consuming discovery of identical factual matters from identical third parties. Coordination of discovery would therefore minimize the burden on numerous non-party deponents who would otherwise be compelled to testify on the same complex subject matters in these separate district court actions.

By order dated December 6, 2006, the Panel for Multi District Litigation granted our motion, stating that "[c]entralization under Section 1407 is necessary in order *to eliminate duplicate discovery*, prevent inconsistent pretrial rulings, and conserve the resources of the

parties, their counsel and the judiciary." (Emphasis added.) (Appendix A, *infra*.) The Panel further stated that "[t]ransfer under Section 1407 will .....[ensure] that the *common parties and witnesses will not be subject to discovery demands which duplicate activity that will* or has occurred in other actions." (Emphasis added.) Significantly, at oral argument on our motion, we represented to the MDL Panel that we anticipated that additional COBRA cases involving the same common third-party discovery issues would be filed but were unsure as to whether these cases would be filed in the District Court or the Court of Federal Claims.

Following the entry of a scheduling order by the Magistrate Judge in the MDL litigation, the parties here jointly moved the Court to revise the scheduling order in this case to conform it to the scheduling order entered in the MDL litigation. As in the MDL litigation, the first and most fundamental reason for our joint request was "[t]o avoid duplicative discovery." Dock. No. 42. By order dated April 17, 2000, the Court granted this joint motion. Dock. No. 43.

The three *Murphy* cases likewise involve a series of COBRA transactions – although these transactions occurred in 2000 – instead of 1999 – and also have some other differences to the COBRA transactions occurring in 1999. Nevertheless, the *Murphy* cases still present a vast amount of common discovery of many of the same third-parties as in the MDL litigation and in *JZ Buckingham*.

Accordingly, prior to the scheduling conference of October 4, 2006 in the *Murphy* cases, we sought an agreement with counsel representing the plaintiffs here to revise the discovery dates in this case to conform them to the discovery dates agreed upon by the parties in the

*Murphy* cases.[1] Although initially agreeing to this revised discovery schedule, counsel for *JZ Buckingham* informed us shortly prior to the October 4, 2006 scheduling conference that they would now not agree to synchronize the *JZ Buckingham* discovery dates with the dates agreed upon in the *Murphy* cases.

Given the short notice, the United Stated was unable to prepare a formal motion prior to the scheduling conference in the *Murphy* cases – requesting the Court to revise the discovery dates in *JZ Buckingham* to conform them to the agreed-upon dates in the *Murphy* cases. The United States was therefore constrained to make an oral request for synchronizing such discovery dates at the scheduling conference in the *Murphy* cases – which the Court denied

As a result, the discovery dates in the COBRA litigation are now on two separate tracts as follows:

| | Initial Expert Reports | Rebuttal Expert Reports | Discovery ends |
|---|---|---|---|
| *JZ Buckingham and MDL Litigation* | November 15, 2006 | December 15, 2006 | February 1, 2007 |
| *Murphy* cases | May 1, 2007 | June 1, 2007 | August 1, 2007 |

The United States believes that the Court was not fully apprised of the fundamental importance of the need to maintain a full and complete coordination of all third-party discovery in the COBRA litigation and also believes that the Court was not provided adequate time to consider this momentous issue. Accordingly, the United States respectfully requests the Court to

[1]Although the *Murphy* cases were just filed in March, 2006, we proposed discovery dates in those cases that were only approximately six months longer than the corresponding dates in this case and the MDL litigation. Our reason for this abbreviated discovery schedule was to facilitate the continuing coordination of all discovery in the COBRA litigation.

reconsider its decision on this scheduling issue and to conform the discovery dates in *JZ Buckingham* to those in the *Murphy* cases. As noted above, the United States plans to file a similar motion in the MDL litigation also seeking to conform the discovery dates in that litigation to the latter dates set by this Court in the *Murphy* COBRA cases.

As next discussed, absent the modest extension of these discovery dates, numerous third-party witnesses will be greatly and unnecessarily inconvenienced – by their being subjected to multiple depositions in the COBRA litigation – defeating the whole purpose of the MDL Panel's order of discovery coordination. Moreover, the United States will be unduly prejudiced because this duplication of a large amount of depositions will prevent it from taking the full amount of discovery depositions in the seven COBRA cases permitted by the MDL court and this Court. On the other hand, plaintiffs here will not be prejudiced in any way since the United States is not requesting a continuance of the trial date in this matter.

## ARGUMENT

### THE COURT SHOULD CONFORM THE DISCOVERY DATES IN THIS LITIGATION TO THOSE SET IN THE *MURPHY* CASES IN ORDER TO PREVENT A SIGNIFICANT AMOUNT OF DUPLICATIVE DISCOVERY

A fundamental objective of the MDL Panel's order of consolidation was to prevent the duplication of third party discovery – which would impose an undue and unnecessary burden on these individuals by requiring them to be deposed on multiple occasions on the same complex COBRA subject matter. MDL Order of December 6, 2005; Appendix A, *infra*. Equally as significant, the parties' joint motion for the coordination of discovery dates and limits in this case – filed just six months ago – was also to prevent duplicative discovery. Joint Motion, Docket No. 42.

In the MDL litigation, we informed the MDL Panel and later also notified this Court that we had thus far identified 120 – as it turns out there were over 250 – individuals at five professional firms who were involved in the design, development, marketing and implementation of the COBRA generic tax shelter product. Def. Memo. at 15; Docket No. 30. While the Government is currently in the process in taking the depositions of these third-party witnesses, we are not yet prepared to depose many of these individuals with regard to the *Murphy* transactions. This is basically because we have not yet obtained all the documentary evidence regarding the Murphy family's COBRA transactions or have had sufficient time to analyze their transactions or the differences between their COBRA programs, which took place in 2000, and all of the other COBRA transactions, which took place in 1999.[2]

At the scheduling conference in the *Murphy* cases, we informed the Court that we believed that a significant number of depositions would have to be taken twice if the discovery schedules here and in the *Murphy* cases were not synchronized. Based on our preliminary review

---

[2]The documents which the United States included in its part of the Appendix to the JPSRs in the *Murphy* cases make references to some of these differences. For example, while Ernst & Young ("E&Y") marketed the COBRA transactions to the Murphy family in 1999, and the Murphy family signed standard COBRA confidentiality and hold-harmless documents with E&Y in 1999, *see* Documents 1 through 8 of the United States' Appendix ("U.S.App."), the United States has yet to discover documentary materials explaining fully why the Murphy family transactions did not occur until 2000. This is particularly important to determine since E&Y decided not to do any more COBRA transactions in January 2000. *See* U.S.App. Document 11. Moreover, over and above the usual COBRA confidentiality and hold-harmless contracts which E&Y had the Murphy family sign in 1999, E&Y had the Murphys sign addenda in 2000 stipulating that E&Y would not be responsible for any IRS penalties incurred from the COBRA strategy. U.S.App. Documents 9 and 10. The government must examine why all of this took place with the *Murphy* transactions, but, while the United States has located significant documentation of the 1999 COBRA transactions, our information is as yet too sparse to effectively depose the third party witnesses regarding the COBRA transactions in the *Murphy* cases.

of the Murphy transactions, we now expect that the United States will be required to depose at least 28 individuals twice at Ernst & Young and the Deutsche Bank absent the conforming of the discovery schedules in these COBRA cases. *See* Appendix B, *infra,* for a list of these duplicative depositions. Moreover, because these individuals' design, marketing or implementation role in COBRA was quite extensive, it is anticipated that their depositions – and re-depositions – would be far longer than nearly all other third-party deponents. Thus, the taking of these specific depositions twice would be even more intrusive and burdensome to these individuals – and would also result in significant additional costs – not to mention inconvenience – to the United States as well as to the parties in the *Murphy* cases.

The MDL Panel was acutely aware of the burden and inconvenience to non-party witnesses of such duplicative discovery. Its order of consolidation was specifically designed to eliminate such unnecessary and wasteful duplicative discovery. To force the United States to depose these third party witnesses twice would therefore defeat the very purpose and fundamental objective of the MDL Panel's order of consolidation. *See also*, 28 U.S.C. § 1407(a) – MDL transfer is intended "for the convenience of parties and witnesses."

Moreover, as the parties agreed and as the Court has now so ordered, the maximum limit of 99 depositions permitted the parties in the three MDL COBRA cases and in the *JZ Buckingham* COBRA case will also apply to the three *Murphy* COBRA cases. *See, e.g.* Discovery Scheduling Order filed October 5, 2006, Docket No. 24, *MURFAM Farms, LLC, et al. v. United States*, Fed. Cl. No. 06-245T. Thus, while the discovery limits applicable to the other COBRA cases are to apply equally to the *Murphy* cases, the discovery scheduling dates are not

so linked. Consequently, the United States would be severely prejudiced if it is now required to use a significant portion of its allowance of discovery depositions to re-depose witnesses.

In sum, unless the Court conforms the discovery scheduling dates in this case to those set in the *Murphy* cases, numerous non-party witnesses will be greatly and unnecessarily inconvenienced. The United States will also be unduly prejudiced because it will be required to utilize a large portion of its allowance of discovery depositions to re-depose witnesses – which will also significantly increase its costs in this litigation. All of these adverse consequences are directly at odds with the MDL Panel's order of discovery consolidation – which sought to prevent such unnecessary and wasteful duplicative discovery. By contrast, plaintiffs here are in no way prejudiced by this motion. This motion does not seek to change the trial date in this case.

Accordingly, we respectfully believe that there is sound justification for the Court to revisit its initial decision of not revising the discovery schedule in this case and to enter an order conforming the discovery dates here to the discovery schedule set in the *Murphy* cases. As noted, we also intend to move the MDL court to conform the discovery dates in that COBRA litigation to the dates in the *Murphy* cases.

.

**CONCLUSION**

The United States respectfully requests that the Court revise the discovery deadlines in *JZ Buckingham* to conform to the discovery dates recently set in the *Murphy* cases.

Respectfully submitted,

s/ Dennis M. Donohue
DENNIS M. DONOHUE
Attorney of Record

Senior Litigation Counsel
U.S. Department of Justice - Tax Division
Post Office Box 403
Ben Franklin Station
Washington, D.C. 20044
(202) 307-6492

EILEEN J. O'CONNOR
Assistant Attorney General

**CERTIFICATE OF SERVICE**

I hereby certify that on October 12, 2006, I electronically filed the foregoing Motion with the Clerk of the Court using the ECF system which will send notification of such filing to the following:

Joel N. Crouch
Texas State Bar No. 05144220
Meadows, Owens, Collier, Reed
Cousins & Blau, L.L.P.
901 Main Street, Suite 3700
Dallas, Texas 75202

s/ David M. Steiner
David M. Steiner
Trial Attorney, Tax Division
U.S. Department of Justice
Post Office Box 55
Ben Franklin Station
Washington, D.C. 20044
(202) 307-5892