**IN THE UNITED STATES COURT OF FEDERAL CLAIMS**

| | | |
|---|---|---|
| **JZ Buckingham Investments LLC as Tax Matters Partner of JBJZ Partners, a South Carolina general partnership,** | § | |
| | § | **CASE NO. 05-231 T** |
| **Plaintiff,** | § | **Chief Judge Edward J. Damich** |
| **v.** | § | |
| | § | |
| **United States of America,** | § | |
| | § | |
| **Defendant.** | § | |

**PLAINTIFF'S BRIEF IN SUPPORT OF MOTION CHALLENGING THE SUFFICIENCY OF DEFENDANT'S RESPONSES TO THE FIRST SET OF REQUESTS FOR ADMISSIONS**

Respectfully submitted,

Joel N. Crouch
Texas State Bar No.05144220
M. Todd Welty
Texas State Bar No. 00788642
Tara C. Campbell
Texas State Bar No. 24043452

MEADOWS, OWENS, COLLIER, REED
COUSINS & BLAU, L.L.P.
901 Main Street, Suite 3700
Dallas, TX 75202
(214) 744-3700 Telephone
(214) 747-3732 Facsimile
jcrouch@meadowsowens.com
twelty@meadowsowens.com
tcampbell@meadowsowens.com

ATTORNEYS FOR PLAINTIFF
JZ BUCKINGHAM INVESTMENTS, LLC

# TABLE OF CONTENTS

Page

I. QUESTION PRESENTED ....................1

II. STATEMENT OF THE CASE ....................1

III. ARGUMENTS AND AUTHORITIES ....................4
- A. Defendant did not exercise good faith because it has sufficient information to authenticate the documents. ....................5
- B. Defendant did not exercise good faith because it "spun" the details in order to avoid responding to the Admissions. ....................7
  - 1. Defendant's bases for not authenticating the documents are flawed. ....................7
  - 2. Defendant's claims that question the authenticity of the documents are inaccurate and misleading. ....................8
  - 3. Defendant's spin is unacceptable and is in violation of its duty of good faith. ....................10

IV. CONCLUSION ....................11

V. PRAYER ....................11

VI. APPENDIX

Tab 1 Plaintiff's First Set of Requests for Admissions ....................App. 1
Tab 2 Defendant's Response to Plaintiff's First Set of Requests for Admissions ....................App. 60
Tab 3 Plaintiff's Letter to Defendant dated August 25, 2006 ....................App. 147
Tab 4 Defendant's Letter to Plaintiff dated September 11, 2006 ....................App. 149
Tab 5 List of Deposition Testimony ....................App. 155

# TABLE OF AUTHORITIES

Page

**FEDERAL CASES**

Caruso v. Coleman Co., 1995 WL 347003 at *6 (E.D. Penn. 1995) ........................................ 4, 8

Equal Employment Opportunity Comm'n v. E.J. Sacco, Inc., 102 F. Supp. 2d 413, 414, 416-417 (E.D. Mich. 2000) ........................................ 4, 5, 6, 11

Francis v. Bryant, 2006 WL 947771 at *1 (E.D. Cal. 2006) ........................................ 6

Health Ins. Plan of Greater New York v. United States, 56 Fed. Cl. 718, 719 n. 1 (2003) ........... 4

Pioneer Nat'l Title Ins. Co. v. Andrews, 652 F.2d 439, 443 (5th Cir. 1981) ........................................ 5

S.A. Healy Co. v. United States, 37 Fed.Cl. 204, 206 (1997) ........................................ 4,5

T. Rowe Price Small-Cap Fund, Inc. v. Oppenheimer & Co., Inc., 174 F.R.D. 38, 43 (S.D.N.Y. 1997) ........................................ 7

Universal Life Church, Inc. v. United States, 14 Cl. Ct. 343, 350 (1988) ........................................ 10

**RULES OF THE COURT OF FEDERAL CLAIMS**

RCFC 26(b)(1) ........................................ 4
RCFC 36 ........................................ 4, 7, 8
RCFC 36(a) ........................................ 1, 4, 5

**FEDERAL RULES OF CIVIL PROCEDURE**

FRCP 36 ........................................ 4, 7, 8, 10
FRCP 37 ........................................ 10

**IN THE UNITED STATES COURT OF FEDERAL CLAIMS**

| | | |
|---|---|---|
| **JZ Buckingham Investments LLC as Tax Matters Partner of JBJZ Partners, a South Carolina general partnership,** | § § § | |
| **Plaintiff,** | § § | **CASE NO. 05-231 T** **Chief Judge Edward J. Damich** |
| **v.** | § § | |
| **United States of America,** | § § | |
| **Defendant.** | § | |

**PLAINTIFF'S BRIEF IN SUPPORT OF MOTION CHALLENGING THE SUFFICIENCY OF DEFENDANT'S RESPONSES TO THE FIRST SET OF REQUESTS FOR ADMISSIONS**

Pursuant to Rule 36(a) of the Rules of the Court of Federal Claims, Plaintiff files this Motion Challenging the Sufficiency of Defendant's Responses to Plaintiff's First Set of Requests for Admissions. Defendant has failed to properly respond to Plaintiff's requests for admissions (the "Admissions") and, pursuant to Rule 36(a) of the RCFC, this Court should order the matters admitted.

## I. QUESTION PRESENTED

The rules of this Court allow it to deem a matter admitted if a party issues insufficient responses to requests for admissions. RCFC 36(a). Here, Defendant has the information necessary to authenticate basic documents but represented to Plaintiff that it does not. Should this Court deem those basic documents authenticated?

## II. STATEMENT OF THE CASE

This case concerns complex nuances of federal tax law. In order to streamline litigation and conserve judicial and party resources, Plaintiff requested Defendant to admit to the authenticity of the following transactional documents:

1. Form SS-4, Application for EIN for JZ Buckingham (REQUEST # 4).

2. Agreement of General Partnership of JBJZ Partners (REQUEST # 20).

3. Bylaws of JBJZ Investors (REQUEST # 39).

4. Stock certificate of JBJZ Investors issued to Jerry Zucker (REQUEST # 42).

5. Stock certificate of JBJZ Investors issued to James Boyd (REQUEST # 42).

6. Account Agreement between JGB Bohicket and BT Alex. Brown (REQUEST # 51).

7. Non-Corporate Resolution of JGB Bohicket for BT Alex. Brown account (REQUEST # 52).

8. Account Agreement between JZ Buckingham and BT Alex. Brown (REQUEST # 54).

9. Non-Corporate Resolution of JZ Buckingham for BT Alex. Brown account (REQUEST # 55).

10. Account Agreement between JBJZ Partners and BT Alex. Brown (REQUEST # 57).

11. Partnership Account Authorization for JBJZ Partners (REQUEST # 58).

12. Account Agreement between JBJZ Investors and BT Alex. Brown (REQUEST # 60).

13. Corporate Account Authorization of JBJZ Investors (REQUEST # 61).

14. Foreign Exchange Digital Option Transaction Agreement for JGB Bohicket transaction ex27921A (REQUEST # 62).

15. Assignment Agreement between JGB Bohicket, Deutsche Bank AG, and JBJZ Partners (REQUEST # 65).

16. Assignment Agreement between JGB Bohicket, Deutsche Bank AG, and JBJZ Partners (REQUEST # 71).

17. Foreign Exchange Digital Option Transaction Agreement for JZ Buckingham transaction ex27919a (REQUEST # 79).

18. Assignment Agreement between JZ Buckingham, Deutsche Bank AG and JBJZ Partners (REQUEST # 82).

19. Assignment Agreement between JZ Buckingham, Deutsche Bank AG, and JBJZ Partners (REQUEST # 88).

20. Foreign Exchange Digital Option Transaction Agreement for JZ Buckingham transaction ex27920A (REQUEST # 97).

21. Assignment Agreement between JZ Buckingham, Deutsche Bank AG, and JBJZ Partners (REQUEST # 100).

22. Assignment Agreement between JZ Buckingham, Deutsche Bank AG, and JBJZ Partners (REQUEST # 106).

23. BT Alex. Brown November 1999 Client Statement for account no. 222-10153-12 (REQUEST # 116).

24. BT Alex. Brown November 1999 Client Statement for account no. 222-10154-11 (REQUEST # 117).

25. BT Alex. Brown December 1999 Client Statement for account no. 222-10155-10 (REQUEST # 125).

26. BT Alex. Brown December 1999 Client Statement for account no. 222-10156-19 (REQUEST # 127).

(See App. 1, Tab 1, Pl.'s First Set of Req. for Admis.). These documents are fundamental transaction documents and there should be no disagreement as to their authenticity. Defendant, however, responded to the Admissions with a repetitive objection that it did not have the information to either admit or deny their authenticity. (See App. 60, Tab 2, Def.'s Resp. to Pl.'s First Set of Req. for Admis.)

Defendant's lack of information comes as a surprise to Plaintiff and should come as a surprise to this Court. Defendant and its client have been involved in this case for several years. Throughout the case, Defendant has requested and received from a wide variety of sources documents, witness interviews, depositions, and written discovery. Defendant has more than enough information to authenticate these basic documents.

Plaintiff attempted to resolve this issue among the parties in a letter dated August 25, 2006. (See App. 147, Tab 3, Pl.'s Letter to Def. dated Aug. 25, 2006.). Defendant issued a return letter on September 11, 2006. (See App. 149, Tab 4, Def.'s Letter to Pl. dated Sep. 11, 2006.). Defendant maintained its initial claim of insufficient information and then, created illusions of fact and the law to attempt to solidify that claim.

As a result, Plaintiff is forced to file this motion and to request this Court to deem these matters admitted under Rule 36 of the RCFC.

## III. ARGUMENTS AND AUTHORITIES

In order to narrow issues for trial, parties may issue to each other requests for admissions under Rule 36 of the RCFC. See S.A. Healy Co. v. United States, 37 Fed. Cl. 204, 206 (1997). In particular, Rule 36(a) of the RCFC states that:

> A party may serve upon any other party a written request for the admission . . . of the truth of any matters within the scope of RCFC 26(b)(1) set forth in the request that relate to statements or opinions of fact or the application of law to fact, including the genuineness of any documents described in the request.[1]

(emphasis added). Genuineness and authenticity mean the same in everyday vernacular. Caruso v. Coleman Co., 1995 WL 347003 at *6 (E.D. Penn. 1995). Consequently, Rule 36 of the RCFC allows a party to request admissions for the authenticity of certain documents. See id.

In responding to such requests for admissions, it is axiomatic to the efficient administration of justice that the responding party exercise good faith. E.g., Healy, 37 Fed. Cl. at 206; see also Equal Employment Opportunity Comm'n v. Sacco, 102 F. Supp. 2d 413, 414, 416-417 (E.D. Mich. 2000). Courts have found that a party does not act in good faith when it makes baseless objections and spins the details in order to avoid responding to requests for

[1] This is the exact language of Rule 36(a) of the Federal Rules of Civil Procedure. As a result, general federal law interpreting this provision can be persuasive. See Health Ins. Plan of Greater New York v. United States, 56 Fed. Cl. 718, 719 n. 1 (2003).

admissions. See id.; see also Pioneer Nat'l Title Ins. Co. v. Andrews, 652 F.2d 439, 443 (5th Cir. 1981). In such a case, Rule 36(a) of the RCFC allows a court to order those matters admitted:

> The party who has requested the admissions may move to determine the sufficiency of the answers or objections. . . . If the court determines that an answer does not comply with the requirements of this rule, it may order either that the matter is admitted or that an amended answer be served.

Here, Plaintiff asks the Court to determine that Defendant's refusal to authenticate the documents is insufficient and order that they be deemed admitted.

**A. Defendant did not exercise good faith because it has sufficient information to authenticate the documents.**

Defendant has had more than enough time and information to authenticate the basic transactional documents. Plaintiff voluntarily disclosed the transaction at issue in this case over four years ago, in April of 2002. Further, the Internal Revenue Service, the Defendant's client, notified Plaintiff on March 31, 2003 that it was under examination for that very transaction. During the IRS's examination, the Plaintiff fully cooperated with all requests for information and provided all documentation requested by the IRS. Defendant also issued multiple subpoenas requesting and receiving documents from the professionals and entities involved in the transaction and individuals and entities related to the individual participants: Ernst & Young, Jenkens & Gilchrist, Deutsche Bank, the individual participants' CPAs, and the individual participants' businesses. With these in hand, Defendant took the deposition of six Deutsche Bank employees the week of July 24, 2006, and asked questions regarding the very documents at issue – including asking the deponents to attest to signatures. Given this wealth of information available to Defendant, it could not have made a reasonable inquiry, as it represented, and still have come up empty-handed.

The district court in EEOC, 102 F. Supp. 2d at 414, 416-417, was faced with a similar problem. In that case, plaintiff had been conducting an internal investigation for over five months by the time the requests for admissions were issued. See id. at 415. Further, its counsel had attended nine fact-witness depositions and reviewed the relevant documents. See id. Yet, plaintiff responded to the requests for admissions with objections and pointless claims. See id. at 416. The district court found that plaintiff could have responded completely because it had more than enough information to have "become acquainted with the facts of the case." Id.

Similarly, in Francis v. Bryant, 2006 WL 947771 at *1 (E.D. Cal. 2006), the court found that defendant had sufficient access to documents in order to admit to their authenticity. Plaintiff requested that defendant admit to the genuineness of documents contained in his prison-medical file. See id. at *1. In making objections that it did not have control and possession of the information, defendant set forth specific facts about the case. See id. The court found that if it was able to set forth such facts, defendant had sufficient knowledge and control of the file and could respond to plaintiff's requests. See id.

In the present case, Defendant has shown time and time again that it has sufficient control over the documents and ample knowledge of the facts in order to admit to Plaintiff's simple authentication requests. Defendant and its client have been involved in the case for a long period of time – several years in fact. It has actively engaged in discovery such as depositions, internal investigations, document subpoenas, and written discovery. Additionally, Defendant is in possession of vast information – it has received multiple copies of documents from a wide variety of credible sources. The signatures on those documents are consistent across the sources, the documents, the time periods, and the stages of the Case. It is plain that Defendant did not exercise good faith in making objections based on insufficient information. Further, it would

have cost the Defendant little to nothing to respond to Plaintiff's requests. See T. Rowe Price Small-Cap Fund, Inc. v. Oppenheimer & Co., Inc., 174 F.R.D. 38, 43 (S.D.N.Y. 1997) ("There is a strong disincentive to finding an undue burden where the responding party can make the necessary inquiries without extraordinary expense of effort."). This Court should find that Defendant's responses are inadequate and deem the requests admitted.

**B. Defendant did not exercise good faith because it "spun" the details in order to avoid responding to the Admissions.**

In addition to ducking its obligations the first time around, Defendant furthered its lack of good faith in its letter of September 11, 2006. Going beyond objections based on insufficient information, Defendant set forth inaccurate portrayals of the law and misrepresented the facts of the documents. As a result, although Defendant's claims in the letter seem compelling, a little digging uncovers that the claims are not what they seem.

1. **Defendant's bases for not authenticating the documents are flawed.**

Defendant misrepresents the point of Rule 36 altogether. It claims that Plaintiff can neither use Rule 36 as a discovery device nor force it to admit to the authenticity of the documents when it had them for a year. Defendant, however, took out of context its quotation that Rule 36 is not a discovery device. The court in T. Rowe Price actually stated that, while Rule 36 is not a discovery device, it is a tool to focus the litigation on the important issues. 174 F.R.D. at 42. This is exactly the goal that Plaintiff is trying to accomplish in issuing the authentication requests to Defendant – and the very goal that Defendant is trying to subvert. Further, it is not merely that Defendant has had the documents for a year that shows it has sufficient information to authenticate those documents. Rather, it is the fact that Defendant had them for one year and engaged in factual discovery.

Defendant also claims that Rule 36 does not require it to admit to requests that it does not know to be true at the time. This is true. Defendant, however, fails to note that it has a continuing duty to update its responses to written discovery as more information becomes available. To the extent that information was not available at the time of the original responses, it has certainly become available since then. For instance, the depositions of the Deutsche Bank employees were taken the week of July 24, 2006. (See App. 153, Tab 5, List of Dep. Test.)

Defendant additionally claims that it has made a reasonable inquiry with the information readily available to it and that it does not have to accept a version of events presented by third parties. Plaintiff, nonetheless, cannot help but question Defendant's reasonable inquiry when it has more than enough information to authenticate the documents. As discussed above, the fact that Defendant merely states that it made a reasonable inquiry – in the face of such material – is simply not good enough. In addition, the purpose of authentication is not admissibility. See Caruso, 1995 WL 347003 at *7, 8. Plaintiff is merely asking Defendant to admit that the documents themselves are what they purport to be – not the facts contained therein. At trial, Defendant can set forth whatever information it wishes to refute the facts of this case. E.g., id.

2. **Defendant's claims that question the authenticity of the documents are inaccurate and misleading**.

A complete source of frustration for Plaintiff is that these documents are clearly what they purport to be. Defendant's thinly-veiled attempt to poke holes at the documents is, itself, disingenuous.

Defendant first argues that the documents are not authentic because they are faxes. It points to the documents being part of a larger-faxed document and being incomplete. Plaintiff is unsure why the fax machine has gained Defendant's animosity. The parties involved live in

different parts of the country. The fact that the fax machine was used to convey the entire set of transactional documents to another location does not render an individual document invalid. Moreover, Defendant is flat out wrong that the documents are incomplete. As one example, the document contained in Request for Admission #116 reflects five pages and Defendant has all five pages.

Defendant next tries to create inconsistencies in the documents. It points to a form that reflects scratched-out text. The Defendant, however, is familiar with scrivener's errors having admitted to several of them in its letter. Further, upon looking at the scribble, it is clear that this scrivener's error is a normal consequence of the everyday work environment. The fact that Defendant even pointed to such a trivial error is bordering on farcical nonsense.

Defendant also points to the dates of the documents as being different. It is plain from the documents themselves, however, that the majority of the dates reflect when one party either received the document by fax or filed the document within its own records. Obviously different dates would be reflected. As a result, this apparent gross anomaly of Defendant's is nothing more than a reflection of the passage of time reasonable when a transaction occurs cross-country.

Finally, Defendant overtly tries to divert the focus with respect to the signatures. For instance, Defendant questions Perry Parker's signature on several of the documents. Defendant, however, omits the fact that Jeanette Michaels identified her own signature on those very documents in her deposition. (Michaels Dep. 117:10-15.)

*****

| | |
|---|---|
| Defendant: | Could you also look at Deposition Exhibits 33, 34 and 35 and confirm whether that is your signature on each one? |
| Michaels: | Yes. |
| Defendant: | It is? |
| Michaels: | Yes. |

****

(Michaels Dep. 117:10-15.)

These Government exhibits 33, 34, and 35 are the same documents that Plaintiff requested authentication of in Requests for Admissions #62, #71 and #79. They also reflect the same signature that Plaintiff requested authentication of in Request for Admission #97. By casting aspersions upon Perry Parker's signature, Defendant attempted to blur the lines of authenticity.

3. **Defendant's spin is unacceptable and is in violation of its duty of good faith**.

As shown above, Defendant has spun both the law and the facts in order to avoid authenticating the documents. In so doing, Defendant has violated its duty of good faith in discovery.

In Universal Life Church, Inc. v. United States, 14 Cl. Ct. 343, 350 (1988), this Court found such tactics unacceptable. In ULC, plaintiff responded vaguely and evasively to defendant's written discovery requests. See id. at 343-348. Defendant's counsel then issued a letter requesting amended responses. See id. at 345. Plaintiff's response was vague and repeated the same objections. Id. Further, plaintiff stated that it did not have information sufficient to respond to whether it had a relationship with the Church of Universal Harmony. Id. at 347. Later, however, many documents, such as charters and agreements, between the ULC and the Church of Universal Harmony were found to be in ULC's possession. See id. The court pointed to plaintiff's uncooperative and evasive conduct and imposed sanctions on plaintiff.[2] Id. at 350.

[2] Rule 37 of the Federal Rules of Civil Procedure provides that "If a party fails to admit to the genuineness of any document or the truth of any matter requested under Rule 36 (Requests for Admission), and if the party requesting admissions thereafter proves the genuineness of the document or the truth of the matter he may apply to the court for an order requiring the other party to pay him the reasonable expenses incurred in making that proof."

In EEOC, 102 F. Supp. 2d at 416-417, the court was faced with a party who was similarly evasive and unresponsive in order to avoid written discovery. In addition to making the unfounded objections, plaintiff spun the details in order to avoid responding. See id. at 417 n.1. For example, defendant requested that plaintiff admit to who identified the suspects in a crime. See id. Plaintiff, however, responded to a nonexistent request as to whom the police identified as suspects in the crime. See id. The court found that plaintiff's setting forth of irrelevant and distorted facts was in bad faith and sanctioned plaintiff accordingly. See id.

Similar to both ULC and EEOC, Defendant in the present case has spun the details so as to avoid responding to the Admissions. Specifically, Defendant distorted the facts in its letter to make its objections salient. It attempted to create inconsistencies that do not exist; it distorted the deposition testimony of witnesses to question their veracity; and it cited to feeble and illusory concerns resulting from the everyday workplace, human error, and modern-day technology. In so doing, Defendant did not exercise good faith in responding to Plaintiff's plea for amended responses. Plaintiff's only recourse is to seek relief from this Court.

## IV. CONCLUSION

Defendant's responses to Plaintiff's authentication requests were insufficient. The documents are basic transactional documents and Defendant possesses more than enough information in order to authenticate them. Plaintiff prays that this Court will deem admitted the authentication requests included in Plaintiff's First Set of Requests for Admissions.

## V. PRAYER

Plaintiff prays that this Court enter an order that the Plaintiff's Requests for Admissions #4, #20, #39, #42, #51, #52, #54, #55, #57, #58, #60, #61, #62, #65, #71, #79, #82, #88, #97,

#100, #106, #116, #117, #125, and #127 are admitted. Plaintiff also prays for any other legal or equitable relief to which Plaintiff may be entitled.

Respectfully submitted on October 31, 2006,

By: _s/Joel N. Crouch_
Joel N. Crouch
Texas State Bar No.05144220
M. Todd Welty
Texas State Bar No. 00788642
Tara C. Campbell
Texas State Bar No. 24043452

MEADOWS, OWENS, COLLIER, REED
COUSINS & BLAU, L.L.P.
901 Main Street, Suite 3700
Dallas, TX 75202
(214) 744-3700 Telephone
(214) 747-3732 Facsimile
jcrouch@meadowsowens.com
twelty@meadowsowens.com
tcampbell@meadowsowens.com

ATTORNEYS FOR PLAINTIFF
JZ BUCKINGHAM INVESTMENTS, LLC

**CERTIFICATE OF SERVICE**

I hereby certify that on October 31, 2006, a copy of the foregoing Plaintiff's Brief in Support of Motion Challenging the Sufficiency of Defendant's Responses to the First Set of Requests for Admissions was served upon counsel listed below via electronic means:

Dennis M. Donohue
Trial Attorney, Tax Division
United States Department of Justice
P.O. Box 26
Ben Franklin Station
Washington DC 20044
(202) 616-3366

_s/Joel N. Crouch_________________
Joel N. Crouch