**REQUEST FOR ADMISSION 117**: Attached is a true and correct copy of the BT Alex.Brown Client Statement for Account 222-10154-11 for the period from November 1, 1999 to November 30, 1999. See document number ZUDB00310-ZUDB00314.

**ANSWER**: Defendant cannot admit or deny this request because it has net taken depositions of the persons who can establish if this document is authentic; and thus, despite having made reasonable inquiry, the information known or currently available to the Defendant is insufficient for the Defendant to admit or deny this request. See General Objection No 2.

**REQUEST FOR ADMISSION 118**: On or about December 23 and 27, 1999, JBJZ Partners purchased Canadian dollars. See document number Z000302-Z000310.

**ANSWER**: Defendant cannot admit or deny this request because it has not yet taken depositions of the persons who can establish if this request is true; and thus, despite having made reasonable inquiry, the information known or currently available to the Defendant is insufficient for the Defendant to admit or deny this request. See General Objection No. 2.

**REQUEST FOR ADMISSION 119**: On or about December 22, 1999, JGB Bohicket contributed and transferred 500 shares of Cisco Systems, Inc. from Deutsche Bank account no. 222-10156-19 to JBJZ Partners, account no. 222-10155-10. See document number Z000302-Z000310

**ANSWER**: Defendant cannot admit or deny this request because it has not yet taken depositions of the persons who can establish if this request is true; and thus, despite having made

reasonable inquiry, the information known or currently available to the Defendant is insufficient for the Defendant to admit or deny this request. See General Objection No. 2.

**REQUEST FOR ADMISSION 120**: On or about December 22, 1999, JZ Buckingham contributed and transferred 4,500 shares of Cisco Systems, Inc. from Deutsche Bank account no. 222-10156-19 to JBJZ Partners, account no. 222-10155-10. See document number Z000302-Z000310.

**ANSWER**: Defendant cannot admit or deny this request because it has not yet taken depositions of the persons who can establish if this request is true; and thus, despite having made reasonable inquiry, the information known or currently available to the Defendant is insufficient for the Defendant to admit or deny this request. See General Objection No. 2.

**REQUEST FOR ADMISSION 121**: On or about December 27, 1999, JGB Bohicket contributed its general partnership interest in JBJZ Partners to JBJZ Investors as a contribution of capital. See document number Z000258.

**ANSWER**: Defendant cannot admit or deny this request because it has not yet taken depositions of the persons who can establish if this request is true; and thus, despite having made reasonable inquiry, the information known or currently available to the Defendant is insufficient for the Defendant to admit or deny this request. See General Objection No. 2.

**REQUEST FOR ADMISSION 122**: On or about December 27, 1999, JZ Buckingham contributed its general partnership interest in JBJZ Partners to JBJZ Investors as a contribution of capital. See document number Z000259.

**ANSWER**: Defendant cannot admit or deny this request because it has not yet taken depositions of the persons who can establish if this request is true; and thus, despite having made reasonable inquiry, the information known or currently available to the Defendant is insufficient for the Defendant to admit or deny this request. See General Objection No. 2.

**REQUEST FOR ADMISSION 123**: On or about December 27, 1999, JBJZ Partners was dissolved and liquidated and all of the assets of JBJZ Partners were distributed to JBJZ Investors See document number ZEY001211.

**ANSWER**: Defendant cannot admit or deny this request because it has not yet taken depositions of the persons who can establish if this request is true; and thus, despite having made reasonable inquiry, the information known or currently available to the Defendant is insufficient for the Defendant to admit or deny this request. See General Objection No. 2.

**REQUEST FOR ADMISSION 124**: On or about December 27, 1999, JBJZ Partners transferred all of its interest in Deutsche Bank account no. 222-10155-10 to JBJZ Investors, account no. 222-10156-19. See document number ZEY001211.

**ANSWER**: Defendant cannot admit or deny this request because it has not yet taken depositions of the persons who can establish if this request is true; and thus, despite having made reasonable inquiry, the information known or currently available to the Defendant is insufficient for the Defendant to admit or deny this request. See General Objection No 2.

**REQUEST FOR ADMISSION 125**: Attached is a true and correct copy of BT Alex.Brown Client Statement for account no. 222-10155-10 for the period December 1, 1999 to December 31, 1999 See document number ZUDB00207-ZUDB00210.

**ANSWER** Defendant cannot admit or deny this request because it has not yet taken depositions of the persons who can establish if this request is true; and thus, despite having made reasonable inquiry, the information known or currently available to the Defendant is insufficient for the Defendant to admit or deny this request. See General Objection No. 2.

**REQUEST FOR ADMISSION 126**: On or about December 28, 1999, JBJZ Investors sold all positions held in account no. 222-10156-19. See document number Z000880-Z000881.

**ANSWER**: Defendant cannot admit or deny this request because it has not yet taken depositions of the persons who can establish if this request is true; and thus, despite having made reasonable inquiry, the information known or currently available to the Defendant is insufficient for the Defendant to admit or deny this request. See General Objection No. 2.

**REQUEST FOR ADMISSION 127**: Attached is a true and correct copy of BT Alex.Brown Client Statement of Account for account no. 222-10156-19 for the period ended December 1, 1999 to December 31, 1999. See document number ZUDB00215-ZUDB00220.

**ANSWER:** Defendant cannot admit or deny this request because it has not yet taken depositions of the persons who can establish if this request is true; and thus, despite having made reasonable inquiry, the information known or currently available to the Defendant is insufficient for the Defendant to admit or deny this request. See General Objection No. 2.

**REQUEST FOR ADMISSION 128**: On or about November 23, 1999, Ernst & Young invoiced James Boyd for $75,000.00 and James Boyd remitted payment in full to Ernst & Young See document number BOGOV2641.

**ANSWER**: Defendant cannot admit or deny this request because it has not yet taken depositions of the persons who can establish if this request is true; and thus, despite having made reasonable inquiry, the information known or currently available to the Defendant is insufficient for the Defendant to admit or deny this request See General Objection No. 2

**REQUEST FOR ADMISSION 129**: On or about November 23, 1999, Ernst & Young invoiced Jerry Zucker for $675,000.00 and Jerry Zucker authorized payment in full to Ernst & Young on or about December 9, 1999. See document number BE000480.

**ANSWER**: Defendant cannot admit or deny this request because it has not yet taken depositions of the persons who can establish if this request is true; and thus, despite having made reasonable inquiry, the information known or currently available to the Defendant is insufficient for the Defendant to admit or deny this request. See General Objection No 2

**REQUEST FOR ADMISSION 130**: On or about March 28, 2000, Brown & Wood invoiced JBJZ Investors for $60,000.00 and JBJZ Investors remitted payment for $60,000.00 to Brown & Wood on or about May 23, 2000. See document number Z001507.

**ANSWER**: Defendant cannot admit or deny this request because it has not yet taken depositions of the persons who can establish if this request is true; and thus, despite having made reasonable inquiry, the information known or currently available to the Defendant is insufficient for the Defendant to admit or deny this request. See General Objection No. 2.

**REQUEST FOR ADMISSION 131**: On or about December 6, 1999, Jenkens & Gilchrist invoiced JBJZ Investors for $1,400,000.00 and JBJZ Investors authorized payment for $1,400,000.00 on or about December 29, 1999. See documents number Z000279-Z000280, ZUDB00124.

**ANSWER**: Defendant cannot admit or deny this request because it has not yet taken depositions of the persons who can establish if this request is true; and thus, despite having made reasonable inquiry, the information known or currently available to the Defendant is insufficient for the Defendant to admit or deny this request. See General Objection No. 2

**REQUEST FOR ADMISSION 132**: The Fees paid to Ernst & Young, Brown & Wood and Jenkens & Gilchrist, were properly included in the outside basis of JBJZ Partners and deductible under the Code

**ANSWER**: Denies.

**REQUEST FOR ADMISSION 133**: Defendant is not seeking penalties against Plaintiff, Jerry Zucker, James Boyd, JBJZ Partners, JGB Bohicket or JBJZ Investors for Defendant's

adjustments set forth in the Notice of Final Partnership Administrative Adjustment issued by the Commissioner of the Internal Revenue Service on December 9, 2004.

**ANSWER**: Defendant admits that the Commissioner of the Internal Revenue Service, who is not the Defendant in this matter, did not seek penalties among the adjustments set forth in the Notice of Final Administrative Adjustment. Defendant, however, has not yet determined if it will seek penalties

**REQUEST FOR ADMISSION 134**: Jerry Zucker and James Boyd, individually, and on behalf of Plaintiff, JBJZ Partners, JGB Bohicket and JBJZ Investors, participated in IRS Announcement 2002-2 and complied with all of the terms of Announcement 2002-2. See documents number Z001588, Z001594.

**ANSWER**: Denies

**REQUEST FOR ADMISSION 135**: It is the Defendant's position that the transactions at issue in this case are the same or substantially similar to the transactions described in Notice 2000-44, 2002-2 C.B. 255.

**ANSWER**: Defendant objects to the request because it does not relate to a statement or opinion of fact or the application of law to fact within the meaning of Rule 36(a).

**REQUEST FOR ADMISSION 136**: On or about November 24, 1999 – the date of the contribution of the Options included in the Option Transactions – the Reporting Position was correct and an obligation to cover a short Option was not a liability within the meaning of Section 752 of the Code or the Regulations thereunder.

**ANSWER**: Defendant objects to Plaintiff's definition of "Reporting Position." See General Objection 11. Notwithstanding, and without waiving, or in any way limiting this objection, Defendant denies the request.

**REQUEST FOR ADMISSION 137**: On or about November 24, 1999 – the date of the contribution of the Options included in the Options Transactions – the Reporting Position was correct and JGB Bohicket's obligation to cover the JGB Bohicket Short Option was not a liability within the meaning of Section 752 of the Code or the Regulations thereunder.

**ANSWER**: Defendant objects to Plaintiff's definition of "Reporting Position." See General Objection 11. Notwithstanding, and without waiving, or in any way limiting this objection, Defendant denies the request.

**REQUEST FOR ADMISSION 138**: On or about November 24, 1999 – the date of the contribution of the Options included in the Options Transactions – the Reporting Position was correct and JGB Bohicket was not required to reduce the basis in its partnership interest in JBIZ Partners as a result of the contribution of the JGB Bohicket Short Option.

**ANSWER**: Defendant objects to Plaintiff's definition of "Reporting Position." See General Objection 11. Notwithstanding, and without waiving, or in any way limiting this objection, Defendant denies the request

**REQUEST FOR ADMISSION 139**: On or about November 24, 1999 – the date of the contribution of the Options included in the Options Transactions – the Reporting Position was

correct and, even if the JGB Bohicket Short Option does constitute a "liability", the amount of the liability transferred to JBJZ Partners within the meaning of Section 752 and the Regulations thereunder is $0.

**ANSWER**: Defendant objects to Plaintiff's definition of "Reporting Position." See General Objection 11. Notwithstanding, and without waiving, or in any way limiting this objection, Defendant denies the request.

**REQUEST FOR ADMISSION 140**: On or about November 24, 1999 – the date of the contribution of the Options included in the Options Transactions – the Reporting Position was correct and JZ Buckingham's obligation to cover the JZ Buckingham Euro Short Option was not a liability within the meaning of Section 752 of the Code or the Regulations thereunder.

**ANSWER**: Defendant objects to Plaintiff's definition of "Reporting Position." See General Objection 11. Notwithstanding, and without waiving, or in any way limiting this objection, Defendant denies the request.

**REQUEST FOR ADMISSION 141**: On or about November 24, 1999 – the date of the contribution of the Options included in the Options Transactions – the Reporting Position was correct and JZ Buckingham was not required to reduce the basis in its partnership interest in JBJZ Partners as a result of the contribution of the JZ Buckingham Euro Short Option.

<u>ANSWER</u>: Defendant objects to Plaintiff's definition of "Reporting Position." See General Objection 11. Notwithstanding, and without waiving, or in any way limiting this objection, Defendant denies the request

<u>REQUEST FOR ADMISSION 142</u>: On or about November 24, 1999 – the date of the contribution of the Options included in the Options Transactions – the Reporting Position was correct and, even if the JZ Buckingham Euro Short Option does constitute a "liability", the amount of the liability transferred on or about November 24, 1999 to JBJZ Partners within the meaning of Section 752 and the Regulations thereunder is $0.

<u>ANSWER</u>: Defendant objects to Plaintiff's definition of "Reporting Position." See General Objection 11. Notwithstanding, and without waiving, or in any way limiting this objection, Defendant denies the request.

<u>REQUEST FOR ADMISSION 143</u>: On or about November 24, 1999 – the date of the contribution of the Options included in the Options Transactions – the Reporting Position was correct and JZ Buckingham's obligation to cover the JZ Buckingham Yen Short Option was not a liability within the meaning of Section 752 of the Code or the Regulations thereunder.

<u>ANSWER</u>: Defendant objects to Plaintiff's definition of "Reporting Position." See General Objection 11. Notwithstanding, and without waiving, or in any way limiting this objection, Defendant denies the request.

**<u>REQUEST FOR ADMISSION 144</u>**: On or about November 24, 1999 – the date of the contribution of the Options included in the Options Transactions – the Reporting Position was correct and JZ Buckingham was not required to reduce the basis in its partnership interest in JBJZ Partners as a result of the contribution of the JZ Buckingham Yen Short Option.

**<u>ANSWER</u>**: Defendant objects to Plaintiff's definition of "Reporting Position." See General Objection 11. Notwithstanding, and without waiving, or in any way limiting this objection, Defendant denies the request.

**<u>REQUEST FOR ADMISSION 145</u>**: On or about November 24, 1999 – the date of the contribution of the Options included in the Options Transactions – the Reporting Position was correct and, even if the JZ Buckingham Yen Short Option does constitute a "liability", the amount of the liability transferred to JBJZ Partners within the meaning of Section 752 and the Regulations thereunder is $0.

**<u>ANSWER</u>**: Defendant objects to Plaintiff's definition of "Reporting Position." See General Objection 11. Notwithstanding, and without waiving, or in any way limiting this objection, Defendant denies the request.

**<u>REQUEST FOR ADMISSION 146</u>**: At the time of the transactions at issue in this case, it was More Likely Than Not that the Reporting Position would be Upheld on the merits if challenged.

**ANSWER**: Defendant objects to Plaintiff's definition of "Reporting Position." See General Objection 11. Notwithstanding, and without waiving, or in any way limiting this objection, Defendant denies the request.

**REQUEST FOR ADMISSION 147**: On or about January 31, 2000, it was More Likely Than Not that the Reporting Positions would be upheld on the merits if challenged.

**ANSWER**: Defendant objects to Plaintiff's definition of "Reporting Position." See General Objection 11. Notwithstanding, and without waiving, or in any way limiting this objection, Defendant denies the request

**REQUEST FOR ADMISSION 148**: At the time JBJZ Partners filed its short year initial and final federal income tax return for taxable year ended December 27, 1999, it was More Likely Than Not that the Reporting Position would be Upheld on the merits if challenged

**ANSWER**: Defendant objects to Plaintiff's definition of "Reporting Position." See General Objection 11 Notwithstanding, and without waiving, or in any way limiting this objection, Defendant denies the request.

**REQUEST FOR ADMISSION 149**: At the time JBJZ Investors filed its federal income tax return for taxable year 1999, it was More Likely Than Not that the Reporting Position would be Upheld on the merits if challenged.

**ANSWER**: Defendant objects to Plaintiff's definition of "Reporting Position." See General Objection 11. Notwithstanding, and without waiving, or in any way limiting this objection, Defendant denies the request.

**REQUEST FOR ADMISSION 150**: At the time Jerry and Anita Zucker filed their joint federal income tax return for taxable year 1999, it was More Likely Than Not that the Reporting Position would be Upheld on the merits if challenged

**ANSWER**: Defendant objects to Plaintiff's definition of "Reporting Position." See General Objection 11. Notwithstanding, and without waiving, or in any way limiting this objection, Defendant denies the request.

**REQUEST FOR ADMISSION 151**: At the time James and Hazel Boyd filed their joint federal income tax return for taxable year 1999, it was More Likely Than Not that the Reporting Position would be Upheld on the merits if challenged

**ANSWER**: Defendant objects to Plaintiff's definition of "Reporting Position." See General Objection 11. Notwithstanding, and without waiving, or in any way limiting this objection, Defendant denies the request..

**REQUEST FOR ADMISSION 152**: Prior to the issuance of Treas. Reg. § 1.752-6T, it was More Likely Than Not that the Reporting Position would be Upheld on the merits if challenged.

**ANSWER**: Defendant objects to Plaintiff's definition of "Reporting Position." See General Objection 11. Notwithstanding, and without waiving, or in any way limiting this objection, Defendant denies the request.

**REQUEST FOR ADMISSION 153**: Prior to the promulgation of Treas. Reg. § 1.752-6, it was More Likely Than Not that the Reporting Position would be Upheld on the merits if challenged.

**ANSWER**: Defendant objects to Plaintiff's definition of "Reporting Position." See General Objection 11. Notwithstanding, and without waiving, or in any way limiting this objection, Defendant denies the request.

**REQUEST FOR ADMISSION 154**: At the time of the transactions at issue in this case, there was Substantial Authority that the Reporting Position would be Upheld on the merits if challenged.

**ANSWER**: Defendant objects to Plaintiff's definition of "Reporting Position." See General Objection 11 Notwithstanding, and without waiving, or in any way limiting this objection, Defendant denies the request.

**REQUEST FOR ADMISSION 155**: On or about January 31, 2000, there was Substantial Authority that the Reporting Position would be Upheld on the merits if challenged.

**ANSWER**: Defendant objects to Plaintiff's definition of "Reporting Position." See General Objection 11 Notwithstanding, and without waiving, or in any way limiting this objection, Defendant denies the request.

**REQUEST FOR ADMISSION 156**: At the time JBJZ Partners filed its short year initial and final federal income tax return for taxable year ended December 27, 1999, there was Substantial Authority that the Reporting Position would be Upheld on the merits if challenged.

**ANSWER**: Defendant objects to Plaintiff's definition of "Reporting Position." See General Objection 11. Notwithstanding, and without waiving, or in any way limiting this objection, Defendant denies the request

**REQUEST FOR ADMISSION 157**: At the time JBJZ Investors filed its federal income tax return for taxable year 1999, there was Substantial Authority that the Reporting Position would be Upheld on the merits if challenged.

**ANSWER**: Defendant objects to Plaintiff's definition of "Reporting Position." See General Objection 11. Notwithstanding, and without waiving, or in any way limiting this objection, Defendant denies the request.

**REQUEST FOR ADMISSION 158**: At the time Jerry and Anita Zucker filed their joint federal income tax return for taxable year 1999, there was Substantial Authority that the Reporting Position would be Upheld on the merits if challenged.

**ANSWER**: Defendant objects to Plaintiff's definition of "Reporting Position." See General Objection 11. Notwithstanding, and without waiving, or in any way limiting this objection, Defendant denies the request.

**REQUEST FOR ADMISSION 159**: At the time James and Hazel Boyd filed their joint federal income tax return for taxable year 1999, there was Substantial Authority that the Reporting Position would be Upheld on the merits if challenged.

**ANSWER**: Defendant objects to Plaintiff's definition of "Reporting Position." See General Objection 11. Notwithstanding, and without waiving, or in any way limiting this objection, Defendant denies the request.

**REQUEST FOR ADMISSION 160**: Prior to the issuance of Treas. Reg. § 1.752-6T, there was Substantial Authority that the Reporting Position would be Upheld on the merits if challenged.

__ANSWER__: Defendant objects to Plaintiff's definition of "Reporting Position." See General Objection 11 Notwithstanding, and without waiving, or in any way limiting this objection, Defendant denies the request.

__REQUEST FOR ADMISSION 161__: Prior to the promulgation of Treas. Reg. § 1.752-6, there was Substantial Authority that the Reporting Position would be Upheld on the merits if challenged

__ANSWER__: Defendant objects to Plaintiff's definition of "Reporting Position." See General Objection 11. Notwithstanding, and without waiving, or in any way limiting this objection, Defendant denies the request.

__REQUEST FOR ADMISSION 162__: At the time of the transactions at issue in this case, there was a Realistic Possibility of Success that the Reporting Position would be Upheld on the merits if challenged.

__ANSWER__: Defendant objects to Plaintiff's definition of "Reporting Position." See General Objection 11 Notwithstanding, and without waiving, or in any way limiting this objection, Defendant denies the request.

__REQUEST FOR ADMISSION 163__: On or about January 31, 2000, there was a Realistic Possibility of Success that the Reporting Position would be Upheld on the merits if challenged.

__ANSWER__: Defendant objects to Plaintiff's definition of "Reporting Position." See General Objection 11. Notwithstanding, and without waiving, or in any way limiting this objection, Defendant denies the request.

**REQUEST FOR ADMISSION 164**: At the time JBJZ Partners filed its short year initial and final federal income tax return for taxable year ended December 27, 1999, there was a Realistic Possibility of Success that the Reporting Position would be Upheld on the merits if challenged.

**ANSWER**: Defendant objects to Plaintiff's definition of "Reporting Position." See General Objection 11. Notwithstanding, and without waiving, or in any way limiting this objection, Defendant denies the request.

**REQUEST FOR ADMISSION 165**: At the time JBJZ Investors filed its federal income tax return for taxable year 1999, there was a Realistic Possibility of Success that the Reporting Position would be Upheld on the merits if challenged.

**ANSWER**: Defendant objects to Plaintiff's definition of "Reporting Position." See General Objection 11. Notwithstanding, and without waiving, or in any way limiting this objection, Defendant denies the request.

**REQUEST FOR ADMISSION 166**: At the time Jerry and Anita Zucker filed their joint federal income tax return for taxable year 1999, there was a Realistic Possibility of Success that the Reporting Position would be Upheld on the merits if challenged.

**ANSWER**: Defendant objects to Plaintiff's definition of "Reporting Position." See General Objection 11. Notwithstanding, and without waiving, or in any way limiting this objection, Defendant denies the request.

**<u>REQUEST FOR ADMISSION 167</u>**: At the time James and Hazel Boyd filed their joint federal income tax return for taxable year 1999, there was a Realistic Possibility of Success that the Reporting Position would be Upheld on the merits if challenged.

**<u>ANSWER</u>**: Defendant objects to Plaintiff's definition of "Reporting Position." See General Objection 11. Notwithstanding, and without waiving, or in any way limiting this objection, Defendant denies the request.

**<u>REQUEST FOR ADMISSION 168</u>**: Prior to the issuance of Treas. Reg. § 1.752-6T, there was a Realistic Possibility of Success that the Reporting Position would be Upheld on the merits if challenged.

**<u>ANSWER</u>**: Defendant objects to Plaintiff's definition of "Reporting Position." See General Objection 11. Defendant also objects to his request because it is addressed to a time period not at issue in this case. Notwithstanding, and without waiving, or in any way limiting this objection, Defendant denies the request.

**<u>REQUEST FOR ADMISSION 169</u>**: Prior to the promulgation of Treas. Reg. § 1.752-6, there was a Realistic Possibility of Success that the Reporting Position would be Upheld on the merits if challenged

**<u>ANSWER</u>**: Defendant objects to Plaintiff's definition of "Reporting Position." See General Objection 11. Defendant also objects to his request because it is addressed to a time period not at issue in this case. Notwithstanding, and without waiving, or in any way limiting this objection, Defendant denies the request

**<u>REQUEST FOR ADMISSION 170</u>**: At the time of the transactions at issue in this case, there was a Reasonable Basis that the Reporting Position would be Upheld on the merits if challenged

**<u>ANSWER</u>**: Defendant objects to Plaintiff's definition of "Reporting Position." See General Objection 11 Notwithstanding, and without waiving, or in any way limiting this objection, Defendant denies the request

**<u>REQUEST FOR ADMISSION 171</u>**: On or about January 31, 2000, there was a Reasonable Basis that the Reporting Position would be Upheld on the merits if challenged.

**<u>ANSWER</u>**: Defendant objects to Plaintiff's definition of "Reporting Position." See General Objection 11 Notwithstanding, and without waiving, or in any way limiting this objection, Defendant denies the request

**<u>REQUEST FOR ADMISSION 172</u>**: At the time JBJZ Partners filed its short year initial and final federal income tax return for taxable year ended December 27, 1999, there was a Reasonable Basis that the Reporting Position would be upheld on the merits if challenged.

**<u>ANSWER</u>**: Defendant objects to Plaintiff's definition of "Reporting Position." See General Objection 11. Notwithstanding, and without waiving, or in any way limiting this objection, Defendant denies the request.

**<u>REQUEST FOR ADMISSION 173</u>**: At the time JBJZ Investors filed its federal income tax return for taxable year 1999, there was a Reasonable Basis that the Reporting Position would be upheld on the merits if challenged.

**ANSWER**: Defendant objects to Plaintiff's definition of "Reporting Position" See General Objection 11 Notwithstanding, and without waiving, or in any way limiting this objection, Defendant denies the request.

**REQUEST FOR ADMISSION 174**: At the time Jerry and Anita Zucker filed their joint federal income tax return for taxable year 1999, there was a Reasonable Basis that the Reporting Position would be upheld on the merits if challenged.

**ANSWER**: Defendant objects to Plaintiff's definition of "Reporting Position." See General Objection 11 Notwithstanding, and without waiving, or in any way limiting this objection, Defendant denies the request

**REQUEST FOR ADMISSION 175**: At the time James and Hazel Boyd filed their joint federal income tax return for taxable year 1999, there was a Reasonable Basis that the Reporting Position would be upheld on the merits if challenged.

**ANSWER**: Defendant objects to Plaintiff's definition of "Reporting Position." See General Objection 11. Notwithstanding, and without waiving, or in any way limiting this objection, Defendant denies the request

**REQUEST FOR ADMISSION 176**: Prior to the issuance of Treas. Reg. § 1.752-6T, there was a Reasonable Basis that the Reporting Position would be Upheld on the merits if challenged.

**ANSWER**: Defendant objects to Plaintiff's definition of "Reporting Position." See General Objection 11. Defendant also objects to his request because it is addressed to a time period not at issue in this case. Notwithstanding, and without waiving, or in any way limiting this objection, Defendant denies the request.

**REQUEST FOR ADMISSION 177:** Prior to the promulgation of Treas. Reg. § 1.752-6, there was a Reasonable Basis that the Reporting Position would be Upheld on the merits if challenged.

**ANSWER:** Defendant objects to Plaintiff's definition of "Reporting Position." See General Objection 11. Defendant also objects to his request because it is addressed to a time period not at issue in this case. Notwithstanding, and without waiving, or in any way limiting this objection, Defendant denies the request.

**REQUEST FOR ADMISSION 178:** A Treasury Regulation is invalid if it is outside the scope of authority delegated by Congress to the Secretary of the Treasury.

**ANSWER:** Defendant objects to the request on the grounds that it involves a pure question of law See General Objection No. 6.

**REQUEST FOR ADMISSION 179:** Section 309 of the Community Renewal Tax Relief Act of 2000 provides the Treasury with authority to adopt rules to prevent "the acceleration or duplication of losses through the assumption of (or transfer of assets subject to) liabilities described in § 358(h)(3) of the Code . . . in transactions involving partnerships".

**ANSWER:** Defendant objects to the request on the grounds that it involves a pure question of law. See General Objection No. 6.

**REQUEST FOR ADMISSION 180:** Notice 2000-44 does not involve transactions in which loss deductions are accelerated or duplicated.

**ANSWER:** Defendant objects to the request on the grounds that it involves a pure question of law. See General Objection No. 6.

**REQUEST FOR ADMISSION 181:** Prior to issuance of Treas. Reg. § 1.752-6T on June 23, 2003 and the promulgation of Treas. Reg. § 1.752-6 on May 23, 2004, the Government and the United States Tax Court agreed in *Helmer v Commissioner*, T.C. Memo 1975-160, that Options were not liabilities for purposes of Section 752 of the Code.

**ANSWER:** Defendant objects to the request on the grounds that it involves a pure question of law. See General Objection No. 6.

**REQUEST FOR ADMISSION 182**: The Government cannot unilaterally bootstrap itself into a litigating position by promulgating a retroactive regulation.

**ANSWER**: Defendant objects to the request on the grounds that it involves a pure question of law. . See General Objection No. 6.

**REQUEST FOR ADMISSION 183**: Treas. Reg. § 1.752-6 is invalid as applied to this case.

**ANSWER**: Defendant objects to the request on the grounds that it involves a pure question of law.

Notwithstanding, and without waiving, or in any way limiting this objection, Defendant denies the request. . See General Objection No. 6.

1827050 1

**REQUEST FOR ADMISSION 184**: Treas. Reg. § 1.752-6(b)(2) is invalid as applied to this case.

**ANSWER**: Defendant objects to the request on the grounds that it involves a pure question of law. See General Objection No. 6.

Notwithstanding, and without waiving, or in any way limiting this objection, Defendant denies the request

**REQUEST FOR ADMISSION 185**: Treas Reg. § 1.701-2 is invalid as applied to this case.

**ANSWER**: Defendant objects to the request on the grounds that it involves a pure question of law. See General Objection No. 6.

Notwithstanding, and without waiving, or in any way limiting this objection, Defendant denies the request.

**REQUEST FOR ADMISSION 186**: No provision in subchapter K explicitly grants the Treasury the authority to promulgate the Anti-Abuse Regulation

**ANSWER**: Defendant objects to the request on the grounds that it involves a pure question of law See General Objection No. 6.

**REQUEST FOR ADMISSION 187**: No act of Congress explicitly grants the Treasury the authority to promulgate the Anti-Abuse Regulation.

**ANSWER**: Defendant objects to the request on the grounds that it involves a pure question of law. See General Objection No. 6.

**REQUEST FOR ADMISSION 188**: The Anti-Abuse Regulation is an interpretive regulation issued under the authority of Code Section 7805(a).

**ANSWER**: Defendant objects to the request on the grounds that it involves a pure question of law. See General Objection No. 6.

**REQUEST FOR ADMISSION 189**: The Anti-Abuse Regulation is not a legislative regulation issued pursuant to a specific grant of authority by Congress. *See United States v. Vogel Fertilizer Co.*, 455 U.S. 16, 24 (1982).

**ANSWER**: Defendant objects to the request on the grounds that it involves a pure question of law. See General Objection No. 6.

**REQUEST FOR ADMISSION 190**: When the Anti-Abuse Regulation states in Section 1.701-2(b) that "if a partnership is formed or availed of in connection with a transaction a principal purpose of which is to reduce substantially the present value of the partners' aggregate federal

tax liability", the inquiry is to identify a tax motivation for the transaction rather than identify a non-tax business purpose.

**ANSWER**: Defendant objects to the request on the grounds that it involves a pure question of law. See General Objection No. 6.

**REQUEST FOR ADMISSION 191**: The Anti-Abuse Regulation may apply to situations in which the transaction had a non-tax business purpose.

**ANSWER**: Defendant objects to the request on the grounds that it involves a pure question of law. See General Objection No. 6.

**REQUEST FOR ADMISSION 192**: The Anti-Abuse Regulation may apply to situations in which the transaction had a significant non-tax business purpose.

**ANSWER**: Defendant objects to the request on the grounds that it involves a pure question of law. See General Objection No. 6.

**REQUEST FOR ADMISSION 193**: The requirement under Treas Reg. Section 1 701-2(a)(3) that the tax consequences under subchapter K to each partner "clearly reflect the partner's income" is not based on a statutory provision in subchapter K of the Code.

**ANSWER**: Defendant objects to the request on the grounds that it involves a pure question of law. See General Objection No. 6.

**REQUEST FOR ADMISSION 194**: Subchapter K of the Code does not provide for disregarding a partnership and excluding such organization from the application of all or a part of subchapter K, except as provided in Section 761(a) of the Code.

**ANSWER**: Defendant objects to the request on the grounds that it involves a pure question of law. See General Objection No. 6.

**REQUEST FOR ADMISSION 195**: Disregarding a partnership with two or more members is inconsistent with Treas. Reg. Section 301.7701-2(a) which provides that "A business entity with two or more members is classified for federal tax purposes as either a corporation or a partnership. A business entity with only one owner is classified as a corporation or is disregarded; if the entity is disregarded, its activities are treated in the same manner as a sole proprietorship, branch or division of the owner."

1827050 1

**ANSWER**: Defendant objects to the request on the grounds that it involves a pure question of law. See General Objection No. 6.

**REQUEST FOR ADMISSION 196**: The Anti-Abuse Regulation imposes additional requirements upon partnership transactions that are not found in the explicit language of subchapter K.

**ANSWER**: Defendant objects to the request on the grounds that it involves a pure question of law. See General Objection No. 6.

**REQUEST FOR ADMISSION 197**: The Anti-Abuse Regulation allows the Commissioner to disregard a partnership even though the transaction may fall within the literal words of a particular statutory or regulatory provision.

**ANSWER**: Defendant objects to the request on the grounds that it involves a pure question of law. See General Objection No. 6.

**REQUEST FOR ADMISSION 198**: The Anti-Abuse Regulation uses a subjective evaluation to determine if a partnership transaction violates the intent of subchapter K.

**ANSWER**: Defendant objects to the request on the grounds that it involves a pure question of law See General Objection No 6.

**REQUEST FOR ADMISSION 199**: According to the Anti-Abuse Regulation, the Commissioner makes a subjective determination to recast a transaction to produce federal tax results that he determines are consistent with the intent of subchapter K.

**ANSWER**: Defendant objects to the request on the grounds that it involves a pure question of law See General Objection No. 6.

**REQUEST FOR ADMISSION 200**: The Anti-Abuse Regulation does not define the "intent of subchapter K."

**ANSWER**: Defendant objects to the request on the grounds that it involves a pure question of law. See General Objection No. 6.

**REQUEST FOR ADMISSION 201**: The "intent of subchapter K" is not defined within any provision of the Code or Treasury Regulations, other than possibly the Anti-Abuse Regulation itself

**ANSWER**: Defendant objects to the request on the grounds that it involves a pure question of law, and is vague and ambiguous. See General Objection No. 6.

**REQUEST FOR ADMISSION 202**: The Anti-Abuse Regulation does not enforce any provision of the Code.

**ANSWER**: Defendant objects to the request on the grounds that it involves a pure question of law. See General Objection No. 6.

**REQUEST FOR ADMISSION 203**: The Anti-Abuse Regulation does not explain any provision of the Code.

**ANSWER**: Defendant objects to the request on the grounds that it involves a pure question of law. See General Objection No. 6.

**REQUEST FOR ADMISSION 204**: "Economic substance" is incorporated in the Anti-Abuse Regulation.

**ANSWER**: Defendant objects to the request on the grounds that it involves a pure question of law. See General Objection No. 6.

**REQUEST FOR ADMISSION 205**: "Economic substance" is not defined within the Anti-Abuse Regulation or subchapter K.

**ANSWER**: Defendant objects to the request on the grounds that it involves a pure question of law. See General Objection No. 6.

**REQUEST FOR ADMISSION 206**: "Economic substance" is a judicial doctrine.

**ANSWER**: Defendant objects to the request on the grounds that it involves a pure question of law. See General Objection No. 6.

**REQUEST FOR ADMISSION 207**: "Substance over form" as used in the Anti-Abuse Regulation is not codified in subchapter K.

**ANSWER**: Defendant objects to the request on the grounds that it involves a pure question of law. See General Objection No. 6.

**REQUEST FOR ADMISSION 208**: "Substance over form" as used in the Anti-Abuse Regulation is not defined within the Anti-Abuse Regulation or subchapter K

**ANSWER**: Defendant objects to the request on the grounds that it involves a pure question of law. See General Objection No. 6.

**REQUEST FOR ADMISSION 209**: "Substance over form" is a judicial doctrine.

**ANSWER**: Defendant objects to the request on the grounds that it involves a pure question of law. See General Objection No. 6.

**REQUEST FOR ADMISSION 210**: "Business purpose" as used in the Anti-Abuse Regulation is not codified in subchapter K.

**ANSWER**: Defendant objects to the request on the grounds that it involves a pure question of law. See General Objection No. 6.

**REQUEST FOR ADMISSION 211**: "Business purpose" as used in the Anti-Abuse Regulation is not defined within the Anti-Abuse Regulation or subchapter K.

**ANSWER**: Defendant objects to the request on the grounds that it involves a pure question of law. See General Objection No. 6.

**REQUEST FOR ADMISSION 212**: "Business purpose" is a judicial doctrine.

**ANSWER**: Defendant objects to the request on the grounds that it involves a pure question of law. See General Objection No. 6.

**REQUEST FOR ADMISSION 213**: "Clear reflection of income" as used in the Anti-Abuse Regulation is not codified in subchapter K.

**ANSWER**: Defendant objects to the request on the grounds that it involves a pure question of law. See General Objection No. 6.

**REQUEST FOR ADMISSION 214**: "Clear reflection of income" as used in the Anti-Abuse Regulation is not defined within the Anti-Abuse Regulation or subchapter K.

**ANSWER**: Defendant objects to the request on the grounds that it involves a pure question of law. See General Objection No. 6.

**REQUEST FOR ADMISSION 215**: "Clear reflection of income" as used in the Anti-Abuse Regulation is not based on a judicial doctrine of partnership tax law.

**ANSWER**: Defendant objects to the request on the grounds that it involves a pure question of law. See General Objection No. 6.

**REQUEST FOR ADMISSION 216**: The Anti-Abuse Regulation does not enforce any existing requirements of subchapter K.

**ANSWER**: Defendant objects to the request on the grounds that it involves a pure question of law. See General Objection No. 6.

**REQUEST FOR ADMISSION 217**: The Anti-Abuse Regulation adopts a subjective evaluation that requires the Commissioner to evaluate on a case-by-case basis each transaction's consistency with the intent of subchapter K. See General Objection No. 6

**ANSWER**: Defendant objects to the request on the grounds that it involves a pure question of law. See General Objection No. 6.

**REQUEST FOR ADMISSION 218**: The Anti-Abuse Regulation gives the Commissioner the discretion to readjust a transaction to reach a "reasonable result" or a result that the Commissioner determines is consistent with subchapter K.

**ANSWER**: Defendant objects to the request on the grounds that it involves a pure question of law. See General Objection No. 6.

**REQUEST FOR ADMISSION 219**: According to the Anti-Abuse Regulation, a transaction could comply with the literal requirements of subchapter K and still be inconsistent with the intent of subchapter K.

**ANSWER**: Defendant objects to the request on the grounds that it involves a pure question of law See General Objection No. 6.

**REQUEST FOR ADMISSION 220**: The economic substance doctrine is not codified in the Code.

**ANSWER**: Defendant objects to the request on the grounds that it involves a pure question of law. See General Objection No. 6.

**REQUEST FOR ADMISSION 221**: Congress has at various times considered codifying the economic substance doctrine, but has declined to do so.

**ANSWER**: Defendant objects to the request on the grounds of relevance and because the request does not involve any facts relating to the case at bar, and further because it is vague and ambiguous Defendant further objects to the request in so far as it involves a pure question of law. See General Objection No. 6.

**REQUEST FOR ADMISSION 222**: Congress has voted against codifying the economic substance doctrine.

**ANSWER**: Defendant objects to the request on the grounds of relevance and because the request does not involve any facts relating to the case at bar, and further because it is vague and

ambiguous Defendant further objects to the request in so far as it involves a pure question of law. See General Objection No. 6.

**REQUEST FOR ADMISSION 223**: The House of Representatives has voted against codifying the economic substance doctrine.

**ANSWER**: Defendant objects to the request on the grounds of relevance and because the request does not involve any facts relating to the case at bar, and further because it is vague and ambiguous Defendant further objects to the request in so far as it involves a pure question of law. See General Objection No. 6.

**REQUEST FOR ADMISSION 224**: There is disagreement among the United States Courts of Appeal on the standard to use in determining whether a transaction has economic substance.

**ANSWER**: Defendant objects to the request on the grounds of relevance and because the request does not involve any facts relating to the case at bar, and further because it is vague and ambiguous. Defendant further objects to the request in so far as it involves a pure question of law See General Objection No. 6.

**REQUEST FOR ADMISSION 225**: The Anti-Abuse Regulation's requirement that the partnership be "bona fide" is not a requirement in subchapter K of the Code.

**ANSWER**: Defendant objects to the request on the grounds that it involves a pure question of law. See General Objection No. 6.

**REQUEST FOR ADMISSION 226**: A transaction is "bona fide" if it actually happened.

**ANSWER**: Defendant objects to the request on the grounds that it involves a pure question of law See General Objection No. 6.

**REQUEST FOR ADMISSION 227**: While the Supreme Court in *Frank Lyon Co v United States*, 435 U S. 651 (1978) would respect a transaction for tax purposes if it "is imbued with tax independent considerations, and is not shaped solely by tax-avoidance features," the Anti-Abuse Regulation states that the Commissioner can recast a transaction "if a partnership is formed or availed of in connection with a transaction a principal purpose of which is to reduce substantially the present value of the partners' aggregate federal tax liability in a manner that is inconsistent with the intent of subchapter K. . . ."

**ANSWER**: Defendant objects to the request on the grounds that it involves a pure question of law. See General Objection No. 6.

**REQUEST FOR ADMISSION 228**: The Anti-Abuse Regulation does not provide an objective measure to determine whether a business purpose is "substantial."

**ANSWER**: Defendant objects to the request on the grounds that it involves a pure question of law. See General Objection No. 6.

**REQUEST FOR ADMISSION 229**: The Anti-Abuse Regulation adds restrictions on partnerships that are not found in subchapter K of the Code.

**ANSWER**: Defendant objects to the request on the grounds that it involves a pure question of law. See General Objection No. 6.

**REQUEST FOR ADMISSION 230**: The Anti-Abuse Regulation's requirement that "the partnership transaction or series of related transactions must be entered into for a substantial business purpose" is not a requirement in subchapter K of the Code.

**ANSWER**: Defendant objects to the request on the grounds that it involves a pure question of law. See General Objection No. 6

**REQUEST FOR ADMISSION 231**: The Anti-Abuse Regulation's requirement that "[t]he form of the partnership transaction must be respected under substance over form principles" is not a requirement in subchapter K of the Code.

**ANSWER**: Defendant objects to the request on the grounds that it involves a pure question of law. See General Objection No. 6.

**REQUEST FOR ADMISSION 232**: The Anti-Abuse Regulation's requirement that the tax reporting clearly reflect income is not a requirement in subchapter K of the Code.

**ANSWER**: Defendant objects to the request on the grounds that it involves a pure question of law. See General Objection No. 6.

**REQUEST FOR ADMISSION 233**: The factors listed in Treas. Reg. § 1 701-2(c) are not exhaustive and the Commissioner may find other unlisted factors as indicative of a transaction that is inconsistent with the intent of subchapter K.

**ANSWER**: Defendant objects to the request on the grounds that it involves a pure question of law. See General Objection No. 6.

**REQUEST FOR ADMISSION 234**: The presence of factors listed in Treas. Reg. §1 701-2(c) does not necessarily indicate that a transaction is inconsistent with the intent of subchapter K.

**ANSWER**: Defendant objects to the request on the grounds that it involves a pure question of law. See General Objection No. 6.

**REQUEST FOR ADMISSION 235**: The Anti-Abuse Regulation requirements listed in Treas. Reg. § 1.701-2(a) are not exhaustive and the Commissioner may find a transaction inconsistent with subchapter K even though it complies with the literal words of the Code.

**ANSWER**: Defendant objects to the request on the grounds that it involves a pure question of law. See General Objection No. 6.

**REQUEST FOR ADMISSION 236**: According to the Anti-Abuse Regulation, the Commissioner has the discretion to determine relevant facts and apply the Anti-Abuse Regulation's standard to those facts to reach individual taxpayer determinations.

**ANSWER**: Defendant objects to the request on the grounds that it involves a pure question of law. See General Objection No. 6.

**REQUEST FOR ADMISSION 237**: The requirements imposed by the Anti-Abuse Regulation are not completely and fully stated in the Anti-Abuse Regulation.

**ANSWER**: Defendant objects to the request on the grounds that it involves a pure question of law See General Objection No 6.

**REQUEST FOR ADMISSION 238**: The Anti-Abuse Regulation is vague.

**ANSWER**: Defendant objects to the request on the grounds that it involves a pure question of law. See General Objection No. 6.

**REQUEST FOR ADMISSION 239**: The Anti-Abuse Regulation is ambiguous.

**ANSWER**: Defendant objects to the request on the grounds that it involves a pure question of law. See General Objection No. 6.

**REQUEST FOR ADMISSION 240**: The examples in the Anti-Abuse Regulation are inconsistent.

**ANSWER**: Defendant objects to the request on the grounds that it involves a pure question of law See General Objection No. 6.

**REQUEST FOR ADMISSION 241**: The following quote from Judge Learned Hand continues to accurately reflect the law in 1999 and 2000, as interpreted by the Courts, "[A] transaction, otherwise within an exception of the tax law, does not lose its immunity, because it is actuated by a desire to avoid, or, if on choose, to evade, taxation. Any one may so arrange is affairs that his taxes shall be as low as possible; his is not bound to choose that pattern which will best pay

the Treasury; there is not even a patriotic duty to increase one's taxes." *Helvering v. Gregory*, 69 F.2d 809, 810 (2nd Cir. 1934), *aff'd*, 293 U.S. 465 (1935).

**ANSWER**: Defendant objects to the request on the grounds that it involves a pure question of law. See General Objection No. 6.

**REQUEST FOR ADMISSION 242**: The Anti-Abuse Regulation incorporates judicial doctrines.

**ANSWER**: Defendant objects to the request on the grounds that it involves a pure question of law. See General Objection No. 6.

**REQUEST FOR ADMISSION 243**: The Anti-Abuse Regulation expands judicial doctrines.

**ANSWER**: Defendant objects to the request on the grounds that it involves a pure question of law. See General Objection No. 6.

**REQUEST FOR ADMISSION 244**: The Anti-Abuse Regulation overrules judicial doctrines.

**ANSWER**: Defendant objects to the request on the grounds that it involves a pure question of law. See General Objection No. 6.

**REQUEST FOR ADMISSION 245**: Subchapter K is intended to promote predictability.

**ANSWER**: Defendant objects to the request on the grounds that it involves a pure question of law. See General Objection No. 6.

**REQUEST FOR ADMISSION 246**: Subchapter K is intended to promote clarity.

**ANSWER**: Defendant objects to the request on the grounds that it involves a pure question of law See General Objection No. 6.

**REQUEST FOR ADMISSION 247**: The Anti-Abuse Regulation is not limited in its application to listed transactions or tax shelters generally.

**ANSWER**: Defendant objects to the request on the grounds that it involves a pure question of law. See General Objection No. 6.

**REQUEST FOR ADMISSION 248**: To the extent that the Anti-Abuse Regulation is more restrictive than judicial doctrines, it is invalid.

**ANSWER**: Defendant objects to the request on the grounds that it involves a pure question of law See General Objection No. 6.

**REQUEST FOR ADMISSION 249**: To the extent that the Anti-Abuse Regulation is consistent with judicial doctrines, it is superfluous.

**ANSWER**: Defendant objects to the request on the grounds that it involves a pure question of law. See General Objection No. 6.

**REQUEST FOR ADMISSION 250**: To overcome a determination in a Final Partnership Administrative Adjustment that a transaction lacks economic substance, a taxpayer must prove that the transaction has economic substance by a preponderance of the evidence.

**ANSWER**: Defendant objects to the request on the grounds that it involves a pure question of law. See General Objection No. 6.

**REQUEST FOR ADMISSION 251**: To overcome a determination in a Final Partnership Administrative Adjustment that a transaction lacks a business purpose, a taxpayer must prove that the transaction has business purpose by a preponderance of the evidence

**ANSWER**: Defendant objects to the request on the grounds that it involves a pure question of law. See General Objection No. 6.

**REQUEST FOR ADMISSION 252**: To invalidate a Regulation, a taxpayer must overcome deference given to Treasury in promulgating Regulations by showing that the Regulation does not implement the congressional mandate in some reasonable manner.

**ANSWER**: Defendant objects to the request on the grounds that it involves a pure question of law. See General Objection No. 6

**REQUEST FOR ADMISSION 253**: To invalidate a Regulation, a taxpayer must show that the Regulation does not harmonize with the plain language of the statute, its origin, and its purpose

**ANSWER**: Defendant objects to the request on the grounds that it involves a pure question of law. See General Objection No 6.

Respectfully submitted,

Dennis M. Donohue DMD

DENNIS M. DONOHUE
Attorney of Record

Senior Litigation Counsel
U.S. Department of Justice - Tax Division
Post Office Box 403
Ben Franklin Station
Washington, D.C. 20044
(202) 307-6492

EILEEN J. O'CONNOR
Assistant Attorney General
DAVID GUSTAFSON
Chief, Court of Federal Claims Section

1827050 1

**CERTIFICATE OF SERVICE**

IT IS HEREBY CERTIFIED that service of the foregoing DEFENDANT'S RESPONSE TO PLAINTIFF'S FIRST SET OF REQUESTS FOR ADMISSIONS has, this 26th day of July, 2006, been made upon the following by depositing a copy in the United States mail, postage prepaid, addressed to:

Joel N. Crouch
Texas State Bar No. 05144220
Meadows, Owens, Collier, Reed
Cousins & Blau, L.L.P.
901 Main Street, Suite 3700
Dallas, Texas 75202

F. Anthony Paganelli, Esq.
SOMMER BARNARD, P.C.
One Indiana Square, Suite 3500
Indianapolis, IN 46204

Joseph Pitzinger, Esq.
United States Department of Justice
717 N. Hardwood St., Suite 400
Dallas, TX 75201

Jonathan Blacker, Esq.
United States Department of Justice
717 N. Hardwood St., Suite 400
Dallas, TX 75201

David M. Steiner
Trial Attorney, Tax Division
U.S. Department of Justice
Post Office Box 55
Ben Franklin Station
Washington, D.C. 20044
(202) 307-5892

1827050.1