MEADOWS, OWENS, COLLIER, REED, COUSINS & BLAU, L.L.P.
ATTORNEYS AT LAW
A REGISTERED LIMITED LIABILITY PARTNERSHIP INCLUDING PROFESSIONAL CORPORATIONS
901 MAIN STREET, SUITE 3700
DALLAS, TEXAS 75202
(214) 744-3700
www meadowsowens com

TARA C. CAMPBELL – Associate
DIRECT DIAL (214) 749-2487
tcampbell@meadowsowens com

FAX (214) 747-3732
WATS (800) 451-0093

August 25, 2006

**VIA FACSIMILE TRANSMISSION**
**ORIGINAL TO FOLLOW VIA UNITED STATES MAIL**

Dennis M. Donohue, Esq.
United States Department of Justice (Tax Division)
Civil Trial Section, Northern Region
P.O. Box 55, Ben Franklin Station
Washington, D.C. 20044

RE: *JZ Buckingham Investments LLC, as Tax Matters Partner of JBJZ Partners, v United States*, Case No. 05-231T

Dear Mr. Donohue:

We understand that your office will be issuing Notices of Deposition (the "Notices") to certain individuals affiliated with Ernst & Young LLP during the period at issue. This letter is to confirm our understanding that before issuing such Notices, your office will contact us regarding convenient dates and times. As you are aware, scheduling these depositions for mutually-convenient dates and times is efficient and to the benefit of all parties involved.

We are also currently reviewing Defendant's Responses to Plaintiff's First Set of Requests for Admissions (the "Responses"). While we are still assessing many of your objections, we believe at this point that the objections to Requests for Admissions 20, 39, 51, 52, 54, 55, 57, 58, 60, 61, 62, 65, 79, 82, 88, 97, 100, 116, and 117 are unfounded.

In the interests of judicial economy, these Requests for Admissions ask your office to admit to the authenticity of the key transactional documents that reflect the core issues and facts of this case. Your office objected in general on the basis that depositions had not been taken to establish the authenticity of the documents and, therefore, despite reasonable inquiry, you had insufficient information. This objection, however, is not appropriate. We are well beyond the initial stages of discovery. You have been in possession of these documents for almost a year. You have had more than enough information and time in order to admit to the authenticity of these documents.

Moreover, in your Responses to Requests for Admissions 71, 106, 125, and 127, in which Plaintiff asks you admit to the authenticity of documents Z000243-Z000245, ZUDB00207-ZUDB00210, and ZUDB00215-ZUDB0020, you make the following statement:

> Defendant cannot admit or deny this request because it has not yet taken depositions of the persons who can establish if this request is true; and thus, despite having made reasonable inquiry, the information known or currently available to the Defendant is insufficient for the Defendant to admit or deny this request. See General Objection No. 2.

The underlined language indicates that your objections are based upon whether the requests are true – not whether the documents are authentic. Please let us know if this is a mere scrivener's error based on repetitive cutting and pasting or if these are, in fact, your objections. If these are your objections, we would like to stress again that our requests are for the authentication of the documents.

In your Responses to Requests for Admissions 42, 43, and 44, you make the following statements:

> Defendant cannot admit or deny this request because it has not yet taken depositions of Zucker and Boyd and this document is authentic; and thus, despite having made reasonable inquiry, the information known or currently available to the Defendant is insufficient to admit or deny this request. See General Objection No. 2.

Please clarify whether you intend to admit that these documents are authentic.

We urge you to review these Requests for Admissions again and consider our goals of cooperation and judicial economy. If we do not hear from you regarding amendments to these Responses within 15 days from the date of this letter, we will be forced to file a Motion to Compel. We truly hope to avoid having to bring this matter to the attention of the Court.

As a final matter, there seems to be a misunderstanding regarding the structure of the option transactions. At this point, it would probably be easiest for us to schedule a conference call in which we can discuss the transactions. Please call me at your earliest convenience to arrange.

Very truly yours,

Tara C. Campbell

TCC/kb
341782—Z033/A401