**U.S. Department of Justice**

**Tax Division**

*Please reply to: Civil Trial Section, Northern Region*
*P.O. Box 55*
*Ben Franklin Station*
*Washington, D.C. 20044*

*Facsimile No. (202) 514-5238*
*Trial Attorney: David M. Steiner*
*Attorney's Direct Line: (202) 307-5892*

EJO'C:DMD:DMSteiner
154-2270 CMN 2005103170

September 11, 2006

**VIA FACSIMILE AND REGULAR MAIL**

Tara C. Campbell, Esquire
Meadows, Owens, Collier, Reed,
Cousins & Blau, L.L.P
901 Main Street, Suite 3700
Dallas, Texas 75202

Re: JZ Buckingham Investments LLC as Tax Matters Partner of JBJZ Partners, a South Carolina general partnership v. United States Fed. Cl. No. 05-231 T

Dear Ms. Campbell:

This is in reply to your letter of August 25, 2006 to Mr. Donohue, which was in response to Defendant's Response to Plaintiff's First Set of Requests for Admissions. Mr. Donohue has asked me to respond to your letter.

It is the intention of the United States to issue Notices of Deposition to certain individuals affiliated with Ernst & Young LLP in the near future. It is our intention to contact you before issuing such Notices.

In regards to your question pertaining to Requests for Admissions 71, 106, 125, and 127, regarding the wording "if this request is true", it was our intention to state that we could not at present admit or deny the truthfulness of the assertion in the request that the document was authentic. Regarding Requests for Admissions 42, 43, and 44, the wording "this document is authentic" was a scrivener's error on our part. It is not our intention to admit that these documents are authentic at this time, as we lack the information to admit or deny such authenticity.

Regarding Requests for Admissions 20, 39, 51, 52, 54, 55, 57, 58, 60, 61, 65, 79, 82, 88, 97, 100, 116, and 117, your assertion that our objections and assertions that we could not at this time admit the genuineness of these documents despite making reasonable efforts is without basis. You claim that we must now state whether we admit or deny the authenticity of the documents because we have had copies of these documents for over a year. That is of no consequence. It is well settled that "Rule 36 is not a discovery device", *T. Rowe Price Small-*

*Cap Fund, Inc. V. Oppenheimer & Co.*, 174 F.R.D. 38, 42 (S.D.N.Y. 1997), and Plaintiff cannot use Rule 36 to dictate how and when the United States conducts its discovery which, according to the Court's Order of April 17, 2006, is ongoing until February 1, 2007.

Rule 36 does not require the requested party to accept the assertions of the requestor if the truth of the assertion is at the time unknown to the requested party. Nor does Rule 36 require the requested party to go to extraordinary lengths. The Rule merely requires that the requested party make a "reasonable inquiry" into information "readily obtainable" to it. Moreover, "[w]hat constitutes 'reasonable inquiry' and what material is 'readily obtainable' is a relative matter that depends upon the facts of each case." *T. Rowe Price*, 174 F.R.D. at 43. This matter involves several promoters with a large number of present and former employees involved in the subject transactions and documents. Therefore, not only are the witnesses who might be able to testify a to the authenticity of the documents not under the control of the United States, but they may also be unavailable to the government's counsel. This is important because the documents whose authenticity Plaintiff would have the United States admit were prepared, and in certain cases signed, by employees of third parties not parties to this litigation. Generally, Rule 36 does not require a requested party to inquire of third parties in order to determine the authenticity of documents. Rather, Rule 36's requirement "is limited to review and inquiry of those persons and documents that are within the responding party's control." *T. Rowe Price*, 174 F.R.D. at 43. Where courts have required a requested party to inquire of third parties, it is where such third parties have parallel interests to the requested parties. *Id.* This is hardly the case in this litigation, especially considering the ongoing criminal investigation.

Moreover, the investigation that the United States has done so far does not indicate that these documents are authentic. For example:

Many of the documents to which you refer in your letter appear to be selected portions of a large faxed document. The United States is not required to admit to the authenticity of documents taken out of a complete document. *See Caruso v. The Coleman Co.*, 1995 U.S. Dist. LEXIS 7934 at 24 (E.D. Penn. June 7, 1995).

The documents referred to in Request 51 and 52 are undated under the signature line.

The document referred to in Request 54 bears a handwritten date of November 18. 1999, but was not stamped until December 15, 1999, and something appears to be scratched out in the Social Security line, as is also the case with the documents referred to in Request 57 and Request 60.

The document referred to in Request 55 bears two different dates.

The document referred to in Request 58 is dated November 18, 1999, but is not stamped until December 15, 1999.

The documents referred to in Requests 62, 79, and 97 appear to be signed by Perry Parker of Deutsche Bank. But at the deposition of Jeannette Michaels, who worked closely with Mr. Parker, she was unable to identify the signature as his.

The document referred to in Requests 65, 82 and 88 also appear to have Perry Parker's name on one of the signature lines, but in handwriting very different from that on the document in Reques 62, 79 and 97.

The Client statements referred to in Requests 116 and 117 do not appear complete. Moreover, the United States does not believe that these are documents kept in the regular course of busines: of BT Alex Brown.

In sum, the United States "is not compelled to be bound by a version of events presented by third parties, particularly where it has asserted that it has reason to believe that those individuals may have interests hostile or adverse" to the United States. 174 F.R.D. at 44. If, after trial, the Court determines that the United States did not have reasonable grounds not to admit the authenticity of these documents, it may, upon motion, grant to Plaintiff the costs it reasonably incurs in proving these documents genuine. But Plaintiff cannot, especially before th: end of discovery, force the United States to admit or deny the authenticity of documents when th: parties who could do so are beyond its control and have adverse interests.

Please contact me as soon as possible if you believe that any issues remain unresolved.

Sincerely yours,

DAVID M. STEINER
Trial Attorney
Civil Trial Section, Northern Region

cc: F. Anthony Paganelli, Esq.
Sommer Barnard, P.C.
One Indiana Square, Suite 3500
Indianapolis, IN 46204

Joseph A. Pitzinger, Esq.
United States Dept. of Justice
717 North Harwood, Suite 400
Dallas, TX 75201

Jonathan Blacker, Esq.
United States Dept. of Justice
717 North Harwood, Suite 400
Dallas, TX 75201