IN THE UNITED STATES COURT OF FEDERAL CLAIMS

No. 05-231 T
(Chief Judge Damich)

---

JZ Buckingham Investments LLC as Tax Matters Partner
of JBJZ Partners, a South Carolina general partnership,

Plaintiff,

v.

United States of America,

Defendant.

---

**DEFENDANT'S REPLY MEMORANDUM TO PLAINTIFF'S RESPONSE TO DEFENDANT'S MOTION TO REVISE SCHEDULING ORDER**

Plaintiff's Response in Opposition to Defendant's Motion to Revise Scheduling Order ("P.Mem.") fails to address the arguments which the United States argued in its Motion and mischaracterizes the issues. As explained below, denial of this motion will frustrate the intent of the Judicial Panel on Multi-District litigation.

**ARGUMENT**

Plaintiff claims that the United States formally moved the Court in the *Murphy* cases to revise the discovery schedule in this case, that the Court categorically denied the motion, and that we are now just rehashing old arguments. This is not the case. The United States did not file a formal motion, but merely informally requested the Court at the teleconference of October 4 in the *Murphy* cases to conform the discovery dates in this matter with those cases, and the Court, although it denied the motion, indicated that the issue could be revisited.

Pointedly, Plaintiff's counsel initially recognized the necessity of coordinating such discovery and even agreed to join with us in requesting the Court to synchronize these discovery schedules – but then changed his mind. Despite its initial recognition of the need to coordinate discovery in this highly-complex tax litigation, Plaintiff is now arguing that our motion is simply a pretext to obtain more time. That is patently false. This motion is solely precipitated by Plaintiff's counsel – who is the same counsel as in the *Murhpy* cases – filing three more highly fact-intensive COBRA cases.[1] As even Plaintiff's counsel recently acknowledged, these three more cases will necessitate a significant amount of additional and – unless the discovery schedules are conformed – completely unnecessary duplicative discovery.[2]

Moreover, the United States is not, as Plaintiff claims, "rehashing" the same arguments. At the teleconference, the United States did not yet have the list of 28 specific – and high level – deponents that Defendant would likely have to depose twice. Therefore, the United States was not fully able to detail on October 4 the very serious consequences of a failure to conform the discovery schedules in these four cases.[3] Additionally, the United States has since October 4

[1]In fact, the United States even agreed to a truncated discovery schedule in the *Murphy* cases to facilitate the continued coordination of discovery in these four COBRA cases.

[2]If anything, Plaintiff's counsel, who is also taxpayers' counsel in *Murphy*, bears some responsibility for the need to amend the discovery schedule. Notwithstanding that the *Murphy* transactions deal with the same COBRA product as at issue here, and notwithstanding that the Internal Revenue Service issued the Notices of Final Partnership Administrative Adjustment at issue in *Murphy* on December 16, 2005, Plaintiff's counsel nevertheless waited until March 28, 2006 to file the *Murphy* cases.

[3]Plaintiff implies that our list of 28 duplicative depositions must be false because we have in fact scheduled the deposition of Mike Dell who is also on our list of 28 duplicative depositions. P.Mem. at 5. The United States is, however, prepared and plans to depose Mr. Dell regarding the *JZ Buckingham* transactions now. The United States is not yet ready, however, to depose Mr. Dell regarding the *Murphy* transactions, and unless the Court conforms the discovery dates in these cases, will have to re-depose him in the future after our full analysis

also moved the District Court for the Southern District of Indiana to conform the discovery dates in the MDL litigation[4] to those of the *Murphy* Cases. Significantly, the District Court is likely to grant the motion given that taxpayers' counsel in the first-filed COBRA case, *Carmel Partners, et al. v. United States*, 06-8002 (S.D. Ind.), has consented to and agrees with the motion. Thus, unless the instant motion is granted, this COBRA case will be on a totally separate discovery tract from all the other COBRA litigation.

Secondly, totally absent from Plaintiff's arguments is any attempt to square its opposition to our motion with the directive of the Judicial Panel on Multi-District Litigation (the "MDL Panel") which emphasized that "[c]entralization under Section 1407 is necessary in order *to eliminate duplicate discovery*, prevent inconsistent pretrial rulings, and conserve the resources of the parties, their counsel and the judiciary." (Emphasis added.) The Panel further stated that "[t]ransfer under Section 1407 will .....[ensure] that the *common parties and witnesses will not be subject to discovery demands which duplicate activity that will* or has occurred in other actions." (Emphasis added.) Plaintiff fails to even mention this argument in its memorandum. As Plaintiff's counsel recently recognized, de-coupling the discovery dates of the COBRA cases frustrates the fundamental objective of the MDL Panel and will cause undue inconvenience and expense for the parties and third-party witnesses. Moreover, it would be highly prejudicial to the United States since the failure to continue to coordinate the COBRA discovery will have the effect of significantly reducing our allowable number of depositions.

---

of the *Murphy* transactions.

[4] *In re COBRA Tax Shelters Litigation*, 05-9727 (S.D. Ind.)

Thirdly, it is not us – but Plaintiff – who is rehashing old arguments here. Plaintiff argues that the depositions of employees of Ernst & Young are unnecessary and irrelevant because these individuals have no knowledge of their specific COBRA transactions. This is the exact same argument that Plaintiff's counsel – albeit on behalf of a different client – made before the MDL Panel in its opposition to consolidation under 28 U.S.C. § 1407, which the MDL Panel rejected. Indeed, it is also the same argument that both this Court and the Southern District of Indiana rejected in granting the government's motion to expand the number of depositions to 99.

Fourth, Plaintiff argues that, due to particular circumstances which its counsel mentioned during the October 4 teleconference, it would be prejudiced were the Court to grant the Government's motion. P.Mem. at 4. This is simply untrue because Defendant is not seeking any adjournment of the trial date. Defendant merely requests the Court to conform the discovery dates herein with those of the *Murphy* cases. As the United States is not requesting any adjournment of the trial date, Defendant cannot see how Plaintiff would suffer any prejudice.

Fifth, Plaintiff argues that the United States has been dilatory in conducting depositions so far. This is not the case. Plaintiff complains that the United States has conducted only six depositions. P.Mem. at 3. In fact, we have already taken nine. More importantly, as Plaintiff acknowledges, we have noticed a significant number of further depositions, and will soon notice a significant number of additional depositions. Our depositions are proceeding on schedule. As Plaintiff is aware, Defendant's counsel is taking care in scheduling depositions not to impact or interfere with the criminal investigations pending in the Southern District of New York. What is at issue here is not our current deposition schedule but the fact that we will have to duplicate a

significant number of these depositions unless the discovery dates in this case are conformed to those in the *Murphy* cases.

Finally, Plaintiff relies heavily on *B.F. Goodrich v. Betkoski*, 99 F.3d 505 (2d Cir. 1996). This case in inapposite or, to the extent it is applicable, supports the Government's position. *B.F. Goodrich* stands for the proposition that courts have discretion in matters of discovery, and it is not necessarily an abuse of discretion to deny further discovery as litigation must end at some point. This is obviously true but has nothing to do with this motion, which is about adhering to the Order of the MDL Panel and avoiding duplicative discovery. The Court in *B.F. Goodrich* noted that the district court was concerned "that unduly extensive use of discovery could make the litigation expense disproportionate to the [amount in question]." *Id.* at 523. That is exactly why the MDL Panel ordered discovery to be coordinated. Deposing witnesses twice will increase the costs of this litigation. Moreover, the Government agrees that litigation must end sometime and is not requesting any adjournment of the trial date. The United States is merely seeking an orderly and inexpensive deposition process.

**CONCLUSION**

Plaintiff has failed to address the arguments made by the United States. The United States respectfully requests that the Court revise the discovery deadlines in *JZ Buckingham* to conform to the discovery dates recently set in the *Murphy* cases. Moreover, as expert reports in this matter are presently due on November 15, 2006, the United States respectfully requests expedited consideration of this motion.

Respectfully submitted,

s/ Dennis M. Donohue
DENNIS M. DONOHUE
Attorney of Record

Senior Litigation Counsel
U.S. Department of Justice - Tax Division
Post Office Box 403
Ben Franklin Station
Washington, D.C. 20044
(202) 307-6492

**CERTIFICATE OF SERVICE**

I hereby certify that on November 1, 2006, I electronically filed the foregoing Reply Memorandum with the Clerk of the Court using the ECF system which will send notification of such filing to the following:

Joel N. Crouch
Texas State Bar No. 05144220
Meadows, Owens, Collier, Reed
Cousins & Blau, L.L.P.
901 Main Street, Suite 3700
Dallas, Texas 75202

s/ David M. Steiner
David M. Steiner
Trial Attorney, Tax Division
U.S. Department of Justice
Post Office Box 55
Ben Franklin Station
Washington, D.C. 20044
(202) 307-5892