IN THE UNITED STATES COURT OF FEDERAL CLAIMS

| | | |
|---|---|---|
| **JZ Buckingham Investments LLC as Tax Matters Partner of JBJZ Partners, a South Carolina general partnership,** | § | |
| | § | |
| | § | |
| | § | **CASE NO. 05-231 T** |
| **Plaintiff,** | § | **Chief Judge Edward J. Damich** |
| **v.** | § | |
| | § | |
| **United States of America,** | § | |
| | § | |
| **Defendant.** | § | |

**PLAINTIFF'S REPLY TO DEFENDANT'S OPPOSITION TO PLAINTIFF'S MOTION CHALLENGING THE SUFFICIENCY OF DEFENDANT'S RESPONSES TO THE FIRST SET OF REQUESTS FOR ADMISSIONS AND INCORPORATED APPENDIX**

Plaintiff JZ Buckingham Investments LLC hereby replies to the Government's Opposition to Plaintiff's Motion Challenging the Sufficiency of Defendant's Responses to the First Set of Requests for Admissions (the "Opposition").

Plaintiff sought to streamline the litigation under Rule 36[1] by having the Government admit to the authenticity of the basic transactional documents and to take to trial only the tax issues. The tax issues involved in this case are complex. The documents are not. As a result, Plaintiff asked the Government to admit that the document is what it purports to be – not to admit that the underlying facts are true. In other words, all that Plaintiff requested is that the Government admit that these are the documents that facilitated the transaction. If the Government wishes to challenge aspects of the transaction, it can do so at trial.

Instead, the Government submitted Responses[2] to Plaintiff's Requests for authentication that misrepresented the Government's duty and its available information. When Plaintiff asked it to amend those Responses, the Government set forth weak legal and factual arguments in an

[1] Rule 36 refers to the Rules of the Court of Federal Claims, unless otherwise indicated.
[2] Unless herein defined, all capitalized terms shall have the meaning as set forth in Plaintiff's Motion.

informal letter. Plaintiff now seeks relief from this Court that is expressly permitted under Rule 36 and appropriate under the facts of this Case. The Government's Opposition set forth again the factual and legal inaccuracies contained in its letter. Plaintiff believes the Government's Opposition is without merit, maintains its arguments made on its initial Motion, and replies here to the extent necessary:

1. The documents that the Government cites to as suspicious are not the documents that Plaintiff requested to be authenticated.

2. The Government has a duty to authenticate the documents of a third party when it possesses or can possess the information to do so.

3. Rule 36 expressly permits Plaintiff's Motion and allows the Court to order the Admissions admitted without first ordering a Motion to Compel.

The Court should find that Defendant's Responses to Plaintiff's First Set of Requests for Admissions insufficient and deem Plaintiff's Requests for Admissions Nos. 4, 20, 39, 42, 51, 52, 54, 55, 57, 58, 60, 61, 62, 65, 71, 79, 82, 88, 97, 100, 106, 116, 117, 125, and 127 admitted. The Court should further deny the Government's requests for costs and award Plaintiff any further relief to which it may be entitled.

## ARGUMENT

### I. <u>**The documents that the Government cites to as suspicious are not the documents that Plaintiff requested to be authenticated.**</u>

The Government's Opposition claims that the "[d]ocuments in question are rife with suspicion." (Def.'s Resp. at 6.) Yet, nowhere does the Government actually give the Court a valid reason why this is true. Instead, the Government sets forth documents that are **<u>not</u>** the ones at issue, questions how these others were dated, and implies that such questions taint all of the documents. (Def.'s Resp. at 7.) For instance, the Government points to certain authorization forms and a facsimile transmission from Jenkins & Gilchrist that requests Mr. Zucker not to fill

in any dates upon execution. Id. But the authorization forms, the facsimile, and the documents included with the facsimile are **not** the subject of this Motion. More to the point, the Government has made no connection between these allegedly suspicious documents and those that are the subject of this Motion. (Pl.'s Brief at 2-3.)

In addition, the Government misrepresents its claim that Plaintiff "misquotes the deposition" of Ms. Michaels:

> Plaintiff quotes Jeannette Michaels identifying her signature on some of the documents, citing to this quotation, twice, as Michaels Dep. 117:10-15. In fact, the exchange to which plaintiff [sic] cites is at Michaels Dep. 118:10-15. Moreover, Requests Nos. 82 and 88 reference the same document. The same is true of Requests Nos. 100 and 106.

(Def.'s Resp. at 8 and 8 n.3.) Plaintiff's original citation is correct in the copy that Plaintiff received. The quotation is at Michaels Dep. 117:10-15. See Appendix A. Further, Plaintiff only referenced Requests Nos. 62, 71, 79, and 97 in its analysis regarding Ms. Michaels' deposition. (Pl.'s Brief at 9-10.) Plaintiff is unsure what the Government alleges. Plaintiff did not refer here to Requests Nos. 82, 88, 100, and 106. In any event, "misquote" seems an inaccurate and rather harsh term to use in light of the Government's bases for alleging such error.

## II. The Government has a duty to authenticate the documents of a third party when it possesses or can reasonably possess the information to do so.

The Government contends that Rule 36 does not require it to authenticate the documents of a third party – even if it has the information sufficient to do so. (Def.'s Resp. at passim.) Further, it contends that a mere semantic exercise in response to Rule 36 admissions is sufficient. (Def.'s Resp. at passim.) In effect, the Government is asking this Court to hold that, in the context of Rule 36, the presence of a third party[3] negates the Government's duty both to conduct

---

[3] Yet, not all of the documents were originated by a third party. Plaintiff requested the authentication of its Form SS-4 -- a document formatted, made public, and accepted by the Internal Revenue Service. (See Request No. 4.)

a reasonable inquiry and to authenticate documents when it has the information able to do so. Further, it is asking the Court to find that responses do not have to be true to be sufficient.

The Government's arguments miss the point and would cause this Court to create bad law. The fact of the matter is that – third party or not – the Government has the information necessary to authenticate these documents. It is contrary to Rule 36 to merely comply with the technical requirements of Rule 36 and mechanically state that one does not have sufficient information and has made a reasonable inquiry when it is untrue. Plaintiff is trying to streamline the litigation for trial – not conduct discovery.

Moreover, the Government's argument has already been attempted by a similarly-situated party and was rejected. Specifically, the Circuit Court of Appeals for the Ninth Circuit in Asea, Inc. v. S. Pac. Transp. Co., 669 F.2d 1242, 1247 (9th Cir. 1981) (en banc) affirmed a district court's finding that a railroad's responses to Rule 36 admissions were insufficient and its grant of a motion to deem those matters admitted. See id. at 1243. The district court determined that because the railroad actually had sufficient information to admit to the matters and had not conducted a reasonable inquiry, its responses were insufficient. See id. at 1246-47.

Both courts acknowledged that the railroad had technically complied with Rule 36 – it responded that it could not admit or deny based on insufficient knowledge and it had made a reasonable inquiry. See id. The courts reasoned, however, that the sufficiency of the answers depended on whether they were made in **good faith**. See id. at 1246. Both courts found that a party does not act in good faith if the party responds that (i) it has insufficient information when it does or (ii) it has made a reasonable inquiry when it has not:

> [A] response which fails to admit or deny a proper request for admission does not comply with the requirements of Rule 36(a) if the answering party has not, in fact, made "reasonable inquiry," or if information "readily obtainable" is sufficient to enable him to admit or deny the matter.

Id. at 1247. Further, the Ninth Circuit noted that Rule 36 of the FRCP,[4] expressly adopted the view in 1970 that a party could not refuse requests for admissions based upon lack of information if that information was reasonably available. See id. at 1245 (citing 8 C. Wright & A. Miller, Federal Practice and Procedure § 2261 at 731 (1970)).

The Government has more than enough information to admit to the authentication of these documents. It could not have made a reasonable inquiry and have come up empty-handed. Simply stating that it has insufficient information and conducted a reasonable inquiry is not good enough. Moreover, despite the Government's misguided claims to the contrary, the Court has the complete authority to find that the Government did have sufficient information and/or that it had not conducted a reasonable inquiry. Again in Asea, the Ninth Circuit rejected the railroad's claim that the district court abused its discretion in so finding. 669 F.2d at 1247. The Ninth Circuit stated that such discovery matters are in the broad discretion of the district court.[5] See id.

## III. Rule 36 expressly permits Plaintiff's Motion and allows the Court to order the Admissions admitted without first ordering a Motion to Compel.

The Government argues loudly that even if its Responses were insufficient, it should only be ordered by this Court to amend those responses. (Def.'s Resp. at 16-21.) In fact, it goes so far as to argue that a motion to deem its responses admitted is entirely improper. (Def.'s Resp. at 16-21.) This is entirely untrue. That blanket rule has not been established.

In fact, the Ninth Circuit in Asea rejected a similar argument. See 669 F.2d at 1247. Upon determining that the railroad's responses were insufficient because they were made in bad faith, the Ninth Circuit stated that a party faced with such responses may move to have those matters admitted. See id. More to the point, the Ninth Circuit expressly stated that, while a

[4] Rule 36 of the F.R.C.P. is identical to Rule 36 of R.C.F.C. See Committee Note to Rule 36 of the R.C.F.C.
[5] In fact, the Ninth Circuit vacated this issue to the district court only for it to enter a more precise findings of fact. See Asea, 669 F.2d at 1247. "What the reconsideration entails shall be determined by the district court." Id.

court usually orders first an amended answer, "this determination, like with most [matters] involved in the oversight of discovery, is left to the sound discretion of the district judge." Id. The Ninth Circuit continued to say that because a district court has such broad discretion, it is within that court's power to order a matter admitted when faced with responses made in bad faith – technically compliant under Rule 36 but misleading. See id.

The Ninth Circuit's reasoning in Asea echoes loudly in the instant Case. The Government conducted a purely semantic exercise in responding that it had insufficient information and that it had made a reasonable inquiry. The problem is that this was a purely hollow exercise because the Government does have sufficient information and could not have made a reasonable inquiry – as set forth in more detail in Plaintiff's Motion. As a result, the Government's Responses were made in bad faith, Plaintiff is entirely justified in filing its Motion, and this Court has the complete discretion to order Plaintiff's Admissions admitted.

## CONCLUSION

The Government exercised bad faith in issuing its Responses and, therefore, the Responses were insufficient. The documents are basic transactional documents and the Government possesses more than enough information in order to authenticate them. This Court should exercise its broad discretion, find the Responses insufficient, and deem admitted Plaintiff's Requests for Admissions Nos. 4, 20, 39, 42, 51, 52, 54, 55, 57, 58, 60, 61, 62, 65, 71, 79, 82, 88, 97, 100, 106, 116, 117, 125, and 127. This Court should further deny the Government's requests for costs and award Plaintiff any further relief to which it may be entitled.

Respectfully submitted on December 15, 2006,

By: s/ Joel N. Crouch
Joel N. Crouch
Texas State Bar No.05144220
M. Todd Welty
Texas State Bar No. 00788642
Tara C. Campbell
Texas State Bar No. 24043452

MEADOWS, OWENS, COLLIER, REED
COUSINS & BLAU, L.L.P.
901 Main Street, Suite 3700
Dallas, TX 75202
(214) 744-3700 Telephone
(214) 747-3732 Facsimile
jcrouch@meadowsowens.com
twelty@meadowsowens.com
tcampbell@meadowsowens.com

ATTORNEYS FOR PLAINTIFF
JZ BUCKINGHAM INVESTMENTS LLC

**CERTIFICATE OF SERVICE**

I hereby certify that on December 15, 2006, a copy of the foregoing Plaintiff's Reply to the Government's Opposition to Plaintiff's Motion Challenging the Sufficiency of Defendant's Responses to the First Set of Requests for Admissions and Incorporated Appendix was served upon counsel listed below via electronic means:

Dennis Donohoe
Trial Attorney, Tax Division
United States Department of Justice
P.O. Box 26
Ben Franklin Station
Washington DC 20044
(202) 616-3366

_s/ Joel N. Crouch
Joel N. Crouch