The United States objects to this matter on the grounds that it is not a proper subject for inquiry, is irrelevant to any issue in this litigation, is protected from disclosure by 26 U.S.C. § 6103(a) and also is protected from disclosure by one or more privileges, including the attorney client and the deliberative process privilege.

The legal opinions that are the subject matter of this request were not prepared, reviewed or signed by the United States. We have already provided you with any legal opinions involving COBRA transactions obtained by us through discovery. To the extent that there may be legal opinions involving non COBRA transactions in the possession, custody, or control of the United States or any of its various agencies, including the IRS, the names and firms that issued such non COBRA tax opinions cannot possibly lead to any relevant evidence. Moreover, to the extent that such information would be in the possession of the IRS, this information would be protected from disclosure by 26 U.S.C. § 6103(a). Finally, to the extent this subject matter seeks testimony as to the names and firms which issued legal opinions that the United States, and specifically the IRS, have determined not to have constituted a basis for a reasonable cause defense for accuracy related penalties under Section 6662, it is equally improper. This is because it would be seeking testimony that is irrelevant, protected from disclosure under 26 U.S.C. § 6103(a), and also subject to one or more privileges, including the attorney client and the deliberative process privilege.

**<u>Matter 1.e.</u>**

The determination to impose I.R.C. § 6662 penalties in this case.

The United States objects to this matter on the grounds that whether the IRS properly imposed penalties according to I.R.C. § 6662 requires a trial *de novo*. *See Estate of Kluener v. Commissioner*, 154 F.3d 630, 637 (6th Cir. 1998). A review of audit determinations has no relevance. In *Nordberg v. United States*, 1996 U.S. Dist. LEXIS 5259; 96-1 U.S. Tax Cas. (CCH) P50,295; 77 A.F.T.R.2d (RIA) 2158 (D.Mass. 1996) (copy attached), the court articulatec in some detail why inquiry into the reasoning of the IRS for its determinations is not at all relevant in any ensuing tax litigation:

> The discovery does not relate to the facts existing during 1987, upon which the IRS determinations were based. In light of the principle that a challenge to a tax determination results in a trial de novo rather than a review by this Court of an existing administrative record, the defendants' discovery requests fail to satisfy the mandate of *Fed.R.Civ.P. 26(b)* that information sought to be discovered be relevant or "reasonably calculated to lead to the discovery of admissible evidence." See, e.g., *Lewis v. Reynolds, 284 U.S. 281, 283, 76 L. Ed. 293, 52 S. Ct. 145 (1932); Ruth v. United States, 823 F.2d 1091, 1094 (7th Cir. 1987)* ("courts conduct a de novo review of the... assessment"); *Greenberg's Express, Inc. v. Commissioner, 62 T.C. 324, 328 (1974)* (a court's determination as to a taxpayer's liability "must be based on the merits of the case and not any previous record developed at the administrative level").
>
> The information sought by defendants which forms the basis for the motion to compel is, therefore, evidence which would not be relevant to determining their 1987 tax liability. Information about people who participated in the audit is not relevant, nor are notes made by IRS employees during the audit. Indeed, the audit of the Nordbergs' 1987 tax return took place well after the tax year at issue. In short, the information requested by defendants has no bearing on the sole issue in the case at bar because the Nordbergs' ultimate tax liability is not influenced by the IRS' conduct or findings during the audit. In rejecting a similar argument, one District Court denied a motion to compel upon observing that:
>
>> the opinions, impressions, conclusions and reasoning of IRS agents are irrelevant to the validity of the assessment against [the taxpayer] ....Resolution of the[] issues depends solely on application of the pertinent law to the facts of [the] case... The opinions of individual IRS agents regarding their propriety are immaterial.

*Garity v. United States, 81-2 U.S. Tax Cas. (CCH) P 9599, 1980 WL 1765* at *2 (E.D. Mich. May 20, 1980).

**Matter 1.f.**

Defendant's discovery responses in the above-styled litigation.

The United States objects to this matter because RCFC requires that the requestor "describe with reasonable particularity the matters on which examination is requested." Plaintiff has not given any indication what it wants to ask in respect to Defendant's discovery responses.

**CONCLUSIONS**

As the subpoena is completely improper, the United States objects to it in its totality and will not provide a witness or witnesses as all matters listed by Plaintiffs are improper as a subject of a RCFC 30(b)(6) deposition.

DENNIS M. DONOHUE
Attorney of Record

Chief Senior Litigation Counsel
U.S. Department of Justice - Tax Division
Post Office Box 403
Ben Franklin Station
Washington, D.C. 20044
(202) 307-6492

2452757.1

**CERTIFICATE OF SERVICE**

I hereby certify that on May 23, 2007, a copy of the foregoing OBJECTIONS OF THE UNITED STATES TO PLAINTIFF'S 30(b)(6) DEPOSITION NOTICE was mailed by First Class U.S. mail postage paid, and properly addressed to the following:

F. Anthony Paganelli, Esq.
SOMMER BARNARD, P.C.
One Indiana Square, Suite 3500
Indianapolis, IN 46204

Joseph Pitzinger, Esq.
United States Department of Justice
717 N. Hardwood St., Suite 400
Dallas, TX 75201

Jonathan Blacker, Esq.
United States Department of Justice
717 N. Hardwood St., Suite 400
Dallas, TX 75201

Joel N. Crouch, Esq.
Meadows, Collier, Reed
Cousins & Blau, L.L.P.
901 Main Street, Suite 3700
Dallas, Texas 75202

DAVID M. STEINER
Trial Attorney, Tax Division
U.S. Department of Justice
Post Office Box 55
Ben Franklin Station
Washington, D.C. 20044
Telephone: (202) 307-5892

ABA Civil & Criminal Tax Penalties Committee

2007 Mid-Year Meeting

# Penalty Computation Disputes

## The Devil's In The Details

January 20, 2007

# Introduction

January 20, 2007

## Introduction

- The Tax Shelter Problem and Other Line Drawing in a Vast and Complex Code
- Sunlight is said to be the best of disinfectants; electric light the most effective policeman
  - Appropriate in case of taxpayer strategies
  - Worthwhile to shine light on government as well
- 2006 developments and Computational Case Study

January 20, 2007

# Selected 2006 developments

January 20, 2007

## Selected 2006 developments

- Courts admonishing government for instances of overreach

January 20, 2007

## Selected 2006 Developments

- Caracci v. Comm'r, 456 F.3d 444 (5th Cir. 2006) citing Dunn v. Comm'r, 301 F.3d 339 (5th Cir. 2002).
  - Commissioner's position so "incongruous as to call his motivation into question, . . . '[i]t can only be seen as one aimed at achieving maximum revenue at any cost, . . . seeking to gain leverage against the taxpayer in the hope of garnering a split-the-difference settlement--or, failing that, then a compromise judgment--somewhere between the value returned by the taxpayer. . . and the unsupportedly excessive value eventually proposed by the Commissioner.'"
  - "Reversed and Rendered."

## Selected 2006 Developments

- McCord v. Comm'r, 461 F.3d 614 (5th Cir. 2006)
  - Service's assertion of value in excess of that supported by its expert "exemplifies a practice of the IRS that we see with disturbingly increased frequency, e.g., a grossly exaggerated amount asserted in a notice of deficiency."
  - "Undaunted by the facts, well-established legal precedent, and respondent's failure to present sufficient evidence to establish his determinations, the [Tax Court] majority allow their olfaction to displace sound legal reasoning and adherence to the rule of law."

## Selected 2006 Developments

- Kohler Company v. United States, 468 F.3d 1032 (7th Cir. 2006)
  - Reversed District Court ruling favorable to government despite untenable taxpayer position.
  - Government failed to present a number that was "prima facie plausible."
  - "Government played all or nothing, lost all, so gets nothing."

January 20, 2007

## Selected 2006 Developments

- United States v. Stein, 435 F. Supp. 2d 330 (S.D.N.Y.):
  - Court finds that "KPMG's decision to cut off all payments of legal fees and expenses . . . was the direct consequence of the pressure applied" by the government's prosecutorial policy violating Fifth and Sixth Amendments.
  - This ruling has been appealed.

January 20, 2007

## Selected 2006 developments

- These cases may not be representative.
  - Government's limited resources
  - Frustration with level of compliance
- They do demonstrate potential for government fallibility, an important fact to keep in mind.

January 20, 2007

# Computational Case Study

January 20, 2007

## Computations

- Example
  - TP enters into simultaneous trades with counterparty
    - – Selling foreign currency call option for $14.85 million
    - – Buying foreign currency call option for $15 million
    - – Net cash outlay of $150k plus fees
  - TP transfers both positions to partnership
  - Claims basis equal to purchased option, without reduction for exposure on sold call. See Helmer v. Comm'r, 34 T.C.M. 727 (1975).
  - Basis in partnership interest exceeds value by $14.85 million.

January 20, 2007

## Computations

- Government's litigating position as expressed in Notice 2000-44
  - Because the loss does not reflect "net economic outlay" and reflects "artificially overstating basis," it is not allowable.
- Government's position in Jade Trading, LLC v. United States (Fed. Cl. No. 03-2164T is that as a matter of fact:
  - The pair of options cannot be separated and should be treated as the acquisition of a "single spread option" for $150k; they are a "single investment with a cost of" $150k
  - Expert: two options "constituted a single transaction"
  - Expert: spread option was a "single security, not two identical securities"

January 20, 2007

## Computations

### Service's proposed penalty computation . . .

- Tax shelter ratio under Section 6111(pre-2004 changes)
  - Tax shelter is any investment reasonably leading to the inference that the "tax shelter ratio" may be greater than 2-to-1
  - Tax shelter ratio:

$$\frac{\text{aggregate amount of deductions potentially allowable}}{\text{"investment base"}}$$

  - Implicit Service position: tax shelter ratio is $14.85 million divided by an investment base of $150K. This is consistent with government position in Jade Trading.

January 20, 2007

## Computations

Service's proposed penalty computation . . .

- Penalty for failure to register under section 6707
- 1% of "aggregate amount invested" in tax shelter
- Aggregate amount invested based Service factual position in 2000-44 and Jade Trading:

  $150k

- Aggregated amount invested in Service's proposed penalty computation:

  $14.85 million

January 20, 2007

## Computations

Service's proposed penalty computation . . .

- Government's intention to assess, collect and enforce penalty prior to administrative or judicial review.
- At least one bankruptcy so far
- Application to firms, not just individuals
- Potential for field nullification
- Cost to system?

January 20, 2007

## Final Note

- 2004 Amendments
  - No tax shelter ratio
  - Penalty based upon fees rather than investment
  - Reasonable cause exception eliminated
- Secretary's power to rescind penalty
  - Not in case of listed transactions
  - *Not subject to judicial review*

January 20, 2007