# APPENDIX VOL. 2

# AFFIDAVIT OF M. TODD WELTY

STATE OF TEXAS §
§
COUNTY OF DALLAS §

On or about April 3, 2007, I telephoned legal counsel for Jenkens & Gilchrist, P.C. ("Jenkens"), Robert B. Fiske, Jr. at Davis Polk & Wardwell, LLP, in New York, NY. I introduced myself and advised Mr. Fiske that I represented several taxpayers that received Jenkens tax opinions related to their investment in transactions that Ernst & Young, LLP, referred to as Currency Options Bring Reward Alternatives ("COBRA").

I also advised Mr. Fiske that I was calling because it appeared that the Internal Revenue Service ("IRS") was taking inconsistent positions as to whether the long and short options involved in COBRA transactions should be treated as a single net option or treated as separate options depending on whether the IRS was seeking to assess taxes against taxpayers or seeking to impose 26 U.S.C. § 6707 penalties against advisers.

Mr. Fiske said that he understood that the IRS was arguing that the long and short options were a single net option against taxpayers. Mr. Fiske further confirmed that the IRS was not netting the long and short options when calculating

the 26 U.S.C. § 6707 1% penalty against advisors for failing to register the COBRA transactions as a tax shelter under 26 U.S.C. § 6111.

When I asked Mr. Fiske whether he would accept service of a Rule 30(b)(6) subpoena on behalf of Jenkens, Mr. Fiske advised me that he was not authorized to do so, but that he would let me know whom I should serve. In a separate call at a later date, either Mr. Fiske, Jenkens' new counsel at Baker Botts, or Mr. John Gilliam himself advised me that the Rule 30(b)(6) subpoena should be served on Mr. John Gilliam.

Further, Affiant sayeth not.

M. Todd Welty

Subscribed and sworn to before me this ____ day of July, 2007.

Notary Public

My Commission Expires: