2002- 684

postmark date 4-19-02
RECEIVED
5-1-02
0734

James G. & Hazel T. Boyd
3520 Bohicket Road
Johns Island, SC 29455-7223

April 17, 2002

Internal Revenue Service
Small Business/Self-Employed Division
4995 Lacross Road, Suite 1400-A
N. Charleston, SC 29406

ATTN: Ms. Neva A. Gadsden
Internal Revenue Agent

**re James G. & Hazel T. Boyd**
**3520 Bohicket Road**
**Johns Island, SC 29455-7223**
**SSAN 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**
**Form 1040 - December 31, 1999**

**JBJZ Partners**
**16 Buckingham Dr.**
**Charleston, SC 29407**
**FEIN 57-1088089**
**Form 1065 – December 27, 1999**

**JBJZ Investors, Inc.**
**16 Buckingham Dr.**
**Charleston, SC 29407**
**FEIN 57-1088087**
**Form 1120-S – December 31, 1999**

Dear Ms. Gadsden:

In accordance with Announcement 2002-2, we are electing to disclose a transaction that was reported on the December 27, 1999 Form 1065 of JBJZ Partners (the "Partnership"), the December 31, 1999 Form 1120-S of JBJZ Investors, Inc. (the "S Corporation"), as well as on our jointly filed 1999 Form 1040. We understand that as a result of our disclosure pursuant to Announcement 2002-2, the IRS will waive any accuracy-related penalties under Section 6662 that might otherwise have applied.

Description of material facts of the item

GOVERNMENT EXHIBIT 169

GOVERNMENT EXHIBIT JB 169 06-07-07

2661

On November 23, 1999, through a Delaware limited liability company wholly owned by me (James G. Boyd), JGB Bohicket Investments LLC, I entered into certain over-the-counter non-publicly traded European style option positions on the Euro (the "options") with Deutsche Bank AG New York Branch, an unrelated substantive counterparty that regularly conducts such transactions in the ordinary course of its daily business. Specifically, I bought a digital option on the Euro/U.S. Dollar exchange rate at a strike price of U.S. $1.0123 per 1.0 Euro with an expiration date of December 22, 1999, a settlement date of December 27, 1999; and a payoff amount of $10,000,000 (the "Purchased Option"). Additionally, I sold a digital option on the Euro/U.S. Dollar exchange rate at a strike price of U.S. $1.0121 per 1.0 Euro and received a premium of $4,750,000, with an expiration date of December 22, 1999, a settlement date of December 27, 1999, and a payoff amount of $9,375,000 (the "Sold Option").

The Purchased Option and the Sold Option were acquired under separate contracts with a spread between the strike price of the Purchased Option and the Sold Option. Each Purchased Option and Sold Option expired on the expiration date independently of any other contract. The Purchased and Sold Options were out-of-the-money when acquired by me.

On or about November 24, 1999, I contributed the Purchased and Sold Options, together with cash, to JBJZ Partners, a South Carolina general partnership (the "Partnership"), as a contribution to its capital. The Purchased and Sold Options were each out-of-the-money when acquired by the Partnership. On December 22, 1999, the Partnership's Option positions terminated in accordance with their terms. Subsequent thereto, the Partnership purchased other financial assets. In addition, on December 22, 1999, I contributed 500 shares of Cisco Systems, Inc. stock, held less than one year, to the partnership as a contribution to capital.

On December 27, 1999, I contributed my interest in the Partnership to JBJZ Investors, Inc., a Delaware S corporation in which I am a 10% shareholder, as a contribution to its capital. Simultaneously, the other partner of JBJZ Partnership contributed such partner's interest in the Partnership to JBJZ Investors, Inc. Such contributors in the aggregate owned 100% of the issued and outstanding shares of JBJZ Investors, Inc.

On December 27, 1999, the Partnership was dissolved and liquidated, with all of its assets distributed to JBJZ Investors, Inc. Subsequently, JBJZ Investors, Inc. sold all of the assets which it received upon the liquidation of the Partnership to unrelated third party purchasers.

<u>Statement describing tax treatment and taxable years affected</u>

The Options were separate instruments for Federal income tax purposes. My basis in the Purchased Option was equal to the premium paid for the Purchased Option under IRC Section 1012. Upon contribution of the Purchased and Sold Options to the Partnership, my basis in my interest in the Partnership was equal to my basis in the Purchased Option. My contribution of my interest in the Partnership to the Corporation qualified as an

exchange described in IRC Sec. 351(a) on which I recognized no gain or loss. My basis in my JBJZ Investors, Inc. stock was equal to the amount of my basis in the Partnership. JBJZ Investors, Inc.'s basis in my interest in the Partnership equaled my tax basis therein. The assets distributed to JBJZ Investors, Inc. in liquidation of its interest in the JBJZ Partnership was a distribution of property and the Corporation did not recognize gain or loss under IRC Sec. 731 upon receipt of its share of the Partnership's assets. Accordingly, JBJZ Investors, Inc.'s basis in the assets received was equal to JBJZ Investors, Inc.'s adjusted basis in its interest in the JBJZ Partnership. JBJZ Investors, Inc. subsequently sold the assets for fair market value in a transaction with a third party. The sale of such assets resulted in a loss in the amount of ($49,644,114) reflected on Line 22 of JBJZ Investors, Inc.'s Form 1120-S, Schedule K-1, my share of which was reported through the K-1 to our 1999 Form 1040. The loss was claimed on our return to the extent of my basis in the Corporation.

The tax year affected by this transaction is calendar year 1999, and we wish to reiterate that the transaction was properly reported on the partnership's return, the S Corporation's return and our individual Form 1040.

**Parties who promoted, solicited, or recommended our participation and parties who advised the promoter with respect to the transaction:**

Ernst & Young LLP
Attention: Robert B. Coplan
1225 Connecticut Avenue, NW
Washington, DC 20036

Jenkins & Gilchrist, LLP
Attention: Paul Daugerdas, Esq.
225 W Washington Street
Suite 2600
Chicago, IL 60606-3418

Sidley Austin Brown & Wood
Attention: R. J.Ruble, Esq.
875 Third Avenue
New York, NY 10022

We agree to provide, if requested, copies of all of the following:

A. All transactional documents, including agreements, contracts, instruments, schedules, and any information received from the promoters, solicitors or recommending parties and all material received from those other parties' advisor(s);

B. All internal documents or memoranda used by us in our decision-making process; and

C. All opinions and memoranda that provide a legal analysis of the transactions, whether prepared personally or by a tax professional on our behalf.

Under penalties of perjury, we agree that we have examined this disclosure and to the best of our knowledge and belief, the information provided as part of the disclosure contains all relevant facts and is true, correct and complete.

Please send confirmation of receipt and acceptance to the terms agreed upon in Announcement 2002-2 to James G. Boyd, 3520 Bohicket Road, Johns Island, SC 29455-7223.

Sincerely,

James G. Boyd — Date: 8/16/02

Hazel T. Boyd — Date: 8/18/02

cc: Internal Revenue Service
Office of Tax Shelter Analysis
LM:PFTG:OTSA