**Internal Revenue Service**
**JFK P.O. Box 9112, Stop 41100, Boston, MA 02203**

**Department of the Treasury**

Refer To:
SE:S:E:TS:NAA:1:JH
Taxpayer Identifying Number:
57-1088055
Name of Partnership:
JBJZ Partners
Partnership Identifying Number:
57-1088089
Tax Year Ended:
December 27, 2000
Date FPAA Mailed to Tax Matters Partner:
December 9, 2004
Person to Contact:
Mr. J. Heinlin
Employee Identification Number: 04-03576
Contact Hours:
8:00 AM - 4:30 PM (Monday - Friday)
Contact Telephone Number:
(617) 316-2421

Date: December 9, 2004

JGB Bohicket Investmetns LLC
3520 Bohicket Road
Johns Island, SC 29445

Inv /

**NOTICE OF FINAL PAR[illegible] [illegible]STRATIVE ADJUSTMENT**

The law requires us to send a Notice of Final Partnership Administrative Adjustment (FPAA) to the partnership named above, for the tax year shown above, and to each partner who is entitled to receive this notice.

We are proposing adjustments to the partnership items of the partnership and tax year shown above. We will send the examination report outlining these adjustments to the Tax Matters Partner (TMP) of the partnership. (The TMP is the partner designated by the partnership to deal with the IRS.) He/she is also authorized to act for the partners who are not entitled to receive this notice. Any partner who wants a copy of the examination report should request it from the TMP. If the TMP is unable to provide you with a copy of the examination report, please contact the person named in the heading of this letter.

Taxable Years Ending Before August 6, 1997:

The adjustments to the partnership items reported on the partnership tax return may cause an increase or decrease to the tax liability on your individual return. Form 870-P, *Agreement to Assessment and Collection of Deficiency in Tax for Partnership Adjustments*, is a summary of the proposed adjustments to the partnership return. You can compute your share of the proposed adjustments by multiplying each adjusted partnership item by your percentage interest for that partnership item.

Taxable Years Ending After August 5, 1997:

The adjustments to the partnership items reported on the partnership tax return may cause an increase or decrease in the tax liability on your individual return. The adjustments may include partnership level determinations regarding penalties and additions to tax that relate to adjustments to partnership items. Form 870-PT, *Agreement for Partnership Items and Partnership Level Determinations as to Penalties, Additions to Tax, and Additional Amounts*, is a summary of the proposed adjustments to the partnership return. You can compute your share of the proposed adjustments by multiplying each adjusted partnership item by your percentage interest for that partnership item.



EXHIBIT
tabbies
13

BOFOIA1010

You have three options available to you:

**1. If you agree with the adjustments:**

Sign and return the enclosed Form 870-P/Form 870-PT. When you sign Form 870-P/Form 870-PT, you are agreeing to pay any additional tax and interest resulting from the adjustments to the partnership return. For tax years ending after August 5, 1997, you are also agreeing to any partnership level determination as to penalties, additions to tax and additional amounts that relate to adjustments to partnership items, if any. In addition, you are waiving your rights to participate in any administrative or judicial proceeding affecting partnership items and in partnership level determinations as to penalties, additions to tax and additional amounts that relate to adjustments to partnership items for the tax year in question. This is a binding settlement only if you sign and return Form 870-P/Form 870-PT and we sign on behalf of the Commissioner of Internal Revenue Service. When we sign the agreement form, the one-year extension of the period of limitations on assessments will begin under Internal Revenue Code section 6229(f). Once the agreement is signed by both parties, you may not file a claim to change the items in question or claim a refund/credit based on a readjustment.

Note: If you are the TMP of the partnership, see the section of this letter entitled, *"For the Tax Matters Partner of the Partnership"*.

**2. If you do not agree with the adjustments:**

If you are the TMP of the partnership and want to contest the adjustments in court, you must file a petition within 90 days from the date of this letter. During this 90-day period, no other partner may file a petition for judicial review. You can file your petition for readjustment of partnership items with:

1. the United States Tax Court;
2. the United States Court of Federal Claims; or
3. the District Court of the United States, in the district of the partnership's principal place of business.

A petition filed by the TMP precludes all other actions. If the TMP doesn't file a petition by the 90th day from the date the FPAA was mailed, any partner or any 5 percent group entitled to receive this notice may petition one of these courts. A "5 percent group" includes any group of partners who together have an interest of five percent or more in profits of the partnership. The petition must be filed after the 90th day, but on or before the 150th day from the date the FPAA was mailed to the TMP. If more than one petition is filed in Tax Court, the first petition filed will go forward. All other petitions (even those filed earlier in one of the other courts) will be dismissed. If no one files a petition in Tax Court, the first petition filed in one of the other courts will go forward and subsequent petitions will be dismissed.

Petitions filed with the United States Tax Court must be mailed to:

**United States Tax Court**
**400 Second Street, NW**
**Washington, DC 20217**

Attach a copy of this letter to the petition. The time in which you must file a petition with the court is fixed by law and the court cannot consider your case if your petition is filed late. If this letter is addressed to both a husband and wife and both want to petition the Tax Court, both must sign the petition or each must file a separate signed petition.

When a partner (including each member of a 5 percent group that files a petition) files a petition in either the appropriate District Court or the Court of Federal Claims, the partner filing the petition must deposit the amount that the partner's tax liability would be increased if the treatment of the partnership items on the partner's return were made consistent with the treatment of partnership items under the FPAA. If you reported the partnership items the way the partnership reported them on its return, you can generally determine the amount to deposit by taking your pro rata share of the partnership adjustments into account in recomputing your tax. You must deposit the appropriate amount with the IRS on or before the day you file your petition.

**3. If you do nothing:**

If a petition for readjustment is not filed in any of the courts listed in this letter, the FPAA becomes final, and we will bill you for any additional tax plus interest that you may owe under the FPAA. You will not be permitted to contest the treatment of the partnership items of the partnership under the FPAA in any refund claim or suit. The law allows the Service to bill you after 150 days from the mailing date of the FPAA to the TMP.

However, if a petition is filed in the Tax Court, and the Tax Court upholds the adjustments in whole or in part, we will not bill you until the Tax Court decision is final.

You may wish to contact the TMP of the partnership or your tax advisor to discuss this matter.

If you have any questions, please write to the person whose name and address are shown in the heading of this letter. If you write, attach a copy of this letter to help identify your account. Also, include your telephone number and the most convenient time for us to call you in case we need additional information.

If you prefer, you may call the IRS contact person at the telephone number shown in the heading of this letter. If this number is outside your local calling area, there will be a long distance charge to you.

Thank you for your cooperation.

Sincerely,

Technical Services Territory Manager -
North Atlantic

Enclosures:
Form 870-P/Form 870-PT
Copy of this letter

**FOR THE TAX MATTERS PARTNER OF THE PARTNERSHIP**

If you are the Tax Matters Partner (TMP), you are entitled to make an agreement to bind non-notice partners to the treatment of the partnership items as shown on the enclosed schedule of adjustments. You must add the following statement above the signature blocks on the Form 870-P or Form 870-PT:

"The undersigned Tax Matters Partner is signing this offer on behalf of himself (herself) and all other partners whom he (she) has the authority to bind; a final agreement resulting from the co-signature of the Commissioner of Internal Revenue will be binding on all such other partners."

As the TMP, you may submit a petition, as described above for the partnership on behalf of all partners.

If you have any questions, you can call the IRS contact person at the telephone number shown in the heading of this letter. Thank you for your cooperation.

| Form 870-PT (08/2001) | DEPARTMENT OF THE TREASURY - INTERNAL REVENUE SERVICE<br>**Agreement for Partnership Items and Partnership Level Determinations as to Penalties, Additions to Tax, and Additional Amounts** | IN REPLY REFER TO:<br>SE:S:E:TS:<br>NAA:1:JH |
|---|---|---|

| Taxpayer(s) name(s), address and ZIP code: | Name of Partnership: | Tax Year(s) Ended: |
|---|---|---|
| JGB Bohicket Investments LLC<br>3520 Bohicket Road<br>Johns Island, SC 29445 | JBJZ Partners<br>Taxpayer Identifying Number:<br>57-1088089 | December 27, 1999 |
| Taxpayer Identifying Number: 57-1088055 | Name of Tax Matters Partner:<br>JZ Buckingham Investments LLC | |

**Offer of Agreement to Partnership Items and Partnership Level Determinations as to Penalties, Additions to Tax, and Additional Amounts**

**&**

**Waiver of Restrictions on Assessment for Partnership Items, Penalties, Additions to Tax, and Additional Amounts**

Under sections 6224(c) and 7121 of the Internal Revenue Code of 1986, the Commissioner of the Internal Revenue Service and the undersigned taxpayer(s) agree to the determination of partnership items and partnership level determinations as to penalties, additions to tax and additional amounts that relate to adjustments to partnership items as shown on the attached schedule of adjustments.

The undersigned taxpayer(s), in accordance with section 6224(b) and 6213(d), also waives the restrictions provided by sections 6225(a) and 6213(a) and consents to the assessment and collection of any deficiency attributable to adjustments to partnership items, penalties, additions to tax and additional amounts that relate to adjustments to partnership items, as set forth in the attached schedule of adjustments; plus any interest provided by law.

This agreement is conditional and will not become effective or final until this agreement form is returned to the Commissioner and is signed on his or her behalf. The one-year extension of the period of limitations on assessment under section 6229(f) will not begin to run until the date the Commissioner's representative signs this form on the Commissioner's behalf.

If this part of this agreement form is signed for the Commissioner, the treatment of partnership items and partnership level determinations as to penalties, additions to tax and additional amounts that relate to adjustments to partnership items under this agreement will not be reopened in absence of fraud, malfeasance, or misrepresentation of fact. In addition, no claim for an adjustment of partnership items, refund or credit based on any change in the treatment of partnership items or partnership level determinations as to penalties, additions to tax and additional amounts may be filed or prosecuted.

| Signature of taxpayer | Date Signed |
|---|---|
| Signature of taxpayer | Date Signed |
| By (Signature and title) | Date Signed |

| FOR INTERNAL REVENUE USE ONLY | Date accepted for Commissioner | Signature |
|---|---|---|
| | Office | Title |

(See Instructions For Signing Agreement) Form 870-PT (08/2001)

DEPARTMENT OF THE TREASURY - INTERNAL REVENUE SERVICE

# Agreement for Partnership Items and Partnership Level Determinations as to Penalties, Additions to Tax, and Additional Amounts

## SCHEDULE OF ADJUSTMENTS

| NAME OF PARTNERSHIP: JBJZ Partners<br>TAXPAYER IDENTIFYING NUMBER: 57-1088089 | TAX YEAR(S) ENDED<br>12/27/1999 | | |
|---|---|---|---|
| DETAIL OF ADJUSTMENTS TO ORDINARY INCOME<br>Ordinary Income – Digital Options Currency Contracts | $(625,000.00) | | |
| TOTAL ADJUSTMENTS TO ORDINARY INCOME | $(625,000.00) | | |
| OTHER ADJUSTMENTS | | | |
| A. CAPITAL CONTRIBUTIONS (SCH. M-2 LINE 2) | | | |
| (1) ADJUSTMENT | $(51,529,750.00) | | |
| (2) AS REPORTED | $51,529,750.00 | | |
| (3) CORRECTED | $0.00 | | |
| B. Net Sjprt-Term Capital Gain (Schedule D Form 1065) (K-1 Line 4d) | | | |
| (1) ADJUSTMENT | $(2,305.00) | | |
| (2) AS REPORTED | $2,305.00 | | |
| (3) CORRECTED | $0.00 | | |

REMARKS

* Reference Exhibit A attached.

Accuracy Penalties under IRC Section 6662 are included as a partnership level determination. See Exhibit A, paragraph 9 for a description of the penalties.

## INSTRUCTIONS FOR SIGNING THIS AGREEMENT

1. If a JOINT RETURN OF A HUSBAND AND WIFE was filed, and both spouses intend to agree, both spouses must sign Form 870-PT. One spouse may sign as agent for the other, if acting under a power of attorney.

2. If the taxpayer is a corporation, the agreement must be signed with the corporate name followed by the signature and title of the officer authorized to sign Form 870-PT.

3. Your attorney or agent may sign for you if this action is specifically authorized by a power of attorney, which if not previously filed, must accompany this form.

4. If this offer is signed by a Tax Matters Partner, please include the title with the signature.

DEPARTMENT OF THE TREASURY – INTERNAL REVENUE SERVICE

Agreement for Partnership Items and Partnership Level Determinations as to Penalties, Additions to Tax and Additional Amounts

SCHEDULE OF ADJUSTMENTS

| NAME OF PARTNERSHIP: JBJZ Partners | TAX YEAR(S) ENDED | | |
|---|---|---|---|
| TAXPAYER IDENTIFYING NUMBER: 57-1088089 | 12/27/1999 | | |
| C. OUTSIDE PARTNERSHIP BASIS | * | | |
| (1) ADJUSTMENT | * | | |
| (2) AS REPORTED | * | | |
| (3) AS CORRECTED | * | | |
| D. Tax Exempt Interest Income (K-1 LINE 22) | | | |
| (1) ADJUSTMENT | $(670.00) | | |
| (2) AS REPORTED | $670.00 | | |
| (3) AS CORRECTED | $0.00 | | |
| E. | | | |
| (1) ADJUSTMENT | | | |
| (2) AS REPORTED | | | |
| (3) AS CORRECTED | | | |
| F. | | | |
| (1) ADJUSTMENT | | | |
| (2) AS REPORTED | | | |
| (3) AS CORRECTED | | | |

* Reference Exhibit A attached.

Accuracy Penalties under IRC Section 6662 are included as a partnership level determination. See Exhibit A paragraph 9 for a description of the penalties.

**JBJZ Partners FPAA**
EXHIBIT A

1. It is determined that neither JBJZ Partners partnership nor its purported partners have established the existence of JBJZ Partners as a partnership as a matter of fact.
2. Even if JBJZ Partners partnership existed as a partnership, the purported partnership was formed and availed of solely for purposes of tax avoidance by artificially overstating basis in the partnership interests of its purported partners. The formation of JBJZ Partners partnership, the acquisition of any interest in the purported partnership by the purported partner, the purchase of offsetting options, the transfer of offsetting options to a partnership in return for a partnership interest, the purchase of assets by the partnership, and the distribution of those assets to JBJZ Investors, Inc., a corporation controlled by the purported partners in complete liquidation of the partnership interests, and the subsequent sale of those assets to generate at a loss, all within a period of less than 2 Months, had no business purpose other than tax avoidance, lacked economic substance, and, in fact and substance, constitutes an economic sham for federal income tax purposes. Accordingly, the partnership and the transactions described above shall be disregarded in full and: (1) any purported losses resulting from these transactions are not allowable as deductions; (2) increases in basis of assets are not allowed to eliminate gain for federal income tax purposes.
3. It is determined that JBJZ Partners partnership was a sham, lacked economic substance and, under § 1.701-2 of the Income Tax Regulations, was formed and availed of in connection with a transaction or transactions in taxable year 1999, a principal purpose of which was to reduce substantially the present value of its partners' aggregate federal tax liability in a manner that is inconsistent with the intent of Subchapter K of the Internal Revenue Code. It is consequently determined that:
   a. the JBJZ Partners partnership is disregarded and that all transactions engaged in by the purported partnership are treated as engaged in directly by its purported partners. This includes the determination that the assets purportedly acquired by JBJZ Partners partnership, including but not limited to foreign currency options, were acquired directly by the purported partners.
   b. the foreign currency option(s), purportedly contributed to or assumed by JBJZ Partners partnership, are treated as never having been contributed to or assumed by said partnership and any gains or losses purportedly realized by JBJZ Partners partnership on the option(s) are treated as having been realized by its partners.
   c. the purported partners of JBJZ Partners partnership should be treated as not being partners in JBJZ Partners partnership.
   d. contributions to JBJZ Partners partnership will be adjusted to reflect clearly the partnership's or purported partners' income.
4. It is determined that the obligations under the short positions (written call options) transferred to JBJZ Partners partnership constitute liabilities for purposes of Treasury Regulation §1.752-6T, the assumption of which by JBJZ Partners partnership shall reduce the purported partners' bases in JBJZ

Partners partnership in the amounts of $42,750,000.00 and $4,750,000.00, respectively, but not below the fair market value of the purported partnership interest.

5. It is determined that neither JBJZ Partners partnership nor its purported partners entered into the option(s) positions or purchase the foreign currency or stock with a profit motive for purposes of § 165(c)(2).
6. It is determined that, even if the foreign currency option(s) are treated as having been contributed to JBJZ Partners partnership, the amount treated as contributed by the partners under section 722 of the Internal Revenue Code is reduced by the amounts received by the contributing partners from the contemporaneous sales of the call option(s) to the same counter-party. Thus, the basis of the contributed option(s) is reduced, both in the hands of the contributing partners and JBJZ Partners partnership. Consequently, any corresponding claimed increases in the outside basis in JBJZ Partners partnership resulting from the contributions of the foreign currency option(s) are disallowed.
7. It is determined that the adjusted bases of the long call positions (purchased call options), zero coupon notes, and other contributions purportedly contributed by the partners to JBJZ Partners partnership has not been established under I.R.C. § 723. It is consequently determined that the partners of JBJZ Partners partnership have not established adjusted bases in their respective partnership interests in an amount greater than zero (-0-).
8. It is further determined that, in the case of a sale, exchange, or liquidation of JBJZ Partners, the partners' partnership interests, neither the purported partnership nor its purported partners have established that the bases of the partners' partnership interests were greater than zero for purposes of determining gain or loss to such partners from the sale, exchange, or liquidation of such partnership interest.

9. Accuracy-Related Penalties:

No penalties are asserted as JBJZ Partners partnership and partners along with JBJZ Investors, Inc. (corporation controlled by partners) filed a disclosure with the IRS pursuant to Announcement 2002-2 and provided all information requested by the service.

It should not be inferred by the determination of the Accuracy Related Penalty in this notice that fraud penalties will not be sought on any portion of an underpayment subsequently determined to be attributable to fraud or that prosecution for criminal offenses will not be sought under IRC § 7201, 7206 or other provisions of federal law if determined to be appropriate.

Information Regarding Additions to Tax (Penalties) and Affected Items

The Internal Revenue Code provides, in appropriate cases, for the application of accuracy related penalties under Internal Revenue Code Section 6662,

which include, in part, penalties for negligence or disregard of rules or regulations, substantial understatement of income tax, and substantial valuation misstatements.

For partnership taxable years ending *after* August 5, 1997, penalties are determined at the partnership level and may be agreed to as part of the partnership proceeding. A court will have jurisdiction over partnership level penalties raised in a Final Partnership Administrative Adjustment petition for a partnership taxable year ending *after* August 5, 1997. Any partner level defense to partnership level penalty determinations, however, may only be raised through refund claims following the assessment and collection of such penalties.

For all partnership taxable years, other items affected by partnership adjustments, "affected items," may also be separately determined and assessed after the outcome of the partnership proceeding. Upon the completion of the partnership proceeding or the execution of a Form 870-PT, you may be sent an examination report and/or a statutory notice of deficiency asserting affected items.

Please note: This is an information item only, and is not part of the notice of Final Partnership Administrative Adjustment.

The following items are affected items or other partner level determinations that may arise as a result of the final determinations made in the partnership proceeding regarding the proposed adjustments to the partnership items as outlined in the primary position or alternative positions. This list may not include all of the other items that require partner level determinations.

1. Capital Loss Carryovers are affected items. To the extent the determination made in the partnership proceeding reduces the capital losses of a partner, such that the capital loss carryover is reduced or eliminated, a consequential adjustment will be made.