**JBJZ Partners**
Form: 1065
Tax Period(s): 199912

Examiner: AEM
Date: 2/6/03, 10/14/04

# Penalties Lead Sheet

| IRC | Penalty | IRM Reference | For each applicable penalty enter either: Reason for Assertion or Non-Assertion or Workpaper Reference |
|---|---|---|---|
| 6651(a)(1)<br>6651(a)(2) | Failure to File<br>Failure to Pay | 120.1.2.3<br>120.1.2.4 | Non-Taxable Form 1065 Tax return was timely file. No penalties applicable. |
| 6654<br>6655 | Estimated Tax | 120.1.3.1.1<br>120.1.3.5 | Non-Taxable Form 1065 Tax return was timely file. No penalties applicable. |
| 6662(c) | Negligence (General) | 120.1.5.7.1 | No penalties applicable as Tp's partners made disclosure under the provisions of Announcement 2002-2. |
| 6662(d) | Substantial Understatement | 120.1.5.8 | No penalties applicable as Tp's partners made disclosure under the provisions of Announcement 2002-2. |
| 6662(b) | Other Accuracy Related | 120.1.5.1 | No penalties applicable as Tp's partners made disclosure under the provisions of Announcement 2002-2. |
| 6663 | Fraud | 120.1.5.12 | No penalties applicable as Tp's partners made disclosure under the provisions of Announcement 2002-2. |
| | Other: | | |
| | Alternative Penalty Position | 120.1.5.12.2 and 4.2.6.7 | No penalties applicable as Tp's partners made disclosure under the provisions of Announcement 2002-2. |
| | Abatement of Assessed Penalties | 120.1.1.3 | No penalties have been previously assessed. |
| 6694(a) or 6694(b) | Preparer Penalties considered in accordance with IRM Handbook | 120.1.6.3.1<br>120.1.6.3.2 | No penalties applicable as Tp's partners made disclosure under the provisions of Announcement 2002-2. |

Rev 5/2002

Workpaper #: F-1

EXHIBIT 14

0266

DEPARTMENT OF THE TREASURY
INTERNAL REVENUE SERVICE
WASHINGTON, D.C. 20224

COMMISSIONER LARGE AND MID-SIZE BUSINESS DIVISION

July 10, 2003

MEMORANDUM FOR LARGE AND MID-SIZE BUSINESS DIVISION
EXECUTIVES, MANAGERS AND AGENTS

FROM: Deborah M. Nolan, Commissioner, Large and Mid-Size Business Division

SUBJECT: Penalty Policy in Disclosure Initiative Cases

It has come to my attention that there may be some confusion regarding the application of penalties in cases where taxpayers disclosed their participation in abusive tax avoidance transactions under the Announcement 2002-2 Disclosure Initiative. As a result, I am taking this opportunity to reiterate our penalty policy in these cases.

Under the Disclosure Initiative, the IRS is committed to waiving the accuracy related penalty under § 6662(b) for that section of an underpayment attributable to the disclosed item and due to one or more of the following: (i) negligence or disregard of rules or regulations; (ii) any substantial understatement of income tax; (iii) any substantial or gross valuation misstatement, except for any underpayment attributable to a net § 482 transfer price adjustment; and (iv) any substantial overstatement of pension liabilities.

Disclosure under Announcement 2002-2 does not affect whether the IRS will impose, as appropriate, any other civil penalty that may be applicable under the Code or will investigate any associated criminal conduct or recommend prosecution for violation of any criminal statute However, the IRS will waive the accuracy related penalty under § 6662(b) for all cases that otherwise qualify under the terms of Announcement 2002-2. As a result, examiners should not develop the accuracy related penalty in cases where the taxpayer filed and was considered qualified under the terms of Announcement 2002-2. This determination should be confirmed by the team manager and no further approval is required. This applies for all years for which the taxpayer voluntarily disclosed and was considered eligible under the terms of Announcement 2002-2.

With respect to cases not qualifying for treatment under the Disclosure Initiative, we will continue our policy of mandatory penalty consideration. If an underpayment of tax is attributable to a taxpayer's participation in a listed transaction, the examiner must develop the accuracy-related penalty issue and prepare a written report supporting the recommendation to impose or not to impose the penalty. In all cases in which there is an underpayment attributable to a listed transaction, the Director of Field Operations (DFO) must approve the decision to impose or not to impose the accuracy-related penalty.

In cases involving potentially abusive tax shelters, examiners should identify and evaluate the facts regarding the shelter, then contact LMSB field counsel and the Office of Tax Shelter Analysis (OTSA), which is responsible for coordinating and assisting in the identification of tax shelters. If the examiner concludes that the accuracy-related penalty should be imposed, the

DFO must approve that decision.

Please follow these guidelines in your examination. If you have any questions, please call John Risacher, Acting Manager, Office of Tax Shelter Analysis at (202) 283-8386 or Kathy K. Petronchak, Acting Director, PFTG at (202) 283-8463.

Disclosure Initiative for Certain Transactions Resulting in Waiver of Certain Penalties under § 6662 of the Internal Revenue Code

Announcement 2002-2

The Internal Revenue Service (IRS) announces a disclosure initiative to encourage taxpayers to disclose their tax treatment of tax shelters and other items for which the imposition of the accuracy-related penalty may be appropriate if there is an underpayment of tax. If a taxpayer discloses any item in accordance with the provisions of this announcement before April 23, 2002, the IRS will waive the accuracy-related penalty under § 6662(b)(1), (2), (3), and (4) for any underpayment of tax attributable to that item.

This disclosure initiative covers all items except items resulting from a transaction that (1) did not in fact occur, in whole or in part, but for which the taxpayer claimed a tax benefit on its return; (2) involved the taxpayer's fraudulent concealment of the amount or source of any item of gross income; (3) involved the taxpayer's concealment of its interest in, or signature or other authority over a financial account in a foreign country; (4) involved the taxpayer's concealment of a distribution from, a transfer of assets to, or that the taxpayer was a grantor of a foreign trust; or (5) involved the treatment of personal, household, or living expenses as deductible trade or business expenses.

SCOPE OF THE WAIVER

Under this disclosure initiative, the IRS will waive the accuracy-related penalty under § 6662(b) for that portion of an underpayment attributable to the disclosed item and due to one or more of the following: (1) negligence or disregard of rules or regulations; (2) any substantial understatement of income tax; (3) any substantial or gross valuation misstatement under chapter 1 of the Code, except for any portion of an underpayment attributable to a net § 482 transfer price adjustment, unless the standards of § 6662(e)(3)(B) regarding documentation are met; and (4) any substantial overstatement of pension liabilities.

Disclosure under this initiative does not affect whether the IRS will impose, as appropriate, any other civil penalty that may be applicable under the Code or will investigate any associated criminal conduct or recommend prosecution for violation of any criminal statute.

PERIOD OF DISCLOSURE

The IRS will waive the accuracy-related penalty if the taxpayer discloses the item before the earlier of (1) the date the item or another item arising from the same transaction is an issue raised during an examination, or (2) April 23, 2002. For purposes of this disclosure initiative, an item is an issue raised during an examination if the person examining the return (the examiner) communicates to the taxpayer knowledge about the specific item or on or before December 21, 2001, the examiner has made a request to the taxpayer for information, and the taxpayer could not make a complete response to that request without giving the examiner knowledge of the specific item.

INFORMATION REQUIRED TO MAKE A DISCLOSURE

To disclose an item under this initiative, a taxpayer must provide the following:

(1) A statement describing the material facts of the item;

(2) A statement describing the taxpayer's tax treatment of the item;

(3) The taxable years affected by the item;

(4) If the taxpayer is a Coordinated Industry Case (CIC) taxpayer, a statement that the taxpayer will agree to address the disclosed item under the Accelerated Issue Resolution process described in Rev. Proc. 94-67 (1994-2 C.B. 800) if requested to do so by the IRS;

(5) The names and addresses of (a) any parties who promoted, solicited, or recommended the taxpayer's participation in the transaction underlying the item and who had a financial interest, including the receipt of fees, in the taxpayer's decision to participate, and (b) if known to the taxpayer, any parties who advised the promoter, solicitor or recommender with respect to that transaction;

(6) A statement agreeing to provide, if requested, copies of all of the following:

(a) All transactional documents, including agreements, contracts, instruments, schedules, and, if the taxpayer's participation in the transaction was promoted, solicited or recommended by any other party, all material received from that other party or that party's advisor (s);

(b) All internal documents or memoranda used by the taxpayer in its decision-making process, including, if applicable, information presented to the taxpayer's board of directors; and

(c) All opinions and memoranda that provide a legal analysis of the item, whether prepared by the taxpayer or a tax professional on behalf of the taxpayer; and

(7) A penalty of perjury statement that the person signing the disclosure has examined the disclosure and that to the best of that person's knowledge and belief, the information provided as part of the disclosure contains all relevant facts and is true, correct, and complete. In the case of an individual taxpayer, the declaration must be signed and dated by the taxpayer, and not the taxpayer's representative. In the case of a corporate taxpayer, the declaration must be signed and dated by an officer of the corporate taxpayer who has personal knowledge of the facts. If the corporate taxpayer is a member of an affiliated group filing consolidated returns, a penalties of perjury statement also must be signed, dated, and submitted by an officer of the common parent of the group. The person signing for a trust, a state law partnership, or a limited liability company must be, respectively, a trustee, general partner, or member-manager who has personal knowledge of the facts. A stamped signature is not permitted.

PROCEDURE FOR MAKING THE DISCLOSURE

A CIC taxpayer must submit the disclosure information to the assigned team manager and

send a copy of the information to the Office of Tax Shelter Analysis.

A non-CIC taxpayer not under examination as of December 21, 2001, must send the disclosure information to the Office of Tax Shelter Analysis.

A non-CIC taxpayer under examination as of December 21, 2001, must submit the disclosure information to the examiner and send a copy of the information to the Office of Tax Shelter Analysis.

The address for the Office of Tax Shelter Analysis is LM:PFTG:OTSA, 1111 Constitution Ave, NW, Washington, DC 20224.

MISCELLANEOUS

The IRS is committed to considering and resolving disclosed items promptly. A taxpayer's disclosure of an item creates no inference that the taxpayer's tax treatment of the item was improper or that the accuracy-related penalty would apply if there is an underpayment of tax. Furthermore, taxpayers that do not disclose under this initiative are not prevented from demonstrating that they satisfy the reasonable cause exception under § 6664(c) and the regulations thereunder with respect to any portion of an underpayment of tax.

PAPERWORK REDUCTION ACT

The collection of information contained in this announcement has been reviewed and approved by the Office of Management and Budget in accordance with the Paperwork Reduction Act (44 U.S.C. § 3507) under control number 1545-1764. An agency may not conduct or sponsor, and a person is not required to respond to, a collection of information unless the collection of information displays a valid OMB control number.

The collection of information in this announcement is in the section titled INFORMATION REQUIRED TO MAKE A DISCLOSURE. This information is required to assess the item the taxpayer is disclosing under the initiative. This information will be used to determine whether the taxpayer has reported the disclosed item properly for income tax purposes. The collection of information is required to obtain the benefit described in this announcement. The likely respondents are businesses or other for-profit institutions, small businesses or organizations, and individuals.

The estimated total annual reporting burden is 450 hours.

The estimated annual burden per respondent varies from 2 hours to 4 hours, depending on individual circumstances, with an estimated average of 3 hours. The estimated number of respondents is 150.

The estimated frequency of responses is one time per respondent.

Books or records relating to a collection of information must be retained as long as their contents may become material in the administration of any internal revenue law. Generally tax returns and tax return information are confidential, as required by 26 U.S.C. § 6103.

CONTACT INFORMATION

For further information regarding this announcement, contact Jozef Chilinski of the Office of Tax Shelter Analysis at (202) 283-8425 (not a toll-free call).