IN THE UNITED STATES COURT OF FEDERAL CLAIMS

No. 05-231 T
(Chief Judge Damich)

---

JZ Buckingham Investments LLC as Tax Matters Partner of JBJZ Partners, a South Carolina general partnership,

Plaintiff,

v.

United States of America,

Defendant.

---

**DECLARATION OF DAVID STEINER IN SUPPORT OF UNITED STATES' MOTION FOR EXTENSION OF TIME REPLY TO PLAINTIFF'S RESPONSE TO THE UNITED STATES' MOTION TO AMEND ITS ANSWER TO ASSERT COUNTERCLAIM FOR PENALTIES**

DAVID M. STEINER, an attorney duly admitted to practice before this Court, hereby declares, pursuant to 28 U.S.C. § 1746, as follows:

1. I am a trial attorney at the United States Department of Justice and am the attorney principally charged with defending the interests of the United States on the instant motion. I submit this declaration in support of the United States' Motion for Leave to Amend Its Answer to Assert a Counterclaim for Penalties.

2. On July 23, 2007, the United States filed is Corrected Motion to Amend its Answer to Assert Counterclaim for Penalties.

3. On August 9, 2007, Plaintiff filed its Response to the Motion, and the docket sheet states that the Government's Reply is due on August 23, 2007.

4. Plaintiff's Response accuses the Government of "outrageous" behavior and claims that the United States is attempting to "poison this litigation." *See* Response pp. 1-2. Plaintiff's attempts to minimize its partners' unquestionable breaches of IRS Announcement 2002-2 require a detailed Reply as it appears to be Plaintiff's position that the Government must not only show that a legitimate basis exists to amend the complaint

to assert penalties because its partners breached their penalty waiver agreement with the IRS – by, *inter alia*, not producing highly-incriminating documents disclosing the completely tax-driven nature of the COBRA tax strategy – but also must respond to a litany of personal attacks on Government counsel for bringing the motion in the first place. Plaintiff complains that the United States has filed 233 pages of material, a complaint which is odd in that Plaintiff's Exhibits alone, not counting the 25 page brief, comprise 234 pages, 156 of which are illegible.

5. The fact that 156 pages of Plaintiff's 234 pages of Exhibits, to wit, Exhibits ##1, 1A, and 2, are illegible, makes filing a Reply all the more difficult.

6. Unfortunately, due to the personal circumstances of members of the Government's litigation team in this matter, the United States has been unable to take action on this Reply as of yet.

7. The day after the filing of the Government's motion, i.e, July 24, I was at the dermatologist having stitches removed from minor skin cancer surgery. While at the dermatologist's office, my pregnant wife called me on my cell phone from Georgetown Hospital, where she had gone for a weekly ob/gyn checkup. She told me that her blood pressure had spiked and she appeared to have pre-eclampsia, and the doctors had told her that they must induce labor immediately notwithstanding that she was not due until August 1.

8. I then rushed home and telephoned Dennis Donohue, telling him that I was in the process of packing a bag for my wife and would not be back in the office for about a week.

9. At the hospital, labor was not going well. I lack the medical expertise to fully understand but apparently both my wife and the child developed complications and, with each contraction, the baby's heart failed. Therefore, the doctors performed an emergency c-section and my son was born at 1:43 a.m., July 25. As the c-section was performed on an emergency basis, there was no time for an instrument count before the operation and my wife had to be x-rayed after the surgery to be sure that the physicians had left no instruments inside her.

10. I stayed at the hospital with my wife until her discharge on July 29, but we have gone back to the doctors for both my son and my wife almost every other day. Both my wife and son continue to have complications. My son was born at 7 pounds 6 oz., but proceeded to lose a pound which, the medical staff told us, was too much. They later told us that he should be gaining an ounce per day but, for the first two weeks, gained only one ounce per week. Recently, however, his health has improved.

11. My wife's health, however, is still fragile an of great concern. The doctors at Georgetown told us that she must not lift anything heavier than the baby itself for several weeks due to the c-section. Moreover, she had to be pumped full of fluid and her legs are

swollen and she cannot get around. Of greatest concern, her blood pressure has not decreased. Prior to the emergency, her blood pressure was 110/70; it is now 160/90 and is not improving. We have been told that if she exerts herself she might be in danger of a stroke.

12. Due to the above-described situation, I did not get back to the office until yesterday, and only then because my wife's brother, himself a physician, flew in from San Diego on the evening of August 15 to take care of her for a few days so that I could return to the office. However, he had to return to San Diego on August 18. I now have to devote most of my time to caring for my wife and son until their health improves.

13. Under normal circumstances, John Lindquist, who is also assigned this matter, would be able to assist in preparing the Reply Brief. Unfortunately, Mr. Lindquist has been on vacation and out of the country since August 3 and will not return until August 28. In any case, given the accusations contained in Plaintiff's Response, Mr. Lindquist's input is necessary as it is he who handled the initial deposition of Jerry Zucker and of Mr. Zucker's personal assistant, Charlotte Crosby. In was at this latter deposition where the United States discovered some of the critical documents which the partners of JBJZ had withheld in violation of their agreement with the IRS.

14. This situation has been devastating physically, emotionally and even financially because I have been forced to use 112 hours of unpaid leave.

15. On the morning of August 16, 2007, I attempted to telephone Joel Crouch and Todd Welty, Plaintiff's attorneys, to ask if they would agree to a two week extension. I was told that both gentlemen were on a conference call, so I spoke with their associate, Anthony Daddino. Mr. Daddino said that he would discuss my request with Messrs. Crouch and Welty and get back to me sometime that morning. Not having heard back, I left a voicemail for Mr. Daddino later yesterday afternoon. Finally, on the evening of August 16, Mr. Crouch telephoned me and told me that Plaintiff would not agree to any extension beyond the August 23rd date on the docket sheet.

16. It is with extreme embarrassment that I make this motion because, in 19 years of practice, while I have often received requests for extensions from various opposing counsels due to personal circumstances (to which, to the best of my recollection, I have always consented), I have never before had to make one and I deeply apologize for troubling the Court with my personal problems but, as Plaintiff and Defendant cannot reach agreement on this, I see no alternative.

I, David M. Steiner, declare under penalty of perjury that the foregoing is true and correct. Executed on August 20, 2007.

s/ David M. Steiner
DAVID M. STEINER
Trial Attorney, Tax Division
U.S. Department of Justice
Post Office Box 55
Ben Franklin Station
Washington, D.C. 20044
Telephone: (202) 307-5892

**CERTIFICATE OF SERVICE**

I hereby certify that on August 20th, 2007, I electronically filed the foregoing Declaration with the Clerk of the Court using the ECF system which will send notification of such filing to the following:

Joel N. Crouch
Texas State Bar No. 05144220
Meadows, Collier, Reed
Cousins & Blau, L.L.P.
901 Main Street, Suite 3700
Dallas, Texas 75202

s/ David M. Steiner
David M. Steiner
Trial Attorney, Tax Division
U.S. Department of Justice
Post Office Box 55
Ben Franklin Station
Washington, D.C. 20044
(202) 307-5892