IN THE UNITED STATES COURT OF FEDERAL CLAIMS

| | | |
|---|---|---|
| JZ Buckingham Investments LLC as Tax Matters Partner of JBJZ Partners, a South Carolina general partnership, Plaintiff, | § | CASE NO. 05-231 T<br>Chief Judge Edward J. Damich |
| v. | § | |
| United States of America, Defendants. | § | |

**STIPULATED PROTECTIVE ORDER**

By agreement of the Plaintiff, JZ Buckingham Investments LLC as Tax Matters Partner of JBJZ Partners, a South Carolina general partnership, Defendant United States of America, and Non-Party Jenkens & Gilchrist, a Professional Corporation (Texas) ("J&G"), by and through their attorneys, and in order to protect certain information that non-party J&G may be required to provide during the course of this action while recognizing the "vital public interest in open judicial proceedings," 28 C.F.R. §50.9, it is hereby ORDERED that:

1. All information, materials, and documents (whether in paper or electronic form) produced or furnished by J&G to either or both of the Parties in response to a subpoena issued by plaintiff in this case shall be deemed "Protected Information" if so designated by J&G or any other Party, as provided herein. The Parties and J&G understand and agree that documents previously produced by J&G to the United States in this matter are not subject to this order. The Parties and J&G further understand and agree that any documents or information that is otherwise publicly available, is not entitled to treatment as Protected Information pursuant to this Order.

2. Any documents produced by J&G which are marked as "Protected Information" shall be deemed Protected Information. In addition, if during any deposition of a J&G corporate representative J&G or any Party wishes to designate any testimony as "Protected Information" they may do so by so stating on the record. The portions of any deposition transcript that has been designated on the record as "Protected Information" and any documents used in the deposition that have been designated as Protected Information shall be treated as "Protected Information." For any deposition testimony not designated on the record during the deposition, portions of the transcript may be so designated after the deposition if, within 10 business days after the deposition counsel for J&G or any Party provides notice of such designation. Any such notice must be delivered in writing to counsel for the Parties and J&G and designate those portions of the transcript, by page and line number, which are to be treated as Protected Information. Until the 10-day period for designating Protected Information has passed, the entirety of all J&G deposition transcripts must be treated as Confidential Information.

3. Protected Information may be used in any and all discovery proceedings in all COBRA cases, as that term is defined below, including, but not limited to, document requests, requests for admission, depositions, interrogatories, and discovery motions, but otherwise shall not be publicly disclosed except as permitted by this Order. Protected Information may be used only in connection with the prosecution or defense of this action and not for any other pending or threatened litigation, nor any business or other purpose. This Order shall not, however, restrict the transfer of Protected Information in response to a subpoena or other discovery demand in another proceeding in a court of competent jurisdiction. Either of the Parties may use Protected Information in other litigation involving the same or similar issues, with the written authorization

of J&G or its counsel. The term "COBRA cases" includes this action, as well as the following civil actions:

a. *MURFAM Farms, LLC v. United States*, Cases No. 06-245T (CFC) (consolidated with Cases Nos. 06-246T and 06-247T), including *PSM Farms, LLC v. United States*, Cases No. 06-246T (Fed.Cl.) and *Murphy Pork Partners, LLC v. United States*, Cases No. 06-247T (Fed.Cl.)

b. *In re COBRA Tax Shelter Litigation*, No. 1:05-ml-097272-JDT-WTL (multi-district) (S.D. Ind.), including Tesoro Drive Partners v. United States No. SA-05-CA-0216-XR (W.D. TX); SA Tesoro Drive Partners v. United States No. SA-05-CA-0217-XR ( W.D. TX); and *Carmel Partners v. United States*, Case No. 1:04 cv 1661(USDC SDIN)(consolidated with Tesoro Drive Partners as In Re COBRA Tax Shelters, MDL Case No. (SDIN);

3. Except as described herein (or by subsequent order of this Court), the Parties and those persons identified in paragraphs 4(b), 4(d), 4(e), 4(f), 4(g), and 4(h) may not give, show, disclose, disseminate, or describe, either directly or indirectly, Protected Information to any person(s) other than those identified in paragraph 4.

4. Access to Protected Information shall be restricted to:

(a). This Court and its personnel;

(b). Counsel for the Parties, including outside and in-house lawyers; other lawyers regularly employed in their offices; and such supervising attorneys, lawyers' staff, and administrators, to whom it is necessary to disclose Protected Information for purposes of this litigation (including secretaries, paralegals, clerks, and other assistants);

(c). The Parties themselves;

(d). Independent experts or consultants retained by counsel for the purpose of assisting in this litigation, including any of their staff to whom it is necessary to disclose Protected Information in order to assist in their participation in this litigation;

(e). Any potential witness in this litigation identified in the Complaint, identified during discovery or by the Parties' witness lists, or planned to be called as a witness by a Party at deposition or during trial or to be interviewed about a matter at issue in this case, as well as any counsel for such witness and any person(s) present during such testimony. Individuals identified by this Paragraph may be provided with a copy of any relevant Protected Information for their review in preparation for or during the witness's deposition or testimony, either at trial or other hearing in this litigation. Upon completion of their review, the Protected Information provided shall be returned to counsel for the Party that supplied it;

(f). Any mediators, arbitrators, or other outside parties and their staff enlisted by all parties to assist in the resolution of this matter;

(g). Outside or contracted litigation-support services, including commercial copying services;

(h). Any court reporter, transcriber or videographer who reports, transcribes or records testimony in this action at a deposition, provided they agree by a statement on the record before the witness begins his or her deposition testimony that no such Protected Information and testimony related thereto revealed shall be disclosed by such reporter, transcriber or videographer except to the attorneys for each Party and any other person who is present while such testimony is being given, except that upon use of a deposition exhibit at trial, the exhibit becomes public information and is no longer Protected Information;

(i). Employees of the Department of Justice and the Internal Revenue Service who are assigned to any pending criminal investigation or matter for their unrestricted use in such criminal investigation or matter.

5. No Party shall disclose Protected Information or copies of Protected Information to any of the persons identified in Paragraphs 4(d), 4(e), 4(f), and 4(g) without first having obtained an executed acknowledgment from such person, substantially in the form attached hereto.

5. The Parties and J&G agree that the inadvertent or unintentional disclosure by a party of Protected Information shall not be deemed a waiver in whole or in part of any claim of confidentiality or protected status. This paragraph applies to both the specific information disclosed as well as any other information relating thereto or on the same or related subject matter.

6. This Protective Order shall be effective immediately upon signature by counsel for either Party, and shall remain in effect after conclusion of this litigation, and the signing Parties agree that the Court may enforce the terms of this agreement and may disclose any Protected Information as part of a Court order or memorandum.

7. This Stipulation may be executed by each party separately.

8. Counsel for the parties shall promptly report any willful breach of the provisions of this Protective Order to counsel for J&G. Upon discovery of any breach of this Protective Order, counsel for the breaching party shall immediately take appropriate action to cure the violation and retrieve any Protected Information that may have been disclosed to persons not covered by this Protective Order. The Parties shall reasonably cooperate in determining the existence of any such breach and whether there is reason to report the breach to the Court.

Ordered and Signed: September ___, 2007

EDWARD J. DAMICH
Chief Judge

**ACKNOWLEDGMENT**

The undersigned has been provided with a copy of the foregoing Protective Order entered in the case captioned *JZ Buckingham Investments LLC, as Tax Matters Partner of JBJZ Partners v. United States of America, Civ. A. No.* 05-231 T (CFC), has had an opportunity to review the Protective Order; and is fully familiar with all of the terms of the Protective Order. By executing this Acknowledgment, the undersigned agrees to be bound by the terms of the Protective Order.

______________________________

Print name: ____________________

Address: ______________________

______________________________

______________________________

Date signed: ___________________

Joel N. Crouch
jcrouch@meadowscollier.com
State Bar No. 05144220
M. Todd Welty
twelty@meadowscollier.com
State Bar No. 00788642
Meadows, Collier, Reed, Cousins &
Blau, L.L.P.
901 Main Street, Suite 3700
Dallas, Texas 75202
214.744.3700
214.747.3732 (Fax)

Attorneys for Plaintiffs

Dennis M. Donohue
dennis.donohue@usdoj.gov
John A. Lindquist III
john.a.lindquist@usdoj.gov
U.S. Department of Justice
Tax Division
P.O. Box 55 Ben Franklin Station
Washington, D.C. 20044

Attorneys for Defendant

Mary L. Scott
mary.scott@bakerbotts.com
State Bar No. 17906750
Baker Botts L.L.P.
2001 Ross Avenue
Dallas, Texas 75201
214.953.6628
214.661.4628

Robert J. Wagman, Jr.
robert.wagman@bakerbotts.com
State Bar No. ____________
Baker Botts L.L.P.
The Warner
1299 Pennsylvania Avenue
Washington, D.C. 20004-2400
202.639.7700
202.639.7890

Attorneys for Jenkens & Gilchrist, a Professional Corporation

Mary L. Scott
mary.scott@bakerbotts.com
State Bar No. 17906750
Baker Botts L.L.P.
2001 Ross Avenue
Dallas, Texas 75201
214.953.6628
214.661.4628

Robert J. Wagman, Jr.
robert.wagman@bakerbotts.com
State Bar No. ___________
Baker Botts L.L.P.
The Warner
1299 Pennsylvania Avenue
Washington, D.C. 20004-2400
202.639.7700
202.639.7890

Attorneys for Jenkens & Gilchrist, a Professional Corporation

Joel N. Crouch
jcrouch@meadowscollier.com
State Bar No. 05144220
M. Todd Welty
twelty@meadowscollier.com
State Bar No. 00788642
Meadows, Collier, Reed, Cousins & Blau, L.L.P.
901 Main Street, Suite 3700
Dallas, Texas 75202
214.744.3700
214.747.3732 (Fax)

Attorneys for Plaintiffs

Dennis M. Donohue
dennis.donohue@usdoj.gov
John A. Lindquist III
john.a.lindquist@usdoj.gov
U.S. Department of Justice
Tax Division
P.O. Box 55 Ben Franklin Station
Washington, D.C. 20044

Attorneys for Defendant