# GOVERNMENT EXHIBIT H

**U.S. Department of Justice**

**Tax Division**

*Please reply to:* *Civil Trial Section, Northern Region*
*P.O. Box 55*
*Ben Franklin Station*
*Washington, D.C. 20044*

*Facsimile No. (202) 514-5238*
*Trial Attorney: David M. Steiner*
*Attorney's Direct Line: (202) 307-5892*

EJO'C:DPM:DMSteiner
154-2270
CMN 2005103170

December 12, 2005

VIA REGULAR MAIL
Joel N. Crouch, Esq.
Meadows, Owens, Collier, Reed Cousins & Blau, L.L.P.
901 Main Street, Suite 3700
Dallas, TX 75202

Re: *JZ Buckingham Investments v. United States*, 05-231 T (Fed. Cl.)

Dear Mr. Crouch:

Enclosed please find the United States' First Set of Interrogatories, which includes 25 interrogatories. Please also find enclosed the United States' First Requests for Production of Documents. Should the Court rule favorably upon the United States' Motion for Enlargement of the Number of Depositions and Interrogatories, the United States will serve further interrogatories.

If you have any questions, please contact me at (202) 307-5892.

Sincerely yours,

DAVID M. STEINER
Trial Attorney
Civil Trial Section, Northern Region

Enclosures

cc: Joseph A Pitzinger, Esq.
United States Department of Justice, Tax Division
717 N. Hardwood Street, Suite 400
Dallas, TX 75201

FILE COPY

GOVERNMENT EXHIBIT H

PENGAD 800-631-6989

IN THE UNITED STATES COURT OF FEDERAL CLAIMS

No. 05-231 T
(Chief Judge Damich)

JZ Buckingham Investments LLC as Tax Matters Partner of JBJZ Partners, a South Carolina general partnership,

Plaintiff,

v.

United States of America,

Defendant.

## UNITED STATES' FIRST SET OF INTERROGATORIES

Pursuant to RCFC 26 and 33, Respondent hereby asks you to answer the following interrogatories fully, in writing, and under oath. Defendant requests further that you serve your answers upon the Defendant within 30 days of service of these interrogatories.

## INSTRUCTIONS

1. Duties in Answering Interrogatories. Each interrogatory is required to be answered separately and fully in writing upon Plaintiff's entire knowledge from all sources. The answers must include all information within Plaintiff's control or known by Plaintiff's agents, including information supplied to Plaintiff by other persons and facts in the possession of your attorney in this litigation or any other litigation in which you are involved. Plaintiff's answers must be

verified, dated, and signed. If Plaintiff cannot provide a complete answer to an interrogatory, answer to the extent possible and describe the reason for their inability to answer the remainder. If an answer is based on information received from third parties, the answer should identify the source of the information. If an answer is an estimate, the answer should so state and describe how the estimate was made.

2. Duty to Supplement Discovery Responses and Document Production. These interrogatories are continuing in character so as to require the supplementation of answers to the extent required by RCFC 26(e). Such supplemental responses are to be served as soon as reasonably possible after the additional or corrective information is obtained.

3. Objections and Claims of Privilege. If Plaintiff objects to all or any part of an interrogatory, state the grounds for the objection with specificity. If Plaintiff believes that only part of an interrogatory is objectionable, it must answer the interrogatory to the extent it is not objectionable. If all or any part of an interrogatory is objected to as seeking privileged information or documents, for each such objection state the nature of the privilege asserted and describe the privileged information or document with particularity (e.g., title, date created, author(s), recipient(s), and subject matter) so as to enable the defendant to evaluate the applicability of the privilege.

4. When Responding by Attaching a Document. If the answer to any interrogatory is fully and fairly contained in a document from which the answer can be extracted without unreasonable difficulty, you may answer the interrogatory by attaching a copy of the document and attesting to its genuineness. If you answer an interrogatory in this way, please specify the

documents (and pages) that contain the answer. The specification must be detailed enough to permit Respondent to find the requested information readily.

5. Duty to Include Information in Possession of Others. You must include in your answer to an interrogatory information which, while not within your own knowledge, is nonetheless within your custody or control or reasonably available to you, your attorney in this litigation or any other litigation, your actuary, your accountant, or any other source from whom it may reasonably be secured. See, e.g., General Dynamics Corp. v. Selb Mfg. Co., 481 F.2d 1204, 1210-1211 (8th Cir. 1973).

6. Duty to Provide Information Furnished in Your Investor Class Action Litigation. Your responses should take into account any knowledge or information acquired from documents furnished to the Individual Participants, Jerry Zucker and James Boyd, or their attorneys or agents pursuant to the "Informal Merits Discovery" described in the "Mediated Settlement Agreement," ¶ 1(h), of March 4, 2004, settling certain claims against certain defendants in Camferdam, et al. v. Ernst & Young International, Inc., et al., No. 02 Civ. 10100 (S.D.N.Y.)(BSJ).

7. Conformance with Local Rules. Please quote each interrogatory in full immediately preceding the statement of any answer, response or objection thereto, and that you number each such response to correspond with the number assigned to the interrogatory.

## DEFINITIONS

The following definitions shall apply to these interrogatories, unless otherwise noted:

a. "Document" means and includes all materials or data subject to production under RCFC 34(a) and all writings or recordings within the meaning of Fed. R. Evid. 1001. The term

shall be broadly construed to include (but shall not be limited to) correspondence, electronic mail, notes, notations, contracts, brochures, agreements, deeds, leases, letters, memoranda, checks, bank statements, reports, analyses, projections, studies, records, corporate minutes, financial statements, financial records, accounting or audit workpapers (including permanent workpapers), spreadsheets, testimony, transcripts, recordings, and all other types of written or documentary materials. It includes all originals, copies, and non-identical copies (whether by reason of handwritten notations thereon or otherwise), regardless of whether the information is stored on paper, in electronic form, or through any other medium.

b. To "identify" or "describe" a document or other writing means to state with respect to that document or other writing the following:

i. Type of document (e.g., letter, memorandum, agreement, record, minutes, note, etc.).

ii. Date of preparation, or, if executed, date of execution.

iii. Name, occupation, and present address of each person who either prepared or signed the document.

iv. Present location of the document.

v. Name of each present custodian, and his or her present or last-known business address and telephone number.

N.B. When an interrogatory requests you to identify any substantiating documents, you are required, in accordance with these instructions, to identify each specific document separately.

c. To "identify each person" means to state with respect to that person the following:

i. Name.

ii. Present occupation and business affiliation.

iii. Present or last-known business address and telephone number.

d. The term "person" shall be construed to mean and include an individual, trust, estate, partnership, company, corporation, governmental body, or other entity, whether domestic or foreign.

e. The term "Individual Participants" refers to Jerry Zucker and James Boyd.

f. The term "Plaintiff" refers to JZ Buckingham Investments LLC.

g. The term "Additional Participants" refers to JBJZ Partners, JBJZ Investors, Inc., JGB Bohicket Investments LLC, and any successors of these entities.

h. The term "Transactions" refers to the series of events described in paragraph Part V of the Complaint.

i. The term "transactions substantially similar to the Transactions" shall include any transactions of the type described in IRS Notices 1999-59 or 2000-44.

j. The term "Ernst & Young" includes both Ernst & Young International, Inc., a corporation organized and existing under the laws of the State of Delaware, and Ernst & Young, LLP, a member thereof, and any employees and/or partners therein, including, but not limited to, Robert Coplan, Brian Vaughn, Ray Knight, Barton C. Francis, Carl A. Rhodes, Charles R. Kowal, Charles W. Paul, John M. Bean, Martin Nissenbaum, Melinda S. Merk, Peter D. Lucido, James E. Ryan, James A. Cox, Robert M. Haynie, Mary B. Zmoira, Dale Hortenstine, Mike Dell, David Garlock, Ken Hooker, Bruce Weinrib, Micky Neimbar, Brian L. Vaughn, Jerred G. Blanchard, Jr., John Broadbent, Andrew J. Dubroff, Shari R. Fessler, David C. Garlock, Frank G. Hertz, Gary R. Guffinan, Peter C. Mahoney, Stephen N. Montgomery Henry Zigtema, Amy Keating, Amy R.

Ruderman, Robert Marzziotti, Dick Jones, Denis Conlon, Thomas Dougherty, Monte A. Jackel, Richard J. Shapiro, Lee Yerkel, Betty Booth, Lily Aspillera, Dick Stone, Stewart G. Goodson.

k. The term "Jenkens & Gilchrist" includes Jenkens & Gilchrist, A Professional Corporation, a professional corporation organized and existing under the laws of the State of Texas with its principal place of business in Texas, and Jenkens & Gilchrist, A Professional Corporation, a corporation organized and existing under the laws of the State of Illinois with its principal place of business in Illinois, as well as all employees and/or partners thereof, including, but not limited to, Paul Daugerdas, Donna Guerin, Ryan Wagley, Irwin Mayer, and Patrick O'Daniel.

l. The term "Brown & Wood" refers to the law firm of Brown & Wood and its successor in interest, Sidley, Austin, Brown & Wood, and all employees and/or partners thereof, including, but not limited to RJ Ruble, John Felkamp, and Susan L. Sodano.

m. The term "Deutsche Bank" refers to both Deutsche Bank AG and Deutsche Bank Securities, Inc. d/b/a Deutsche Bank Alex Brown, and all employees thereof, including, but not limited, to David Parse, Sandra Burnside, William Boyle, John Ross, Ivor Dunbar, Mick Wood, Francesco Piovanetti, Peter Sturzinger, Ken Tarr, Viktoria Antoniades, and Brian McGuire. Deutsche Bank AG is a German corporation with its principal place of business at Taunusanlage 12, 60325 Frankfurt am Main, Germany. Deutsche Bank Securities, Inc. is a Delaware corporation with its principal place of business at 31 West 52nd Street, New York, New York, 10019.

n. The term "COBRA" is an acronym for "Currency Options Bring Reward Alternatives."

o. The term "VIPER" is the group of persons in Ernst & Young that marketed tax products, which Ernst & Young renamed SISG (Strategic Individual Solutions Group) .

## INTERROGATORIES

1. Identify each person that you have reason to believe was involved in the development and marketing of the COBRA transaction, describing each such person's role, and identifying all substantiating documents.

ANSWER:

2. For each Individual Participant, identify each person including but not limited to individuals from Ernst & Young, the Deutsche Bank, Jenkins and Gilchrest, Brown and Wood, your personal attorneys, personal accountants, and financial advisors that you had discussions with regarding your proposed investment in the COBRA transactions, and provide a summary of the essential aspects of those discussions.

ANSWER:

3. Identify all documents that you were provided to you or that you generated or were generated by other individuals during the course of the discussions referred to in your response to Interrogatory 2.

ANSWER:

4. Identify all capital contributions made by JZ Buckingham Investments LLC and JGB Bohicket Investments LLC to JBJZ Partners and the reason for each separate contribution.

ANSWER:

5. During the period December 10 to 17, the Deutsche Bank, on behalf of JBJZ Partners, bought and sold stock of various banking institutions. Identify all persons with whom the Individual Participants consulted concerning these specific stock purchases and state the reasons why this stock was bought and sold during the time period.

ANSWER:

6. On December 23 and 27, the Deutsche Bank, on behalf of JBJZ Partners, purchased Canadian currency. Identify all persons with whom the Individual Participants consulted concerning the purchase of this currency and state the reasons why this specific currency was purchased.

7. Describe how the currency options purchased by JZ Buckingham Investments LLC and JGB Bohicket Investments LLC and contributed by them to JBJZ Partners were closed out, including but not limited to whether or not any of the options were exercised at the end of their term, whether they expired out of the money, or whether they were terminated prior the expiration of the option period in return for a partial payment.

ANSWER:

8. If the options were terminated prior the expiration of the option period, identify all persons involved in the early termination and why the early termination was made, and explain how the payment amount was determined.

ANSWER:

9. On JBJZ Partners's partnership return, there is reported $625,000 in income. State the source of this income and any expenses associated with incurring this income.

ANSWER:

10 Please describe all representations that the Individual Participants made to Jenkens & Gilchrist and/or Brown & Wood for purposes of the preparations of legal opinions of the Transactions, including, but not limited to, their representations referenced on pages 2-3 of the letters from Brown & Wood, LLP to each of the Individual Participants, detailing as to each such representation the date of the representation, the mode of the representation (e.g. whether by telephone, letter, facsimile, e-mail, in person, or any other form), the identity of all persons party to the representation, the substance of the representation, and the identity of all substantiating documents.

ANSWER:

11. To the extent that you contend that there was a business purpose for the formation of JZ Buckingham Investments LLC, JGB Bohicket Investments LLC, JBJZ Partners, and/or JBJZ Investors, Inc., as to each entity fully describe the basis for your contention that there was a business purpose for the formation of that entity and identify all substantiating documents.

ANSWER:

12. Describe fully the investment experience that each Individual Participant had with the purchase and sale of foreign currency derivatives, and specifically including European digital options on foreign currencies prior to their investment, through LLCs, in the COBRA transactions.

ANSWER:

13. If either of the Individual Participants purchased or sold foreign currency options prior to November 23, 1999, either directly or indirectly, as to each such trade describe the transaction, including the date, the amounts, the currencies and the parties, and identify all substantiating documents, including the tax returns on which those transactions were reported.

ANSWER:

14. List all fees incurred by Plaintiff, the Additional Participants, and the Individual Participants on the purchase of the Transactions, including but not limited to fees paid to Ernst & Young, Jenkens & Gilchrest, Deutsche Bank, and any law, accounting or financial services' firms who provided services in connection with the purchase of the COBRA transactions and the reporting of the tax consequences of the Transactions on the 1999 federal income tax returns filed by Plaintiff, the Additional Participants, and/or the Individual Participants.

ANSWER:

15. For each of the fees listed in your response to Interrogatory 14, identify the person or entity who was invoiced for such amount, and identify the person or entity who made the payment of

the amount, and where the person or entity making the payment is different than who was invoiced for the amount, provide an explanation for this difference.

ANSWER:

16. Identify each person that was involved in the preparation and/or review of the tax returns that were filed by Plaintiff, the Individual Participants, and/or the Additional Participants, on which the Transactions were reported, listing as to each such person all communications regarding the preparation any of these tax returns, the substance of those communications, and the identity of all substantiating documents.

ANSWER:

17. State whether the Individual Participants were aware that Ernst & Young was coordinating the preparation of the returns for all COBRA participants and, if so, detail the Individual Participant's understanding of the reason for so doing and identify all substantiating documents.

ANSWER:

18. If either of the individual Participants ever discussed the manner in which the fees paid to Jenkens & Gilchrist, Ernst & Young, and/or Brown & Wood were to be reported on their tax returns, please detail the date of any such discussions, all persons who were party to those discussions, the substance of those discussions, and the identity of all substantiating documents.

ANSWER:

19. State whether either of the Individual Participants, Jerry Zucker and/or James Boyd, were members of the class in Camferdam, et al. v. Ernst & Young International, Inc., et al., No. 02 Civ. 10100 (S.D.N.Y.)(BSJ)(Class Action), and if so, as to each, the date(s) upon which he read the complaint, amended complaint, and/or second amended complaint in that action (or any portions thereof), the portions of the complaint(s) that he read at that time, and identify any substantiating documents.

ANSWER:

20. If Plaintiff, any of the Additional Participants, and/or any Individual Participant opted out of the Class Action, identify as to each the date on which they opted out, the reasons for their decision to opt out, and identify any substantiating documents.

ANSWER:

21. If Plaintiff, any of the Additional Participants, and/or any Individual Participant participated in the Mediated Settlement Agreement in the Class Action, identify as to each the date on which they began their participation, the extent of their participation, and identify any substantiating documents.

ANSWER:

21. In the Second Amended Complaint filed in the Class Action, it was alleged at ¶ 61 that:

> Plaintiffs and all other Class members entered into FX Contracts during the Class Period that were structured similarly, if not identically, to those described in paragraphs 57-60 herein. In most cases, both options expired "out of the money," thus allowing the Deutsche Defendants to retain the fees they had received. In any event, all Plaintiffs and Class Members lost money after taking into account the fees paid to Jenkens, the Deutsche

Defendants and the Marketing Participants (e.g. the Ernst & Young Defendants). Neither the dates nor the currencies are believed to be material to the transactions, as it was represented that such would not affect the outcome of the transaction. Specifically, it was represented by the Marketing Participants that, regardless of the currencies chosen as the basis for the FX Contracts, the probable outcome was a 38% likelihood of making 31% on the investment at the conclusion of a thirty-day period.

Regardless as to whether or not Plaintiff or any of the Individual Participants or Additional Participants were members of the Class Action suit or even whether any of the Individual Participants had previously read the Class Complaint, state whether you agree or disagree with each of these allegations, describing as to each of these allegations the factual and/or legal basis for your agreement and/or disagreement and identifying all substantiating documents.

ANSWER:

22. In the Second Amended Complaint filed in the Class Action, it was alleged at ¶ 64 that the defendants therein engaged in misrepresentations and omissions of material fact by –

- Failing to disclose the true likelihood that the FX Contracts would pay out;

- Failing to disclose that the Defendants retained virtually unlimited discretion to determine whether the Digital Options would pay out and therefore, could ensure, if they so chose, that the Digital Options would *not* pay out; and

- Failing to apprise the Plaintiffs and Class Members that the FX Contracts had no reasonable possibility of a profit (certainly not in excess of the fees paid), and that, in reality, the net effect of the Digital Options they were purchasing and selling was nothing more than a wager, like buying a lottery ticket, on where the price of the underlying currency would be at exactly 10 a.m. on a given date thirty days hence.

Regardless as to whether or not Plaintiff or any of the Individual Participants or Additional Participants were members of the Class Action suit or even whether any of the Individual Participants had previously read the Class Complaint, state whether you agree or disagree with

each of these allegations, describing as to each of these allegations the factual and/or legal basis for your agreement and/or disagreement and identifying all substantiating documents.

ANSWER:

23. In the Second Amended Complaint filed in the Class Action, it was alleged at ¶ 339 that "the Defendants knowingly acted in concert to market and implement the fraudulent and illegal COBRA tax shelter transaction." Regardless as to whether or not Plaintiff or any of the Individual Participants or Additional Participants were members of the Class Action suit or even whether any of the Individual Participants had previously read the Class Complaint, state whether you agree or disagree with this allegation, describing the factual and/or legal basis for your agreement and/or disagreement and identifying all substantiating documents.

ANSWER:

24. During the marketing, promotion and/or sale of the Transactions to the Individual Participants, detail what, if anything, was communicated to the Individual Participants with respect to Jenkens & Gilchrist and its role in the development and/or implementation of the Transactions, including, but not limited, to whether the Individual Participants were asked to sign a Jenkens & Gilchrist confidentiality agreement.

ANSWER:

25. Identify each person who participated in answering any of the United States First Set of Interrogatories on your behalf and for each such person, specify which interrogatories he/she participated in answering.

ANSWER:

Dennis M. Donohue DMS

DENNIS M. DONOHUE
Attorney of Record
U.S. Department of Justice - Tax Division
Court of Federal Claims Section
Post Office Box 26
Ben Franklin Station
Washington, D.C. 20044
(202) 616-3366

EILEEN J. O'CONNOR
Assistant Attorney General
MILDRED L. SEIDMAN
Chief, Court of Federal Claims Section
DAVID GUSTAFSON
Assistant Chief

## CERTIFICATE OF SERVICE

I hereby certify that on December 12, 2005, a copy of the foregoing UNITED STATES' FIRST SET OF INTERROGATORIES, was mailed by First Class U.S. mail postage paid, and properly addressed to the following:

Joel N. Crouch
Texas State Bar No. 05144220
Meadows, Owens, Collier, Reed
Cousins & Blau, L.L.P.
901 Main Street, Suite 3700
Dallas, Texas 75202

DAVID M. STEINER
Trial Attorney, Tax Division
U.S. Department of Justice
Post Office Box 55
Ben Franklin Station
Washington, D.C. 20044
Telephone: (202) 307-5892

IN THE UNITED STATES COURT OF FEDERAL CLAIMS

No. 05-231 T
(Chief Judge Damich)

---

JZ Buckingham Investments LLC as Tax Matters Partner
of JBJZ Partners, a South Carolina general partnership,

Plaintiff,

v.

United States of America,

Defendant.

---

**UNITED STATES' FIRST REQUESTS FOR PRODUCTION OF DOCUMENTS**

Pursuant to RCFC 34, Defendant requests that Plaintiff produce, and serve upon Defendant, the following documents, papers, and other writings described in the following enumerated requests for production within 30 days of service of these Requests.

**INSTRUCTIONS**

1. Duties in Answering Requests. These requests seek information held by Plaintiff, the Individual Participants, or the Additional Participants (including information held by affiliates, agents, accountants, or attorneys thereof). If, for any other reason, any person cannot furnish the information as requested, that person should respond to the extent possible and

specify the reason for its inability to respond fully. In producing any requested document, please indicate to which numbered request the document relates.

2. Duty to Supplement Document Production. These requests to produce are continuing in character so as to require the supplementation of answers to the extent required by RCFC 26(e). Such supplemental responses are to be served as soon as reasonably possible after the additional or corrective information is obtained.

3. Objections and Claims of Privilege. If Plaintiff objects to all or any part of a request, state the grounds for the objection with specificity. If Plaintiff believes that only part of a request is objectionable, it must answer the interrogatory to the extent it is not objectionable. If all or any part of an interrogatory is objected to as seeking privileged information or documents, for each such objection state the nature of the privilege asserted and describe the privileged information or document with particularity (e.g., title, date created, author(s), recipient(s), and subject matter) so as to enable the defendant to evaluate the applicability of the privilege. See RCFC 26(b)(5).

4. Duty to Include Information in Possession of Others. You must include in your response to any request information which, while not within your own possession, is nonetheless within your custody or control or reasonably available to you, your attorney in this litigation or any other litigation, your actuary, your accountant, or any other source from whom it may reasonably be secured. See, e.g., General Dynamics Corp. v. Selb Mfg. Co., 481 F.2d 1204, 1210-1211 (8th Cir. 1973).

5. Duty to Provide Information Furnished in Your Investor Class Action Litigation. Your responses should take into account any documents furnished to the Individual Participants, Jerry Zucker and James Boyd, or their attorneys or agents pursuant to the "Informal Merits Discovery" described in the "Mediated Settlement Agreement," ¶ 1(h), of March 4, 2004, settling certain claims against certain defendants in Camferdam, et al. v. Ernst & Young International, Inc., et al., No. 02 Civ. 10100 (S.D.N.Y.)(BSJ).

6. Conformance with Local Rules. Please quote each request in full immediately preceding the statement of any answer, response or objection thereto, and that you number each such response to correspond with the number assigned to the request.

**DEFINITIONS**

The following definitions shall apply to these interrogatories, unless otherwise noted:

a. "Document" means and includes all materials or data subject to production under RCFC 34(a) and all writings or recordings within the meaning of Fed. R. Evid. 1001. The term shall be broadly construed to include (but shall not be limited to) correspondence, electronic mail, electronic files, notes, notations, contracts, brochures, agreements, deeds, leases, letters, memoranda, checks, bank statements, reports, analyses, projections, studies, records, corporate minutes, financial statements, financial records, accounting or audit workpapers (including permanent workpapers), spreadsheets, testimony, transcripts, recordings, and all other types of written or documentary materials. It includes all originals, copies, and non-identical copies (whether by reason of handwritten notations thereon or otherwise), regardless of whether the information is stored on paper, in electronic form, or through any other medium.

b. The term "produce" means to serve a legible and complete copy of each responsive document to Defendant's counsel at the address indicated on the certificate of service attached hereto. If Plaintiff objects to producing any or all requested documents in this manner, please so indicate in writing within 30 days of these Requests, so that counsel for Plaintiff and Defendant may arrange a time for Plaintiff to bring the requested documents to Defendant's offices for inspection and copying.

c. To "identify" or "describe" a document or other writing means to state with respect to that document or other writing the following:

i. Type of document (e.g., letter, memorandum, agreement, record, minutes, note, etc.).

ii. Date of preparation, or, if executed, date of execution.

iii. Name, occupation, and present address of each person who either prepared or signed the document.

iv. Present location of the document.

v. Name of each present custodian, and his or her present or last-known business address and telephone number.

d. To "identify each person" means to state with respect to that person the following:

i. Name.

ii. Present occupation and business affiliation.

iii. Present or last-known business address and telephone number.

e. The term "person" shall be construed to mean and include an individual, trust, estate, partnership, company, corporation, governmental body, or other entity, whether domestic or foreign.

f. The term "Individual Participants" refers to Jerry Zucker and James Boyd.

g. The term "Plaintiff" refers to JZ Buckingham Investments LLC.

h. The term "Additional Participants" refers to JBJZ Partners, JBJZ Investors, Inc., JGB Bohicket Investments LLC, and any successors of these entities.

i. The term "Transactions" refers to the series of events described in paragraph Part V of the Complaint.

j. The term "transactions that similarly involve European digital options" shall include any transactions of the type described in IRS Notices 1999-59 or 2000-44 that involve European digital options.

k. The term "Ernst & Young" includes both Ernst & Young International, Inc., a corporation organized and existing under the laws of the State of Delaware, and Ernst & Young, LLP, a member thereof, and any employees and/or partners therein, including, but not limited to, Mike Kelley; Robert Coplan, Brian Vaughn, Ray Knight, Barton C. Francis, Carl A. Rhodes, Charles R. Kowal, Charles W. Paul, John M. Bean, Martin Nissenbaum, Melinda S. Merk, Peter D. Lucido, James E. Ryan, James A. Cox, Robert M. Haynie, Mary B. Zmoira, Dale Hortenstine, Mike Dell, David Garlock, Ken Hooker, Bruce Weinrib, Micky Neimbar, Brian L. Vaughn, Jerred G. Blanchard, Jr., John Broadbent, Andrew J. Dubroff, Shari R. Fessler, David C. Garlock, Frank G. Hertz, Gary R. Guffinan, Peter C. Mahoney, Stephen N. Montgomery Henry Zigtema, Amy Keating, Amy R. Ruderman, Robert Marzziotti, Dick Jones, Denis Conlon,

Thomas Dougherty, Monte A. Jackel, Richard J. Shapiro, Lee Yerkel, Betty Booth, Lily Aspillera, Dick Stone, Stewart G. Goodson.

l. The term "Jenkens & Gilchrist" includes Jenkens & Gilchrist, A Professional Corporation, a professional corporation organized and existing under the laws of the State of Texas with its principal place of business in Texas, and Jenkens & Gilchrist, A Professional Corporation, a corporation organized and existing under the laws of the State of Illinois with its principal place of business in Illinois, as well as all employees and/or partners thereof, including, but not limited to, Paul Daugerdas, Donna Guerin, Ryan Wagley, Irwin Mayer, and Patrick O'Daniel.

m. The term "Brown & Wood" refers to the law firm of Brown & Wood and its successor in interest, Sidley, Austin, Brown & Wood, and all employees and/or partners thereof, including, but not limited to RJ Ruble, John Felkamp, and Susan L. Sodano.

n. The term "Scheef & Stone" refers to the law firm of Scheef & Stone and all employees and/or partners thereof, including, but not limited, to Grady Dickens and Charles Helms.

o. The term "Deutsche Bank" refers to both Deutsche Bank AG and Deutsche Bank Securities, Inc. d/b/a Deutsche Bank Alex Brown, and all employees thereof, including, but not limited, to David Parse, Craig Brubaker, Sandra Burnside, William Boyle, John Ross, Ivor Dunbar, Mick Wood, Francesco Piovanetti, Peter Sturzinger, Ken Tarr, Viktoria Antoniades, and Brian McGuire. Deutsche Bank AG is a German corporation with its principal place of business at Taunusanlage 12, 60325 Frankfurt am Main, Germany. Deutsche Bank Securities, Inc. is a

Delaware corporation with its principal place of business at 31 West 52nd Street, New York, New York, 10019.

p. The term "COBRA" is an acronym for "Currency Options Bring Reward Alternatives."

q. The term "VIPER" is the group of persons in Ernst & Young that marketed tax products, which Ernst & Young renamed SISG (Strategic Individual Solutions Group) .

## REQUESTS FOR PRODUCTION

1. Please produce all documents identified by the Plaintiff in response to the United States' First Set of Interrogatories, being served concurrently herewith.

RESPONSE:

2. Please provide all documents constituting the organizational and operating documents of the Plaintiff and the Additional Participants (including, but not limited to, (a) records reflecting the creation and registration of partnership, corporations and LLC's; (b) any entity's minute books; (c) any entity's resolutions; (d) partnership agreements; (e) articles of incorporation or other documents forming, amending, and governing the entities; and (f) any publicly filed documents relating to any of these entities).

RESPONSE:

3. Please produce all documents establishing any and all legal or contractual relationships amongst the Plaintiff, the Additional Participants and/or the Individual Participants in effect at any time between the years 1999-2005.

RESPONSE:

4. Please produce all documents presenting reports of the financial condition of the Plaintiff, the Additional Participants and/or the Individual Participants for the years 1999-2000, including, but not limited to, all audited or unaudited financial statements or statements of net asset value.

RESPONSE:

5. Please produce all documents constituting state or federal income tax returns or information returns of the Plaintiff, the Additional Participants, and the Individual Participants for the years 1999 and 2000 (including, but not limited to, any federal Forms 1040, 1041, 1065, 1120, or K-1 filed by any of these persons), including, but not limited to, all drafts of those returns and the retained copy of the filed returns.

RESPONSE:

6. Please produce all documents relating to any communications between state tax and regulatory agencies and/or the Plaintiff, the additional Participants, and the individual Participants regarding their state or federal income tax returns or information returns of the Plaintiff, the Additional Participants, and the Individual Participants for the years 1999 and 2000 and also regarding any state tax or regulatory filing requirements.

RESPONSE:

7. Please produce all documents reflecting any communications between or amongst the Individual Participants during the years 1999-present relating to: VIPER, COBRA, the Transactions, transactions that similarly involve European digital options, IRS Notice 1999-59, IRS Notice 2000-44, Ernst & Young, Jenkens & Gilchrist, Deutsche Bank, Sheef & Stone, or Brown & Wood.

RESPONSE:

8. Please produce complete copies of all documents, along with any attachments or enclosures thereto, reflecting any communications during the years 1999-present between Ernst & Young, the Plaintiff, the Additional Participants, the Individual Participants, Jenkens & Gilchrist, Deutsche Bank, Scheef & Stone, or Brown & Wood, including but not limited to, invoices, rep letters, confidentiality agreements, e-mail and facsimile.

RESPONSE:

9. Please produce all documents reflecting any communications during the years 1999-present between Jenkens & Gilchrist and the Plaintiff, the Additional Participants, the Individual Participants, Ernst & Young, Deutsche Bank, Scheef & Stone, or Brown & Wood.

RESPONSE:

10. Please produce all documents reflecting any communications during the years 1999-present between Brown & Wood and the Plaintiff, the Additional Participants, the Individual Participants, Jenkens & Gilchrist, Ernst & Young, Deutsche Bank, or Scheef & Stone.

RESPONSE:

11. Please produce all documents reflecting any communications during the years 1999-present between the Deutsche Bank and the Plaintiff, the Additional Participants, the Individual Participants, Jenkens & Gilchrist, Ernst & Young, Scheef & Stone or Brown & Wood.

RESPONSE:

12. Please produce all documents created by Ernst & Young, Jenkens & Gilchrist, Brown & Wood, and/or Deutsche Bank relating to VIPER, COBRA, the Transactions, or any other transactions which involved European digital options and Jenkens & Gilchrist, Ernst & Young, Scheef & Stone, Deutsche Bank or Brown & Wood.

RESPONSE:

13. Please produce all documents related to any communication during the years 1999-present relating to VIPER, COBRA, European digital options, or the Transactions between or amongst Ernst & Young, Jenkens & Gilchrist, Brown & Wood, and/or Deutsche Bank.

RESPONSE:

14. Please produce all documents related to all foreign currency and equity trading engaged in by the Plaintiff, the Additional Participants, and/or the Individual Participants, including, but not limited to, all confirmations and trade tickets for the Transactions.

RESPONSE:

15. Please produce all documents related to the pricing and fee structure for the COBRA transactions, including the Transactions, and all documents related to any and all fees paid by the Plaintiff, the Additional Participants, or the Individual Participants with respect to the Transactions to any person or entity, including but not limited to: (1) fees paid to Ernst & Young, Jenkens & Gilchrist, Brown & Wood, Deutsche Bank, and/or Scheef & Stone; (2) fees paid to counterparties in connection with the currency trades, (3) and fees paid to lawyers, accountants or anyone else providing services with respect to the Transactions and/or the reporting of the Transactions.

RESPONSE:

16. Please produce any documents provided to the Plaintiff, the Additional Participants, or the Individual Participants that describe any economic, legal, tax, or financial benefit which could be derived from engaging in a COBRA transaction, the Transactions, or transactions that similarly involve European digital options (or, conversely, any such documents provided by the Plaintiff, the Additional Participants, or the Individual Participants, to any other person or entity).

RESPONSE:

17. Please produce all documents relating to the development, marketing, implementation, and reporting of the COBRA transactions, including the Transactions.

RESPONSE:

18. Please produce all documents relating to the implementation of the COBRA transactions and/or the Transactions.

RESPONSE

19. Please produce all documents relating to the purpose of the COBRA transactions, including, but not limited to, any asserted business purpose for the contribution of European digital options to Carmel Partners.

RESPONSE:

20. Please produce all documents related to the whether the COBRA transaction should have been registered under 26 U.S.C. §6111, whether the COBRA transaction was subject to the list maintenance requirements under 26 U.S.C. §6112, and/or any agreement to keep the Transactions confidential, including but not limited to any confidentiality agreements between the Individual participants and Ernst & Young, Jenkens & Gilchrist, Deutsche Bank, and/or Brown & Wood.

RESPONSE:

21. Please produce all documents related to early termination of any of the European digital options in the Transactions.

RESPONSE:

22. Please produce all documents related to how the COBRA transactions, the Transactions, or transactions that similarly involve European digital options were to be reported to the Internal Revenue Service, including, but not limited, to any template or proforma tax returns developed by Ernst & Young and/or Jenkens & Gilchrist.

RESPONSE:

23. Please produce all documents related to the manner in which the fees for the Transactions were to be reported to the Internal Revenue Service on the tax returns filed by Plaintiff, the Additional Participants, and/or the Individual Participants including, but not limited to, whether the fees paid to Jenkens & Gilchrist and Ernst & Young were partnership expenses and/or whether they should be capitalized by the partnership and/or deducted by the Individual Participants.

RESPONSE:

24. Please produce all documents related to any representations that were either made or proposed to be made by the Plaintiff, the Additional Participants, and/or the Individual Participants to Ernst & Young, Jenkens & Gilchrist, Brown & Wood, and/or Deutsche Bank with respect to the Transactions, including, but not limited to the Brown & Wood representation letters signed by the Individual Participants.

RESPONSE:

25. Please produce all documents related to registration of the COBRA transactions pursuant to 26 U.S.C. §6111.

RESPONSE:

26. Please produce all documents related to list maintenance of the COBRA transactions pursuant to 26 U.S.C. §6112.

RESPONSE:

27. Please produce all documents relating to the IRS promoter summonses issued to Ernst & Young, Jenkens & Gilchrist, and Brown & Wood, including, but not limited to, any communication regarding disclosure of the Individual Participants' identities to the Internal Revenue Service and the Individual Participant's waiver of attorney client privilege with respect to their communications with Jenkens & Gilchrist.

RESPONSE:

28. To the extent that any of the Plaintiff, the Additional Participants, or the Individual Participants contend that they relied upon legal or tax advice provided by any lawyer or accountant in filing any tax return reflecting the consequences of the Transactions, please produce all documents reflecting any communications between such person and the lawyer or accountant upon whom they contend they relied.

RESPONSE:

29. Please produce all documents related to any other litigation with respect to the propriety of COBRA, the Transactions, or transactions that similarly involve European digital options, including, but not limited to, all pleadings, motions, notices, affidavits, testimony, discovery requests, discovery responses, and arbitration.

RESPONSE:

30. Please produce all documents produced by Jenkens & Gilchrist pursuant to the settlement of the class action *Camferdam, et al. v. Ernst & Young, et al.*, 02-10100 (S.D.N.Y).

RESPONSE:

31. Please produce all documents related to statements made by any persons associated with Ernst & Young, Jenkens & Gilchrist, Brown & Wood, Deutsche Bank, or Scheef & Stone with respect to VIPER, COBRA, the Transactions, and/or transactions that similarly involve European digital options, including, but not limited to, any interview notes.

RESPONSE:

32. Please produce all documents related to any statements made by any of the Individual Participants regarding Ernst & Young, Jenkens & Gilchrist, Brown & Wood, Deutsche Bank, Sheef & Stone, VIPER, COBRA, the Transactions, and/or transactions that similarly involve European digital options, including, but not limited to, any statements to the media.

RESPONSE:

Dennis M. Donohue DMS

DENNIS M. DONOHUE
Attorney of Record
U.S. Department of Justice - Tax Division
Court of Federal Claims Section
Post Office Box 26
Ben Franklin Station
Washington, D.C. 20044
(202) 616-3366

EILEEN J. O'CONNOR
Assistant Attorney General
MILDRED L. SEIDMAN
Chief, Court of Federal Claims Section
DAVID GUSTAFSON
Assistant Chief

**CERTIFICATE OF SERVICE**

I hereby certify that on December 12, 2005, a copy of the foregoing UNITED STATES' FIRST SET OF DOCUMENT REQUESTS, was mailed by First Class U.S. mail postage paid, and properly addressed to the following:

Joel N. Crouch
Texas State Bar No. 05144220
Meadows, Owens, Collier, Reed
Cousins & Blau, L.L.P.
901 Main Street, Suite 3700
Dallas, Texas 75202

DAVID M. STEINER
Trial Attorney, Tax Division
U.S. Department of Justice
Post Office Box 55
Ben Franklin Station
Washington, D.C. 20044
Telephone: (202) 307-5892