# GOVERNMENT EXHIBIT I

Donohue 7104

**MEADOWS, OWENS, COLLIER, REED, COUSINS & BLAU, L.L.P.**
ATTORNEYS AT LAW
A REGISTERED LIMITED LIABILITY PARTNERSHIP INCLUDING PROFESSIONAL CORPORATIONS
901 MAIN STREET, SUITE 3700
DALLAS, TEXAS 75202
(214) 744-3700
www.meadowsowens.com

FAX (214) 747-3732
WATS (800) 451-0093

# FACSIMILE TRANSMISSION COVER SHEET

| RECIPIENT | COMPANY | FAX NO. | PHONE NO. |
|---|---|---|---|
| Dennis Donohue, Esq. | United States Department of Justice – Tax Division | (202) 514-5238 | |

| | | | |
|---|---|---|---|
| FROM: | JOEL N. CROUCH, P.C. | DATE: | February 28, 2006 |
| PHONE: | DIRECT DIAL (214) 749-2456 | CLIENT/MATTER #: | Z033/A401 |

**If transmission is not complete,**
**Please call (214) 744-3700.**

---

**COMMENTS:**

---

If you did not receive all of this transmission, please call the operator listed above as soon as possible. The information contained in this facsimile message is <u>ATTORNEY PRIVILEGED</u> and confidential information intended only for the use of the individual or entity named above. If the reader of this message is not the intended recipient, or the employee or agent responsible to deliver it to the intended recipient, you are hereby notified that any dissemination, distribution or copying of this communication is strictly prohibited. If you have received this communication in error, please immediately notify us by telephone and return the original message to us at the above address via U.S. Postal Service.

Thank You.

---

GOVERNMENT EXHIBIT
I
PENGAD 800-631-6989

MEADOWS, OWENS, COLLIER, REED, COUSINS & BLAU, L.L.P.
ATTORNEYS AT LAW
A REGISTERED LIMITED LIABILITY PARTNERSHIP INCLUDING PROFESSIONAL CORPORATIONS
901 MAIN STREET, SUITE 3700
DALLAS, TEXAS 75202
(214) 744-3700
www.meadowsowens.com

JOEL N. CROUCH, P.C. - Partner
DIRECT DIAL (214) 749-2456
jcrouch@meadowsowens.com

FAX (214) 747-3732
WATS (800) 451-0093

February 28, 2006

**VIA FACSIMILE TRANSMISSION**

**ORIGINAL TO FOLLOW VIA EXPRESS MAIL**

John A. Lindquist, Esq.
United States Department of Justice
Tax Division
Civil Trial Section, Northern Region
P.O. Box 55
Ben Franklin Station
Washington, D.C. 20044

Dennis Donohue, Esq.
United States Department of Justice
Tax Division
Civil Trial Section, Northern Region
P.O. Box 55
Ben Franklin Station
Washington, D.C. 20044

Re: *JZ Buckingham Investments LLC v. United States*
Case No. 05-231T

Gentlemen:

Attached please find JZ Buckingham's Response to the United States' First Set of Interrogatories and Requests for Production. It is my understanding that Jenkens & Gilchrist, LLP has provided the IRS disks containing their entire file regarding Jerry Zucker, James Boyd and the transaction at issue. Therefore, we are not providing an additional copy. If this is incorrect, please contact me and we will make you a copy of our disk.

If you have any questions, please feel free to contact me.

Very truly yours,

JOEL N. CROUCH, P.C.

By:
Joel N. Crouch, President

JNC/kme/334015
Attachments
cc: Mr. Jerry Zucker (w/encl.)
Mr. James Boyd (w/encl.)
M. Todd Welty, Esq.
Tara C. Campbell, Esq.

**IN THE UNITED STATES COURT OF FEDERAL CLAIMS**

| | | |
|---|---|---|
| **JZ Buckingham Investments LLC as Tax Matters Partner of JBJZ Partners, a South Carolina general partnership,** | § | |
| | § | |
| **Plaintiff,** | § | **CASE NO. 05-231 T** |
| **v.** | § | **Chief Judge Edward J. Damich** |
| | § | |
| **United States of America,** | § | |
| | § | |
| **Defendant.** | § | |

**OBJECTIONS AND RESPONSES TO UNITED STATES' FIRST SET OF INTERROGATORIES**

**TO:** The United States of America, by and through its attorney of record, Dennis M. Donohue, U.S. Department of Justice, Tax Division, Post Office Box 26, Ben Franklin Station, Washington, D.C. 20044, 202/616-3366.

COMES NOW, Plaintiff and states the following objections and responses to the United States' First Set of Interrogatories, dated December 12, 2005.

**GENERAL OBJECTIONS**

1. Plaintiff objects to the Definitions set forth in the United States' First Set of Interrogatories to the extent that they impose a burden on Plaintiff greater than authorized by the Federal Rules of Civil Procedure.

2. Plaintiff objects to all Interrogatories to the extent that they seek information protected by the Attorney/Client Privilege, the Attorney Work Product Doctrine or any other applicable privilege.

**SPECIFIC OBJECTIONS AND RESPONSES**

**INTERROGATORY NO. 1:** Identify each person that you have reason to believe was involved in the development and marketing of the COBRA transaction, describing each such person's role, and identifying all substantiating documents.

**ANSWER:**

Plaintiff objects to this Interrogatory on the grounds that it seeks information that is not relevant to any claim or defense of any party in this litigation, and places a burden or expense on Plaintiff that outweighs its likely benefit. Further, Plaintiff objects to this Interrogatory on the grounds that it seeks information that is cumulative or duplicative of information previously provided or otherwise in the possession of the United States. Subject to and without waiving said objections, the Individual Participants were introduced to the Transactions by Ernst & Young advisors, Tony Calendar and Ray Knight. Tony Calendar was a long-time and trusted advisor who introduced the Individual Participants over the telephone to Ray Knight. Ray Knight presented the concept of the structure of the Transactions, which, at best, offered the opportunity to make a substantial cash profit and, at worst, offered a net tax savings. The Individual Participants understood from Ernst & Young that the conceptual structure of the business transactions were developed internally and that two large and reputable law firms, without specific names, would provide tax opinions that the Transactions were fully compliant with U.S. tax law. Any and all responsive documents have been previously provided to the Internal Revenue Service during the examination and to the United States pursuant to Plaintiff's Initial Disclosures under Rule 26(a)(1)(b) of the Federal Rules of Civil Procedure and the Rules of the Court of Federal Claims. Please see bates numbered documents: ZEY000565-ZEY000568; ZJG000125-ZJG000126; and ZJG000272-ZJG000275.

**INTERROGATORY NO. 2:** For each Individual Participant, identify each person including but not limited to individuals from Ernst & Young, the Deutsche Bank, Jenkens & Gilchrist, Brown & Wood, your personal attorneys, personal accountants, and financial advisors that you had discussions with regarding your proposed investment in the COBRA transactions, and provide a summary of the essential aspects of those discussions.

**ANSWER:**

Plaintiff objects to this Interrogatory on the grounds that it seeks information that is not relevant to any claim or defense of any party in this litigation, and places a burden or expense on Plaintiff that outweighs its likely benefit. Further, Plaintiff object to this Interrogatory on the grounds that it seeks information that is cumulative or duplicative of information previously provided or otherwise in the possession of the United States. Subject to and without waiving said objections, the Individual Participants discussed the Transactions with Ernst & Young advisors, Tony Calendar, Ray Knight, Kenny Hughes and Shawn Smith. As mentioned in the response to Interrogatory No. 1, Tony Calendar introduced the Individual Participants via the telephone to Ray Knight. Also, as set forth in the response to Interrogatory No. 1, Ray Knight presented the concept of the structure of the Transactions. The Individual Participants only mentioned casually the Transactions to Kenny Hughes and Shawn Smith. Without detail and solely for preparation purposes, the Individual Participants made each of their return preparers, Barry Emerson and Sheila Pace, aware of the potential Transactions without any structural participation.

Any and all responsive documents have been previously provided to the Internal Revenue Service during the examination and to the United States pursuant to Plaintiff's Initial Disclosures under Rule 26(a)(1)(b) of the Federal Rules of Civil Procedure and the Rules of the Court of Federal Claims. Please see bates numbered documents: ZEY000565-ZEY000568; ZJG000125-ZJG000126; ZJG000272-ZJG000275; ZUZU00292-ZUZU00392; ZUZU00484- ZUZU00487; ZUZU00393- ZUZU00483; BOBO00057-BOBO00100; BOBO00101-BOBO00121; BOBO00001-BOBO00016; BOBO00017- BOBO00056; ZEY000997-ZEY001033; and ZEY001072-ZEY001093.

**INTERROGATORY NO. 3:** Identify all documents that were provided to you or that you generated or were generated by other individuals during the course of the discussions referred to in your response to Interrogatory 2.

**ANSWER:**

Refer to Objections and Response to Interrogatory No. 2, above. Any and all responsive documents have been previously provided to the Internal Revenue Service during the examination and to the United States pursuant to Plaintiff's Initial Disclosures under Rule 26(a)(1)(b) of the Federal Rules of Civil Procedure and the Rules of the Court of Federal Claims.

**INTERROGATORY NO. 4:** Identify all capital contributions made by JZ Buckingham Investments LLC and JGB Bohicket Investments LLC to JBJZ Partners and the reason for each separate contribution.

**ANSWER:**

Plaintiff objects to this Interrogatory on the grounds that it seeks information that is cumulative or duplicative of information previously provided or otherwise in the possession of the United States. Subject to and without waiving said objections, on November 24, 1999, Plaintiff transferred to JBJZ Partners, a South Carolina general partnership, $900,000 in cash and those certain option positions on the Euro and the Japanese Yen carried in that certain Deutsche Banc Alex. Brown Account. On that same date, JGB Bohicket Investments LLC transferred to JBJZ Partners $100,000 in cash and those certain option positions on the Euro carried in that certain Deutsche Banc Alex.Brown Account. On December 22, 1999, Plaintiff contributed to JBJZ Partners 4,500 shares of Cisco Systems Inc. On that same date, JGB Bohicket Investments LLC contributed to JBJZ Partners 500 shares of Cisco Systems Inc. The purpose of these contributions was twofold: (i) pool the partners' investments into a single investment portfolio to diversify specific investment risk, and (ii) centralize investment decision-making in the hands of a single investment manager (i.e. the managing partner of the partnership). Any and all

responsive documents have been previously provided to the Internal Revenue Service during the examination and to the United States pursuant to Plaintiff's Initial Disclosures under Rule 26(a)(1)(b) of the Federal Rules of Civil Procedure and the Rules of the Court of Federal Claims. Please see bates numbered documents 00000656 – 00000765; ZEY000917; ZEY000580-ZEY000581; and ZEY000582- ZEY000583.

**INTERROGATORY NO. 5:** During the period December 10 to 17, the Deutsche Bank, on behalf of JBJZ Partners, bought and sold stock of various banking institutions. Identify all persons with whom the Individual Participants consulted concerning these specific stock purchases and state the reasons why this stock was bought and sold during the time period.

**ANSWER:**

Plaintiff objects to this Interrogatory on the grounds that it seeks information that is not relevant to any claim or defense of any party in this litigation, and places a burden or expense on Plaintiff that outweighs its likely benefit. Further, Plaintiff objects to this Interrogatory on the grounds that it seeks information that is cumulative or duplicative of information previously provided or otherwise in the possession of the United States. Subject to and without waiving said objections, the Individual Participants mentioned which stock they decided to purchase to their Ernst & Young advisors, Ray Knight and Kenny Hughes. The Individual Participants also had a brief discussion with Jerry Schearer, a mutual close friend and one-time business partner of Individual Participant Jerry Zucker. The Individual Participants are highly sophisticated investors who mostly contemplated and discussed amongst themselves the purchase of the specific stock of various banking institutions and the investment fund. The Individual Participants believed that these banking and investment fund stock purchases were solid investment decisions that would likely appreciate in value when taken as a whole, with normal daily market variables expected. Any and all responsive documents have been previously provided to the Internal Revenue Service during the examination and to the United States pursuant to Plaintiff's Initial Disclosures

under Rule 26(a)(1)(b) of the Federal Rules of Civil Procedure and the Rules of the Court of Federal Claims. Please see bates numbered documents ZUDB00248- ZUDB00249; ZUDB00250-ZUDB00251; ZUDB00252-ZUDB002532; ZUDB00254-ZUDB00255; ZUDB00256-ZUDB00257; ZUDB00258-ZUDB00259; ZUDB00260-ZUDB00261; ZUDB00262-ZUDB00263; ZUDB00264-ZUDB00265; ZUDB00266-ZUDB00267; and ZUDB00268-ZUDB00269.

**INTERROGATORY NO. 6:** On December 23 and 27, the Deutsche Bank, on behalf of JBJZ Partners, purchased Canadian currency. Identify all persons with whom the Individual Participants consulted concerning the purchase of this currency and state the reasons why this specific currency was purchased.

**ANSWER:**

Plaintiff objects to this Interrogatory on the grounds that it seeks information that is not relevant to any claim or defense of any party in this litigation, and places a burden or expense on Plaintiff that outweighs its likely benefit. Further, Plaintiff objects to this Interrogatory on the grounds that it seeks information that is cumulative or duplicative of information previously provided or otherwise in the possession of the United States. Subject to and without waiving said objections, having extensive knowledge in foreign currency trading and options, the Individual Participants discussed and researched the viability of such currency investment amongst, and by, themselves. Operating a variety of Canadian businesses themselves, the Individual Participants believed that this currency purchase was a solid investment decision because of the strong Canadian net balance of trade vis a vis the U.S. and the substantial accumulation of hard currency reserves due to Canada's net natural resource trade surplus. Any and all responsive documents have been previously provided to the Internal Revenue Service during the examination and to the United States pursuant to Plaintiff's Initial Disclosures under Rule 26(a)(1)(b) of the Federal Rules of

Civil Procedure and the Rules of the Court of Federal Claims. Please see bates numbered documents

**INTERROGATORY NO. 7:** Describe how the currency options purchased by JZ Buckingham Investments LLC and JGB Bohicket Investments LLC and contributed by them to JBJZ Partners were closed out, including but not limited to, whether or not any of the options were exercised at the end of their term, whether they expired out of the money, or whether they were terminated prior to the expiration of the option period in return for a partial payment.

**ANSWER:**

Plaintiff objects to this Interrogatory on the grounds that it seeks information that is cumulative or duplicative of information previously provided or otherwise in the possession of the United States. Subject to and without waiving said objections, on December 22, 1999, JBJZ Partners' option positions on the Euro and the Japanese Yen terminated in accordance with their terms. Upon such termination, some option positions were in the money while some option positions were out of the money, details of which were twice previously provided. Any and all responsive documents have been previously provided to the Internal Revenue Service during the examination and to the United States pursuant to Plaintiff's Initial Disclosures under Rule 26(a)(1)(b) of the Federal Rules of Civil Procedure and the Rules of the Court of Federal Claims. Please see bates numbered documents: ZEY001072-ZEY001093; ZEY000580-ZEY000581; ZEY000582- ZEY000583; ZUDB00173-ZUDB00197; ZUDB00310-ZUDB00402; ZUDB00198-ZUDB00214; ZUDB00221-ZUDB00224; ZUDB00215-ZUDB00220; and ZUDB00225-ZUDB00247.

**INTERROGATORY NO. 8:** If the options were terminated prior to the expiration of the option period, identify all persons involved in the early termination and why the early termination was made, and explain how the payment amount was determined.

**ANSWER:**

Refer to Objections and Response to Interrogatory 7. Subject to and without waiving said objections, none of the options were terminated previous to their expiration date.

**INTERROGATORY NO. 9:** On JBJZ Partner's partnership return, there is reported $625,000 in income. State the source of this income and any expenses associated with incurring this income.

**ANSWER:**

Form 1065 for JBJZ Partners' short taxable year 1999 reflects that it received $625,000 in income derived from the sale of several currency contracts. JBJZ Partners had a total gain on the sale of the currency contracts of $48,750,000 and a total loss of $48,125,000, for a net gain of $625,000. Any and all responsive documents have been previously provided to the Internal Revenue Service during the examination and to the United States pursuant to Plaintiff's Initial Disclosures under Rule 26(a)(1)(b) of the Federal Rules of Civil Procedure and the Rules of the Court of Federal Claims. Please see bates numbered documents: ZEY001072-ZEY001093; ZUDB00248- ZUDB00249; ZUDB00250-ZUDB00251; ZUDB00252-ZUDB002532; ZUDB00254-ZUDB00255; ZUDB00256-ZUDB00257; ZUDB00258-ZUDB00259; ZUDB00260-ZUDB00261; ZUDB00262-ZUDB00263; ZUDB00264-ZUDB00265; ZUDB00266-ZUDB00267; and ZUDB00268-ZUDB00269.

**INTERROGATORY NO. 10:** Please describe all representations that the Individual Participants made to Jenkens & Gilchrist and/or Brown & Wood for purposes of the preparations of legal opinions of the Transactions, including but not limited to, their representations referenced on pages 2-3 of the letters from Brown & Wood, LLP to each of the Individual Participants, detailing as to each such representation the date of the representation, the mode of the representation (e.g. whether by telephone, letter, facsimile, e-mail, in person, or any other form), the identity of all persons party to the representation, the substance of the representation, and the identity of all substantiating documents.

**ANSWER:**

Plaintiff objects to this Interrogatory on the grounds that it seeks information that is cumulative or duplicative of information previously provided or otherwise in the possession of the United States. Subject to and without waiving said objections, the Individual Participants relayed verbally to their Ernst & Young advisor, Ray Knight, their belief that they could make an attractive profit by choosing the correct investments, that they felt knowledgeable of their selection and felt comfortable as to the safety net that the structure would provide from a tax perspective. Thereafter, the individual participants relied upon their Ernst & Young advisors to ensure the correctness of the representations made to Jenkens & Gilchrist and Brown & Wood in connection with the legal opinions rendered by those firms. Any and all responsive documents have been previously provided to the Internal Revenue Service during the examination and to the United States pursuant to Plaintiff's Initial Disclosures under Rule 26(a)(1)(b) of the Federal Rules of Civil Procedure and the Rules of the Court of Federal Claims. Please see bates numbered documents: ZJG000125-ZJG000126 and ZEY000177- ZEY000254.

**INTERROGATORY NO. 11:** To the extent that you contend that there was a business purpose for the formation of JZ Buckingham Investments LLC, JGB Bohicket Investments LLC, JBJZ Partners, and/or JBJZ Investors, Inc., as to each entity full describe the basis for your contention that there was a business purpose for the formation of that entity and identify all substantiating documents.

**ANSWER:**

Plaintiff objects to this Interrogatory on the grounds that it is overbroad and unduly burdensome, and places a burden or expense on Plaintiff that outweighs its likely benefit. Further, Plaintiff objects to this Interrogatory on the grounds that it seeks information that is cumulative or duplicative of information previously provided or otherwise in the possession of the United States. Subject to and without waiving said objections, based upon the advice of their Ernst &

Young advisors, Individual Participant Jerry Zucker formed JZ Buckingham Investments LLC for the purposes of purchasing and managing investments in stock, securities, foreign currency, and other investments, which had the business purpose of limiting Mr. Zucker's risk exposure to such investments to the amount of capital contributed to the company. Similarly, Individual Participant James Boyd formed JGB Bohicket Investments LLC for the purposes of purchasing and managing investments in stock, securities, foreign currency, and other investments, which had the business purpose of limiting Mr. Boyd's risk exposure to such investments to the amount of capital contributed to the company. Because Mr. Zucker and Mr. Boyd were contemplating foreign currency derivative investments that carried a significant risk of loss, it was critical that they have limited liability.

Relatedly, JZ Buckingham Investments LLC and JGB Bohicket Investments LLC formed JBJZ Partners for the purpose of (i) diversifying their respective investments (without the need of purchasing additional investments), (ii) creating a larger pool of capital from which other investments could be made, and (iii) centralizing investment decision making in the hands of a single manager that could effectively and efficiently manage the overall portfolio of collective assets. Finally, the Individual Participants formed JBJZ Investors, Inc. as a merger of interests for investment purposes and, in fact, subsequent to the Transactions, JBJZ Investors, Inc. continued to invest in stocks and securities.

Any and all responsive documents have been previously provided to the Internal Revenue Service during the examination and to the United States pursuant to Plaintiff's Initial Disclosures under Rule 26(a)(1)(b) of the Federal Rules of Civil Procedure and the Rules of the Court of Federal Claims. Please see bates numbered documents: 00000656 – 00000765.

**INTERROGATORY NO. 12:** Describe fully the investment experience that each Individual Participant had with the purchase and sale of foreign currency derivatives, and specifically

including European digital options on foreign currencies prior to their investment, through LLCs, in the COBRA transactions.

**ANSWER:**

Plaintiff objects to this Interrogatory on the grounds that it seeks information not relevant to any claim or defense of any party in this litigation, is overbroad and unduly burdensome, and places a burden or expense on Plaintiff that outweighs its likely benefit. Subject to and without waiving said objections, the Individual Participants each had significant investment experience prior to the Transactions. Although they, at the time, had no knowledge of a transaction now described by the IRS as "COBRA", both Individual Participants are extremely sophisticated investors. They each have had extensive experience with "financial products", currency transactions and options trading, in both an individual and a corporate capacity. Individual Participant Jerry Zucker held prior to the Transactions, and continues to hold, a well-developed, extensive and diversified portfolio. With such a background, both Individual Participants recognized that the Transactions carried substantial risks as well as an opportunity for generating a significant profit.

**INTERROGATORY NO. 13:** If either of the Individual Participants purchased or sold foreign currency options prior to November 23, 1999, either directly or indirectly, as to each such trade describe the transaction, including the date, the amounts, the currencies and the parties, and identify all substantiating documents, including the tax returns on which those transactions were reported.

**ANSWER:**

Plaintiff objects to this Interrogatory on the grounds that it seeks information not relevant to any claim or defense of any party in this litigation, is overbroad and unduly burdensome, and places a burden and expense on Plaintiff that outweighs its likely benefit.

**INTERROGATORY NO. 14:** List all fees incurred by Plaintiff, the Additional Participants, and the Individual Participants on the purchase of the Transactions, including but not limited to fees paid to Ernst & Young, Jenkens & Gilchrist, Deutsche Bank, and any law, accounting or financial services' firms who provided services in connection with the purchase of the COBRA transactions and the reporting of the tax consequences of the Transactions on the 1999 federal

income tax returns filed by Plaintiff, the Additional Participants, and/or the Individual Participants.

**ANSWER:**

Plaintiff objects to this Interrogatory on the grounds that it seeks information that is cumulative or duplicative of information previously provided or otherwise in the possession of the United States. Subject to and without waiving said objections, in connection with the purchase and reporting of the Transactions, Plaintiff incurred fees in the aggregate amount of (i) $675,000 to Ernst & Young, (ii) $1,260,000 to Jenkens & Gilchrist, and (iii) $54,000 to Brown & Wood. Further, JGB Bohicket Investments LLC incurred fees in the aggregate amount of (i) $75,000 to Ernst & Young, (ii) $140,000 to Jenkens & Gilchrist, and (iii) $6,000 to Brown & Wood. Further, JBJZ Investors, Inc. incurred fees in the aggregate amount of $40,000 to Jenkens & Gilchrist. Any and all responsive documents have been previously provided to the Internal Revenue Service during the examination and to the United States pursuant to Plaintiff's Initial Disclosures under Rule 26(a)(1)(b) of the Federal Rules of Civil Procedure and the Rules of the Court of Federal Claims. Please see bates numbered documents: Z0001287-0001290; ZJG000272-ZJG000275; ZJG000279; ZUDB00099; ZUDB00121; ZUDB00019; ZUDB00122; Z001311; Z001316; ZUDB00103; ZUDB00104; Z001381; Z001382; ZEY000565-ZEY000568 and ZUDB00098.

**INTERROGATORY NO. 15:** For each of the fees listed in your response to Interrogatory 14, identify the person or entity who was invoiced for such amount, and identify the person or entity who made the payment of the amount, and where the person or entity making the payment is different than who was invoiced for the amount, provide an explanation for this difference.

**ANSWER:**

Plaintiff objects to this Interrogatory on the grounds that it seeks information that is cumulative or duplicative of information previously provided or otherwise in the possession of the United States.

**INTERROGATORY NO. 16:** Identify each person that was involved in the preparation and/or review of the tax returns that were filed by Plaintiff, the Individual Participants, and/or the Additional Participants, on which the Transactions were reported, listing as to each such person all communications regarding the preparation of any of these tax returns, the substance of those communications, and the identity of all substantiating documents.

**ANSWER:**

Plaintiff objects to this Interrogatory on the grounds that it seeks information that is not relevant to any claim or defense of any party in this litigation, and places a burden or expense on Plaintiff that outweighs its likely benefit. Further, Plaintiff objects to this Interrogatory on the grounds that it is overbroad and unduly burdensome. Subject to and without waiving said objections, Ernst & Young prepared and signed as the tax-return preparer the federal tax returns upon which the Transactions were reported, including but not limited to, Form 1120-S for JBJZ Investors, Inc. and Form 1065 for JBJZ Partners. Form 1040 for Individual Participant Jerry Zucker was prepared and signed as the tax-return preparer by Barry A. Emerson, CPA of Barry A. Emerson, CPA, LLC, 288 Meeting Street, Charleston, South Carolina Form 1040 for Individual Participant James Boyd was prepared and signed as the tax-return preparer by Sheila Pace of Thiem, Jackson & Pace, CPAs, P.A., 171 Church Street, Suite 230, Charleston, South Carolina. Any and all responsive documents have been previously provided to the Internal Revenue Service during the examination and to the United States pursuant to Plaintiff's Initial Disclosures under Rule 26(a)(1)(b) of the Federal Rules of Civil Procedure and the Rules of the Court of Federal Claims. Please see bates numbered documents: ZUZU00292-ZUZU00392; ZUZU00484-

ZUZU00487; ZUZU00393- ZUZU00483; BOBO00057-BOBO000100; BOBO000101-BOBO00121; BOBO00001-BOBO00016; BOBO00017- BOBO00056; ZEY000997-ZEY001033; and ZEY001072-ZEY001093.

**INTERROGATORY NO. 17:** State whether the Individual Participants were aware that Ernst & Young was coordinating the preparation of the returns for all COBRA participants and, if so, detail the Individual Participant's understanding of the reason for so doing and identify all substantiating documents.

**ANSWER:**

Plaintiff objects to this Interrogatory on the grounds that it seeks information that is not relevant to any claim or defense of any party in this litigation, and places a burden or expense on Plaintiff that outweighs its likely benefit. Subject to and without waiving said objections, Plaintiff was not aware at the time of the Transactions of any other participants or any structure now called "COBRA". However, Plaintiff was aware that Ernst & Young would be preparing their returns for the Transactions. Any and all responsive documents have been previously provided to the Internal Revenue Service during the examination and to the United States pursuant to Plaintiff's Initial Disclosures under Rule 26(a)(1)(b) of the Federal Rules of Civil Procedure and the Rules of the Court of Federal Claims. Please see bates numbered documents: ZEY000565-ZEY000568.

**INTERROGATORY NO. 18:** If either of the individual Participants ever discussed the manner in which the fees paid to Jenkens & Gilchrist, Ernst & Young, and/or Brown & Wood were to be reported on their tax returns, please detail the date of any such discussions, all persons who were party to those discussions, the substance of those discussions, and the identity of all substantiating documents.

**ANSWER:**

Plaintiff objects to this Interrogatory on the grounds that it seeks information that is not relevant to any claim or defense of any party in this litigation, and places a burden or expense on Plaintiff that outweighs its likely benefit. Subject to and without waiving said objections, the Individual

Participants did not discuss the manner in which the fees were to be reported. The Individual Participants merely forwarded on to their individual accountants, listed in the response to Interrogatory No. 16, the Ernst & Young prepared documents and information. These same trusted personal accountants prepared the returns of the Individual Participants accordingly. Any and all responsive documents have been previously provided to the Internal Revenue Service during the examination and to the United States pursuant to Plaintiff's Initial Disclosures under Rule 26(a)(1)(b) of the Federal Rules of Civil Procedure and the Rules of the Court of Federal Claims. Please see bates numbered documents: ZUZU00292-ZUZU00392; ZUZU00484-ZUZU00487; ZUZU00393- ZUZU00483; BOBO00057-BOBO00100; BOBO00101-BOBO00121; BOBO00001-BOBO00016; BOBO00017- BOBO00056; ZEY000997-ZEY001033; and ZEY001072-ZEY001093.

**INTERROGATORY NO. 19:** State whether either of the Individual Participants, Jerry Zucker and/or James Boyd, were members of the class in Camferdam, et al. v. Ernst & Young International, Inc., et al., No. 02 Civ. 10100 (S.D.N.Y.)(BSJ)(Class Action), and if so, as to each, the date(s) upon which he read the complaint, amended complaint, and/or second amended complaint in that action (or any portions thereof), the portions of the complaint(s) that he read at that time, and identify any substantiating documents.

**ANSWER:**

Plaintiff objects to this Interrogatory on the grounds that it seeks information that is not relevant to any claim or defense of any party in this litigation, and places a burden or expense on Plaintiff that outweighs its likely benefit. Subject to and without waiving said objections, neither the Individual Participants nor the Plaintiff are members of the class in the Class Action.

**INTERROGATORY NO. 20:** If Plaintiff, any of the Additional Participants, and/or any Individual Participant opted out of the Class Action, identify as to each the date on which they opted out, the reasons for their decision to opt out, and identify any substantiating documents.

**ANSWER:**

Plaintiff objects to this Interrogatory on the grounds that it seeks information that is not relevant to any claim or defense of any party in this litigation, and places a burden or expense on Plaintiff that outweighs its likely benefit. Subject to and without waiving said objections, neither the Individual Participants nor the Plaintiff has opted out of the Class Action.

**INTERROGATORY NO. 21:** If Plaintiff, any of the Additional Participants, and/or any Individual Participant participated in the Mediated Settlement Agreement in the Class Action, identify as to each the date on which they began their participation, the extent of their participation, and identify any substantiating documents.

**ANSWER:**

Plaintiff objects to this Interrogatory on the grounds that it seeks information that is not relevant to any claim or defense of any party in this litigation, and places a burden or expense on Plaintiff that outweighs its likely benefit. Subject to and without waiving said objections, neither the Individual Participants nor the Plaintiff has participated in the Mediated Settlement Agreement in the Class Action.

**INTERROGATORY NO. 21 [sic] (should be Interrogatory No. 22):** In the Second Amended Complaint filed in the Class Action, it was alleged at ¶ 61 that:

> Plaintiff and all other Class members entered into FX Contracts during the Class Period that were structured similarly, if not identically, to those described in paragraphs 57-60 herein. In most cases, both options expired "out of the money," thus allowing the Deutsche Defendants to retain the fees they had received. In any event, all Plaintiff and Class Members lost money after taking into account the fees paid to Jenkens, the Deutsche Defendants and the Marketing Participants (e.g. the Ernst & Young Defendants). Neither the dates nor the currencies are believed to be material to the transactions, as it was represented that such would not affect the outcome of the transaction. Specifically, it was represented by the Marketing Participants that, regardless of the currencies chosen as the basis for the FX Contracts, the probable outcome was a 38% likelihood of making 31% on the investment at the conclusion of a thirty-day period.

**ANSWER:**

Plaintiff objects to this Interrogatory on the grounds that it seeks information that is not relevant to any claim or defense of any party in this litigation, and places a burden or expense on Plaintiff that outweighs its likely benefit. Further, Plaintiff objects to this Interrogatory on the grounds that it is overbroad and unduly burdensome. Subject to and without waiving the objections, neither the Individual Participants nor the Plaintiff has knowledge of the content of the referenced amended complaint nor is the referenced commentary descriptive of their Transactions.

**INTERROGATORY NO. 22 (should be Interrogatory No. 23):** In the second Amended Complaint filed in the Class Action, it was alleged at ¶ 64 that the defendants therein engaged in misrepresentations and omissions of material fact by –

- Failing to disclose the true likelihood that the FX Contracts would pay out;
- Failing to disclose that the Defendants retained virtually unlimited discretion to determine whether the Digital Options would pay out and therefore, could ensure, if they so chose, that the Digital Options would *not* pay out; and
- Failing to apprise the Plaintiff and Class Members that the FX Contracts had no reasonable possibility of a profit (certainly not in excess of the fees paid), and that, in reality, the net effect of the Digital Options they were purchasing and selling was nothing more than a wager, like buying a lottery ticket, on where the price of the underlying currency would be at exactly 10 a.m. on a given date thirty days hence.

Regardless as to whether or not Plaintiff or any of the Individual Participants or Additional Participants were members of the Class Action suit or even whether any of the Individual Participants had previously read the Class Complaint, state whether you agree or disagree with each of these allegations, describing as to each of these allegations the factual and/or legal basis for your agreement and/or disagreement and identifying all substantiating documents.

**ANSWER:**

Plaintiff objects to this Interrogatory on the grounds that it seeks information that is not relevant to any claim or defense of any party in this litigation, and places a burden or expense on Plaintiff that outweighs its likely benefit. Further, Plaintiff objects to this Interrogatory on the grounds that it is overbroad and unduly burdensome. Subject to and without waiving the objections, the Individual Participants have no knowledge of a basis to make any of the above-listed allegations.

The terms of which do not even remotely appear to describe the Transactions, which had a clear potential to make a substantial profit based on the unique investments directives of the Individual Participant.

**INTERROGATORY NO. 23 (should be Interrogatory No. 24):** In the Second Amended Complaint filed in the Class Action, it was alleged at ¶ 339 that "the Defendants knowingly acted in concert to market and implement the fraudulent and illegal COBRA tax shelter transaction." Regardless as to whether or not Plaintiff or any of the Individual Participants or Additional Participants were members of the Class Action suit or even whether any of the Individual Participants had previously read the Class Complaint, state whether you agree or disagree with this allegation, describing the factual and/or legal basis for your agreement and/or disagreement and identifying all substantiating documents.

**ANSWER:**

Plaintiff objects to this Interrogatory on the grounds that it seeks information that is not relevant to any claim or defense of any party in this litigation, is overbroad and unduly burdensome, and places a burden or expense on Plaintiff that outweighs its likely benefit. Further, Plaintiff objects to this Interrogatory on the grounds that it seeks information that is cumulative or duplicative of information previously provided or otherwise in the possession of the United States. Moreover, Plaintiff objects to this Interrogatory on the grounds that it calls for Plaintiff to respond to purely legal questions regarding the legality of a COBRA transaction. Subject to and without waiving the objections, the Individual Participants have no knowledge of a basis to make any of the above-listed allegations. The terms of which do not even remotely appear to describe the Transactions, which had a clear potential to make a substantial profit based on the unique investments directives of the Individual Participant.

**INTERROGATORY NO. 24 (should be Interrogatory No. 25):** During the marketing, promotion and/or sale of the Transactions to the Individual Participants, detail what, if anything, was communicated to the Individual Participants with respect to Jenkens & Gilchrist and its role in the development and/or implementation of the Transactions, including, but not limited to, whether the Individual Participants were asked to sign a Jenkens & Gilchrist confidentiality agreement.

**ANSWER:**

Plaintiff objects to this Interrogatory on the grounds that it seeks information that is not relevant to any claim or defense of any party in this litigation, and places a burden or expense on Plaintiff that outweighs its likely benefit. Subject to and without waiving said objections, the Individual Participants were advised that two large and reputable law firms would opine as to the federal income tax treatment of the Transactions. No names of the law firms were provided. Any and all responsive documents have been previously provided to the Internal Revenue Service during the examination and to the United States pursuant to Plaintiff's Initial Disclosures under Rule 26(a)(1)(b) of the Federal Rules of Civil Procedure and the Rules of the Court of Federal Claims. Please see bates numbered documents: ZEY00384-ZEY00482; and ZEY000062-ZEY000176.

**INTERROGATORY NO. 25 (should be Interrogatory No. 26):** Identify each person who participated in answering any of the United States First Set of Interrogatories on your behalf and for each such person, specify which interrogatories he/she participated in answering.

**ANSWER:**

Plaintiff objects to this Interrogatory on the grounds that it is beyond the number of interrogatories allowed by the Rules of the Court of Federal Claims. Subject to and without waiving the objections, both Individual Participants provided some measure of input as to all responses.

Respectfully submitted,

By: [signature]
Joel N. Crouch
Texas State Bar No.05144220
M. Todd Welty
Texas State Bar No. 00788642

MEADOWS, OWENS, COLLIER, REED
COUSINS & BLAU, L.L.P.
901 Main Street, Suite 3700
Dallas, TX 75202
(214) 744-3700 Telephone
(214) 747-3732 Facsimile
jcrouch@meadowsowens.com

ATTORNEYS FOR PLAINTIFF

**CERTIFICATE OF SERVICE**

On this 28th day of February 2006, a copy of the foregoing Response was delivered to counsel listed below via the means indicated.

**Via Facsimile and Express Mail**

Dennis M. Donohue, Esq.
United States Department of Justice
Tax Division
Civil Trial Section, Northern Region
P.O. Box 55
Ben Franklin Station
Washington, D.C. 20044

JOEL N. CROUCH

**VERIFICATION**

STATE OF South Carolina §
§
COUNTY OF Charleston §

BEFORE ME, the undersigned Notary Public, on this day personally appeared JERRY ZUCKER, who, after being duly sworn, stated under oath that on behalf of Plaintiff JZ Buckingham Investments, LLC, he has read the above Objections and Responses to the United States' First Set of Interrogatories and each, to the best of his knowledge, is true and correct.

[signature]
JERRY ZUCKER

SUBSCRIBED AND SWORN TO BEFORE ME, on this the 24th day of February 2006.

Donna B. Hartin
Notary Public, State of ~~Texas~~ South Carolina
My Commission Expires: 9-16-2014

**IN THE UNITED STATES COURT OF FEDERAL CLAIMS**

| | | |
|---|---|---|
| **JZ Buckingham Investments LLC as Tax Matters Partner of JBJZ Partners, a South Carolina general partnership,** | § | |
| **Plaintiff,** | § | **CASE NO. 05-231 T** |
| **v.** | § | **Chief Judge Edward J. Damich** |
| **United States of America,** | § | |
| **Defendant.** | § | |

**PLAINTIFF'S OBJECTIONS AND RESPONSES TO UNITED STATES' FIRST REQUESTS FOR PRODUCTION OF DOCUMENTS**

**TO:** The United States of America, by and through its attorney of record, Dennis M. Donohue, U.S. Department of Justice, Tax Division, Post Office Box 26, Ben Franklin Station, Washington, D.C. 20044, 202/616-3366.

COMES NOW, Plaintiff and states the following objections and responses to the United States' First Request for Production of Documents (the "Document Request").

**GENERAL OBJECTIONS**

1. Plaintiff objects to the Definitions set forth in the Document Request to the extent that they impose a burden on Plaintiff greater than authorized by the Federal Rules of Civil Procedure.

2. Plaintiff objects to all of the requests set forth in the Document Request (collectively the "Requests" and individually the "Request") to the extent to the extent that they seek information protected by the Attorney/Client Privilege, the Attorney Work Product Doctrine or any other applicable privilege.

3. Plaintiff objects to all of the Requests to the extent that they seek the production of documents cumulative or duplicative of documents previously provided by Plaintiff

pursuant to Rule 26(a)(1)(b) of the Federal Rules of Civil Procedure and the Rules of Court of Federal Claims.

**REQUEST FOR PRODUCTION NO. 1:** Please produce all documents identified by the Plaintiff in response to the United States' First Set of Interrogatories, being served concurrently herewith.

**RESPONSE:**

Subject to the objections set forth above, all documents responsive have been previously provided to the United States pursuant to Plaintiff's Initial Disclosures under Rule 26(a)(1)(b) of the Federal Rules of Civil Procedure and the Rules of the Court of Federal Claims.

**REQUEST FOR PRODUCTION NO. 2:** Please provide all documents constituting the organizational and operating documents of the Plaintiff and the Additional Participants (including, but not limited to, (a) records reflecting the creation and registration of partnership, corporations and LLC's; (b) any entity's minute books; (c) any entity's resolutions; (d) partnership agreements; (e) articles of incorporation or other documents forming, amending, and governing the entities; and (f) any publicly filed documents relating to any of these entities).

**RESPONSE:**

Plaintiff objects to this Request requiring the production of "all documents constituting the organizational and operating documents" of any entities on the grounds that such Request is vague, overbroad and unduly burdensome. Plaintiff objects to the Request on the grounds that it seeks documents that are not relevant to any claim or defense of any party in this litigation, and the Request places a burden or expense on Plaintiff that outweighs its likely benefit. The Transactions at issue in this litigation took place in 1999, and any documents regarding subsequent years to the Transactions are not relevant. All documents related to the Transactions have been previously provided to the IRS during the audit and the United States pursuant to Plaintiff's Initial Disclosures under Rule 26(a)(1)(b) of the Rules of the Court of Federal Claims.

**REQUEST FOR PRODUCTION NO. 3:** Please produce all documents establishing any and all legal or contractual relationships amongst the Plaintiff, the Additional Participants and/or the Individual Participants in effect at any time between the years 1999-2005.

**RESPONSE:**

Plaintiff objects to this Request on the grounds that the Request seeks documents that are not relevant to any claim or defense of any party in this litigation, and the Requests places a burden or expense on Plaintiff that outweighs his likely benefit. Further, Plaintiff objects to the Request on the grounds that it is overbroad and unduly burdensome. Subject to and without waiving said objections, Plaintiff has previously produced to the IRS and the United States all non-privileged documents establishing any legal or contractual relationship amongst the Plaintiffs for the year 1999 that are related to the Transactions at issue.

**REQUEST FOR PRODUCTION NO. 4:** Please produce all documents presenting reports of the financial condition of the Plaintiff, the Additional Participants and/or the Individual Participants for the years 1999-2000, including, but not limited to, all audited or unaudited financial statements or statement of net asset value.

**RESPONSE:**

Plaintiff objects to this Request on the grounds that the Request seeks documents that are not relevant to any claim or defense of any party in this litigation, and the Requests places a burden or expense on Plaintiff that outweighs his likely benefit. Further, Plaintiff objects to the Request on the grounds that it is overbroad and unduly burdensome.

**REQUEST FOR PRODUCTION NO. 5:** Please produce all documents constituting state or federal income tax returns or information returns of the Plaintiff, the Additional Participants, and the Individual Participants for the years 1999 and 2000 (including, but not limited to, any federal Forms 1040, 1041, 1065, 1120, or K1 filed by any of these persons), including, but not limited to all drafts of those returns and the retained copy of the filed returns.

**RESPONSE:**

Plaintiff objects to this Request on the grounds that the Request seeks documents that are not relevant to any claim or defense of any party in this litigation, and the Requests places a burden or expense on Plaintiff that outweighs his likely benefit. Further, Plaintiff objects to the Request on the grounds that it is overbroad and unduly burdensome. Subject to and without waiving said objections, Plaintiff has previously produced to the IRS and the United States copies of all federal and state tax returns for the year 1999.

**REQUEST FOR PRODUCTION NO. 6:** Please producc all documents relating to any communications between state tax and regulatory agencies and/or the Plaintiff, the additional Participants, and thc individual Participants regarding their state or federal income tax rcturns or information rcturns of the Plaintiff, the Additional Participants, and the Individual Participants for the years 1999 and 2000 and also regarding any state tax or regulatory filing requirements.

**RESPONSE:**

Subject to the objcctions set forth abovc, all documents responsive have been previously provided to the United States pursuant to Plaintiff's initial disclosurcs under Rule 26(a)(1)(b) of the Federal Rules of Civil Procedure and the Rules of the Court of Federal Claims.

**REQUEST FOR PRODUCTION NO. 7:** Please produce all documents reflecting any communications between or amongst thc Individual Participants during the years 1999-present relating to: VIPER, COBRA, the Transactions, transactions that similarly involve European digital options, IRS Notice 1999-59, IRS Notice 2000-44, Ernst & Young, Jenkens & Gilchrist, Deutsche Bank, Scheef & Stone, or Brown & Wood.

**RESPONSE:**

Plaintiff objects to this Request on the grounds that the Request seeks documents that are not relevant to any claim or defense of any party in this litigation, and the Requests places a burden or expense on Plaintiff that outweighs his likely benefit. Further, Plaintiff objects to the Request on the grounds that it is overbroad and unduly burdensome. Subject to and without waiving said objections, Plaintiff has previously produced all non-privileged documents reflecting any communications between or amongst any of the Plaintiffs relating to the Transactions.

**REQUEST FOR PRODUCTION NO. 8:** Please producc complete copies of all documents, along with any attachments or enclosures thereto, reflecting any communications during thc years 1999-present between Ernst & Young, the Plaintiff, the Additional Participants, the Individual Participants, Jenkens & Gilchrist, Deutsche Bank, Scheef & Stone, or Brown &

Wood, including but not limited to, all invoices, rep letters, confidentiality agreements, e-mail and facsimile.

**RESPONSE:**

Plaintiff objects to this Request on the grounds that the Request seeks documents that are not relevant to any claim or defense of any party in this litigation, and the Requests places a burden or expense on Plaintiff that outweighs his likely benefit. Further, Plaintiff objects to the Request on the grounds that it is overbroad and unduly burdensome. Subject to and without waiving said objections, Plaintiff has previously produced all non-privileged documents relating to the Transactions.

**REQUEST FOR PRODUCTION NO. 9:** Please produce all documents reflecting any communications during the years 1999-present between Jenkens & Gilchrist and the Plaintiff, the Additional Participants, the Individual Participants, Ernst & Young, Deutsche Bank, Scheef & Stone, or Brown & Wood.

**RESPONSE:**

Plaintiff objects to this Request on the grounds that the Request seeks documents that are not relevant to any claim or defense of any party in this litigation, and the Requests places a burden or expense on Plaintiff that outweighs his likely benefit. Further, Plaintiff objects to the Request on the grounds that it is overbroad and unduly burdensome. Subject to and without waiving said objections, Plaintiff has previously produced all non-privileged documents relating to the Transactions.

**REQUEST FOR PRODUCTION NO. 10:** Please produce all documents reflecting any communications during the years 1999-present between Brown & Wood and the Plaintiff, the Additional Participants, the Individual Participants, Jenkens & Gilchrist, Ernst & Young, Deutsche Bank, or Scheef & Stone.

**RESPONSE:**

Plaintiff objects to this Request on the grounds that the Request seeks documents that are not relevant to any claim or defense of any party in this litigation, and the Requests places a burden or expense on Plaintiff that outweighs his likely benefit. Further, Plaintiff objects to the Request on the grounds that it is overbroad and unduly burdensome. Subject to and without waiving said

objections, Plaintiff has previously produced all non-privileged documents relating to the Transactions.

**REQUEST FOR PRODUCTION NO. 11:** Please produce all documents reflecting any communications during the years 1999-present between the Deutsche Bank and the Plaintiff, the Additional Participants, the Individual Participants, Jenkens & Gilchrist, Ernst & Young, Scheef & Stone or Brown & Wood.

**RESPONSE:**

Plaintiff objects to this Request on the grounds that the Request seeks documents that are not relevant to any claim or defense of any party in this litigation, and the Requests places a burden or expense on Plaintiff that outweighs his likely benefit. Further, Plaintiff objects to the Request on the grounds that it is overbroad and unduly burdensome. Subject to and without waiving said objections, Plaintiff has previously produced all non-privileged documents relating to the Transactions.

**REQUEST FOR PRODUCTION NO. 12:** Please produce all documents created by Ernst & Young, Jenkens & Gilchrist, Brown & Wood, and/or Deutsche Bank relating to VIPER, COBRA, the Transactions, or any other transactions which involved European digital operations Jenkens & Gilchrist, Ernst & Young, Scheef & Stone, Deutsche Bank or Brown & Wood.

**RESPONSE:**

Plaintiff objects to this Request on the grounds that the Request seeks documents that are not relevant to any claim or defense of any party in this litigation, and the Requests places a burden or expense on Plaintiff that outweighs his likely benefit. Further, Plaintiff objects to the Request on the grounds that it is overbroad and unduly burdensome. Subject to and without waiving said objections, Plaintiff has previously produced all non-privileged documents created by Ernst & Young, Jenkens & Gilchrist, Brown & Wood and/or Deutsche Bank responsive to this request.

**REQUEST FOR PRODUCTION NO. 13:** Please produce all documents related to any communication during the years 1999-present relating to VIPER, COBRA, European digital options, or the Transactions between or amongst Ernst & Young, Jenkens & Gilchrist, Brown & Wood, and/or Deutsche Bank.

**RESPONSE:**

Plaintiff will provide all non-privileged communications responsive to this Request.

**REQUEST FOR PRODUCTION NO. 14:** Please produce all documents related to all foreign currency and equity trading engaged in by the Plaintiff, the Additional Participants, and/or the Individual Participants, including, but not limited to, all confirmations and trade tickets for the Transactions.

**RESPONSE:**

Plaintiff objects to this Request on the grounds that the Request seeks documents that are not relevant to any claim or defense of any party in this litigation, and the Requests places a burden or expense on Plaintiff that outweighs his likely benefit. Further, Plaintiff objects to the Request on the grounds that it is overbroad and unduly burdensome. Subject to and without waiving said objections, Plaintiff has previously produced all documents related to foreign currency and equity trading engaged in by Plaintiff and the Additional Participants related to the Transactions.

**REQUEST FOR PRODUCTION NO. 15:** Please produce all documents related to the pricing and fee structure for the COBRA transactions, including the Transactions, and all documents related to any and all fees paid by the Plaintiff, the Additional Participants, and the Individual Participants with respect to the Transactions to any person or entity, including but not limited to: (1) fees paid to Ernst & Young, Jenkens & Gilchrist, Brown & Wood, Deutsche Bank, and/or Scheef & Stone; (2) fees paid to counterparties in connection with the currency trades, (3) and fees paid to lawyers, accountants or anyone else providing services with respect to the Transactions and/or the reporting of the Transactions.

**RESPONSE:**

Plaintiff objects to this Request on the grounds that the Request seeks documents that are not relevant to any claim or defense of any party in this litigation, and the Requests places a burden or expense on Plaintiff that outweighs his likely benefit. Further, Plaintiff objects to the Request on the grounds that it is overbroad and unduly burdensome. Subject to and without waiving said objections, Plaintiff has previously produced all non-privileged documents responsive to this Request.

**REQUEST FOR PRODUCTION NO. 16:** Please produce any documents provided to the Plaintiff, the Additional Participants, or the Individual Participants that describe any economic, legal, tax, or financial benefit which could be derived from engaging in a COBRA transaction, the Transactions, or transactions that similarly involve European digital options (or, conversely, any such documents provided by the Plaintiff, the Additional Participants, or the Individual Participants, to any other person or entity).

**RESPONSE:**

Plaintiff has previously provided all non-privileged documents responsive to this Request.

**REQUEST FOR PRODUCTION NO. 17:** Please produce all documents relating to the development, marketing, implementation, and reporting of the COBRA transactions, including the Transactions.

**RESPONSE:**

Plaintiff objects to this Request on the grounds that the Request seeks documents that are not relevant to any claim or defense of any party in this litigation, and the Requests places a burden or expense on Plaintiff that outweighs his likely benefit. Further, Plaintiff objects to the Request on the grounds that it is overbroad and unduly burdensome. Subject to and without waiving said objections, Plaintiff has previously provided all non-privileged documents responsive to this Request.

**REQUEST FOR PRODUCTION NO. 18:** Please produce all documents relating to the implementation of the COBRA transactions and/or the Transactions.

**RESPONSE:**

Plaintiff has previously provided all non-privileged documents responsive to this Request.

**REQUEST FOR PRODUCTION NO. 19:** Please produce all documents relating to the purpose of the COBRA transactions, including, but not limited to, any asserted business purpose for the contribution of European digital options to Carmel Partners.

**RESPONSE:**

Plaintiff has previously produced all non-privileged documents responsive to this Request.

**REQUEST FOR PRODUCTION NO. 20:** Please produce all documents related to whether the COBRA transaction should have been registered under 26 U.S.C. §6111, whether the COBRA transaction was subject to the list maintenance requirements under 26 U.S.C. §6112, and/or any agreement to keep the Transactions confidential, including but not limited to any confidentiality agreements between the Individual Participants and Ernst & Young, Jenkens & Gilchrist, Deutsche Bank, and/or Brown & Wood.

**RESPONSE:**

Plaintiff has previously provided all non-privileged documents responsive to this Request.

**REQUEST FOR PRODUCTION NO. 21:** Please produce all documents related to early termination of any of the European digital options in the Transactions.

**RESPONSE:**

Plaintiff has previously produced all non-privileged documents responsive to this Request.

**REQUEST FOR PRODUCTION NO. 22:** Please produce all documents related to how the COBRA transactions, the Transactions, or transactions that similar involve European digital options were to be reported to the Internal Revenue Service, including, but not limited to any template or pro forma tax returns developed by Ernst & Young and/or Jenkens & Gilchrist.

**RESPONSE:**

Plaintiff has previously produced all non-privileged documents responsive to this Request.

**REQUEST FOR PRODUCTION NO. 23:** Please produce all documents related to the manner in which the fees for the Transactions were to be reported to the Internal Revenue Service on the tax returns filed by Plaintiff, the Additional Participants, and/or the Individual Participants

including, but no limited to, whether the fees paid to Jenkens & Gilchrist and Ernst & Young were partnership expenses and/or whether they should be capitalized by the partnership and/or deducted by the Individual Participants.

**RESPONSE:**

Plaintiff has previously produced all non-privileged documents responsive to this Request.

**REQUEST FOR PRODUCTION NO. 24:** Please produce all documents related to any representations that were either made or proposed to be made by the Plaintiff, the Additional Participants, and/or the Individual Participants to Ernst & Young, Jenkens & Gilchrist, Brown & Wood, and/or Deutsche Bank with respect to the Transactions, including, but not limited to the Brown & Wood representation letters signed by the Individual Participants.

**RESPONSE:**

Plaintiff has previously produced all non-privileged documents responsive to this Request.

**REQUEST FOR PRODUCTION NO. 25:** Please produce all documents related to registration of the COBRA transactions pursuant to 26 U.S.C. §6111.

**RESPONSE:**

Plaintiff has no responsive documents.

**REQUEST FOR PRODUCTION NO. 26:** Please produce all documents related to list maintenance of the COBRA transactions pursuant to 26 U.S.C. §6112.

**RESPONSE:**

Plaintiff has no responsive documents.

**REQUEST FOR PRODUCTION NO. 27:** Please produce all documents relating to the IRS promoter summonses issued to Ernst & Young, Jenkens & Gilchrist, and Brown & Wood, including, but not limited to, any communication regarding disclosure of the Individual

Participants' identities to the Internal Revenue Service and the Individual Participant's waiver of attorney client privilege with respect to the communications with Jenkens & Gilchrist.

**RESPONSE:**

Plaintiff has previously produced all non-privileged documents responsive to this Request.

**REQUEST FOR PRODUCTION NO. 28:** To the extent that any of the Plaintiff, the Additional Participants, or the Individual Participants contend that they relied upon legal or tax advice provided by any lawyer or accountant in filing any tax return reflecting the consequences of the Transactions, please produce all documents reflecting any communications between such person and the lawyer or accountant upon whom they contend they relied.

**RESPONSE:**

Plaintiff has previously produced all non-privileged documents responsive to this Request.

**REQUEST FOR PRODUCTION NO. 29:** Please produce all documents related to any other litigation with respect to the propriety of COBRA, the Transactions, or transactions that similarly involve European digital options, including, but not limited to, all pleadings, motions, notices, affidavits, testimony, discovery requests discovery responses, and arbitration.

**RESPONSE:**

Plaintiff objects to this Request on the grounds that the Request seeks documents that are not relevant to any claim or defense of any party in this litigation, and the Requests places a burden or expense on Plaintiff that outweighs his likely benefit. Further, Plaintiff objects to the Request on the grounds that it is overbroad and unduly burdensome.

**REQUEST FOR PRODUCTION NO. 30:** Please produce all documents produced by Jenkens & Gilchrist pursuant to the settlement of the class action *Camferdam, et al. v. Ernst & Young, et al.*, 02-10100 (S.D.N.Y.).

**RESPONSE:**

Plaintiff has no responsive documents.

**REQUEST FOR PRODUCTION NO. 31:** Please produce all documents related to statements made by any persons associated with Ernst & Young, Jenkens & Gilchrist, Brown & Wood, Deutsche Bank, or Scheef & Stone with respect to VIPER, COBRA, the Transactions, and/or transactions that similarly involve European digital options, including, but not limited to, any interview notes.

**RESPONSE:**

Plaintiff has no responsive documents.

**REQUEST FOR PRODUCTION NO. 32:** Please produce all documents related to any statements made by any of the Individual Participants regarding Ernst & Young, Jenkens & Gilchrist, Brown & Wood, Deutsche Bank, Scheef & Stone, VIPER, COBRA, the Transactions, and/or transactions that similarly involve European digital options, including, but not limited to, any statements to the media.

**RESPONSE:**

Plaintiffs have no responsive documents.

Respectfully submitted,

By: [signature]
Joel N. Crouch
Texas State Bar No.05144220
M. Todd Welty
Texas State Bar No. 00788642

MEADOWS, OWENS, COLLIER, REED
COUSINS & BLAU, L.L.P.
901 Main Street, Suite 3700
Dallas, TX 75202
(214) 744-3700 Telephone
(214) 747-3732 Facsimile
jcrouch@meadowsowens.com
twelty@meadowsowens.com

ATTORNEYS FOR PLAINTIFF

## CERTIFICATE OF SERVICE

On this 28th day of February 2006, a copy of the foregoing Response was delivered to counsel listed below via the means indicated.

**Via Facsimile Transmission and Express Mail**

Dennis M. Donohue, Esq.
United States Department of Justice
Tax Division
Civil Trial Section, Northern Region
P.O. Box 55
Ben Franklin Station
Washington, D.C. 20044

JOEL N. CROUCH