# GOVERNMENT EXHIBIT J

IN THE UNITED STATES COURT OF FEDERAL CLAIMS

No. 05-231 T
(Chief Judge Damich)

---

JZ Buckingham Investments LLC as Tax Matters Partner
of JBJZ Partners, a South Carolina general partnership,

Plaintiff,

v.

United States of America,

Defendant.

---

**UNITED STATES' SECOND SET OF INTERROGATORIES**

Pursuant to RCFC 26 and 33, Respondent hereby asks you to answer the following interrogatories fully, in writing, and under oath. Defendant requests further that you serve your answers upon the Defendant within 30 days of service of these interrogatories.

**INSTRUCTIONS**

1. Duties in Answering Interrogatories. Each interrogatory is required to be answered separately and fully in writing upon Plaintiff's entire knowledge from all sources. The answers must include all information within Plaintiff's control or known by Plaintiff's agents, including information supplied to Plaintiff by other persons and facts in the possession of your attorney in

GOVERNMENT EXHIBIT
J
PENGAD 800-631-6989

this litigation or any other litigation in which you are involved. Plaintiff's answers must be verified, dated, and signed. If Plaintiff cannot provide a complete answer to an interrogatory, answer to the extent possible and describe the reason for their inability to answer the remainder. If an answer is based on information received from third parties, the answer should identify the source of the information. If an answer is an estimate, the answer should so state and describe how the estimate was made.

2. Duty to Supplement Discovery Responses and Document Production. These interrogatories are continuing in character so as to require the supplementation of answers to the extent required by RCFC 26(e). Such supplemental responses are to be served as soon as reasonably possible after the additional or corrective information is obtained.

3. Objections and Claims of Privilege. If Plaintiff objects to all or any part of an interrogatory, state the grounds for the objection with specificity. If Plaintiff believes that only part of an interrogatory is objectionable, it must answer the interrogatory to the extent it is not objectionable. If all or any part of an interrogatory is objected to as seeking privileged information or documents, for each such objection state the nature of the privilege asserted and describe the privileged information or document with particularity (e.g., title, date created, author(s), recipient(s), and subject matter) so as to enable the defendant to evaluate the applicability of the privilege.

4. When Responding by Attaching a Document. If the answer to any interrogatory is fully and fairly contained in a document from which the answer can be extracted without unreasonable difficulty, you may answer the interrogatory by attaching a copy of the document and attesting to its genuineness. If you answer an interrogatory in this way, please specify the

documents (and pages) that contain the answer. The specification must be detailed enough to permit Respondent to find the requested information readily.

5. Duty to Include Information in Possession of Others. You must include in your answer to an interrogatory information which, while not within your own knowledge, is nonetheless within your custody or control or reasonably available to you, your attorney in this litigation or any other litigation, your actuary, your accountant, or any other source from whom it may reasonably be secured. See, e.g., General Dynamics Corp. v. Selb Mfg. Co., 481 F.2d 1204, 1210-1211 (8th Cir. 1973).

6. Duty to Provide Information Furnished in Your Investor Class Action Litigation. Your responses should take into account any knowledge or information acquired from documents furnished to the Individual Participants, Jerry Zucker and James Boyd, or their attorneys or agents pursuant to the "Informal Merits Discovery" described in the "Mediated Settlement Agreement," ¶ 1(h), of March 4, 2004, settling certain claims against certain defendants in Camferdam, et al. v. Ernst & Young International, Inc., et al., No. 02 Civ. 10100 (S.D.N.Y.)(BSJ).

7. Conformance with Local Rules. Please quote each interrogatory in full immediately preceding the statement of any answer, response or objection thereto, and number each such response to correspond with the number assigned to the interrogatory.

## DEFINITIONS

The following definitions shall apply to these interrogatories, unless otherwise noted:

a. "Document" means and includes all materials or data subject to production under RCFC 34(a) and all writings or recordings within the meaning of Fed. R. Evid. 1001. The term

shall be broadly construed to include (but shall not be limited to) correspondence, electronic mail, notes, notations, contracts, brochures, agreements, deeds, leases, letters, memoranda, checks, bank statements, reports, analyses, projections, studies, records, corporate minutes, financial statements, financial records, accounting or audit workpapers (including permanent workpapers), spreadsheets, testimony, transcripts, recordings, and all other types of written or documentary materials. It includes all originals, copies, and non-identical copies (whether by reason of handwritten notations thereon or otherwise), regardless of whether the information is stored on paper, in electronic form, or through any other medium.

b. To "identify" or "describe" a document or other writing means to state with respect to that document or other writing the following:

i. Type of document (e.g., letter, memorandum, agreement, record, minutes, note, etc.).

ii. Date of preparation, or, if executed, date of execution.

iii. Name, occupation, and present address of each person who either prepared or signed the document.

iv. Present location of the document.

v. Name of each present custodian, and his or her present or last-known business address and telephone number.

N.B. When an interrogatory requests you to identify any substantiating documents, you are required, in accordance with these instructions, to identify each specific document separately.

c. To "identify each person" means to state with respect to that person the following:

i. Name.

ii. Present occupation and business affiliation.

iii. Present or last-known business address and telephone number.

d. The term "person" shall be construed to mean and include an individual, trust, estate, partnership, company, corporation, governmental body, or other entity, whether domestic or foreign.

e. The term "Individual Participants" refers to Jerry Zucker and James Boyd.

f. The term "Plaintiff" refers to JZ Buckingham Investments LLC.

g. The term "Additional Participants" refers to JBJZ Partners, JBJZ Investors, Inc., JGB Bohicket Investments LLC, and any successors of these entities.

h. The term "Transactions" refers to the series of events described in paragraph Part V of the Complaint.

i. The term "transactions substantially similar to the Transactions" shall include any transactions of the type described in IRS Notices 1999-59 or 2000-44.

j. The term "Ernst & Young" includes both Ernst & Young International, Inc., a corporation organized and existing under the laws of the State of Delaware, and Ernst & Young, LLP, a member thereof, and any employees and/or partners therein, including, but not limited to, Robert Coplan, Brian Vaughn, Ray Knight, Barton C. Francis, Carl A. Rhodes, Charles R. Kowal, Charles W. Paul, John M. Bean, Martin Nissenbaum, Melinda S. Merk, Peter D. Lucido, James E. Ryan, James A. Cox, Robert M. Haynie, Mary B. Zmoira, Dale Hortenstine, Mike Dell, David Garlock, Ken Hooker, Bruce Weinrib, Micky Neimbar, Brian L. Vaughn, Jerred G. Blanchard, Jr., John Broadbent, Andrew J. Dubroff, Shari R. Fessler, David C. Garlock, Frank G. Hertz, Gary R. Guffinan, Peter C. Mahoney, Stephen N. Montgomery Henry Zigtema, Amy Keating, Amy R.

Ruderman, Robert Marzziotti, Dick Jones, Denis Conlon, Thomas Dougherty, Monte A. Jackel, Richard J. Shapiro, Lee Yerkel, Betty Booth, Lily Aspillera, Dick Stone, Stewart G. Goodson.

k. The term "Jenkens & Gilchrist" includes Jenkens & Gilchrist, A Professional Corporation, a professional corporation organized and existing under the laws of the State of Texas with its principal place of business in Texas, and Jenkens & Gilchrist, A Professional Corporation, a corporation organized and existing under the laws of the State of Illinois with its principal place of business in Illinois, as well as all employees and/or partners thereof, including, but not limited to, Paul Daugerdas, Donna Guerin, Ryan Wagley, Irwin Mayer, and Patrick O'Daniel.

l. The term "Brown & Wood" refers to the law firm of Brown & Wood and its successor in interest, Sidley, Austin, Brown & Wood, and all employees and/or partners thereof, including, but not limited to RJ Ruble, John Felkamp, and Susan L. Sodano.

m. The term "Deutsche Bank" refers to both Deutsche Bank AG and Deutsche Bank Securities, Inc. d/b/a Deutsche Bank Alex Brown, and all employees thereof, including, but not limited, to David Parse, Sandra Burnside, William Boyle, John Ross, Ivor Dunbar, Mick Wood, Francesco Piovanetti, Peter Sturzinger, Ken Tarr, Viktoria Antoniades, and Brian McGuire. Deutsche Bank AG is a German corporation with its principal place of business at Taunusanlage 12, 60325 Frankfurt am Main, Germany. Deutsche Bank Securities, Inc. is a Delaware corporation with its principal place of business at 31 West 52nd Street, New York, New York, 10019.

n. The term "Scheef & Stone" refers to the law firm of Scheef & Stone and all employees and/or partners thereof, including, but not limited, to Grady Dickens and Charles Helms.

o. The term "COBRA" is an acronym for "Currency Options Bring Reward Alternatives."

p. The term "VIPER" is the group of persons in Ernst & Young that marketed tax products, which Ernst & Young renamed SISG (Strategic Individual Solutions Group).

## INTERROGATORIES

26. Please identify, and provide the information listed below for, every person having knowledge of the formation of the entities, the purpose for such entities, and the series of transactions described in Part V of the Complaint, whether or not the person has information supporting Plaintiff's claims:

- the person's full name;
- the person's present or last known address and telephone number;
- the person's present or last known place of employment, when referring to a natural person;
- the person's occupation, employer, and title at that employer during the period of 1999-2001, when referring to a natural person;
- and the subject matter and a brief summary of the person's knowledge.

Please organize this information in a table sorted alphabetically by the last name of each person.

27. Please identify, and provide the information listed below for, every person that was involved in the design and/or development of the transactions described in Part V of the Complaint, whether or not the person has information supporting Plaintiff's claims:

- the person's full name;
- the person's present or last known address and telephone number;
- the person's present or last known place of employment, when referring to a natural person;
- the person's occupation, employer, and title at that employer during the period of 1999-2001, when referring to a natural person;
- and the subject matter and a brief summary of the person's knowledge.

Please organize this information in a table sorted alphabetically by the last name of each person.

28. Please explain completely and accurately how the Individual Participants and/or any advisor thereof were first introduced or became aware of the transactions described in Part V of the Complaint.

29. Please identify, and provide the information listed below for every communication the Individual Participants and/or any advisor thereof have had with any person concerning the transactions described in Part V of the Complaint:

- the date on which the communication was made;
- the means of communication (e.g., in person, by phone, by email, by fax), and, if in person, the place where the communication was made;
- the person who made the communication;

- the person to whom the communication was made;
- the person who heard or received any portion of the communication, if different or in addition to those individuals to whom the communication was made;
- the duration of the communication;
- the nature and content of the communication, repeating the actual words used to the extent possible and, when not possible, paraphrasing in detail those words;
- the nature, content, and person making any response, repeating the actual words used to the extent possible and, when not possible, paraphrasing in detail those words;
- and a description of any document memorializing the communication.

Please organize this information in a table sorted chronologically by the date on which the communication was made.

30. Please identify, and provide the information listed below for, every marketing or other material used in presenting the transactions described in Part V of the Complaint to the Individual Participants and/or any advisor thereof:

- type of document or other tangible thing;
- general subject matter;
- date of the document or other tangible thing; and
- author(s), addressee(s), and recipient(s).
- a description of each document or material or a citation to the beginning and ending bates stamp numbers of the document or material;
- the person who created the document or other tangible thing;

- whether you were given a copy of the document or other tangible thing;
- if a copy was given to you, whether and where the copy still exists;
- if you were not given a copy of the document, what is the reason for your not receiving a copy of the document;
- if you have not furnished the bates stamp numbers for the document or other tangible thing, the person who has custody of the document or other tangible thing and its location;

and, if it does not exist, how the document or other tangible thing was disposed of and any person who authorized its disposal or who has knowledge of its disposal.

31. Paragraph 17 of the Complaint alleges that "JZ and JGB entered into certain over-the-counter, non-publicly traded European-style foreign currency option positions on the Euro and Yen (collectively the "Options") with Deutsche Bank AG New York Branch (the "Bank")."

Please identify, and provide the information listed below for, every communication, oral or otherwise, in which a person stated, represented, suggested, implied, intimated, or in any other way communicated that the Plaintiff, the Individual Participants and/or the Additional Participants could terminate any of these European-style digital options prior to the expiration of their full term:

- the date on which the communication was made;
- the means of communication (e.g., in person, by phone, by email, by fax), and, if in person, the place where the communication was made;
- the person who made the communication;

- the person to whom the communication was made;
- the person who heard or received any portion of the communication, if different or in addition to those individuals to whom the communication was made;
- the duration of the communication;
- the nature and content of the communication, repeating the actual words used to the extent possible and, when not possible, paraphrasing in detail those words;
- the nature, content, and person making any response, repeating the actual words used to the extent possible and, when not possible, paraphrasing in detail those words;
- and a description of any document memorializing the communication.

Please organize this information in a table sorted chronologically by the date on which the communication was made.

32. Please explain, completely and accurately, regarding the transactions described in Part V of the Complaint, how much the Plaintiff, the Individual Participants and/or the Additional Participants paid to Ernst & Young, Jenkens & Gilchrist, Brown & Wood, Scheef & Stone, and/or Deutsche Bank, including as to each such payment:

- the date of the payment;
- the amount of the payment;
- the person making the payment;
- the reason for the payment;
- the account from which the payment was drawn;
- the account to which the payment was deposited;

- a description of any document memorializing the payment.

Please organize this information in a table sorted chronologically by the date on which the payment was made.

33. Attached as Exhibit A is a legal opinion letter from Jenkens & Gilchrist, dated January 21, 2000, with a cover letter dated March 10, 2000, to Individual Participant Jerry Zucker. Pages 7 and 8 contain a list of Representations.

Please identify who provided the wording for each of these representations. If the other Individual Participant received a similar letter, please identify who provided the wording for each representation therein.

34. For each person listed in your response to Interrogatory 33, please provide the information listed below for, every communication, oral or otherwise, by each Individual Participant (or their advisors) with such persons:

- the date on which the communication was made;
- the means of communication (e.g., in person, by phone, by email, by fax), and, if in person, the place where the communication was made;
- the person who made the communication;
- the person to whom the communication was made;
- the person who heard or received any portion of the communication, if different or in addition to those individuals to whom the communication was made;
- the duration of the communication;

- the nature and content of the communication, repeating the actual words used to the extent possible and, when not possible, paraphrasing in detail those words;
- the nature, content, and person making any response, repeating the actual words used to the extent possible and, when not possible, paraphrasing in detail those words;
- and a description of any document memorializing the communication.

Please organize this information in a table sorted chronologically by the date on which the communication was made.

35. The Representations on page 7 of the legal opinion letter to Jerry Zucker by Jenkens & Gilchrist, dated January 31, 2000, which is attached as Exhibit A, states the following as Representation a.:

> You entered into the purchase and sale of the Options for substantial nontax business reasons, including (i) to produce overall economic profits because of your belief that the Euro/U.S. Dollar exchange rate and the Japanese Yen/U.S. Dollar exchange rate would change; and (ii) your belief that the most direct way, with the most leverage, to realize gain from expected changes in currency prices was the purchase and sale of the Options.

Please explain completely and accurately all non-tax business reasons that you had for entering into the series of transactions described in Part V of the Complaint, including the reasons listed in Representation a. if true, and for each such reason the facts upon which you rely to support that reason.

36. The Representations on page 7 of the legal opinion letter to Jerry Zucker by Jenkins & Gilchrist, dated January 31, 2000, which is attached as Exhibit A, states the following as Representation b.:

> You contributed the Options to the Partnership for substantial nontax business reasons, including, but not limited to, potential diversification of the risks of certain investments, the desire to co-invest as partners with the other co-partners and for your convenience.

Please explain completely and accurately all non-tax business reasons that you had for contributing the Options to JBJZ Partners, including the listed reasons if true.

37. The Representations on page 7 of the legal opinion letter to Jerry Zucker by Jenkins & Gilchrist, dated January 31, 2000, which is attached as Exhibit A, states the following as Representation c.:

> Your contribution of your interest in the Partnership to JBJZ INC. was made for substantial nontax business reasons.

Please explain completely and accurately all non-tax business reasons that you had for contributing the partnership interest in JBJZ Partners to JBJZ INC.

38. Attached as Exhibit B is a legal opinion letter to Individual Participant James G. Boyd from Brown & Wood, dated March 9, 2000. Please state whether Jerry Zucker received a legal opinion letter from Brown & Wood similar to Exhibit B

39. Section II.A. of the Brown & Wood legal opinion legal contains a list of Investor Representations. Assuming Jerry Zucker received similar legal opinion letter by Brown & Wood, please identify who provided the wording for these representations.

40. For each person listed in your response to Interrogatory 39, please provide the information listed below for, every communication, oral or otherwise, by each individual participant (or their advisors) with such persons:

- the date on which the communication was made;
- the means of communication (e.g., in person, by phone, by email, by fax), and, if in person, the place where the communication was made;
- the person who made the communication;
- the person to whom the communication was made;
- the person who heard or received any portion of the communication, if different or in addition to those individuals to whom the communication was made;
- the duration of the communication;
- the nature and content of the communication, repeating the actual words used to the extent possible and, when not possible, paraphrasing in detail those words;
- the nature, content, and person making any response, repeating the actual words used to the extent possible and, when not possible, paraphrasing in detail those words;
- and a description of any document memorializing the communication.

Please organize this information in a table sorted chronologically by the date on which the communication was made.

41. The Investor Representations on page 3 of the legal opinion letter from Brown & Wood, dated March 9, 2000, which is attached as Exhibit B, states the following as Investor Representation #2:

> Investor believed that Investor had a reasonable opportunity to earn a reasonable profit, in excess of all fees and transaction costs, from the transactions described herein, without regard to tax benefits.

Please explain completely and accurately the basis for the Individual Participants' belief that they had a reasonable opportunity to earn a reasonable profit, including in such explanation:

- How much profit the Individual Participants believed that they could earn on the Transactions.
- The probability that the Individual Participants could earn such profit.
- How much money the Individual Participants believed that they could lose on the Transactions.
- The probability that the Individual Participants could lose the amounts specified.

/s/

DENNIS M. DONOHUE
Attorney of Record
U.S. Department of Justice - Tax Division
Court of Federal Claims Section
Post Office Box 26
Ben Franklin Station
Washington, D.C. 20044
(202) 307-5892

EILEEN J. O'CONNOR
Assistant Attorney General
DAVID GUSTAFSON
Chief, Court of Federal Claims Section

## CERTIFICATE OF SERVICE

I hereby certify that on July 6, 2006, a copy of the foregoing UNITED STATES' SECOND SET OF INTERROGATORIES, was mailed by First Class U.S. mail postage paid, and properly addressed to the following:

F. Anthony Paganelli, Esq.
SOMMER BARNARD, P.C.
One Indiana Square, Suite 3500
Indianapolis, IN 46204

Joseph Pitzinger, Esq.
United States Department of Justice
717 N. Hardwood St., Suite 400
Dallas, TX 75201

Jonathan Blacker, Esq.
United States Department of Justice
717 N. Hardwood St., Suite 400
Dallas, TX 75201

Joel N. Crouch, Esq.
Meadows, Owens, Collier, Reed
Cousins & Blau, L.L.P.
901 Main Street, Suite 3700
Dallas, Texas 75202

/s/

DAVID M. STEINER
Trial Attorney, Tax Division
U.S. Department of Justice
Post Office Box 55
Ben Franklin Station
Washington, D.C. 20044
Telephone: (202) 307-5892