# GOVERNMENT EXHIBIT K

7114

**MEADOWS, OWENS, COLLIER, REED, COUSINS & BLAU, L.L.P.**
ATTORNEYS AT LAW
A REGISTERED LIMITED LIABILITY PARTNERSHIP INCLUDING PROFESSIONAL CORPORATIONS
901 MAIN STREET, SUITE 3700
DALLAS, TEXAS 75202
(214) 744-3700
www.meadowsowens.com

JOEL N. CROUCH, P.C. - Partner
DIRECT DIAL (214) 749-2456
jcrouch@meadowsowens.com

FAX (214) 747-3732
WATS (800) 451-0093

August 14, 2006

**VIA FACSIMILE TRANSMISSION**
**ORIGINAL TO FOLLOW VIA EXPRESS MAIL**

Dennis M. Donohue, Esq.
United States Department of Justice (Tax Division)
Civil Trial Section, Northern Region
P.O. Box 55, Ben Franklin Station
Washington, D.C. 20044

RE: *JZ Buckingham Investments LLC, as Tax Matters Partner of JBJZ Partners, v. United States*, Case No. 05-231T (the "Case")

Dear Mr. Donohue:

Enclosed please find Plaintiff's Objections and Responses to United States' Second Set of Interrogatories. If you have any questions, please do not hesitate to contact me.

Very truly yours,

JOEL N. CROUCH, P.C.

By: [signature]
Joel N. Crouch, President

JNC/kme/336373
Enclosure
cc: David M. Steiner, Esq. (w/encl.) (via FedEx)

GOVERNMENT EXHIBIT K
PENGAD 800-631-6989

IN THE UNITED STATES COURT OF FEDERAL CLAIMS

NO. 05-231 T
(Chief Judge Damich)

---

JZ Buckingham Investments LLC as Tax Matters Partner of
JBJZ Partners, a South Carolina general partnership,

Plaintiff,

v.

United States of America,

Defendant.

---

**PLAINTIFF'S OBJECTIONS AND RESPONSES TO UNITED STATES' SECOND SET OF INTERROGATORIES**

**TO:** The United States of America, by and through its attorney of record, Dennis M. Donohue, U.S. Department of Justice, Tax Division, Post Office Box 26, Ben Franklin Station, Washington, D.C. 20044, 202/616-3366.

COMES NOW, Plaintiff and states the following objections and answers to the United States' Second Set of Interrogatories, dated July 6, 2006.

**GENERAL OBJECTIONS AND GUIDELINES**

1. Plaintiff objects to the Definitions set forth in the United States' First Set of Interrogatories to the extent that they impose a burden on Plaintiff greater than authorized by the Federal Rules of Civil Procedure and the Rules of the United States Court of Federal Claims.

2. Plaintiff objects to all Interrogatories to the extent that they seek information protected by the Attorney/Client Privilege, the Attorney Work Product Doctrine or any other applicable privilege.

3. Plaintiff objects to all Interrogatories to the extent that they are mere repetitions of those set forth in the United States' First Set of Interrogatories.

4. Plaintiff objects to all Interrogatories to the extent they request Plaintiff to regurgitate each and every fact and document supporting our legal contentions and positions. In particular, the United States' Second Set of Interrogatories requests charts setting forth each detail of conversations and communications with itemized specificity. Contention interrogatories should only ask for the principal facts and principal materials supporting a party's contentions. *See e.g., IBP, Inc. v. Mercantile Bank of Topeka*, 179 F.R.D. 316, 321 (D. Kan. 1998); *Bradley v. Val-Mejias*, 2001 WL 1249339 (D. Kan. 2001). More to the point, contention interrogatories are not to be used as a vehicle for requiring a party to regurgitate all factual information learned in discovery. See *SJ Berwin & Co. v. Evergreen Entertainment Group, Inc.* 1994 WL 185687, at *2 (S.D.N.Y. 1994).

5. All capitalized terms not defined herein shall have incorporated herein the definitions reflected in Plaintiff's First Set of Requests for Admissions.

**SPECIFIC OBJECTIONS AND ANSWERS**

26. Please identify, and provide the information listed below for, **every** person having knowledge of the formation of the entities, the purpose for such entities, and the series of transactions described in Part V of the Complaint, whether or not the person has information supporting Plaintiff's claims:

- The person's full name;
- The person's present or last known address and telephone number;
- The person's present or last known place of employment, when referring to a natural person;
- The person's occupation, employer, and title at that employer during the period of 1999-2001, when referring to a natural person;
- And the subject matter and a brief summary of the person's knowledge.

Please organize this information in a table sorted alphabetically by the last name of each person.

**ANSWER**: Plaintiff objects to the request by the Government to "organize this information in a table sorted alphabetically by the last name of each person." Plaintiff is only required to format its responses in accordance with the Federal Rules of Civil Procedure and the Rules of the United States Court of Federal Claims. Plaintiff also objects to the Interrogatory on the grounds that it seeks information that is cumulative or duplicative of information previously provided or in the possession of the United States. Specifically, Plaintiff has provided information to the United States in its Rule 26

disclosures. Subject to and without waiving said objections, Plaintiff has set forth below the requested information to the extent that it was not provided in its Rule 26 disclosures.

| | | |
|---|---|---|
| Name: | Calendar, Tony | Knowledge: Mr. Calendar was the trusted advisor who introduced the Individual Participants to Ray Knight. Mr. Calendar has knowledge related to that introduction. |
| Present: | | |
| Address | 101 North Tryon Street<br>Suite 1100<br>Charlotte, NC 28246 | |
| Telephone | (704) 331-1951 | |
| Employer | Ernst & Young, LLP | |
| 1999-2001: | | |
| Occupation | CPA | |
| Employer | Ernst & Young | |
| Title | Partner | |
| Name: | Crosby, Charlotte | Knowledge: Ms. Crosby worked for Mr. Zucker in 1999-2001. As such, she facilitated the submission of and correspondence between Mr. Zucker and, including but not limited to, Ernst & Young, Jenkens & Gilchrist, P.C. and Deutsche Bank. Ms. Crosby has knowledge related to that facilitation. |
| Present: | | |
| Address | 4838 Jenkins Avenue<br>North Charleston,<br>South Carolina 29405 | |
| Telephone | (843) 744-5174 | |
| Employer | The Intertech Group | |
| 1999-2001: | | |
| Occupation | Administrative Assistant | |
| Employer | The Intertech Group | |
| Title | Administrative Assistant | |
| Name: | Daugerdas, Paul | Knowledge: Mr. Daugerdas wrote the tax opinion upon which Mr. Boyd and Mr. Zucker based their reporting positions for the transactions in this case. Mr. Daugerdas has knowledge related to the preparation of the tax opinion. |
| Present: | | |
| Address | 225 West Washington<br>Suite 2600<br>Chicago, Illinois 60606 | |
| Telephone | (312) 425-3990 | |
| Employer | Jenkens & Gilchrist, P.C. | |
| 1999-2001: | | |
| Occupation | Attorney | |
| Employer | Jenkens & Gilchrist | |
| Title | Partner | |
| Name: | Shearer, Jerry | Knowledge: Mr. Shearer was once a business partner of Mr. Zucker. Before entering into the transactions, the Individual Participants mentioned them to Mr. |
| Present: | | |
| Address | 289 Hunters Blvd.<br>Columbia, SC 29212 | |
| Telephone | (803) 732-1717 | |

| | | |
|---|---|---|
| Employer | Retired | Shearer for advice regarding the objectively reasonable potential for profit. Mr. Shearer has knowledge related to the advice. |
| 1999-2001: | | |
| Occupation | Investor | |
| Employer | Mid-Atlantic Investors | |
| Title | Partner | |
| Name: | R.J. Ruble | Knowledge: Mr. Ruble wrote the tax opinion upon which Mr. Boyd and Mr. Zucker based their reporting positions for the transactions in this case. Mr. Ruble has knowledge related to the preparation of the tax opinion. |
| Present: | | |
| Address | 787 Seventh Avenue<br>New York, NY 10019 | |
| Telephone | 212-839-5573 | |
| Employer | Sidley, Austin, Brown & Wood | |
| 1999-2001: | | |
| Occupation | Attorney | |
| Employer | Brown & Wood | |
| Title | Partner | |

27. Please identify, and provide the information listed below for, **every** person that was involved in the design and/or development of the transactions described in Part V of the Complaint, whether or not the person has information supporting the Plaintiff's claims:

- The person's full name;
- The person's present or last known address and telephone number;
- The person's present or last known place of employment, when referring to a natural person;
- The person's occupation, employer, and title at that employer during the period of 1999-2001, when referring to a natural person;
- And the subject matter and a brief summary of the person's knowledge.

Please organize this information in a table sorted alphabetically by the last name of each person.

**ANSWER**: Plaintiff objects to the request by the Government to "organize this information in a table sorted alphabetically by the last name of each person." Plaintiff is only required to format its responses in accordance with the Federal Rules of Civil Procedure and the Rules of the United States Court of Federal Claims. Plaintiff also objects to the Interrogatory on the grounds that it seeks information that is cumulative or duplicative of information previously provided or in the possession of the United States. Specifically, Plaintiff has provided information to the United States in its Rule 26 disclosures. Subject to and without waiving said objections, Plaintiff has set forth below

the requested information to the extent that it was not provided in its Rule 26 disclosures.

| | | | |
|---|---|---|---|
| Name: | | Calendar, Tony | Knowledge: Mr. Calendar was the trusted advisor who introduced the Individual Participants to Ray Knight. Mr. Calendar has knowledge related to that introduction |
| Present: | | | |
| | Address | 101 North Tryon Street<br>Suite 1100<br>Charlotte, NC 28246 | |
| | Telephone | (704) 331-1951 | |
| | Employer | Ernst & Young, LLP | |
| 1999-2001: | | | |
| | Occupation | CPA | |
| | Employer | Ernst & Young | |
| | Title | Partner | |
| Name: | | Daugerdas, Paul | Knowledge: Mr. Daugerdas wrote the tax opinion upon which Mr. Boyd and Mr. Zucker based their reporting positions for the transactions in this case. Mr. Daugerdas has knowledge related to the preparation of the tax opinion |
| Present: | | | |
| | Address | 225 West Washington<br>Suite 2600<br>Chicago, Illinois 60606 | |
| | Telephone | (312) 425-3990 | |
| | Employer | Jenkens & Gilchrist, P.C. | |
| 1999-2001: | | | |
| | Occupation | Attorney | |
| | Employer | Jenkens & Gilchrist | |
| Title | | Partner | |
| Name: | | R.J. Ruble | Knowledge: Mr. Ruble wrote the tax opinion upon which Mr. Boyd and Mr. Zucker based their reporting positions for the transactions in this case. Mr. Ruble has knowledge related to the preparation of the tax opinion. |
| Present: | | | |
| | Address | 787 Seventh Avenue<br>New York, NY 10019 | |
| | Telephone | 212-839-5573 | |
| | Employer | Sidley, Austin, Brown & Wood | |
| 1999-2001: | | | |
| | Occupation | Attorney | |
| | Employer | Brown & Wood | |
| | Title | Partner | |

28. Please explain completely and accurately how the Individual Participants and/or any advisor thereof were first introduced or became aware of the transactions described in Part V of the Complaint.

**ANSWER**: Plaintiff objects to the Interrogatory on the grounds that it seeks information that is cumulative or duplicative of information previously provided or in the possession of the United States. Subject to and without waiving said objections, Plaintiff refers to Plaintiff's Responses to Interrogatory 1 and Interrogatory 2 in the Plaintiff's Objections and Responses to the United States' First Set of Interrogatories ("Plaintiff's First Responses").

29. Please identify, and provide the information listed below for **every** communication the Individual Participants and/or any advisor thereof have had with any person concerning the transactions described in Part V of the Complaint:

- The date on which the communication was made;
- The means of communication (e.g., in person, by phone, by email, by fax), and, if in person, the place where the communication was made;
- The person who made the communication;
- The person to whom the communication was made;
- The person who heard or received any portion of the communication, if different or in addition to those individuals to whom the communication was made;
- The duration of the communication;
- The nature and content of the communication, repeating the actual words used to the extent possible and, when not possible, paraphrasing in detail those words;
- The nature, content, and person making any response, repeating the actual words used to the extent possible and, when not possible, paraphrasing in detail those words;
- And a description of any document memorializing the communication.

Please organize this information in a table sorted chronologically by the date on which the communication was made.

**ANSWER**: Plaintiff objects to the Interrogatory on the grounds that it places a burden or expense on Plaintiff that outweighs its likely benefit since it requests Plaintiff for communications with any person regarding the tarnsactions. Further, Plaintiff objects to the Interrogatory on the grounds that it seeks information that is cumulative or duplicative of information previously provided or in the possession of the United States. Plaintiff also objects to the request by the Government to "organize this information in a table sorted alphabetically by the last name of each person." Plaintiffs are only required to format its responses in accordance with the Federal Rules of Civil Procedure and the Rules of the United States Court of Federal Claims. Further, Plaintiff objects to the

Interrogatory on the grounds that it seeks information subject to the Attorney/Client Privilege and the Attorney Work Product Doctrine.

30. Please identify, and provide the information listed below for **every** marketing or other material used in presenting the transactions described in Part V of the Complaint to the Individual Participants and/or any advisor thereof:

- Type of document or other tangible thing;
- General subject matter;
- Date of the document or other tangible thing; and
- Author(s), addressee(s), and recipient(s).
- A description of each document or material or a citation to the beginning and ending bates stamp numbers of the document or material;
- The person who created the document or other tangible thing;
- Whether you were given a copy of the document or other tangible thing;
- If a copy was given to you, whether or where the copy still exists;
- If you were not given a copy of the document, what is the reason for your not receiving a copy of the document;
- If you have not furnished the bates stamp numbers for the document or other tangible thing, the person who has custody of the document or other tangible thing and its location;
- And, if it does not exist, how the document or other tangible thing was disposed of and any person who authorized its disposal or who has knowledge of its disposal.

<u>ANSWER</u>: Plaintiff objects to the Interrogatory on the grounds that it seeks information that is cumulative or duplicative of information previously provided or in the possession of the United States. Plaintiff also objects to the request by the Government to "organize this information in a table sorted alphabetically by the last name of each person." Plaintiff is only required to format its responses in accordance with the Federal Rules of Civil Procedure and the Rules of the United States Court of Federal Claims. Subject to and without waiving said objections, Plaintiff, Plaintiff's advisors, and the Individual Participants do not recall receiving any marketing material.

31. Paragraph 7 of the Complaint alleges that "JZ and JGB entered into certain over-the-counter, non-publicly traded European-style foreign currency option positions on the Euro and Yen (collectively the "Options") with Deutsche Bank AG New York Branch (the "Bank")."

Please identify, and provide the information listed below for, **every** communication, oral or otherwise, in which a person stated, represented, suggested,

implied, intimated, or in any other way communicated that the Plaintiff, the Individual Participants and/or the Additional Participants could terminate any of these European-style digital options prior to the expiration of their full term:

- The date on which the communication was made;
- The means of communication (e.g., in person, by phone, by email, by fax), and, if in the person, the place where the communication was made;
- The person who made the communication;
- The person to whom the communication was made;
- The person who heard or received any portion of the communication if different or in addition to those individuals to whom the communication was made;
- The duration of the communication;
- The nature and content of the communication, repeating the actual words used to the extent possible and, when not possible, paraphrasing in detail those words;
- And a description of any document memorializing the communication.

Please organize this information in a table sorted chronologically by the date on which the communication was made.

<u>**ANSWER**</u>: Plaintiff objects to the Interrogatory on the grounds that it seeks information that is not relevant to any claim or defense of any party in this litigation, and places a burden or expense on Plaintiff that outweighs its likely benefit. Plaintiff also objects to the request by the Government to "organize this information in a table sorted alphabetically by the last name of each person." Plaintiff is only required to format its responses in accordance with the Federal Rules of Civil Procedure and the Rules of the United States Court of Federal Claims. Subject to and without waiving said objections, neither Plaintiff nor the Individual Participants recall communication regarding early termination of the Options.

32. Please explain, completely and accurately, regarding the transactions described in Part V of the Complaint, how much the Plaintiff, the Individual Participants and/or the Additional Participants paid to Ernst & Young, Jenkens & Gilchrist, Brown & Wood, Scheef & Stone, and/or Deutsche Bank, including as to each such payment:

- The date of the payment;
- The amount of the payment;
- The person making the payment;
- The reason for the payment;
- The account from which the payment was drawn;
- The account to which the payment was deposited;

- A description of any document memorializing the payment.

Please organize this information in a table sorted chronologically by the date on which the communication was made.

**ANSWER**: Plaintiff objects to the Interrogatory on the grounds that it seeks information that is cumulative or duplicative of information previously provided or in the possession of the United States, including but not limited to, Plaintiff's Response to Interrogatory 14 in Plaintiff's First Responses. Please note that the payment amounts here are set forth differently. To the extent that there is a conflict, the Plaintiff's Response to Interrogatory Number 14 in Plaintiff's First Responses is supplemented by this Plaintiff's Response to Interrogatory Number 32. Plaintiff also objects to the request by the Government to "organize this information in a table sorted alphabetically by the last name of each person." Plaintiff is only required to format its responses in accordance with the Federal Rules of Civil Procedure and the Rules of the United States Court of Federal Claims. Subject to and without waiving said objections, Plaintiff has set forth the below the requested information.

a. On or about November 23, 1999, James Boyd received an invoice from Ernst & Young for services rendered. James Boyd remitted payment of $75,000 to Ernst & Young. BOGOV2641.

b. Jerry Zucker received an invoice from Ernst & Young for services rendered. Jerry Zucker remitted payment of $675,000 to Ernst & Young. BE000480.

c. On or about March 28, 2000, James Boyd received an invoice from Brown & Wood for services rendered. On or about May 28, 2000, JBJZ Investors remitted to Brown & Wood payment of $60,000 drawn on bank account number Citibank 37035469. Z000279-Z000280.

d. On or about November 23, 1999, Jerry Zucker received an invoice from Jenkens & Gilchrist for services rendered. On or about December 29, 1999, JBJZ Investors remitted to Jenkens & Gilchrist payment of $1,400,000. ZUDB00124.

33. Attached as Exhibit A is a legal opinion letter from Jenkens & Gilchrist, dated January 21, 2000, with a cover letter dated March 10, 2000, to Individual Participant Jerry Zucker. Pages 7 and 8 contain a list of Representations.

Please identify who provided the wording for each of these representations. If the other Individual Participant received a similar letter, please identify who provided the wording for each representation therein.

**ANSWER**: Plaintiff objects to the Interrogatory on the grounds that it seeks information that is not relevant to any claim or defense of any party in this litigation, and places a burden or expense on Plaintiff that outweighs its likely benefit. Further, Plaintiff objects to the Interrogatory on the grounds that it seeks information that is cumulative or duplicative of information previously provided or in the possession of the United States. Subject to and without waiving said objections, Plaintiff already submitted this information to the Government in Plaintiff's Response to Interrogatory 10 in Plaintiff's First Responses.

34. For each person listed in your response to Interrogatory 33, please provide the information listed below for, every communication, oral or otherwise, by each Individual Participant (or their advisors) with such persons:

- The date on which the communication was made;
- The means of communication (e.g., in person, by phone, by email, by fax), and, if in person, the place where the communication was made;
- The person who made the communication;
- The person to whom the communication was made;
- The person who heard or received any portion of the communication, if different or in addition to those individuals to whom the communication was made;
- The duration of the communication;
- The nature and content of the communication, repeating the actual words used to the extent possible and, when not possible, paraphrasing in detail those words;
- The nature, content, and person making any response, repeating the actual words used to the extent possible and, when not possible, paraphrasing in detail those words;
- And a description of any document memorializing the communication.

Please organize this information in a table sorted chronologically by the date on which the communication was made.

**ANSWER**: Plaintiff objects to the Interrogatory on the grounds that it places a burden or expense on Plaintiff that outweighs its likely benefit. Further, Plaintiff objects to the Interrogatory on the grounds that it seeks information that is cumulative or duplicative of information previously provided or in the possession of the United States. Plaintiff also

objects to the request by the Government to "organize this information in a table sorted alphabetically by the last name of each person." Plaintiff is only required to format its responses in accordance with the Federal Rules of Civil Procedure and the Rules of the United States Court of Federal Claims. Subject to and without waiving said objections, Plaintiff previously provided such information in Plaintiff's Response to Interrogatory 10 in Plaintiff's First Responses.

35. The Representations on page 7 of the legal opinion letter to Jerry Zucker by Jenkens & Gilchrist, dated January 31, 2000, which is attached as Exhibit A, states the following as Representation a.:

> You entered into the purchase and sale of the Options for substantial nontax business reasons, including (i) to produce overall economic profits because of your belief that the Euro/U.S. Dollar exchange rate and the Japanese Yen/U.S. Dollar exchange rate would change; and (ii) your belief that the most direct way, with the most leverage, to realize gain from expected changes in currency prices was the purchase and sale of the Options.

Please explain completely and accurately all non-tax business reasons that you had for entering into the series of transactions described in Part V of the Complaint, including the reasons listed in Representation a. if true, and for each such reason the facts upon which you rely to support that reason.

**ANSWER**: Plaintiff objects to the Interrogatory on the grounds that it seeks information that is not relevant to any claim or defense of any party in this litigation, and places a burden or expense on Plaintiff that outweighs its likely benefit. Further, Plaintiff objects to the Interrogatory on the grounds that it seeks information that is cumulative or duplicative of information previously provided or in the possession of the United States. Subject to and without waiving said objections, Individual Participants, Mr. Zucker and Mr. Boyd, believed that they could have earned approximately $3-4 million dollars in profit if all of the Options, as defined below, had hit. As provided to the Government's Counsel previously, Mr. Zucker and Mr. Boyd engaged in the following transactions, which are collectively referred to as the Options:

- JGB Bohicket purchased on or about November 23, 1999 a digital option on the Euro/U.S. Dollar exchange rate at a strike price less than or equal

to U.S. $1.0123 per Euro with an expiration date of December 22, 1999, a settlement date of December 27, 1999, a payoff amount of $10,000,000.00, and a paid premium of $5,000,000.00.

- JGB Bohicket sold on or about November 23, 1999, a digital option on the Euro/U.S Dollar Exchange rate at a strike price less than or equal to U.S. $1.0121 per Euro with an expiration date of December 22, 1999, a settlement date of December 27, 1999, a payoff amount of $9,375,000.00, and a received premium of $4,750,000.00.

- JZ Buckingham purchased on or about November 23, 1999 a digital option on the Euro/U.S. Dollar exchange rate at a strike price less than or equal to U.S. $1.0123 per Euro with an expiration date of December 22, 1999, a settlement date of December 27, 1999, a payoff amount of $40,000,000.00, and a paid premium of $20,000,000.00.

- JZ Buckingham sold on or about November 23, 1999 a digital option on the Euro/U.S Dollar exchange rate at a strike price less than or equal to U.S. $1.0121 per Euro with an expiration date of December 22, 1999, a settlement date of December 27, 1999, a payoff amount of $37,500,000.00, and a received premium of $19,000,000.00.

- JZ Buckingham purchased on or about November 23, 1999 a digital option on the Japanese Yen/U.S. Dollar exchange rate at a strike price greater than or equal to Japanese Yen 106.19 per U.S. $1.00 with an expiration date of December 22, 1999, a settlement date of December 27, 1999, a payoff amount of $50,000,000.00, and a paid premium of $25,000,000.00.

- JZ Buckingham sold on or about November 23, 1999 a digital option on the Japanese Yen/U.S. Dollar exchange rate at a strike price greater than or equal to Japanese Yen 106.21 per U.S. $1.00 with an expiration date of

December 22, 1999, a settlement date of December 27, 1999, a payoff amount of $46,875,000.00, and a received premium of $23,750,000.00

To purchase some of the Options, the Individual Participants paid a total of $50,000,000. In selling some of the Options, the Individual Participants received a total of $47,500,000. If all of the Options had hit, the total amount of payoffs to be received by the Individual Participants would have been $100,000,000. Furthermore, the total amount of premiums to be paid by the Individual Participants would have been $93,750,000. As a result, the Individual Participants believed their realistic profit fell between $3-4 million dollars.

Furthermore, Plaintiff would like to point out that the beliefs of the Individual Participants were objectively reasonable in light of the fact that the Form 1065 for JBJZ Partners' short taxable year 1999 reflects that it received $625,000 in income derived from the sale of several currency contracts. JBJZ Partners had a total gain on the sale of the currency contracts of $48,750,000 and a total loss of $48,125,000, for a net gain of $625,000.

36. The Representations on page 7 of the legal opinion letter to Jerry Zucker by Jenkins [sic] & Gilchrist, dated January 31, 2000, which is attached hereto as Exhibit A, states the following as Representation b.:

> You contributed the Options to the Partnership for substantial nontax business reasons, including, but not limited to, potential diversification of the risks of certain investments, the desire to co-invest as partners with the other co-partners and for your convenience.

Please explain completely and accurately all non-tax business reasons that you had for contributing the Options to JBJZ Partners, including the listed reasons if true.

<u>**ANSWER**</u>: Plaintiff objects to the Interrogatory on the grounds that it seeks information that is not relevant to any claim or defense of any party in this litigation, and places a burden or expense on Plaintiff that outweighs its likely benefit. Further, Plaintiff objects to the Interrogatory on the grounds that it seeks information that is cumulative or duplicative of information previously provided or in the possession of the United States.

Subject to and without waiving said objections, Plaintiffs previously provided to you this response in Plaintiff's Response to Interrogatory Number 11 to Plaintiff's First Responses.

37. The Representations on page 7 of the legal opinion letter to Jerry Zucker by Jenkens & Gilchrist, dated January 31, 2000, which is attached as Exhibit A, states the following as Representation c.:

> Your contribution of your interest in the Partnership to JBJZ Inc. was made for substantial nontax business reasons.

Please explain completely and accurately all non-tax business reasons that you had for contributing the partnership interest in JBJZ Partners to JBJZ Inc.

**ANSWER**: Plaintiff objects to the Interrogatory on the grounds that it seeks information that is not relevant to any claim or defense of any party in this litigation, and places a burden or expense on Plaintiff that outweighs its likely benefit. Further, Plaintiff objects to the Interrogatory on the grounds that it seeks information that is cumulative or duplicative of information previously provided or in the possession of the United States. Subject to and without waiving said objections, Plaintiffs previously provided to you this response in Plaintiff's Response to Interrogatory Number 11 to Plaintiff's First Responses.

38. Attached as Exhibit B is a legal opinion letter to Individual Participant James G. Boyd from Brown & Wood, dated March 9, 2000. Please state whether Jerry Zucker received a legal opinion letter form [sic] Brown & Wood similar to Exhibit B.

**ANSWER**: Plaintiff objects to the Interrogatory on the grounds that it seeks information that is cumulative or duplicative of information previously provided or in the possession of the United States. Subject to and without waiving said objections, Mr. Zucker received a legal opinion letter from Brown & Wood dated March 9, 2000, which was previously provided to Defendant.

39. Section II.A. of the Brown & Wood legal opinion legal [sic] contains a list of Investor Representations. Assuming Jerry Zucker received similar legal opinion letter by Brown & Wood, please identify who provided the wording for these representations.

**ANSWER**: Plaintiff objects to the Interrogatory on the grounds that it seeks information that is cumulative or duplicative of information previously provided or in the possession of the United States. Subject to and without waiving said objections, Subject to and without waiving said objections, Plaintiff previously provided such information in Plaintiff's Response to Interrogatory 10 in Plaintiff's First Responses.

40. For each person listed in your response to Interrogatory 39, please provide the information listed below for, every communication, oral or otherwise, by each individual participant (or their advisors) with such persons:

- The date on which the communication was made;
- The means of communication (e.g., in person, by phone, by email, by fax), and, if in the person, the place where the communication was made;
- The person who made the communication;
- The person to whom the communication was made;
- The person who heard or received any portion of the communication if different or in addition to those individuals to whom the communication was made;
- The duration of the communication;
- The nature and content of the communication, repeating the actual words used to the extent possible and, when not possible, paraphrasing in detail those words;
- And a description of any document memorializing the communication.

Please organize this information in a table sorted chronologically by the date on which the communication was made.

**ANSWER**: Plaintiff objects to the Interrogatory on the grounds that it places a burden or expense on Plaintiff that outweighs its likely benefit. Further, Plaintiff objects to the Interrogatory on the grounds that it seeks information that is cumulative or duplicative of information previously provided or in the possession of the United States. Plaintiff also objects to the request by the Government to "organize this information in a table sorted alphabetically by the last name of each person." Plaintiff is only required to format its responses in accordance with the Federal Rules of Civil Procedure and the Rules of the United States Court of Federal Claims.

41. The Investor Representations on page 3 of the legal opinion letter from Brown & Wood, dated March 9, 2000, which is attached as Exhibit B, states the following as Investor Representation #2:

Investor believed that Investor had a reasonable opportunity to earn a reasonable profit, in excess of all fees and transaction costs, from the transaction described herein, without regard to tax benefits.

Please explain completely and accurately the basis for the Individual Participants' belief that they had a reasonable opportunity to earn a reasonable profit, including in such explanation:

- How much profit the Individual Participants believed that they could earn on the Transactions.
- The probability that the Individual Participants could earn such profit.
- How much money the Individual Participants believed that they could lose on the Transactions.
- The probability that the Individual Participants could lose the amounts specified.

**ANSWER**: Plaintiff objects to the Interrogatory on the grounds that it seeks information that is not relevant to any claim or defense of any party in this litigation, and places a burden or expense on Plaintiff that outweighs its likely benefit. Further, Plaintiff objects to the Interrogatory on the grounds that it seeks information that is cumulative or duplicative of information previously provided or in the possession of the United States. Subject to and without waiving said objections, Plaintiff previously answered this Interrogatory in Plaintiff's Answer to Interrogatory Number 35.

Respectfully submitted,

By: ______________________

Joel N. Crouch
Texas State Bar No.05144220
M. Todd Welty
Texas State Bar No. 00788642
Tara C. Campbell
Texas State Bar No. 24043452

MEADOWS, OWENS, COLLIER, REED
COUSINS & BLAU, L.L.P.
901 Main Street, Suite 3700
Dallas, TX 75202
(214) 744-3700 Telephone
(214) 747-3732 Facsimile
jcrouch@meadowsowens.com
twelty@meadowsowens.com
tcampbell@meadowsowens.com

ATTORNEYS FOR PLAINTIFF

**CERTIFICATE OF SERVICE**

On this 14th day of August 2006, a copy of the foregoing Answers was delivered to counsel listed below via the means indicated.

**Via Facsimile and Express Mail**

Dennis M. Donohue, Esq.
United States Department of Justice
Tax Division
Civil Trial Section, Northern Region
P.O. Box 55
Ben Franklin Station
Washington, D.C. 20044

Joel N. Crouch

**VERIFICATION**

STATE OF SOUTH CAROLINA §
§
COUNTY OF CHARLESTON §

BEFORE ME, the undersigned Notary Public, on this day personally appeared JERRY ZUCKER, who, after being duly sworn, stated under oath that on behalf of Plaintiff JZ Buckingham Investments, LLC, he has read the above Plaintiff's Objections and Responses to the United States' Second Set of Interrogatories and each, to the best of his knowledge, is true and correct.

JERRY ZUCKER

SUBSCRIBED AND SWORN TO BEFORE ME, on this the 10th day of August 2006.

[seal]

Notary Public

State of South Carolina
My Commission Expires: 9-16-2014