# GOVERNMENT EXHIBIT L

**U.S. Department of Justice**

**Tax Division**

*Please reply to: Civil Trial Section, Northern Region*
*P.O. Box 55*
*Ben Franklin Station*
*Washington, D.C. 20044*

*Facsimile No. (202) 514-5238*
*Trial Attorney: David M. Steiner*
*Attorney's Direct Line: (202) 307-5892*

EJO'C:DPM:DMSteiner
154-2270
CMN 2005103170

July 27, 2007

VIA REGULAR MAIL
Joel N. Crouch, Esq.
Meadows, Owens, Collier, Reed Cousins & Blau, L.L.P.
901 Main Street, Suite 3700
Dallas, TX 75202

Re: *JZ Buckingham Investments v. United States*, 05-231 T (Fed. Cl.)

Dear Mr. Crouch:

Enclosed please find the United States' Third Set of Interrogatories. If you have any questions, please contact me at (202) 307-5892.

Sincerely yours,

DAVID M. STEINER
Trial Attorney
Civil Trial Section, Northern Region

Enclosure

cc: Joseph A Pitzinger, Esq.
United States Department of Justice, Tax Division
717 N. Hardwood Street, Suite 400
Dallas, TX 75201

Jonathan Blacker, Esq.
Unites States Dept. of Justice
717 North Harwood, Suite 400
Dallas, TX 75201

GOVERNMENT EXHIBIT
L

PENGAD 800-631-6989

F. Anthony Paganelli, Esq.
Sommer Barnard, P.C.
One Indiana Square, Suite 3500
Indianapolis, IN 46204

2639317.1

IN THE UNITED STATES COURT OF FEDERAL CLAIMS

No. 05-231 T
(Chief Judge Damich)

---

JZ Buckingham Investments LLC as Tax Matters Partner
of JBJZ Partners, a South Carolina general partnership,

Plaintiff,

v.

United States of America,

Defendant.

---

## UNITED STATES' THIRD SET OF INTERROGATORIES

Pursuant to RCFC 26 and 33, Respondent hereby asks you to answer the following interrogatories fully, in writing, and under oath. Defendant requests further that you serve your answers upon the Defendant within 30 days of service of these interrogatories.

## INSTRUCTIONS

1. Duties in Answering Interrogatories. Each interrogatory is required to be answered separately and fully in writing upon Plaintiff's entire knowledge from all sources. The answers must include all information within Plaintiff's control or known by Plaintiff's agents, including information supplied to Plaintiff by other persons and facts in the possession of your attorney in

this litigation or any other litigation in which you are involved. Plaintiff's answers must be verified, dated, and signed. If Plaintiff cannot provide a complete answer to an interrogatory, answer to the extent possible and describe the reason for their inability to answer the remainder. If an answer is based on information received from third parties, the answer should identify the source of the information. If an answer is an estimate, the answer should so state and describe how the estimate was made.

2. Duty to Supplement Discovery Responses and Document Production. These interrogatories are continuing in character so as to require the supplementation of answers to the extent required by RCFC 26(e). Such supplemental responses are to be served as soon as reasonably possible after the additional or corrective information is obtained.

3. Objections and Claims of Privilege. If Plaintiff objects to all or any part of an interrogatory, state the grounds for the objection with specificity. If Plaintiff believes that only part of an interrogatory is objectionable, it must answer the interrogatory to the extent it is not objectionable. If all or any part of an interrogatory is objected to as seeking privileged information or documents, for each such objection state the nature of the privilege asserted and describe the privileged information or document with particularity (e.g., title, date created, author(s), recipient(s), and subject matter) so as to enable the defendant to evaluate the applicability of the privilege.

4. When Responding by Attaching a Document. If the answer to any interrogatory is fully and fairly contained in a document from which the answer can be extracted without unreasonable difficulty, you may answer the interrogatory by attaching a copy of the document and attesting to its genuineness. If you answer an interrogatory in this way, please specify the

documents (and pages) that contain the answer. The specification must be detailed enough to permit Respondent to find the requested information readily.

5. Duty to Include Information in Possession of Others. You must include in your answer to an interrogatory information which, while not within your own knowledge, is nonetheless within your custody or control or reasonably available to you, your attorney in this litigation or any other litigation, your actuary, your accountant, or any other source from whom it may reasonably be secured. See, e.g., General Dynamics Corp. v. Selb Mfg. Co., 481 F.2d 1204, 1210-1211 (8th Cir. 1973).

6. Duty to Provide Information Furnished in Your Investor Class Action Litigation. Your responses should take into account any knowledge or information acquired from documents furnished to the Individual Participants, Jerry Zucker and James Boyd, or their attorneys or agents pursuant to the "Informal Merits Discovery" described in the "Mediated Settlement Agreement," ¶ 1(h), of March 4, 2004, settling certain claims against certain defendants in Camferdam, et al. v. Ernst & Young International, Inc., et al., No. 02 Civ. 10100 (S.D.N.Y.)(BSJ).

7. Conformance with Local Rules. Please quote each interrogatory in full immediately preceding the statement of any answer, response or objection thereto, and number each such response to correspond with the number assigned to the interrogatory.

## DEFINITIONS

The following definitions shall apply to these interrogatories, unless otherwise noted:

a. "Document" means and includes all materials or data subject to production under RCFC 34(a) and all writings or recordings within the meaning of Fed. R. Evid. 1001. The term

shall be broadly construed to include (but shall not be limited to) correspondence, electronic mail, notes, notations, contracts, brochures, agreements, deeds, leases, letters, memoranda, checks, bank statements, reports, analyses, projections, studies, records, corporate minutes, financial statements, financial records, accounting or audit workpapers (including permanent workpapers), spreadsheets, testimony, transcripts, recordings, and all other types of written or documentary materials. It includes all originals, copies, and non-identical copies (whether by reason of handwritten notations thereon or otherwise), regardless of whether the information is stored on paper, in electronic form, or through any other medium.

b. To "identify" or "describe" a document or other writing means to state with respect to that document or other writing the following:

i. Type of document (e.g., letter, memorandum, agreement, record, minutes, note, etc.).

ii. Date of preparation, or, if executed, date of execution.

iii. Name, occupation, and present address of each person who either prepared or signed the document.

iv. Present location of the document.

v. Name of each present custodian, and his or her present or last-known business address and telephone number.

N.B. When an interrogatory requests you to identify any substantiating documents, you are required, in accordance with these instructions, to identify each specific document separately.

c. To "identify each person" means to state with respect to that person the following:

i. Name.

ii. Present occupation and business affiliation.

iii. Present or last-known business address and telephone number.

d. The term "person" shall be construed to mean and include an individual, trust, estate, partnership, company, corporation, governmental body, or other entity, whether domestic or foreign.

e. The term "Individual Participants" refers to Jerry Zucker and James Boyd.

f. The term "Plaintiff" refers to JZ Buckingham Investments LLC.

g. The term "Additional Participants" refers to JBJZ Partners, JBJZ Investors, Inc., JGB Bohicket Investments LLC, and any successors of these entities.

h. The term "Transactions" refers to the series of events described in paragraph Part V of the Complaint.

i. The term "transactions substantially similar to the Transactions" shall include any transactions of the type described in IRS Notices 1999-59 or 2000-44.

j. The term "Ernst & Young" includes both Ernst & Young International, Inc., a corporation organized and existing under the laws of the State of Delaware, and Ernst & Young, LLP, a member thereof, and any employees and/or partners therein, including, but not limited to, Robert Coplan, Brian Vaughn, Ray Knight, Barton C. Francis, Carl A. Rhodes, Charles R. Kowal, Charles W. Paul, John M. Bean, Martin Nissenbaum, Melinda S. Merk, Peter D. Lucido, James E. Ryan, James A. Cox, Robert M. Haynie, Mary B. Zmoira, Dale Hortenstine, Mike Dell, David Garlock, Ken Hooker, Bruce Weinrib, Micky Neimbar, Brian L. Vaughn, Jerred G. Blanchard, Jr., John Broadbent, Andrew J. Dubroff, Shari R. Fessler, David C. Garlock, Frank G. Hertz, Gary R. Guffinan, Peter C. Mahoney, Stephen N. Montgomery Henry Zigtema, Amy Keating, Amy R.

Ruderman, Robert Marzziotti, Dick Jones, Denis Conlon, Thomas Dougherty, Monte A. Jackel, Richard J. Shapiro, Lee Yerkel, Betty Booth, Lily Aspillera, Dick Stone, Stewart G. Goodson.

k. The term "Jenkens & Gilchrist" includes Jenkens & Gilchrist, A Professional Corporation, a professional corporation organized and existing under the laws of the State of Texas with its principal place of business in Texas, and Jenkens & Gilchrist, A Professional Corporation, a corporation organized and existing under the laws of the State of Illinois with its principal place of business in Illinois, as well as all employees and/or partners thereof, including, but not limited to, Paul Daugerdas, Donna Guerin, Ryan Wagley, Irwin Mayer, and Patrick O'Daniel.

l. The term "Brown & Wood" refers to the law firm of Brown & Wood and its successor in interest, Sidley, Austin, Brown & Wood, and all employees and/or partners thereof, including, but not limited to RJ Ruble, John Felkamp, and Susan L. Sodano.

m. The term "Deutsche Bank" refers to both Deutsche Bank AG and Deutsche Bank Securities, Inc. d/b/a Deutsche Bank Alex Brown, and all employees thereof, including, but not limited, to David Parse, Sandra Burnside, William Boyle, John Ross, Ivor Dunbar, Mick Wood, Francesco Piovanetti, Peter Sturzinger, Ken Tarr, Viktoria Antoniades, and Brian McGuire. Deutsche Bank AG is a German corporation with its principal place of business at Taunusanlage 12, 60325 Frankfurt am Main, Germany. Deutsche Bank Securities, Inc. is a Delaware corporation with its principal place of business at 31 West 52nd Street, New York, New York, 10019.

n. The term "Scheef & Stone" refers to the law firm of Scheef & Stone and all employees and/or partners thereof, including, but not limited, to Grady Dickens and Charles Helms.

o. The term "COBRA" is an acronym for "Currency Options Bring Reward Alternatives."

p. The term "VIPER" is the group of persons in Ernst & Young that marketed tax products, which Ernst & Young renamed SISG (Strategic Individual Solutions Group) .

## INTERROGATORIES

42. Please explain, in detail, the purpose or purposes for the formation and use of JZ Buckingham Investments, LLC, and how the creation and use of that LLC facilitated the achievement of the purpose or purposes for which it was formed.

ANSWER:

43. For each purpose mentioned in your answer to Interrogatory #42, explain whether or not that purpose could have been achieved without the use of the LLC.

ANSWER:

44. If any purpose mentioned in Interrogatories ##42 and/or 43 could not have been achieved without the use of the LLC, explain why not.

ANSWER:

45. Please explain why, as a disregarded, single-member LLC with no employees or expectation of future employees, JZ Buckingham Investments, LLC applied for an Employer Identification Number.

ANSWER:

46. Please explain why JZ Buckingham Investments, LLC, and not Mr. Zucker, was listed as a partner of JBJZ Partners on the partnership's 1999 Form 1065.

ANSWER:

47. Please explain why the Schedule K-1 filed with the partnership's 1999 Form 1065 did not disclose the fact that JZ Buckingham Investments, LLC, was a single-member LLC and/or that it was a disregarded entity for federal income tax purposes.

ANSWER:

48. Please explain, in detail, the purpose or purposes for the formation and use of JGB Bohicket Investments, LLC, and how the creation and use of that LLC facilitated the achievement of the purpose or purposes for which it was formed.

ANSWER:

49. For each purpose mentioned in your answer to Interrogatory #48, explain whether or not that purpose could have been achieved without the use of the LLC.

ANSWER:

50. If any purpose mentioned in Interrogatories ##48 and/or 49 could not have been achieved without the use of the LLC, explain why not.

ANSWER:

51. Please explain why, as a disregarded, single-member LLC with no employees or expectation of future employees, JGB Bohicket Investments, LLC applied for an Employer Identification Number.

ANSWER:

52. Please explain why JGB Bohicket Investments, LLC, and not Mr. Boyd, was listed as a partner of JBJZ Partners on the partnership's 1999 Form 1065.

ANSWER:

53. Please explain why the Schedule K-1 filed with the partnership's 1999 Form 1065 did not disclose the fact that JGB Bohicket Investments, LLC, was a single-member LLC and/or that it was a disregarded entity for federal income tax purposes.

ANSWER:

54. Did Mr. Zucker and/or Mr. Boyd provide any personal guarantees to any party for any of the debts, obligations, or other liabilities, etc. of their respective single-member LLCs, of JBJZ Partners, and/or of JBJZ Investors, Inc.? If so, please explain.

ANSWER:

55. Please explain why the statement required under Treas. Reg. § 1.351-3(b) was not attached to JBJZ Investors, Inc.'s 1999 Form 1120S.

ANSWER:

56. Please explain why the statements required under Treas. Reg. § 1.351-3(a) were not attached to the Zuckers' 1999 Form 1040 or the Boyds' 1999 Form 1040.

ANSWER:

57. Please explain why the single-member LLCs capitalized the transaction-related fees paid to Ernst & Young to the tax basis of the JBJZ Partners partnership interests held by the single-member LLCs (and then by JBJZ Investors, Inc., to the tax basis it claimed to have had in the Canadian Currency and the Cisco stock that JBJZ Investors, Inc., received upon the termination/liquidation of JBJZ Partners) rather than deducting them as business or investment expenses. Please include in such explanation any "substantial authority" upon which this treatment was based.

ANSWER:

58. Please explain whether or not any or all of the transaction-related fees paid to Ernst &

Young in 1999 were claimed as a deduction on any Form 1040 filed by the Zuckers or the Boyds and, if so, please identify the Schedule and line number on which such amount was deducted and explain why that amount was deducted on that Schedule.

ANSWER:

59. Please explain why the single-member LLCs capitalized the transaction-related fees paid to Jenkens & Gilchrist to the tax basis of the JBJZ Partners partnership interests held by the single-member LLCs (and then by JBJZ Investors, Inc., to the tax basis it claimed to have had in the Canadian Currency and Cisco stock that JBJZ Investors, Inc., received upon the termination/liquidation of JBJZ Partners) rather than deducting them as business or investment expenses. Please include in such explanation any "substantial authority" upon which this treatment was based.

ANSWER:

60. Please explain whether or not any or all of the transaction-related fees paid to Jenkens & Gilchrist in 1999 were claimed as a deduction on any Form 1040 filed by the Zuckers or the Boyds and, if so, please identify the Schedule and line number on which such amount was deducted and explain why that amount was deducted on that Schedule.

ANSWER:

61. Please identify and explain, in detail, any business purpose(s) that JBJZ Investors, Inc. served that JBJZ Partners could not have served just as readily.

ANSWER:

62. Please separately identify and explain, in detail, each tax and nontax purpose for contributing the partnership interests in JBJZ Partners to JBJZ Investors, Inc.

ANSWER:

63. Please explain why the term "Cost" rather than "other basis" was used to describe the tax basis used by JBJZ Investors, Inc., on the statement to Schedule D of its 1999 Form 1120 S to compute its capital losses on the sale of the Cisco stock.

ANSWER:

64. Please explain why the explanation required by the 1999 *Instructions for Schedule D (Form 1120S)* was not attached to JBJZ Investors, Inc.'s 1999 Form 1120S.

ANSWER:

65. Please explain why the Schedules L, M-1, and M-2 of JBJZ Partners' 1999 Form 1065 were not completed and why the information required by these schedules was not otherwise disclosed on the return.

ANSWER:

66. Please explain why Item F on page 1 and Item J on page 1 and Item J on the Schedule K-1s on JBJZ Partners' 1999 Form 1065 were not completed and why the information required on these schedules was not otherwise disclosed on that return.

ANSWER:

67. Please explain why the opening balances on Schedule L of JBJZ Investors, Inc.'s 1999 Form 1120S were not completed.

ANSWER:

68. Please explain why the tax basis claimed by JBJZ Investors, Inc. in the Canadian Currency and the Cisco stock, rather than the date-of-acquisition fair market value of these assets, was used to determine the amounts disclosed on Lines 23(d) and 24(d) of Schedule L and on Schedule M-1 of its 1999 Form 1120S. In answering this interrogatory, please identify any financial accounting principles or any financial accounting literature that permits, requires, or otherwise supports this accounting treatment.

ANSWER:

Dennis M. Donohue DMD
DENNIS M. DONOHUE
Attorney of Record
Chief Senior Litigation Counsel
U.S. Department of Justice - Tax Division
Office of Civil Litigation
Box 403,
Ben Franklin Station
Washington, D.C. 20044
(202) 307-5892

RICHARD T. MORRISON
Acting Assistant Attorney General
DAVID GUSTAFSON
Chief, Court of Federal Claims Section

## CERTIFICATE OF SERVICE

I hereby certify that on July 27th, 2007, a copy of the foregoing UNITED STATES' THIRD SET OF INTERROGATORIES, was mailed by First Class U.S. mail postage paid, and properly addressed to the following:

F. Anthony Paganelli, Esq.
SOMMER BARNARD, P.C.
One Indiana Square, Suite 3500
Indianapolis, IN 46204

Joseph Pitzinger, Esq.
United States Department of Justice
717 N. Hardwood St., Suite 400
Dallas, TX 75201

Jonathan Blacker, Esq.
United States Department of Justice
717 N. Hardwood St., Suite 400
Dallas, TX 75201

Joel N. Crouch, Esq.
Meadows, Collier, Reed
Cousins & Blau, L.L.P.
901 Main Street, Suite 3700
Dallas, Texas 75202

DAVID M. STEINER
Trial Attorney, Tax Division
U.S. Department of Justice
Post Office Box 55
Ben Franklin Station
Washington, D.C. 20044
Telephone: (202) 307-5892



2638984.1 99