IN THE UNITED STATES COURT OF FEDERAL CLAIMS

| | | |
|---|---|---|
| JZ Buckingham Investments LLC as Tax Matters Partner of JBJZ Partners, a South Carolina general partnership, | § § § § | |
| Plaintiff, | § | CASE NO. 05-231 T |
| v. | § | Chief Judge Edward J. Damich |
| | § | |
| United States of America, | § § | |
| Defendant. | § | |

DEFENDANT'S RESPONSE TO PLAINTIFF'S FIRST SET OF REQUESTS FOR ADMISSIONS

Pursuant to Rule 36 of the Rules of the United States Court of Federal Claims ("RCFC"), Defendant, by its attorney DENNIS DONOHUE, objects and responds to "Plaintiff's First Set of Requests for Admissions" as follows:

GENERAL STATEMENT AND OBJECTIONS

1. By responding to any request for admission, Defendant does not concede the materiality of the subject to which it refers. Defendant's responses are made expressly subject to, and without waiving or intending to waive, any questions or objections as to the competency, relevancy, materiality, or admissibility as evidence or for any other purpose, of any information produced, or subject matter thereof, in any proceeding including the trial of this action or any subsequent proceeding.

2. Defendant objects to these requests for admissions because they are being served long before defendant has completed its factual discovery and also before it has taken any depositions in this litigation As a consequence, defendant is unable to determine the authenticity of many, if not most, of the documents referred to in the requests. The normal time to request a

1827050 1

EXHIBIT
tabbies
6

defendant to admit to the authenticity of documents which were allegedly created by, or at the alleged request of, the plaintiff or which were in the plaintiff's possession and/or control prior to the litigation is after the defendant has had the full opportunity through discovery to establish the authenticity of the documents. See generally *Caruso v The Coleman Co*, 1995 U.S. Dist LEXIS 7934 (E.D.Pa. June 7, 1995). This is especially true when the requesting party has not indicated what documents it intends to introduce at trial. *In re Gulf Oil/Cities Serv Tender Offer Lit, et al v Chevron U S A Inc*, 1990 U.S. Dist. LEXIS 8649 (S.D.N.Y. July 16, 1990)

3. Defendant objects to the requests for admission to the extent that they request information protected by the attorney-client or work-product privilege, or which constitute material prepared for litigation purposes.

4 Defendant objects to the requests for admission as not drafted reasonably, clearly and concisely, and not limited to matters discoverable pursuant to RCFC Rule 26.

5. Defendant objects to the requests for admission insofar as they request admissions not relevant to the case at bar.

6. Defendant objects to the requests for admission insofar as they deal with pure questions of law. "What is improper under Rule 36, however, is a request to admit a pure matter of law." *Abbot v United States*, 177 F.R.D. 92 (N.D. N.Y 1997) (citing *Diederich v Department of the Army*, 132 F.R.D. 614, 617 (S.D.N.Y 1990)and 8A Charles A. Wright & Arthur R. Miller, *Federal Practice and Procedure* § 2255, at 534 (2d ed 1994)). *See*, *Vons Companies, Inc v United States*, 51 Fed. Cl. 1, 13, 15 (2001); *Ransom v United States*, 8 Cl. Ct. 646, 648 (1985).

7. Defendant objects to Plaintiff's definition of "JGB Bohicket" as "JGB Bohicket Investments, LLC" because this entity's formation documents describe it as "JGB Bohicket Investments LLC".

8. Defendant objects to Plaintiff's definition of "JZ Buckingham" as "JZ Buckingham Investments, LLC" because this entity's formation documents describe it as "JZ Buckingham LLC".

9. Defendant objects to Plaintiff's definition of "JBJZ Investors" as "JBJZ Investors, Inc." because this entity's formation documents describe it as "JBJZ Investors Inc."

10. Defendant objects to Plaintiff's definition of "Tax Opinion" in Definition #9 because Plaintiff refers only to the opinions issued by Jenkens & Gilchrist and not the tax opinions issued by Brown & Wood.

11. Defendant objects to Plaintiff's definition of "Reporting Position" in Definition #12 because there is no explanation of what is meant by "initial and final federal income tax return. . . ." Moreover, Plaintiff's direction that one "assume" that the entities referred to therein "are unaffected by any judicially-created doctrines, including but not limited to, the substance-over form or sham-transaction doctrines" is improper and effectively would require Defendant to respond to these requests under a legal framework that does not exist.

12. Defendant objects to Plaintiff's definition #27 defining "Euro Contract Loss" because, upon information and belief, if the transactions which Plaintiff describes actually occurred, they produced a $1,875,000.00 gain, not a $1,250,000.00 loss.

13. Defendant objects to Plaintiff's definition #28 defining "Yen Contract Gain" because, upon information and belief, if the transactions which Plaintiff describes actually occurred, they produced a $1,250,000.00 loss, not a $1,875,000.00 gain.

1827050 1

14. Defendant objects to the requests to admit insofar as they are based on improper hypothetical scenarios unrelated to the facts or alleged facts in this litigation. *See Abbot v United States, supra*, *Vons Companies, Inc v United States*, 51 Fed Cl. 1, 13, 15 (2001); *Ransom v United States*, 8 Cl. Ct. 646, 648 (1985).

**RESPONSES**

**REQUEST FOR ADMISSION 1**: On or about November 16, 1999, Jerry Zucker formed JZ Buckingham as a single-member limited liability company under the laws of the State of Delaware. See document number ZJG000782.

**ANSWER**: Defendant cannot admit or deny this request because it has not yet taken depositions of the persons who can establish if this request is true; and thus, despite having made reasonable inquiry, the information known or currently available to the Defendant is insufficient for the Defendant to admit or deny this request. See General Objection No. 2

**REQUEST FOR ADMISSION 2**: The Employer Identification Number of JZ Buckingham is 57-1088088. See document number Z000519

**ANSWER**: Admits that this is the EIN of JZ Buckingham.

**REQUEST FOR ADMISSION 3**: The principal place of business of JZ Buckingham is Charleston, South Carolina. See document number Z001279.

**ANSWER**: Defendant objects to the request on the ground that it does not relate to the years at issue in this suit. Notwithstanding and without waiving this objection, Defendant denies this request. JZ Buckingham was not engaged in any business at all, and therefore could not have a principal place of business.

**REQUEST FOR ADMISSION 4**: Attached is a true and correct copy of the Form SS-4, *Application for Employer Identification Number*, which was filed by JZ Buckingham on November 19, 1999. See document number Z001279.

**ANSWER**: Denies and notes that the attached document does not appear to be signed or dated.

**REQUEST FOR ADMISSION 5**: Attached is a true and correct copy of the Certificate of Formation of JZ Buckingham that was filed with the Secretary of State of the State of Delaware on or about November 16, 1999. See document number Z001278.

**ANSWER**: Admits.

**REQUEST FOR ADMISSION 6**: Attached is a true and correct copy of the notice from the Secretary of State of the State of Delaware accepting the Certificate of Formation of JZ Buckingham. See document number Z001277.

**ANSWER**: Admits.

**REQUEST FOR ADMISSION 7**: In accepting the Certificate of Formation of JZ Buckingham, the Secretary of State of the State of Delaware recognized that JZ Buckingham complied with the laws of the State of Delaware. See document number Z001277.

**ANSWER**: Defendant objects to this request on the grounds that it assumes facts not established, calls for information not within the control of nor readily obtainable by Defendant, and is vague, ambiguous, overbroad and involves a pure question of law.

**REQUEST FOR ADMISSION 8:** In issuing a notice accepting the Certificate of Formation of JZ Buckingham, the Secretary of State of the State of Delaware recognized JZ Buckingham as a validly existing Delaware limited liability company effective November 16, 1999. See document number Z001277.

**ANSWER**: Defendant objects to this request on the grounds that it assumes facts not established, calls for information not within the control of nor readily obtainable by Defendant and is vague, ambiguous, overbroad and involves a pure question of law.

**REQUEST FOR ADMISSION 9:** JZ Buckingham validly existed and was in good standing in the State of Delaware at the time of the Option Transactions. See document number Z001278.

**ANSWER:** Defendant objects to this request on the grounds that calls for information not within the control of nor readily obtainable by Defendant and is vague, ambiguous, overbroad and involves a pure question of law.

**REQUEST FOR ADMISSION 10**: On or about November 16, 1999, James Boyd formed JGB Bohicket as a single-member limited liability company under the laws of the State of Delaware. See document number Z000776.

**ANSWER**: Defendant cannot admit or deny this request because it has not yet taken depositions of the persons who can establish if this request is true; and thus, despite having made

reasonable inquiry, the information known or currently available to the Defendant is insufficient for the Defendant to admit or deny this request. See General Objection No. 2.

**REQUEST FOR ADMISSION 11**: The Employer Identification Number of JGB Bohicket is 57-1088055. See document number Z000778.

**ANSWER**: Admits that this is the EIN of JGB Bohicket Investments LLC.

**REQUEST FOR ADMISSION 12**: Attached is a true and correct copy of the Form SS-4, *Application for Employer Identification Number*, which was filed by JGB Bohicket on or about November 19, 1999. See document number Z000778.

**ANSWER**: Admits.

**REQUEST FOR ADMISSION 13**: The principal place of business of JGB Bohicket was Johns Island, South Carolina. See document number Z000778.

**ANSWER**: Denies. JCB Bohicket was not engaged in any business at all, and therefore could not have a principal place of business.

**REQUEST FOR ADMISSION 14**: Attached is a true and correct copy of the Certificate of Formation of JGB Bohicket that was filed with the Secretary of State of the State of Delaware on or about November 16, 1999. See document number Z000776.

**ANSWER**: Admits.

**REQUEST FOR ADMISSION 15**: Attached is a true and correct copy of the notice from the Secretary of State of the State of Delaware accepting the Certificate of Formation of JGB Bohicket. See document number Z000775.

**ANSWER**: Admits.

**REQUEST FOR ADMISSION 16**: In accepting the Certificate of Formation of JGB Bohicket, the Secretary of State of the State of Delaware recognized that JGB Bohicket complied with the laws of the State of Delaware. See document number Z000775.

**ANSWER**: Defendant objects to this request on the grounds that it assumes facts not established, calls for information not within the control of nor readily obtainable by Defendant, and is vague, ambiguous, overbroad and involves a pure question of law.

**REQUEST FOR ADMISSION 17:** In issuing a notice accepting the Certificate of Formation of JGB Bohicket, the Secretary of State of the State of Delaware recognized JGB Bohicket as a validly existing Delaware limited liability company effective November 16, 1999. See document number Z000775.

**ANSWER**: Defendant objects to this request on the grounds that it assumes facts not established, calls for information not within the control of nor readily obtainable by Defendant, and is vague, ambiguous, overbroad and involves a pure question of law.

**REQUEST FOR ADMISSION 18:** JGB Bohicket validly existed and was in good standing in the State of Delaware at the time of the Option Transactions. See document number Z000775

**ANSWER:** Defendant objects to this request on the grounds that calls for information not within the control of nor readily obtainable by Defendant and is vague, ambiguous, overbroad and involves a pure question of law.

**REQUEST FOR ADMISSION 19**: JZ Buckingham and JGB Bohicket entered into and executed the Agreement of General Partnership for JBJZ Partners, a South Carolina general partnership, on or about November 16, 1999. See document number Z000787-Z000798.

**ANSWER**: Defendant cannot admit or deny this request because it has not yet taken depositions of the persons who prepared and the persons who signed this document and thus cannot yet establish whether this document is authentic, and thus, despite having made reasonable inquiry, the information known or currently available to the Defendant is insufficient for the Defendant to admit or deny this request. See General Objection No. 2.

**REQUEST FOR ADMISSION 20**: Attached is a true and correct copy of the Agreement of General Partnership of JBJZ Partners dated November 16, 1999. See document number Z000787-Z000798.

**ANSWER**: Defendant cannot admit or deny this request because it has not yet taken depositions of the persons who prepared and the persons who signed this document and thus cannot yet establish whether this document is authentic; and thus, despite having made reasonable inquiry, the information known or currently available to the Defendant is insufficient for the Defendant to admit or deny this request See General Objection No 2.

**REQUEST FOR ADMISSION 21**: Based on their execution of the Agreement of General Partnership of JBJZ Partners, JZ Buckingham and JGB Bohicket intended to form JBJZ Partners as a South Carolina general partnership on or about November 16, 1999. See document number Z000787-Z000798.

**ANSWER**: Denies.

**REQUEST FOR ADMISSION 22**: The Agreement of General Partnership of JBJZ Partners provides that JZ Buckingham and JGB Bohicket would share in the profits (*i e* gains) and losses of JBJZ Partners See document number Z000787-Z000798.

**ANSWER:** Defendant cannot admit or deny this request because it has not yet taken depositions of the persons who prepared and the persons who signed this document and thus cannot yet establish whether this document is authentic; and thus, despite having made reasonable inquiry, the information known or currently available to the Defendant is insufficient foı the Defendant to admit or deny this request. See General Objection No. 2.

**REQUEST FOR ADMISSION 23:** JZ Buckingham and JGB Bohicket shared in the profits (*i e.* gains) and losses of JBJZ Partners. See document number ZEY000665-ZEY000681

**ANSWER:** Defendant cannot admit or deny this request because it has not yet taken depositions of Zucker and Boyd and thus does not yet know how, in reality, JZ Buckingham and JGB Bohicket shared in the profits (*i e.* gains) and losses of JBJZ Partners; and thus, despite having made reasonable inquiry, the information known or currently available to the Defendant is insufficient foı the Defendant to admit or deny this request. See General Objection No. 2.

**REQUEST FOR ADMISSION 24:** Jerry Zucker and James Boyd, as the sole members of JZ Buckingham and JGB Bohicket, respectively, caused the formation and effected the actions of JBJZ Partners based on their experience, business judgment and reasoning.

**ANSWER:** Denies. The defendant also objects to this request because it fails to set forth each item requested to be admitted separately, as required by Rule 36(a).

**REQUEST FOR ADMISSION 25**: Because JZ Buckingham and JGB Bohicket, *inter alia*, (i) entered into the Partnership Agreement of JBJZ Partners that provided they would share in the profits (*i.e.* gains) and losses of JBJZ Partners, (ii) shared in those profits (*i.e.* gains) and losses; and (iii) based the formation of and actions of JBJZ Partners on their experience, business judgment and reasoning, JBJZ Partners was a validly existing South Carolina general partnership under Section 33-41-210 of the South Carolina Uniform Partnership Act. See document number Z000787-Z000798.

**ANSWER**: Denies.

**REQUEST FOR ADMISSION 26**: JBJZ Partners was a South Carolina general partnership and was recognized as a partnership for South Carolina state law purposes. See document number Z000787-Z000798.

**ANSWER**: Defendant objects to this request insofar as it involves a pure question of law.

Notwithstanding, and without waiving, or in any way limiting this objection, Defendant denies this request.

1827050 1

**REQUEST FOR ADMISSION 27**: The Employer Identification Number of JBJZ Partners is 57-1088089. See document number Z000518.

**ANSWER**: Admits.

**REQUEST FOR ADMISSION 28**: Attached is a true and correct copy of the Form SS-4, *Application for Employer Identification Number*, which was filed by JBJZ Partners on or about November 18, 1999. See document number Z000220.

**ANSWER**: Admits.

**REQUEST FOR ADMISSION 29**: The principal place of business of JBJZ Partners was Charleston, South Carolina. See document number Z000220.

**ANSWER**, Denies. JBJZ Partners was not engaged in any business at all, and therefore could not have a principal place of business.

**REQUEST FOR ADMISSION 30**: Based upon the Agreement of General Partnership of JBJZ Partners, JZ Buckingham contributed $900.00 to JBJZ Partners and, in return, JBJZ Partners issued to JZ Buckingham a 90% general partnership interest in JBJZ Partners. See document number Z000787-Z000798

**ANSWER**: Defendant cannot admit or deny this request because it has not yet taken depositions of the persons who can establish if this request is true; and thus, despite having made reasonable inquiry, the information known or currently available to the Defendant is insufficient for the Defendant to admit or deny this request. See General Objection No. 2.

**REQUEST FOR ADMISSION 31**: Based upon the Agreement of General Partnership of JBJZ Partners, JZ Buckingham was the Tax Matters Partner of JBJZ Partners. See document number Z000787-Z000798.

**ANSWER**: Defendant cannot admit or deny this request because it has not yet taken depositions of the persons who prepared and the persons who signed this document and thus cannot yet establish whether this document is authentic; and thus, despite having made reasonable inquiry, the information known or currently available to the Defendant is insufficient for the Defendant to admit or deny this request. See General Objection No. 2.

**REQUEST FOR ADMISSION 32**: Based upon the Agreement of General Partnership of JBJZ Partners, JGB Bohicket contributed $100.00 to JBJZ Partners and, in return, JBJZ Partners issued to JGB Bohicket a 10% general partnership interest in JBJZ Partners. See document number Z000787-Z000798.

**ANSWER**: Defendant cannot admit or deny this request because it has not yet taken depositions of the persons who prepared and the persons who signed this document and thus cannot yet establish whether this document is authentic; and thus, despite having made reasonable inquiry, the information known or currently available to the Defendant is insufficient for the Defendant to admit or deny this request. See General Objection No 2.

**REQUEST FOR ADMISSION 33**: JBJZ Investors was formed as a Delaware corporation on or about November 16, 1999. See document number Z000001-Z000004

**ANSWER**: Admits.

**REQUEST FOR ADMISSION 34**: Attached is a true and correct copy of the Certificate of Incorporation of JBJZ Investors that was filed with the Secretary of State of the State of Delaware on or about November 16, 1999. See document number Z000001-Z000004.

**ANSWER**: Admits.

**REQUEST FOR ADMISSION 35**: Attached is a true and correct copy of the notice from the Secretary of State of the State of Delaware accepting the Certificate of Incorporation of JBJZ Investors. See document number Z000000.

**ANSWER**: Admits.

**REQUEST FOR ADMISSION 36**: In accepting the Certificate of Incorporation of JBJZ Investors, the Secretary of State of the State of Delaware recognized that JBJZ Investors complied with the laws of the State of Delaware. See document number Z000000

**ANSWER**: Defendant objects to this request on the grounds that it assumes facts not established, calls for information not within the control of nor readily obtainable by Defendant, and is vague, ambiguous, overbroad and involves a pure question of law

**REQUEST FOR ADMISSION 37:** In issuing the notice accepting the Certificate of Incorporation of JBJZ Investors, the Secretary of State of the State of Delaware recognized JBJZ Investors as a validly existing Delaware corporation effective November 16, 1999. See document number Z000000.

**ANSWER**: Defendant objects to this request on the grounds that it assumes facts not established, calls for information not within the control of nor readily obtainable by Defendant, and is vague, ambiguous, overbroad and involves a pure question of law.

**REQUEST FOR ADMISSION 38:** JBJZ Investors validly existed and was in good standing in the State of Delaware at the time of the Option Transactions. See document number Z000000.

**ANSWER:** Defendant objects to this request on the grounds that it assumes facts not established, calls for information not within the control of nor readily obtainable by Defendant, and is vague, ambiguous, overbroad and involves a pure question of law.

**REQUEST FOR ADMISSION 39**: Attached is a true and correct copy of the Bylaws of JBJZ Investors. See document number Z000009-Z000028.

**ANSWER**: Defendant cannot admit or deny this request because it has not yet taken depositions of the persons who prepared and the persons who signed this document and thus cannot yet establish whether this document is authentic; and thus, despite having made reasonable inquiry, the information known or currently available to the Defendant is insufficient for the Defendant to admit or deny this request. See General Objection No. 2.

**REQUEST FOR ADMISSION 40**: Jerry Zucker was the sole director of JBJZ Investors at the time of the Option Transactions. See document number Z000009-Z000028.

**ANSWER**: Defendant cannot admit or deny this request because it has not yet taken depositions of Zucker and Boyd and thus does not yet know if this request is true; and thus, despite having made reasonable inquiry, the information known or currently available to the

Defendant is insufficient for the Defendant to admit or deny this request. See General Objection No 2.

**REQUEST FOR ADMISSION 41**: On or about November 16, 1999, Jerry Zucker contributed $90 00 to JBJZ Investors and JBJZ Investors, in return, issued to Jerry Zucker 90 shares of JBJZ Investors' common stock.

**ANSWER**: Defendant cannot admit or deny this request because it has not yet taken depositions of Zucker and Boyd and thus does not yet know if this request is true; and thus, despite having made reasonable inquiry, the information known or currently available to the Defendant is insufficient for the Defendant to admit or deny this request. See General Objection No. 2.

**REQUEST FOR ADMISSION 42**: Attached is a true and correct copy of the stock certificate issued to Jerry Zucker for 90 shares of JBJZ Investors commons stock. See document number Z000033-Z000034

**ANSWER**: Defendant cannot admit or deny this request because it has not yet taken depositions of Zucker and Boyd and this document is authentic; and thus, despite having made reasonable inquiry, the information known or currently available to the Defendant is insufficient for the Defendant to admit or deny this request. See General Objection No. 2.

**REQUEST FOR ADMISSION 43**: On or about November 16, 1999, James Boyd contributed $10.00 to JBJZ Investors and JBJZ Investors, in return, issued to James Boyd 10 shares of JBJZ Investors' common stock.

**ANSWER**: Defendant cannot admit or deny this request because it has not yet taken depositions of Zucker and Boyd and this document is authentic; and thus, despite having made reasonable inquiry, the information known or currently available to the Defendant is insufficient for the Defendant to admit or deny this request. See General Objection No. 2.

**REQUEST FOR ADMISSION 44**: Attached is a true and correct copy of the stock certificate issued to James Boyd for 10 shares of JBJZ Investors' common stock. See document number Z000035-Z000036.

**ANSWER**: Defendant cannot admit or deny this request because it has not yet taken depositions of Zucker and Boyd and this document is authentic; and thus, despite having made reasonable inquiry, the information known or currently available to the Defendant is insufficient for the Defendant to admit or deny this request. See General Objection No 2.

**REQUEST FOR ADMISSION 45**: The principal place of business of JBJZ Investors was Charleston, South Carolina. See document number Z000692

**ANSWER**: Denies. JBJZ Investors was not engaged in any business at all, and therefore could not have a principal place of business.

**REQUEST FOR ADMISSION 46**: The Employer Identification Number of JBJZ Investors is 57-1088087. See document number Z000692 and Z000766.

**ANSWER**: Admits.

**REQUEST FOR ADMISSION 47**: Attached is a true and correct copy of Form 2553, *Election by Small Business Corporation*, which was filed by JBJZ Investors on or about November 18, 1999. See document number Z000008.

**ANSWER**: Admits.

**REQUEST FOR ADMISSION 48**: JBJZ Investors elected and qualified as an S Corporation under Section 1362 of the Code. See document number Z000008.

**ANSWER**: The defendant objects to this request because it fails to set forth each item requested to be admitted separately, as required by Rule 36(a). Notwithstanding and without waiving this objection, defendant admits that JBJZ Investors elected to qualify as an S Corporation.

**REQUEST FOR ADMISSION 49**: JBJZ Investors had a valid election in effect under Section 1361(a)(1) of the Code during the time of the Option Transactions and at the time that its federal income tax returns were filed. See document number Z000008.

**ANSWER**: Denies.

**REQUEST FOR ADMISSION 50**: On or about November 18, 1999, JGB Bohicket opened brokerage account no. 222-10154-11 with BT Alex Brown. See document number ZUDB00407-ZUDB00408.

**ANSWER**: Defendant cannot admit or deny this request because it has not yet taken the depositions of the persons who can establish who opened this brokerage account; and thus, despite having made reasonable inquiry, the information known or currently available to the Defendant is insufficient for the Defendant to admit or deny this request. See General Objection No. 2.

**REQUEST FOR ADMISSION 51**: Attached is a true and correct copy of the Account Agreement for account no. 222-10154-11 between JGB Bohicket and BT Alex Brown. See document number ZUDB00407-ZUDB00409

**ANSWER**: Defendant cannot admit or deny this request because it has not yet taken depositions of the persons who can establish if this document is authentic; and thus, despite having made reasonable inquiry, the information known or currently available to the Defendant is insufficient for the Defendant to admit or deny this request. See General Objection No. 2

**REQUEST FOR ADMISSION 52**: Attached is a true and correct copy of the Non-Corporate Resolution of JGB Bohicket regarding the opening of account no. 222-10154-11. See document number ZUDB00286.

**ANSWER**: Defendant cannot admit or deny this request because it has not yet taken depositions of the persons who can establish if this document is authentic; and thus, despite having made reasonable inquiry, the information known or currently available to the Defendant is insufficient for the Defendant to admit or deny this request. See General Objection No. 2.

<u>**REQUEST FOR ADMISSION 53**</u>: On or about November 18, 1999, JZ Buckingham opened brokerage account no. 222-10153-12 with BT Alex.Brown. See document number ZUDB00275-ZUDB00278.

<u>**ANSWER**</u>: Defendant cannot admit or deny this request because it has not yet taken the depositions of the persons who can establish who opened this brokerage account; and, thus, despite having made reasonable inquiry, the information known or currently available to the Defendant is insufficient for the Defendant to admit or deny this request. See General Objection No. 2.

<u>**REQUEST FOR ADMISSION 54**</u>: Attached is a true and correct copy of the Account Agreement for account no. 222-10153-12 between JZ Buckingham and BT Alex.Brown. See document number ZUDB00275-ZUDB00278

<u>**ANSWER**</u>: Defendant cannot admit or deny this request because it has not yet taken depositions of the persons who can establish if this document is authentic; and thus, despite having made reasonable inquiry, the information known or currently available to the Defendant is insufficient for the Defendant to admit or deny this request. See General Objection No. 2.

<u>**REQUEST FOR ADMISSION 55**</u>: Attached is a true and correct copy of the Non-Corporate Resolution of JZ Buckingham authorizing Jerry Zucker to act on behalf of JZ Buckingham with respect to BT Alex.Brown account no. 222-10153-12. See document number ZUDB00118.

<u>**ANSWER**</u>: Defendant cannot admit or deny this request because it has not yet taken depositions of the persons who can establish if this document is authentic; and thus, despite

having made reasonable inquiry, the information known or currently available to the Defendant is insufficient for the Defendant to admit or deny this request. See General Objection No. 2.

**REQUEST FOR ADMISSION 56**: On or about November 18, 1999, JBJZ Partners opened brokerage account no. 222-10155-10, with BT Alex.Brown. See document number ZUDB00160-ZUDB00163.

**ANSWER**: Defendant cannot admit or deny this request because it has not yet taken the depositions of the persons who can establish who opened this brokerage account. and thus, despite having made reasonable inquiry, the information known or currently available to the Defendant is insufficient for the Defendant to admit or deny this request. See General Objection No. 2

**REQUEST FOR ADMISSION 57**: Attached is a true and correct copy of the Account Agreement for account no. 222-10155-10 between JZ Partners and BT Alex.Brown. See document number ZUDB00160-ZUDB00163

**ANSWER**: Defendant cannot admit or deny this request because it has not yet taken depositions of the persons who can establish if this document is authentic; and thus, despite having made reasonable inquiry, the information known or currently available to the Defendant is insufficient for the Defendant to admit or deny this request. See General Objection No. 2.

1827050 1

<u>**REQUEST FOR ADMISSION 58**</u>: Attached is a true and correct copy of the Partnership Account Authorization and Indemnity for JBJZ Partners authorizing Jerry Zucker and James Boyd to act on behalf of JBJZ Partners with respect to BT Alex.Brown account no. 222-10155-10. See document number ZUDB00412-ZUDB00413.

<u>**ANSWER**</u>: Defendant cannot admit or deny this request because it has not yet taken depositions of the persons who can establish if this document is authentic; and thus, despite having made reasonable inquiry, the information known or currently available to the Defendant is insufficient for the Defendant to admit or deny this request. See General Objection No. 2.

<u>**REQUEST FOR ADMISSION 59**</u>: On or about November 18, 1999, JBJZ Investors opened brokerage account no. 222-10156-19 with BT Alex.Brown. See document number ZUDB00015-ZUDB00018.

<u>**ANSWER**</u>: Defendant cannot admit or deny this request because it has not yet taken the depositions of the persons who can establish who opened this brokerage account; and thus, despite having made reasonable inquiry, the information known or currently available to the Defendant is insufficient for the Defendant to admit or deny this request. See General Objection No. 2.

**REQUEST FOR ADMISSION 60**: Attached is a true and correct copy of the Account Agreement for account no. 222-10156-19 between JBJZ Investors and BT Alex.Brown. See document number ZUDB00015-ZUDB00018.

**ANSWER**: Defendant cannot admit or deny this request because it has not yet taken depositions of the persons who can establish if this document is authentic; and thus, despite having made reasonable inquiry, the information known or currently available to the Defendant is insufficient for the Defendant to admit or deny this request. See General Objection No. 2.

**REQUEST FOR ADMISSION 61**: Attached is a true and correct copy of the Corporate Account Authorization authorizing Jerry Zucker and James Boyd to act on behalf of JBJZ Investors with respect to BT Alex.Brown account no. 222-10156-19. See document number ZUDB00164- ZUDB00165.

**ANSWER**: Defendant cannot admit or deny this request because it has not yet taken depositions of the persons who can establish if this document is authentic; and thus, despite having made reasonable inquiry, the information known or currently available to the Defendant is insufficient for the Defendant to admit or deny this request. See General Objection No. 2.

**REQUEST FOR ADMISSION 62**: Attached is a true and correct copy of the Foreign Exchange Digital Option Transaction Agreement that was designated as ex27921A and was between JGB Bohicket and Deutsche Bank AG (as defined above, the "JGB Bohicket Euro Contract"). See document number Z000230-Z000232.

**ANSWER**: Defendant cannot admit or deny this request because it has not yet taken depositions of the persons who can establish if this document is authentic; and thus, despite

having made reasonable inquiry, the information known or currently available to the Defendant is insufficient for the Defendant to admit or deny this request. See General Objection No. 2.

**REQUEST FOR ADMISSION 63**: On or about November 23, 1999, JGB Bohicket bought a digital option on the Euro/U.S. Dollar exchange rate at a strike price less than or equal to U.S. $1.0123 per Euro with an expiration date of December 22, 1999, a settlement date of December 27, 1999, a payoff amount of $10,000,000.00, and a paid premium of $5,000,000.00 (as defined above, the "JGB Bohicket Long Option"). See document number Z000230-Z000232.

**ANSWER**: Denies

**REQUEST FOR ADMISSION 64**: On or about November 24, 1999, JGB Bohicket contributed to JBJZ Partners the JGB Bohicket Long Option. See document number Z000302-Z000310.

**ANSWER**: Denies.

**REQUEST FOR ADMISSION 65**: Attached is a true and correct copy of the Assignment Agreement between JGB Bohicket, Deutsche Bank AG, and JBJZ Partners dated November 24, 1999 whereby JGB Bohicket assigned to JBJZ Partners its interest in the JGB Bohicket Long Option. See document number Z000240-Z000242.

**ANSWER**: Defendant cannot admit or deny this request because it has not yet taken depositions of the persons who can establish if this document is authentic; and thus, despite having made reasonable inquiry, the information known or currently available to the Defendant is insufficient for the Defendant to admit or deny this request. See General Objection No. 2.

**REQUEST FOR ADMISSION 66**: On December 22, 1999, the JGB Bohicket Long Option held by JBJZ Partners expired under its own terms. See document number Z000302-Z000310.

**ANSWER**: Defendant cannot admit or deny this request because it has not yet taken depositions of the persons who can establish if this request is true; and thus, despite having made reasonable inquiry, the information known or currently available to the Defendant is insufficient for the Defendant to admit or deny this request. See General Objection No. 2..

**REQUEST FOR ADMISSION 67**: On December 22, 1999, the United States Dollar ended above U.S. $1 0123 per Euro and the JGB Bohicket Long Option closed out of the money.

**ANSWER**: Defendant cannot admit or deny this request because it has not yet taken depositions of the persons who can establish if this request is true; and thus, despite having made reasonable inquiry, the information known or currently available to the Defendant is insufficient for the Defendant to admit or deny this request. See General Objection No. 2.

**REQUEST FOR ADMISSION 68**: Because the JGB Bohicket Long Option closed out of the money, JBJZ Partners did not have the right to receive $10,000,000.00. See documents number Z000230-Z000232, Z000302-Z000310.

**ANSWER**: Defendant cannot admit or deny this request because it has not yet taken depositions of the persons who can establish if this request is true except denies that JBJZ Partners would have had the right to receive $10,000,000.00 in any event.

**REQUEST FOR ADMISSION 69**: On or about November 23, 1999, JGB Bohicket sold a digital option on the Euro/U.S Dollar exchange rate at a strike price less than or equal to U.S.

1627050 1

$1.0121 per Euro with an expiration date of December 22, 1999, a settlement date of December 27, 1999, a payoff amount of $9,375,000.00, and a received premium of $4,750,000.00 (as defined above, the "JGB Bohicket Short Option"). See document number Z000230-Z000232.

**ANSWER**: Defendant cannot admit or deny this request because it has not yet taken depositions of the persons who can establish if this request is true; and thus, despite having made reasonable inquiry, the information known or currently available to the Defendant is insufficient for the Defendant to admit or deny this request. See General Objection No. 2.

**REQUEST FOR ADMISSION 70**: On or about November 24, 1999, JGB Bohicket contributed to JBJZ Partners the JGB Bohicket Short Option. See document number Z000302-Z000310.

**ANSWER**: Defendant cannot admit or deny this request because it has not yet taken depositions of the persons who can establish if this request is true; and thus, despite having made reasonable inquiry, the information known or currently available to the Defendant is insufficient for the Defendant to admit or deny this request. See General Objection No. 2.

**REQUEST FOR ADMISSION 71**: Attached is a true and correct copy of the Assignment Agreement between JGB Bohicket, Deutsche Bank AG, and JBJZ Partners dated November 24, 1999 whereby JGB Bohicket assigned to JBJZ Partners its interest in the JGB Bohicket Short Option See document number ZEY001221-ZEY001223.

**ANSWER**: Defendant cannot admit or deny this request because it has not yet taken depositions of the persons who can establish if this request is true; and thus, despite having made

reasonable inquiry, the information known or currently available to the Defendant is insufficient for the Defendant to admit or deny this request. See General Objection No. 2

**REQUEST FOR ADMISSION 72**: When JGB Bohicket contributed to JBJZ Partners the JGB Bohicket Short Option on or about November 24, 1999, the strike price on the Euro/U.S. Dollar Exchange rate was not lesser than or equal to U.S. $1.0121 per Euro.

**ANSWER**: Defendant cannot admit or deny this request because it has not yet taken depositions of the persons who can establish if this request is true; and thus, despite having made reasonable inquiry, the information known or currently available to the Defendant is insufficient for the Defendant to admit or deny this request. See General Objection No. 2

**REQUEST FOR ADMISSION 73**: When JGB Bohicket contributed the JGB Bohicket Short Option to JBJZ Partners on or about November 24, 1999, the amount of the obligation due on the JGB Bohicket Short Option was $0.

**ANSWER**: Defendant objects to this request because it misstates the nature of the purported obligation of the alleged short obligation

**REQUEST FOR ADMISSION 74:** When JGB Bohicket contributed to JBJZ Partners the JGB Bohicket Short Option on or about November 24, 1999, JGB Bohicket transferred to JBJZ Partners substantially all of the assets with which the JGB Bohicket Short Option was associated.

**ANSWER**: Defendant cannot admit or deny this request because it has not yet taken depositions of the persons who can establish if this request is true; and thus, despite having made reasonable inquiry, the information known or currently available to the Defendant is insufficient for the Defendant to admit or deny this request. See General Objection No. 2.

**REQUEST FOR ADMISSION 75**: On December 22, 1999, the JGB Bohicket Short Option held by JBJZ Partners expired under its own terms. See document number Z000302-Z000310.

**ANSWER**: Defendant cannot admit or deny this request because it has not yet taken depositions of the persons who can establish if this request is true; and thus, despite having made reasonable inquiry, the information known or currently available to the Defendant is insufficient for the Defendant to admit or deny this request. See General Objection No. 2.

**REQUEST FOR ADMISSION 76**: On December 22, 1999, the United States Dollar ended above U.S. $1.0121 per Euro and the JGB Bohicket Short Option closed out of the money.

**ANSWER**: Defendant cannot admit or deny this request because it has not yet taken depositions of the persons who can establish if this request is true; and thus, despite having made reasonable inquiry, the information known or currently available to the Defendant is insufficient for the Defendant to admit or deny this request. See General Objection No. 2.

**REQUEST FOR ADMISSION 77**: Because the JGB Bohicket Short Option closed out of the money, JBJZ Partners did not have an obligation to pay $9,375,000.00. See documents number Z000302-Z000310, Z000230-Z000232.

**ANSWER**: Defendant cannot admit or deny this request because it has not yet taken depositions of the persons who can establish if this request is true; and thus, despite having made reasonable inquiry, the information known or currently available to the Defendant is insufficient for the Defendant to admit or deny this request. See General Objection No. 2.

**REQUEST FOR ADMISSION 78**: Because both the JGB Bohicket Short Option and the JGB Bohicket Long Option closed out of the money, the JGB Bohicket Euro Contract resulted in a $250,000.00 loss. See document number Z000230-Z000232.

**ANSWER**: Denies. See General Objection No. 12.

**REQUEST FOR ADMISSION 79**: Attached is a true and correct copy of the Foreign Exchange Digital Option Transaction Agreement that was designated as ex27919a and was between JZ Buckingham and Deutsche Bank AG (as defined above, the "JZ Buckingham Euro Contact"). See document number Z000233-Z000235.

**ANSWER**: Defendant cannot admit or deny this request because it has not yet taken depositions of the persons who can establish if this document is authentic; and thus, despite having made reasonable inquiry, the information known or currently available to the Defendant is insufficient for the Defendant to admit or deny this request. See General Objection No. 2.

**REQUEST FOR ADMISSION 80**: On or about November 23, 1999, JZ Buckingham bought a digital option on the Euro/U.S. Dollar exchange rate at a strike price less than or equal to U.S. $1.0123 per Euro with an expiration date of December 22, 1999, a settlement date of December 27, 1999, a payoff amount of $40,000,000.00, and a paid premium of $20,000,000.00 (as defined above, the "JZ Buckingham Euro Long Option"). See document number Z000233-Z000235.

**ANSWER**: Denies.

**REQUEST FOR ADMISSION 81**: On or about November 24, 1999, JZ Buckingham contributed to JBJZ Partners the JZ Buckingham Euro Long Option. See document number Z000302-Z000310.

**ANSWER:** Defendant cannot admit or deny this request because it has not yet taken depositions of the persons who can establish if this request is true; and thus, despite having made reasonable inquiry, the information known or currently available to the Defendant is insufficient for the Defendant to admit or deny this request. See General Objection No. 2.

**REQUEST FOR ADMISSION 82**: Attached is a true and correct copy of the Assignment Agreement between JZ Buckingham, Deutsche Bank AG and JBJZ Partners dated November 24, 1999, whereby JZ Buckingham assigned to JBJZ Partners its interest in JZ Buckingham Euro Long Option. See document number Z000243-Z000245.

**ANSWER**: Defendant cannot admit or deny this request because it has not yet taken depositions of the persons who can establish if this document is authentic; and thus, despite having made reasonable inquiry, the information known or currently available to the Defendant is insufficient for the Defendant to admit or deny this request. See General Objection No 2.

<u>REQUEST FOR ADMISSION 83</u>: On December 22, 1999, the JZ Buckingham Euro Long Option held by JBJZ Partners expired under its own terms. See document number Z000302-Z000310.

<u>ANSWER</u>: Defendant cannot admit or deny this request because it has not yet taken depositions of the persons who can establish if this request is true; and thus, despite having made reasonable inquiry, the information known or currently available to the Defendant is insufficient for the Defendant to admit or deny this request. See General Objection No. 2.

<u>REQUEST FOR ADMISSION 84</u>: On or about December 22, 1999, the United States Dollar ended above U.S. $1.0123 per Euro and the JZ Buckingham Euro Long Option closed out of the money

<u>ANSWER</u>: Defendant cannot admit or deny this request because it has not yet taken depositions of the persons who can establish if this request is true; and thus, despite having made reasonable inquiry, the information known or currently available to the Defendant is insufficient for the Defendant to admit or deny this request. See General Objection No. 2.

<u>REQUEST FOR ADMISSION 85</u>: Because the JZ Buckingham Euro Long Option closed out of the money, JBJZ Partners did not have the right to receive $40,000,000.00. See document number Z000233-Z000235.

<u>ANSWER:</u> Defendant cannot admit or deny this request because it has not yet taken depositions of the persons who can establish if this request is true except denies that JBJZ Partners would have had the right to receive $40,000,000.00 in any event.

**REQUEST FOR ADMISSION 86**: On or about November 23, 1999, JZ Buckingham sold a digital option on the Euro/U.S Dollar exchange rate at a strike price less than or equal to U.S. $1.0121 per Euro with an expiration date of December 22, 1999, a settlement date of December 27, 1999, a payoff amount of $37,500,000.00, and a received premium of $19,000,000.00 (as defined above, the "JZ Buckingham Euro Short Option"). See document number Z000233-Z000235.

**ANSWER**: Defendant cannot admit or deny this request because it has not yet taken depositions of the persons who can establish if this request is true; and thus, despite having made reasonable inquiry, the information known or currently available to the Defendant is insufficient for the Defendant to admit or deny this request. See General Objection No. 2.

**REQUEST FOR ADMISSION 87**: On or about November 24, 1999, JZ Buckingham contributed to JBJZ Partners the JZ Buckingham Euro Short Option. See document number Z000302-Z000310.

**ANSWER**: Defendant cannot admit or deny this request because it has not yet taken depositions of the persons who can establish if this request is true; and thus, despite having made reasonable inquiry, the information known or currently available to the Defendant is insufficient for the Defendant to admit or deny this request. See General Objection No. 2.

**REQUEST FOR ADMISSION 88**: Attached is a true and correct copy of the Assignment Agreement between JZ Buckingham, Deutsche Bank AG, and JBJZ Partners dated November

24, 1999, whereby JZ Buckingham assigned to JBJZ Partners its interest in the JZ Buckingham Euro Short Option. See document number Z000243-Z000245.

**ANSWER**: Defendant cannot admit or deny this request because it has not yet taken depositions of the persons who can establish if this document is authentic; and thus, despite having made reasonable inquiry, the information known or currently available to the Defendant is insufficient for the Defendant to admit or deny this request. See General Objection No. 2.

**REQUEST FOR ADMISSION 89**: When JZ Buckingham contributed to JBJZ Partners the JZ Buckingham Euro Short Option on or about November 24, 1999, the strike price on the Euro / U.S. Dollar Exchange rate was not lesser than or equal to $1 0121 per Euro.

**ANSWER**: Defendant cannot admit or deny this request because it has not yet taken depositions of the persons who can establish if this request is true; and thus, despite having made reasonable inquiry, the information known or currently available to the Defendant is insufficient for the Defendant to admit or deny this request See General Objection No. 2.

**REQUEST FOR ADMISSION 90**: When JZ Buckingham contributed to JBJZ Partners the JZ Buckingham Euro Short Option on or about November 24, 1999, the amount of the obligation due on the JZ Buckingham Euro Short Option was $0.

**ANSWER**: Defendant cannot admit or deny this request because it has not yet taken depositions of the persons who can establish if this request is true; and thus, despite having made

reasonable inquiry, the information known or currently available to the Defendant is insufficient for the Defendant to admit or deny this request. See General Objection No. 2.

**REQUEST FOR ADMISSION 91:** When JZ Buckingham assigned to JBJZ Partners the JZ Buckingham Euro Short Option on or about November 24, 1999, JZ Buckingham transferred to JBJZ Partners substantially all of the assets with which the JZ Buckingham Euro Short Option was associated.

**ANSWER:** Defendant cannot admit or deny this request because it has not yet taken depositions of the persons who can establish if this request is true; and thus, despite having made reasonable inquiry, the information known or currently available to the Defendant is insufficient for the Defendant to admit or deny this request. See General Objection No. 2.

**REQUEST FOR ADMISSION 92:** On December 22, 1999, the JZ Buckingham Euro Short Option held by JBJZ Partners expired under its own terms. See document number Z000302-Z000310.

**ANSWER:** Defendant cannot admit or deny this request because it has not yet taken depositions of the persons who can establish if this request is true; and thus, despite having made reasonable inquiry, the information known or currently available to the Defendant is insufficient for the Defendant to admit or deny this request. See General Objection No. 2.

**REQUEST FOR ADMISSION 93**: On December 22, 1999, the United States Dollar ended above U.S. $1.0121 per Euro and the JZ Buckingham Euro Short Option closed out of the money. See document number Z000302-Z000310.

**ANSWER**: Defendant cannot admit or deny this request because it has not yet taken depositions of the persons who can establish if this request is true; and thus, despite having made reasonable inquiry, the information known or currently available to the Defendant is insufficient for the Defendant to admit or deny this request. See General Objection No. 2.

**REQUEST FOR ADMISSION 94**: Because the JZ Buckingham Euro Short Option closed out of the money, JBJZ Partners did not have an obligation to pay $37,500,000.00. See document number Z000233-Z000235.

**ANSWER**: Defendant cannot admit or deny this request because it has not yet taken depositions of the persons who can establish if this request is true; and thus, despite having made reasonable inquiry, the information known or currently available to the Defendant is insufficient for the Defendant to admit or deny this request. See General Objection No. 2.

**REQUEST FOR ADMISSION 95**: Because both the JZ Buckingham Euro Short Option and the JZ Buckingham Euro Long Option closed out of the money, the JZ Buckingham Euro Contract resulted in a $1,000,000.00 loss. See document number Z000233-Z000235.

**ANSWER**: Defendant cannot admit or deny this request because it has not yet taken depositions of the persons who can establish if this request is true; and thus, despite having made reasonable inquiry, the information known or currently available to the Defendant is insufficient for the Defendant to admit or deny this request. See General Objection No 2.

**REQUEST FOR ADMISSION 96**: Together, the JGB Bohicket Euro Contract and the JZ Buckingham Euro Contract resulted in a $1,250,000.00 loss (as defined above, the "Euro Contract Loss"). See document number Z000233-Z000235, Z000230-Z000232.

**ANSWER**: Denies. See General Objection. 12.

**REQUEST FOR ADMISSION 97**: Attached is a true and correct copy of the Foreign Exchange Digital Option Transaction Agreement that was designated as ex27920A and was between JZ Buckingham and Deutsche Bank AG (as defined above, the "JZ Buckingham Yen Contract"). See document number Z000236-Z000238.

**ANSWER**: Defendant cannot admit or deny this request because it has net taken depositions of the persons who can establish if this document is authentic; and thus, despite having made reasonable inquiry, the information known or currently available to the Defendant is insufficient for the Defendant to admit or deny this request. See General Objection No. 2.

**REQUEST FOR ADMISSION 98**: On or about November 23, 1999, JZ Buckingham bought a digital option on the Japanese Yen/U.S. Dollar exchange rate at a strike price greater than or equal to Japanese Yen 106.19 per U.S. $1.00 with an expiration date of December 22, 1999, a settlement date of December 27, 1999, a payoff amount of $50,000,000.00, and a paid premium

of $25,000,000.00 (as defined above, the "JZ Buckingham Yen Long Option"). See document number Z000236-Z000238.

**ANSWER:** Denies.

**REQUEST FOR ADMISSION 99:** On or about November 24, 1999, JZ Buckingham contributed to JBJZ Partners the JZ Buckingham Yen Long Option. See document number Z000302-Z000310.

**ANSWER:** Defendant cannot admit or deny this request because it has not yet taken depositions of the persons who can establish if this request is true; and thus, despite having made reasonable inquiry, the information known or currently available to the Defendant is insufficient for the Defendant to admit or deny this request. See General Objection No. 2.

**REQUEST FOR ADMISSION 100:** Attached is a true and correct copy of the Assignment Agreement between JZ Buckingham, Deutsche Bank AG, and JBJZ Partners dated November 24, 1999, whereby JZ Buckingham assigned to JBJZ Partners its interest in the JZ Buckingham Yen Long Option. See document number Z000246-Z000248.

**ANSWER:** Defendant cannot admit or deny this request because it has net taken depositions of the persons who can establish if this document is authentic; and thus, despite having made reasonable inquiry, the information known or currently available to the Defendant is insufficient for the Defendant to admit or deny this request. See General Objection No. 2.

**REQUEST FOR ADMISSION 101**: On December 22, 1999, the JZ Buckingham Yen Long Option held by JBJZ Partners expired under its own terms. See document number Z000302-Z000310.

**ANSWER**: Defendant cannot admit or deny this request because it has not yet taken depositions of the persons who can establish if this request is true; and thus, despite having made reasonable inquiry, the information known or currently available to the Defendant is insufficient for the Defendant to admit or deny this request. See General Objection No. 2.

**REQUEST FOR ADMISSION 102**: On December 22, 1999, the Japanese Yen ended above Japanese Yen 106.19 per U.S. $1.00 and the JZ Buckingham Yen Long Option closed in the money.

**ANSWER**: Defendant cannot admit or deny this request because it has not yet taken depositions of the persons who can establish if this request is true; and thus, despite having made reasonable inquiry, the information known or currently available to the Defendant is insufficient for the Defendant to admit or deny this request. See General Objection No. 2.

**REQUEST FOR ADMISSION 103**: Because the JZ Buckingham Yen Long Option closed in the money, JBJZ Partners had the right to receive $50,000,000.00. See document number Z000236-Z000238.

**ANSWER:** Defendant cannot admit or deny this request because it has not yet taken depositions of the persons who can establish if this request is true; and thus, despite having made reasonable inquiry, the information known or currently available to the Defendant is insufficient for the Defendant to admit or deny this request. See General Objection No. 2.

**REQUEST FOR ADMISSION 104**: On or about November 23, 1999, JZ Buckingham sold a digital option on the Japanese Yen/U.S. Dollar exchange rate at a strike price greater than or equal to Japanese Yen 106.21 per U.S. $1.00 with an expiration date of December 22, 1999, a settlement date of December 27, 1999, a payoff amount of $46,875,000.00, and a received premium of $23,750,000.00 (as defined above, the "JZ Buckingham Yen Short Option"). See document number Z000236-Z000238.

**ANSWER**: Denies.

**REQUEST FOR ADMISSION 105**: On or about November 24, 1999, JZ Buckingham contributed to JBJZ Partners the JZ Buckingham Yen Short Option. See document number Z000302-Z000310.

**ANSWER**: Defendant cannot admit or deny this request because it has not yet taken depositions of the persons who can establish if this request is true; and thus, despite having made reasonable inquiry, the information known or currently available to the Defendant is insufficient for the Defendant to admit or deny this request. See General Objection No. 2.