IN THE UNITED STATES DISTRICT COURT OF FEDERAL CLAIMS

| | | |
|---|---|---|
| **JZ Buckingham Investments, LLC, as Tax Matters Partner of JBJZ Partners, A South Carolina general partnership,** | § | |
| **Plaintiff,** | § | **Case No. 05-231 T** |
| | § | **Chief Judge Edward Damich** |
| **v.** | § | |
| **United States of America,** | § | |
| **Defendant.** | § | |

**PLAINTIFF'S MOTION TO COMPEL NON-PARTY JENKENS & GILCHRIST TO PRODUCE CERTAIN INFORMATION PURSUANT TO THIS COURT'S OPINION OF AUGUST 9, 2007**

Plaintiff, JZ Buckingham Investments, LLC, as Tax Matters Partner of JBJZ Partners, a South Carolina general partnership, by its undersigned attorneys, and pursuant to Rules of the Court of Federal Claims 34(a), 30(b)(5) and (6) and 45(a)(1)(C), moves to compel Jenkens & Gilchrist ("J&G") and Defendant to comply with this Court's Opinion and Order of August 9, 2007. In support of its motion, Plaintiff states the following:

1. Plaintiff served a Rule 45 subpoena for a Rule 30 (b)(6) deposition on J&G on April 25, 2007, seeking information regarding how the IRS calculated the $76 million civil penalty it assessed against J&G in connection with J&G's role in COBRA and other transactions.

2. The subpoena requests are narrowly confined to that issue, which is directly relevant to whether the IRS treats the foreign currency digital options in dispute in this litigation as a single net option or as separate transactions in different contexts, depending on which position produces the maximum revenue for the Treasury.

3. Plaintiff also served a Rule 30(b)(6) Notice on Defendant seeking similar information, which Defendant refused to produce.

4. On May 16, 2007, J&G responded to Plaintiff's subpoena by filing a Motion to Quash and Motion For Protective Order, asserting that the information sought was irrelevant, that J&G was precluded by a confidentiality agreement with the government from complying with the subpoena and that complying with the subpoena would be unduly burdensome.

5. On June 4, 2007, Plaintiff filed a Cross-Motion to Compel J&G to Comply with the subpoena.

6. After full briefing and oral argument on the Motions, this Court issued an Opinion and Order on August 9, 2007, denying J&G's Motion to Quash and granting Plaintiff's Motion to Compel.

7. In that Opinion, this Court determined that the information requested in Plaintiff's subpoena regarding how the IRS calculated the $76 million civil penalty it assessed against J&G is relevant to this litigation; that Plaintiff has a need for the information; that the request is not overly broad; that the information sought is adequately described; that the information sought is not obtainable from some other source that is more convenient, less burdensome, or less expensive; that the request is not unduly burdensome; and that J&G should be compelled to respond to the subpoena at its own expense.

8. On September 7, 2007, this Court issued a Protective Order, agreed to by both of the parties herein as well as by interested non-party J&G, specifying the circumstances under which materials produced in compliance with Plaintiff's subpoena may be designated "Protected Information" and how any such information may be used in this and related litigation.

9. On October 4, 2007, Plaintiff's counsel took the deposition of John Gilliam, the representative J&G designated to testify regarding the penalty calculation.

10. During that deposition, Mr. Gilliam testified that the Davis, Polk & Wardwell attorneys who had represented J&G in settlement discussions with the IRS had not inquired as to whether they had documents relating to the calculation of the penalty that the IRS assessed against J&G.

11. Mr. Gilliam also testified that Mario Verdolini, one of J&G's Davis, Polk & Wardwell attorneys, had had a conversation with an IRS representative who told Mr. Verdolini that the IRS would calculate the penalty against J&G on a gross rather than a net basis, taking into consideration the long options but not the short options. This position is contrary to the position that the IRS is taking here.

12. Mr. Gilliam also testified that J&G has not inquired of the IRS as to its method of calculating the penalty because he believes that requesting that information and producing it to Plaintiff may violate the terms of J&G's Closing Agreement with Defendant.

Mr. Verdolini is unavailable for deposition at this time, but will be sometime after November 13, 2007.

13. Mr. Gilliam further testified that J&G would request the information Plaintiff seeks from the IRS and produce it to Plaintiff if the IRS did not object or if ordered to do so by this Court.

14. On October 11, 2007, Plaintiff's counsel conferred by telephone with counsel for Defendant in a good faith effort to obtain the information Plaintiff seeks without further resort to the Court. In that conversation, Defendant refused to agree to the production of that information.

15. In its Opinion of August 9, 2007, this Court ruled that Plaintiff is entitled to that information if it is within the "control" of J&G under RCFC 45. The law is clear that the information sought is with J&G's control.

16. Plaintiff therefore requests that the Court explicitly order J&G to request from its outside counsel and the IRS all information and documents in their possession that describe, explain and/or illustrate the method used to calculate the $76 million penalty assessed against J&G, and order Defendant to then comply with J&G's request by producing the documents to Plaintiff.

For the foregoing reasons, as well as those set forth in Plaintiff's Memorandum in Support of this Motion, Plaintiff respectfully requests that the Court grant this Motion to Compel.

Respectfully submitted,

By: /s/ Joel N. Crouch
Joel N. Crouch
State Bar No. 05144220
M. Todd Welty
State Bar No. 00788642

MEADOWS, OWENS, COLLIER, REED,
COUSINS & BLAU, L.L.P.
901 Main Street, Suite 3700
Dallas, TX 75202
(214) 744-3700 Telephone
(214) 747-3732 Facsimile

jcrouch@meadowsowens.com
twelty@meadowsowens.com

ATTORNEYS FOR PLAINTIFF

**CERTIFICATE OF SERVICE**

I hereby certify that on November 2, 2007, I served the above and foregoing on the below-listed counsel:

David M. Steiner, Esq. *(via ECF Notification)*
United States Department of Justice
Tax Division
P.O. Box 55 Ben Franklin Station
Washington, D.C. 20044

Joseph Pitzinger, Esq. *(via ECF Notification)*
Jonathan Blacker, Esq.
United States Department of Justice
Tax Division
717 North Harwood
Suite 400
Dallas, Texas 75201

***Attorneys for the United States***

F. Anthony Paganelli, Esq. *(via Certified Mail)*
Sommer Barnard, P.C.
One Indiana Square
Suite 3500
Indianapolis, Indiana 46204

***Attorney for Carmel Partners***

Robert J. Wagman, Jr. *(via ECF Notification)*
Baker Botts, L.L.P.
The Warner
1299 Pennsylvania Avenue
Washington, D.C. 20004-2400

***Attorney for Jenkens & Gilchrist***

/s/ Joel N. Crouch
JOEL N. CROUCH

**IN THE UNITED STATES DISTRICT COURT OF FEDERAL CLAIMS**

| | | |
|---|---|---|
| **JZ Buckingham Investments, LLC, as Tax Matters Partner of JBJZ Partners, A South Carolina general partnership,** | § § § § | |
| **Plaintiff,** | § § | **Case No. 05-231 T** **Chief Judge Edward Damich** |
| **v.** | § § | |
| **United States of America,** | § § | |
| **Defendant.** | § | |

**ORDER**

On this day, came to be heard the Plaintiff's Motion to Compel Jenkens & Gilchrist ("J&G) to comply with this Court's previous ruling dated August 9, 2007. The Court finds that the Motion is meritorious, and it is therefore ORDERED that Plaintiff's Motion to Compel J&G and Defendant is hereby GRANTED. J&G and Defendant are hereby ordered to produce the information sought by Plaintiff's Rule 45 subpoena within ______ days from the date of this Order.

SIGNED this _____ day of _____, 2007.

_________________________________
CHIEF JUDGE DAMICH