IN THE UNITED STATES DISTRICT COURT OF FEDERAL CLAIMS

| | | |
|---|---|---|
| JZ Buckingham Investments, LLC, as Tax Matters Partner of JBJZ Partners, A South Carolina general partnership, | § | |
| Plaintiff, | § | Case No. 05-231 T<br>Chief Judge Edward Damich |
| v. | § | |
| United States of America, | § | |
| Defendant. | § | |

**MEMORANDUM IN SUPPORT OF PLAINTIFF'S MOTION TO COMPEL JENKENS & GILCHRIST TO PRODUCE CERTAIN INFORMATION PURSUANT TO THIS COURT'S OPINION AND ORDER OF AUGUST 9, 2007**

Respectfully submitted,

By: /s/ Joel N. Crouch

Joel N. Crouch
State Bar No. 05144220
M. Todd Welty
State Bar No. 00788642

MEADOWS, OWENS, COLLIER, REED, COUSINS & BLAU, L.L.P.
901 Main Street, Suite 3700
Dallas, TX 75202
(214) 744-3700 Telephone
(214) 747-3732 Facsimile

jcrouch@meadowsowens.com
twelty@meadowsowens.com

ATTORNEYS FOR PLAINTIFF

## Table of Authorities

**Statutes**

Fed. R. Civ. P. 30 ........ 1,2,5,9

Fed. R. Civ. P. 45 ........ 1-2,4-5,10-11

26 U.S.C. § 6103 ........ 8,10

**Regulations**

Treas. Reg. § 301.6103 ........ 8

**Case Law**

1. Aloe Vera of America, Inc. v. United States, 2003 WL 22429082 *5 (D. Ariz. 2003) ........ 7
2. American Soc. for Prevention of Cruelty to Animals v. Ringling Bros. & Barnum & Bailey Circus, 233 F.R.D. 209, 212 (D.D.C. 2006) ........ 7
3. Axler v. Scientific Ecol. Grp., Inc., 196 F.R.D. 210, 212 (D.Mass. 2000) ........ 7
4. Boardman v. National R.R. Passenger Corp., 233 F.R.D 259, 268 (N.D.N.Y. 2006) ........ 6
5. Capri v. Murphy, 1985 WL 6364 *4 (D.Conn. Jan. 4, 1985) ........ 9
6. Cochran v. UWATEC USA, Inc., 102 F.3d 1224, 1229-30 (Fed. Cir. 1996) ........ 6
7. Hickman v. Taylor, 329 U.S. 495, 507 (1947) ........ 6
8. Ice Corp. V. Hamilton Sundstrand Corp., 2007 WL 2436765 *4 (D.Kan Aug. 22, 2007) ........ 6
9. In re Bankers Trust Co., 61 F.3d 465, 469 (6th Cir. 1995) ........ 6
10. In re Folding Carton Antitrust Litig., 76 F.R.D. 420, 423 (N.D. Ill. 1997) ........ 6
11. In re Papst Licensing GmbH Patent Litig., 2001 WL 797315 *21 (E.D. La. 2001) ........ 7
12. Jade Trading, LLC. v. United States, 65 Fed.Cl. 188, 194 (2005) ........ 10
13. Jans v. The Gap Stores, Inc., 2006 WL 2691800 *2 (M.D. Fla. Sep. 20, 2006) ........ 6

14. LeMaine v. IRS, 1991 WL 322616 *4 (D.Mass. Dec. 10, 1991)................9

15. National Union Fire Ins. Co. v. Midland Bancor, Inc., 159 F.R.D. 562, 566 (D.Kan. 1994)................6

16. Searock v. Stripling, 736 F.2d 650, 663 (11th Cir. 1984)................6

17. Triple Five of Minnesota, Inc. v. Simon 212 F.R.D. 523, 527 (D.Mass. 2002)................7

# TABLE OF CONTENTS

I. STATEMENT OF THE CASE .......... 2

A. Introduction .......... 2-5

II. ARGUMENT .......... 5-10

A. Non-Privileged Responsive Docuemnts In The Possession of J&G's Outside Counsel are Within J&G's "Control" and Must Therefore be Produced .......... 5-7

B. Non-Privileed Responsive Docuemntws in the Possession of the IRS are Within J&G's "Control" and Must Therefore be Produced .......... 7-10

III. CONCLUSION .......... 11

# MEMORANDUM IN SUPPORT OF PLAINTIFF'S MOTION TO COMPEL JENKENS & GILCHRIST TO PRODUCE CERTAIN INFORMATION PURSUANT TO THIS COURT'S OPINION AND ORDER OF AUGUST 9, 2007

Plaintiff, JZ Buckingham Investments, LLC, as Tax Matters Partner of JBJZ Partners, a South Carolina general partnership, by its undersigned attorneys, files this Memorandum in Support of its Motion to Compel Jenkens & Gilchrist ("J&G") to Produce Certain Information Pursuant to this Court's Opinion and Order of August 9, 2007 ("Opinion"). In that Opinion, this Court ruled (1) that Plaintiff is entitled to information regarding how the IRS calculated the penalty it assessed against J&G in connection with J&G's role in foreign currency digital option transactions, and (2) that J&G should be compelled to comply with Plaintiff's Rule 45 subpoena seeking that information. On October 4, 2007, Plaintiff's counsel took the Rule 30(b)(6) deposition of John Gilliam, J&G's designated representative, who did not produce, and has not requested from the IRS, documents responsive to Plaintiff's deposition notice. Mr. Gilliam stated his willingness to do so, however, if Defendant agrees to the production or this Court issues an explicit order to do so. Defendant has refused to agree. Plaintiff therefore moves to compel J&G to request the information described in Plaintiff's Rule 30(b)(6) Notice from its outside counsel and the IRS and to compel Defendant to then produce that information to Plaintiff.

In its Opinion, the Court left open the question of whether responsive, non-privileged documents in the possession of the IRS are within J&G's "control" under RCFC 45. *See* Court's Opinion, Ex. 1 at App. 15, n.15, in the Appendix attached hereto. The law is clear that "control" includes documents that the responding party has the legal right or the practical ability to obtain upon demand. It is equally clear that J&G has a

statutory right to obtain the documents that Plaintiff seeks simply by asking the IRS for them. However, Defendant has indicated that it will continue to oppose this discovery. Plaintiff therefore requests that this Court enforce its ruling of August 9, 2007, by ordering J&G to request responsive, non-privileged documents from its outside counsel, the IRS, and Defendant and to produce them to Plaintiff.

## I. STATEMENT OF THE CASE

### A. Introduction

On April 25, 2007, Plaintiff served a Rule 45 subpoena on J&G seeking a Rule 30(b)(6) deposition and documents regarding how the IRS calculated the $76 million civil penalty it assessed against J&G in connection with J&G's role in COBRA and similar transactions. *See* Subp., Ex. 2 in the Appendix. The subpoena requests are narrowly confined to that issue, which is directly relevant to whether the IRS treats the foreign currency digital options in dispute in this litigation as a single net option or as separate transactions in different contexts, depending on which position produces the maximum revenue for the Treasury. *See* Opin., Ex. 1 at App. 6-7. Plaintiff also served a Rule 30(b)(6) Notice on Defendant seeking similar information, which Defendant refused to produce. *See* Def.'s Objections to Pltf.'s 30(b)(6) Notice, Ex. 3 in the Appendix.

On May 16, 2007, J&G responded to Plaintiff's subpoena by filing a Motion to Quash and Motion For Protective Order, asserting, *inter alia*, that the information sought was irrelevant, that J&G was precluded by a confidentiality agreement with the government from complying with the subpoena, and that complying with the subpoena would be unduly burdensome. *See* J&G's Motion to Quash, Ex. 4 in the Appendix. On

June 4, 2007, Plaintiff filed a Cross-Motion to Compel J&G to Comply with the subpoena. Pltf.'s Cross-Motion, Ex. 5 in the Appendix.

After full briefing and oral argument on the Motions, this Court issued an Opinion and Order on August 9, 2007, denying J&G's Motion to Quash and granting Plaintiff's Motion to Compel. Opin., Ex. 1. In that Opinion, this Court determined that the information requested in Plaintiff's subpoena regarding how the IRS calculated the $76 million civil penalty it assessed against J&G is relevant to this litigation; that Plaintiff has a need for the information; that the request is not overly broad; that the information sought is adequately described; that the information sought is not obtainable from some other source that is more convenient, less burdensome, or less expensive; that the request is not unduly burdensome; and that J&G should be compelled to respond to the subpoena at its own expense. *Id*

On October 4, 2007, Plaintiff's counsel took the deposition of John Gilliam, the representative J&G designated to testify regarding the penalty calculation. Gilliam Dep., Ex. 7 in the Appendix. Mr. Gilliam produced no documents relevant to the method the IRS used to calculate the penalty it assessed against J&G. During the deposition, Mr. Gilliam testified that J&G's outside counsel, Davis, Polk & Wardwell, who had represented J&G in settlement discussions with the IRS, had not made inquiries as to whether they had any documents relating to the calculation of the penalty assessed against J&G. *Id.* at App. 75. It is not clear whether Mr. Gilliam had asked them to search for such documents. *Id.* Mr. Gilliam also testified that Mario Verdolini, one of J&G's Davis, Polk & Wardwell attorneys, had had a conversation with an IRS representative who told Mr. Verdolini that the IRS would calculate the penalty against

J&G on a gross rather than a net basis, taking into consideration the long options but not the offsetting short options. *Id.* at App. 75-76.

Mr. Gilliam also testified that J&G had not inquired of the IRS as to its method of calculating the penalty, first because he believed he had no obligation to do so, and second because he believed that requesting that information and producing it to Plaintiff might violate the terms of J&G's Closing Agreement with Defendant. *Id.* at App. 76-77. Mr. Gilliam further testified that J&G would request the information Plaintiff seeks from the IRS and produce it to Plaintiff if the IRS does not object, *id.* at App. 77, or if ordered to do so by this Court. *Id.* at App. 79. On November 2, 2007, Plaintiff's counsel conferred with counsel for Defendant in a good faith effort to obtain the information Plaintiff seeks without further resort to this Court. *See* Affidavit of M. Todd Welty, Ex. 8 in the Appendix. Defendant's counsel refused to agree to the production of that information. *Id.*

The only question the Court left open in its Opinion of August 9, 2007, is the proper interpretation of "control" with respect to the production of documents in response to Plaintiff's Rule 45 subpoena. *See* Opin., Ex. 1 at App. 15, n.15. The Court directed that "should Plaintiff determine after deposition that there are responsive documents or other information within Jenkens & Gilchrist's 'control' that are not being produced, Plaintiff may file a motion to compel in which it addresses the meaning of 'control.'" *Id.* Although Mr. Gilliam confirmed Plaintiff's belief that the IRS calculated the penalty against J&G by treating the options as separate transactions rather than as a single net option, he produced no documents that describe, explain or illustrate the IRS's method of calculation. Indeed, he has not even requested them from the IRS. Hence, Plaintiff has

filed the present Motion to Compel and supporting Memorandum, which is limited to the meaning of "control" in the context of Plaintiff's Rule 45 subpoena and the particular information Plaintiff seeks.

## II. ARGUMENT

### A. Non-Privileged Responsive Documents In The Possession Of J&G's Outside Counsel Are Within J&G's "Control" And Must Therefore Be Produced.

Rule 30(b)(6) provides for the deposition, pursuant to a subpoena, of the representative of a non-party organization who is designated by the organization to testify regarding the matters identified in the subpoena.[1] Rule 30(b)(5) provides in pertinent part that the notice of deposition "may be accompanied by a request made in compliance with RCFC 34 for the production of documents . . . at the taking of the deposition." Rule 34(a) requires the production of documents that "are in the possession, custody or *control* of the party upon whom the request is served." Rule 45(a)(1)(C) provides in pertinent part that a subpoena shall "command [the] person to whom it is directed . . . to produce . . . documents . . . in the possession, custody or *control* of that person." Thus, the standard for identifying documents that must be produced is the same under Rules 34 and 45. *See* Fed. R. Civ. P. 45, Advisory Committee Note ("The non-party witness is subject to the same scope of discovery under [Rule 45] as that person would be as a party to whom a request is addressed pursuant to Rule 34.").

---

[1] The interpretation of the discovery rules relevant herein, RCFC 30(b)(5) and (6), 34(a), and 45(a)(1)(C), "will be guided by the case law and the Advisory Committee Notes that accompany the [corresponding] Federal Rules of Civil Procedure." *See* 2002 Rules Committee Note, Rules of the United States Court of Federal Claims (as amended June 20, 2006).

"[D]iscovery rules are to be accorded a broad and liberal treatment" to ensure "[m]utual knowledge of all the relevant facts gathered by both parties." *Hickman v Taylor*, 329 U.S. 495, 507 (1947); *see also Ice Corp v. Hamilton Sundstrand Corp.*, 2007 WL 2436765 *4 (D.Kan.) ("federal courts afford a 'broad and liberal treatment' to the rules of discovery"); *National Union Fire Ins Co v Midland Bancor, Inc*, 159 F.R.D. 562, 566 (D.Kan. 1994) ("Rule 34 has been liberally construed to facilitate the discovery process"). Accordingly, the term "control" is broadly construed in the context of Rule 34. *Boardman v. National R.R. Passenger Corp.*, 233 F.R.D. 259, 268 (N.D.N.Y. 2006); *Jans ex rel. Jans v. The GAP Stores, Inc.*, 2006 WL 2691800 at *2 (M.D.Fla. Sep. 20, 2006).

"It is well settled that a party need not have actual possession of documents to be deemed in control of them." *In re Folding Carton Antitrust Litig.*, 76 F.R.D. 420, 423 (N.D. Ill. 1997). This Court has stated that "'[c]ontrol' with respect to the production of documents is defined 'not only as possession, but as the legal right to obtain the documents requested on demand.'" *Cochran v. UWATEC USA, Inc.*, 102 F.3d 1224, 1229-30 (Fed. Cir. 1996), *citing Searock v. Stripling*, 736 F.2d 650, 663 (11th Cir. 1984). *Accord, In re Bankers Trust Co.*, 61 F.3d 465, 469 (6th Cir. 1995) ("[F]ederal courts have consistently held that documents are deemed to be within [a party's] 'possession, custody or control' for purposes of Rule 34 if the party . . . has the legal right to obtain the documents on demand.") (emphasis omitted).

The cases are legion that hold that because a client has a legal right to demand documents from its counsel, such documents are within the client's control. *See, e.g.*, *Jans*, 2006 WL 2691800 *1; *American Soc. for Prevention of Cruelty to Animals v.*

*Ringling Bros. & Barnum & Bailey Circus*, 233 F.R.D. 209, 212 (D.D.C. 2006); *Aloe Vera of America, Inc. v. United States*, 2003 WL 22429082 *5 (D.Ariz. 2003); *Triple Five of Minnesota, Inc. v. Simon*, 212 F.R.D. 523, 527 (D.Mass. 2002); *In re Papst Licensing GmbH Patent Litig.*, 2001 WL 797315 *21 (E.D. La. 2001); *Axler v. Scientific Ecol. Grp., Inc.*, 196 F.R.D. 210, 212 (D.Mass. 2000). Hence, Plaintiff herein is entitled to all non-privileged, responsive documents that are in the possession of J&G's outside counsel.

It is not entirely clear whether Mr. Gilliam asked J&G's outside counsel to search for responsive documents and was told that they had none, or asked outside counsel if they had responsive documents and was told that they had not searched for any. *See* Gilliam Dep., Ex. 7 at App. 75. Particularly in light of Mr. Gilliam's continuing belief that requesting and producing responsive documents, absent Defendant's agreement or an explicit court order, may lead to the nullification of its Settlement Agreement with Defendant and disastrous consequences for J&G, *id.* at App. 77, Plaintiff requests that the Court order J&G to instruct its Davis, Polk & Wardwell attorneys to make a diligent search for all documents in their possession that are related to the calculation of the penalty the IRS assessed against J&G and to produce all such documents to Plaintiff.

**B. Non-Privileged Responsive Documents In The Possession Of The IRS Are Within J&G's "Control" And Must Therefore Be Produced.**

There can be no question that J&G is entitled to information in the IRS's possession regarding the method the IRS used to calculate the penalty it assessed against J&G because J&G has "the legal right to obtain the documents on demand" (*Cochran*,

102 F.3d at 1229-30) pursuant to 26 U.S.C. §§ 6103(c) and the information Plaintiff seeks is therefore within J&G's "control." Section 6103(c) of the Internal Revenue Code provides in pertinent part:

> **Disclosure of returns and return information to designee of taxpayer.** – The Secretary may, subject to such requirements and conditions as he may prescribe by regulations, disclose the return of any taxpayer, or *return information* with respect to such taxpayer, to such person or persons as the taxpayer may designate in a request for or consent to such disclosure. . . . However, return information shall not be disclosed to such person or persons if the Secretary determines that such disclosure would seriously impair Federal tax administration.

26 U.S.C. § 6103(c) (emphasis added).

Section 6103(b)(2)(A) defines "return information" in pertinent part as "any . . . data . . . prepared by . . . the Secretary ... with respect to the determination of . . . liability (or the amount thereof) of any person under this title for any tax, penalty, interest, fine, forfeiture, or other imposition." Thus, the information Plaintiff seeks falls squarely within the statutory definition of "return information." The regulation promulgated pursuant to Section 6103(c), Treas. Reg. § 301.6103(c)-1, sets out the formal requirements for a taxpayer's written request for disclosure (§301.6103(c)-1(b)); defines "permissible designees and public forums" (§ 301.6103(c)-1(e)(3)); and reiterates the last sentence of Section 6103(c) of the statute (§ 301.6103(e)(5) ("A disclosure of return information shall not be made under this section if the Internal Revenue Service determines that the disclosure would seriously impair Federal tax administration.").

It therefore appears on the face of the statute and the regulation that to obtain the information Plaintiff seeks, J&G need only make a written request that conforms to the formal requirements of § 301.6103(c)-1(b) and designate its own or, more efficiently, Plaintiff's attorney to receive the information. In fact, the IRS provides a form with

instructions on how to request return information. *See* Tax Information Authorization Form 8821, Ex. 9 in the Appendix. Mr. Gilliam has testified to his willingness to execute a Form 8821 authorizing the IRS to provide its penalty calculation methodology directly to Plaintiff if ordered to do so by this Court. Gilliam Dep., Ex 7 at App. 79. Consequently, the only possible objection to an order compelling J&G's production of the information that this Court has previously ruled Plaintiff is entitled to would be a claim by the IRS that "disclosure would seriously impair Federal tax administration."[2]

This Court should not countenance such a frivolous claim. First, disclosure could hardly impair the administration of Defendant's claims against J&G because they have been settled for $76 million. *See LeMaine v. IRS*, 1991 WL 322616 *4 (D.Mass. Dec. 10, 1991) ("The government has failed to demonstrate that release of these pages would *seriously* impair any *ongoing* effort to collect taxes or penalties from [the taxpayer].") (emphasis in original). Second, any argument that "impairment" extends beyond the potential effect of disclosure on a proceeding involving the taxpayer whose information is sought cannot stand because, "if sustained, [it] could result in parameters of non-disclosure without practical or definable limits." *Capri v. Murphy*, 1985 WL 6364 *4 (D.Conn. Jan. 4, 1985). Finally, the information disclosed would be Protected Information under the Protective Order entered in this case on September 7, 2007, which limits the use of such information to discovery proceedings in the present case and two

---

[2] That the IRS will resist producing the information sought is a foregone conclusion in light of Defendant's objections to Plaintiff's Rule 30(b)(6) Notice and its refusal to agree to the production of the documents Plaintiff seeks even after this Court's Opinion of August 9, 2007. *See* Welty Affid., Ex. 8. Plaintiff has therefore directed its present Motion to Compel to Defendant as well as to J&G so that all of the issues that may be raised with respect to these documents can be addressed without the necessity of yet another motion to compel if the Court grants Plaintiff's present Motion to compel J&G.

similar civil actions, and to the prosecution or defense of the present action, unless subpoenaed in another proceeding in a court of competent jurisdiction. *See* Order, Ex. 10, ¶ 3, at App. 85.

As this Court noted in *Jade Trading, LLC. v. United States*, 65 Fed.Cl. 188, 194 (2005), the legislative history of Section 6103 indicates no intention by Congress "to limit the right of any agency (or other party) to obtain returns or return information directly from the taxpayer through the applicable discovery procedures." Plaintiff has sought information, which this Court has previously ruled it is entitled to, through the applicable discovery procedures. It has requested information and documents within the "control" of J&G under Rule 45 and the relevant case law. J&G is willing to request that information from the IRS and to produce it to Plaintiff if ordered to do so by this Court.

The only fly in the ointment is Defendant's continuing intransigence and likely refusal to disclose the information in response to a Form 8821 request by J&G on the insupportable ground that disclosure would "impair Federal tax administration," thus further delaying Plaintiff's receipt of the information.

Plaintiff therefore requests that this Court issue an order: (1) requiring J&G to instruct its outside counsel, Davis, Polk & Wardwell, to make a diligent search for documents responsive to Plaintiff's subpoena and to produce such documents as are found to Plaintiff; (2) requiring J&G to execute a Form 8821 asking the IRS to produce to Plaintiff documents that describe, explain and/or illustrate the method the IRS used to calculate the $76 million penalty it assessed against J&G; and (3) requiring the IRS to respond to J&G's request by promptly producing the documents to Plaintiff.

## III. CONCLUSION

For all the reasons stated herein, Plaintiff respectfully requests that this Court grant Plaintiff's Motion to Compel J&G and Defendant to produce the information sought by Plaintiff's Rule 45 subpoena.

**CERTIFICATE OF SERVICE**

I hereby certify that on November 2, 2007, I served the above and foregoing on the below-listed counsel:

David M. Steiner, Esq. *(via ECF Notification)*
United States Department of Justice
Tax Division
P.O. Box 55 Ben Franklin Station
Washington, D.C. 20044

Joseph Pitzinger, Esq. *(via ECF Notification)*
Jonathan Blacker, Esq.
United States Department of Justice
Tax Division
717 North Harwood
Suite 400
Dallas, Texas 75201

***Attorneys for the United States***

F. Anthony Paganelli, Esq. *(via Certified Mail)*
Sommer Barnard, P.C.
One Indiana Square
Suite 3500
Indianapolis, Indiana 46204

***Attorney for Carmel Partners***

Robert J. Wagman, Jr. *(via ECF Notification)*
Baker Botts, L.L.P.
The Warner
1299 Pennsylvania Avenue
Washington, D.C. 20004-2400

***Attorney for Jenkens & Gilchrist***

/s/ Joel N. Crouch
JOEL N. CROUCH