IN THE UNITED STATES COURT OF FEDERAL CLAIMS

No. 05-231 T
(Chief Judge Damich)

---

JZ Buckingham Investments LLC as Tax Matters Partner
of JBJZ Partners, a South Carolina general partnership,

Plaintiff,

v.

United States of America,

Defendant.

---

**UNITED STATES' MOTION TO COMPEL RESPONSES TO INTERROGATORIES**

The defendant, the United States of America, by its undersigned counsel, hereby moves the Court for an order compelling responses to Defendant's Interrogatories in conformance with Rules 37(a) and 37(d) of the Rules of the United States Court of Federal Claims. The United States also respectfully requests that the Court award sanctions and expenses to the United States in accordance with RCFC 37(a)(4)(A).

As explained in the accompanying Declaration of David M. Steiner in Support of this Motion, the United States served its Fourth Set of Interrogatories (Nos. 71 through 95) on Plaintiff on September 25, 2007. On October 26, 2007, Plaintiff served Plaintiff's Objections and Responses to the United States' Interrogatories (Nos. 71 through 95). Plaintiff provided no responses, but objected to each interrogatory on the ground that the United States had exceeded its limit of 100 interrogatories per case. Specifically, Plaintiff answered each interrogatory thusly:

> Plaintiff objects to this Interrogatory on the grounds that the United States has well exceeded the 100 written interrogatories that it may serve upon a party to this litigation without leave of court or written stipulation under Rule 33 of the Rules of the Court of Federal Claims, and no such leave of court or stipulation has been obtained. Plaintiff hereby reserves its right to assert any additional objections to this Interrogatory in the event that the Court grants the United States leave to propound additional interrogatories or otherwise orders Plaintiff to respond to this Interrogatory.

Counsel for the United States discussed this issue with Plaintiff's counsel, but have failed to reach agreement.

As Plaintiff acknowledges, the United States may propound up to 100 interrogatories per party in the cases involving the COBRA tax shelter. It is the position of the United States that it has served 93 such interrogatories on Plaintiff. This is because, prior to the interrogatories at issue in this motion, the United States had served 68 such interrogatories. The United States erroneously numbered the first interrogatory in the interrogatories at issue as #71. Even if the United States had not misnumbered its interrogatories, the United States would not have reached its limit of 100 interrogatories. Therefore, Plaintiff's objection is without merit.

Plaintiff has told us that it views our interrogatories as multiple interrogatories, and has cited to us *Banks v. Office of Senate Sergeant-at-Arms*, 222 F.R.D. 7, 10 ("[A] demand for information about a certain event and for the documents about it should be counted as two separate interrogatories.") That, however, is only one of many such examples that Plaintiff has recently explained to us as its rationale for claiming that each and every one of our interrogatories are in fact several interrogatories. Plaintiff has apparently reformulated each of Defendant's interrogatories into discrete subparts which, it contends, should be counted separately. This is improper because, as the very case upon which Plaintiff relies states:

> Identifying a "discrete subpart" has proven difficult. While a draconian approach would be to view each participial phrase as a subpart, the courts have instead attempted to formulate more conceptual approaches, asking whether one question is subsumed and related to another or whether each question can stand alone and be answered irrespective of the answer to the others.

*Banks*, 222 F.R.D. at 10 (footnote and citations omitted).

As the *Banks* court said, "this is anything but a bright-line test." *Id.* It appears to the United States that Plaintiff has opted for the draconian approach, notwithstanding that the case upon which Plaintiff relies states "I . . . find . . . that [party resisting discovery] is arguing in favor of using the draconian approach of counting every subdivision of an interrogatory as a separate question. I rejected that method as unfair." *Id.* at 11.

The emerging standard is that, even if an interrogatory has subparts or could be divided into subparts, such subparts should not turn a single interrogatory into several interrogatories, "[i]ndeed, the subparts serve to narrow the scope by informing [the requested party] of the precise descriptive details desired by [the requesting party] . . . ." *Clark v. Burlington Northern Railroad*, 112 F.R.D. 117, 120 (N.D. Miss. 1986). Therefore, even if an interrogatory could be seen as containing subparts, this does not make the interrogatory more than one interrogatory as long as the subparts constitute "a common theme." *Cardenas v. Dorel Juvenile Group, Inc.*, 231 F.R.D. 616, 620 (D. Kansas 2005). This has been held to be the case even where a local rule mandates that subparts be counted as separate interrogatories. For example, one court held "that interrogatory subparts are to be counted as part of but one interrogatory for purposes of Local Rule 190, subd. 1(c) if they are logically or factually subsumed within and necessarily related to the primary question." *Ginn v. Gemini, Inc.*, 137 F.R.D. 320, 322 (D. Nev. 1991). It is the

position of the United States that each interrogatory comprises a common theme, and should be counted as a single interrogatory.

Despite repeated requests from the United States beginning on October 30, 2007, Plaintiff did not explain its objections to the United States with any specificity until November 6, 2007, four days after the close of discovery. Plaintiff's repeated objection to each interrogatory served in its responses did not in any way explain how Plaintiff concluded that the United States had exceeded its permitted number of interrogatories nor did it make any other objections, notwithstanding that it purported to preserve such objections. Such an objection as this is unsatisfactory. It is the burden of the party resisting discovery to fully explain its reasons in its timely served objections. Any objections not fully explained, and any other objection not made, may operate as a waiver. See *Roesberg v. Johns-Manville Corp.*, 85 F.R.D. 292, 296-97 (D.C. Pa. 1980).

Therefore, the United States respectfully requests that the Court issue an order pursuant to Fed.R.Civ.Pro. 37 compelling Plaintiff to respond in full and without objections to all interrogatories contained in the United States' Fourth Set of Interrogatories (Nos. 71 through 95).

The United States further respectfully requests that the Court grant to the government its attorneys' fees and expenses in the making of this motion, along with any further relief that the Court may deem appropriate in accordance with RCFC 37(a)(4)(A).

To the extent, if any, that the Court concludes that the United States has exceeded its limit of 100 interrogatories, the United States nevertheless respectfully requests that the Court expand the number of interrogatories permitted to the extent required to include the interrogatories at issue. Rule 26(b)(2) governs the Court's determination on whether leave will

be granted to enlarge discovery limits. Under RCFC 26(b)(2), courts look at three discretionary factors to determine whether to limit discovery: (i) whether the discovery sought is unreasonably cumulative or duplicative, or is obtainable from some other source that is more convenient, less burdensome, or less expensive; (ii) whether the party seeking discovery has had ample opportunity by discovery in the action to obtain the information sought; or (iii) whether the burden or expense of the proposed discovery outweighs the likely benefit, taking into account the needs of the case, the amount in controversy, the parties' resources, the importance of the issues at stake in the litigation, and the importance of the proposed discovery in resolving the issues. This Court is afforded extremely broad discretion in determining the appropriate scope and conduct of discovery. *See Florsheim Shoe Co. v. U.S.*, 744 F.2d 787, 797 (Fed. Cir. 1984). A party seeking leave must set forth a "particularized showing" of need. *See, e.g. Archer Daniels Midland Co. v. Aon Risk Services, Inc. of Minnesota*, 187 F.R.D. 578, 586 (D.Minn.1999). The Court makes a case by case analysis in determining whether enlarge these limits. 8A *Wright, Miller & Marcus, Federal Practice and Procedure* § 2163 (2nd ed.1994). The interrogatories at issue are contention interrogatories. Responses to such interrogatories are required for the quick and efficient proceeding of this litigation. There is no other source than Plaintiff itself to respond to contention interrogatories, and requiring Plaintiff to inform Defendant of its contention is no burden on Plaintiff. Responses to contention interrogatories will, however, remove a great deal of burden to both the United States and the Court.

Respectfully submitted,

s/ Dennis M. Donohue
DENNIS M. DONOHUE
Attorney of Record
Chief Senior Litigation Counsel
U.S. Department of Justice - Tax Division
Post Office Box 403
Ben Franklin Station
Washington, D.C. 20044
(202) 307-6492

CERTIFICATE OF SERVICE

I hereby certify that on November 15, 2007, I electronically filed the foregoing Motion to Compel Responses to Interrogatories with the Clerk of the Court using the ECF system which will send notification of such filing to the following:

Joel N. Crouch
Texas State Bar No. 05144220
Meadows, Collier, Reed
Cousins & Blau, L.L.P.
901 Main Street, Suite 3700
Dallas, Texas 75202

s/ David M. Steiner
David M. Steiner
Trial Attorney, Tax Division
U.S. Department of Justice
Post Office Box 55
Ben Franklin Station
Washington, D.C. 20044
(202) 307-5892