IN THE UNITED STATES COURT OF FEDERAL CLAIMS

| | | |
|---|---|---|
| **JZ Buckingham Investments LLC as Tax Matters Partner of JBJZ Partners, a South Carolina general partnership,** | § | |
| **Plaintiff,** | § | **CASE NO. 05-231 T** |
| **v.** | § | **Chief Judge Edward J. Damich** |
| **United States of America,** | § | |
| **Defendant.** | § | |

**PLAINTIFF JBJZ PARTNERS' OPPOSITION TO UNITED STATES' MOTION TO COMPEL RESPONSES TO INTERROGATORIES**

---

Plaintiff JBJZ Partners files this Opposition to the United States' Motion to Compel Responses to Interrogatories, and in support thereof, shows to the Court as follows:

## I. Introduction.

The Government makes three separate—but equally unsupportable—pleas to this Court. First, the Government moves this Court in the twilight hour of discovery to compel answers to contention interrogatories. The Government, however, exceeded the 100-interrogatory limit *prior* to serving such interrogatories by asking questions with discrete subparts that are properly counted as separate interrogatories. Second, the Government leaps to request costs and fees against Plaintiff, but the Government made no attempt to resolve this dispute prior to filing its Motion, and Plaintiff asserted its discovery objections in good faith and based on a reasonable interpretation of legal precedent. Third, the Government makes a belated request to further enlarge discovery to allow its contention interrogatories. The Government only offers, however, brief and conclusory statements that fall well short of a showing of particularized need. Moreover, a cooperative effort toward stipulation is a superior alternative to contention

360074

interrogatories for purposes of streamlining this litigation. Accordingly, this Court should reject all three of the Government's pleas and deny the Government's Motion in its entirety.

## II. The Government exceeded the 100-interrogatory limit before it served the contention interrogatories at issue.

### *a. Subparts that introduce a "separate and distinct" line of inquiry are treated as separate interrogatories.*

Rule 33 of the Rules of the U.S. Court of Federal Claims provides that discrete subparts of a single interrogatory should be counted separately.[1] Although the Rule does not define *discrete subpart*, the courts have fashioned an appropriate legal standard. Under this standard, a subpart is treated as a separate interrogatory where it "introduces a line of inquiry that is separate and distinct from the inquiry made by the portion of the interrogatory that precedes it."[2] On the other hand, subparts "logically or factually subsumed within and necessarily related to the primary question" are treated as part of a single interrogatory.[3]

The Government acknowledges this legal standard, but curiously states that the "emerging" standard is that subparts should not turn a single interrogatory into several. This is only true, however, if the subpart is factually and logically subsumed within the primary question. If the subpart introduces a separate and distinct line of inquiry, the courts invariably count the subpart as a separate interrogatory.[4]

---

[1] RCFC 33(a). This rule is identical to Rule 33 of the Federal Rules of Civil Procedure. *See* Committee Notes to RCFC 33, 2002 Revision ("RCFC 33 is identical to FRCP 33"). Consequently, authority interpreting FRCP 33 applies equally to determinations under RCFC 33.

[2] *Miller v. Holzmann*, 240 F.R.D. 1,3 (D.D.C. 2006).

[3] *Kendall v. GES Exposition Services*, *Inc*. 174 F.R.D. 684, 685 (D.C. Nev. 1997); *see also Safeco v. Rawstron*, 181 F.R.D. 441 (C.D. Cal. 1998).

[4] *See, e.g., Miller*, 240 F.R.D. at 3; *Kendall*, 174 F.R.D. at 685; *Collaboration Properties, Inc. v. Polycom, Inc*., 224 F.R.D. 473, 475 (N.D. Cal. 2004); *Banks v. Office of Senate Sergeant-at-Arms*, 222 F.R.D. 7, 10-11 (D.D.C. 2004).

***b. Applying the "separate and distinct" standard, the Government has exceeded the 100-interrogatory limit prior to serving its contention interrogatories.***

The Government has served numerous interrogatories with discrete subparts that are properly treated as separate interrogatories. Once these subparts are accounted for, the Government has actually served 169 interrogatories against Plaintiff JBJZ Partners *prior to serving the interrogatories at issue*.[5] Plaintiff's count of the Government's interrogatories is set forth in Exhibit A filed with this Opposition.

***i. A request to identify documents is a separate interrogatory.***

The courts routinely hold that a request to identify documents is counted as a separate interrogatory.[6] One district court opined that a dual demand for information and to identify documents is the "most obvious example" of a compound interrogatory, declaring that "clearly there are two distinct demands because knowing that an event occurred is entirely different from learning about the documents that evidence it."[7]

The Government has propounded against Plaintiff 38 requests to identify documents, each disguised as a discrete subpart of a single interrogatory. Every one of these requests should be counted as a single interrogatory.

Many of the document-identification requests appeared as a subpart of an already-compound interrogatory.[8] That is, the Government made the demand to identify documents in an

---

[5] Putting aside discrete subparts, the Government has propounded 69 interrogatories against Plaintiff – not 68 as stated in its Motion. The Government served two separate interrogatories both numbered 21.

[6] *In re Ullico Inc. Litigation*, 2006 WL 2398742 *2 (D.D.C. 2006) ("a request for documents counts as a second inquiry" and thus separate interrogatory); *Pogue v. Diabetes Treatment Centers of America, Inc*., 235 F.R.D. 521, 524 (D.D.C. 2006) (same); *Willingham v. Ashcroft*, 226 F.R.D. 57, 60 (D.D.C. 2005) (same); *Banks v. Office of Senate Sergeant-at-arms*, 222 F.R.D. 7,10 (D.D.C. 2004) (same); *see also Estate of Manship v. U.S*., 232 F.R.D. 552, 555 (M.D. La. 2005) (finding request for identification of documents to be separate interrogatory); *Kendall*, 174 F.R.D. at 686 (request for documents is independent inquiry).

[7] *Banks*, 222 F.R.D. at 10.

[8] Interrogatory Nos. 1, 10, 11, 16, 20, 22, 23, and 30.

interrogatory that should be counted as two (or more) interrogatories. In these instances, the document request itself is properly counted as two (or more) interrogatories. This analysis is consistent with *In re Ullico Inc. Litigation*.[9] There, a party asked in a single request whether a person was acting as a fiduciary when he committed the acts described in two prior interrogatories. The court counted the request as two interrogatories since the two prior questions related to separate acts.[10]

Interrogatory No. 22 is a good example. There, the Government requested that Plaintiff identify all documents that support its basis for agreement or disagreement with five different allegations. As discussed in Section (ii) below, under relevant case law, the inquiry as to each allegation is treated as a separate interrogatory. The request to identify documents should therefore be counted as five interrogatories—one for each allegation.

***ii. A request to provide the basis for agreement or disagreement with a series of allegations constitutes a separate interrogatory for each allegation.***

The courts consistently hold that an interrogatory that demands an explanation for a party's responses to requests for admission is counted as a separate interrogatory with respect to each admission.[11] For example, in *Safeco v. Rawstron*,[12] the court found that an interrogatory requesting the basis for the party's denial of several requests for admission counted as a separate interrogatory for each denial. Similarly, in *Miller v. Holzmann*,[13] the court counted 17 interrogatories from a single interrogatory that demanded the basis on which the party denied 17 requests for admission.

[9] 2006 WL 2398742 (D.D.C. 2006).
[10] *Id*. at *3.
[11] *See, e.g.*, *Miller v. Holzmann*, 240 F.R.D. 1,3 (D.D.C. 2006) (see text); *Safeco v. Rawstron*, 181 F.R.D. 441,446 (C.D. Cal. 1998) (see text).
[12] 181 F.R.D. at 446.
[13] 240 F.R.D. at 3.

The Government has propounded such compound interrogatories here. Interrogatory Nos. 22 and 23 set forth a series of allegations and asked Plaintiff to state its agreement or disagreement with *each* allegation and to *describe the factual and legal basis* for its agreement or disagreement. These closely resemble the compound interrogatories in *Safeco* and *Miller*, which those courts counted as separate interrogatories. This Court should likewise count these interrogatories as a separate interrogatory for each allegation.[14]

The fact that the Government could have ascertained Plaintiff's responses to the allegations in requests for admission, the number of which is not subject to limitation, does not alter this conclusion. An interrogatory that sets forth a request better served in a different format still counts for purposes of the discovery limitations.[15]

***iii. Subparts relating to "why" and "how" should be treated as separate interrogatories.***

The reasons, or motivation, behind an act or event is a separate and distinct inquiry from the various details of the actual act or event. For example, in *Nyfield v. Virgin Islands Telephone Corp.*,[16] the court counted as two interrogatories a single request for information about persons involved in the decision making process at issue and the *reasons* for the decisions.

The Government has embedded these "why" questions as subparts to several of its interrogatories.[17] Prime examples are Interrogatory Nos. 5 and 6, which combined "who" and "why" in the identical manner as the interrogatory in *Nyfield*. They asked Plaintiff to identify the persons the taxpayers consulted regarding specified stock purchases (No. 5) and currency (No. 6) and *why* those assets were purchased. Other examples include (i) Interrogatory No. 4, which

[14] *See also* Interrogatory No. 24 (requesting Plaintiff's agreement or disagreement with an allegation *and* the factual and legal basis therefore).
[15] *Kendall*, 174 F.R.D. at 686 (finding that an interrogatory request to identify documents is a separate interrogatory, even though it is really "a fugitive request for production….[that] would be better served in that format.").
[16] 200 F.R.D. 246, 248 (D.C. V.I. 2001).
[17] Interrogatory Nos. 4, 5, 6, 8, 17, 20, 31, 59, and 61.

requested identifying details about all partnership contributions and the *reasons* for each contribution, and (ii) Interrogatory Nos. 59 and 61, which requested Plaintiff to identify any deduction claimed by the taxpayers for fees paid to Ernst & Young (No. 59) and Jenkens & Gilchrist (No. 61), and to explain *why* the amount was deducted. The latter is compound because the existence and location of the deduction is independent of the reasons *why* the taxpayers deducted such fees (which could be based on applicable law, the advice of tax professionals, etc). Under *Nyfield*, all of these "why" subparts are properly treated as separate interrogatories.

The Government likewise included "how" subparts in several interrogatories which should also be counted separately. In *Pogue v. Diabetes Treatment Center of America, Inc.*,[18] the court held that a single interrogatory to both identify persons who knew of violations and explain *how* they knew was impermissibly compound. Such a request is analogous to Interrogatory Nos. 43 and 49, which requested Plaintiff to explain the business purposes for forming two different LLCs and *how* each LLC was used to achieve its purposes. Another example is Interrogatory 31, which requested identifying details about marketing materials and if the materials no longer exist, *how* they were disposed of.[19] *Pogue* confirms that these "how" questions are properly counted as separate interrogatories.

***iv. A request for information about multiple transactions comprising the "transactions described in Part V of the Complaint" is inappropriately compound.***

In *Collaboration Properties, Inc. v. Polycom, Inc.*,[20] the court addressed an interrogatory that requested information about a party's "products." Because the party had 26 different products, the court counted 26 interrogatories – one interrogatory for each product.[21]

[18] 235 F.R.D. 521, 524 (D.D.C. 2006).
[19] *See also* Interrogatory No. 8 (demanding information about persons involved in the early termination of options and *how* the pay-out amount was determined).
[20] 224 F.R.D. 473, 475 (N.D. Cal. 2004).

The Government has made the same type of generic request here. "Transactions described in Part V of the Complaint" refers to multiple discrete transactions, including, without limitation, the formation of several different entities, investments in foreign-currency digital options and others assets, contributions of property, assignments of partnership interests, partnership liquidations, etc. On more than one occasion the Government generically referred to "Transactions described in Part V of the Complaint" in a single interrogatory to request information about every discrete transaction making up that term."[22] Under *Collaboration*, these interrogatories should be counted as a separate interrogatory for each discrete transaction. And relatedly, any interrogatory inquiring about more than one discrete transaction should also be counted as a separate interrogatory for each transaction.[23]

***v. A single request about multiple entities should be treated as a separate interrogatory with respect to each entity.***

*Collaboration* applies analogously to Interrogatory 14, which asked Plaintiff a series of questions about the purpose of every entity involved in the transactions at issue. Although the Government named each entity, this type of "global" request is a form of generic request that the *Collaboration* court held contained discrete subparts. Interrogatory 14 should therefore be counted as a separate interrogatory as to each entity. *In re Ullico Inc. Litigation* confirms this result, as the court in that case held that an interrogatory requesting information about payment to *four different entities* constituted *four* interrogatories.[24]

---

[21] *Id*.
[22] Interrogatory Nos. 27, 30, and 36.
[23] Interrogatory No. 11.
[24] 2006 WL 2398742 *5.

***vi. Contentions and the facts supporting such contentions are two separate and distinct lines of inquiry.***

The Government may not permissibly combine, in a single request, inquiries about Plaintiff's contentions and the supporting facts. The court decisions of *Trevino v. ACB American, Inc*[25] and *Pogue v. Diabetes Treatment Centers of America, Inc*[26] are on point. In *Trevino*, the court held that the party's interrogatory asking to *identify* each expert and his qualifications and state the *facts* and *opinions* for his expert opinion constituted three separate interrogatories.[27] Similarly, in *Pogue*, the court counted as two interrogatories a request for a party's contention regarding the adverse actions taken against its medical directors and the facts supporting such contention.[28]

Interrogatory No. 36 falls squarely within the holdings of *Trevino* and *Pogue*. It requested that Plaintiff fully explain the non-tax business reasons for entering into the transactions at issue and the facts upon which Plaintiff relied in support thereof. This introduces two distinct lines of inquiry that, consistent with the foregoing authorities, should each be counted as a separate interrogatory.

Interrogatories 22, 23, and 24 likewise fit neatly within *Trevino* and *Pogue*. All three interrogatories requested, in a single question, information about Plaintiffs' contentions *and* the factual and legal basis therefor. As analyzed above, these subparts should be counted as separate interrogatories. The fact that the Government formatted its question about Plaintiff's contentions in an admit-or-deny format is not material to the analysis.

---

[25] 232 F.R.D. 612 (N.D. Cal. 2006).
[26] 235 F.R.D. 521, 525 & 531 (D.D.C. 2006).
[27] *Trevino,* 232 F.R.D. at 614.
[28] *Pogue*, 235 F.R.D. at 525 & 531.

***vii. The Government has squeezed several other discrete subject areas in a single interrogatory, all of which should be counted separately.***

Despite the Government's contentions, the courts have not shied away from counting subpart questions addressing discrete subject areas as separate interrogatories:

1. *In re Ullico Inc. Litigation*,[29] the court treated as separate interrogatories the party's request for the terms of the amendments to a qualified plan and whether the amendment was "properly authorized."

2. *Willingham v. Ashcroft*,[30] the court counted as three interrogatories the party's request about (1) any employee charged with criminal offense, (2) the investigation by the employer of crime and resulting discipline, and (3) prior disciplinary record of the employee.

3. *Kendall v. GES Exposition Services, Inc.*,[31] the court counted as two interrogatories a single request for details about past compensation and speculative increases in compensation.

4. *Banks v. Office of Senate Sergeant-At-Arms*,[32] the court held that the party's interrogatory requesting information about general hiring practices and the hiring of particular person counted as two interrogatories.[33]

Among the subject areas that the Government has inappropriately combined in a single interrogatory are: (1) developing and marketing/implementation of the transactions at issue,[34]

[29] 2006 WL 2398742 *3 (D.D.C. July 18, 2006).
[30] 226 F.R.D. 57, 59-60 (D.D.C. 2005).
[31] 174 F.R.D. at 686.
[32] 222 F.R.D. 7 (D.D.C. 2004).
[33] *Id*. 11.
[34] Interrogatory Nos. 1 and 25.

(2) the Jenkens & Gilchrist opinion and the Brown & Wood opinion,[35] and (3) the partnership and S corporation returns and the individual returns of Mr. Zucker and Mr. Boyd.[36] These are all separate and distinct lines of inquiry that should be treated as separate interrogatories. For example, each opinion represents an independent inquiry because different law firms rendered the opinions, the opinions are subject to separate taxpayer representations and assumptions, and despite some overlap, the legal analyses are not the same. The tax returns likewise constitute separate and distinct inquiries, as they were prepared by different persons (Ernst & Young prepared the partnership and S corporation returns, while Barry Emerson prepared Mr. Zucker's return and Sheila Pace prepared Mr. Boyd's return).

***c. Plaintiff properly and timely raised all objections to the Government's contention interrogatories.***

The Government claims that Plaintiff waived its objections based on discovery limits because Plaintiff did not tender the equivalent of a legal brief when Plaintiff submitted its interrogatory responses. This argument is fallacious. Plaintiff timely and sufficiently notified the Government that, despite its numbering, Plaintiff believed that the Government had served more than 100 interrogatories. Plaintiff was not required to fully brief its arguments in objecting to the Government's discovery. Moreover, shortly after providing its responses, Plaintiff served the Government with its interrogatory count and cited case law enunciating one of the main principles supporting its count.

Equally without merit is the Government's argument that Plaintiff waived all other objections. The drafters of the Rule 33 recognized that "…because [interrogatories] can be costly and may be used as a means of harassment, it is desirable to subject its use to the control

[35] Interrogatory No. 10.
[36] Interrogatory Nos. 16 and 57.

of the court…."[37] In an extreme example, supposing the Government served 5,000 interrogatories, it would be irrational to interpret the Federal Rules as requiring Plaintiff to immediately assert or otherwise waive its objections to all 5,000 interrogatories. Such an interpretation would impose the type of harassment and cost that the drafters of the Rules sought to avoid.

Moreover, any conceivable waiver should be excused for "good cause."[38] Plaintiff reserved its other objections on the rational belief that Rule 33 did not require Plaintiff to determine all objections to interrogatories that Plaintiff reasonably believed exceeded discovery limits. Furthermore, should this Court find the contention interrogatories excessive, but nonetheless enlarge discovery to permit them, such interrogatories should be treated as new questions to which Plaintiff may fully respond and make all objections it deems appropriate.

## III. The Government's belated request to enlarge discovery lacks merit and should be denied.

This Court should deny the Government's request to further enlarge discovery based on the following three grounds: (1) the Government failed to show particularized need for such discovery, (2) the most efficient way to narrow the issues for trial is by stipulation—not interrogatories, and (3) the Government should not be rewarded for disobeying the discovery rules. A finding on any *one* of the grounds is sufficient for this Court to deny the enlargement.

### ***a. The Government has failed to show particularized need.***

Applicable federal law requires that the moving party make a showing of particularized need when it comes to discovery matters.[39]

---

[37] Fed. R. Civ. P. 33, advisory committee notes, 1993 amendments. RCFC 33 is identical to FRCP 33. *See* Committee Notes to RCFC 33, 2002 Revision.
[38] RCFC 33(b)(4).
[39] *See, e.g., Archer Daniels Midland Co. v. Aon Risk Servs., Inc. of Minn.*, 187 F.R.D. 578, 586 (D. Minn. 1999).

The Government has simply failed to make this type of showing. Its entire argument for enlarged discovery is comprised of two conclusory statements: Responses to the interrogatories are "required for the quick and efficient proceeding of this litigation" and will "remove a great deal of burden to both the United States and the Court." But how? The Government offers no explanation. These conclusory statements are especially inadequate given the Government has already benefited from 4-times the number of interrogatories permitted by the presumptive limits.

***b. Stipulation is the most efficient way to narrow the issues for trial.***

Plaintiff shares the belief of the Federal Rules' Advisory Committee that interrogatories are costly, susceptible to abuse, and have diminished importance in modern litigation.[40] Plaintiff therefore contends that the *best* alternative for narrowing the issues in these cases is through stipulation. The parties have already agreed in principle to stipulate to other matters in this case, namely the authenticity of documents. Further, it is doubtful that the Government's interrogatories will streamline this litigation, as they inquire about contentions self-evident from Plaintiff's expert reports (i.e., the profitability of the foreign currency digital options), as well as contentions thoroughly addressed in the tax opinions rendered by Jenkens & Gilchrist and Brown & Wood.

***c. The Government should not be rewarded for disobeying the rules.***

*"Judicial orders are to be obeyed, not ignored."*[41]

The 100-interrogatory limit in these cases provided the Government with an ample supply of questions to ask Plaintiff. The Government fully utilized this discovery, and Plaintiff

[40] Fed. R. Civ. P. 33, advisory committee notes, 1993 amendments. RCFC 33 is identical to FRCP 33. *See* Committee Notes to RCFC 33, 2002 Revision.
[41] *Banks,* 222 F.R.D. at 11 ("I will not grant plaintiff leave to exceed the number of interrogatories permitted…. judicial orders are to be obeyed, not ignored.").

ultimately responded to more than a 100 questions (Plaintiff did not object to certain excessive interrogatories served prior to those at issue). At the end of discovery, however, the Government unilaterally, and without leave of court, served Plaintiff with 25 contention interrogatories. In seeking to compel this discovery, the Government makes an after-the-fact request for this Court to further enlarge the number of interrogatories to 5-times the presumptive limit. As the D.C. district court wisely noted when it denied a similar request, "courts should not condone disobedience to a rule's requirements by permitting a party to violate them and then, after the fact, seek permission to justify that disobedience retroactively."[42] This Court should likewise reject the Government's belated request for additional discovery.

## IV. Even if this Court grants the Government's Motion (which it should not), there is no basis to award fees and costs against Plaintiff.

Under Federal Rule 37, a court cannot award attorney's fees and expenses where it finds that the motion was filed before the moving party made a "good faith effort" to obtain the discovery without the motion *or* where the opposing party's response or objection was "substantially justified."[43]

Both conditions are present here to prevent the award of fees and costs. The Government made no effort to resolve this discovery dispute with Plaintiff prior to filing its Motion. Plaintiff provided its count of interrogatories to the Government on November 6, 2007. At that time Plaintiff invited the Government to contact it to further discuss such matters. The Government never accepted Plaintiff's invitation, and instead filed its Motion. Secondly, Plaintiff's position was substantially justified. "Substantially justified" means that "reasonable people could differ

[42] *Willingham v. Ashcroft*, 226 F.R.D. 57, 60 (D.D.C. 2005).
[43] RCFC 37(a)(4)(A).

as to the appropriateness of the contested action."[44] As outlined in this Opposition, Plaintiff acted in good faith and based on a reasonable interpretation of relevant case law in asserting its objections to the Government's interrogatories.

**V. Alternative Argument.**

Alternatively, if this Court believes that the Government should be granted some measure of relief, Plaintiff suggests, without waiving its opposition to all 25 interrogatories, that this Court limit relief to no more than 10 interrogatories. An additional 25 interrogatories would equate to a discovery windfall to the Government, with its total number of permitted interrogatories climbing to 5-times the presumptive limit. This, of course, assumes that the additional interrogatories, unlike most of the Government's prior interrogatories, have no discrete subparts that are properly counted as separate interrogatories.[45] Such discovery is simply not warranted, and would impose an undue burden on Plaintiff.

**VI. Conclusion.**

The Government accomplished an amazing feat in the discovery of this case: it exceeded the 100-interrogatory limit. Despite the Government's numbering, many of its interrogatories contained discrete subparts that are properly counted as separate interrogatories. When Plaintiff objected to the excessive interrogatories, the Government opted not to resolve the dispute with Plaintiff, and instead filed this Motion to Compel. The Motion included a belated request to enlarge discovery to 5-times the presumptive limit, for which the Government made no showing of particularized need. While Plaintiff shares the goal of narrowing issues before trial, it believes that a cooperative effort toward stipulation is the most productive use of the parties' resources.

---

[44] *Maddow v. Procter & Gamble Co., Inc.*, 107 F.3d 846, 853 (11th Cir. 1997) (citing *Pierce v. Underwood*, 487 U.S. 552, 565, 487 U.S. 552, 565 (1988)). RCFC 37 is identical to FRCP 37. *See* Committee Notes to RCFC 33, 2002 Revision ("RCFC 37 parallels the structure and content of FRCP 37").

[45] A copy of the Government's contention interrogatories is being filed as Exhibit B to this Opposition.

For these reasons, the Court should deny the Government's Motion in its entirety. Alternatively, this Court should limit the Government's relief to no more than 10 interrogatories, and in all events refrain from awarding fees and costs.

Respectfully submitted,

By: s/Joel N. Crouch
Joel N. Crouch
Texas State Bar No.05144220

MEADOWS, COLLIER, REED
COUSINS & BLAU, L.L.P.
901 Main Street, Suite 3700
Dallas, TX 75202
(214) 744-3700 Telephone
(214) 747-3732 Facsimile
jcrouch@meadowscollier.com

ATTORNEYS FOR PLAINTIFF

**CERTIFICATE OF SERVICE**

On this 3rd day of December, 2007, a copy of the foregoing motion was served upon the following persons via electronic notification.

Dennis M. Donohue, Esq.
United States Department of Justice
Tax Division
Civil Trial Section, Northern Region
P.O. Box 55
Ben Franklin Station
Washington, D.C. 20044

***Attorney for the United States***

s/Joel N. Crouch
Joel N. Crouch

360074