IN THE UNITED STATES COURT OF FEDERAL CLAIMS

| | | |
|---|---|---|
| **JZ Buckingham Investments LLC as Tax Matters Partner of JBJZ Partners, a South Carolina general partnership,** | § | |
| **Plaintiff,** | § | **CASE NO. 05-231 T** |
| **v.** | § | **Chief Judge Edward J. Damich** |
| **United States of America,** | § | |
| **Defendant.** | § | |

**PLAINTIFF JBJZ PARTNER'S COUNT OF THE UNITED STATES'INTERROGATORIES**

INTERROGATORY NO. 1: Identify each person that you have reason to believe was involved in the development and marketing of the COBRA transaction, describing each such person's role, and identifying all substantiating documents.

1. **Identify each person you have reason to believe was involved in the development of the COBRA transactions and describe each such person's role.**
2. **Identify substantiating documents.**
3. **Identify each person you have reason to believe was involved in the marketing of the COBRA transactions and describe each such person's role.**
4. **Identify substantiating documents.**

INTERROGATORY NO. 2: For each Individual Participant, identify each person including but not limited to individuals from Ernst & Young, the Deutsche Bank, Jenkens & Gilchrist, Brown & Wood, your personal attorneys, personal accountants, and financial advisors that you had discussions with regarding your proposed investment in the COBRA transactions, and provide a summary of the essential aspects of those discussions.



359506

EXHIBIT A

5. **For each Individual Participant, identify each person including but not limited to individuals from Ernst & Young, the Deutsche Bank, Jenkens & Gilchrist, Brown & Wood, your personal attorneys, personal accountants, and financial advisors that you had discussions with regarding your proposed investment in the COBRA transactions, and provide a summary of the essential aspects of those discussions.**

INTERROGATORY NO. 3: Identify all documents that were provided to you or that you generated or were generated by other individuals during the course of the discussions referred to in your response to Interrogatory 2.

6. **Identify all documents that were provided to you or that you generated or were generated by other individuals during the course of the discussions referred to in your response to Interrogatory 2.**

INTERROGATORY NO. 4: Identify all capital contributions made by JZ Buckingham Investments LLC and JGB Bohicket Investments LLC to JBJZ Partners and the reason for each separate contribution.

7. **Identify all capital contributions made by JZ Buckingham Investments LLC and JGB Bohicket Investments LLC to JBJZ Partners.**

8. **State the reasons for each separate contribution.**

INTERROGATORY NO. 5: During the period December 10 to 17, the Deutsche Bank, on behalf of JBJZ Partners, bought and sold stock of various banking institutions. Identify all persons with whom the Individual Participants consulted concerning these specific stock purchases and state the reasons why this stock was bought and sold during the time period.

**9. Identify all persons with whom the Individual Participants consulted concerning these specific stock purchases.**

**10. State the reasons why this stock was bought and sold during the time period.**

INTERROGATORY NO. 6: On December 23 and 27, the Deutsche Bank, on behalf of JBJZ Partners, purchased Canadian currency. Identify all persons with whom the Individual Participants consulted concerning the purchase of this currency and state the reasons why this specific currency was purchased.

**11. Identify all persons with whom the Individual Participants consulted concerning the purchase of this currency.**

**12. State the reasons why this specific currency was purchased.**

INTERROGATORY NO. 7: Describe how the currency options purchased by JZ Buckingham Investments LLC and JGB Bohicket Investments LLC and contributed by them to JBJZ Partners were closed out, including but not limited to, whether or not any of the options were exercised at the end of their term, whether they expired out of the money, or whether they were terminated prior to the expiration of the option period in return for a partial payment.

**13. Describe how the currency options purchased by JZ Buckingham Investments LLC and JGB Bohicket Investments LLC and contributed by them to JBJZ Partners were closed out, including but not limited to, whether or not any of the options were exercised at the end of their term, whether they expired out of the money, or whether they were terminated prior to the expiration of the option period in return for a partial payment.**

INTERROGATORY NO. 8: If the options were terminated prior to the expiration of the option period, identify all persons involved in the early termination and why the early termination was made, and explain how the payment amount was determined.

**14. If the options were terminated prior to the expiration of the option period, identify all persons involved in the early termination.**

**15. Explain how the payment amount was determined.**

**16. Explain why the early termination was made.**

INTERROGATORY NO. 9: On JBJZ Partner's partnership return, there is reported $625,000 in income. State the source of this income and any expenses associated with incurring this income.

**17. On JBJZ Partner's partnership return, there is reported $625,000 in income. State the source of this income.**

**18. State the expenses associated with incurring this income.**

INTERROGATORY NO. 10: Please describe all representations that the Individual Participants made to Jenkens & Gilchrist and/or Brown & Wood for purposes of the preparations of legal opinions of the Transactions, including but not limited to, their representations referenced on pages 2-3 of the letters from Brown & Wood, LLP to each of the Individual Participants, detailing as to each such representation the date of the representation, the mode of the representation (e.g. whether by telephone, letter, facsimile, e-mail, in person, or any other form), the identity of all persons party to the representation, the substance of the representation, and the identity of all substantiating documents.

**19. Please describe all representations that the Individual Participants made to Jenkens & Gilchrist for purposes of the preparations of legal opinions of the Transactions, detailing as to each such representation the date of the**

**representation, the mode of the representation (e.g. whether by telephone, letter, facsimile, e-mail, in person, or any other form), the identity of all persons party to the representation, and the substance of the representation.**

20. **Identify all substantiating documents.**
21. **Please describe all representations that the Individual Participants made to Brown & Wood for purposes of the preparations of legal opinions of the Transactions, including but not limited to, their representations referenced on pages 2-3 of the letters from Brown & Wood, LLP to each of the Individual Participants, detailing as to each such representation the date of the representation, the mode of the representation (e.g. whether by telephone, letter, facsimile, e-mail, in person, or any other form), the identity of all persons party to the representation, and the substance of the representation.**
22. **Identify all substantiating documents.**

INTERROGATORY NO. 11: To the extent that you contend that there was a business purpose for the formation of JZ Buckingham Investments LLC, JGB Bohicket Investments LLC, JBJZ Partners, and/or JBJZ Investors, Inc., as to each entity full describe the basis for your contention that there was a business purpose for the formation of that entity and identify all substantiating documents.

23. **Fully describe the basis for your contention that there was a business purpose for the formation of JZ Buckingham Investments LLC.**
24. **Identify all substantiating documents.**

**25. Fully describe the basis for your contention that there was a business purpose for the formation of JGB Bohicket Investments LLC.**

**26. Identify all substantiating documents.**

**27. Fully describe the basis for your contention that there was a business purpose for the formation of JBJZ Partners.**

**28. Identify all substantiating documents.**

**29. Fully describe the basis for your contention that there was a business purpose for the formation of or JBJZ Investors, Inc.**

**30. Identify all substantiating documents.**

INTERROGATORY NO. 12: Describe fully the investment experience that each Individual Participant had with the purchase and sale of foreign currency derivatives, and specifically including European digital options on foreign currencies prior to their investment, through LLCs, in the COBRA transactions.

**31. Describe fully the investment experience that each Individual Participant had with the purchase and sale of foreign currency derivatives, and specifically including European digital options on foreign currencies prior to their investment, through LLCs, in the COBRA transactions.**

INTERROGATORY NO. 13: If either of the Individual Participants purchased or sold foreign currency options prior to November 23, 1999, either directly or indirectly, as to each such trade describe the transaction, including the date, the amounts, the currencies and the parties, and identify all substantiating documents, including the tax returns on which those transactions were reported.

**32. If either of the Individual Participants purchased or sold foreign currency options prior to November 23, 1999, either directly or indirectly, as to each such trade describe the transaction, including the date, the amounts, the currencies and the parties.**

**33. Identify all substantiating documents, including the tax returns on which those transactions were reported.**

INTERROGATORY NO. 14: List all fees incurred by Plaintiff, the Additional Participants, and the Individual Participants on the purchase of the Transactions, including but not limited to fees paid to Ernst & Young, Jenkens & Gilchrist, Deutsche Bank, and any law, accounting or financial services' firms who provided services in connection with the purchase of the COBRA transactions and the reporting of the tax consequences of the Transactions on the 1999 federal income tax returns filed by Plaintiff, the Additional Participants, and/or the Individual Participants.

34. **List all fees incurred by Plaintiff, the Additional Participants, and the Individual Participants on the purchase of the Transactions, including but not limited to fees paid to Ernst & Young, Jenkens & Gilchrist, Deutsche Bank, and any law, accounting or financial services' firms who provided services in connection with the purchase of the COBRA transactions and the reporting of the tax consequences of the Transactions on the 1999 federal income tax returns filed by Plaintiff, the Additional Participants, and/or the Individual Participants.**

INTERROGATORY NO. 15: For each of the fees listed in your response to Interrogatory 14, identify the person or entity who was invoiced for such amount, and identify the person or entity

who made the payment of the amount, and where the person or entity making the payment is different than who was invoiced for the amount, provide an explanation for this difference.

**35. For each of the fees listed in your response to Interrogatory 14, identify the person or entity who was invoiced for such amount, and identify the person or entity who made the payment of the amount, and where the person or entity making the payment is different than who was invoiced for the amount, provide an explanation for this difference.**

INTERROGATORY NO. 16: Identify each person that was involved in the preparation and/or review of the tax returns that were filed by Plaintiff, the Individual Participants, and/or the Additional Participants, on which the Transactions were reported, listing as to each such person all communications regarding the preparation of any of these tax returns, the substance of those communications, and the identity of all substantiating documents.

**36. Identify each person that was involved in the preparation and/or review of the tax returns that were filed by Plaintiff and the Additional Participants, on which the Transactions were reported, listing as to each such person all communications regarding the preparation of any of these tax returns, the substance of those communications.**

**37. Identify all substantiating documents.**

**38. Identify each person that was involved in the preparation and/or review of the tax returns that were filed by Jerry Zucker, on which the Transactions were reported, listing as to each such person all communications regarding the preparation of any of these tax returns, the substance of those communications.**



359506

**39. Identify all substantiating documents.**

**40. Identify each person that was involved in the preparation and/or review of the tax returns that were filed by James Boyd, on which the Transactions were reported, listing as to each such person all communications regarding the preparation of any of these tax returns, the substance of those communications.**

**41. Identify all substantiating documents.**

<u>INTERROGATORY NO. 17:</u> State whether the Individual Participants were aware that Ernst & Young was coordinating the preparation of the returns for all COBRA participants and, if so, detail the Individual Participant's understanding of the reason for so doing and identify all substantiating documents.

**42. State whether the Individual Participants were aware that Ernst & Young was coordinating the preparation of the returns for all COBRA participants.**

**43. Detail the Individual Participants' understanding of the reason for so doing.**

**44. Identify all substantiating documents.**

<u>INTERROGATORY NO. 18:</u> If either of the individual Participants ever discussed the manner in which the fees paid to Jenkens & Gilchrist, Ernst & Young, and/or Brown & Wood were to be reported on their tax returns, please detail the date of any such discussions, all persons who were party to those discussions, the substance of those discussions, and the identity of all substantiating documents.

**45. If either of the individual Participants ever discussed the manner in which the fees paid to Jenkens & Gilchrist, Ernst & Young, and/or Brown & Wood were to be reported on their tax returns, please detail the date of any such**

**discussions, all persons who were party to those discussions, and the substance of those discussions.**

**46. Identify all substantiating documents.**

INTERROGATORY NO. 19: State whether either of the Individual Participants, Jerry Zucker and/or James Boyd, were members of the class in Camferdam, et al. v. Ernst & Young International, Inc., et al., No. 02 Civ. 10100 (S.D.N.Y.)(BSJ)(Class Action), and if so, as to each, the date(s) upon which he read the complaint, amended complaint, and/or second amended complaint in that action (or any portions thereof), the portions of the complaint(s) that he read at that time, and identify any substantiating documents.

**47. State whether either of the Individual Participants, Jerry Zucker and/or James Boyd, were members of the class in Camferdam, et al. v. Ernst & Young International, Inc., et al., No. 02 Civ. 10100 (S.D.N.Y.)(BSJ)(Class Action), and if so, as to each, the date(s) upon which he read the complaint, amended complaint, and/or second amended complaint in that action (or any portions thereof), and the portions of the complaint(s) that he read at that time.**

**48. Identify any substantiating documents.**

INTERROGATORY NO. 20: If Plaintiff, any of the Additional Participants, and/or any Individual Participant opted out of the Class Action, identify as to each the date on which they opted out, the reasons for their decision to opt out, and identify any substantiating documents.

**49. If Plaintiff, any of the Additional Participants, and/or any Individual Participant opted out of the Class Action, identify as to each the date on which they opted out.**

**50. Identify any substantiating documents.**

**51. Identify the reasons for their decision to opt out.**

**52. Identify any substantiating documents.**

INTERROGATORY NO. 21: If Plaintiff, any of the Additional Participants, and/or any Individual Participant participated in the Mediated Settlement Agreement in the Class Action, identify as to each the date on which they began their participation, the extent of their participation, and identify any substantiating documents.

**53. If Plaintiff, any of the Additional Participants, and/or any Individual Participant participated in the Mediated Settlement Agreement in the Class Action, identify as to each the date on which they began their participation, and the extent of their participation.**

**54. Identify any substantiating documents.**

INTERROGATORY NO. 22[1]: In the Second Amended Complaint filed in the Class Action, it was alleged at ¶ 61 that:

> Plaintiff and all other Class members entered into FX Contracts during the Class Period that were structured similarly, if not identically, to those described in paragraphs 57-60 herein. In most cases, both options expired "out of the money," thus allowing the Deutsche Defendants to retain the fees they had received. In any event, all Plaintiff and Class Members lost money after taking into account the fees paid to Jenkens, the Deutsche Defendants and the Marketing Participants (e.g. the Ernst & Young Defendants). Neither the dates nor the currencies are believed to be material to the transactions, as it was represented that such would not affect the outcome of the transaction. Specifically, it was represented by the Marketing Participants that, regardless of the currencies chosen as the basis for the FX Contracts, the probable outcome was a 38% likelihood of making 31% on the investment at the conclusion of a thirty-day period.

[1] The Government misnumbered its interrogatories and served two "Interrogatory No. 21." Plaintiff has renumbered the Interrogatories from this point forward to correct this error

Regardless as to whether or not Plaintiff or any of the Individual Participants or Additional Participants were members of the Class Action suit or even whether any of the Individual Participants had previously read the Class Complaint, state whether you agree or disagree with each of these allegations, describing as to each of these allegations the factual and/or legal basis for your agreement and/or disagreement and identifying all substantiating documents.

**55. State whether you agree or disagree with "Plaintiffs and all other Class members entered into FX Contracts during the Class Period that were structured similarly, if not identically, to those described in paragraphs 57-60 herein."**

**56. Describe the factual and/or legal basis for your agreement and/or disagreement.**

**57. Identify all substantiating documents.**

**58. State whether you agree or disagree with "In most cases, both options expired "out of the money," thus allowing the Deutsche Defendants to retain the fees they had received."**

**59. Describe the factual and/or legal basis for your agreement and/or disagreement.**

**60. Identify all substantiating documents.**

**61. State whether you agree or disagree with "In any event, all Plaintiffs and Class Members lost money after taking into account the fees paid to Jenkens, the Deutsche Defendants and the Marketing Participants (e.g. the Ernst & Young Defendants)."**

**62. Describe the factual and/or legal basis for your agreement and/or disagreement.**

**63. Identify all substantiating documents.**

**64. State whether you agree or disagree with "Neither the dates nor the currencies are believed to be material to the transactions, as it was represented that such would not affect the outcome of the transaction."**

**65. Describe the factual and/or legal basis for your agreement and/or disagreement.**

**66. Identify all substantiating documents.**

**67. State whether you agree or disagree with "it was represented by the Marketing Participants that, regardless of the currencies chosen as the basis for the FX Contracts, the probable outcome was a 38% likelihood of making 31% on the investment at the conclusion of a thirty-day period."**

**68. Describe the factual and/or legal basis for your agreement and/or disagreement.**

**69. Identify all substantiating documents.**

INTERROGATORY NO. 23: In the second Amended Complaint filed in the Class Action, it was alleged at ¶ 64 that the defendants therein engaged in misrepresentations and omissions of material fact by –

- Failing to disclose the true likelihood that the FX Contracts would pay out;
- Failing to disclose that the Defendants retained virtually unlimited discretion to determine whether the Digital Options would pay out and therefore, could ensure, if they so chose, that the Digital Options would *not* pay out; and
- Failing to apprise the Plaintiff and Class Members that the FX Contracts had no reasonable possibility of a profit (certainly not in excess of the fees paid), and that, in reality, the net effect of the Digital Options they were purchasing and selling was nothing

more than a wager, like buying a lottery ticket, on where the price of the underlying currency would be at exactly 10 a.m. on a given date thirty days hence.

Regardless as to whether or not Plaintiff or any of the Individual Participants or Additional Participants were members of the Class Action suit or even whether any of the Individual Participants had previously read the Class Complaint, state whether you agree or disagree with each of these allegations, describing as to each of these allegations the factual and/or legal basis for your agreement and/or disagreement and identifying all substantiating documents.

**70. State whether you agree or disagree with "Failing to disclose the true likelihood that the FX Contracts would pay out."**

**71. Describe the factual and/or legal basis for your agreement and/or disagreement.**

**72. Identify all substantiating documents.**

**73. State whether you agree or disagree with "Failing to disclose that the Defendants retained virtually unlimited discretion to determine whether the Digital Options would pay out and therefore, could ensure, if they so chose, that the Digital Options would *not* pay out."**

**74. Describe the factual and/or legal basis for your agreement and/or disagreement.**

**75. Identify all substantiating documents.**

**76. State whether you agree or disagree with "Failing to apprise the Plaintiffs and Class Members that the FX Contracts had no reasonable possibility of a profit (certainly not in excess of the fees paid), and that, in reality, the net effect of the Digital Options they were purchasing and selling was nothing more than a wager, like buying a lottery ticket, on where the price of the**

**underlying currency would be at exactly 10 a.m. on a given date thirty days hence."**

77. **Describe the factual and/or legal basis for your agreement and/or disagreement.**

78. **Identify all substantiating documents.**

INTERROGATORY NO. 24: In the Second Amended Complaint filed in the Class Action, it was alleged at ¶ 339 that "the Defendants knowingly acted in concert to market and implement the fraudulent and illegal COBRA tax shelter transaction." Regardless as to whether or not Plaintiff or any of the Individual Participants or Additional Participants were members of the Class Action suit or even whether any of the Individual Participants had previously read the Class Complaint, state whether you agree or disagree with this allegation, describing the factual and/or legal basis for your agreement and/or disagreement and identifying all substantiating documents.

79. **In the Second Amended Complaint filed in the Class Action, it was alleged at 339 that "the Defendants knowingly acted in concert to market and implement the fraudulent and illegal COBRA tax shelter transaction." Regardless as to whether or not Plaintiff or any of the Individual Participants or Additional Participants were members of the Class Action suit or even whether any of the Individual Participants had previously read the Class Complaint, state whether you agree or disagree with this allegation.**

80. **Describe the factual and/or legal basis for your agreement and/or disagreement.**

81. **Identify all substantiating documents.**

INTERROGATORY NO. 25: During the marketing, promotion and/or sale of the Transactions to the Individual Participants, detail what, if anything, was communicated to the Individual Participants with respect to Jenkens & Gilchrist and its role in the development and/or implementation of the Transactions, including, but not limited to, whether the Individual Participants were asked to sign a Jenkens & Gilchrist confidentiality agreement.

**82. Detail what, if anything, was communicated to the Individual Participants with respect to Jenkens & Gilchrist and its role in the development of the Transactions, including, but not limited to, whether the Individual Participants were asked to sign a Jenkens & Gilchrist confidentiality agreement.**

**83. Detail what, if anything, was communicated to the Individual Participants with respect to Jenkens & Gilchrist and its role in the implementation of the Transactions, including, but not limited to, whether the Individual Participants were asked to sign a Jenkens & Gilchrist confidentiality agreement.**

INTERROGATORY NO. 26: Identify each person who participated in answering any of the United States First Set of Interrogatories on your behalf and for each such person, specify which interrogatories he/she participated in answering.

**84. Identify each person who participated in answering any of the United States First Set of Interrogatories on your behalf and for each such person, specify which interrogatories he/she participated in answering.**

INTERROGATORY NO. 27: Please identify, and provide the information listed below for, every person having knowledge of the formation of the entities, the purpose for such entities, and

the series of transactions described in Part V of the Complaint, whether or not the person has information supporting Plaintiff's claims:

- The person's full name;
- The person's present or last known address and telephone number;
- The person's present or last known place of employment, when referring to a natural person;
- The person's occupation, employer, and title at that employer during the period of 1999-2001, when referring to a natural person;
- And the subject matter and a brief summary of the person's knowledge.

Please organize this information in a table sorted alphabetically by the last name of each person.

**85. Please identify, and provide the [requested] information listed below for, every person having knowledge of the formation of the entities.**

**86. Please identify, and provide the [requested] information listed below for, every person having knowledge of the purpose for such entities.**

**87. Please identify, and provide the [requested] information listed below for, every person having knowledge of the investment in foreign currency digital options.**

**88. Please identify, and provide the [requested] information listed below for, every person having knowledge of the contributions of the foreign currency digital options by the partners to JBJZ Partners.**

**89. Please identify, and provide the [requested] information listed below for, every person having knowledge of the acquisition of foreign currency and Cisco stock by JBJZ Partners.**

**90. Please identify, and provide the [requested] information listed below for, every person having knowledge of the contribution of the partnership interests in JBJZ Partners to JBJZ Investors, Inc.**

**91. Please identify, and provide the [requested] information listed below for, every person having knowledge of the liquidation of JBJZ Partners and the distributions of its assets to JBJZ Investors, Inc.**

**92. Please identify, and provide the [requested] information listed below for, every person having knowledge of the sale of foreign currency and Cisco stock by JBJZ Investors, Inc.**

INTERROGATORY NO. 28: Please identify, and provide the information listed below for, every person that was involved in the design and/or development of the transactions described in Part V of the Complaint, whether or not the person has information supporting the Plaintiff's claims:

- The person's full name;
- The person's present or last known address and telephone number;
- The person's present or last known place of employment, when referring to a natural person;
- The person's occupation, employer, and title at that employer during the period of 1999-2001, when referring to a natural person;
- And the subject matter and a brief summary of the person's knowledge.

Please organize this information in a table sorted alphabetically by the last name of each person.

**93. Please identify, and provide the [requested] information listed below for, every person that was involved in the design and/or development of the transactions.**

INTERROGATORY NO. 29: Please explain completely and accurately how the Individual Participants and/or any advisor thereof were first introduced or became aware of the transactions described in Part V of the Complaint.

**94. Please explain completely and accurately how the Individual Participants and/or any advisor thereof were first introduced or became aware of the transactions described in Part V of the Complaint.**

INTERROGATORY NO. 30: Please identify, and provide the information listed below for every communication the Individual Participants and/or any advisor thereof have had with any person concerning the transactions described in Part V of the Complaint:

- The date on which the communication was made;
- The means of communication (e.g., in person, by phone, by email, by fax), and, if in person, the place where the communication was made;
- The person who made the communication;
- The person to whom the communication was made;
- The person who heard or received any portion of the communication, if different or in addition to those individuals to whom the communication was made;
- The duration of the communication;
- The nature and content of the communication, repeating the actual words used to the extent possible and, when not possible, paraphrasing in detail those words;
- The nature, content, and person making any response, repeating the actual words used to the extent possible and, when not possible, paraphrasing in detail those words;
- And a description of any document memorializing the communication.

Please organize this information in a table sorted chronologically by the date on which the communication was made.

**95. Please identify, and provide the [requested] information listed below for, every communication the Individual Participants and/or any advisor thereof have had with any person concerning the investment in foreign currency digital options.**

96. Describe any document memorializing the communication.

97. Please identify, and provide the [requested] information listed below for, every communication the Individual Participants and/or any advisor thereof have had with any person concerning the contributions of the foreign currency digital options by the partners to JBJZ Partners.

98. Describe any document memorializing the communication.

99. Please identify, and provide the [requested] information listed below for, every communication the Individual Participants and/or any advisor thereof have had with any person concerning the acquisition of foreign currency and Cisco stock by JBJZ Partners.

100. Describe any document memorializing the communication.

101. Please identify, and provide the [requested] information listed below for, every communication the Individual Participants and/or any advisor thereof have had with any person concerning the contribution of the partnership interests in JBJZ Partners to JBJZ Investors, Inc.

102. Describe any document memorializing the communication.

103. Please identify, and provide the [requested] information listed below for, every communication the Individual Participants and/or any advisor thereof have had with any person concerning the liquidation of JBJZ Partners and distribution of all of its assets to JBJZ Investors, Inc.

104. Describe any document memorializing the communication.

105. Please identify, and provide the [requested] information listed below for, every communication the Individual Participants and/or any advisor thereof

**have had with any person concerning the sale of foreign currency and Cisco stock by JBJZ Investors, Inc.**

**106. Describe any document memorializing the communication.**

INTERROGATORY NO. 31: Please identify, and provide the information listed below for every marketing or other material used in presenting the transactions described in Part V of the Complaint to the Individual Participants and/or any advisor thereof:

- Type of document or other tangible thing;
- General subject matter;
- Date of the document or other tangible thing; and
- Author(s), addressee(s), and recipient(s).
- A description of each document or material or a citation to the beginning and ending bates stamp numbers of the document or material;
- The person who created the document or other tangible thing;
- Whether you were given a copy of the document or other tangible thing;
- If a copy was given to you, whether or where the copy still exists;
- If you were not given a copy of the document, what is the reason for your not receiving a copy of the document;
- If you have not furnished the bates stamp numbers for the document or other tangible thing, the person who has custody of the document or other tangible thing and its location;
- And, if it does not exist, how the document or other tangible thing was disposed of and any person who authorized its disposal or who has knowledge of its disposal.

**107. Please identify and provide the information listed below for every marketing or other material used in presenting the transactions described in Part V of the Complaints to the Individual Participants and/or any advisor thereof:**

**a. type of document or other tangible thing;**

**b. general subject matter;**

**c. date of the document or other tangible thing;**

**d. author(s), addressee(s), and recipient(s);**

**e. the person who created the document or other tangible thing;**

**f. whether you were given a copy of the document or other tangible thing;**

**g. if a copy was given to you, whether and where the copy still exists;**

**h. If you have not furnished the bates stamp numbers for the document or other tangible thing, the person who has custody of the document or other tangible thing and its location;**

**108. Provide a description of each document or material or a citation to the beginning and ending bates stamp numbers of the document or material.**

**109. If you were not given a copy of the document, state the reason for your not receiving a copy of the document.**

**110. If the document does not exist, explain how the document or other tangible thing was disposed of and any person who has knowledge of its disposal.**

**111. Identify the person who authorized the disposal of the document.**

INTERROGATORY NO. 32: Paragraph 7 of the Complaint alleges that "JZ and JGB entered into certain over-the-counter, non-publicly traded European-style foreign currency option positions on the Euro and Yen (collectively the "Options") with Deutsche Bank AG New York Branch (the "Bank")." Please identify, and provide the information listed below for, every communication, oral or otherwise, in which a person stated, represented, suggested, implied, intimated, or in any other way communicated that the Plaintiff, the Individual Participants and/or the Additional Participants could terminate any of these European-style digital options prior to the expiration of their full term:

- The date on which the communication was made;

- The means of communication (e.g., in person, by phone, by email, by fax), and, if in the person, the place where the communication was made;
- The person who made the communication;
- The person to whom the communication was made;
- The person who heard or received any portion of the communication if different or in addition to those individuals to whom the communication was made;
- The duration of the communication;
- The nature and content of the communication, repeating the actual words used to the extent possible and, when not possible, paraphrasing in detail those words;
- And a description of any document memorializing the communication.

Please organize this information in a table sorted chronologically by the date on which the communication was made.

**112. Please identify and provide the [requested] information listed below for every communication... that Plaintiff, the Individual Participants and/or the Additional Participants could terminate any of these European-style digital options prior to the expiration of their full term.**

**113. Provide a description of the documents memorializing the communication.**

INTERROGATORY NO. 33: Please explain, completely and accurately, regarding the transactions described in Part V of the Complaint, how much the Plaintiff, the Individual Participants and/or the Additional Participants paid to Ernst & Young, Jenkens & Gilchrist, Brown & Wood, Scheef & Stone, and/or Deutsche Bank, including as to each such payment:

- The date of the payment;
- The amount of the payment;
- The person making the payment;
- The reason for the payment;
- The account from which the payment was drawn;
- The account to which the payment was deposited;
- A description of any document memorializing the payment.

Please organize this information in a table sorted chronologically by the date on which the communication was made.

**114. Please explain, completely and accurately, regarding the transactions described in Part V of the Complaints, how much Plaintiff, the Individual Participants and/or the Additional Participants paid to Ernst & Young, Jenkens & Gilchrist, Brown & Wood, Scheef & Stone, and/or Deutsche Bank, including [the requested information] as to each such payment.**

**115. Provide a description of the documents memorializing the payment.**

<u>INTERROGATORY NO. 34:</u> Attached as Exhibit A is a legal opinion letter from Jenkens & Gilchrist, dated January 21, 2000, with a cover letter dated March 10, 2000, to Individual Participant Jerry Zucker. Pages 7 and 8 contain a list of Representations. Please identify who provided the wording for each of these representations. If the other Individual Participant received a similar letter, please identify who provided the wording for each representation therein.

**116. Please identify who provided the wording for each of these representations. If the other Individual Participant received a similar letter, please identify who provided the wording for each representation therein.**

<u>INTERROGATORY NO. 35:</u> For each person listed in your response to Interrogatory 34, please provide the information listed below for, every communication, oral or otherwise, by each Individual Participant (or their advisors) with such persons:

- The date on which the communication was made;
- The means of communication (e.g., in person, by phone, by email, by fax), and, if in person, the place where the communication was made;
- The person who made the communication;
- The person to whom the communication was made;
- The person who heard or received any portion of the communication, if different or in addition to those individuals to whom the communication was made;
- The duration of the communication;

- The nature and content of the communication, repeating the actual words used to the extent possible and, when not possible, paraphrasing in detail those words;
- The nature, content, and person making any response, repeating the actual words used to the extent possible and, when not possible, paraphrasing in detail those words;
- And a description of any document memorializing the communication.

Please organize this information in a table sorted chronologically by the date on which the communication was made.

**117. For each person listed in your response to the previous Interrogatory, please provide the [requested] information listed below for, every communication, oral or otherwise, by each Individual Participant (or their advisors) with such persons.**

**118. Provide a description of the documents memorializing the communication.**

<u>INTERROGATORY NO. 36:</u> The Representations on page 7 of the legal opinion letter to Jerry Zucker by Jenkens & Gilchrist, dated January 31, 2000, which is attached as Exhibit A, states the following as Representation a.:

> You entered into the purchase and sale of the Options for substantial nontax business reasons, including (i) to produce overall economic profits because of your belief that the Euro/U.S. Dollar exchange rate and the Japanese Yen/U.S. Dollar exchange rate would change; and (ii) your belief that the most direct way, with the most leverage, to realize gain from expected changes in currency prices was the purchase and sale of the Options.

Please explain completely and accurately all non-tax business reasons that you had for entering into the series of transactions described in Part V of the Complaint, including the reasons listed in Representation a. if true, and for each such reason the facts upon which you rely to support that reason.

**119. Please explain completely and accurately all non-tax business reasons that you had for entering into the foreign currency digital options.**

120. **State the facts upon which you rely to support that reason.**

121. **Please explain completely and accurately all non-tax business reasons that you had for contributing the foreign currency digital options to JBJZ Partners.**

122. **State the facts upon which you rely to support that reason.**

123. **Please explain completely and accurately all non-tax business reasons that you had for JBJZ Partners' acquisition of foreign currency and Cisco stock.**

124. **State the facts upon which you rely to support that reason.**

125. **Please explain completely and accurately all non-tax business reasons that you had for contributing the partnership interests in JBJZ Partners to JBJZ Investors, Inc.**

126. **State the facts upon which you rely to support that reason.**

127. **Please explain completely and accurately all non-tax business reasons that you had for liquidating JBJZ Partners and distributing all of its assets to JBJZ Investors, Inc.**

128. **State the facts upon which you rely to support that reason.**

129. **Please explain completely and accurately all non-tax business reasons that you had for JBJZ Investors, Inc.'s sale of foreign currency and Cisco stock.**

130. **State the facts upon which you rely to support that reason.**

<u>INTERROGATORY NO. 37:</u> The Representations on page 7 of the legal opinion letter to Jerry Zucker by Jenkins [sic] & Gilchrist, dated January 31, 2000, which is attached hereto as Exhibit A, states the following as Representation b.:

> You contributed the Options to the Partnership for substantial nontax business reasons, including, but not limited to, potential

> diversification of the risks of certain investments, the desire to co-invest as partners with the other co-partners and for your convenience.

Please explain completely and accurately all non-tax business reasons that you had for contributing the Options to JBJZ Partners, including the listed reasons if true.

**131. Please explain completely and accurately all non-tax business reasons that you had for contributing the Options to JBJZ Partners, including the listed reasons if true.**

INTERROGATORY NO. 38: The Representations on page 7 of the legal opinion letter to Jerry Zucker by Jenkens & Gilchrist, dated January 31, 2000, which is attached as Exhibit A, states the following as Representation c.:

> Your contribution of your interest in the Partnership to JBJZ Inc. was made for substantial nontax business reasons.

Please explain completely and accurately all non-tax business reasons that you had for contributing the partnership interest in JBJZ Partners to JBJZ Inc.

**132. Please explain completely and accurately all non-tax business reasons that you had for contributing the partnership interest in JBJZ Partners to JBJZ Investors Inc.**

INTERROGATORY NO. 39: Attached as Exhibit B is a legal opinion letter to Individual Participant James G. Boyd from Brown & Wood, dated March 9, 2000. Please state whether Jerry Zucker received a legal opinion letter form [sic] Brown & Wood similar to Exhibit B.

**133. Please state whether Jerry Zucker received a legal opinion letter form [sic] Brown & Wood similar to Exhibit B.**

INTERROGATORY NO. 40: Section II.A. of the Brown & Wood legal opinion legal [sic] contains a list of Investor Representations. Assuming Jerry Zucker received similar legal

opinion letter by Brown & Wood, please identify who provided the wording for these representations.

**134. Please identify who provided the wording for the list of Investor Representations set forth in Section II.A of the Brown & Wood legal opinion.**

INTERROGATORY NO. 41: For each person listed in your response to Interrogatory 40, please provide the information listed below for, every communication, oral or otherwise, by each individual participant (or their advisors) with such persons:

- The date on which the communication was made;
- The means of communication (e.g., in person, by phone, by email, by fax), and, if in the person, the place where the communication was made;
- The person who made the communication;
- The person to whom the communication was made;
- The person who heard or received any portion of the communication if different or in addition to those individuals to whom the communication was made;
- The duration of the communication;
- The nature and content of the communication, repeating the actual words used to the extent possible and, when not possible, paraphrasing in detail those words;
- And a description of any document memorializing the communication.

Please organize this information in a table sorted chronologically by the date on which the communication was made.

**135. For each person listed in your response to the previous Interrogatory, please provide the [requested] information listed below for, every communication, oral or otherwise, by each Individual Participant (or their advisors) with such persons.**

**136. Provide a description of the documents memorializing the communication.**

INTERROGATORY NO. 42: The Investor Representations on page 3 of the legal opinion letter from Brown & Wood, dated March 9, 2000, which is attached as Exhibit B, states the following as Investor Representation #2:

> Investor believed that Investor had a reasonable opportunity to earn a reasonable profit, in excess of all fees and transaction costs, from the transaction described herein, without regard to tax benefits.

Please explain completely and accurately the basis for the Individual Participants' belief that they had a reasonable opportunity to earn a reasonable profit, including in such explanation:

- How much profit the Individual Participants believed that they could earn on the Transactions.
- The probability that the Individual Participants could earn such profit.
- How much money the Individual Participants believed that they could lose on the Transactions.
- The probability that the Individual Participants could lose the amounts specified.

**137. Please explain completely and accurately the basis for the Individual Participants' belief that they had a reasonable opportunity to earn a reasonable profit, including the [requested information].**

INTERROGATORY NO. 43: Please explain, in detail, the purpose or purposes for the formation and use of JZ Buckingham Investments, LLC, and how the creation and use of that LLC facilitated the achievement of the purpose or purposes for which it was formed.

**138. Please explain, in detail, the purpose or purposes for the formation and use of JZ Buckingham Investments, LLC.**

**139. Explain how the creation and use of that LLC facilitated the achievement of the purpose or purposes for which it was formed.**

INTERROGATORY NO. 44: For each purpose mentioned in your answer to Interrogatory no. 42, explain whether or not that purpose could have been achieved without the use of the LLC.

**140. For each purpose mentioned in your answer to Interrogatory no. 42, explain whether or not that purpose could have been achieved without the use of the LLC.**

INTERROGATORY NO. 45: If any purpose mentioned in Interrogatories nos. 42 and/or 43 could not have been achieved without the use of the LLC, explain why not.

**141. If any purpose mentioned in Interrogatories nos. 42 and/or 43 could not have been achieved without the use of the LLC, explain why not.**

INTERROGATORY NO. 46: Please explain why, as a disregarded, single-member LLC with no employees or expectation of future employees, JZ Buckingham Investments, LLC applied for an Employer Identification Number.

**142. Please explain why, as a disregarded, single-member LLC with no employees or expectation of future employees, JZ Buckingham Investments, LLC applied for an Employer Identification Number.**

INTERROGATORY NO. 47: Please explain why JZ Buckingham Investments, LLC, and not Mr. Zucker, was listed as a partner of JBJZ Partners on the partnership's 1999 Form 1065.

**143. Please explain why JZ Buckingham Investments, LLC, and not Mr. Zucker, was listed as a partner of JBJZ Partners on the partnership's 1999 Form 1065.**

INTERROGATORY NO. 48: Please explain why the Schedule K-1 filed with the partnership's 1999 Form 1065 did not disclose the fact that JZ Buckingham Investments, LLC, was a single-member LLC and/or that it was a disregarded entity federal income tax purposes.

**144. Please explain why the Schedule K-1 filed with the partnership's 1999 Form 1065 did not disclose the fact that JZ Buckingham Investments, LLC, was a single-member LLC and/or that it was a disregarded entity federal income tax purposes.**

INTERROGATORY NO. 49: Please explain, in detail, the purpose or purposes for the formation and use of JGB Bohicket Investments, LLC, and how the creation and use of that LLC facilitated the achievement of the purpose or purposes for which it was transformed.

**145. Please explain, in detail, the purpose or purposes for the formation and use of JGB Bohicket Investments, LLC.**

**146. Explain how the creation and use of that LLC facilitated the achievement of the purpose or purposes for which it was transformed.**

INTERROGATORY NO. 50: For each purpose mentioned in your answer to Interrogatory no. 49, explain whether or not that purpose could have been achieved without the use of the LLC.

**147. For each purpose mentioned in your answer to Interrogatory no. 49, explain whether or not that purpose could have been achieved without the use of the LLC.**

INTERROGATORY NO. 51: If any purpose mentioned in Interrogatories nos. 48 and/or 49 could have not been achieved without the use of the LLC, explain why not.

**148. If any purpose mentioned in Interrogatories nos. 48 and/or 49 could have not been achieved without the use of the LLC, explain why not.**

INTERROGATORY NO. 52: Please explain why, as a disregarded, single-member LLC with no employees or expectation of future employees, JGB Bohicket Investments, LLC applied for an Employer Identification Number.

**149. Please explain why, as a disregarded, single-member LLC with no employees or expectation of future employees, JGB Bohicket Investments, LLC applied for an Employer Identification Number.**

INTERROGATORY NO. 53: Please explain why JGB Bohicket Investments, LLC, and not Mr. Boyd, was listed as a partner of JBJZ Partners on the partnership's 1999 Form 1065.

**150. Please explain why JGB Bohicket Investments, LLC, and not Mr. Boyd, was listed as a partner of JBJZ Partners on the partnership's 1999 Form 1065.**

INTERROGATORY NO. 54: Please explain why the Schedule K-1 filed with the partnership's 1999 Form 1065 did not disclose the fact that JGB Bohicket Investments, LLC, was a single-member LLC and/or that it was a disregarded entity for federal income tax purposes.

**151. Please explain why the Schedule K-1 filed with the partnership's 1999 Form 1065 did not disclose the fact that JGB Bohicket Investments, LLC, was a single-member LLC and/or that it was a disregarded entity for federal income tax purposes.**

INTERROGATORY NO. 55: Did Mr. Zucker and/or Mr. Boyd provide any personal guarantees to any party for any of the debts, obligations, or other liabilities, etc. of their single-member LLCs, of JBJZ Partners, and/or of JBJZ Investors, Inc.? If so, explain.

**152. Did Mr. Zucker and/or Mr. Boyd provide any personal guarantees to any party for any of the debts, obligations, or other liabilities, etc. of their single-member LLCs, of JBJZ Partners, and/or of JBJZ Investors, Inc.? If so, explain.**

INTERROGATORY NO. 56: Please explain why the statement required under Treas. Reg. § 1.351-3(b) was not attached to JBJZ Investors, Inc.'s 1999 Form 1120S.

**153. Please explain why the statement required under Treas. Reg. § 1.351-3(b) was not attached to JBJZ Investors, Inc.'s 1999 Form 1120S.**

INTERROGATORY NO. 57: Please explain why statements required under Treas. Reg. § 1.351-3(a) were not attached to the Zucker's 1999 Form 1040 or the Boyds' 1999 Form 1040.

**154. Please explain why statements required under Treas. Reg. § 1.351-3(a) were not attached to the Zucker's 1999 Form 1040.**

**155. Please explain why statements required under Treas. Reg. § 1.351-3(a) were not attached to the Boyds' 1999 Form 1040.**

INTERROGATORY NO. 58: Please explain why the single-member LLCs capitalized the transaction-related fees paid to Ernst & Young to the tax basis of the JBJZ Partners partnership interests held by the single-member LLCs (and then by JBJZ Investors, Inc., to the tax basis it claimed to have had in the Canadian Currency and the Cisco stock that JBJZ Investors, Inc. received upon the termination/liquidation of JBJZ Partners) rather than deducting them as business or investment expenses. Please include in such explanation any "substantial authority" upon which this treatment was based.

**156. Please explain why the single-member LLCs capitalized the transaction-related fees paid to Ernst & Young to the tax basis of the JBJZ Partners partnership interests held by the single-member LLCs (and then by JBJZ Investors, Inc., to the tax basis it claimed to have had in the Canadian Currency and the Cisco stock that JBJZ Investors, Inc. received upon the termination/liquidation of JBJZ Partners) rather than deducting them as business or investment expenses. Please include in such explanation any "substantial authority" upon which this treatment was based.**

INTERROGATORY NO. 59: Please explain whether or not any or all of the transaction-related fees paid to Ernst & Young in 1999 were claimed as a deduction on any Form 1040 filed by the

Zuckers or the Boyds and, if so, please identify the Schedule and line number on which such amount was deducted and explain why that amount was deducted on that Schedule.

**157. Please explain whether or not any or all of the transaction-related fees paid to Ernst & Young in 1999 were claimed as a deduction on the Form 1040 filed by the Zuckers or the Boyds and, if so, please identify the Schedule and line number on which such amount was deducted.**

**158. Explain why that amount was deducted on that Schedule.**

INTERROGATORY NO. 60: Please explain why the single-member LLCs capitalized the transaction-related fees paid to Jenkens & Gilchrist to the tax basis of JBJZ Partners partnership interest held by the single-member LLCs (and then by JBJZ Investors, Inc., to the tax basis it claimed to have had in the Canadian Currency and Cisco stock that JBJZ Investors, Inc., received upon the termination/liquidation of JBJZ Partners) rather than deducting them as business or investment expenses. Please include such explanation any "substantial authority" upon which this treatment was based.

**159. Please explain why the single-member LLCs capitalized the transaction-related fees paid to Jenkens & Gilchrist to the tax basis of JBJZ Partners partnership interest held by the single-member LLCs (and then by JBJZ Investors, Inc., to the tax basis it claimed to have had in the Canadian Currency and Cisco stock that JBJZ Investors, Inc., received upon the termination/liquidation of JBJZ Partners) rather than deducting them as business or investment expenses. Please include such explanation any "substantial authority" upon which this treatment was based.**

INTERROGATORY NO. 61: Please explain whether or not any or all of the transaction-related fees paid to Jenkens & Gilchrist in 1999 were claimed as a deduction on any Form 1040 filed by the Zuckers or the Boyds and, if so, please identify the Schedule and line number on which such amount was deducted and explain why that amount was deducted on that Schedule.

**160. Please explain whether or not any or all of the transaction-related fees paid to Jenkens & Gilchrist in 1999 were claimed as a deduction on Form 1040 filed by the Zuckers or the Boyds and if so, please identify the Schedule and line number on which such amount was deducted.**

**161. Explain why that amount was deducted on that Schedule.**

INTERROGATORY NO. 62: Please identify and explain, in detail, any business purpose(s) that JBJZ Investors, Inc. served that JBJZ Partners could not have served just as readily.

**162. Please identify and explain, in detail, any business purpose(s) that JBJZ Investors, Inc. served that JBJZ Partners could not have served just as readily.**

INTERROGATORY NO. 63: Please separate, identify and explain, in detail, each tax and nontax purpose for contributing the partnership interests in JBJZ Partners to JBJZ Investors, Inc.

**163. Please separate, identify and explain, in detail, each tax and nontax purpose for contributing the partnership interests in JBJZ Partners to JBJZ Investors, Inc.**

INTERROGATORY NO. 64: Please explain why the term "Cost" rather than "other basis" was used to describe the tax basis used by JBJZ Investors, Inc., on the statement to Schedule D of its 1999 Form 1120S to compute its capital losses on the sale of the Cisco stock.

**164. Please explain why the term "Cost" rather than "other basis" was used to describe the tax basis used by JBJZ Investors, Inc., on the statement to Schedule D of its 1999 Form 1120S to compute its capital losses on the sale of the Cisco stock.**

INTERROGATORY NO. 65: Please explain why the explanation required by the 1999 *Instructions for Schedule D* (*Form 1120S*) was not attached to JBJZ Investors, Inc.'s 1999 Form 1120S.

**165. Please explain why the explanation required by the 1999 *Instructions for Schedule D* (*Form 1120S*) was not attached to JBJZ Investors, Inc.'s 1999 Form 1120S.**

INTERROGATORY NO. 66: Please explain why the Schedules L, M-1, and M-2 of JBJZ Partners' 1999 Form 1065 were not completed and why the information required by these schedules was not otherwise disclosed on the return.

**166. Please explain why the Schedules L, M-1, and M-2 of JBJZ Partners' 1999 Form 1065 were not completed and why the information required by these schedules was not otherwise disclosed on the return.**

INTERROGATORY NO. 67: Please explain why Item F on page 1 and Item J on the Schedule K-1s on JBJZ Partners' 1999 Form 1065 were not completed and why the information required on these schedules was not otherwise disclosed on that return.

**167. Please explain why Item F on page 1 and Item J on the Schedule K-1s on JBJZ Partners' 1999 Form 1065 were not completed and why the information required on these schedules was not otherwise disclosed on that return.**

INTERROGATORY NO. 68: Please explain why the opening balances on Schedule L of JBJZ Investors, Inc.'s 1999 Form 1120S were not completed.

**168. Please explain why Item F on page 1 and Item J on the Schedule K-1s on JBJZ Partners' 1999 Form 1065 were not completed and why the information required on these schedules was not otherwise disclosed on that return.**

INTERROGATORY NO. 69: Please explain why the tax basis claimed by JBJZ Investors, Inc in the Canadian Currency and the Cisco stock, rather than the date-of-acquisition fair market value of these assets, was used to determine the amounts disclosed on Lines 23(d) and 24(d) of Schedule L and on Schedule M-1 of its 1999 Form 1120S. In answering this interrogatory, please identify any financial accounting principles or any financial accounting literature that permits, requires, or otherwise supports this accounting treatment.

**169. Please explain why the tax basis claimed by JBJZ Investors, Inc. in the Canadian Currency and the Cisco stock, rather than the date-of-acquisition fair market value of these assets, was used to determine the amounts disclosed on Lines 23(d) and 24(d) of Schedule L and on Schedule M-1 of its 1999 Form 1120S. In answering this interrogatory, please identify any financial accounting principles or any financial accounting literature that permits, requires, or otherwise supports this accounting treatment.**