IN THE UNITED STATES COURT OF FEDERAL CLAIMS

| | | |
|---|---|---|
| JZ Buckingham Investments LLC as Tax Matters Partner of JBJZ Partners, a South Carolina general partnership, | § § § | |
| Plaintiff, | § § | CASE NO. 05-231 T<br>Chief Judge Edward J. Damich |
| v. | § § § | |
| United States of America, | § § | |
| Defendants. | § | |

**NON-PARTY JENKENS & GILCHRIST'S RESPONSE TO PLAINTIFF'S MOTION TO COMPEL THE PRODUCTION OF CERTAIN INFORMATION PURSUANT TO THIS COURT'S OPINION OF AUGUST 9, 2007**

Jenkens & Gilchrist ("J&G") submits this Response to Plaintiff's Motion to Compel J&G to produce certain additional information (Doc. No. 127).

Plaintiff has asked the Court to order two things: (1) that J&G submit a Form 8821 to the IRS, giving the IRS permission to turn over to Plaintiff the penalty calculation methodology from the IRS's tax files on J&G and (2) that J&G obtain and turn over documents on the penalty calculation methodology purportedly held by J&G's outside counsel, Davis Polk & Wardwell. The Court should deny both requests because J&G does not have the ability to require the IRS to produce the documents Plaintiff wants and because Davis Polk does not have any documents on the IRS's penalty calculation that have not already been produced to Plaintiff.

## I. BACKGROUND

In March 2007, J&G settled investigations being conducted by the government into J&G's involvement in certain tax shelters. Declaration of John Gilliam ¶¶4-5 (Attached as Attachment 1) ("Gilliam Decl.") (App. 1-4). The settlement agreement with the IRS ("Closing Agreement") prohibits J&G from disclosing to Plaintiff the terms of the settlement or the

negotiations relating to those terms. *Id.* at ¶5 (App. 2). Violating these prohibitions could lead to an event of default in the Closing Agreement and the termination of that agreement and a Non-Prosecution Agreement with the Department of Justice. Termination of these agreements would have serious adverse consequences to J&G. *Id.*

In April 2007, Plaintiff served a subpoena on J&G that, among other things, requested that J&G turn over the Closing Agreement. J&G filed a motion to quash the subpoena, and Plaintiff filed a cross-motion to compel. In granting Plaintiff's motion, the Court ruled that the Closing Agreement was not relevant to this litigation and, therefore, J&G did not have to produce it to Plaintiff. Plaintiff's App. at 7 (Court's August 9, 2007 Opinion).

Prior to J&G's deposition, but after the Court issued its Opinion, Plaintiff served a supplemental subpoena on J&G seeking additional documents and testimony relating to prior litigation involving J&G and several other parties. Gilliam Decl. ¶6 (App. 2). The supplemental subpoena required a significant effort from J&G. The firm had to locate all the possibly responsive documents and review the approximately 29 boxes of documents located. In addition, the terms of a confidentiality agreement in the litigation required J&G to send out letters to the other litigants who were parties to the confidentiality agreement to ascertain whether they objected to the production of any documents. J&G's outside counsel, Baker Botts L.L.P., got involved in working out issues relating to the confidentiality agreement and in preparing a privilege log. J&G produced a number of documents in response to the supplemental subpoena. Gilliam Decl. ¶6 (App. 2-3).

J&G's deposition occurred on October 4, 2007 with John Gilliam appearing on behalf of J&G. Gilliam Decl. ¶6 (App. 2-3). Prior to his appearance and in addition to all the work he had to do to respond to the supplemental subpoena, Mr. Gilliam contacted Davis Polk to find out

whether any of the Davis Polk lawyers had conversations with the IRS about the calculation methodology for the $76 million penalty and whether Davis Polk had any documents on the penalty calculation methodology. *See* Gilliam Decl. ¶9 (App. 4). While one Davis Polk lawyer, Mario Verdolini, had a very short conversation (a single question and answer) with an IRS representative about the calculation, Mr. Gilliam was told that Davis Polk had no documents relating to the calculation of the $76 million. *Id.* Mr. Gilliam testified at his deposition about the conversation between Mr. Verdolini and the IRS and was prepared to testify about his inquiries concerning Davis Polk documents; however, Plaintiff's counsel simply failed to follow up and elicit that testimony. Plaintiff's App. at 75-77.

Shortly after his deposition in October, Mr. Gilliam voluntarily went to the IRS about submitting the waiver form (Form 8821) that Plaintiff has asked the Court to order J&G to submit. Gilliam Decl. ¶7 (App. 3). The IRS told J&G in no uncertain terms that submission of that form would be considered a violation of the confidentiality provisions of the Closing Agreement and would constitute an event of default under the Closing Agreement. *Id.* J&G has no contractual right or other means to demand that the IRS comply with a request to turn over documents to Plaintiff or to challenge the IRS's position. Any further steps by J&G would place J&G's settlement with the IRS at risk. *Id.*

A few days ago, on November 30, 2007, Plaintiff deposed Mr. Verdolini on the conversation he had with the IRS. At the deposition, Mr. Verdolini produced an email exchange between the IRS and Mr. Verdolini about the subject matter of the penalty calculation. Gilliam Decl. ¶9 (App. 4).

## II. ARGUMENT

Rule 45 of the Court of Federal Claims requires a party to produce only those documents that are in the party's possession, custody or control. RCFC 45(a)(1)(C). The documents Plaintiff wants from the IRS are not in J&G's possession or custody and, therefore, Plaintiff must prove that J&G has control over the documents. *United States v. Int'l Union of Petroleum & Indus. Workers, AFL-CIO*, 870 F.2d 1450, 1452 (9th Cir. 1989) (party asserting the existence of control has the burden of proof); *Boardman v. Nat'l R.R. Passenger Corp.*, 233 F.R.D. 259, 268 (N.D.N.Y. 2006) ("The burden of establishing control over the documents being sought rests with the demanding party.").

While it is true that courts interpret "control" to include documents that a party has a "legal right" to obtain on demand or a "practical ability" to get, the cases in which independent businesses are held to have the requisite "control" are not legion, as Plaintiff contends. "The few courts that have visited the issue of constructive control between independent businesses have been reluctant to compel discovery." *Martin v. B.F. Goodrich Co.*, 602 N.W.2d 343, 345-47 (Iowa 1999) (analyzing federal law on FED. R. CIV. P. 34 and citing to *Searock v. Stripling*, 736 F.2d 650, 653-54 (11th Cir. 1984), among other federal court cases). Most of the cases cited by Plaintiff concern documents in the hands of a party's outside counsel, not an independent unrelated entity.[1] *See e.g., Aloe Vera of America, Inc. v. United States*, 2003 WL 22429082 (D. Ariz., Sept. 23, 2003); *Triple Five of Minnesota, Inc. v. Simon*, 212 F.R.D. 523 (D. Minn. 2002); *In re Papst Licensing GmbH Patent Litig.*, 2001 WL 797315 (E.D. La., July 12, 2001); *Axler v. Scientific Ecology Group, Inc.*, 196 F.R.D. 210 (D. Mass. 2000). Plaintiff has cited no case holding that a taxpayer has a legal right to obtain tax information from the IRS on demand.

---

[1] The courts in some of Plaintiff's cases declined to find the necessary control. *See Cochran Consulting, Inc. v. Uwatec USA, Inc.*, 102 F.3d 1224, 1229-30 (Fed. Cir. 1996); *Searock*, 736 F.2d at 653-54; *Boardman*, 233 F.R.D. at 268.

It is clear that J&G neither has the "legal right" to obtain the penalty calculation methodology on demand nor the "practical ability" to get it. *See e.g., Cochran Consulting, Inc. v. Uwatec USA, Inc.*, 102 F.3d 1224, 1229-30 (Fed. Cir. 1996); *Boardman*, 233 F.R.D. at 268; *Klesch & Co. Ltd. v. Liberty Media Corp.*, 217 F.R.D. 517, 520 (D. Col. 2003). Indeed, by warning J&G it could be in violation of the Closing Agreement by submitting a Form 8821, the IRS has effectively refused to turn over any such documents. And, J&G has no means or authority to force the IRS to produce the documents.

Unlike Section 6103(e), which upon written request *requires* disclosure of a taxpayer's return to persons having a material interest, Section 6103(c) uses permissive language and provides that the IRS *may* disclose return information, but subject to certain exceptions. *Compare, e.g.,* 26 U.S.C. § 6103(c) *with* 26 U.S.C. § 6103(e). For example, Sections 6103(c) and (h)(4) provide that tax information *shall not* be disclosed in a judicial proceeding like this one if there has been a determination that the disclosure would "seriously impair Federal tax administration" or would "seriously impair a civil or criminal tax investigation." 26 U.S.C. § 6103(c) and 6103(h)(4). The IRS may very well have decided that disclosure of the penalty calculation would seriously impair ongoing civil or criminal tax investigations. It also is likely that the penalty calculation methodology contains information about numerous other taxpayers who have not agreed to waive their confidentiality in the information. In any event, the IRS has concluded it is not required to turn over the penalty calculation to Plaintiff and has advised J&G that submitting Form 8821 would constitute an event of default under the Closing Agreement. Gilliam Decl. ¶7 (App. 3). J&G has no grounds to object to this decision because it has no knowledge about the IRS files on the penalty calculation, if any such files exist, whether those files are considered "J&G tax information", what is contained in the files, or whether

confidential information about taxpayers other than J&G might be included in the files. Gilliam Decl. ¶8 (App. 3-4).

Short of exposing itself to the very real risk of losing its settlement with the IRS, there is nothing J&G can do to get the documents now that the IRS has objected to producing them. Courts do not require a party – in this case a non-party – to obtain and produce documents from third parties at all costs.[2] *See e.g., Cochran Consulting*, 102 F.3d at 1230-32 (refusing to affirm Rule 37 sanctions, in part, because litigant would have been subject to criminal liability if it had complied with the trial court's discovery order); *see also, Chaveriat v. Williams Pipe Line Co.*, 11 F.3d 1420, 1426-27 (7th Cir. 1993) ("But the fact that a party could obtain a document if it tried hard enough and maybe if it didn't try hard at all does not mean that the document is in its possession, custody, or control; in fact it means the opposite."); *In re Citric Acid Litig.*, 191 F.3d 1090, 1107-08 (9th Cir. 1999) (finding no control by one member firm of an international accounting association (Coopers & Lybrand International) over another member firm in the association and stating, "Ordering a party to produce documents that it does not have the legal right to obtain will oftentimes be futile, precisely because the party has no certain way of getting those documents.").

J&G has acted in good faith in responding to Plaintiff's other discovery requests and has fully cooperated with both Plaintiff and Defendant and in accordance with the Court's Opinion. J&G appeared for deposition and produced documents as required by the Court's Opinion; it produced documents to Plaintiff in response to the supplemental subpoena and on relatively short notice; it undertook to obtain and produce any discoverable information residing with its outside

[2] Plaintiff's motion brings us full circle back to J&G's burden argument. Requiring J&G to take action that may cause it to lose its settlement with the IRS creates a burden on J&G – again, a non-party – that ought not to be imposed. *See Cusumano v. Microsoft Corp.*, 162 F.3d 708, 717 (1st Cir. 2006) ("[C]oncern for the unwanted burden thrust upon non-parties is a factor [given] special weight by courts in balancing the needs of the competing interests.").

counsel, Davis Polk; it attempted to work out a resolution with the IRS on Form 8821; and it supplied business records affidavits to both sides of this case to assist the parties. Gilliam Decl. ¶6 (App. 2-3). In other words, J&G has done nothing to invite an order that would inevitably result in disastrous consequences for the Firm. *Searock*, 736 F.2d at 654 (no control and sanctions inappropriate when party made a good faith effort to obtain the requested documents, but was unable to do so.).

The loss of J&G's settlement with the IRS is too high a price to pay for information whose relevance to the issues in the case the Court itself has questioned. Plaintiff's App. at 7 ("Although the Court questions whether any information obtained relating to settlement negotiations may ultimately be admissible at trial, the Court need not concern itself at this point with admissibility.") In any event, Plaintiff has obtained what it needs. Plaintiff outlined the relevance of the information and the issue in its briefing:

> <u>As to the litigation with Plaintiff</u>
>
> In an effort to avoid the problems of logic inherent in its inconsistent position as to whether a contingent obligation is a liability for tax purposes under I.R.C. § 752, and to establish an alternative theory should the retrospective application of Treas. Reg. § 1.752-6 be invalidated, the IRS determined that *as a factual matter*, the long and short options that were contributed to the partnership in this case were a single net option rather than two options (one long and one short). The result of this *factual* determination is that the IRS recalculated the basis of the options contributed to the Partnership as the net premium paid (i.e., the Long Premium less the Short Premium) instead of the Long Premium unreduced by the Short Premium. . . . Further, the government's expert, David DeRosa, opined on May 31, 2007, that the options - one long and one short - are a single net option.
>
> <u>As to the $76 million penalty calculated for J&G</u>
>
> The IRS has therefore taken the position [as to J&G] that the purchased, long options and sold, short options *are <u>not</u>* a single net option, but are instead *separate* options, to calculate the penalty

> under I.R.C. § 6707, which is 1% of the aggregate amount invested in the transactions. Incredibly, this is the *opposite* of the IRS's litigation position against Plaintiff and actually *supports* Plaintiff's tax treatment of the transaction.

Plaintiff's Memorandum in Support of Plaintiff's Motion to Compel Defendant to Comply with Rule 30(b)(6) Notice for Deposition and Production of Documents at 5-6 (Doc. No. 126). Both Mr. Gilliam and Mario Verdolini, J&G's tax counsel at Davis Polk, testified about the conversation Mr. Verdolini had with an IRS representative. Plaintiff describes Mr. Gilliam's testimony as:

> Mr. Gilliam also testified that Mario Verdolini, one of J&G's Davis, Polk & Wardwell attorneys, had had a conversation with an IRS representative who told Mr. Verdolini that the IRS would calculate the penalty against J&G on a gross rather than a net basis, taking into consideration the long options but not the offsetting short options.

Plaintiff's Memorandum at 3-4 (Doc. No. 127). With that testimony and the testimony of Mr. Verdolini, Plaintiff has all it needs to make an argument that the IRS is taking factually inconsistent positions.

With respect to Davis Polk documents, J&G already asked Davis Polk for any documents relating to the penalty calculation and was told the firm did not have any. Furthermore, one wonders why, having gone to the trouble of serving a deposition subpoena on Mr. Verdolini and taking his deposition, Plaintiff did not include a subpoena duces tecum that would have required Mr. Verdolini to produce any responsive documents Davis Polk might have. That would have been the efficient, economical, and logical approach and would not have added substantially to Plaintiff's burden or cost. Instead, Plaintiff has come back to J&G and asked it to do the work Plaintiff should have done itself.

Plaintiff's seriatim approach to discovery already has been costly and burdensome to J&G. The Court should deny Plaintiff's motion.

## CONCLUSION

For the reasons and arguments set out in this Response, J&G requests that the Court deny Plaintiffs' Motion to Compel and grant such other relief to which J&G is entitled.

Respectfully submitted,

By: s/ Robert J. Wagman, Jr.
Robert J. Wagman, Jr.
Baker Botts L.L.P.
The Warner
1299 Pennsylvania Avenue
Washington, D.C. 20004-2400
robert.wagman@bakerbotts.com
202.639.7700
202.639.7890 (telecopy)

Counsel for Jenkens & Gilchrist, A PROFESSIONAL CORPORATION (TEXAS)

Of Counsel:
Mary L. Scott
Baker Botts L.L.P.
2001 Ross Avenue
Dallas, Texas 75201-2980
214.953.6500
214.953.6503 (telecopy)

Dated: December 3, 2007

IN THE UNITED STATES DISTRICT COURT OF FEDERAL CLAIMS

| | | |
|---|---|---|
| JZ Buckingham Investments LLC as<br>Tax Matters Partner of JBJZ Partners,<br>a South Carolina general partnership,<br><br>Plaintiff,<br><br>v.<br><br>United States of America,<br><br>Defendant. | §<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§ | CASE NO. 05-231 T<br>Chief Judge Edward J. Damich |

**APPENDIX TO NON-PARTY JENKENS & GILCHRIST'S RESPONSE TO PLAINTIFF'S MOTION TO COMPEL THE PRODUCTION OF CERTAIN INFORMATION PURSUANT TO THIS COURT'S OPINION OF AUGUST 9, 2007**

**INDEX**

| **Attachment** | **Title** | **Pages** |
|---|---|---|
| 1. | Declaration of John Gilliam | 1-4 |

## CERTIFICATE OF SERVICE

I hereby certify that on December 3, 2007 the foregoing document was electronically filed with the Clerk of the Court using the CM/ECF system, which sent notification of the filing to the following attorneys of record:

Dennis M. Donohue
U. S. Department of Justice
Tax Division, Claims Court Section
P.O. Box 26
Ben Franklin Station
Washington, DC 20044-0026
Email: dennis.donohue@usdoj.gov

Joel N. Crouch
Meadows, Collier, Reed, Cousins
& Blau, L.L.P.
901 Main Street, Suite 3700
Dallas, Texas 75202
Email: jcrouch@meadowscollier.com

I hereby certify that on December 4, 2007 the foregoing document will be served by first-class mail, postage prepaid, to the following:

David M. Steiner, Esq.
United States Department of Justice
Tax Division
P.O. Box 55 Ben Franklin Station
Washington, D.C. 20044

Joseph Pitzinger, Esq.
United States Department of Justice
Tax Division
717 North Harwood, Suite 400
Dallas, Texas 75201

F. Anthony Paganelli, Esq.
Sommer Barnard, P.C.
One Indiana Square
Suite 3500
Indianapolis, Indiana 46204

s/ Robert J. Wagman, Jr.
Robert J. Wagman, Jr.