**U.S. Department of Justice**

**Tax Division**

*Please reply to: Civil Trial Section, Northern Region*
*P.O. Box 55*
*Ben Franklin Station*
*Washington, D.C. 20044*

*Facsimile No. (202) 514-5238*
*Trial Attorney: David M. Steiner*
*Attorney's Direct Line: (202) 307-5892*

EJO'C:DMD:DMSteiner
154-2270 CMN 2005103170

October 24, 2006

**VIA FACSIMILE AND REGULAR MAIL**

Joel N. Crouch, Esquire
Meadows, Owens, Collier, Reed,
Cousins & Blau, L.L.P
901 Main Street, Suite 3700
Dallas, Texas 75202

Re: JZ Buckingham Investments LLC as Tax Matters Partner of JBJZ Partners, a South Carolina general partnership v. United States
Fed. Cl. No. 05-231 T

Dear Mr. Crouch:

Enclosed please find the United States' Answers to Plaintiff's Third Set of Interrogatories.

Sincerely yours,

DAVID M. STEINER
Trial Attorney
Civil Trial Section, Northern Region

Enc.

cc: F. Anthony Paganelli, Esq.
Sommer Barnard, P.C.
One Indiana Square, Suite 3500
Indianapolis, IN 46204

GOVERNMENT EXHIBIT A2

Joseph A. Pitzinger, Esq.
Unites States Dept. of Justice
717 North Harwood, Suite 400
Dallas, TX 75201

Jonathan Blacker, Esq.
Unites States Dept. of Justice
717 North Harwood, Suite 400
Dallas, TX 75201

IN THE UNITED STATES COURT OF FEDERAL CLAIMS

No. 05-231 T
(Chief Judge Damich)

---

JZ Buckingham Investments LLC as Tax Matters Partner
of JBJZ Partners, a South Carolina general partnership,

Plaintiff,

v.

United States of America,

Defendant.

---

**UNITED STATES' ANSWERS TO PLAINTIFF'S THIRD SET OF INTERROGATORIES**

Respondent, the United States of America, hereby responds to Plaintiff's Third Set of Interrogatories as follows:

**GENERAL OBJECTIONS**

The United States objects to each of these interrogatories on the ground that they, and the instructions thereto, fail to recognize that this proceeding requires a trial *de novo* and not a review of an administrative record. The United States is not bound by or limited to any position taken by the Internal Revenue Service at the administrative stage of this case, including any position taken by the Internal Revenue Service in the FPAA.

The United States also objects to many of these interrogatories because they are, in substance, contention interrogatories and thus premature. Contention interrogatories are not appropriate at the initial stages of discovery. *Northland Ins. Co. v. Shell Oil Co.*, 930 F.Supp. 1069 (D.N.J.,1996.); *In Re Domestic Air Transport Antitrust Litigation*, 1992 WL 120351 (N. D. GA. 1992); *Leksi Inc. v. Federal Insurance Co.*, 129 F.R.D. 99, 107 (D.N.J. 1989). In addition, the Manual of Complex Litigation Second also discourages the use of contention interrogatories at the beginning of discovery, stating "other productive means for clarifying and narrowing the issues and the contentions of the parties" are available, particularly when served before substantial completion of discovery. Manual at § 21.463. "Without such controls, substantial time, money, and energy may be wasted on contention interrogatories that are either premature or overinclusive." *Id.*

The United States further objects to these interrogatories to the extent they request all (or *each and every*) fact and all (or *each and every*) document supporting our legal contentions. Contention interrogatories should ask only for the principal facts and principal materials supporting a party's contentions. *See e.g., IBP, Inc., v. Mercantile Bank of Topeka*, 179 F.R.D. 316, 321 (D.Kan.1998); *Bradley v. Val-Mejias*, 2001 WL 1249339 (D.Kan. 2001). *See also*, . *SJ Berwin & Co. v. Evergreen Entertainment Group, Inc.*, 1994 WL 185687, at *2 (S.D.N.Y. , 1994) (contention interrogatories should not be a vehicle for requiring a party to regurgitate all factual information learned in discovery).

Without waving these objections or requesting the Court pursuant to Ct of Fed. Cl. R. 33(b) to defer our response to these contention interrogatories until the completion of discovery, the United States is providing a preliminary response to each of these interrogatories. Where

necessary, however, we will supplement or revise our responses as to our legal contentions as well as to the principal facts and principal materials supporting our legal positions once we have had the opportunity to review the documents produced to us and depose the necessary parties and third-parties having information relevant to our legal positions. We also anticipate that the reports and testimony of expert witnesses will support some of the factual positions set forth below.

## INTERROGATORIES

**INTERROGATORY NO. 14**: Identify and list the name, address and telephone number for each and any law firm, financial institution, accounting firm, tax services or investment advisory firm that provided any written advice (whether or not constituting a formal written opinion, and whether or not the advice indicated that the taxpayer could rely upon it) to any taxpayer relating to any transaction described in Notice 2000-44.

**ANSWER:** Defendant objects to the Interrogatory on the grounds that it seeks information that is, in part, irrelevant, overbroad, and also places a burden or expense on Defendant that outweighs its likely benefit.

To the extent the information requested may be relevant to issues in this case, the United States further objects to the Interrogatory on the ground that Plaintiff has equal access to all the third party materials from which such information can be obtained. The United States is not required to search voluminous materials to provide it with the requested information.

In fact, even if the United States has – or were to – perform a search of these third-party materials, any information obtained from such a review would be protected by the Attorney Work-Product Doctrine. Fed.R.Civ.Pro. 26(b)(3) partially codifies this doctrine, which gives a virtually absolute protection to work product which would disclose an attorney's mental impressions, conclusions, opinions, or legal theories. See, e.g. *Sporck v. Peil*, 759 F.2d 312, 316 (3d Cir.), *cert. denied*, 474 U.S. 903 (1985), in ("the selection and compilation of documents by counsel . . . in preparation for pre-trial discovery falls within the highly-protected category of opinion work product.") *Id.* At 316. As the Courts have noted, "[i]n cases that involve reams of documents and extensive document discovery, the selection and compilation of documents is often more crucial than legal research." *Shelton v. American Motors Corp., et al.*, 805 F.2d 1323, 1329 (8th Cir. 1986).

Moreover, even if any information obtained from our review of these materials could be viewed as fact – and not opinion – work product, such information would still be protected by the work product doctrine. A requesting party is not entitled to the fruits of Fact Work Product unless "the party seeking discovery demonstrates a 'substantial need for the material and an inability to obtain the substantial equivalent of the information without undue hardship.'" *Portis, et al. v. City of Chicago*, 2004 U.S. Dist. LEXIS 12640 (N.D.Ill. July 7, 2004)(quoting *Eagle Compressors, Inc. v. HEC Liquidating Corp.*, 206 F.R.D. 474, 478 (N.D.Ill. 2002)). Defendant has turned over all tax shelter materials obtained in this case–whether obtained from third parties or the Internal Revenue Service-- to Plaintiff, which has the same ability to search it as does Defendant. Therefore, Plaintiff can make no such showing that it is unable to obtain the substantial equivalent of the information requested without undue hardship.

**INTERROGATORY NO. 15:** List all pending or completed litigation in which Defendant is a party and in which the issues directly or indirectly involve, or in any way pertain to, a Notice 2000-44 Transaction or other disputes which concern substantially the same issues as are involved in this case. Include in your answer the complete posture of such case(s), the names of the taxpayer(s), the court, the docket number, and the name, address, and telephone number of each attorney representing the taxpayer(s) in each of such cases.

**ANSWER:** Defendant objects to the Interrogatory on the grounds that it seeks information that is, in part, irrelevant, overbroad, and also places a burden or expense on Defendant that outweighs its likely benefit. Specifically, Notice 2000-44 covers transactions other than the COBRA product here at issue or similar European-style offsetting digital option transactions. Notice 2000-44 covers transactions used to produce noneconomic tax losses on the disposition of partnership interests. Therefore, Notice 2000-44 covers more than just transactions involving offsetting options. For example, Notice 2000-44 covers transactions involving a partnerships' assumption of purported loans with a purported loan premium. Such transactions have nothing to do with the case at bar. Therefore, Defendant objects to the Interrogatory to the extent that it requests information regarding transactions other than those involving offsetting European-style digital options.

Defendant also objects to the Interrogatory to the extent that it requests information that the Government may not disclose according to 26 U.S.C. § 6103. Subject to and without waiving said objections, the following is a partial list of offsetting option cases, which includes

all COBRA cases and two cases pending in the Court of Federal Claims involving offsetting–but not digital–options:

| | Case | T/P Attorney | Posture |
|---|---|---|---|
| | *MURFAM Farms, LLC, et al. v. United States*, Fed. Cl. No. 06-245T | Meadows, Owens, Collier, Reed, Cousins & Blau, L.L.P.<br>901 Main Street, Suite 3700<br>Dallas, TX 75202<br>(214)744-3700 | Discovery |
| | *PSM Farms, LLC, et al. v. United States*, Fed. Cl. No. 06-246 T | Meadows, Owens, Collier, Reed, Cousins & Blau, L.L.P.<br>901 Main Street, Suite 3700<br>Dallas, TX 75202<br>(214)744-3700 | Discovery |
| | *Murphy Pork Partners, LLC, et al. v. United States*, Fed. Cl. No. 06-247T | Meadows, Owens, Collier, Reed, Cousins & Blau, L.L.P.<br>901 Main Street, Suite 3700<br>Dallas, TX 75202<br>(214)744-3700 | Discovery |
| | *Carmel Partners, et al. v. United States*, 06-8002 (S.D.Ind.) | Anthony Paganelli<br>Sommer Barnard, P.C.<br>One Indiana Square, Suite 3500<br>Indianapolis, IN 46204<br>Anthony Paganelli<br>(317)713-3444 | Discovery as part of *In re COBRA Tax Shelters Litigation*, 05-9727(S.D.Ind.) |

| | | | |
|---|---|---|---|
| | *Gary Woods v. United States*, 06-8000 (S.D.Ind.) | Meadows, Owens, Collier, Reed, Cousins & Blau, L.L.P.<br>901 Main Street, Suite 3700<br>Dallas, TX 75202<br>(214)744-3700 | Discovery as part of *In re COBRA Tax Shelters Litigation*, 05-9727(S.D.Ind.) |
| | *K2 Trading Ventures, LLC, New Vista, LLC, TMP v. United States*, Fed.Cl. 04-1419T-MCW | Felix Benjamin Laughlin<br>Dewey Ballantine<br>Suite 500<br>Washington, DC 20006-4605<br>(202)862-1000 | Discovery |
| | *Jade Trading, LLC et al. v. United States*, Fed.Cl. 03-2164-MCW | David DeCoursey<br>Aughtrey<br>Chamberlain, Hrdlicka, et al.<br>191 Peachtree St., NE<br>Ninth Floor<br>Atlanta, GA 30303<br>(404)659-1852 | Awaiting decision |
| | *Mellow Partners, Myer Berlow, A Partner other than TMP v. Commissioner*, Tax Court Docket No. 11453-05 | N. Jerold Cohen<br>Sutherland Asbill & Brennan LLP<br>999 Peach Tree St., N.E.<br>Atlanta, GA 30309<br>(404) 853-8000 | Discovery |
| | *Fairfield Investment Partners, DHP Fiesta Investments LLC, TMP v. Commissioner*, Tax Court Docket No. 5484-06 | David DeCoursey<br>Aughtrey<br>Chamberlain, Hrdlicka, et al.<br>191 Peachtree St., NE<br>Ninth Floor<br>Atlanta, GA 30303<br>(404)659-1852 | Discovery |

**INTERROGATORY NO. 16:** For all cases listed in Interrogatory 15, list the names, contact information, and employment information for all experts witnesses used, hired and retained by all parties.

**ANSWER:** The United States objects to the Interrogatory because the information requested is irrelevant, overbroad, places a burden on Defendant that outweighs its likely benefit, and may be protected from disclosure by the work product doctrine. The United States further objects to the Interrogatory on the ground that it is not required to conduct research of court dockets or trial records on behalf of the Plaintiff that it is equally capable of conducting on its own behalf. Without waiving such objections, and to the extent not privileged, the Government provides the following information:

| Case | Government Experts | Taxpayer Experts |
|---|---|---|
| *K2* | David DeRosa, Ph.D.<br>DeRosa Research and Trading, Inc.<br>495 White Oak Shade Road<br>New Canaan, CT 06840<br>(203)801-4340<br><br>A. Lawrence Kolbe, Ph.D.<br>The Brattle Group<br>44 Brattle Street<br>Cambridge, MA 02138<br>(617)864-7900 | Nassim Taleb, Ph.D.<br>gamma@fooledbyrandomness.com |

| | | |
|---|---|---|
| *Jade Trading* | David DeRosa, Ph.D.<br>DeRosa Research and Trading, Inc.<br>495 White Oak Shade Road<br>New Canaan, CT 06840<br>(203)801-4340<br><br>A. Lawrence Kolbe, Ph.D.<br>The Brattle Group<br>44 Brattle Street<br>Cambridge, MA 02138<br>(617)864-7900<br><br>Merle Erickson, Ph.D.<br>Graduate School of Business<br>University of Chicago<br>Chicago, IL 60637<br>(773)834-0716 | Jeffrey Frankel, Ph.D.<br>10 Humboldt Street<br>Cambridge, MA 02140<br><br>Robert Kolb, Ph.D.<br>9638 Mountain Ridge Place<br>Boulder, CO 80302<br>(303)786-9501<br><br>Kenichi Shoji, Ph.D.<br>29 East 22nd Street<br>New York, NY 10010 |
| | | |

The United States is not required to furnish such expert witness information regarding COBRA litigation except pursuant to the scheduling orders of the courts in this litigation. Accordingly, at this time such information in protected by the work product doctrine.

**INTERROGATORY NO. 17:** For all cases listed in Interrogatory 15, list all theories and support set forth by the Government expert witnesses listed in Interrogatory 16.

**ANSWER:** Defendant objects to the Interrogatory on the grounds that it seeks information that is irrelevant, overbroad, and also places a burden or expense on Defendant that outweighs its likely benefit. Defendant also objects to the Interrogatory to the extent that it requests information that the Government may not disclose according to 26 U.S.C. § 6103 . Defendant further objects

to the extent the requested information relates to the COBRA litigation because such information is at this time protected by the work product doctrine.

Finally, to the extent the analysis of expert witnesses in the non-COBRA litigation may ultimately become relevant to the COBRA litigation because the same expert witnesses in that litigation are identified by the United States to be expert witnesses in the COBRA litigation, the proper way to obtain the analysis of such expert witnesses in that prior litigation – as the parties discussed in their teleconference on October 13, 2006 – is to request the reports prepared by the experts in these other cases. Interrogatories are too clumsy a way to seek information regarding the substance of expert testimony which is why "[i]n 1993, [Fed.R.Civ.Pro.] 26(b) was amended to eliminate the need for interrogatories to determine the substance of an expert's testimony." *Krisa v. The Equitable Life Assurance Society*, 196 F.R.D. 254, 258 (M.D.Pa. 2000)(internal quotation marks omitted).

**INTERROGATORY NO. 18:** Identify all written and oral communications made by Plaintiff or any of Plaintiff's representatives to you that you contend are admissions within the meaning of Rule 801(d)(2) of the Federal Rules of Evidence.

**ANSWER:** The United States is still in the process of reviewing the materials that may contain possible admissions by the Plaintiffs or their representatives. At this stage of discovery, the United States had indemnified the following such communications. The United States reserves the right to supplement this list.

1. Letter dated November 18, 2002, to IRS Revenue Agent Alan E. Moss from Nelson A. Brooke.

2. Letter dated April 23, 2003, to IRS Revenue Agent Alan E. Moss from Nelson A. Brooke.

3. Form 13586 signed by Jerry and Anita Zucker on September 4, 2004.

4. Form 13586 signed by James and Hazel Boyd on September 16, 2004.

5. Facsimile dated April 12, 2002, to IRS Revenue Agent Debra Simmons from Nelson A. Brooke.

6. Letter dated April 17, 2002, from James and Hazel Boyd to IRS Revenue Agent Neva A. Gadsden.

7. Letter dated April 20, 2002, from Jerry and Anita Zucker to IRS Revenue Agent Debra Simmons.

8. All factual allegations in Plaintiff's Second Amended Complaint and Original Class Action Complaint in *Camferdam, et al. v. Ernst & Young International, Inc., et al.*, No. 02 Civ. 10100 (S.D.N.Y.)(BSJ).

**INTERROGATORY NO. 19:** Identify the name(s), operator identification number(s) and contact information of the employee (s), agent(s), or other representative(s) of the IRS, who made (or will make) the determination to apply to this case the anti-abuse regulations as promulgated by the Secretary of the Treasury in Treas. Reg. §1.701-2.

**ANSWER:** The United States objects to this interrogatory on the ground that the information requested is not relevant to this action and is also not reasonably calculated to lead to the discovery of admissible evidence in this suit for adjustment of a final partnership administrative adjustment (FPAA). In a federal tax case, any challenge by a taxpayer to the Commissioner's

determination that taxes are owing must be resolved in a trial de novo, rather than by review of an existing administrative record. *See e.g., Revell, Inc. v. Riddell*, 273 F.2d 649, 658-59 (9th Cir. 1959); *Greenberg's Express, Inc. v. Commissioner*, 62 T.C. 324, 327-28 (1974). An FPAA is the equivalent of a notice of deficiency in a refund action. *In re G-1 Holdings, Inc.*, Civ. No. 02-03082 (WGB) (D.N.J. July 16, 2004). In an FPAA action, the partner must establish that the FPAA is incorrect, which, in turn, requires the court to apply the law to the facts of the case. The reasons for the Commissioner's determination are not relevant because the court does not review the administrative reasons, policy or procedure of that determination. *Greenberg's Express, Inc. v. Commissioner*, 62 T.C. 324, 327-28. Notwithstanding and without waiving this objection, the United States notes that the Revenue Agent who was assigned this case at the administrative level was Alan E. Moss, who is now retired. The FPAA was signed by Technical Services Territory Manager Sheila Savino, who is now deceased.

**INTERROGATORY NO. 20:** Please identify each document and each fact you relied or reply upon in denying any of Plaintiff's First Set of Requests for Admissions

**ANSWER:** Defendant objects to the Interrogatory on the grounds that, to the extent that it is proper, it is an attempt to circumvent the limitation on interrogatories ordered by the Court. Defendant denied over 60 of Plaintiff's Requests for Admissions. This is an attempt to compress 60-odd interrogatories into a single interrogatory.

Defendant further objects to the Interrogatory on the grounds that it seeks information that is, in part, irrelevant, overbroad, and places a burden or expense on Defendant that outweighs its likely benefit.

**<u>INTERROGATORY NO. 21:</u>** Do you contest that prior to promulgation of Treas. Reg. §1.752-6 and Treas. Reg. §1.752-7 and the changes to Treas. Reg. §1.752-1 in June 2003, it was well-settled law that "contingent obligations" were not treated as liabilities for purposes of Section 752 of the Code? If so, identify each document and state each fact you rely upon for this position. If not, identify each document and state each fact you rely upon for this position.

**<u>ANSWER:</u>** Defendant objects to the Interrogatory on the ground that it involves "inquiries into 'issues of pure law." *Kendrick v. Sullivan*, 125 F.R.D. 1,2 (D.C. 1989) citing Notes of Advisory Comm. On Rules, 1970 Amend. to Rule 33; *Steil v. Hunana Kansas City, Inc.*, 197 F.R.D. 445, 447 (D. Kan. 2000); *Langer v. Presbyterian-University of Pennsylvania Medical Center,* 1988 W.L. 56972 (E.D. Penn. 1988). Court of Fed. Cl. Rule 33(c) requires that contention interrogatories be posed in a manner that inquire into the application of law to the facts at issue. *See e.g., Kendrick v. Sullivan*, 125 F.R.D. at 3. Interrogatories that seek abstract opinions of the law or pure legal contentions fall outside the bounds of Rule 33(b) and are therefore impermissible. *See, e.g., Abbott v. United States*, 177 F.R.D. 93-94. This interrogatory seeks "pure legal conclusions which are related not to the facts, but to the law of the case." *Ransom v. United States,* 8 Cl.Ct. 646, 647-48 (1985); Notes of Advisory Comm. on Rules, 1970 Amend. to Rule 33. The United States further objects to the Interrogatory upon the ground of the governmental deliberative process privilege and upon the ground of relevancy. Notwithstanding and without waiving these objections, Defendant refers Plaintiff to its response to Interrogatory 7 of Plaintiff's Second Set of Interrogatories.

**<u>INTERROGATORY NO. 22:</u>** Further, do you contest that the definition of the term "liability"

in Treas. Reg. §1.752-6 includes "contingent obligations?" If so, identify each document and state each fact you rely upon for this position. If not, identify each document and state each fact you rely upon for this position.

**ANSWER:** Defendant objects to the Interrogatory on the ground that it involves "inquiries into 'issues of pure law." *Kendrick v. Sullivan,* 125 F.R.D. 1,2 (D.C. 1989) citing Notes of Advisory Comm. On Rules, 1970 Amend. to Rule 33; *Steil v. Hunana Kansas City, Inc.*, 197 F.R.D. 445, 447 (D. Kan. 2000); *Langer v. Presbyterian-University of Pennsylvania Medical Center,* 1988 W.L. 56972 (E.D. Penn. 1988). Court of Fed. Cl. Rule 33(c) requires that contention interrogatories be posed in a manner that inquire into the application of law to the facts at issue. *See e.g., Kendrick v. Sullivan,* 125 F.R.D. at 3. Interrogatories that seek abstract opinions of the law or pure legal contentions fall outside the bounds of Rule 33(b) and are therefore impermissible. *See, e.g., Abbott v. United States,* 177 F.R.D. 93-94. This interrogatory seeks "pure legal conclusions which are related not to the facts, but to the law of the case." *Ransom v. United States,* 8 Cl.Ct. 646, 647-48 (1985); Notes of Advisory Comm. on Rules, 1970 Amend. to Rule 33. The United States further objects to the Interrogatory upon the ground of the governmental deliberative process privilege and upon the ground of relevancy. Notwithstanding and without waiving these objections, Defendant refers Plaintiff to its response to Interrogatory 7 of Plaintiff's Second Set of Interrogatories.

**INTERROGATORY NO. 23:** Do you contest that Treas. Reg. §1.752-6 purports to overrule the 1975 case of *Helmer v. Comm'r,* T.C. Memo 1975-160, which held that an option to purchase certain real property did not constitute a liability for purposes of Section 752? If so, identify each

document and state each fact you rely upon for this position. If not, identify each document and state each fact you rely upon for this position.

**ANSWER:** Defendant objects to the Interrogatory on the ground that it involves "inquiries into 'issues of pure law." *Kendrick v. Sullivan*, 125 F.R.D. 1,2 (D.C. 1989) citing Notes of Advisory Comm. On Rules, 1970 Amend. to Rule 33; *Steil v. Hunana Kansas City, Inc.*, 197 F.R.D. 445, 447 (D. Kan. 2000); *Langer v. Presbyterian-University of Pennsylvania Medical Center*, 1988 W.L. 56972 (E.D. Penn. 1988). Court of Fed. Cl. Rule 33(c) requires that contention interrogatories be posed in a manner that inquire into the application of law to the facts at issue. *See e.g.*, *Kendrick v. Sullivan*, 125 F.R.D. at 3. Interrogatories that seek abstract opinions of the law or pure legal contentions fall outside the bounds of Rule 33(b) and are therefore impermissible. *See, e.g., Abbott v. United States*, 177 F.R.D. 93-94. This interrogatory seeks "pure legal conclusions which are related not to the facts, but to the law of the case." *Ransom v. United States*, 8 Cl.Ct. 646, 647-48 (1985); Notes of Advisory Comm. on Rules, 1970 Amend. to Rule 33. The United States further objects to the Interrogatory upon the ground of the governmental deliberative process privilege and upon the ground of relevancy. Notwithstanding and without waiving these objections, Defendant refers Plaintiff to its response to Interrogatory 1 of Plaintiff's First Set of Interrogatories and Interrogatory 7 of Plaintiff's Second Set of Interrogatories.

**INTERROGATORY NO. 24:** Do you contest that Section 309(c) of the Community Renewal Tax Relief Act of 2000, Pub. L. No. 106-554, 114 Stat. 2763 (2000) only authorized the Secretary of the Department of the Treasury to prescribe rules to provide "appropriate adjustments . . . to

prevent the acceleration or duplication of losses through the assumption of (or transfer of assets subject to) liabilities described in section 358(h)(3) . . . in transactions involving partnership"? If so, identify each documents and state each fact you rely upon for this position. If not, identify each document and state each fact you rely upon for this position.

**ANSWER:** Defendant objects to the Interrogatory on the ground that it involves "inquiries into 'issues of pure law." *Kendrick v. Sullivan*, 125 F.R.D. 1,2 (D.C. 1989) citing Notes of Advisory Comm. On Rules, 1970 Amend. to Rule 33; *Steil v. Hunana Kansas City, Inc.*, 197 F.R.D. 445, 447 (D. Kan. 2000); *Langer v. Presbyterian-University of Pennsylvania Medical Center*, 1988 W.L. 56972 (E.D. Penn. 1988). Court of Fed. Cl. Rule 33(c) requires that contention interrogatories be posed in a manner that inquire into the application of law to the facts at issue. *See e.g., Kendrick v. Sullivan*, 125 F.R.D. at 3. Interrogatories that seek abstract opinions of the law or pure legal contentions fall outside the bounds of Rule 33(b) and are therefore impermissible. *See, e.g., Abbott v. United States*, 177 F.R.D. 93-94. This interrogatory seeks "pure legal conclusions which are related not to the facts, but to the law of the case." *Ransom v. United States*, 8 Cl.Ct. 646, 647-48 (1985); Notes of Advisory Comm. on Rules, 1970 Amend. to Rule 33. The United States further objects to the Interrogatory upon the ground of the governmental deliberative process privilege and upon the ground of relevancy. Notwithstanding and without waiving these objections, Defendant refers Plaintiff to its responses to Interrogatories 1 and 2 of Plaintiff's First Set of Interrogatories.

**INTERROGATORY NO. 25:** Do you contest that, to be valid, Treas. Reg. § 1.752-6 must be limited to preventing the acceleration to duplication of losses? If so, identify each document and

state each fact you rely upon for this position. If not, identify each document and state each fact you rely upon for this position.

**<u>ANSWER</u>:** Defendant objects to the Interrogatory on the ground that it involves "inquiries into 'issues of pure law." *Kendrick v. Sullivan*, 125 F.R.D. 1,2 (D.C. 1989) citing Notes of Advisory Comm. On Rules, 1970 Amend. to Rule 33; *Steil v. Hunana Kansas City, Inc.*, 197 F.R.D. 445, 447 (D. Kan. 2000); *Langer v. Presbyterian-University of Pennsylvania Medical Center*, 1988 W.L. 56972 (E.D. Penn. 1988). Court of Fed. Cl. Rule 33(c) requires that contention interrogatories be posed in a manner that inquire into the application of law to the facts at issue. *See e.g., Kendrick v. Sullivan*, 125 F.R.D. at 3. Interrogatories that seek abstract opinions of the law or pure legal contentions fall outside the bounds of Rule 33(b) and are therefore impermissible. *See, e.g., Abbott v. United States*, 177 F.R.D. 93-94. This interrogatory seeks "pure legal conclusions which are related not to the facts, but to the law of the case." *Ransom v. United States*, 8 Cl.Ct. 646, 647-48 (1985); Notes of Advisory Comm. on Rules, 1970 Amend. to Rule 33. The United States further objects to the Interrogatory upon the ground of the governmental deliberative process privilege and upon the ground of relevancy. Notwithstanding and without waiving these objections, Defendant refers Plaintiff to its responses to Interrogatories 1 and 2 of Plaintiff's First Set of Interrogatories.

**<u>INTERROGATORY NO. 26:</u>** Do you contest that, in drafting Treas. Reg. § 1.752-6, the Internal Revenue Service (the "Service") denied the exceptions of Section 358(h) to the transactions described in Notice 2000-44 in order to provide the Service with an additional basis for challenging the transactions described in Notice 2000-44? It so, identify each document and

state each fact and legal position that you rely upon for this position. If not, identify each document and state each fact and legal position you rely upon for this position.

**ANSWER:** Defendant objects to the Interrogatory on the ground that it involves "inquiries into 'issues of pure law." *Kendrick v. Sullivan*, 125 F.R.D. 1,2 (D.C. 1989) citing Notes of Advisory Comm. On Rules, 1970 Amend. to Rule 33; *Steil v. Hunana Kansas City, Inc.*, 197 F.R.D. 445, 447 (D. Kan. 2000); *Langer v. Presbyterian-University of Pennsylvania Medical Center*, 1988 W.L. 56972 (E.D. Penn. 1988). Court of Fed. Cl. Rule 33(c) requires that contention interrogatories be posed in a manner that inquire into the application of law to the facts at issue. *See e.g.*, *Kendrick v. Sullivan*, 125 F.R.D. at 3. Interrogatories that seek abstract opinions of the law or pure legal contentions fall outside the bounds of Rule 33(b) and are therefore impermissible. *See, e.g., Abbott v. United States*, 177 F.R.D. 93-94. This interrogatory seeks "pure legal conclusions which are related not to the facts, but to the law of the case." *Ransom v. United States*, 8 Cl.Ct. 646, 647-48 (1985); Notes of Advisory Comm. on Rules, 1970 Amend. to Rule 33. The United States further objects to the Interrogatory upon the ground of the governmental deliberative process privilege and upon the ground of relevancy. Notwithstanding and without waiving these objections, Defendant refers Plaintiff to its responses to Interrogatories 1 -3 of Plaintiff's First Set of Interrogatories.

**INTERROGATORY NO. 27:** The Preamble to Treas. Reg. § 1.752-7 provides: "In the corporate context, section 358(h) prevents the duplication and acceleration of loss with respect to obligations not encompassed by section 358(d) by reducing the transferor shareholder's basis in corporate stock received in the exchange. Treasury and the IRS do not believe that this is the best

approach for partnership given their passthrough nature." Explain how Treas. Reg. § 1.752-6, which applies to partnerships a rule like the rule in Section 358(h), provides for the "appropriate adjustments" contemplated in Section 309(c) of the Community Renewal Tax Relief Act of 2000, when Preamble to Treas. Reg. § 1.752-7 indicates that this is not "the best approach."

**ANSWER:** Defendant objects to the Interrogatory on the ground that it involves "inquiries into 'issues of pure law." *Kendrick v. Sullivan*, 125 F.R.D. 1,2 (D.C. 1989) citing Notes of Advisory Comm. On Rules, 1970 Amend. to Rule 33; *Steil v. Hunana Kansas City, Inc.*, 197 F.R.D. 445, 447 (D. Kan. 2000); *Langer v. Presbyterian-University of Pennsylvania Medical Center*, 1988 W.L. 56972 (E.D. Penn. 1988). Court of Fed. Cl. Rule 33(c) requires that contention interrogatories be posed in a manner that inquire into the application of law to the facts at issue. *See e.g., Kendrick v. Sullivan*, 125 F.R.D. at 3. Interrogatories that seek abstract opinions of the law or pure legal contentions fall outside the bounds of Rule 33(b) and are therefore impermissible. *See, e.g., Abbott v. United States*, 177 F.R.D. 93-94. This interrogatory seeks "pure legal conclusions which are related not to the facts, but to the law of the case." *Ransom v. United States*, 8 Cl.Ct. 646, 647-48 (1985); Notes of Advisory Comm. on Rules, 1970 Amend. to Rule 33. The United States further objects to the Interrogatory upon the ground of the governmental deliberative process privilege and upon the ground of relevancy. Notwithstanding and without waiving these objections, Defendant refers Plaintiff to its responses to Interrogatories 1 -3 of Plaintiff's First Set of Interrogatories.

**INTERROGATORY NO. 28:** Do you contest that Treas. Reg. § 1.752-6 does not apply to "liabilities described in section 358(h)(3)"? If so, state what your position is on this matter and

provide an explanation of the legal and factual basis for that position.

**ANSWER:** Defendant objects to the Interrogatory on the ground that it involves "inquiries into 'issues of pure law." *Kendrick v. Sullivan*, 125 F.R.D. 1,2 (D.C. 1989) citing Notes of Advisory Comm. On Rules, 1970 Amend. to Rule 33; *Steil v. Hunana Kansas City, Inc.*, 197 F.R.D. 445, 447 (D. Kan. 2000); *Langer v. Presbyterian-University of Pennsylvania Medical Center,* 1988 W.L. 56972 (E.D. Penn. 1988). Court of Fed. Cl. Rule 33(c) requires that contention interrogatories be posed in a manner that inquire into the application of law to the facts at issue. *See e.g., Kendrick v. Sullivan*, 125 F.R.D. at 3. Interrogatories that seek abstract opinions of the law or pure legal contentions fall outside the bounds of Rule 33(b) and are therefore impermissible. *See, e.g., Abbott v. United States*, 177 F.R.D. 93-94. This interrogatory seeks "pure legal conclusions which are related not to the facts, but to the law of the case." *Ransom v. United States,* 8 Cl.Ct. 646, 647-48 (1985); Notes of Advisory Comm. on Rules, 1970 Amend. to Rule 33. The United States further objects to the Interrogatory upon the ground of the governmental deliberative process privilege and upon the ground of relevancy. Notwithstanding and without waiving these objections, Defendant refers Plaintiff to its responses to Interrogatories 1 -3 of Plaintiff's First Set of Interrogatories.

**INTERROGATORY NO. 29:** Do you contest that Treas. Reg. § 1.752-6 was issued for the purpose of providing the Service with an additional basis for challenging the transactions described in IRS Notice 2000-44? If so, state what your position is on this matter and provide an explanation of the legal and factual basis for that position.

**ANSWER:** Defendant objects to the Interrogatory on the ground that it involves "inquiries into 'issues of pure law." *Kendrick v. Sullivan*, 125 F.R.D. 1,2 (D.C. 1989) citing Notes of Advisory Comm. On Rules, 1970 Amend. to Rule 33; *Steil v. Hunana Kansas City, Inc.*, 197 F.R.D. 445, 447 (D. Kan. 2000); *Langer v. Presbyterian-University of Pennsylvania Medical Center*, 1988 W.L. 56972 (E.D. Penn. 1988). Court of Fed. Cl. Rule 33(c) requires that contention interrogatories be posed in a manner that inquire into the application of law to the facts at issue. *See e.g., Kendrick v. Sullivan*, 125 F.R.D. at 3. Interrogatories that seek abstract opinions of the law or pure legal contentions fall outside the bounds of Rule 33(b) and are therefore impermissible. *See, e.g., Abbott v. United States*, 177 F.R.D. 93-94. This interrogatory seeks "pure legal conclusions which are related not to the facts, but to the law of the case." *Ransom v. United States*, 8 Cl.Ct. 646, 647-48 (1985); Notes of Advisory Comm. on Rules, 1970 Amend. to Rule 33. The United States further objects to the Interrogatory upon the ground of the governmental deliberative process privilege and upon the ground of relevancy. Notwithstanding and without waiving these objections, Defendant refers Plaintiff to its responses to Interrogatories 1 -3 of Plaintiff's First Set of Interrogatories.

**INTERROGATORY NO. 30:** Explain why the Service issued Treas. Reg. § 1.752-6 to apply retroactively and Teas. Reg. § 1.752-7 to apply prospectively to address the same issues? Explain why Treas. Reg. § 1.752-7 was not made effective on a retroactive basis, rather than issuing Treas. Reg. § 1.752-6.

**ANSWER:** Defendant objects to the Interrogatory on the ground that it involves "inquiries

into 'issues of pure law." *Kendrick v. Sullivan,* 125 F.R.D. 1,2 (D.C. 1989) citing Notes of Advisory Comm. On Rules, 1970 Amend. to Rule 33; *Steil v. Hunana Kansas City, Inc.*, 197 F.R.D. 445, 447 (D. Kan. 2000); *Langer v. Presbyterian-University of Pennsylvania Medical Center,* 1988 W.L. 56972 (E.D. Penn. 1988). Court of Fed. Cl. Rule 33(c) requires that contention interrogatories be posed in a manner that inquire into the application of law to the facts at issue. *See e.g., Kendrick v. Sullivan,* 125 F.R.D. at 3. Interrogatories that seek abstract opinions of the law or pure legal contentions fall outside the bounds of Rule 33(b) and are therefore impermissible. *See, e.g., Abbott v. United States,* 177 F.R.D. 93-94. This interrogatory seeks "pure legal conclusions which are related not to the facts, but to the law of the case." *Ransom v. United States,* 8 Cl.Ct. 646, 647-48 (1985); Notes of Advisory Comm. on Rules, 1970 Amend. to Rule 33. The United States further objects to the Interrogatory upon the ground of the governmental deliberative process privilege and upon the ground of relevancy. Notwithstanding and without waiving these objections, Defendant refers Plaintiff to its responses to Interrogatories 1 -3 of Plaintiff's First Set of Interrogatories.

**INTERROGATORY NO. 31:** Explain why the government waited approximately two and one-half years after the enactment of the Community Renewal Tax Relief Act of 2000 to first issue what is now Treas. Reg. § 1.752-6 as a temporary regulation.

**ANSWER:** Defendant objects to the Interrogatory on the ground that it involves "inquiries into 'issues of pure law." *Kendrick v. Sullivan,* 125 F.R.D. 1,2 (D.C. 1989) citing Notes of Advisory Comm. On Rules, 1970 Amend. to Rule 33; *Steil v. Hunana Kansas City, Inc.*, 197

F.R.D. 445, 447 (D. Kan. 2000); *Langer v. Presbyterian-University of Pennsylvania Medical Center*, 1988 W.L. 56972 (E.D. Penn. 1988). Court of Fed. Cl. Rule 33(c) requires that contention interrogatories be posed in a manner that inquire into the application of law to the facts at issue. *See e.g., Kendrick v. Sullivan*, 125 F.R.D. at 3. Interrogatories that seek abstract opinions of the law or pure legal contentions fall outside the bounds of Rule 33(b) and are therefore impermissible. *See, e.g., Abbott v. United States*, 177 F.R.D. 93-94. This interrogatory seeks "pure legal conclusions which are related not to the facts, but to the law of the case." *Ransom v. United States*, 8 Cl.Ct. 646, 647-48 (1985); Notes of Advisory Comm. on Rules, 1970 Amend. to Rule 33. The United States further objects to the Interrogatory upon the ground of the governmental deliberative process privilege and upon the ground of relevancy. Notwithstanding and without waiving these objections, Defendant refers Plaintiff to its responses to Interrogatories 1 -3 of Plaintiff's First Set of Interrogatories.

**INTERROGATORY NO. 33:** State your position as to whether the reliance by the Individual Participants on the legal opinions issued by Jenkens & Gilchrist and Brown & Wood represents "reasonable cause" for purposes of Section 6664 of the Internal Revenue Code. Provide a detailed explanation of the legal and factual basis for your position.

**ANSWER:** Defendant objects to the Interrogatory on the ground that it is vague and ambiguous. The meaning of the term "Individual Participants" is not clear. If the reference is to the Individual Participants in the instant litigation ( Zucker and Boyd) , the defendant further objects on the ground of relevancy. As of now, no penalties have been asserted in the FPAA that is the subject of this litigation. If the reference is to the Individual Participants in other COBRA litigation in which penalties were asserted in the FPAAs which are the subject of that litigation, the defendant

also objects on the ground of relevancy.

**INTERROGATORY NO. 34:** Do you contest that Jenkens & Gilchrist and Brown & Wood were qualified to issue the opinions to the Individual Participants? If so, state what your position is on this matter and provide and explanation of the legal factual basis for that position.

**ANSWER:** Defendant objects to the Interrogatory on the ground that it is vague and ambiguous. The meaning of the term "Individual Participants" is not clear. If the reference is to the Individual Participants in the instant litigation ( Zucker and Boyd) , the defendant further objects on the ground of relevancy. As of now, no penalties have been asserted in the FPAA that is the subject of this litigation. If the reference is to the Individual Participants in other COBRA litigation in which penalties were asserted in the FPAAs which are the subject of that litigation, the defendant also objects on the ground of relevancy.

**INTERROGATORY NO. 35:** Do you contend that Jenkens & Gilchrist and Brown & Wood had conflicts of interest in rendering the tax opinions to the Individual Participants? If so, state what your position is on this matter and provide an explanation of the legal and factual basis for that position.

**ANSWER:** Defendant objects to the Interrogatory on the ground that it is vague and ambiguous. The meaning of the term "Individual Participants" is not clear. If the reference is to the Individual Participants in the instant litigation ( Zucker and Boyd) , the defendant further objects on the ground of relevancy. As of now, no penalties have been asserted in the FPAA that is the subject of this litigation. If the reference is to the Individual Participants in other COBRA litigation in

which penalties were asserted in the FPAAs which are the subject of that litigation, the defendant also objects on the ground of relevancy.

I, Dennis M. Donohue, pursuant to the provisions of 28 U.S.C. Section 1746 declare under penalty of perjury that the foregoing responses to the plaintiff's interrogatories are true and correct to the best of my knowledge, information, and belief.

Dated this October 24, 2006, in Washington, D.C.

Respectfully submitted,

Dennis M. Donohue DMS

DENNIS M. DONOHUE
SENIOR LITIGATION COUNSEL
OFFICE OF CIVIL LITIGATION
Trial Attorney, Tax Division
U.S. Department of Justice
P.O. Box 403
Ben Franklin Station
Washington, D.C. 20044
Telephone: (202) 307-5892
E-mail: dennis.donohue@usdoj.gov

EILEEN J. O'CONNOR
Assistant Attorney General
DAVID GUSTAFSON

**CERTIFICATE OF SERVICE**

I hereby certify that on October 24, 2006, a copy of the foregoing UNITED STATES' ANSWERS TO PLAINTIFF'S THIRD SET OF INTERROGATORIES was mailed by First Class U.S. mail postage paid, and properly addressed to the following:

Joel N. Crouch
Texas State Bar No. 05144220
Meadows, Owens, Collier, Reed
Cousins & Blau, L.L.P.
901 Main Street, Suite 3700
Dallas, Texas 75202

DAVID M. STEINER
Trial Attorney, Tax Division
U.S. Department of Justice
P.O. Box 55
Ben Franklin Station
Washington, D.C. 20044
Telephone: (202) 307-5892
Facsimile: (202) 514-5238
E-mail: David.M.Steiner2@usdoj.gov