IN THE UNITED STATES COURT OF FEDERAL CLAIMS

No. 05-231 T
(Chief Judge Damich)

---

JZ Buckingham Investments LLC as Tax Matters Partner
of JBJZ Partners, a South Carolina general partnership,

Plaintiff,

v.

United States of America,

Defendant.

---

**APPENDIX TO UNITED STATES' CORRECTED OPPOSITION TO PLAINTIFF'S MOTION TO COMPEL NON-PARTY JENKENS & GILCHRIST**

| Description | PAGES |
|---|---|
| Declaration of John Lindquist, with Exhibit A | 2-11 |
| Declaration of Manager Joseph J. Durak, Jr. (signed) | 12 |

IN THE UNITED STATES COURT OF FEDERAL CLAIMS

No. 05-231 T
(Chief Judge Damich)

---

JZ Buckingham Investments LLC as Tax Matters Partner
of JBJZ Partners, a South Carolina general partnership,

Plaintiff,

v.

United States of America,

Defendant.

---

JOHN A. LINDQUIST, pursuant to 28 U.S.C. Section 1746, hereby declares under penalty of perjury as follows:

1. I am an attorney of the Washington D.C. office of the United States Department of Justice, Tax Division, co-counsel for Defendant, the United States of America ("United States") in these proceedings.

2. I submit this Declaration in support of United States' Opposition to Plaintiff's to Compel Non-Party Jenkens & Gilchrist.

3. Attached hereto as Govt. Ex. A are a true and correct copy of the first eight pages of a purported legal opinion issued by Jenkens & Gilchrist to Jerry Zucker with respect to the COBRA transaction which is at issue in the above-referenced matter.

4. The purported opinion recites, *inter alia*, that:

> On November 23, 1999, you, through a Delaware limited liability company wholly owned by you, JZ Buckingham Investments LLC

> ("JZLLC"), entered into certain over-the-counter, non-publicly traded European style foreign currency option positions on the Euro and the Japanese Yen (the "options") with Deutsche Bank AG New York Branch ("Bank"), an unrelated substantive counter party. Specifically, you bought digital options on (1) the Euro/U.S. Dollar exchange rate at a strike price of U.S. $1.0123 per 1.0 Euro with an expiration date of December 22, 1999, a settlement date of December 27, 1999 and a payoff amount of $40,000,000.00, **and paid a premium of $20,000,000.00** and (2) the Japanese Yen/U.S. Dollar exchange rate at a strike price of 106.19 Japanese Yen per U.S. $1.00 with an expiration Date of December 22, 1999, a settlement date of December 27, 1999 and a payoff amount of $50,000,000.00, **and paid a premium of $25,000,000.00** (collectively referred to herein as the "Long Option"). Additionally, you sold (1) a digital option on the Euro/U.S. Dollar exchange rate at a strike price of U.S. $1.0121 per 1.0 Euro **and received a premium of $19,000,000.00,** with an expiration date of December 22, 1999, a settlement date of December 27, 1999 and a payoff amount of $37,500,000.00 and (2) a digital option on the Japanese Yen/U.S. Dollar exchange rate at a strike price of 106.21 Japanese Yen per U.S. $1.00 **and received a premium of $23,750,000.00** with an expiration Date of December 22, 1999, a settlement date of December 27, 1999 and a payoff amount of $46,875,000.00 (collectively referred to herein as the "Short Option").

Govt. Ex. A, p.2 at ¶1 (emphasis added).

I declare under penalty of perjury, pursuant to 28 U.S.C. § 1746, that the foregoing is true and correct.

Executed this 3rd day of December, 2007.

JOHN A. LINDQUIST
Trial Attorney
U.S. Department of Justice



2905647.1

**Jenkens & Gilchrist**
A PROFESSIONAL CORPORATION

225 WEST WASHINGTON STREET
SUITE 2600
CHICAGO, ILLINOIS 60606-3418

(312) 425-3900
FACSIMILE (312) 425-3909

www.jenkens.com

AUSTIN, TEXAS
(512) 499-3800

DALLAS, TEXAS
(214) 855-4500

HOUSTON, TEXAS
(713) 951-3300

LOS ANGELES, CALIFORNIA
(310) 820-8800

SAN ANTONIO, TEXAS
(210) 246-5000

WASHINGTON, D.C.
(202) 326-1500

January 31, 2000

**CONFIDENTIAL**
**ATTORNEY-CLIENT PRIVILEGED**

Mr. Jerry Zucker
16 Buckingham Drive
Charleston, South Carolina 29407

Dear Mr. Zucker:

You have requested us to review the United States federal income tax consequences of a number of transactions in which you have been involved and to provide our opinion regarding certain material United States federal income tax issues. Such transactions are described below under the heading "Facts."

In connection with this opinion, we have examined such matters of law, and such corporate, limited liability and partnership records and such other agreements, certificates, instruments and documents, and we have made such other inquiries of officers, owners and representatives of the entities involved, as we have deemed necessary to render the opinions set forth herein. We have without any investigation or independent confirmation relied upon and assumed the accuracy of the responses to such inquiries and such certificates, corporate, limited liability company and partnership records and other documents with respect to factual matters.

<u>FACTS</u>

In particular, our opinion is based upon the following facts:



PENGAD 800-631-6989
GOVERNMENT EXHIBIT
A

Jenkens & Gilchrist
A PROFESSIONAL CORPORATION



1. On November 23, 1999, you, through a Delaware limited liability company wholly owned by you, JZ Buckingham Investments LLC ("JZLLC"), entered into certain over-the-counter, non-publicly traded European style foreign currency option positions on the Euro and the Japanese Yen (the "Options") with Deutsche Bank AG New York Branch ("Bank"), an unrelated substantive counter party. Specifically, you bought digital options on (1) the Euro/U.S. Dollar exchange rate at a strike price of U.S.$1.0123 per 1.0 Euro with an expiration date of December 22, 1999, a settlement date of December 27, 1999 and a payoff amount of $40,000,000.00, and paid a premium of $20,000,000.00 and (2) the Japanese Yen/U.S. Dollar exchange rate at a strike price of 106.19 Japanese Yen per U.S.$1.00 with an expiration date of December 22, 1999, a settlement date of December 27, 1999 and a payoff amount of $50,000,000.00, and paid a premium of $25,000,000.00 (collectively referred to herein as the "Long Option"). Additionally, you sold (1) a digital option on the Euro/U.S. Dollar exchange rate at a strike price of U.S.$1.0121 per 1.0 Euro and received a premium of $19,000,000.00, with an expiration date of December 22, 1999, a settlement date of December 27, 1999, and a payoff amount of $37,500,000.00 and (2) a digital option on the Japanese Yen/U.S. Dollar exchange rate at a strike price of 106.21 Japanese Yen per U.S.$1.00 and received a premium of $23,750,000.00, with an expiration date of December 22, 1999, a settlement date of December 27, 1999, and a payoff amount of $46,875,000.00 (collectively referred to herein as the "Short Option").

2. On November 24, 1999, you contributed the Options to JBJZ Partners, a South Carolina general partnership (the "Partnership") as a contribution to capital.

Jenkens & Gilchrist
A PROFESSIONAL CORPORATION



3. On December 22, 1999, the Partnership's Option positions terminated in accordance with their terms.

4. On various dates in December, 1999, the Partnership purchased Canadian Dollars (the "Foreign Currency") as an investment.

5. On December 22, 1999, you contributed 4,500 shares of Cisco Systems Inc. (the "Long Term Shares") to the Partnership as a contribution to capital. You have represented that you had held these Shares for more than one year. Also on December 22, 1999, the other partner of the Partnership contributed 500 shares of Cisco Systems Inc. (the "Short Term Shares") as a contribution to capital. The other partner has represented that he had held the Short Term Shares for less than six months. (The Short Term Shares and the Long Term Shares will hereinafter be collectively referred to as the "Shares".)

6. On December 27, 1999, you contributed your interest in the Partnership to JBJZ Investors, Inc. ("JBJZ INC."), a Delaware corporation in which you are the 90% shareholder, as a contribution to its capital.

7. On December 27, 1999, the Partnership was dissolved and liquidated. As a distribution in liquidation of the Partnership, all of the Foreign Currency and the Shares were distributed to JBJZ INC.

8. On December 28, 1999, JBJZ INC. sold all of its investment in the Foreign Currency which it received upon the liquidation of the Partnership and on December 28, 1999, JBJZ INC. sold all of its investment in the Shares which it received upon the liquidation of the Partnership.

Jenkens & Gilchrist
A PROFESSIONAL CORPORATION

Mr. Jerry Zucker
January 31, 2000
Page 4

**OPINION**

Based on the following discussion and analysis and subject to the qualifications, limitations and assumptions set forth herein, we are of the opinion that under current U.S. federal income tax law it is more likely than not that:

A. JZLLC, as a single member limited liability company, should be disregarded as an entity for federal income tax purposes.

B. Investing in the Options should not be taxable and the Options should be treated as separate instruments for federal income tax purposes.

C. The Partnership should be classified as a partnership for federal income tax purposes.

D. Your contribution of the Options and the Long Term Shares to the Partnership should not result in a taxable gain or loss.

E. The Short Option should not be a liability within the meaning of section 752 of the Internal Revenue Code of 1986, as amended (the "Code").

F. Your basis in your interest in the Partnership after the contribution of the Options should include the cost of the Long Option contributed, without adjustment for the Short Option.

G. An adjustment to your adjusted basis in your Partnership interest should be required as a result of the expiration of the Options, due to the recognition of ordinary income on such expiration under Code section 1234.

Jenkens & Gilchrist
A PROFESSIONAL CORPORATION



H. Your contribution of your interest in the Partnership to JBJZ INC. should not be a taxable transaction and JBJZ INC.'s basis in the Partnership interest contributed by you should be equal to your basis in such interest as of the date of such contribution.

I. Your basis in your interest in JBJZ INC. should be increased by an amount equal to the adjusted basis of your interest in the Partnership as of the date of contribution.

J. The liquidation of the Partnership should not result in gain or loss recognition.

K. The liquidation of the Partnership should result in an allocation of the Partnership's "outside" basis to the properties distributed by it in liquidation. In this case, the properties consisted of cash, an investment in the Foreign Currency and an investment in the Shares.

L. The disposition by JBJZ INC. of all of the Foreign Currency received in liquidation of the Partnership should result in an ordinary loss and the disposition by JBJZ INC. of all of the Shares received in liquidation of the Partnership should result in capital loss, of which 10% will be short-term capital loss and 90% will be long-term capital loss.

M. The step transaction and sham transaction doctrines should not apply to the transactions described herein.

N. Code sections 707(a)(2)(B), 165(c), 465, 469 and 1092 should not apply to the transactions described herein.

Jenkens & Gilchrist
A PROFESSIONAL CORPORATION



O. Treasury Regulation section ("Treas. Reg. sec.") 1.701-2 should not apply to the transactions described herein.

The opinions set forth above are subject to the following qualifications, limitations and exceptions:

No opinion is expressed about the tax treatment of the described transaction for purposes of any state or local income tax, or any tax other than the United States federal income tax.

Any misstatement of a material fact or omission of any fact that may be material or any change in any of the facts referred to may require a modification of all or a part of our opinions.

Our opinions are limited to the matters expressly set forth herein and no opinion may be implied or inferred beyond the matters so stated. The opinions expressed herein are based upon our interpretation of current law. The opinions expressed herein are not binding on the Internal Revenue Service (the "IRS" or the "Service") or the courts, and there can be no assurance that the IRS and the courts will not take a position contrary to the opinions expressed herein. We do not undertake to advise you of any changes in law which may occur after the date hereof. The Code, the regulations promulgated thereunder, and the administrative position of the IRS are subject to change either prospectively or retroactively. Such changes could render certain or all of the opinions expressed herein inapplicable.

For purposes of all of the above opinions, we are relying on the truth of the representations of you and/or partners or representatives of the Partnership or authorized officers of JBJZ INC.

The opinions expressed herein are furnished by us solely for your benefit and for the benefit of the Partnership and JBJZ INC. and they may not be relied upon or delivered to any person other than you, JZLLC, the Partnership and JBJZ INC. and your successors or assigns without our express, prior written approval.

**REPRESENTATIONS**

You and/or partners of the Partnership and/or authorized officers of JBJZ INC. have represented the following:

a. You entered into the purchase and sale of the Options for substantial nontax business reasons, including (i) to produce overall economic profits because of your belief that the Euro/U.S. Dollar exchange rate and the Japanese Yen/U.S. Dollar exchange rate relationships would change; and (ii) your belief that the most direct way, with the most leverage, to realize gain from expected changes in currency prices was the purchase and sale of the Options.

b. You contributed the Options to the Partnership for substantial nontax business reasons, including, but not limited to, potential diversification of the risks of certain investments, the desire to co-invest as partners with the other co-partners and for your convenience.

c. Your contribution of your interest in the Partnership to JBJZ INC. was made for substantial nontax business reasons.

Jenkens & Gilchrist
A PROFESSIONAL CORPORATION



d. Neither you, JZLLC, the Partnership, nor JBJZ INC. were obligated to engage in any transaction to which our opinions herein relate upon the completion of any other of such transactions.

e. Prior to their contribution, the Long Term Shares had been held by you for more than one year, and the Short Term Shares had been held by the other partner of the Partnership for less than six months.

f. To the best of your knowledge, you have provided to us all the facts and circumstances necessary for us to form our opinion.

**APPLICABLE LAW**

Our analysis of the applicable United States federal income tax law with respect to the above-stated facts and in support of each of the lettered opinions as set forth on pages 3 through 5 hereof is attached, with each attachment lettered to correspond to each such opinion.

Based on the foregoing and subject to the qualifications, limitations and assumptions set forth herein, we are of the opinion that the described tax consequences have substantial authority and that it is more likely than not that you will prevail if challenged by the IRS.

Very truly yours,

Jenkens & Gilchrist

JENKENS & GILCHRIST

IN THE UNITED STATES COURT OF FEDERAL CLAIMS

No. 05-231 T
(Chief Judge Damich)

JZ Buckingham Investments LLC as Tax Matters Partner
of JBJZ Partners, a South Carolina general partnership,
Plaintiff,
v.
United States of America,
Defendant.

---

DECLARATION OF JOSEPH J. DURAK, JR
PURSUANT TO 26 USC SECTION 1746

1. I am the Account Manager, Tax Shelter Promoters for the Financial Services Industry, Large and Mid-Size Business Division.

2. In my capacity as Program Manager I reviewed the overall calculation of the $76 million penalty to which Jenkens & Gilchrist (J&G) was subject referenced in IRS News Release IR-2007-71, which stemmed from J&G's promotion of tax shelters in violation of the tax law concerning tax shelter registration and maintenance and turnover to the IRS of tax shelter investor lists.

3. Also referenced in the above stated News Release is that J&G aggressively marketed potentially abusive tax shelters such as COBRA (Currency Options Bring Reward Alternatives); BEST (Short Option/Basis Enhancing Securities Transaction); BLISS (Basis Leveraged Investment Swap Spreads); OPS (Option Partnership Strategy); BEDS (Basis Enhancing Derivatives Structure); and BOSS (Bond & Option Sale Strategy), and two transactions that are not listed transactions – HOMER (Hedge Option Monetization of Economic Remainders); and (BART) Basis Adjustment Remainder Trusts).

4. The majority of the penalty calculation attributable to the COBRA shelter was calculated in the course of determining the liability under the Internal Revenue Code of a taxpayer other than J&G. It is the return information of that taxpayer and not the return information of J&G or of plaintiff. There is a small portion of the penalty computation that is the tax return information of J&G, but taken out of context, this information would have no meaning.

I declare under penalty of perjury the above is true and correct.

Dated the 5th day of December 2007.

JOSEPH J. DURAK, JR