IN THE UNITED STATES COURT OF FEDERAL CLAIMS

No. 05-231 T
(Chief Judge Damich)

---

JZ Buckingham Investments LLC as Tax Matters Partner
of JBJZ Partners, a South Carolina general partnership,

Plaintiff,

v.

United States of America,

Defendant.

---

**UNITED STATES' REPLY MEMORANDUM TO PLAINTIFF'S OPPOSITION TO UNITED STATES' MOTION TO COMPEL RESPONSES TO INTERROGATORIES**

Respectfully submitted,

Dennis M. Donohue
Senior Litigation Counsel
U.S. Department of Justice
Tax Division
Post Office Box 403
Ben Franklin Station
Washington, D.C. 20044
(202) 307-6492 Telephone
(202) 307-2504 Facsimile
Dennis.Donohue@USDOJ.gov

ATTORNEY FOR DEFENDANT
UNITED STATES OF AMERICA

# TABLE OF CONTENTS

I. ARGUMENT . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 2

PLAINTIFF HAS WAIVED ITS OBJECTION THAT THE UNITED STATES HAS ALREADY EXCEEDED THE PERMITTED NUMBER OF INTERROGATORIES . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 2

II. PLAINTIFF'S ARGUMENTS LACK MERIT . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 5

CONCLUSION . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 9

# TABLE OF AUTHORITIES

**Federal Cases** **Page(s)**

*AAB Joint Venture v. United States*,
75 Fed.Cl. 448 (2007) . . . . . . . . . . 2, 7

*Allahverdi v. Regents of the University of N.M.*,
228 F.R.D. 696 (D.N.M. 2005) . . . . . . . . . . 3

*Banks v. Office of Senate Sergeant-at-Arms*,
222 F.R.D. 7 (D.D.C. 2004) . . . . . . . . . . 5, 6, 8

*Herdlein Tech., Inc. v. Century Contractors, Inc.*,
147 F.R.D. 103 (W.D.N.C. 1993). . . . . . . . . . 3

*Nyfield v. Virgin Islands Telephone Corp.*,
200 F.R.D. 246 (D.C. V.I. 2001). . . . . . . . . . 5, 6

*Pogue v. Diabetes Treatment Center of America, Inc.*,
235 F.R.D. 521 (D.D.C. 2006) . . . . . . . . . . 7

*Theobles v. Industrial Maintenance Co.*,
___ F.Supp.2d ___ (D.C. V.I. 2006),
2006 WL 4936878 . . . . . . . . . . 6

**Federal Rules of Civil Procedures and**
**Rules of the Court of Federal Claims**

Rule 30(b)(6). . . . . . . . . . 8
RCFC 37(a)(4)(A). . . . . . . . . . 9
RCFC Rule 5.2(a)(2) . . . . . . . . . . 1

IN THE UNITED STATES COURT OF FEDERAL CLAIMS

No. 05-231 T
(Chief Judge Damich)

---

JZ Buckingham Investments LLC as Tax Matters Partner
of JBJZ Partners, a South Carolina general partnership,

Plaintiff,

v.

United States of America,

Defendant.

---

**UNITED STATES' REPLY MEMORANDUM TO PLAINTIFF'S OPPOSITION TO UNITED STATES' MOTION TO COMPEL RESPONSES TO INTERROGATORIES**

The United States herein responds to Plaintiff JBJZ Partners' Opposition to United States' Motion to Compel Responses to Interrogatories, DE #133 ("P.Brief").[1] As described below, plaintiff's opposition patently fails to address the principal issues raised in the government's motion. Instead, plaintiff attempts to belatedly manufacture a reason to justify its refusal to answer the United States' contention interrogatories.

---

[1] The United States, for convenience, refers to the Opposition as "P.Brief." It is worth noting that the memorandum far exceeds ten pages, yet fails to set forth a Table of Contents or a Table of Authorities. See RCFC Rule 5.2(a)(2).

## ARGUMENT

**I.**

**PLAINTIFF HAS WAIVED ITS OBJECTION THAT THE UNITED STATES HAS ALREADY EXCEEDED THE PERMITTED NUMBER OF INTERROGATORIES**

As explained in United States' motion, DE #130, plaintiff has waived any objections not already made at the time plaintiff served responses to the interrogatories that it now contends are impermissibly compound. Plaintiff alleges that, prior to the contention interrogatories now at issue, it had already responded to 169 interrogatories, i.e., it had responded to 69 more interrogatories than required. The United States, on the other hand, contends that, even counting the contention interrogatories at issue, it has yet to reach the 100 interrogatories permitted.

Even if plaintiff were correct, it has waived this objection. As this Court has recently held, any party, including the United States, who wishes to object to the number of interrogatories as excessive due to their allegedly compound nature must do so *before* responding to the interrogatories. This rule is essential so as to provide the opposing party with notice of the alleged compound deficiency of their interrogatories and, where necessary, to take that objection into account in re-framing the complained of interrogatories and in framing future interrogatories. But plaintiff never made any such objection until long after responding to the interrogatories of which it now complains. In *AAB Joint Venture v. United States*, 75 Fed.Cl. 448 (2007), AAB served interrogatories on the defendant, who responded and also interposed several objections, including that certain interrogatories were overly burdensome, vague or overbroad, and also objected on the basis of attorney-client and work product privilege. *Id.* at 450. AAB considered the defendant's responses insufficient and moved to compel. In opposing

that motion, the defendant argued that AAB's interrogatories were compound, and that therefore AAB had exceeded the allowable number. Apparently, the defendant considered its allegation that AAB's interrogatories were compound to be subsumed in its objection that the interrogatories were unduly burdensome. *Id.* at 456. This Court held, however, that the defendant had waived this objection. The Court stated:

> All grounds for an objection to an interrogatory shall be stated with specificity. Any ground not stated in a timely objection is waived unless the party's failure to object is excused by the court for good cause shown.
>
> Several federal courts have held that if the responding party wishes to object to the number of interrogatories as excessive, the responding party must object to the court before responding to the interrogatories; otherwise, the objection is waived. *Allahverdi v. Regents of the University of N.M.*, 228 F.R.D. 696, 698 (D.N.M. 2005); *Herdlein Tech., Inc. v. Century Contractors, Inc.*, 147 F.R.D. 103, 104-05 (W.D.N.C. 1993). This Court finds that here, too, Defendant has waited too long to object to the overall magnitude of Plaintiff's interrogatories. Accordingly, Defendant's objection has been waived.

*Id.* at 457.

*A fortiori*, plaintiff in the case at bar has waived this objection because it was not made until long after responding to the interrogatories. Plaintiff never made this objection in connection with the three earlier sets of interrogatories plaintiff now claims as compound. Rather, plaintiff waited to make this objection until responding to the United States' fourth set of contention interrogatories. There is absolutely no basis for plaintiff to refuse to answer interrogatories on grounds of the alleged deficiencies of previous interrogatories.

Plaintiff states that it provided its interrogatory count shortly after responding to the interrogatories. P.Brief at 10. Plaintiff cites no declaration to support this assertion and it is

simply untrue. Plaintiff served its response to the government's first set of interrogatories on February 28, 2006. Plaintiff served its response to the government's second set of interrogatories on August 14, 2006. Plaintiff served its response to the government's third set of interrogatories on either August 14, 2007, or August 29, 2007.[2] Second Declaration of David M. Steiner ("Steiner Dec.") ¶ 2. These are the interrogatories that plaintiff now claims are compound and allegedly contain 169 distinct queries. Plaintiff, however, never made this allegation in responding to these interrogatories and consequently never objected on this ground.

Accordingly, the United States was never aware that plaintiff considered these previous interrogatories as compound or that plaintiff believed that the United States had exceeded the permissible limits. The first time that the United States became aware of the alleged excessive nature of its prior interrogatories was when plaintiff served its objections to the contention interrogatories now at issue on October 26, 2007. The United States was taken completely by surprise. The United States then requested that plaintiff tell us why they were making this claim and how many interrogatories it believed that the government had propounded. Not until November 6, 2007, did plaintiff tell us how many interrogatories it believed we had served. Steiner Dec. ¶ 3. As this Court has stated, a party must make such an objection with specificity at the time of responding to the interrogatories. By failing to raise this objection as to interrogatories already responded to long ago and then to use the belatedly-raised objection as an

---

[2] The United States is at the moment unsure as to the correct date because Mr. Crouch's cover letter attached to Plaintiff's responses is dated August 14, 2007, but the certificate of service is dated August 29, 2007. In any case, which of these two dates is correct is immaterial for this motion.

excuse to ignore new interrogatories is clearly improper.

Plaintiff attempts to justify its failure to object with a "what if" hypothetical about the possibility that the government might interpose 5,000 interrogatories. P.Brief at 11. This argument is meritless. The case on which plaintiff so heavily relies, *Banks v. Office of Senate Sergeant-at-Arms*, 222 F.R.D. 7 (D.D.C. 2004), makes clear why a party must object before responding. It is because "[i]dentifying a 'discrete subpart' has proven difficult . . . this is anything but a bright-line test." *Id.* at 10. Therefore, as this Court has stated, a party making this objection must object *to the court before responding to the interrogatories.* Plaintiff never made this objection at all. A party may not on its own decide that it has already responded to too many interrogatories, an objection never hitherto made, and use that as excuse to refuse to respond to subsequently propounded contention interrogatories.

## II.

## PLAINTIFF'S ARGUMENTS LACK MERIT

As plaintiff long ago waived its right to make the objection it now attempts to make regarding interrogatories which are not even the subject of this motion, plaintiff has no excuse not to respond to the government's contention interrogatories. Nevertheless, for the sake of completeness, the United States will briefly address plaintiff's other contentions.

Plaintiff contends that interrogatories which contain both "who" and "why" constitute separate interrogatories. Plaintiff relies on *Nyfield v. Virgin Islands Telephone Corp.*, 200 F.R.D. 246 (D.C. V.I. 2001). Plaintiff, however, neglects to mention that the District Court for the United States Virgin Islands has overruled the specific holding on which plaintiff relies. In a case in which a party apparently made arguments similar to those plaintiff makes here, except

timely, the court held that most of what the objecting party contended were compound interrogatories were, in fact, single interrogatories. The court found, *inter alia*, that interrogatories containing "who" and "why" are not compound if they comprise a common theme. Specifically the court stated:

> In *Nyfield*, . . ., a former Magistrate Judge, purportedly following the advisory committee's guidance, found the following two interrogatories to consist of two interrogatories each:
>
> .... Interrogatory No. 7 constitutes two interrogatories. One inquires concerning the reason for elimination of Plaintiff's position and the other concerns those persons who were involved in the decision making process.
>
> .... Interrogatory No. 16 constitutes two interrogatories. One inquires concerning the reason for Plaintiff's transfer and the other concerns those persons who were involved in the decision-making process.
>
> The analysis in *Banks* complies more closely with the goals of Rule 33 as expressed by the advisory committee. *Banks*, 222 F.R.D. at 11. The objecting party in *Banks* "insist[ed] that asking about what duties plaintiff was given or had taken away is distinct from asking who added them or took them away." *Id.* The court disagreed, holding that these two inquiries formed a single interrogatory: "These two topics are so intimately, and logically connected to have to be divided into separate questions." *Nyfield* is overruled to the extent that it does not conform with this proposition of *Banks*.

*Theobles v. Industrial Maintenance Co.*, ___ F.Supp.2d ___(D.C. V.I. 2006); 2006 WL 4936878, at 1, fn.1.[3] Therefore, the court overruled *Nyfield*, the case on which plaintiff relies, by relying on *Banks*, upon which Plaintiff also relies.

---

[3] The District Court for the U.S. Virgin Islands has designated *Theobles* as precedential and for publication, but it is not yet available in F.Supp.2d.

Plaintiff also relies on *Pogue v. Diabetes Treatment Center of America, Inc.*, 235 F.R.D. 521 (D.D.C. 2006), for the proposition that "how" and "why" questions should be treated as separate interrogatories. Plaintiff has misread *Pogue*. *Pogue* found that certain interrogatories comprised multiple discrete parts because they requested information and identification of documents. *Id.* at 524. It is true, as plaintiff elsewhere argues, that some courts have found that interrogatories requesting both information and identification of documents comprise compound queries. As *Pogue* makes clear, however, the relief in such a situation is that, notwithstanding that the requested information is a proper matter of inquiry, the requested party "will not be compelled to provide an answer to the interrogatory as it is currently phrased." *Id.* The relief is that the requestor must rewrite the improperly phrased interrogatories before the objecting party need respond. This holding is perfectly in line with this Court's holding in *AAB*. The objecting party must object *before* responding to the interrogatory, not long afterwards as an excuse not to answer subsequent contention interrogatories.

Plaintiff spends a great deal of effort arguing that Interrogatory #14 is compound. P.Brief at 6-7. This argument is unintelligible because in plaintiff's utterly draconian calculation in which it parses each interrogatory into as many discrete parts as one can possibly imagine, plaintiff nevertheless still counts Interrogatory #14 as only one interrogatory. DE #133, Attachment #1, page 7.

Another example of plaintiff's attempt to inflate artificially the number of our interrogatories is where it compares an interrogatory about a single allegation in a suit by COBRA participants against COBRA promoters to precedents finding that an interrogatory asking about multiple requests that the requesting party had itself propounded constitute discrete

lines of inquiry. P.Brief at 4. The two kinds of interrogatories are in no way comparable.

Attachment #1 of plaintiff's response which converts less than 70 interrogatories into 169 is exactly the kind of approach that *Banks* rejected even if made timely. As that court stated, "I . . . find . . . that [the party resisting discovery] is arguing in favor of using the draconian approach of counting every subdivision of an interrogatory as a separate question. I rejected that approach as unfair." *Banks*, 222 F.R.D. at 11.

Even if, however, the Court were to find that some of plaintiff's arguments would have been justified if timely made, it is too late to make them now. A party cannot be caught by surprise and not have its contention interrogatories answered because of new-found objections to previous interrogatories that the resisting party never made.

Plaintiff makes the surprising statement that " a cooperative effort toward stipulation is a superior alternative to contention interrogatories for purposes of streamlining this litigation." P.Brief at 1-2. This is a strange position given that virtually all of the queries in the three sets of interrogatories which plaintiff has served upon the United States are contention interrogatories. Steiner Dec. ¶ 4. Moreover, plaintiff has now moved to compel the United States to produce a Rule 30(b)(6) witness for a contention deposition. *See* DE ## 126, 129, and 137.

Plaintiff's objections to the government's contention interrogatories are without basis and untimely. The United States has spent considerable time and effort in responding to plaintiff's contention interrogatories and plaintiff must now respond to the government's similar contention interrogatories.

**CONCLUSION**

For the foregoing reasons the United States respectfully requests that the Court order plaintiff to answer the government's contention interrogatories fully and without objection, and to order that plaintiff pay the costs of this motion, along with any further relief that the Court may deem appropriate according to RCFC 37(a)(4)(A).

Respectfully submitted,

s/ Dennis M. Donohue
DENNIS M. DONOHUE
Attorney of Record

Chief Senior Litigation Counsel
Department of Justice - Tax Division
Post Office Box 403
Ben Franklin Station
Washington, D.C. 20044
(202) 307-6492

**CERTIFICATE OF SERVICE**

I hereby certify that on December 17th, 2007, I electronically filed the foregoing UNITED STATES' REPLY MEMORANDUM TO PLAINTIFF'S OPPOSITION TO UNITED STATES' MOTION TO COMPEL RESPONSES TO INTERROGATORIES with the Clerk of the Court using the ECF system which will send notification of such filing to the following:

Joel N. Crouch
Texas State Bar No. 05144220
Meadows, Collier, Reed
Cousins & Blau, L.L.P.
901 Main Street, Suite 3700
Dallas, Texas 75202

s/ David M. Steiner
David M. Steiner
Trial Attorney, Tax Division
U.S. Department of Justice
Post Office Box 55
Ben Franklin Station
Washington, D.C. 20044
(202) 307-5892