**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF INDIANA**
**INDIANAPOLIS DIVISION**

| | | |
|---|---|---|
| **IN RE COBRA TAX SHELTER LITIGATION,** | ) | |
| | ) | |
| | ) | **CAUSE NO. 1:05-ml-9727-JDT-WTL** |
| **THIS DOCUMENT RELATES TO:** | ) | **MDL Docket No. 1727** |
| | ) | |
| **1:06-cv-8000** | ) | |

**ENTRY ON MOTION TO COMPEL**

This cause is before the Magistrate Judge on Defendant United States of America's Motion to Compel Responses to Interrogatories. The motion is fully briefed, and the Magistrate Judge, being duly advised and for the reasons set forth below, **GRANTS** the motion but denies the request therein for an award of sanctions and expenses pursuant to Federal Rule of Civil Procedure 37(a)(4)(A).

In its motion, the USA seeks an order compelling Plaintiffs to respond to its Fourth Set of Interrogatories, which consists of 25 contention interrogatories. Pursuant to an earlier order, the USA was allotted a total of 200 interrogatories in the two cases that are consolidated under this cause number (100 per case). The Plaintiffs have objected to the entire Fourth Set of Interrogatories on the ground that the USA already has served–and they already have answered–more than 200 interrogatories in these consolidated cases. While the interrogatories previously served and answered total 65 as counted by the USA, the Plaintiffs argue that when all of the discrete subparts are counted as required by Federal Rule of Civil Procedure 33(a) the number is actually 333-166 in one of the cases and 167 in the other.[1]

[1]The USA's argument that the Plaintiffs waived their numerosity objection by not objecting to the excessive interrogatories contained in the previous sets of interrogatories is without merit. The fact that the Plaintiffs chose to respond to the previous interrogatories

There is much uncertainty surrounding the determination of when to count a subpart as a separate interrogatory, and reasonable minds can and do differ when presented with specific examples. A cursory review of the interrogatories at issue in this case suggests that many, but not all, of the Plaintiffs' arguments regarding how they should be counted are correct, and that none of the Plaintiffs' positions are entirely unreasonable.[2] It is not necessary to conduct a more extensive analysis of the Plaintiffs' arguments, however, because the Magistrate Judge determines that judicial economy is best served by requiring the Plaintiffs to respond to the additional interrogatories, even assuming that the USA has already surpassed its limit. This is because the interrogatories in question are contention interrogatories and will serve to help the parties define and narrow the issues, in all likelihood permitting them to be presented to the Court for resolution in a more efficient manner. For that reason, the Magistrate Judge determines that there is good cause to grant the USA's motion. The Plaintiffs shall respond to the USA's Fourth Set of Interrogatories **within 30 days of the date of this Entry**.

SO ORDERED: 12/21/2007

Hon. William T. Lawrence, Magistrate Judge
United States District Court
Southern District of Indiana

Copies to all counsel of record via electronic notification

---

without objection did not obligate them to respond to as many additional interrogatories as the USA chose to serve on them in the future.

[2]It is for this reason that no sanctions or costs are appropriate.