# In the United States Court of Federal Claims

No. 05-231 T

(Filed: February 4, 2008)

***********************************
**JZ BUCKINGHAM INVESTMENTS LLC,** *
*
Plaintiff, *
*
v. *
*
**THE UNITED STATES,** *
*
Defendant. *
*
***********************************

## ORDER

On November 15, 2007, Defendant filed a motion to compel pursuant to Rules 37(a) and 37(d) of the Rules of the United States Court of Federal Claims (RCFC). By its motion, Defendant seeks an order compelling Plaintiff to respond to a set of interrogatories that Plaintiff objected to. Defendant's motion also seeks an award of attorney fees and expenses associated with bringing the present motion, pursuant to RCFC 37(a)(4)(A). Def.'s Mot. at 1.

Defendant served on Plaintiff a fourth set of interrogatories, numbered 71 to 95, on September 25, 2007. *Id.* Each of these interrogatories was a contention interrogatory. On October 26, 2007, Plaintiff objected to each interrogatory on the basis that the Defendant had exceeded the allowable number of interrogatories. On November 6, 2007, Plaintiff informed Defendant that Plaintiff believed the first three sets of interrogatories to contain compound questions having multiple discrete subparts. Def.'s Reply at 4. Counting each subpart as a separate question, Plaintiff believed that Defendant had no interrogatories remaining and thus refused to answer Defendant's fourth set of interrogatories. *Id.*

According to RCFC 33, "[w]ithout leave of court or written stipulation, any party may serve upon any other party written interrogatories, not exceeding 25 in number . . . ." The Court's Order of May 24, 2006, increased the permissible number of interrogatories to 100 per party. Including the fourth set of interrogatories presently at issue, Defendant contends that it has

served a total of only 93 interrogatories on Plaintiff.[1] Def.'s Mot. at 2. Defendant cites several cases, not binding on this Court, for the proposition that subparts of an interrogatory should not be considered separate questions if (1) taken together, the subparts do not constitute a common theme or (2) the subparts are not logically, factually, and/or necessarily related to the primary question. Def.'s Mot. at 3 (*citing Cardenas v. Dorel Juvenile Group, Inc.*, 231 F.R.D. 616, 620 (D. Kan. 2005); *Ginn v. Gemini, Inc.*, 137 F.R.D. 320, 322 (D. Nev. 1991)). In the alternative, if the Court were to find that Defendant did exceed its 100 interrogatories, Defendant requests that the Court enlarge the limit on interrogatories to permit Defendant to propound its fourth set of interrogatories. *Id.* at 4.

In response, Plaintiff contends that Defendant has not only exceeded its limit of 100 interrogatories, but has also failed to demonstrate a particularized need for the enlarged discovery. Pl.'s Opp'n at 1. Plaintiff contends that Defendant had already propounded 169 interrogatories prior to serving the fourth set of interrogatories. Pl.'s Opp'n at 3. However, Plaintiff admits that it did not object to the Defendant's interrogatories as exceeding the limit due to having discrete subparts until the present dispute arose over the fourth set of interrogatories. Def.'s Reply at 3; Pl.'s Opp'n at 13 ("Plaintiff did not object to certain excessive interrogatories served prior to those at issue"). In other words, Plaintiff did not object to the first three sets of interrogatories as being compound until after Plaintiff had already answered them. Now, instead of an order requiring Plaintiff to respond to these contention interrogatories, Plaintiff submits that a more efficient alternative would be to permit the parties to attempt to stipulate to the facts and issues in Defendant's interrogatories. *Id*.

"Questions of the scope and conduct of discovery are, of course, committed to the discretion of the trial court." *Florsheim Shoe Co. v. U.S.*, 744 F.2d 789, 797 (Fed. Cir. 1984) (*citing Marroquin-Manriquez v. INS*, 699 F.2d 129, 134 (3d Cir. 1983)). In general, the scope and conduct of discovery should be directed "to allow the defendant to pin down the plaintiff's theories of liability and to allow the plaintiff to pin down the defendant's theories of defense, thus confining discovery and trial preparation to information that is pertinent to the theories of the case." *O2 Micro Intern. Ltd. v. Monolithic Power Sys., Inc.*, 467 F.3d 1355, 1365 (Fed. Cir. 2006). Here, because Plaintiff has already answered the first three sets of interrogatories propounded by Defendant without objecting to the interrogatories as containing discrete subparts or exceeding the maximum allowable number, the Court declines to retroactively consider whether they contained multiple subparts. *See AAB Joint Venture v. United States*, 75 Fed. Cl. 448, 457 (2007) (regarding interrogatory objections, "[a]ny ground not stated in a timely objection is waived unless the party's failure to object is excused bv the court for good cause shown").

---

[1] Defendant states that it misnumbered its fourth set of interrogatories by starting at number 71, because Defendant had served only 68 interrogatories previously. Def's Mot. at 2. In its response brief, Plaintiff notes that the numbering probably should have began with number 69, as Defendant served two interrogatories both numbered 21. Pl.'s Opp'n at 3, n.5.

Therefore, because the Court does not view the present motion as one for an enlargement of discovery, the Court is left to consider whether Defendant's otherwise allowable discovery request should be limited pursuant to RCFC 26(b)(2)(C).[2] Because Defendant's interrogatories ask Plaintiff to state its views on applications of law to fact, there is no source other than Plaintiff from which to obtain the information. The twenty-three interrogatories are also not unreasonably cumulative or burdensome, because Plaintiff, preparing for trial, has formed these contentions already. Moreover, contention interrogatories, such as these, can be an efficient way for the parties to determine each other's theories and narrow the disputed issues. *See, e.g., Exxon Research and Eng'g Co. v. United States*, 44 Fed. Cl. 597 (1999). And contention interrogatories can be particularly appropriate at the end of discovery, after facts have been ascertained and theories have been fully developed. In regard to Plaintiff's assertion that stipulation is a more efficient alternative, the Court sees no reason why the parties cannot continue to discuss the possibility of stipulating as to facts or issues, whether or not related to Defendant's fourth set of interrogatories. Thus, the Court finds no sufficient reason to circumscribe Defendant's discovery, which, at present, seems to be aimed at narrowing issues.

Accordingly, the Court hereby GRANTS Defendant's motion to compel. Plaintiff is ORDERED to respond to Defendant's fourth set of interrogatories on or before March 5, 2008.

In regard to Defendant's request for attorney fees and expenses under RCFC 37(a)(4)(A), the Court does not find that Plaintiff's objections to Defendant's fourth set of interrogatories were unjustified. Plaintiff's count of Defendant's interrogatories, while untimely, is sufficiently reasonable to avoid sanctions. Accordingly, Defendant's motion for an award of attorney fees and expenses is DENIED.

s/ Edward J. Damich
EDWARD J. DAMICH
Chief Judge

---

[2] RCFC 26(b)(2)(C) states that a court may impose limits on otherwise allowable discovery if:

> (i) the discovery sought is unreasonably cumulative or duplicative, or is obtainable from some other source that is more convenient, less burdensome, or less expensive; (ii) the party seeking discovery has had ample opportunity by discovery in the action to obtain the information sought; or (iii) the burden or expense of the proposed discovery outweighs its likely benefit . . . .