**Effective: August 17, 2006**

United States Code Annotated Currentness
Title 26. Internal Revenue Code (Refs & Annos)
Subtitle F. Procedure and Administration (Refs & Annos)
Chapter 68. Additions to the Tax, Additional Amounts, and Assessable Penalties
Subchapter A. Additions to the Tax and Additional Amounts
Part II. Accuracy-Related and Fraud Penalties
→ **§ 6662. Imposition of accuracy-related penalty on underpayments**

**(a) Imposition of penalty.**--If this section applies to any portion of an underpayment of tax required to be shown on a return, there shall be added to the tax an amount equal to 20 percent of the portion of the underpayment to which this section applies.

**(b) Portion of underpayment to which section applies.**--This section shall apply to the portion of any underpayment which is attributable to 1 or more of the following:

(1) Negligence or disregard of rules or regulations.

(2) Any substantial understatement of income tax.

(3) Any substantial valuation misstatement under chapter 1.

(4) Any substantial overstatement of pension liabilities.

(5) Any substantial estate or gift tax valuation understatement.

This section shall not apply to any portion of an underpayment on which a penalty is imposed under section 6663. Except as provided in paragraph (1) or (2)(B) of section 6662A(e), this section shall not apply to the portion of any underpayment which is attributable to a reportable transaction understatement on which a penalty is imposed under section 6662A.

**(c) Negligence.**--For purposes of this section, the term "negligence" includes any failure to make a reasonable attempt to comply with the provisions of this title, and the term "disregard" includes any careless, reckless, or intentional disregard.

**(d) Substantial understatement of income tax.**--

**(1) Substantial understatement.**--

**(A) In general.**--For purposes of this section, there is a substantial understatement of income tax for any taxable year if the amount of the understatement for the taxable year exceeds the greater of--

EXHIBIT 5

© 2008 Thomson/West. No Claim to Orig. U.S. Govt. Works.

(i) 10 percent of the tax required to be shown on the return for the taxable year, or

(ii) $5,000.

**(B) Special rule for corporations.**--In the case of a corporation other than an S corporation or a personal holding company (as defined in section 542), there is a substantial understatement of income tax for any taxable year if the amount of the understatement for the taxable year exceeds the lesser of--

(i) 10 percent of the tax required to be shown on the return for the taxable year (or, if greater, $10,000), or

(ii) $10,000,000.

**(2) Understatement.**--

**(A) In general.**--For purposes of paragraph (1), the term "understatement" means the excess of--

(i) the amount of the tax required to be shown on the return for the taxable year, over

(ii) the amount of the tax imposed which is shown on the return, reduced by any rebate (within the meaning of section 6211(b)(2)).

The excess under the preceding sentence shall be determined without regard to items to which section 6662A applies.

**(B) Reduction for understatement due to position of taxpayer or disclosed item.**--The amount of the understatement under subparagraph (A) shall be reduced by that portion of the understatement which is attributable to--

(i) the tax treatment of any item by the taxpayer if there is or was substantial authority for such treatment, or

(ii) any item if--

(I) the relevant facts affecting the item's tax treatment are adequately disclosed in the return or in a statement attached to the return, and

(II) there is a reasonable basis for the tax treatment of such item by the taxpayer.

For purposes of clause (ii)(II), in no event shall a corporation be treated as having a reasonable basis for its tax treatment of an item attributable to a multiple-party financing transaction if such treatment does not clearly reflect the income of the corporation.

**(C) Reduction not to apply to tax shelters.**--

**(i) In general.**--Subparagraph (B) shall not apply to any item attributable to a tax shelter.

**(ii) Tax shelter.**--For purposes of clause (i), the term "tax shelter" means--

© 2008 Thomson/West. No Claim to Orig. U.S. Govt. Works

(I) a partnership or other entity,

(II) any investment plan or arrangement, or

(III) any other plan or arrangement,

if a significant purpose of such partnership, entity, plan, or arrangement is the avoidance or evasion of Federal income tax

**[(D) Repealed. Pub.L. 108-357, Title VIII, § 819(b)(2), Oct. 22, 2004, 118 Stat. 1585]**

**(3) Secretarial list.**--The Secretary may prescribe a list of positions which the Secretary believes do not meet 1 or more of the standards specified in paragraph (2)(B)(i), section 6664(d)(2), and section 6694(a)(1). Such list (and any revisions thereof) shall be published in the Federal Register or the Internal Revenue Bulletin.

**(e) Substantial valuation misstatement under chapter 1.**--

**(1) In general.**--For purposes of this section, there is a substantial valuation misstatement under chapter 1 if--

**(A)** the value of any property (or the adjusted basis of any property) claimed on any return of tax imposed by chapter 1 is 150 percent or more of the amount determined to be the correct amount of such valuation or adjusted basis (as the case may be), or

**(B)(i)** the price for any property or services (or for the use of property) claimed on any such return in connection with any transaction between persons described in section 482 is 200 percent or more (or 50 percent or less) of the amount determined under section 482 to be the correct amount of such price, or

**(ii)** the net section 482 transfer price adjustment for the taxable year exceeds the lesser of $5,000,000 or 10 percent of the taxpayer's gross receipts.

**(2) Limitation.**--No penalty shall be imposed by reason of subsection (b)(3) unless the portion of the underpayment for the taxable year attributable to substantial valuation misstatements under chapter 1 exceeds $5,000 ($10,000 in the case of a corporation other than an S corporation or a personal holding company (as defined in section 542)).

**(3) Net section 482 transfer price adjustment.**--For purposes of this subsection--

**(A) In general.**--The term "net section 482 transfer price adjustment" means, with respect to any taxable year, the net increase in taxable income for the taxable year (determined without regard to any amount carried to such taxable year from another taxable year) resulting from adjustments under section 482 in the price for any property or services (or for the use of property).

**(B) Certain adjustments excluded in determining threshold.**--For purposes of determining whether the threshold requirements of paragraph (1)(B)(ii) are met, the following shall be excluded:

**(i)** Any portion of the net increase in taxable income referred to in subparagraph (A) which is attributable to any redetermination of a price if--

© 2008 Thomson/West. No Claim to Orig. U.S. Govt. Works.

(I) it is established that the taxpayer determined such price in accordance with a specific pricing method set forth in the regulations prescribed under section 482 and that the taxpayer's use of such method was reasonable,

(II) the taxpayer has documentation (which was in existence as of the time of filing the return) which sets forth the determination of such price in accordance with such a method and which establishes that the use of such method was reasonable, and

(III) the taxpayer provides such documentation to the Secretary within 30 days of a request for such documentation.

(ii) Any portion of the net increase in taxable income referred to in subparagraph (A) which is attributable to a redetermination of price where such price was not determined in accordance with such a specific pricing method if--

(I) the taxpayer establishes that none of such pricing methods was likely to result in a price that would clearly reflect income, the taxpayer used another pricing method to determine such price, and such other pricing method was likely to result in a price that would clearly reflect income,

(II) the taxpayer has documentation (which was in existence as of the time of filing the return) which sets forth the determination of such price in accordance with such other method and which establishes that the requirements of subclause (I) were satisfied, and

(III) the taxpayer provides such documentation to the Secretary within 30 days of request for such documentation.

(iii) Any portion of such net increase which is attributable to any transaction solely between foreign corporations unless, in the case of any such corporations, the treatment of such transaction affects the determination of income from sources within the United States or taxable income effectively connected with the conduct of a trade or business within the United States.

**(C) Special rule.**--If the regular tax (as defined in section 55(c)) imposed by chapter 1 on the taxpayer is determined by reference to an amount other than taxable income, such amount shall be treated as the taxable income of such taxpayer for purposes of this paragraph.

**(D) Coordination with reasonable cause exception.**--For purposes of section 6664(c) the taxpayer shall not be treated as having reasonable cause for any portion of an underpayment attributable to a net section 482 transfer price adjustment unless such taxpayer meets the requirements of clause (i), (ii), or (iii) of subparagraph (B) with respect to such portion.

**(f) Substantial overstatement of pension liabilities.--**

**(1) In general.**--For purposes of this section, there is a substantial overstatement of pension liabilities if the actuarial determination of the liabilities taken into account for purposes of computing the deduction under paragraph (1) or (2) of section 404(a) is 200 percent or more of the amount determined to be the correct amount of such liabilities.

**(2) Limitation.**--No penalty shall be imposed by reason of subsection (b)(4) unless the portion of the

© 2008 Thomson/West. No Claim to Orig. U.S. Govt. Works.

underpayment for the taxable year attributable to substantial overstatements of pension liabilities exceeds $1,000.

**(g) Substantial estate or gift tax valuation understatement.**--

**(1) In general.**--For purposes of this section, there is a substantial estate or gift tax valuation understatement if the value of any property claimed on any return of tax imposed by subtitle B is 65 percent or less of the amount determined to be the correct amount of such valuation.

**(2) Limitation.**--No penalty shall be imposed by reason of subsection (b)(5) unless the portion of the underpayment attributable to substantial estate or gift tax valuation understatements for the taxable period (or, in the case of the tax imposed by chapter 11, with respect to the estate of the decedent) exceeds $5,000.

**(h) Increase in penalty in case of gross valuation misstatements.**--

**(1) In general.**--To the extent that a portion of the underpayment to which this section applies is attributable to one or more gross valuation misstatements, subsection (a) shall be applied with respect to such portion by substituting "40 percent" for "20 percent".

**(2) Gross valuation misstatements.**--The term "gross valuation misstatements" means--

**(A)** any substantial valuation misstatement under chapter 1 as determined under subsection (e) by substituting--

**(i)** in paragraph (1)(A), "200 percent" for "150 percent",

**(ii)** in paragraph (1)(B)(i)--

**(I)** "400 percent" for "200 percent", and

**(II)** "25 percent" for "50 percent", and

**(iii)** in paragraph (1)(B)(ii)--

**(I)** "$20,000,000" for "$5,000,000", and

**(II)** "20 percent" for "10 percent".

**(B)** any substantial overstatement of pension liabilities as determined under subsection (f) by substituting "400 percent" for "200 percent", and

**(C)** any substantial estate or gift tax valuation understatement as determined under subsection (g) by substituting "40 percent" for "65 percent".

CREDIT(S)

(Added Pub.L. 101-239, Title VII, § 7721(a), Dec. 19, 1989, 103 Stat. 2395, and amended Pub.L. 101-508, Title XI, § 11312(a), (b), Nov. 5, 1990, 104 Stat. 1388-454, 1388-45; Pub.L. 103-66, Title XIII, §§ 13236(a) to (d), 13251(a),

© 2008 Thomson/West. No Claim to Orig. U.S. Govt. Works.

Aug. 10, 1993, 107 Stat. 505, 506, 531; Pub.L. 103-465, Title VII, § 744(a), (b), Dec. 8, 1994, 108 Stat. 5011; Pub.L. 105-34, Title X, § 1028(c)(1), (2), Aug. 5, 1997, 111 Stat. 928; Pub.L. 108-357, Title VIII, §§ 812(b), (d), (e)(1), 819(a), (b), Oct. 22, 2004, 118 Stat. 1578, 1580, 1584; Pub.L. 109-135, Title IV, §§ 403(x)(1), 412(aaa), Dec. 21, 2005, 119 Stat. 2629, 2641; Pub.L. 109-280, Title XII, § 1219(a)(1), (2), Aug. 17, 2006, 120 Stat. 1083.)

2005 Acts. Amendments made by Pub.L. 109-135, § 403, effective as if included in provisions of the American Jobs Creation Act of 2004, Pub.L. 108-357, to which they relate, see Pub.L. 109-135, § 403(nn), set out as a note under 26 U.S.C.A. § 26.

1997 Acts. Amendments by section 1028(c) of Pub.L. 105-34 shall apply to any tax shelter (as defined in section 6111(d) of this title) interests in which are offered to potential participants after the Secretary of the Treasury prescribes guidance with respect to meeting requirements added by such amendments, and to items with respect to transactions entered into after Aug. 5, 1997, see section 1028(e) of Pub.L. 105-34, set out as a note under section 6111 of this title.

Current through P.L. 110-185 (excluding P.L. 110-181) approved 2-13-08

Copr. (C) 2008 Thomson/West. No Claim to Orig. U.S. Govt. Works
END OF DOCUMENT