68 FR 37414-01, 2003-28 I.R.B. 46, 2003 WL 21438978 (F.R.), 2003-2 C.B. 46

RULES and REGULATIONS

DEPARTMENT OF THE TREASURY

Internal Revenue Service

26 CFR Part 1

[TD 9062]

RIN 1545-BB83

# Assumption of Partner Liabilities

Tuesday, June 24, 2003

EXHIBIT

B.1.

***37414*** AGENCY: Internal Revenue Service (IRS), Treasury.

ACTION: Temporary regulations.

SUMMARY: This document contains temporary regulations regarding a partnership's assumption of a partner's liabilities in a transaction occurring after October 18, 1999, and before June 24, 2003. These temporary regulations affect partners and partnerships and clarify the tax treatment of an assumption by a partnership of a partner's liability. The text of these ***37415*** temporary regulations also serves as the text of the proposed regulations set forth in a notice of proposed rulemaking on this subject in the Proposed Rules section of this issue of the Federal Register.

DATES: Effective Date: These regulations are effective June 24, 2003.

Applicability Date: For date of applicability, see § 1.752-6T(d).

FOR FURTHER INFORMATION CONTACT: Horace Howells (202) 622-3050 (not a toll-free number).

SUPPLEMENTARY INFORMATION:

Background

With certain exceptions, no gain or loss is recognized if property is transferred to a corporation solely in exchange for stock of the corporation, and, immediately after the exchange, the transferors control the corporation. If, however, the transferee corporation assumes a liability of the transferor, then, under section 358(d), the transferor's basis in the stock received in the exchange is reduced by the amount of that liability. If the amount of the liability exceeds the transferor's basis in the property transferred to the corporation, then the transferor recognizes gain under section 357(c)(1). Under section 357(c)(3), a liability the payment of which would give rise to a deduction or that would be described in section 736(a) (regarding payments to a retiring partner) is not taken into account in applying section 357(c)(1), unless the incurrence of the liability resulted in the creation of, or an increase in, the basis of any property.

Under section 752(a) and (b), similar rules apply where a partnership assumes a liability from a partner or a partner contributes property to a partnership subject to a liability. The difference between the amount of the liability and the partner's share of that liability after the partnership's assumption is treated as a distribution of money, which reduces the partner's basis in the partnership interest and may cause the partner to recognize gain. There is no statutory or regulatory definition of liabilities for purposes of section 752. Case law and revenue rulings, however, have established that, as under section 357(c)(3), the term liabilities for this purpose does not include liabilities the payment of which would give rise to a deduction, unless the incurrence of the liability resulted in the creation of, or an increase in, the basis of property. Rev. Rul. 88-77 (1988-2 C.B. 128); Salina Partnership LP, FPL Group, Inc. v. Commissioner, T.C. Memo 2000-352.

On December 21, 2000, as part of the Community Renewal Tax Relief Act of 2000 (Appendix G of H.R. 4577, Consolidated Appropriations Act, 2001) Public Law 106-554, 114 Stat. 2763, 2763A-638 (2001) (the Act),

Congress enacted section 358(h) to address certain situations where property was transferred to a corporation in exchange for both stock and the corporation's assumption of certain obligations of the transferor. In these situations, transferors took the position that the obligations were not liabilities within the meaning of section 357(c) or that they were described in section 357(c)(3), and, therefore, the obligations did not reduce the basis of the transferor's stock. These assumed obligations, however, did reduce the value of the stock. The transferors then sold the stock and claimed a loss. In this way, taxpayers attempted to duplicate a loss in corporate stock and to accelerate deductions that typically are allowed only on the economic performance of these types of obligations.

Section 358(h) addresses these transactions by requiring that, after application of section 358(d), the basis in stock received in an exchange to which section 351, 354, 355, 356, or 361 applies be reduced (but not below the fair market value of the stock) by the amount of any liability assumed in the exchange. Exceptions to section 358(h) are provided where: (1) The trade or business with which the liability is associated is transferred to the person assuming the liability as part of the exchange; or (2) substantially all of the assets with which the liability is associated are transferred to the person assuming the liability as part of the exchange. The term liability for purposes of section 358(h) includes any fixed or contingent obligation to make payment without regard to whether the obligation is otherwise taken into account for purposes of the Internal Revenue Code (Code).

Congress recognized that taxpayers were attempting to use partnerships to carry out the same types of abuses that section 358(h) was designed to deter. Therefore, in section 309(c) and (d)(2) of the Act, Congress directed the Secretary to prescribe rules to provide "appropriate adjustments under subchapter K of chapter 1 of the Code to prevent the acceleration or duplication of losses through the assumption of (or transfer of assets subject to) liabilities described in section 358(h)(3) * * * in transactions involving partnerships." This statutory provision does not specify whether the exceptions in section 358(h)(2) should apply. The only cross-reference to section 358(h) in this statutory provision is to section 358(h)(3), which defines the term liability. Under the statute, these rules are to "apply to assumptions of liability after October 18, 1999, or such later date as may be prescribed in such rules."

In response to this directive, these temporary regulations provide rules to prevent the duplication and acceleration of loss through the assumption by a partnership of a liability of a partner in a nonrecognition transaction. Section 1.752-6T adopts the approach of section 358(h), with some modifications, for transactions involving partnership assumptions of partners' liabilities occurring after October 18, 1999, and before June 24, 2003. The modifications made to the approach of section 358(h) were to provide rules to conform the application of section 358(h) to partnerships and, as discussed below, to prevent abuse.

Prior to the enactment of Code section 358(h) and section 309(c) and (d)(2) of the Act, the lack of specific rules addressing the treatment of liabilities upon the transfer of property to a corporation or a partnership led to interpretations of then existing law that failed to reflect the true economics of certain transactions. In some cases, taxpayers continued to assert these interpretations even after the enactment of these statutory provisions. For example, in a transaction addressed in Notice 2000-44 (2000-2 C.B. 255), a taxpayer purchases and writes economically offsetting options and then purports to create substantial positive basis by transferring those option positions to a partnership. On the disposition of the partnership interest, the liquidation of the partner's interest in the partnership, or the taxpayer's sale or depreciation of distributed partnership assets, the taxpayer claims a tax loss, even though the taxpayer has incurred no corresponding economic loss.

Treasury and the IRS believe that it is appropriate to prohibit partners and partnerships engaging in transactions described in, or transactions that are substantially similar to the transactions described in, Notice 2000-44 from relying on the exception in section 358(h)(2)(B). The exceptions to section 358(h) were intended to exclude from the application of section 358(h) ordinary business transactions. They were not intended to allow taxpayers to engage in transactions that create noneconomic tax losses.

The text of the temporary regulations also serves as the text of the proposed regulations set forth in the notice of proposed rulemaking on this subject in ***37416** the Proposed Rules section of this issue of the Federal Register (§ 1.752-6 of the proposed Income Tax Regulations). As part of that notice of proposed rulemaking, § 1.752-7 of the proposed Income Tax Regulations is being issued to carry out the directive of section 309(c) of the Act with respect to assumptions of liabilities occurring on or after June 24, 2003. The proposed regulations conform the application of section 358(h) to partnerships by providing a basis reduction upon an event that separates the partner from the liability rather than on assumption of the liability by the partnership and by adopting certain exceptions. Section 1.752-7(j) of the proposed Income Tax Regulations allows a partnership to elect to apply § 1.752-7 of the proposed Income Tax Regulations and related proposed provisions to assumptions of liabilities occurring after October 18, 1999, and before June 24, 2003 in lieu of applying § 1.752-6T of the temporary Income Tax Regulations to this period.

Explanation of Provisions

Under these temporary regulations, if a partnership assumes a liability of a partner (other than a liability to which section 752(a) and (b) apply) in a transaction described in section 721(a), then, after application of section 752(a) and (b), the partner's basis in the partnership is reduced (but not below the adjusted value of such interest) by the amount (determined as of the date of the exchange) of the liability. For this purpose, the term liability includes any fixed or contingent obligation to make payment, without regard to whether the obligation is otherwise taken into account for Federal tax purposes. The adjusted value of a partner's interest in a partnership is the fair market value of that interest increased by the partner's share of partnership liabilities under §§ 1.752-1 through 1.752-5.
The exceptions under section 358(h) applicable to corporate assumptions of shareholder liabilities generally apply for purposes of these temporary regulations. Therefore, a reduction in a partner's basis generally is not required, under these regulations, after an assumption of a liability by a partnership from that partner if: (1) The trade or business with which the liability is associated is transferred to the partnership assuming the liability as part of the transaction, or (2) substantially all of the assets with which the liability is associated are contributed to the partnership assuming the liability.
However, in the case of a partnership transaction described in, or a partnership transaction that is substantially similar to the transactions described in, Notice 2000-44, the exception for contributions of "substantially all of the assets with which the liability is associated" does not apply.

Effective Date

In accordance with the directive in section 309(c) and (d)(2) of the Act, these temporary regulations apply to assumptions of liabilities occurring after October 18, 1999, and before June 24, 2003. Under section 7805(b)(6), the Secretary may provide that any regulation may take effect in accordance with a legislative grant from Congress authorizing the Secretary to prescribe the effective date for such regulation. In addition, under section 7805(b)(3), the Secretary may provide that any regulation may take effect or apply retroactively to prevent abuse. The Secretary has determined that a later effective date is inappropriate. Therefore, these regulations are being applied retroactively in accordance with the directive from Congress in section 309(d)(2) of the Act and to prevent abuse.

Special Analyses

These temporary regulations are necessary to prevent abusive transactions of the type described in the Notice 2000-44. Accordingly, good cause is found for dispensing with notice and public procedure pursuant to 5 U.S.C. 553(b)(B) and for dispensing with a delayed effective date pursuant to 5 U.S.C. 553(d)(1) and (3). It has been determined that this Treasury decision is not a significant regulatory action as defined in Executive Order 12866. Therefore, a regulatory assessment is not required. For the applicability of the Regulatory Flexibility Act (5 U.S.C. chapter 6), refer to the Special Analyses section of the preamble to the notice of proposed rulemaking on this subject published in the Proposed Rules section of this issue of the Federal Register. Pursuant to section 7805(f) of the Code, these temporary regulations will be submitted to the Chief Counsel for Advocacy of the Small Business Administration for comment on their impact on small business.

Drafting Information

The principal author of these temporary regulations is Horace Howells, Office of the Associate Chief Counsel (Passthroughs and Special Industries), IRS. However, other personnel from the IRS and Treasury Department participated in their development.

List of Subjects in 26 CFR Part 1

Income taxes, Reporting and recordkeeping requirements.

Adoption of Amendments to the Regulations

Accordingly, 26 CFR part 1 is amended as follows:

PART 1--INCOME TAXES

1. The authority citation for part 1 continues to read in part as follows:

Authority: 26 U.S.C. 7805 * * *

Section 1.752-6T also issued under Pub. L. 106-554, 114 Stat. 2763, 2763A-638 (2001) * * *

26 CFR § 1.752-6T

2. Section 1.752-6T is added to read as follows:

26 CFR § 1.752-6T

§ 1.752-6T Partnership assumption of partner's section 358(h)(3) liability after October 18, 1999, and before June 24, 2003 (temporary).

(a) In general. If, in a transaction described in section 721(a), a partnership assumes a liability (defined in section 358(h)(3)) of a partner (other than a liability to which section 752(a) and (b) apply), then, after application of section 752(a) and (b), the partner's basis in the partnership is reduced (but not below the adjusted value of such interest) by the amount (determined as of the date of the exchange) of the liability. For purposes of this section, the adjusted value of a partner's interest in a partnership is the fair market value of that interest increased by the partner's share of partnership liabilities under §§ 1.752-1 through 1.752-5.

(b) Exceptions--(1) In general. Except as provided in paragraph (b)(2) of this section, the exceptions contained in section 358(h)(2)(A) and (B) apply to this section.

(2) Transactions described in Notice 2000-44. The exception contained in section 358(h)(2)(B) does not apply to an assumption of a liability (defined in section 358(h)(3)) by a partnership as part of a transaction described in, or a transaction that is substantially similar to the transactions described in, Notice 2000-44 (2000-2 C.B. 255). See § 601.601(d)(2) of this chapter.

(c) Example. The following example illustrates the principles of paragraph (a) of this section:

Example. In 1999, A and B form partnership PRS. A contributes property with a value and basis of $200, subject to a nonrecourse debt obligation of $50 and a fixed or contingent obligation of $100 that is not a liability to which section 752(a) and (b) applies, in exchange for a 50% interest in PRS. Assume that, after the contribution, A's share of partnership liabilities under §§ 1.752-1 through 1.752-5 is $25. Also assume that the $100 liability is not ***37417** associated with a trade or business contributed by A to PRS or with assets contributed by A to PRS. After the contribution, A's basis in PRS is $175 (A's basis in the contributed land ($200) reduced by the nonrecourse debt assumed by PRS ($50), increased by A's share of partnership liabilities under §§ 1.752-1 through 1.752-5 ($25)). Because A's basis in the PRS interest is greater than the adjusted value of A's interest, $75 (the fair market value of A's interest ($50) increased by A's share of partnership liabilities ($25)), paragraph (a) of this section operates to reduce A's basis in the PRS interest (but not below the adjusted value of that interest) by the amount of liabilities described in section 358(h)(3) (other than liabilities to which section 752(a) and (b) apply) assumed by PRS. Therefore, A's basis in PRS is reduced to $75.

(d) Effective dates--(1) In general. This section applies to assumptions of liabilities occurring after October 18, 1999 and before June 24, 2003.

(2) Election to apply § 1.752-7. The partnership may elect, under provisions of REG-106736-00 in 2003-28 I.R.B. (see § 601.601(d)(2) of this chapter) to apply those provisions and related Income Tax Regulations to all assumptions of liabilities by the partnership occurring after October 18, 1999, and before June 24, 2003. Provisions of REG-106736-00 in 2003-28 I.R.B. (see § 601.601(d)(2) of this chapter) describe the manner in which the election is made.

Approved: May 7, 2003.

David A. Mader,

Assistant Deputy Commissioner of Internal Revenue.

Gregory Jenner,

Deputy Assistant Secretary of the Treasury.

[FR Doc. 03-15281 Filed 6-23-03; 8:45 am]

BILLING CODE 4830-01-P

68 FR 37414-01, 2003-28 I.R.B. 46, 2003 WL 21438978 (F.R.), 2003-2 C.B. 46