68 FR 37434-01, 2003-28 I.R.B. 60, 2003 WL 21438920 (F.R.), 2003-2 C.B. 60

PROPOSED RULES

DEPARTMENT OF THE TREASURY

Internal Revenue Service

26 CFR Part 1

[REG-106736-00]

RIN 1545-AX93

# Assumption of Partner Liabilities

Tuesday, June 24, 2003

EXHIBIT

tabbies

B.2.

***37434*** AGENCY: Internal Revenue Service (IRS), Treasury.

ACTION: Notice of proposed rulemaking; notice of proposed rulemaking by cross-reference to temporary regulations; and notice of public hearing.

SUMMARY: This document contains proposed regulations relating to the definition of liabilities under section 752 of the Internal Revenue Code. These regulations provide rules regarding a partnership's assumption of certain fixed and contingent obligations in exchange for a partnership interest and provide conforming changes to certain regulations. These regulations also provide rules under section 358(h) for assumptions of liabilities by corporations from partners and partnerships. In addition, this document provides notice that the IRS and Treasury intend to issue supplemental guidance that may apply certain of the rules outlined in these proposed regulations to transactions involving corporations. This document also provides notice of public hearing on the proposed regulations.

DATES: Written or electronic comments and requests to speak at the public hearing scheduled for Tuesday, October 14, 2003, must be received by September 22, 2003.

ADDRESSES: Send submissions to: CC:PA:RU (REG-106736-00), room 5226, Internal Revenue Service, POB 7604, Ben Franklin Station, Washington, DC 20044. Submissions may be hand-delivered between the hours of 8 a.m. and 4 p.m. to CC:PA:RU (REG-106736-00), Courier's Desk, Internal Revenue Service, 1111 Constitution Avenue, NW., Washington, DC or sent electronically, via the IRS Internet site at: www.irs.gov/regs. The public hearing will be held in the auditorium, Internal ***37435*** Revenue Building, 1111 Constitution Avenue, NW., Washington, DC.

FOR FURTHER INFORMATION CONTACT: Horace Howells at (202) 622-3050; concerning submissions, the hearing, and/or placement on the building access list to attend the hearing, Sonya Cruse, (202) 622-7180 (not toll-free numbers).

SUPPLEMENTARY INFORMATION:

## Paperwork Reduction Act

The collection of information contained in this notice of proposed rulemaking has been submitted to the Office of Management and Budget for review in accordance with the Paperwork Reduction Act of 1995 (44 U.S.C. 3507(d)). Comments on the collection of information should be sent to the Office of Management and Budget, Attn: Desk Officer for the Department of the Treasury, Office of Information and Regulatory Affairs, Washington, DC 20503, with copies to the Internal Revenue Service, Attn: IRS Reports Clearance Officer, W:CAR:MP:T:T:SP Washington, DC 20224. Comments on the collection of information should be received by August 25, 2003. Comments are specifically requested concerning:
Whether the proposed collection of information is necessary for the proper performance of the functions of the Internal Revenue Service, including whether the information will have practical utility; The accuracy of

the estimated burden associated with the proposed collection of information (see below);
How the quality, utility, and clarity of the information to be collected may be enhanced;
How the burden of complying with the proposed collection of information may be minimized, including through the application of automated collection techniques or other forms of information technology; and
Estimates of capital or start-up costs and costs of operation, maintenance, and purchase of services to provide information.

The collection of information in this proposed regulation is in § 1.752-7(e), (f), (g), and (h). This information is required for a former or current partner of a partnership to take deductions attributable to the economic performance of certain fixed or contingent obligations assumed from the partner by a partnership. This information will be used by the partner to permit the partner to take a deduction. An additional collection of information in this proposed regulation is in § 1.752-7(j)(2). This information is required to inform the IRS of partnerships making the designated election and to report income appropriately. The collection of information is required to obtain a benefit, i.e., to elect to apply the provisions of § 1.752-7 of the proposed regulations in lieu of § 1.752-6T of the temporary regulations. The likely respondents are individuals, business or other for-profit institutions, and small businesses or organizations.

Estimated total annual reporting burden: 125 hours.

The estimated annual burden per respondent varies from 20 to 40 minutes, depending on individual circumstances, with an estimated average of 30 minutes.

Estimated number of respondents: 250.

Estimated annual frequency of responses: On occasion.

An agency may not conduct or sponsor, and a person is not required to respond to, a collection of information unless it displays a valid control number assigned by the Office of Management and Budget.

Books or records relating to a collection of information must be retained as long as their contents may become material in the administration of any internal revenue law. Generally, tax returns and tax return information are confidential, as required by 26 U.S.C. 6103.

Background

With certain exceptions, no gain or loss is recognized if property is transferred to a corporation solely in exchange for stock of the corporation, and, immediately after the exchange, the transferors control the corporation. If, however, the transferee corporation assumes a liability of the transferor, then, under section 358(d), the transferor's basis in the stock received in the exchange is reduced by the amount of that liability. If the amount of the liability exceeds the transferor's basis in the property transferred to the corporation, then the transferor recognizes gain under section 357(c)(1). Under section 357(c)(3), a liability the payment of which would give rise to a deduction or that would be described in section 736(a) (regarding payments to a retiring partner) is not taken into account in applying section 357(c)(1), unless the incurrence of the liability resulted in the creation of, or an increase in, the basis of any property.

Under section 752(a) and (b), similar rules apply where a partnership assumes a liability from a partner or a partner contributes property to a partnership subject to a liability. The difference between the amount of the liability and the partner's share of that liability after the partnership's assumption is treated as a distribution of money, which reduces the partner's basis in the partnership interest and may cause the partner to recognize gain. There is no statutory or regulatory definition of liabilities for purposes of section 752. Case law and revenue rulings, however, have established that, as under section 357(c)(3), the term liabilities for this purpose does not include liabilities the payment of which would give rise to a deduction, unless the incurrence of the liability resulted in the creation of, or an increase in, the basis of property. Rev. Rul. 88-77 (1988-2 C.B. 128); Salina Partnership LP, FPL Group, Inc. v. Commissioner, T.C. Memo 2000-352.

On December 21, 2000, as part of the Community Renewal Tax Relief Act of 2000 (Appendix G of H.R. 4577, Consolidated Appropriations Act, 2001) Public Law 106-554, 114 Stat. 2763, 2763A-638 (2001) (the Act), Congress enacted section 358(h) to address certain situations where property was transferred to a corporation in exchange for both stock and the corporation's assumption of certain obligations of the transferor. In these situations, transferors took the position that the obligations were not liabilities within the meaning of section 357(c) or that they were described in section 357(c)(3), and, therefore, the obligations did not reduce the basis of the transferor's stock. These assumed obligations, however, did reduce the value of the stock. The transferors then sold the stock and claimed a loss. In this way, taxpayers attempted to duplicate a loss in corporate stock and to accelerate deductions that typically are allowed only on the economic performance of these types of obligations.

Section 358(h) addresses these transactions by requiring that, after application of section 358(d), the basis in stock received in an exchange to which section 351, 354, 355, 356, or 361 applies be reduced (but not below the fair market value of the stock) by the amount of any liability assumed in the exchange. Exceptions to section 358(h) are provided where: (1) The trade or business with which the liability is associated is transferred to the person assuming the liability as part of the exchange; or (2) substantially all of the assets

with which the liability is associated are transferred to the person assuming the liability as part of the exchange. The term liability for purposes of section 358(h) includes any fixed or contingent obligation to make payment without regard to whether the obligation is otherwise taken into ***37436** account for purposes of the Internal Revenue Code (Code).

Congress recognized that taxpayers were attempting to use partnerships and S corporations to carry out the same types of abuses that section 358(h) was designed to deter. Therefore, in section 309(c) and (d)(2) of the Act, Congress directed the Secretary to prescribe rules to provide "appropriate adjustments under subchapter K of chapter 1 of the Code to prevent the acceleration or duplication of losses through the assumption of (or transfer of assets subject to) liabilities described in section 358(h)(3) * * * transactions involving partnerships" and to prescribe similar rules for S corporations. Under the statute, these rules are to "apply to assumptions of liability after October 18, 1999, or such later date as may be prescribed in such rules."

In response to this directive, these proposed regulations provide rules to prevent the duplication and acceleration of loss through the assumption by a partnership of a § 1.752-7 liability from a partner. For this purpose, a partnership that takes property subject to a liability is generally treated as assuming the liability. A § 1.752-7 liability is any fixed or contingent obligation to make payment that is not described in § 1.752-1(a)(1), without regard to whether the obligation is otherwise taken into account for purposes of the Code. The proposed regulations also provide that section 704(c) principles shall apply to a § 1.752-7 liability assumed by a partnership from a partner. Accordingly, the § 1.752-7 liability is treated under section 704(c) principles as having a built-in loss equal to the amount of such liability at the time of its assumption by the partnership. The amount of the § 1.752-7 liability is the amount that a willing assignor would pay to a willing assignee to assume the § 1.752-7 liability in an arm's-length transaction.

In addition, the proposed regulations make conforming amendments to §§ 1.704-1(b)(2)(iv)(b) (by providing that a partner's capital account be reduced by the § 1.752-7 liabilities that the partnership assumes from the partner), 1.704-2(b)(3) (by treating a § 1.752-7 liability as a nonrecourse liability for purposes of the partnership allocation rules), and 1.705-1 (by directing taxpayers to § 1.358-1(b) and § 1.752-7 for basis adjustments necessary to coordinate section 705 with section 358(h) and § 1.752-7).

Moreover, the proposed regulations provide rules under section 358(h) for assumptions of liabilities by corporations from partners and partnerships. In addition, in the Explanation of Provisions section of this preamble, the IRS and Treasury are alerting taxpayers that they are considering adopting the definition of liability proposed in these regulations as an appropriate interpretation of the term liability for purposes of subchapter C of chapter 1 of the Code. The IRS and Treasury are also considering issuing regulations to conform the exceptions to section 358(h) to the exceptions described in these regulations. These regulations will be retroactive to the extent necessary to prevent abuse.

Section 358(h) applies to S corporations. The Act states that the Secretary may prescribe comparable rules which provide appropriate adjustments under subchapter S. These proposed regulations do not address the assumption of liabilities by S corporations; however, any rules applicable to assumptions of liabilities by corporations would, in the absence of provisions to the contrary, apply equally to S corporations. Comments regarding the assumption of liabilities by S corporations are requested.

Explanation of Provisions

*1. Addition of § 1.752-1(a)(1)--Definition of Liability*

The question of what constitutes a liability for purposes of section 752 was addressed in Rev. Rul. 88-77 (1988-2 C.B. 128). Rev. Rul. 88-77 holds that partnership liabilities include an obligation only if, and to the extent that, incurring the obligation creates or increases the basis to the partnership of any of the partnership's assets (including cash attributable to borrowings), gives rise to an immediate deduction to the partnership, or, under section 705(a)(2)(B) (relating to noncapital, nondeductible expenditures of a partnership) currently decreases a partner's basis in the partner's partnership interest. Section 1.752-1T(g) (1989-1 C.B. 180), included a definition of a liability for purposes of section 752 that reaffirmed the position of the IRS in Rev. Rul. 88-77. This definition was removed from the final version of those regulations in response to comments that the definition was redundant and therefore unnecessary. The Service continues to follow the definition of liability set forth in Rev. Rul. 88-77. See Rev. Rul. 95-26 (1995-1 C.B. 131). Because these proposed regulations define a § 1.752-7 liability as a fixed or contingent obligation to make payment to which section 752 does not apply, Treasury and the IRS believe that it is appropriate to describe in these regulations the liabilities to which section 752 does apply. Therefore, following the principles set forth in § 1.752-1T(g) and Rev. Rul. 88-77, the proposed regulations provide that an obligation is a liability if and to the extent that incurring the obligation: (A) Creates or increases the basis of any of the obligor's assets (including cash); (B) gives rise to an immediate deduction to the obligor; or (C) gives rise to an expense that is not deductible in computing the obligor's taxable income and is not properly chargeable to

capital. An obligation for this purpose is any fixed or contingent obligation to make payment without regard to whether the obligation is otherwise taken into account for purposes of the Code. Obligations include, but are not limited to, debt obligations, environmental obligations, tort obligations, contract obligations, pension obligations, obligations under a short sale, and obligations under derivative financial instruments such as options, forward contracts, and futures contracts. The definition of a liability contained in these proposed regulations does not follow Helmer v. Commissioner, T.C. Memo 1975-160. (The Tax Court, in Helmer, held that a partnership's issuance of an option to acquire property did not create a partnership liability for purposes of section 752.)

Treasury and the IRS are considering adopting the definition of liability proposed in these regulations as an appropriate interpretation of the term liability for purposes of subchapter C of chapter 1 of the Code. Treasury and the IRS request comments on the scope and substance of such regulations, which will be retroactive to the extent necessary to prevent abuse.

*2. § 1.752-7--Partnership Assumption of Partner's § 1.752-7 Liability*

In the corporate context, section 358(h) prevents the duplication and acceleration of loss with respect to obligations not encompassed by section 358(d) by reducing the transferor shareholder's basis in corporate stock received in the exchange. Treasury and the IRS do not believe that this is the best approach for partnerships given their passthrough nature. Ultimately, the partners' shares of a partnership's deductions are limited by the partners' bases in their partnership interests (their outside bases). If, at the time of an assumption of a § 1.752-7 liability by a partnership from a partner (the § 1.752-7 liability partner), the partner's outside basis were reduced by the amount of the § 1.752-7 liability, then the partner would not have sufficient outside basis ***37437** to absorb any deduction with respect to the § 1.752-7 liability that passed through the partnership.

For this reason, these proposed regulations do not reduce the outside basis of the § 1.752-7 liability partner upon the partnership's assumption of the § 1.752-7 liability. If the partnership satisfies the § 1.752-7 liability while the § 1.752-7 liability partner is a partner in the partnership, then the deduction with respect to the portion of the § 1.752-7 liability assumed by the partnership from the § 1.752-7 liability partner (the built-in loss associated with the § 1.752-7 liability) is allocated to the § 1.752-7 liability partner, reducing that partner's outside basis. If, instead, one of three events occur that separate the § 1.752-7 liability partner from the § 1.752-7 liability, then the § 1.752-7 liability partner's outside basis is reduced at that time. These events are: (1) A disposition (or partial disposition) of the partnership interest by the § 1.752-7 liability partner, (2) a liquidation of the § 1.752-7 liability partner's partnership interest, and (3) the assumption (or partial assumption) of the § 1.752-7 liability by a partner other than the § 1.752-7 liability partner. Immediately before the occurrence of one of these events, the § 1.752-7 liability partner's basis in the partnership interest generally is reduced by the lesser of: (1) The excess of the § 1.752-7 liability partner's basis in the partnership interest over the adjusted value of that interest, or (2) the remaining built-in loss associated with the § 1.752-7 liability (the § 1.752-7 liability reduction). For this purpose, the adjusted value of a partner's interest in a partnership is the fair market value of that interest increased by the partner's share of partnership liabilities under §§ 1.752-1 through 1.752-5. In the case of a partial disposition of the § 1.752-7 liability partner's partnership interest or a partial assumption of the § 1.752-7 liability by another partner, the § 1.752-7 liability reduction is pro rated based on the portion of the interest sold or the portion of the § 1.752-7 liability assumed.

After the occurrence of such an event, the partnership (or the assuming partner) is not entitled to any deduction or capital expense on the economic performance of the § 1.752-7 liability to the extent of the remaining built-in loss associated with the § 1.752-7 liability. If, however, the partnership (or the assuming partner) notifies the § 1.752-7 liability partner of the partial or complete economic performance of the § 1.752-7 liability, then the § 1.752-7 liability partner is entitled to a deduction or loss. The amount of that deduction or loss is, in the case of a partial satisfaction of the § 1.752-7 liability, the amount paid by the partnership in satisfaction of the § 1.752-7 liability (but not more than the § 1.752-7 liability reduction) or, in the case of a complete satisfaction of the § 1.752-7 liability, the remaining § 1.752-7 liability reduction. To the extent of the amount paid in satisfaction of the § 1.752-7 liability, the character of that deduction or loss is determined as if the § 1.752-7 liability partner had satisfied the § 1.752-7 liability. To the extent that the § 1.752-7 liability reduction exceeds the amount paid in satisfaction of the § 1.752-7 liability, the character of the § 1.752-7 liability partner's loss is capital.

The proposed regulations further provide that, solely for purposes of section 705 (adjustments to the basis of a partnership interest) and § 1.704- 1(b)(2)(iv)(b) (partnership capital accounting rules), the remaining built-in loss associated with the § 1.752-7 liability is not treated as a nondeductible, noncapital expense to the partnership. Therefore, the remaining partners' bases in their partnership interests and capital accounts are not reduced by the remaining built-in loss associated with the § 1.752-7 liability.

If the § 1.752-7 liability is assumed by a partner other than the § 1.752-7 liability partner, then, on

economic performance of the § 1.752-7 liability, the assuming partner is treated as contributing cash to the partnership in the amount of the lesser of: (1) The amount paid to satisfy the § 1.752-7 liability; or (2) the remaining built-in loss associated with the § 1.752-7 liability as of the time of the assumption. Adjustments as a result of this deemed cash contribution may include adjusting the basis of the partnership interest, any assets (other than cash, accounts receivable, or inventory) distributed by the partnership to the partner, or gain or loss on the disposition of the partnership interest or of property distributed by the partnership, as the case may be. However, the assuming partner cannot take into account any adjustments to depreciable basis, reduction in gain, or increase in loss until economic performance of the § 1.752-7 liability. Any adjustment to the basis of an asset under this provision is taken into account over the recovery period of that asset.

*3. Exceptions*

Certain exceptions apply to these rules. In the corporate context, section 358(h) does not apply in the following two situations: (1) Where the trade or business with which the liability is associated is transferred to the corporation assuming the liability; and (2) where substantially all of the assets with which the liability is associated are transferred to the corporation assuming the liability. Section 358(h)(2) authorizes the Secretary to limit the application of these exceptions.

The statutory provision relating to partnerships does not specify whether the exceptions in section 358(h)(2) should apply. The only cross-reference to section 358(h) in this statutory provision is to section 358(h)(3), which defines the term liability. Treasury and IRS believe it is appropriate to provide for a variation on one of the two exceptions to section 358(h), as well as an additional exception that is not included in section 358 (h), in these proposed regulations. Treasury and the IRS request comments on these exceptions and on whether additional exceptions should be included in the final regulations.

The first exception applies where the partnership assumes the § 1.752-7 liability as part of the contribution of the trade or business with which the liability is associated and the partnership continues to conduct that trade or business after the contribution. For this purpose, a trade or business is a specific group of activities carried on by a person for the purpose of earning income or profit if the activities included in that group include every operation that forms a part of, or a step in, the process of earning income or profit.

The proposed regulations provide that the activity of acquiring, holding, or disposing of financial instruments constitutes a trade or business for this purpose if and only if the activity is conducted by an entity registered with the Securities and Exchange Commission as a management company under the Investment Company Act of 1940, as amended. Treasury and the IRS are concerned that certain activities involving acquiring, holding, or disposing of financial instruments could be structured to accomplish the types of transactions that section 309(c) of the Act was designed to prevent. Nonetheless, Treasury and the IRS recognize that many persons contribute such activities to partnerships for substantial business purposes. For example, mutual funds often contribute substantially all of their assets to a master partnership to save administrative costs. Under some circumstances, such a mutual fund may transfer portfolio positions (including hedge positions that could be ***37438** considered § 1.752-7 liabilities under the proposed regulations) to the master partnership. Because a contribution by a mutual fund to a master partnership is not the type of abusive loss duplication transaction that section 309(c) of the Act was designed to address, the proposed regulations treat this type of contribution as a contribution of a trade or business. Treasury and the IRS request comments on additional types of activities that should be treated as trades or businesses for purposes of these regulations.

The proposed regulations do not include the section 358(h) exception for situations in which substantially all of the assets with which the liability is associated are transferred to the partnership assuming the liability. Treasury and the IRS are concerned that taxpayers would rely on that exception to facilitate transactions of the type that section 309(c) of the Act was designed to prevent.

An additional de minimis exception, not present in section 358(h), is included in the proposed regulations. Under this exception, the proposed regulations do not apply where, immediately before the disposition of the partnership interest by the § 1.752-7 liability partner, the liquidation of the § 1.752-7 liability partner's partnership interest, or the assumption of the § 1.752-7 liability by another partner, the amount of the remaining built-in loss with respect to all § 1.752-7 liabilities assumed by the partnership (other than § 1.752-7 liabilities that are assumed by the partnership with an associated trade or business) is less than the lesser of 10% of the gross value of the partnership's assets or $1,000,000. This exception was added in recognition of the fact that loss acceleration and duplication strategies typically are engaged in only if the accelerated or duplicated loss is substantial.

*4. Advanced Notice of Proposed Rulemaking Under Section 358(h)(2)*

Treasury and the IRS are considering exercising their regulatory authority under section 358(h)(2) to limit the exceptions to section 358(h)(1) to follow the exceptions set forth in these proposed regulations (other than the de minimis exception). Treasury and the IRS request comments on the scope and substance of such

regulations, which will be retroactive to the extent necessary to prevent abuse.

*5. Rules Applicable to Tiered Structures*

Proposed § 1.752-7(e) and (i) provide rules to address a contribution of a partnership interest to another partnership. First, under § 1.752- 7(e)(3), a transfer by a partner of an interest in a partnership (lower-tier partnership) to another partnership (upper-tier partnership) is not treated as a transfer of a partnership interest for purposes of applying these rules. Therefore, the partner does not have to reduce the basis of the partnership interest before such a transfer. However, look-through rules in § 1.752- 7(i) apply to treat the transfer of the partnership interest as a transfer of the partner's share of the assets and § 1.752-7 liabilities of the partnership. Therefore, a transfer of a partnership interest to another partnership may be treated as an assumption of a § 1.752-7 liability by a partnership under these proposed regulations. Under proposed § 1.358-7(a), similar rules apply to a contribution of a partnership interest to a corporation.

Also, § 1.752-7(i)(2) provides a limitation on the trade or business exception where a partnership (upper-tier partnership) assumes a § 1.752-7 liability from a partner, and then another partnership (lower-tier partnership) assumes the § 1.752-7 liability from the upper-tier partnership. In such a case, the trade or business exception does not apply on the assumption of the § 1.752-7 liability by the lower-tier partnership from the upper-tier partnership unless it applied on the assumption of the § 1.752-7 liability by the upper-tier partnership from the § 1.752-7 liability partner. Section 1.358-7(c) of these proposed regulations provide for similar rules where a corporation assumes an obligation described in section 358(h)(3) from a partnership that the partnership had previously assumed from a partner. In addition, § 1.358-7(b) of these proposed regulations provide special rules for adjusting the partners' bases in a partnership when a corporation assumes a § 1.752-7 liability from the partnership.

Additional rules are provided for look-through treatment where a partnership is a § 1.752-7 liability partner in another partnership. The proposed regulations also provide special rules for situations in which the § 1.752-7 liability partner disposes of the partner's interest in the partnership and then another partnership (or a corporation) assumes the § 1.752-7 liability from the partnership.

Effective Date

The regulations described above are proposed to apply to assumptions of § 1.752-7 liabilities occurring on or after June 24, 2003. In the Rules and Regulations section of this issue of the Federal Register, the IRS is issuing temporary regulations (§ 1.752-6T) that apply to liabilities assumed by a partnership after October 18, 1999, and before June 24, 2003. The text of those temporary regulations published in the Rules and Regulation section of this issue of the Federal Register serves as the text of § 1.752-6 of these regulations. In lieu of applying § 1.752-6T of the temporary Income Tax Regulations, partnerships may elect to be subject to the proposed rules of § 1.358-7 and 1.752-7 and the proposed revisions of § 1.704- 1(b)(2)(iv)(b), 1.704-2(b)(3), 1.705-1(a)(7), and 1.752-1, published as part of this Notice of Proposed Rulemaking, with respect to all liabilities (including § 1.752-7 liabilities) assumed by the partnership after October 18, 1999 and before June 24, 2003. The election must be filed with the first Federal income tax return filed by the partnership on or after September 22, 2003. The election will be valid only if the partnership and its partners promptly amend any returns for open taxable years that would be affected by the election.

Special Analyses

It has been determined that this notice of proposed rulemaking is not a significant regulatory action as defined in Executive Order 12866. Therefore, a regulatory assessment is not required. It is hereby certified that these regulations will not have a significant economic impact on a substantial number of small entities. This certification is based upon the fact that few partnerships engage in the type of transactions that are subject to these regulations (assumptions of liabilities not described in section 752(a) and (b) from a partner). In addition, available data indicates that most partnerships that engage in the type of transactions that are subject to these regulations are large partnerships. Certain broad exceptions to the application of these regulations (including a de minimis exception) further limit the economic impact of these regulations on small entities. Therefore, a Regulatory Flexibility Analysis under the Regulatory Flexibility Act (5 U.S.C. chapter 6) is not required. Pursuant to section 7805(f) of the Code, this notice of proposed rulemaking will be submitted to the Chief Counsel for Advocacy of the Small Business Administration for comment on its impact on small business. Comments are sought as to the number of legitimate business transactions that will be affected by the proposed regulations. ***37439***

Drafting Information

The principal author of these regulations is Horace Howells, Office of Associate Chief Counsel (Passthroughs and Special Industries), IRS. However, other personnel from the IRS and Treasury Department participated in their development.

List of Subjects in 26 CFR Part 1

Income taxes, Reporting and record keeping requirements.

Adoption of Amendments to the Regulations

Accordingly, 26 CFR part 1 continues to read in part as follows:

PART 1--INCOME TAXES

1. The authority citation for part 1 continues to read in part as follows:

Authority: 26 U.S.C. 7805 * * *

Section 1.752-1(a) also issued under Public Law 106-554, 114 Stat. 2763, 2763A-638 (2001) * * *
Section 1.752-6 also issued under Public Law 106-554, 114 Stat. 2763, 2763A-638 (2001) * * *
Section 1.752-7 also issued under Public Law 106-554, 114 Stat. 2763, 2763A-638 (2001) * * *

26 CFR § 1.358-7

2. Section 1.358-7 is added to read as follows:

26 CFR § 1.358-7

§ 1.358-7 Transfers by partners and partnerships to corporations.

(a) Contributions of partnership interests. For purposes of section 358(h), a transfer of a partnership interest to a corporation is treated as a transfer of the partner's share of each of the partnership's assets and an assumption by the corporation of the partner's share of partnership liabilities (including section 358(h) liabilities, as defined in paragraph (d) of this section). See paragraph (e), Example 1 of this section.
(b) Contributions by partnerships. If a corporation assumes a section 358(h) liability from a partnership in an exchange to which section 358(a) applies, then, for purposes of applying section 705 (determination of basis of partner's interest) and § 1.704-1(b), any reduction, under section 358(h)(1), in the partnership's basis in corporate stock received in the transaction is treated as an expenditure of the partnership described in section 705(a)(2)(B). See paragraph (e), Example 2 of this section. This expenditure must be allocated among the partners in accordance with section 704(b) and (c) and § 1.752- 7(c). If a partner's share of the reduction, under section 358(h)(1), in the partnership's basis in corporate stock exceeds the partner's basis in the partnership interest, then the partner recognizes gain equal to the excess, which is treated as gain from the sale or exchange of a partnership interest. This paragraph does not apply to the extent that § 1.752-7(i)(4) applies to the assumption of the § 1.752-7 liability by the corporation.
(c) Assumption of section 358(h) liability by partnership followed by transfer of partnership interest or partnership property to a corporation--trade or business exception. Where a partnership assumes a section 358(h) liability from a partner and, subsequently, the partner transfers all or part of the partner's partnership interest to a corporation in an exchange to which section 358(a) applies, the section 358(h) liability is treated as associated only with the contribution made to the partnership by that partner. Similar rules apply where a partnership assumes a section 358(h) liability of a partner and a corporation subsequently assumes that section 358(h) liability from the partnership in an exchange to which section 358(a) applies. See paragraph (e), Example 1 of this section.
(d) Section 358(h) liabilities defined. For purposes of this section, section 358(h) liabilities are liabilities described in section 358(h)(3).
(e) Examples. The following examples illustrate the provisions of this section. Assume, for purposes of these examples, that the obligation assumed by the corporation does not reduce the shareholder's basis in the corporate stock under section 358(d). The examples are as follows:
Example 1. Contribution of partnership interest to corporation. In 2004, A contributes undeveloped land with a value and basis of $4,000,000 in exchange for a 50% interest in PRS and an assumption by PRS of $2,000,000 of pension liabilities from a separate business that A conducts. A's basis in the PRS interest immediately after the contribution is A's basis in the land, $4,000,000, unreduced by the amount of the

pension liabilities. PRS develops the land as a landfill. Before PRS has economically performed with respect to the pension liabilities, A contributes A's interest in PRS to Corporation X, in an exchange to which section 351 applies. At the time of the exchange, the value of A's PRS interest is $2,000,000, A's basis in PRS is $4,000,000, and A has no share of partnership liabilities other than the pension liabilities. For purposes of applying section 358(h), the contribution of the PRS interest to Corporation X is treated as a contribution to Corporation X of A's share of PRS assets and of A's share of the pension liabilities of PRS ($2,000,000). Because the pension liabilities were not assumed by PRS from A in an exchange in which either the trade or business associated with the liability or substantially all of the assets associated with the liability were transferred to PRS, the contribution of the PRS interest to Corporation X is not excepted from section 358(h) under section 358(h)(2). Under section 358(h), A's basis in the Corporation X stock is reduced by the $2,000,000 of pension liabilities.

Example 2. Contribution of partnership property to corporation. In 2004, in an exchange to which section 351 (a) applies, PRS, a cash basis taxpayer, contributes $2,000,000 cash to Corporation X, also a cash basis taxpayer, in exchange for Corporation X shares and the assumption by Corporation X of $1,000,000 of accounts payable incurred by PRS. At the time of the exchange, PRS has two partners, A, a 90% partner, who has a $2,000,000 basis in the PRS interest, and B, a 10% partner, who has a $50,000 basis in the PRS interest. Assume that, under section 358(h)(1), PRS's basis in the Corporation X stock is reduced by the accounts payable assumed by Corporation X ($1,000,000). Under paragraph (b) of this section, A's and B's bases in PRS must be reduced, but not below zero, by their respective shares of the section 358(h)(1) basis reduction. If either partner's share of the section 358(h)(1) basis reduction exceeds the partner's basis in the partnership interest, then the partner recognizes gain equal to the excess. A's share of the section 358(h) basis reduction is $900,000 (90% of $1,000,000). Therefore, A's basis in the PRS interest is reduced to $1,100,000 ($2,000,000--$900,000). B's share of the section 358(h) basis reduction is $100,000 (10% of $1,000,000). Because B's share of the section 358(h) basis reduction ($100,000) exceeds B's basis in the PRS interest ($50,000), B's basis in the PRS interest is reduced to $0 and B recognizes $50,000 of gain. This gain is treated as gain from the sale of the PRS interest.

(f) Effective date. This section applies to assumptions of liabilities by a corporation occurring on or after June 24, 2003.

26 CFR § 1.704-1

§ 1.704-1 [Amended]

26 CFR § 1.704-1

3. Section 1.704-1 is amended as follows:

1. Paragraph (b)(1)(ii) is amended by removing the language "The" at the beginning of the first sentence and adding "Except as otherwise provided in this section, the" in its place.

2. Paragraph (b)(2)(iv)(b)(2) is amended by removing the language "secured by such contributed property" in the parenthetical.

3. Paragraph (b)(2)(iv)(b)(2) is further amended by removing the language "under section 752" in the parenthetical.

4. Paragraph (b)(2)(iv)(b)(5) is amended by removing the language "secured by such distributed property" in the parenthetical.

5. Paragraph (b)(2)(iv)(b)(5) is further amended by removing the language "under section 752" in the parenthetical.

6. Paragraph (b)(2)(iv)(b) is further amended by adding a sentence at the end of the paragraph. ***37440** The addition reads as follows:

26 CFR § 1.704-1

§ 1.704-1 Partner's distributive share.

* * * * *

(b) * * *

(2) * * *

(iv) * * *

(b) * * * For liabilities assumed before June 24, 2003, references to liabilities in this paragraph (b)(2)(iv)(b) shall include only liabilities secured by the contributed or distributed property that are taken into account under section 752(a) and (b).

* * * * *

26 CFR § 1.704-2

§ 1.704-2 [Amended]

26 CFR § 1.704-2

4. In § 1.704-2, paragraph (b)(3) is amended by adding the language "or a § 1.752-7 liability (as defined in § 1.752-7(b)(2)(i)) assumed by the partnership from a partner on or after June 24, 2003" at the end of the sentence.

26 CFR § 1.705-1

5. Section 1.705-1 is amended by adding paragraph (a)(8) to read as follows:

26 CFR § 1.705-1

§ 1.705-1 Determination of basis of partner's interest.

(a) * * *
(8) For basis adjustments necessary to coordinate sections 705 and 358(h), see § 1.358-7(b). For certain basis adjustments with respect to a § 1.752-7 liability assumed by a partnership from a partner, see § 1.752-7.
* * * * *

26 CFR § 1.752-0

§ 1.752-0 [Amended]

26 CFR § 1.752-0

6. Section 1.752-0 is amended as follows:

26 CFR § 1.752-0

1. The section heading and introductory text of § 1.752-0 are revised.

26 CFR § 1.752-1

2. The entries for § 1.752-1(a)(1) through (a)(3) are redesignated as § 1.752-1(a)(2) through (a)(4).

26 CFR § 1.752-1

3. A new entry for § 1.752-1(a)(1) is added.

26 CFR § 1.752-1

4. The entries for § 1.752-1(a)(1)(i), (ii), (iii), and (iv) are added.

26 CFR § 1.752-6

26 CFR § 1.752-7

5. The entries for §§ 1.752-6 and 1.752-7 are added.
The revision and additions read as follows:

26 CFR § 1.752-0

§ 1.752-0 Table of contents.

This section lists the major captions that appear in §§ 1.752-1 through 1.752-7.

*§ 1.752-1 Treatment of partnership liabilities.*

(a) Definitions.
(1) Liability defined.
(i) In general.
(ii) Obligation.
(iii) Other liabilities.
(iv) Effective date.
* * * * *

*1.752-6 Partnership assumption of partner's § 358(h)(3) liability after October 18, 1999, and before June 24, 2003.*

(a) In general.
(b) Exceptions.
(1) In general.
(2) Transactions described in Notice 2000-44.
(c) Example.
(d) Effective date.
(1) In general.
(2) Election to apply § 1.752-7.

*§ 1.752-7 Partnership assumption of partner's § 1.752-7 liability on or after June 24, 2003.*

(a) General rules.
(1) Purpose and structure.
(2) Exception from disguised sale rules.
(b) Definitions.
(1) Assumption.
(2) § 1.752-7 liability.
(i) In general.
(ii) Amount and share of § 1.752-7 liability.
(3) § 1.752-7 liability partner.
(4) Remaining built-in loss associated with a § 1.752-7 liability.
(5) § 1.752-7 liability reduction.
(i) In general.
(ii) Partial dispositions and assumptions.
(6) § 1.752-7 liability transfer.
(7) Testing date.
(8) Trade or business.
(i) In general.
(ii) Trading and investment partnerships.
(A) In general.
(B) Financial instruments.
(iii) Examples.
(9) Adjusted value.
(c) Application of section 704(c) to assumed § 1.752-7 liabilities.
(1) In general.
(2) Example.
(d) Special rules for sales of partnership interests, distributions of partnership assets, and assumptions of the § 1.752-7 liability after a § 1.752-7 liability transfer.
(1) In general.
(2) Exceptions.
(i) In general.
(ii) Examples.
(e) Transfer of § 1.752-7 liability partner's partnership interest.
(1) In general.
(2) Examples.
(3) Exception for nonrecognition transactions.
(i) In general.

(ii) Examples.
(f) Distribution in liquidation of § 1.752-7 liability partner's partnership interest.
(1) In general.
(2) Example.
(g) Assumption of § 1.752-7 liability by a partner other than § 1.752-7 liability partner.
(1) In general.
(2) Consequences to § 1.752-7 liability partner.
(3) Consequences to partnership.
(4) Consequences to assuming partner.
(5) Example.
(h) Notification by the partnership (or successor) of the economic performance of the § 1.752-7 liability.
(i) Tiered partnerships.
(1) Look-through treatment.
(2) Trade or business exception.
(3) Partnership as a § 1.752-7 liability partner.
(4) Transfer of § 1.752-7 liability by partnership to another partnership or corporation after a transaction described in paragraphs (e), (f), or (g).
(i) In general.
(ii) Subsequent transfers.
(5) Example.
(j) Effective date.
(1) In general.
(2) Election to apply this section to assumptions of liabilities occurring after October 18, 1999 and before June 24, 2003.
(i) In general.
(ii) Manner of making election.
(iii) Filing of amended returns.
(iv) Time for making election.

26 CFR § 1.752-1

7. In § 1.752-1, paragraphs (a)(1) through (a)(3) are redesignated as paragraphs (a)(2) through (a)(4) and a new paragraph (a)(1) is added to read as follows:

26 CFR § 1.752-1

§ 1.752-1 Treatment of partnership liabilities.

(a) Definitions--(1) Liability defined--(i) In general. An obligation is a liability for purposes of section 752 and the regulations thereunder, only if and to the extent that incurring the obligation--
(A) Creates or increases the basis of any of the obligor's assets (including cash);
(B) Gives rise to an immediate deduction to the obligor; or
(C) Gives rise to an expense that is not deductible in computing the obligor's taxable income and is not properly chargeable to capital.
(ii) Obligation. For purposes of this paragraph and § 1.752-7, an obligation is any fixed or contingent obligation to make payment without regard to whether the obligation is otherwise taken into account for purposes of the Internal Revenue Code. Obligations include, but are not limited to, debt obligations, environmental obligations, tort obligations, contract obligations, pension obligations, obligations under a short sale, and obligations under derivative financial instruments such as options, forward contracts, and futures contracts.
(iii) Other liabilities. For obligations that are not liabilities as defined in paragraph (a)(1)(i) of this section, see §§ 1.752-6 and 1.752-7.
(iv) Effective date. This paragraph (a)(1) applies to liabilities that are incurred or assumed by a partnership on or after June 24, 2003.
* * * * *

26 CFR § 1.752-5

§ 1.752-5(a) [Amended]

26 CFR § 1.752-5

8. Section 1.752-5 is amended as follows:

26 CFR § 1.752-5

1. Paragraph 1.752-5(a) is amended by removing the language "Unless" at the beginning of the first sentence and adding "Except as otherwise provided in §§ 1.752-1 through 1.752-4, unless" in its place.

26 CFR § 1.752-6

9. Section 1.752-6 is added to read as follows:

26 CFR § 1.752-6

§ 1.752-6 Partnership assumption of partner's section 358(h)(3) liability after October 18, 1999, and before June 24, 2003.

The text of proposed § 1.752-6 is the same as the text of § 1.752-6T published elsewhere in this issue of the Federal Register.

26 CFR § 1.752-7

10. Section 1.752-7 is added to read as follows:

26 CFR § 1.752-7

§ 1.752-7 Partnership assumption of partner's § 1.752-7 liability on or after June 24, 2003.

(a) General rules--(1) Purpose and structure. The purpose of this section is to prevent the acceleration or duplication of loss through the assumption of obligations not described in § 1.752-1(a)(1) in transactions involving partnerships. Under paragraph (c) of this section, any such obligation that is assumed by a partnership from a partner in a transaction governed by section 721(a) must be taken into account by applying principles under section 704(c). Paragraphs (e), (f), and (g) of this section provide rules for situations where a partnership assumes such an obligation from a partner and, subsequently, that partner sells or exchanges all or part of the partnership interest, that partner receives a distribution in liquidation of the partnership interest, or another partner assumes part or all of that obligation from the partnership. These rules prevent the duplication of loss by prohibiting the partnership and any person other than the partner from whom the obligation was assumed from claiming a deduction or capital expense to the extent of the built-in loss associated with the obligation. These rules also prevent the acceleration of loss by deferring the partner's deduction or loss attributable to the obligation (if any) until economic performance occurs. Paragraph (d) of this section provides a number of exceptions to paragraphs (e), (f), and (g) of this section, including a de minimis exception. Paragraph (i) of this section provides special rules for tiered partnership transactions.

(2) Exception from disguised sale rules. The assumption of a § 1.752-7 liability is not treated as an assumption of a liability or as a transfer of cash for purposes of section 707(a)(2)(B).

(b) Definitions. For purposes of this section, the following definitions apply--

(1) Assumption. A person that takes property subject to a § 1.752-7 liability of another person is treated as assuming the § 1.752-7 liability, but only to the extent of the fair market value of the property taken subject to the § 1.752-7 liability.

(2) § 1.752-7 liability--(i) In general. A § 1.752-7 liability is an obligation (as defined in § 1.752-1(a)(1)(ii)) that is not described in § 1.752-1(a)(1)(i).

(ii) Amount and share of § 1.752-7 liability. The amount of a § 1.752-7 liability is the amount of cash that a willing assignor would pay to a willing assignee to assume the § 1.752-7 liability in an arm's-length transaction. A partner's share of a partnership's § 1.752-7 liability is the amount of deduction that would be allocated to the partner with respect to the § 1.752-7 liability if the partnership disposed of all of its assets, satisfied all of its liabilities (other than § 1.752-7 liabilities), and paid an unrelated person to assume all of its § 1.752-7 liabilities in a fully taxable arm's-length transaction (assuming such payment would give rise to an immediate deduction to the partnership).

(3) § 1.752-7 liability partner. A § 1.752-7 liability partner is a partner from whom a partnership assumes a § 1.752-7 liability as part of a § 1.752-7 liability transfer or any person who acquires a partnership interest from the § 1.752-7 liability partner in a transaction described in paragraph (e)(3) of this section. If a

partnership (lower-tier partnership) assumes a § 1.752-7 liability from another partnership (upper-tier partnership), then both the upper-tier partnership and the partners of the upper-tier partnership are § 1.752-7 liability partners. Therefore, paragraphs (e) and (f) of this section apply on a sale or liquidation of any partner's interest in the upper-tier partnership and on a sale or liquidation of the upper-tier partnership's interest in the lower-tier partnership. See paragraph (i)(3) of this section.

(4) Remaining built-in loss associated with a § 1.752-7 liability. The remaining built-in loss associated with a § 1.752-7 liability equals the amount of the § 1.752-7 liability as of the time of the assumption of the § 1.752-7 liability by the partnership, reduced by the portion of the § 1.752-7 liability previously taken into account by the § 1.752-7 liability partner under paragraph (i)(4) of this section and adjusted as provided in paragraph (c) of this section and § 1.704-3 for--

(i) Partnership allocations of loss or deduction with respect to the § 1.752-7 liability on or prior to the testing date; and

(ii) Any assumption of all or part of the § 1.752-7 liability by the § 1.752-7 liability partner (including any assumption that occurs on the testing date).

(5) § 1.752-7 liability reduction--(i) In general. The § 1.752-7 liability reduction is the amount by which the § 1.752-7 liability partner is required to reduce the basis in the partner's partnership interest by operation of paragraphs (e), (f), and (g) of this section. The § 1.752-7 liability reduction is the lesser of--

(A) The excess of the § 1.752-7 liability partner's basis in the partner's partnership interest over the adjusted value of that interest (as defined in paragraph (b)(9) of this section); or

(B) The remaining built-in loss associated with the § 1.752-7 liability.

(ii) Partial dispositions and assumptions. In the case of a partial disposition of the § 1.752-7 liability partner's partnership interest or a partial assumption of the § 1.752-7 liability by another partner, the § 1.752-7 liability reduction is pro rated based on the portion of the interest sold or the portion of the § 1.752-7 liability assumed.

(6) § 1.752-7 liability transfer. A § 1.752-7 liability transfer is any assumption of a § 1.752-7 liability by a partnership from a partner in a transaction governed by section 721(a).

(7) Testing date. The testing date is--

(i) For purposes of paragraph (e) of this section, the date of the sale, exchange, or other disposition of part or all of the § 1.752-7 liability partner's partnership interest;

(ii) For purposes of paragraph (f) of this section, the date of the partnership's distribution in liquidation of the § 1.752-7 liability partner's partnership interest; and

(iii) For purposes of paragraph (g) of this section, the date of the assumption (or partial assumption) of the § 1.752-7 liability by a partner other than the § 1.752-7 liability partner.

(8) Trade or business--(i) In general. A trade or business is a specific group of activities carried on by a person for the purpose of earning income or profit if the activities included in that group include every operation that forms a part of, or a step in, the process of earning income or profit. Such group of activities ordinarily includes the collection of income and the payment of expenses. Subject to paragraph (b)(8)(ii) ***37442** of this section, the group of activities must constitute the carrying on of a trade or business under section 162(a) (determined as though the activities were conducted by an individual).

(ii) Trading and investment partnerships--(A) In general. The activity of acquiring, holding, or disposing of financial instruments constitutes a trade or business for purposes of this paragraph (b)(8) if and only if the activity is conducted by an entity registered with the Securities and Exchange Commission as a management company under the Investment Company Act of 1940, as amended (15 U.S.C. 80a).

(B) Financial instruments. For purposes of paragraph (b)(8)(ii) of this section, financial instruments include stock in corporations; notes, bonds, debentures, or other evidences of indebtedness; interest rate, currency, or equity notional principal contracts; evidences of an interest in, or derivative financial instruments in, stock, securities, currencies, or commodities, including options, forward or futures contracts, or short positions; or any similar financial instrument.

(iii) Examples. The following examples illustrate the provisions of paragraph (b)(8) of this section:

Example 1. Corporation Y owns, manages, and derives rental income from an office building and also owns vacant land that may be subject to environmental liabilities. Corporation Y contributes the land subject to the environmental liabilities to PRS in a transaction governed by section 721(a). PRS plans to develop the land as a landfill. The contribution of the vacant land does not constitute the contribution of a trade or business because Corporation Y did not conduct any significant business or development activities with respect to the land prior to the contribution.

Example 2. For the past 5 years, Corporation X has owned and operated gas stations in City A, City B, and City C. Corporation X transfers all of the assets associated with the operation of the gas station in City A to PRS for interests in PRS and the assumption by PRS of the § 1.752-7 liabilities associated with that gas station. PRS continues to operate the gas station in City A after the contribution. The contribution of the gas station to PRS constitutes the contribution of a trade or business.

Example 3. For the past 7 years, Corporation Z has engaged in the manufacture and sale of household

products. Throughout this period, Corporation Z has maintained a research department for use in connection with its manufacturing activities. The research department has 10 employees actively engaged in the development of new products. Corporation Z contributes the research department to PRS in exchange for a PRS interest and the assumption by PRS of pension liabilities with respect to the employees of the research department. PRS continues the research operations on a contractual basis with several businesses, including Corporation Z. The contribution of the research operations to PRS constitutes a contribution of a trade or business.

(9) Adjusted value. The adjusted value of a partner's interest in a partnership is the fair market value of that interest increased by the partner's share of partnership liabilities under "'1.752-1 through 1.752-5.

(c) Application of section 704(c) to assumed § 1.752-7 liabilities--(1) In general. Any § 1.752-7 liability assumed by a partnership in a § 1.752-7 liability transfer is treated under section 704(c) principles as having a built-in loss equal to the amount of the § 1.752-7 liability as of the date of the partnership's assumption of the § 1.752-7 liability. Thus, items of deduction or loss with respect to the § 1.752-7 liability, if any, must be allocated, first, to the § 1.752-7 liability partner to the extent of the built-in loss. Deductions or losses with respect to the § 1.752-7 liability that exceed the built-in loss are shared among the partners in accordance with section 704(b) and the regulations thereunder.

(2) Example. The following example illustrates the provisions of this paragraph (c):

Example --(i) Facts. In 2004, A, B, and C form partnership PRS. A contributes Property 1 with a fair market value and basis of $400X, subject to a § 1.752-7 liability of $100X, for a 25% interest in PRS. B contributes $300X cash for a 25% interest in PRS, and C contributes $600X cash for a 50% interest in PRS. Assume that the partnership complies with the substantial economic effect safe harbor of § 1.704-1(b)(2). Under § 1.704-1(b)(2)(iv)(b), A's capital account is credited with $300X (the fair market value of Property 1, $400X, less the § 1.752-7 liability assumed by PRS, $100X). In 2005, PRS earns $200X of income and uses it to satisfy the § 1.752-7 liability. Assume that the cost to PRS of satisfying the § 1.752-7 liability is deductible by PRS. The $200X of partnership income is allocated according to the partnership agreement, $50X to A, $50X to B, and $100X to C.

ii. Analysis. Pursuant to paragraph (c) of this section, $100X of the deduction attributable to the economic performance of the § 1.752-7 liability is specially allocated to A, the § 1.752-7 liability partner, under section 704(c)(1)(A) and the regulations thereunder. No book item corresponds to this tax allocation. The remaining $100X of deduction attributable to economic performance of the § 1.752-7 liability is allocated, for both book and tax purposes, according to the partnership agreement, $25X to A, $25X to B, and $50X to C. If the partnership, instead, satisfied the § 1.752-7 liability over a number of years, the first $100X of deduction with respect to the § 1.752-7 liability would be allocated to A, the § 1.752-7 liability partner, before any deduction with respect to the § 1.752-7 liability would be allocated to the other partners. For example, if PRS were to satisfy $50X of the § 1.752-7 liability at a time when PRS reasonably believed that it would cost $200X to satisfy the § 1.752-7 liability in full, the $50X deduction with respect to the § 1.752-7 liability would be allocated to A for tax purposes only. No deduction would arise for book purposes. If PRS later paid a further $100X in satisfaction of the § 1.752-7 liability, $50X of the deduction with respect to the § 1.752-7 liability would be allocated, solely for tax purposes, to A and the remaining $50X would be allocated, for both book and tax purposes, according to the partnership agreement.

(d) Special rules for sales of partnership interests, distributions of partnership assets, and assumptions of the § 1.752-7 liability after a § 1.752-7 liability transfer--(1) In general. Except as provided in paragraph (d)(2) of this section, paragraphs (e), (f), and (g) of this section apply to certain partnership transactions occurring after a § 1.752-7 liability transfer.

(2) Exceptions--(i) In general. Paragraphs (e), (f), and (g) of this section do not apply--

(A) If the partnership assumes the § 1.752-7 liability as part of a contribution to the partnership of the trade or business with which the liability is associated, and the partnership continues to carry on that trade or business after the contribution (for the definition of a trade or business see paragraph (b)(8) of this section); or

(B) If, immediately before the testing date, the amount of the remaining built-in loss with respect to all § 1.752-7 liabilities assumed by the partnership (other than § 1.752-7 liabilities assumed by the partnership with an associated trade or business) in one or more § 1.752-7 liability transfers is less than the lesser of 10% of the gross value of partnership assets or $1,000,000.

(ii) Examples. The following examples illustrate the principles of this paragraph (d)(2):

Example 1. For the past 5 years, Corporation X, a C corporation, has been engaged in Business A and Business B. In 2004, Corporation X contributes Business A, in a transaction governed by section 721(a), to PRS in exchange for a PRS interest and the assumption by PRS of pension liabilities with respect to the employees engaged in Business A. PRS plans to carry on Business A after the contribution. Because PRS has assumed the pension liabilities as part of a contribution to PRS of the trade or business with which the liabilities are associated, paragraphs (e), (f), and (g) of this section do not apply to any transaction occurring after the § 1.752-7 liability transfer.

Example 2 --(i) Facts. The facts are the same as in Example 1, except that PRS also ***37443** assumes from Corporation X certain pension liabilities with respect to the employees of Business B. At the time of the assumption, the amount of the pension liabilities with respect to the employees of Business A is $3,000,000 (the A liabilities) and the amount of the pension liabilities associated with the employees of Business B (the B liabilities) is $2,000,000. Two years later, Corporation X sells its interest in PRS to Y for $9,000,000. At the time of the sale, the remaining built-in loss associated with the A liabilities is $2,100,000, the remaining built-in loss associated with the B liabilities is $900,000, and the gross value of PRS's assets (excluding § 1.752-7 liabilities) is $20,000,000. Assume that PRS has no § 1.752-7 liabilities other than those assumed from Corporation X.

(ii) Analysis. The only liabilities assumed by PRS from Corporation X that were not assumed as part of Corporation X's contribution of Business A were the B liabilities. Immediately before the testing date, the remaining built-in loss associated with the B liabilities ($900,000) was less than the lesser of 10% of the gross value of PRS's assets ($2,000,000) or $1,000,000. Therefore, paragraph (d)(2)(i)(B) of this section applies to exclude Corporation X's sale of the PRS interest to Y from the application of paragraph (e) of this section.

(e) Transfer of § 1.752-7 liability partner's partnership interest--(1) In general. Except as provided in paragraphs (d)(2) and (e)(3) of this section, immediately before the sale, exchange, or other disposition of all or a part of a § 1.752-7 liability partner's partnership interest, the § 1.752-7 liability partner's basis in the partnership interest is reduced by the § 1.752-7 liability reduction. No deduction or capital expense is allowed to the partnership on the economic performance of the § 1.752-7 liability to the extent of the remaining built-in loss associated with the § 1.752-7 liability. For purposes of section 705(a)(2)(B) and § 1.704- 1(b)(2)(ii)(b) only, the remaining built-in loss associated with the § 1.752-7 liability is not treated as a nondeductible, noncapital expenditure of the partnership. Therefore, the remaining partners' capital accounts and bases in their partnership interests are not reduced by the remaining built-in loss associated with the § 1.752-7 liability. If the partnership (or any successor) notifies the § 1.752-7 liability partner of the economic performance of the § 1.752-7 liability (as described in paragraph (h) of this section), then the § 1.752-7 liability partner is entitled to a loss or deduction. The amount of that deduction or loss is, in the case of a partial satisfaction of the § 1.752-7 liability, the amount paid by the partnership in satisfaction of the § 1.752-7 liability (but not more than the § 1.752-7 liability reduction) or, in the case of a complete satisfaction of the § 1.752-7 liability, the remaining § 1.752-7 liability reduction. To the extent of the amount paid in satisfaction of the § 1.752-7 liability, the character of that deduction or loss is determined as if the § 1.752-7 liability partner had satisfied the liability. To the extent that the § 1.752-7 liability reduction exceeds the amount paid in satisfaction of the § 1.752-7 liability, the character of the § 1.752-7 liability partner's loss is capital.

(2) Examples. The following examples illustrates the principles of paragraph (e)(1) of this section:

Example 1 --(i) Facts. In 2004, A, B, and C form partnership PRS. A contributes Property 1 with a fair market value of $5,000,000 and basis of $4,000,000 subject to a § 1.752-7 liability of $2,000,000 in exchange for a 25% interest in PRS. B contributes $3,000,000 cash in exchange for a 25% interest in PRS, and C contributes $6,000,000 cash in exchange for a 50% interest in PRS. In 2006, when PRS has a section 754 election in effect, A sells A's interest in PRS to D for $3,000,000. At the time of the sale, the basis of A's PRS interest is $4,000,000, the remaining built-in loss associated with the § 1.752-7 liability is $2,000,000, and PRS has no liabilities (as defined in § 1.752-1(a)(1)). Assume that none of the exceptions of paragraph (d)(2) of this section apply and that economic performance of the § 1.752-7 liability would have given rise to a deductible expense to A. In 2007, PRS pays $3,000,000 to satisfy the liability.

(ii) Sale of A's PRS interest. Immediately before the sale of the PRS interest to D, A's basis in the PRS interest is reduced (to $3,000,000) by the § 1.752-7 liability reduction, i.e., the lesser of the excess of A's basis in the PRS interest ($4,000,000) over the adjusted value of that interest ($3,000,000), $1,000,000, or the remaining built-in loss associated with the § 1.752-7 liability, $2,000,000. Therefore, A recognizes no gain or loss on the sale of the PRS interest to D. D's basis in the PRS interest is $3,000,000. D's share of the adjusted basis of partnership property equals D's interest in the partnership's previously taxed capital of $2,000,000 (the amount of cash that D would receive on a liquidation of the partnership, $3,000,000, increased by the amount of tax loss that would be allocated to D in the hypothetical transaction, $0, and reduced by the amount of tax gain that would be allocated to D in the hypothetical transaction, $1,000,000). Therefore, the basis adjustment under section 743(b) is $1,000,000.

(iii) Satisfaction of § 1.752-7 liability. Neither PRS nor any of its partners is entitled to a deduction for the economic performance of the § 1.752-7 liability to the extent of the remaining built-in loss associated with the § 1.752-7 liability ($2,000,000). PRS is entitled to a deduction, however, for the amount by which the cost of satisfying the § 1.752-7 liability exceeds the remaining built-in loss associated with the § 1.752-7 liability. Therefore, in 2007, PRS may deduct $1,000,000 (cost to satisfy the § 1.752-7 liability, $3,000,000, less the remaining built-in loss associated with the § 1.752-7 liability, $2,000,000). If PRS notifies A of the economic performance of the § 1.752-7 liability, then A is entitled to an ordinary deduction in 2007 of

$1,000,000 (the § 1.752-7 liability reduction).

Example 2 --The facts are the same as in Example 1 except that, at the time of A's sale of the PRS interest to D, PRS has a nonrecourse liability of $4,000,000, of which A's share is $1,000,000. A's basis in PRS is $5,000,000. At the time of the sale of the PRS interest to D, the adjusted value of A's interest is $4,000,000 (the fair market value of the interest ($3,000,000), increased by A's share of partnership liabilities ($1,000,000)). The difference between the basis of A's interest ($5,000,000) and the adjusted value of that interest ($4,000,000) is $1,000,000. Therefore, the § 1.752-7 liability reduction is $1,000,000 (the lesser of this difference or the remaining built-in loss associated with the § 1.752-7 liability, $2,000,000). Immediately before the sale of the PRS interest to D, A's basis is reduced sfrom $5,000,000 to $4,0000,000. A's amount realized on the sale of the PRS interest to D is $4,000,000 ($3,000,000 paid by D, increased under section 752(d) by A's share of partnership liabilities, or $1,000,000). Therefore, A recognizes no gain or loss on the sale. D's basis in the PRS interest is $4,000,000. Because D's share of the adjusted basis of partnership property is $3,000,000 (D's share of the partnership's previously taxed capital, $2,000,000, plus D's share of partnership liabilities, $1,000,000), the basis adjustment under section 743(b) is $1,000,000.

(3) Exception for nonrecognition transactions--(i) In general. Paragraph (e)(1) of this section does not apply where a § 1.752-7 liability partner transfers all or part of the partner's partnership interest in a transaction in which the transferee's basis in the partnership interest is determined in whole or in part by reference to the transferor's basis in the partnership interest. In addition, paragraph (e)(1) of this section does not apply to a distribution of an interest in the partnership that has assumed the § 1.752-7 liability by a partnership that is the § 1.752-7 liability partner.

(ii) Examples. The following examples illustrate the provisions of this paragraph (e)(3):

Example 1-- (i) Facts. In 2004, X contributes undeveloped land with a value and basis of $2,000,000 and subject to environmental liabilities of $1,500,000 to partnership LTP in exchange for a 50% interest in LTP. LTP develops the land as a landfill. In 2005, in a transaction governed by section 721(a), X contributes the LTP interest to UTP in exchange for a 50% interest in UTP. In 2008, X sells the UTP interest to A for $500,000. At the time of the sale, X's basis in UTP is $2,000,000, the remaining built-in ***37444** loss associated with the environmental liability is $1,500,000, and the gross value of UTP's assets is $2,500,000. The environmental liabilities were not assumed by LTP as part of a contribution by X to LTP of a trade or business with which the liabilities were associated. (See paragraph (b)(8)(iii), Example 1 of this section.)

(ii) Analysis. Because UTP's basis in the LTP interest is determined by reference to X's basis in the LTP interest, X's contribution of the LTP interest to UTP is exempted from the rules of paragraph (e)(1) of this section. Under paragraph (i)(1) of this section, X's contribution of the LTP interest to UTP is treated as a contribution of X's share of the assets of LTP and UTP's assumption of X's share of the LTP liabilities (including § 1.752- 7 liabilities). Therefore, X's transfer of the LTP interest to UTP is a § 1.752-7 liability transfer. The § 1.752-7 liabilities deemed transferred by X to UTP are not associated with a trade or business transferred to UTP for purposes of paragraph (d)(2)(i)(A) of this section, because they were not associated with a trade or business transferred by X to LTP as part of the original § 1.752-7 liability transfer. See paragraph (i)(2) of this section. Because none of the exceptions described in paragraph (d)(2) of this section apply to X's taxable sale of the UTP interest to A in 2008, paragraph (e)(1) of this section applies to that sale.

Example 2. The facts are the same as in Example 1, except that, rather than transferring the LTP interest to UTP in 2005, X contributes the LTP interest to Corporation Y in an exchange to which section 351 applies. Because Corporation Y's basis in the LTP interest is determined by reference to X's basis in that interest, X's contribution of the LTP interest is exempted from the rules of paragraph (e)(1) of this section. But see section 358(h) and § 1.358-7.

(f) Distribution in liquidation of § 1.752-7 liability partner's partnership interest--(1) In general. Except as provided in paragraph (d)(2) of this section, immediately before a distribution in liquidation of a § 1.752- 7 liability partner's partnership interest, the § 1.752-7 liability partner's basis in the partnership interest is reduced by the § 1.752-7 liability reduction. This rule applies before section 737. No deduction or capital expense is allowed to the partnership on the economic performance of the § 1.752-7 liability to the extent of the remaining built-in loss associated with the § 1.752-7 liability. For purposes of section 705(a)(2)(B) and § 1.704-1(b)(2)(ii)(b) only, the remaining built-in loss associated with the § 1.752-7 liability is not treated as a nondeductible, noncapital expenditure of the partnership. Therefore, the remaining partners' capital accounts and bases in their partnership interests are not reduced by the remaining built-in loss associated with the § 1.752-7 liability. If the partnership (or any successor) notifies the § 1.752-7 liability partner of the economic performance of the § 1.752-7 liability (as described in paragraph (h) of this section), then the § 1.752-7 liability partner is entitled to a loss or deduction. The amount of that deduction or loss is, in the case of a partial satisfaction of the § 1.752-7 liability, the amount paid by the partnership in satisfaction of the § 1.752-7 liability (but not more than the § 1.752-7 liability reduction) or, in the case of a complete satisfaction of the § 1.752-7 liability, the remaining § 1.752-7 liability reduction. To the extent of the amount paid in satisfaction of the § 1.752-7 liability, the character of that deduction or loss is determined as if the §

1.752-7 liability partner had satisfied the liability. To the extent that the § 1.752-7 liability reduction exceeds the amount paid in satisfaction of the § 1.752-7 liability, the character of the § 1.752-7 liability partner's loss is capital.

(2) Example. The following example illustrates the provision of this paragraph (f):

Example --(i) Facts. In 2004, A, B, and C form partnership PRS. A contributes Property 1 with a fair market value and basis of $5,000,000 subject to a § 1.752-7 liability of $2,000,000 for a 25% interest in PRS. B contributes $3,000,000 cash for a 25% interest in PRS, and C contributes $6,000,000 cash for a 50% interest in PRS. In 2012, when PRS has a section 754 election in effect, PRS distributes Property 2, which has a basis and fair market value of $3,000,000, to A in liquidation of A's PRS interest. At the time of the distribution, the fair market value of A's PRS interest is $3,000,000, the basis of that interest is $5,000,000, and the remaining built-in loss associated with the § 1.752-7 liability is $2,000,000. Assume that none of the exceptions of paragraph (d)(2) of this section apply to the distribution and that the economic performance of the § 1.752-7 liability would have given rise to a deductible expense to A. In 2013, PRS pays $1,000,000 to satisfy the entire § 1.752-7 liability.

(ii) Redemption of A's PRS interest. Immediately before the distribution of Property 2 to A, A's basis in the PRS interest is reduced (to $3,000,000) by the § 1.752-7 liability reduction, i.e., the lesser of the excess of A's basis in the PRS interest over the adjusted value of that interest ($2,000,000) or the remaining built-in loss associated with the § 1.752-7 liability ($2,000,000). Therefore, A's basis in Property 2 under section 732 (b) is $3,000,000. Because this is the same as the partnership's basis in Property 2 immediately before the distribution, the partnership's basis adjustment under section 734(b) is $0.

(iii) Satisfaction of § 1.752-7 liability. PRS is not entitled to a deduction for the economic performance of the § 1.752-7 liability to the extent of the remaining built-in loss associated with the § 1.752-7 liability ($2,000,000). Because this amount exceeds the amount paid by PRS to satisfy the § 1.752-7 liability ($1,000,000), PRS is not entitled to any deduction for the § 1.752-7 liability in 2013. If, however, PRS notifies A of the economic performance of the § 1.752-7 liability, then A is entitled to an ordinary deduction in 2013 of $1,000,000 (the amount paid in satisfaction of the § 1.752-7 liability) and a capital loss of $1,000,000 (the remaining § 1.752-7 liability reduction).

(g) Assumption of § 1.752-7 liability by a partner other than § 1.752-7 liability partner--(1) In general. Except as provided in paragraph (d)(2) of this section, section 704(c)(1)(B) does not apply to an assumption of a § 1.752-7 liability from a partnership by a partner other than the § 1.752-7 liability partner. Instead, this paragraph (g) applies. The rules of paragraph (g)(2) of this section apply only if the § 1.752-7 liability partner is a partner in the partnership at the time of the assumption of the § 1.752-7 liability. The rules of paragraphs (g)(3) and (4) of this section apply to any assumption of the § 1.752-7 liability by a partner other than the § 1.752-7 liability partner, whether or not the § 1.752-7 liability partner is a partner in the partnership at the time of the assumption.

(2) Consequences to § 1.752-7 liability partner. If, at the time of an assumption of a § 1.752-7 liability from a partnership by a partner other than the § 1.752-7 liability partner, the § 1.752-7 liability partner remains a partner in the partnership, then the § 1.752-7 liability partner's basis in the partnership interest is reduced by the § 1.752-7 liability reduction. If the assuming partner (or any successor) notifies the § 1.752- 7 liability partner of the economic performance of the § 1.752-7 liability (as described in paragraph (h) of this section), then the § 1.752-7 liability partner is entitled to a deduction or loss. The amount of that deduction or loss is, in the case of a partial satisfaction of the § 1.752-7 liability, the amount paid by the partnership in satisfaction of the § 1.752-7 liability (but not more than the § 1.752-7 liability reduction) or, in the case of a complete satisfaction of the § 1.752-7 liability, the remaining § 1.752-7 liability reduction. To the extent of the amount paid in satisfaction of the § 1.752-7 liability, the character of that deduction or loss is determined as if the § 1.752-7 liability partner had satisfied the liability. To the extent that the § 1.752-7 liability reduction exceeds the amount paid in satisfaction of the § 1.752-7 liability, the character of the § 1.752-7 liability partner's loss is capital.

(3) Consequences to partnership. Immediately after the assumption of the § 1.752-7 liability from the partnership by a partner other than the § 1.752-7 ***37445** liability partner, the partnership must reduce the basis of partnership assets by the remaining built-in loss associated with the § 1.752-7 liability. The reduction in the basis of partnership assets must be allocated among partnership assets as if that adjustment were a basis adjustment under section 734(b).

(4) Consequences to assuming partner. No deduction or capital expense is allowed to an assuming partner (other than the § 1.752-7 liability partner) on the economic performance of a § 1.752-7 liability assumed from a partnership to the extent of the remaining built-in loss associated with the § 1.752-7 liability. Instead, on economic performance of the § 1.752-7 liability, the assuming partner must adjust the basis of the partnership interest, any assets (other than cash, accounts receivable, or inventory) distributed by the partnership to the partner, or gain or loss on the disposition of the partnership interest, as the case may be. These adjustments are determined as if the assuming partner's basis in the partnership interest at the time of the assumption were increased by the lesser of the amount paid to satisfy the § 1.752-7 liability or the

remaining built-in loss associated with the § 1.752-7 liability. However, the assuming partner cannot take into account any adjustments to depreciable basis, reduction in gain, or increase in loss until economic performance of the § 1.752-7 liability. Any adjustment to the basis of an asset under this provision is taken into account over the recovery period of that asset.
(5) Example. The following example illustrates the provisions of this paragraph (g):
Example --(i) Facts. In 2004, A, B, and C form partnership PRS. A contributes Property 1, a nondepreciable capital asset with a fair market value and basis of $5,000,000, in exchange for a 25% interest in PRS and assumption by PRS of a § 1.752-7 liability of $2,000,000. B contributes $3,000,000 cash for a 25% interest in PRS, and C contributes $6,000,000 cash for a 50% interest in PRS. PRS uses the cash contributed to purchase Property 2. In 2007, PRS distributes Property 1, subject to the § 1.752-7 liability to B in liquidation of B's interest in PRS. At the time of the distribution, A's interest in PRS has a value of $3,000,000 and a basis of $5,000,000, and B's interest in PRS has a value and basis of $3,000,000. Also at that time, Property 1 has a value and basis of $5,000,000, Property 2 has a value and basis of $9,000,000, and the remaining built-in loss associated with the § 1.752-7 liability is $2,000,000. Assume that none of the exceptions of paragraph (d)(2)(i) of this section apply to the assumption of the § 1.752-7 liability by B and that economic performance of the § 1.752-7 liability would have given rise to a deductible expense to A. In 2010, B pays $1,000,000 to satisfy the entire § 1.752-7 liability. At that time, B still owns Property 1, which has a basis of $3,000,000.
(ii) Assumption of § 1.752-7 liability by B. Section 704(c)(1)(B) does not apply to the assumption of the § 1.752-7 liability by B. Instead, A's basis in the PRS interest is reduced (to $3,000,000) by the § 1.752-7 liability reduction, i.e., the lesser of the excess of A's basis in the PRS interest over the adjusted value of that interest ($2,000,000), or the remaining built-in loss associated with the § 1.752-7 liability as of the time of the assumption ($2,000,000). PRS's basis in Property 2 is reduced (to $7,000,000) by the $2,000,000 remaining built-in loss associated with the § 1.752-7 liability. B's basis in Property 1 under section 732(b) is $3,000,000 (B's basis in the PRS interest). This is $2,000,000 less than PRS's basis in Property 1 before the distribution of Property 1 to B. If PRS has a section 754 election in effect for 2007, PRS may increase the basis of Property 2 under section 734(b) by $2,000,000.
(iii) Satisfaction of § 1.752-7 liability. B is not entitled to a deduction for the economic performance of the § 1.752-7 liability in 2010 to the extent of the remaining built-in loss associated with the § 1.752-7 liability as of the time of the assumption ($2,000,000). As this amount exceeds the amount paid by B to satisfy the § 1.752-7 liability, B is not entitled to any deduction for the § 1.752-7 liability in 2010. B may, however, increase the basis of Property 1 by the lesser of the remaining built-in loss associated with the § 1.752-7 liability ($2,000,000) or the amount paid to satisfy the § 1.752-7 liability ($1,000,000). Therefore, B's basis in Property 1 is increased to $4,000,000. If B notifies A of the economic performance of the § 1.752-7 liability, then A is entitled to an ordinary deduction in 2010 of $1,000,000 (the amount paid in satisfaction of the § 1.752-7 liability) and a capital loss of $1,000,000 (the remaining § 1.752-7 liability reduction).
(h) Notification by the partnership (or successor) of the economic performance of the § 1.752-7 liability. For purposes of paragraphs (e), (f), and (g) of this section, notification by the partnership (or successor) of the economic performance of the § 1.752-7 liability must be attached to the § 1.752-7 liability partner's return for the year in which the loss is being claimed and must include--
(1) The amount paid in satisfaction of the § 1.752-7 liability, and whether the amounts paid were in partial or complete satisfaction of the § 1.752-7 liability;
(2) The name and address of the person satisfying the § 1.752-7 liability;
(3) The date of the payment on the § 1.752-7 liability; and
(4) The character of the loss with respect to the § 1.752-7 liability.
(i) Tiered partnerships--(1) Look-through treatment. For purposes of this section, a contribution by a partner of an interest in a partnership (lower-tier partnership) to another partnership (upper-tier partnership) is treated as a contribution of the partner's share of each of the lower-tier partnership's assets and an assumption by the upper-tier partnership of the partner's share of the lower-tier partnership's liabilities (including § 1.752-7 liabilities). See paragraph (e)(3)(ii), Example 1 of this section. In addition, a partnership is treated as having its share of any § 1.752-7 liabilities of the partnerships in which it has an interest.
(2) Trade or business exception. If a partnership (upper-tier partnership) assumes a § 1.752-7 liability of a partner, and, subsequently, another partnership (lower-tier partnership) assumes that § 1.752-7 liability from the upper-tier partnership, then the § 1.752-7 liability is treated as associated only with any trade or business contributed to the upper-tier partnership by the § 1.752-7 liability partner. The same rule applies where a partnership assumes a § 1.752-7 liability of a partner, and, subsequently, the § 1.752-7 liability partner transfers that partnership interest to another partnership. See paragraph (e)(3)(ii), Example 1 of this section.
(3) Partnership as a § 1.752-7 liability partner. If a transaction described in paragraph (e), (f), or (g) of this section occurs with respect to a partnership (upper-tier partnership) that is a § 1.752-7 liability partner of another partnership (lower-tier partnership), then such transaction will also be treated as a transaction

described in paragraph (e), (f), or (g) of this section, as appropriate, with respect to the partners of the upper-tier partnership, regardless of whether the upper-tier partnership assumed the § 1.752-7 liability from those partners. (See paragraph (b)(3) of this section for rules relating to the treatment of transactions by the partners of the upper-tier partnership.) In such a case, the § 1.752-7 liability reduction with respect to each partner in the upper-tier partnership is equal to that partner's share of the § 1.752-7 liability. The partners of the upper-tier partnership at the time of the transaction described in paragraph (e), (f), or (g) of this section, and not the upper-tier partnership, are entitled to the loss or deduction on the economic performance of the § 1.752-7 liability. Similar principles apply where the upper-tier partnership is itself owned by one or a series of partnerships. This paragraph does not apply to the extent that § 1.752-7(i)(4) applies to the assumption of the § 1.752-7 liability by the lower-tier partnership. ***37446**

(4) Transfer of § 1.752-7 liability by partnership to another partnership or corporation after a transaction described in paragraphs (e),(f), or (g)--(i) In general. If, after a transaction described in paragraphs (e), (f), or (g) of this section with respect to a § 1.752-7 liability assumed by a partnership (the upper-tier partnership), another partnership or a corporation assumes the § 1.752-7 liability from the upper-tier partnership (or the assuming partner) in a transaction in which the basis of property is determined, in whole or in part, by reference to the basis of the property in the hands of the upper-tier partnership (or assuming partner), then--

(A) The upper-tier partnership (or assuming partner) must reduce its basis in any corporate stock or partnership interest received by the remaining built-in loss associated with the § 1.752-7 liability (but the partners of the upper-tier partnership do not reduce their bases or capital accounts in the upper-tier partnership); and

(B) No deduction or capital expense is allowed to the assuming partnership or corporation on the economic performance of the § 1.752-7 liability to the extent of the remaining built-in loss associated with the § 1.752-7 liability.

(ii) Subsequent transfers. Similar rules apply to subsequent assumptions of the § 1.752-7 liability in transactions in which the basis of property is determined, in whole or in part, by reference to the basis of the property in the hands of the transferor. If, subsequent to an assumption of the § 1.752-7 liability by a partnership in a transaction to which paragraph (i)(4)(i) of this section applies, the § 1.752-7 liability is assumed from the partnership by a partner other than the partner from whom the partnership assumed the § 1.752-7 liability, then the rules of paragraph (g)(4) of this section apply.

(5) Example. The following example illustrates the provisions of paragraphs (i)(3) and (i)(4) of this section. Example --(i) Assumption of § 1.752-7 liability by UTP and transfer of § 1.752-7 liability partner's interest in UTP.

In 2004, A, B, and C form partnership UTP. A contributes Property 1 with a fair market value and basis of $5,000,000 subject to a § 1.752-7 liability of $2,000,000 in exchange for a 25% interest in UTP. B contributes $3,000,000 cash in exchange for a 25% interest in UTP, and C contributes $6,000,000 cash in exchange for a 50% interest in UTP. UTP invests the $9,000,000 cash in Property 2. In 2006, A sells A's interest in UTP to D for $3,000,000. At the time of the sale, the basis of A's UTP interest is $5,000,000, the remaining built-in loss associated with the § 1.752-7 liability is $2,000,000, and UTP has no liabilities other than § 1.752-7 liabilities. Assume that none of the exceptions of paragraph (d)(2) of this section apply and that economic performance of the § 1.752-7 liability would give rise to a deductible expense to the payor. Under paragraph (e) of this section, immediately before the sale of the UTP interest to D, A's basis in UTP is reduced to $3,000,000 by the $2,000,000 § 1.752-7 liability reduction. Therefore, A recognizes no gain or loss on the sale of the UTP interest to D. D's basis in the UTP interest is $3,000,000.

(ii) Assumption of § 1.752-7 liability by LTP from UTP. In 2008, at a time when the estimated amount of the § 1.752-7 liability has increased to $3,500,000, UTP contributes Property 1 and Property 2, subject to the § 1.752-7 liability, to LTP in exchange for a 50% interest in LTP. At the time of the contribution, Property 1 still has a value and basis of $5,000,000 and Property 2 still has a value and basis of $9,000,000. UTP's basis in LTP under section 722 is $14,000,000. Under paragraph (i)(4) of this section, UTP must reduce its basis in LTP by the $2,000,000 remaining built-in loss associated with the § 1.752-7 liability (as of the time of the sale of the UTP interest by A). The partners in UTP are not required to reduce their bases in UTP by this amount.

(iii) Sale by UTP of LTP interest. In 2010, UTP sells its interest in LTP to E for $10,500,000. At the time of the sale, Property 1 still has a value and basis of $5,000,000, Property 2 still has a value and basis of $9,000,000, and the remaining built-in loss associated with the § 1.752-7 liability is still $3,500,000. Under paragraph (e) of this section, immediately before the sale, UTP must reduce its basis in the LTP interest by the § 1.752-7 liability reduction. Under paragraph (a)(4) of this section, the remaining built-in loss associated with the § 1.752-7 liability is $1,500,000 (remaining built-in loss associated with the § 1.752-7 liability, $3,500,000, reduced by the amount of the § 1.752-7 liability taken into account under paragraph (i)(4) of this section, $2,000,000). The difference between the basis of the LTP interest held by UTP ($12,000,000) and the adjusted value of that interest ($10,500,000) is also $1,500,000. Therefore, the §

1.752-7 liability reduction is $1,500,000 and UTP's basis in the LTP interest must be reduced to $10,500,000. In addition, UTP's partners must reduce their bases in their UTP interests by their proportionate shares of the § 1.752-7 liability reduction. Thus, the basis of each of B's and D's interest in UTP must be reduced by $375,000 and the basis of C's interest in UTP must be reduced by $750,000. In 2011, D sells the UTP interest to F.

(iv) Economic performance of § 1.752-7 liability by LTP. In 2012, LTP pays $3,500,000 to satisfy the § 1.752-7 liability. Under paragraphs (e) and (i)(4) of this section, LTP is not entitled to any deduction with respect to the § 1.752-7 liability. Under paragraph (i)(3) of this section, UTP also is not entitled to any deduction with respect to the § 1.752-7 liability. If LTP notifies A, B, C and D of the economic performance of the § 1.752-7 liability, then A is entitled to a deduction in 2012 of $2,000,000, B and D are each entitled to deductions in 2012 of $375,000, and C is entitled to a deduction in 2012 of $750,000.

(j) Effective date--(1) In general. This section applies to § 1.752-7 liability transfers occurring on or after June 24, 2003.

(2) Election to apply this section to assumptions of liabilities occurring after October 18, 1999 and before June 24, 2003--(i) In general. A partnership may elect to apply this section to assumptions of liabilities (including § 1.752-7 liabilities) occurring after October 18, 1999, and before June 24, 2003. Such an election is binding on the partnership and all of its partners. A partnership making such an election must apply all of the provisions of these proposed regulations (other than § 1.752-6).

(ii) Manner of making election. A partnership makes an election under this paragraph (j)(2) by attaching the following statement to its timely filed return: "[Insert name and employer identification number of electing partnership] elects under § 1.752-7 of the Income Tax Regulations to be subject to the rules of § 1.358-7, 1.752-7, § 1.704-1(b)(2)(iv)(b), 1.704-2(b)(3), 1.705-1(a)(7), and 1.752-1 with respect to all liabilities (including § 1.752-7 liabilities) assumed by the partnership after October 18, 1999 and before June 24, 2003. In the statement, the partnership must list, with respect to each liability (including each § 1.752-7 liability) assumed by the partnership after October 18, 1999 and before June 24, 2003--

(A) The name, address, and taxpayer identification number of the partner from whom the liability was assumed;

(B) The date on which the liability was assumed by the partnership;

(C) The amount of the liability as of the time of its assumption; and

(D) A description of the liability.

(iii) Filing of amended returns. An election under this paragraph (j)(2) will be valid only if the partnership and its partners promptly amend any returns for open taxable years that would be affected by the election.

(iv) Time for making election. An election under this paragraph (j)(2) must be filed with the first Federal income tax return filed by the partnership on or after September 24, 2003.

David A. Mader,

Assistant Deputy Commissioner of Internal Revenue.

[FR Doc. 03-15282 Filed 6-23-03; 8:45 am]

BILLING CODE 4830-01-P ***37447***

68 FR 37434-01, 2003-28 I.R.B. 60, 2003 WL 21438920 (F.R.), 2003-2 C.B. 60
END OF DOCUMENT

(C) 2008 Thomson/West. No Claim to Orig. US Gov. Works.