106TH CONGRESS
*1st Session*

SENATE

REPORT
106–120

# TAXPAYER REFUND ACT OF 1999

---

## REPORT

OF THE

## COMMITTEE ON FINANCE
## UNITED STATES SENATE

TO ACCOMPANY

S. 1429

together with

MINORITY AND ADDITIONAL VIEWS

A BILL TO PROVIDE FOR RECONCILIATION PURSUANT TO SECTION 104 OF THE CONCURRENT RESOLUTION ON THE BUDGET FOR FISCAL YEAR 2000

JULY 23 (legislative day, JULY 26), 1999.—Ordered to be printed

---

U.S. GOVERNMENT PRINTING OFFICE
WASHINGTON : 1999

58-113

PENGAD-Bayonne, N.J.
GOVERNMENT
EXHIBIT
Appendix A6

if the employer maintaining the plan was not an S corporation on such date, the provision is effective with respect to plan years ending after July 14, 1999.

8. Modify anti-abuse rules related to assumption of liabilities (sec. 1318 of the bill and sec. 357 of the Code)

PRESENT LAW

Generally, no gain or loss is recognized if property is exchanged for stock of a controlled corporation. The transferor may recognize gain to the extent other property ("boot") is received by the transferor. The assumption of liabilities by the transferee generally is not treated as boot received by the transferor. The assumption of a liability is treated as boot to the transferor, however, "[i]f, taking into consideration the nature of the liability and the circumstances in the light of which the arrangement for the assumption or acquisition was made, it appears that the principal purpose of the taxpayer . . . was a purpose to avoid Federal income tax on the exchange, or . . . if not such purpose, was not a bona fide business purpose." Sec. 357(b). Thus, this exception requires that the principal purpose of having the transferee assume the liability was the avoidance of tax on the exchange.

The transferor's basis in the stock of the transferee received in the exchange is reduced by the amount of any liability assumed, but generally increased in the amount of any gain recognized by the transferor on the exchange. If the transferee assumes liabilities in excess of the basis of assets transferred, the transferor recognizes gain in the amount of the excess. However, this gain recognition rule does not apply if the assumption of a liability is treated as boot under the tax avoidance rule. Stock basis is reduced, however, for an assumption. For other liabilities (where the assumption is not treated as boot under the tax avoidance rule), no gain recognition or basis reduction is required for the assumption of a liability that would give rise to a deduction.

Similar rules apply in connection with certain tax-free reorganizations.

REASONS FOR CHANGE

The Committee is concerned that the anti-abuse rule related to the assumption of liabilities may be inadequate to address the concerns that underlie the provision, given the high standard before it is applicable. A standard of "the" principal purpose may be difficult to prove. In addition, taxpayers may contend that the "exchange" itself is not the tax-avoidance transaction, even though the exchange may make the tax avoidance possible.

As one example of a transaction that concerns the Committee, a transferor corporation may transfer assets with a fair market value basis (as one example, a note of another member of the corporate group) in exchange for preferred stock of the transferee corporation, plus the transferee's assumption of a contingent liability that is deductible in the future, but capable of current valuation. The transferor claims a high basis for the stock of the transferee held with respect to this transfer, because the basis of the assets is taken into account, while the taxpayer contends that the assumed liabil-

as not an S corporation on
respect to plan years end-

umption of liabilities (sec.
ode)

d if property is exchanged
transferor may recognize
) is received by the trans-
he transferee generally is
sferor. The assumption of
eror, however, "[i]f, taking
lity and the circumstances
the assumption or acqui-
ncipal purpose of the tax-
ral income tax on the ex-
not a bona fide business
on requires that the prin-
sume the liability was the

the transferee received in
of any liability assumed,
of any gain recognized by
nsferee assumes liabilities
red, the transferor recog-
owever, this gain recogni-
n of a liability is treated
ck basis is reduced, how-
es (where the assumption
idance rule), no gain rec-
r the assumption of a li-

certain tax-free reorga-

SE

nti-abuse rule related to
quate to address the con-
the high standard before
ipal purpose may be dif-
y contend that the "ex-
nsaction, even though the
ible.
ncerns the Committee, a
with a fair market value
member of the corporate
e transferee corporation,
gent liability that is de-
nt valuation. The trans-
the transferee held with
of the assets is taken
that the assumed liabil-



ity does not reduce stock basis under current law. However, the value of the transferee stock in the hands of the transferor is nominal, because of the liability that offsets virtually all the value of the assets. The transferor may then attempt to accelerate the deduction that would be attributable to the liability, by selling or exchanging the transferee stock at a loss. Furthermore, the transferee (which may still be a member of the consolidated group filing a tax return with the transferor) might take the position that it is entitled to deduct the payments on the liability, effectively duplicating the deduction attributable to the liability.

The Committee believes that a change in the standard under section 357(b) is desirable, to affect transactions where the taxpayer has "a principal purpose" of tax avoidance. A taxpayer may have "a principal purpose" of tax avoidance even though it is outweighed by other purposes (taken together or separately).

### EXPLANATION OF PROVISION

The provision deletes the limitation that the assumption of liabilities anti-abuse rule only applies to tax avoidance on the exchange itself, and changes "the principal purpose" standard to "a principal purpose." The provision also affects the basis rule that requires a decrease in the transferor's basis in the transferee's stock when a liability, the payment of which would give rise to a deduction, is treated as boot under the anti-abuse rule.[75]

### EFFECTIVE DATE

The provision is effective for assumptions of liabilities on or after July 15, 1999.

## 9. Require consistent treatment and provide basis allocation rules for transfers of intangibles in certain nonrecognition transactions (sec. 1319 of the bill and secs. 351 and 721 of the Code)

### PRESENT LAW

Generally, no gain or loss is recognized if one or more persons transfer property to a corporation solely in exchange for stock in the corporation and, immediately after the exchange such person or persons are in control of the corporation. Similarly, no gain or loss is recognized in the case of a contribution of property in exchange for a partnership interest. Neither the Internal Revenue Code nor the regulations provide the meaning of the requirement that a person "transfer property" in exchange for stock (or a partnership interest). The Internal Revenue Service interprets the requirement consistent with the "sale or other disposition of property" language in the context of a taxable disposition of property. See, e.g., Rev. Rul. 69–156, 1969–1 C.B. 101. Thus, a transfer of less than "all substantial rights" to use property will not qualify as a tax-free exchange and stock received will be treated as payments for the use of property rather than for the property itself. These amounts are characterized as ordinary income. However, the Claims Court has rejected the Service's position and held that the transfer of a non-

[75] Section 357(b)(1) liabilities are not within the scope of section 357(c)(3) or section 358(d)(2). Thus, the transferee's assumption of a liability under section 357(b)(1), as modified by the provision, is treated as the transferor's receipt of money for purposes of 358 and related provisions.