# EXHIBIT G12

Jeffrey S. Williams
05/14/2004 10:01 AM

To: GCO-IRS Tax Matters/EY-APP/US@EY-NAmerica
cc:
Subject: FW: Cobra

Carl A. Rhodes
11/18/1999 03:14 PM

To: Jeffrey S. Williams/Chicago/TAX/EYLLP/US@EY-Namerica
cc: Edward Kroch/ESP/EYLLP/US@EY-NAmerica
Subject: Cobra

Jeff,

Attached are the documents we discussed. These should be customized for the client and ready for our 3:30 meeting. They include the following:

Non disclosure letters for E&Y and J&G

COBRA Client Nondisclosure Letter. J&G Nondisclosure Agreement.d

Powerpoint presentation

Revised Client COBRA Presentation

Engagement letter and J&G client questionaire (these are needed for implimentation)

COBRA Engagement Letter 11-17-99. J&G Client Information Questionnaire

I look forward to our conference call.

Carl Rhodes

GOVERNMENT EXHIBIT 12
PENGAD 800-631-6989

DOJ 001008

# NONDISCLOSURE AGREEMENT

[TIME]

Private and Confidential

[Insert name of Ernst & Young Professional]
Address

Dear

This confirms that I will hold in strict confidence and will not disclose to others any information about the nature and details of the COBRA strategy Ernst & Young LLP will explain to me. While this agreement does not apply to the extent that I had prior knowledge of the technique, it will nevertheless apply to details contained in any opinion letter, technical memorandum, PowerPoint slides or legal documents I review in connection with this strategy. This agreement shall remain in effect until such time as I become aware that the same strategy has become the subject of published articles in tax periodicals describing the details of the technique.

I understand that I am under no obligation to implement the strategy, but I confirm again that I will not disclose it to any other person.

Sincerely yours,

____________________
[Client Name]

DOJ 001009

# Jenkens & Gilchrist

AN ILLINOIS PROFESSIONAL CORPORATION

225 WEST WASHINGTON
SUITE 2600
CHICAGO, ILLINOIS 60606

(312) 425-3900
TELECOPIER (312) 425-3909

www.jenkens.com

Paul M. Daugerdas
(312) 425-3950
pdaugerdas@jenkens.com

AFFILIATE OFFICES

AUSTIN, TEXAS
(512) 499-3800

DALLAS, TEXAS
(214) 855-4500

HOUSTON, TEXAS
(713) 951-3300

LOS ANGELES, CALIFORNIA
(310) 820-8800

SAN ANTONIO, TEXAS
(210) 246-5000

WASHINGTON, D.C.
(202) 326-1500

[TIME]

[Client Name and Address]

Dear [Client Name]:

The purpose of this letter is to set forth in writing the agreement ("Agreement") between our firm, Jenkens & Gilchrist ("J&G"), and the undersigned and its affiliates ("Undersigned") regarding the confidentiality and disclosure of certain proprietary information that J&G has provided and may continue to provide to Undersigned for use by Undersigned. The confidential proprietary information ("Confidential Information") involves certain financing structures (the "Structures") developed by J&G and/or its clients, consultants or co-counsel, that provide economic, financial, business and tax advantages for individuals and companies through the use of the Structures. Undersigned, and (if applicable) its officers, directors, partners and employees, have indicated an interest in evaluating the Structures for itself, themselves and/or for its or their customers or clients. This Agreement covers Confidential Information concerning the Structures provided by J&G to Undersigned to date and to be provided by J&G to Undersigned after the date of this Agreement.

1. Undersigned agrees that all Confidential Information is, and shall remain, proprietary to J&G, and that Undersigned will disclose such information only to such of its internal personnel to whom such disclosure is necessary to evaluate the Structures. Undersigned shall be responsible for the compliance by its internal personnel of the confidentiality obligations in this Agreement. Undersigned shall not utilize the Confidential Information or any variant thereof in any manner whatsoever without the express, prior written consent of J&G. Any written materials prepared by Undersigned or J&G which discuss the Confidential Information shall be returned to J&G upon request. In the event that Undersigned decides to discuss or present the Confidential Information to a third party, Undersigned will first inform J&G in writing of the name and address of third party.

CHICAGO [illegible]

DOJ 001010

# Jenkens & Gilchrist

AN ILLINOIS PROFESSIONAL CORPORATION



If J&G consents to such disclosure, such third party shall, prior to being presented Confidential Information, countersign this letter in the space indicated below. In such case, the Agreement shall also be between such third party and J&G such that third party shall be obligated to fully comply with the provisions hereof with respect to Confidential Information disclosed to such third party.

2. Confidential Information shall not include information (including, but not limited to, ideas, concepts, know-how, techniques and methodologies) which (a) is or becomes generally available to the public other than as a result directly or indirectly of a disclosure by or on behalf of Undersigned or by or on behalf of J&G; (b) was within the possession of Undersigned prior to its being furnished to Undersigned by or on behalf of J&G, provided that the source of such information was not known or should not reasonably have been known by Undersigned to be bound by a confidentiality agreement with other contractual, legal or fiduciary obligations of confidentiality to J&G; (c) becomes available to Undersigned on a nonconfidential basis from a source other than J&G or any of its partners or employees provided that such source is not known or should not reasonably have been known by Undersigned to be bound by a confidentiality agreement with J&G with respect to such information; or (d) is developed by Undersigned independent of any information provided to Undersigned by J&G.

3. Although J&G has endeavored to include in the Confidential Information material which J&G believes to be relevant for the purpose of Undersigned's evaluation of one or more proposed transactions, Undersigned acknowledges that neither J&G nor any of its partners, employees, agents or advisors makes any representation or warranty as to the accuracy or completeness of the Confidential Information. Undersigned agrees that neither J&G nor any of its partners, officers, directors, employees, agents or advisors shall have any liability to Undersigned or Undersigned's partners, directors, employees or affiliates relating to or resulting from the use of the Confidential Information.

4. It is understood and agreed that no failure or delay by J&G in exercising any right, power or privilege hereunder shall operate as a waiver thereof, nor shall any single or partial exercise thereof preclude any other or further exercise thereof or the exercise of any other right, power or privilege hereunder.

5. It is further understood and agreed that notwithstanding any fees to which J&G may otherwise be entitled for Undersigned's utilization of the Structures, money damages might not be a sufficient remedy for any breach of this Agreement and J&G shall be entitled to equitable remedies awarded by a court of appropriate jurisdiction, including injunctive relief and specific performance, for any such breach. Such remedies shall not be deemed to be the exclusive remedies for a breach of this Agreement, but shall be in addition to all other remedies available at law or equity.

# Jenkens & Gilchrist

AN ILLINOIS PROFESSIONAL CORPORATION



6. Undersigned and J&G are acting solely as independent contracting parties, and neither party shall be deemed to be the agent or fiduciary of the other. Further, this Agreement shall not create a partnership or joint undertaking among the parties. Undersigned will be solely responsible for the evaluation of the financial, tax, and accounting consequences of the Structures and J&G shall not be deemed to have made any representations with respect thereto unless separately contracted for.

7. In the event Undersigned receives a subpoena or other validly issued administrative or judicial process requesting Confidential Information, Undersigned shall provide prompt notice to J&G of such subpoena or other process with sufficient time to allow J&G, if it so decides, to object to production of such Confidential Information.

8. Nothing in this Agreement shall prohibit or restrict Undersigned's right to develop, use or market products or services similar to or competitive with the Confidential Information as long as Undersigned can demonstrate that it did not use, directly or indirectly, any of the Confidential Information obtained hereunder in the development, use or marketing of any such products or services.

9. If Undersigned provides J&G with any written evaluations or comments with respect to the Confidential Information, J&G shall not use or refer to such evaluations outside its organization without Undersigned's consent.

10. This Agreement shall be governed by and construed in accordance with the laws of the State of Illinois.

Please confirm your agreement with the foregoing by signing and returning one copy of this letter to the undersigned.

Very truly yours,

Paul M. Daugerdas
For JENKENS & GILCHRIST

PMD:slb

ACCEPTED AND AGREED TO this ____ day of ________________, 1999.

By: ______________________________

CHICAGO [illegible]

DOJ 001012

# Jenkens & Gilchrist

AN ILLINOIS PROFESSIONAL CORPORATION

# C.O.B.R.A.
# (Currency Options Bring Reward Alternatives)

DOJ 001014

# What is COBRA?

- Foreign currency derivative transaction
- 30-day investment strategy
- Utilizes options to generate a possible 38% return in 30 days with a 50% probability of success
- Participation in general partnership with other partners with similar investment interests

e 2

# Step One - Option Contracts

Each individual sells (writes) short option and receives premium, and buys long option, on foreign currency at different strike prices. Each individual invests in different type of foreign currency options (CAD, JAP, or EURO).




e 3

DOJ 001016

# Step Two - Formation

Individuals transfer foreign currency option contracts to a newly formed general partnership.

In addition, individuals contribute capital or ordinary assets to the partnership.

The individuals receive a 100% general partnership interest in exchange for their contributions to the partnership.




e 4

DOJ 001017

# Step Three - Investment

After 30 days, the options will expire either in or out of the money. Partnership recognizes economic gain or loss on the spread.

If ordinary loss is desired, spot foreign currency will be purchased by the partnership.




e 5

DOJ 001018

# Step Four - Transfer to S Corp

Individuals transfer 100% GP interest to a newly formed S corporation, which will cause a technical termination.




e 6

DOJ 001019

# Step Five - Distribution

Partnership liquidates and distributes its investments to its partners. S Corp then sells assets to an unrelated third party, generating a profit or loss for tax purposes.




e 7

# COBRA

## ⇨Executive Summary

- **Taxpayer sells (writes) a short option position on foreign currency and receives premium**
  - Premium receipt is nontaxable event until exercise, assignment, lapse or termination of option
- **Long option position on foreign currency is purchased with short option premium +/- equity**
- **Option spread may be bullish or bearish**

e 8

DOJ 001021

# COBRA

## ⇨Executive Summary (Continued)

- ◆ **Taxpayers contribute options to newly formed general partnership**
- ◆ **Taxpayers contribute capital or ordinary assets to general partnership**
- ◆ **After 30 days, options expire either in or out of the money**
  - Partnership recognizes economic gain or loss on the spread

e 9

DOJ 001022

# COBRA

## ⇨Executive Summary (Continued)

- Transfer of 100% GP interest to S Corp causes technical termination of partnership
- In liquidation of partnership interest, S Corp receives equivalent fair value amount of foreign currency or capital assets
- Distributed assets take on taxpayer's outside basis
- S Corp sells the assets generating ordinary or capital income/loss for tax purposes



DOJ 001023

# COBRA

## ⇨ Currency Linked Digital Swap Example

- Objective is to generate $100M loss
- Counterparties = Deutsche Bank and Client
- Trade Date = 10/22/99
- Maturity Date = 11/22/99
- Current spot rate for CAD/USD (Canadian dollar) is 1.4750 (10/22/99)
- Notional Amount of SWAP #1 (short option) = 180,000,000 USD
  - ✓ Deutsche Bank pays $90,000,000
  - ✓ Client pays $0
  - ✓ If spot CAD/USD is trading at or above 1.4837 - Deutsche Bank pays $0, Client pays $180,000,000
- Notional Amount of SWAP #2 (long option) = 200,000,000 USD
  - ✓ Deutsche Bank pays USD $0
  - ✓ Client pays USD $100,000,000
  - ✓ If spot CAD/USD is trading at or above 1.4835 - Deutsche Bank pays $200,000,000, Client pays $0

e 11

DOJ 001024

# COBRA

## ⇨Currency Linked Digital Swap Example (Continued)

- ◆ If spot CAD/USD trades at or below 1.4835, client loses $10,000,000
- ◆ If spot CAD/USD trades at 1.4836, client receives $200,000,000
- ◆ If spot CAD/USD trades at or above 1.4837, client receives $20,000,000
- ◆ 50% chance client will make $10 million profit on $10 million investment



DOJ 001025

# COBRA

## ⇨Economic Summary

- Fees are 4.5% of $100 million or $4.5 million
- Clients' upfront investment in option contracts is $10 million
- Total cost including fees is $14.5 million
- 50% probability of $20 million payoff
- Return is 38% if payoff occurs
- Duration of contract will be 30 days

e 13

DOJ 001026

***PERSONAL AND CONFIDENTIAL***

[TIME]

[Client Name and Address]

Dear Client:

This letter will confirm our engagement to provide tax advice to you concerning the implementation of the COBRA strategy we have discussed with you. This strategy will involve the acquisition of foreign currency options and provides the potential for substantial economic profit, as well as a risk of loss. Our work will include assisting in the tax planning aspects of this transaction, working with counsel and other third parties in reviewing the tax aspects of any entities formed and other consulting services as required. If necessary, we also agree to represent you before the Internal Revenue Service with respect to tax issues associated with this strategy up to and including the appellate level. If you would like us to represent you with regard to other tax issues in the event of an audit, we would charge our normal fees for time and expenses in connection with such representation.

In this engagement, we will be using information provided by you and will be relying upon you for the accuracy and completeness of this information. We will maintain the information provided to us in confidence within our firm and will not disclose to others such confidential information except with your consent or as required by law or permitted under professional standards.

Our fee for providing the professional services referred to above will be $[Insert amount equal to **1.50 % of the desired loss to be generated. If the size of transaction is not certain at the time this letter is signed, add "based on a total investment in the Partnership by you and other individual(s) in the amount of $ million."**. We will invoice you for our fee after the foreign currency option contracts have been acquired. In the event you later decide not to implement the technique described above, our fee will be paid by you and will be limited to our time incurred from the date this letter is signed up to the date we receive written notification of your decision not to proceed, and will be billed at our standard hourly rates. In addition to bills for our hourly fees, an administrative expense charge of 8.5% of our standard fees will be billed at the same time.

All advice and other services we provide pursuant to this arrangement are intended to be solely for your benefit and are not for the benefit of anyone else. Accordingly, our advice may not be relied upon by any other person or persons, used in connection with any other transaction, or used for any other purpose without our prior written consent. Furthermore, the content of any oral or written communication made by us in connection with this engagement shall not be communicated to the public or otherwise publicized in any manner without our prior written consent.

DOJ 001027

Ernst & Young LLP will not be liable for any claim for damages arising out of or in connection with any tax services provided to you in an amount greater than the amount of fees actually paid to Ernst & Young LLP with respect to the services directly relating to and forming the basis of such claim.

Any controversy or claim arising out of or relating to tax and tax-related services now or hereafter provided by us to you (including any such matter involving any parent, subsidiary, affiliate, successor in interest, or agent of Ernst & Young LLP) shall be submitted first to voluntary mediation, and if mediation is not successful, then to binding arbitration, in accordance with the dispute resolution procedures set forth in the Attachment to this letter. Judgment on any arbitration award may be entered in any court having proper jurisdiction.

Except as expressly provided herein, this engagement letter does not modify the terms or provisions of any engagement letter for other professional services which were agreed to prior to the date noted below.

Information relating to federal tax advice we provide to you, including communications between us and material we create in the course of providing that advice, may be privileged and protected from disclosure to the Internal Revenue Service. Should the Internal Revenue Service seek disclosure from you or us of written or oral communications relating to such advice, we will discuss with you whether and how you assert, or waive, the privilege.

If any portion of this letter is held to be void, invalid, or otherwise unenforceable, in whole or part, the remaining portions of this letter shall remain in effect.

If these arrangements are acceptable, please sign one copy of this letter and return it to me in the enclosed self-addressed envelope.

If you have any questions concerning our engagement, please call me at __________________. We appreciate the opportunity to work with you.

Very truly yours,

**Agreed to by:**

Name: __________________________

Date: __________________________

Attachment

DOJ 001028

## Dispute Resolution Procedures

The following procedures shall be used to resolve any controversy or claim ("dispute") as provided in our engagement letter of July 23, 1998. If any of these provisions are determined to be invalid or unenforceable, the remaining provisions shall remain in effect and binding on the parties to the fullest extent permitted by law.

*Mediation*

A dispute shall be submitted to mediation by written notice to the other party or parties. In the mediation process, the parties will try to resolve their differences voluntarily with the aid of an impartial mediator, who will attempt to facilitate negotiations. The mediator will be selected by agreement of the parties. If the parties cannot agree on a mediator, a mediator shall be designated by the American Arbitration Association ("AAA") or JAMS/Endispute at the request of a party. Any mediator so designated must be acceptable to all parties.

The mediation will be conducted as specified by the mediator and agreed upon by the parties. The parties agree to discuss their differences in good faith and to attempt, with the assistance of the mediator, to reach an amicable resolution of the dispute.

The mediation will be treated as a settlement discussion and therefore will be confidential. The mediator may not testify for either party in any later proceeding relating to the dispute. No recording or transcript shall be made of the mediation proceedings.

Each party will bear its own costs in the mediation. The fees and expenses of the mediator will be shared equally by the parties.

*Arbitration*

If a dispute has not been resolved within 90 days after the written notice beginning the mediation process (or a longer period, if the parties agree to extend the mediation), the mediation shall terminate and the dispute will be settled by arbitration. The arbitration will be conducted in accordance with the procedures in this document and the Arbitration Rules for Professional Accounting and Related Services Disputes of the AAA as in effect on the date of the engagement letter ("AAA Rules"). In the event of a conflict, the provisions of this document will control.

The arbitration will be conducted before a panel of three arbitrators, regardless of the size of the dispute, to be selected as provided in the AAA Rules. Any issue concerning the extent to which any dispute is subject to arbitration, or concerning the applicability, interpretation, or enforceability of these procedures, including any contention that all or part of these procedures are invalid or unenforceable, shall be governed by the Federal Arbitration Act and resolved by the arbitrators. No potential arbitrator

DOJ 001029

may serve on the panel unless he or she has agreed in writing to abide and be bound by these procedures.

The arbitrators may not award non-monetary or equitable relief of any sort. They shall have no power to award punitive damages or any other damages not measured by the prevailing party's actual damages, and the parties expressly waive their right to obtain such damages in arbitration or in any other forum. In no event, even if any other portion of these provisions is held to be invalid or unenforceable, shall the arbitrators have power to make an award or impose a remedy that could not be made or imposed by a court deciding the matter in the same jurisdiction.

No discovery will be permitted in connection with the arbitration unless it is expressly authorized by the arbitration panel upon a showing of substantial need by the party seeking discovery.

All aspects of the arbitration shall be treated as confidential. Neither the parties nor the arbitrators may disclose the existence, content or results of the arbitration, except as necessary to comply with legal or regulatory requirements. Before making any such disclosure, a party shall give written notice to all other parties and shall afford such parties a reasonable opportunity to protect their interests.

The result of the arbitration will be binding on the parties, and judgment on the arbitrators' award may be entered in any court having jurisdiction.

Jenkens & Gilchrist

AN ILLINOIS PROFESSIONAL CORPORATION

**COBRA CLIENT INFORMATION QUESTIONNAIRE**

***Please complete separate copy for each partner and fax to J&G at 312-425-3909, Attn: Paul Daugerdaus, Esq.***

**CLIENT NAME:**

**SPOUSE:**

**ADDRESS:**

**PHONE NUMBER: (Home)**
**(Office)**

**FAX NUMBER: (Home)**
**(Office)**

**E-MAIL ADDRESS:**

**SOCIAL SECURITY NUMBER (CLIENT):**

**SOCIAL SECURITY NUMBER (SPOUSE):**

**AMOUNT OF TRANSACTION: $**

**Ordinary Income $**

**ST Capital Gain $**

**BANK REFERENCE:**

**BRANCH (CITY, STATE):**

**APPROX. ANNUAL HOUSEHOLD INCOME: $**

**APPROX. NET WORTH (EXCLUDING RESIDENCE): $**

DOJ 001031

# EXHIBIT G13

**From:** Parse, David
**Sent:** Monday, December 27, 1999 3:23 PM
**To:** Yackee, Carrie

Paul D 1999 Digital Options Ha...

GOVERNMENT EXHIBIT 13

| L | Contact | T/D | S/d | Entity | Account # | Trade | Premium | Confim # |
|---|---|---|---|---|---|---|---|---|
| 1 | Personal Privacy [redacted] | 11/9/1999 | 12/7/1999 | JRG Homestead Investments LLC | 222-09752-1-9 | $32,000,000 | $320,000 | ex27390A |
| | | | | JRG Hempstead Partners | 222-09752-1-8 | | | |
| | | | | JRG Hemstead Inc | 222-09754-1-7 | | | |
| 2 | | 11/9/1999 | 12/7/1999 | WGP Greenway Investments LLC | 222-09706-1-7 | $13,000,000 | $130,000 | ex27391A |
| | | 11/9/1999 | 12/7/1999 | CLR Riverwalk Investments LLC | 222-09707-1-6 | $13,000,000 | $130,000 | ex27392A |
| | | | | Green River Partners | 222-09708-1-5 | | | |
| | | | | Moriah Woods Investors Inc | 222-09709-1-4 | | | |
| 3 | | 11/9/1999 | 12/7/1999 | ASP Stonecrest Investments LLC | 222-09800-1-1 | $4,500,000 | $45,000 | ex27393A |
| | | 11/9/1999 | 12/7/1999 | JAP StoneCrest Investments LLC | 222-09801-1-0 | $500,000 | $5,000 | ex27394A |
| | | | | Stonecrest Partners | 222-09802-1-9 | | | |
| | | | | Stonecrest Investors Inc | 222-09803-1-8 | | | |
| 4 | | 11/10/1999 | 12/9/1999 | Al Leann Investments LLC | 222-09856-1-4 | $2,200,000 | $22,000 | ex27434A |
| | | 11/10/1999 | 12/9/1999 | JW Milano Investments LLC | 222-09857-1-3 | $5,100,000 | $51,000 | ex27433A |
| | | | | Hojo Investment Partners | 222-09858 | | | |
| | | | | Lion Milano Investors Inc | 222-09859 | | | |
| 5 | | 11/10/1999 | 12/9/1999 | Joewood Investments LLC | 222-09879-1-7 | $4,000,000 | $40,000 | ex27435A |
| | | | | Joewood partners | 222-09880 | | | |
| | | | | Joewood Investors Inc. | 222-09881 | | | |
| 6 | | 11/10/1999 | 12/9/1999 | Abraham Leiderman ESBT | 222-09816-1-3 | $2,350,000 | $23,500 | ex27439A |
| | | | | AGL Partners | 222-09817-1-2 | | | |
| | | | | AGL Holding Inc | 222-09818-1-1 | | | |
| 7 | | 11/11/1999 | 12/13/1999 | Stanley Rosen Revocable Living Trust, U/A/D 3/22/04 | 222-09902-1-2 | $2,600,000 | $26,000 | ex27470A |
| | | | | Blatt Partners | 222-09903-1-1 | | | |
| | | | | Blatt Enterprises | 222-09904-1-0 | | | |
| | | | | Blatt Delaware Partners | 222-10097-1-1 | | | |

| FX | Type | 1 Strike | 2 Strike | In P'ship | Transfers in | Trading Activity |
|---|---|---|---|---|---|---|
| JPY | $ Call | 107.17 | 107.19 | | | |
| | | | | FX | | |
| JPY | $ Call | 107.17 | 107.19 | | 5000 AN, 2000 AZO | |
| JPY | $ Call | 107.17 | 107.19 | | 5000 AN, 2000 AZO (both bought and sold) | |
| | | | | 5000 AN, 2000 AZO<br>$19,250 FX | | |
| JPY | $ Call | 107.17 | 107.19 | | 900 CMB | |
| JPY | $ Call | 107.17 | 107.19 | 1000 CMB | 100 CMB | |
| | | | | 1000 CMB, $32,000FX | FX (25%) | |
| JPY | $ Put | 101.37 | 101.35 | | 500 KCC | |
| JPY | $ Put | 101.37 | 101.35 | (500 + 214) =<br>714 KCC | 599 KCC | |
| JPY | $ Put | 101.37 | 101.35 | | 800 CCL | |
| | | | | 800 CCL | | |
| GBP | $ Call | 1.6003 | 1.6001 | | | |
| | | | | 1000 LU | | |
| Yen | $ Put | 101.03 | 101.01 | | 250 FLGS, 150 MO | |
| | | | | 250 FLGS | | |
| | | | | 150 MO | | |

| | | | | | | | |
|---|---|---|---|---|---|---|---|
| | | | | SMR Enterprises Inc. | 222-10090-1-0 | | |
| 8 | Personal Privacy [redacted] | 11/11/1999 | 12/13/1999 | Ewk Sugartown Investments LLC | 222-09040-1-5 | $14,000,000 | $140,000 ex27409A |
| | | 11/11/1999 | 12/13/1999 | JWC Briarwood Investments LLC | 222-09049-1-4 | $14,000,000 | $140,000 ex27490A |
| | | 11/11/1999 | 12/13/1999 | MJA Greenwood Investments LLC | 222-09050-1-0 | $14,000,000 | $140,000 ex27491A |
| | | | | Clean Mist Partners | 222-09051 | | |
| | | | | Clean Mist Inc. | 222-09052 | | |
| 9 | | 11/11/1999 | 12/13/1999 | MHG Decaire Investments LLC | 222-09769-1-0 | $4,000,000 | $40,000 ex27480A |
| | | | | Leemel Partners | 222-09770-1-7 | | |
| | | | | Leemel Investors Inc | 222-09771-1-6 | | |
| 10 | | 11/11/1999 | 12/13/1999 | THI Smith Lane Investments LLC | 222-00703-1-0 | $7,500,000 | $75,000 ex27492A |
| | | | | THI Partners | 222-00704-1-0 | | |
| | | | | Todd Heller, Inc | 222-00705-1-0 | | |
| 11 | | 11/15/1999 | 12/15/1999 | RL Ridgeway Investments LLC | 222-00730-1-0 | $1,135,000 | $11,350 ex27582a |
| | | 11/15/1999 | 12/15/1999 | SL Ridgeway Investments LLC | 222-09731-1-5 | $1,135,000 | $11,350 ex27580a |
| | | 11/15/1999 | 12/15/1999 | HL Ridgeway Investments LLC | 222-09732-1-4 | $1,135,000 | $11,350 ex27581a |
| | | 11/15/1999 | 12/15/1999 | NT Ridgeway Investments LLC | 222-09733-1-3 | $000,000 | $0,000 ex27579a |
| | | | | Ridgeway Partners | 222-09734-1-2 | | |
| | | | | Ridgeway Investments Inc | 222-09735-1-1 | | |
| 12 | | 11/15/1999 | 12/15/1999 | AS Brooke Investments LLC | 222-09034-1-1 | $3,300,000 | $33,000 ex27592a |
| | | 11/15/1999 | 12/15/1999 | SOS Valentine Investments LLC | 222-09035-1-0 | $2,600,000 | $26,000 ex27593A |
| | | | | McGill Investment Partners | 222-09036 | | |
| | | | | George McGill Investors Inc | 222-09037 | | |
| 13 | | 11/15/1999 | 12/15/1999 | MS Tomlinson Investments LLC | 222-09892-1-0 | $21,000,000 | $210,000 ex27590a |
| | | 11/15/1999 | 12/15/1999 | BS Tomlinson Investments LLC | 222-09893-1-9 | $21,000,000 | $210,000 ex27591a |
| | | | | Tomlinson Partners | 222-09894 | | |
| | | | | Spain's Investors Inc | 222-09895 | | |
| 14 | | 11/16/1999 | 12/16/1999 | AW Steeplechase Investments LLC | 222-00000-1-3 | $27,550,000 | $275,500 ex27599A |
| | | 11/16/1999 | 12/16/1999 | MSH Inverness Investments LLC | 222-00000-1-2 | $1,450,000 | $14,500 ex27590A |
| | | | | Addus Partners | 222-10035-1-6 | | |
| | | | | Addus Healthcare | 222-10036-1-5 | | |

| | | | | | |
|---|---|---|---|---|---|
| Yen | $ Put | 101.03 | 101.01 | | 5 BRBK |
| Yen | $ Put | 101.03 | 101.01 | | 5 BRBK |
| Yen | $ Put | 101.03 | 101.01 | | 5 BRBK |
| | | | | 15 BRBK | |
| Yen | $ Put | 101.03 | 101.01 | | |
| | | | | $64,000 SPY + $21,300 FX | 450 SPY and FX |
| Yen | $ Put | 101.03 | 101.01 | | |
| | | | | FX | |
| Yen | $ Call | 107.66 | 107.68 | | |
| Yen | $ Call | 107 66 | 107.68 | | |
| Yen | $ Call | 107.66 | 107.68 | | |
| Yen | $ Call | 107.66 | 107.68 | | |
| | | | | FX | |
| Yen | $ Call | 107.66 | 107.68 | | 100 EDS |
| Yen | $ Call | 107.66 | 107.68 | 100 EDS + 70 EDS = 170 EDS | 100 EDS |
| Yen | $ Call | 107.66 | 107.68 | | 100 BMY,100 INTC,100 MRK, 100 MSFT,100 TXN |
| Yen | $ Call | 107.66 | 107.68 | | 100 BMY,100 INTC,100 MRK, 100 MSFT,100 TXN |
| | | | | ALL STOCKS IN PS | |
| EUR | $ Put | 1.0586 | 1.0588 | | 213 TYC |
| EUR | $ Put | 1.0586 | 1.0588 | 224 TYC ($6,314) + $7,930 FX | 11 TYC |
| | | | | | Bought 52% FX |

| | | | | | | | |
|---|---|---|---|---|---|---|---|
| 15 | [redacted] | 11/15/1999 | 12/15/1999 | AND Snake River Investments LLC | 222-09913-1-5 | $22,700,000 | $227,000 ex27594A |
| | | | | Snake River Partners | 222-09914-1-4 | | |
| | | | | Eucon Corporation | 222-09915-1-3 | | |
| 16 | | 11/16/1999 | 12/16/1999 | JWM Augusta Investments LLC | 222-09899-1-3 | $6,000,000 | $60,000 ex27629A |
| | | | | Augusta Partners | 222-09900 | | |
| | | | | Augusta Creek Investors Inc | 222-09901 | | |
| 17 | | 11/16/1999 | 12/16/1999 | Ronald L. Miller GSOT of 1999 | 222-09935-1-9 | $2,050,000 | $20,500 ex27630A |
| | | | | Shoreline Partners | 222-09936-1-0 | | |
| | | | | Shorline Holdings Inc | 222-09937-1-7 | | |
| 18 | | 11/16/1999 | 12/16/1999 | VIA Cordoba Investments LLC | 222-09004-1-7 | $41,500,000 | $415,000 ex27651A |
| | | | | VIA Cordoba Partners | 222-09005-1-6 | | |
| | | | | VIA Cordoba Investors Inc | 222-09006-1-5 | | |
| 19 | | 11/16/1999 | 12/16/1999 | Caminito Investments LLC | 222-09959-1-0 | $6,700,000 | $67,000 ex27631A |
| | | | | Caminito Partners | | | |
| | | | | Cminito Investors Inc | | | |
| 20 | | 11/16/1999 | 12/16/1999 | BGA Monterey Investments LLC | 222-09703-1-2 | $4,050,000 | $40,500 ex27632A |
| | | | | Compu-Time Inc. | 222-09704-1-1 | | |
| | | | | Parts Voice Investments LLC | 222-09705-1-0 | | |
| 21 | | 11/16/1999 | 12/16/1999 | PJM Taylor Ridge Investments LLC | 222-09896-1-6 | $7,000,000 | $70,000 ex27633A |
| | | | | Taylor Ridge Partners | 222-09897 | | |
| | | | | Merco Foods Inc | 222-09898 | | |
| 22 | | 11/16/1999 | 12/16/1999 | MG Davies Investments LLC | 222-09869-1-9 | $4,400,000 | $44,000 ex27635A |
| | | | | Cobleskill Partners | 222-09070 | | |
| | | | | Davies Cobleskill Investors Inc | 222-09071 | | |
| 23 | | 11/16/1999 | 12/16/1999 | BSR Sims Investments LLC | 222-09010-1-9 | $2,150,000 | $21,500 ex27634A |
| | | 11/16/1999 | 12/16/1999 | GFC Hammock Investments LLC | 222-09011-1-0 | $2,150,000 | $21,500 ex27636A |
| | | 11/16/1999 | 12/16/1999 | HLR River Falls Investments LLC | 222-09012-1-7 | $2,150,000 | $21,500 ex27637A |
| | | | | Davidson Partners | 222-09013-1-6 | | |

| | | | | | |
|---|---|---|---|---|---|
| EUR | $ Call | 1.0103 | 1.0101 | 100 PCH | 100 PCH |
| Yen | $ Call | 108.31 | 108.33 | GATEX 12-27 | |
| Yen | $ Call | 108.31 | 108.33 | | Stock in pship at Mcdonald & Co. |
| Yen | $ Call | 108.31 | 108.33 | 500 AMI | 500 AMI |
| Yen | $ Call | 108.31 | 108.33 | 500 AMI | 500 AMI |
| Yen | $ Call | 108.31 | 108.33 YES | All in P.V.LLC | 1000 ALTNC, 1000 OCII, 25000 CHGOW<br>5000 ACP<br>SELL OUT OF P.V.LLC |
| Yen | $ Call | 108.31 | 108.33 | 100 DLTR | 100 DLTR |
| Yen | $ Call | 108.31 | 108.33 | FX | |
| Yen | $ Call | 108.31 | 108.33 | | 35 BMET |
| Yen | $ Call | 108.31 | 108.33 | | 33 BMET |
| Yen | $ Call | 108.31 | 108.33 | (33+33+33)<br>99 BMET | 33 BMET |

| | | | | | | | |
|---|---|---|---|---|---|---|---|
| | | | | Davidson Investors Inc | 222-09914-1-5 | | |
| 25 | Personal Privacy [redacted] | 11/16/1999 | 12/16/1999 | Robert L. Rosen Revocable Living Trust | 222-09927-1-0 | $2,150,000 | $21,500 ex27638A |
| | | | | DSMT Partners | 222-09928-1-9 | | |
| | | | | DMST Enterprises, Inc | 222-09929-1-0 | | |
| | | | | DSMT Delaware Partners | 222-10095-1-3 | | |
| | | | | NLR Holdings Inc. | 222-10096-1-2 | | |
| 26 | [redacted] | 11/16/1999 | 12/16/1999 | JRD Pelican Point Investments LLC | 222-09919-1-0 | $12,000,000 | $120,000 ex27639A |
| | | | | Pelican Point Partners | 222-09920-1-7 | | |
| | | | | Pelican Point Investors, Inc | 222-09921-1-6 | | |
| 27 | [redacted] | 11/16/1999 | 12/16/1999 | KMB Parkview Investments LLC | 222-09944-1-0 | $6,000,000 | $60,000 ex27640A |
| | | | | KMB Maggie Partners | 222-09945-1-7 | | |
| | | | | KMB Maggie Investments Inc. | 222-09946-1-6 | | |
| 28 | [redacted] | 11/16/1999 | 12/16/1999 | NAC Sandhill Investments LLC | 222-09917-1-1 | $5,000,000 | $50,000 ex27641A |
| | | 11/16/1999 | 12/16/1999 | LMC Paw Paw Investments LLC | 222-09918-1-0 | $500,000 | $5,000 ex27642A |
| | | | | Sandhill Partners | 222-09919-1-9 | | |
| | | | | Sandhill Investors Inc. | 222-09920-1-6 | | |
| | | | | Paw Paw Investors Inc. | 222-09921-1-5 | | |
| 30 | [redacted] | 11/16/1999 | 12/16/1999 | DJM Tourmaline Investments LLC | 222-09925-1-1 | $4,300,000 | $43,000 ex27643A |
| | | 11/16/1999 | 12/16/1999 | KM Highbridge Investments LLC | 222-09926-1-0 | $4,300,000 | $43,000 ex27644A |
| | | 11/16/1999 | 12/16/1999 | KM 30th Street Investments LLC | 222-09927-1-9 | $2,000,000 | $20,000 ex27645A |
| | | 11/16/1999 | 12/16/1999 | Shalimar Investments LLC | 222-09928-1-8 | $2,500,000 | $25,000 ex27646A |
| | | 11/16/1999 | 12/16/1999 | LM Shalimar Investments LLC | 222-09929-1-7 | $4,300,000 | $43,000 ex27647A |
| | | 11/16/1999 | 12/16/1999 | DNM Shalimar Investments LLC | 222-09930-1-4 | $2,600,000 | $26,000 ex27648A |
| | | 11/16/1999 | 12/16/1999 | JM Huntleigh Investments LLC | 222-09931-1-3 | $6,500,000 | $65,000 ex27649A |
| | | 11/16/1999 | 12/16/1999 | TM Exeter Investments LLC | 222-09932-1-2 | $4,300,000 | $43,000 ex27650A |
| | | | | Huntleigh Fayetteville Partners | 222-09933-1-1 | | |
| | | | | Huntleigh Fayetteville Investors Inc | 222-09934-1-0 | | |
| 31 | [redacted] | 11/17/1999 | 12/16/1999 | PT Bonnie Brae Investments LLC | 222-09072-1-4 | $3,000,000 | $30,000 ex27699A |
| | | | | Bonnie Brae Partners | 222-09073 | | |
| | | | | Allegretto LTD | 222-09074 | | |

| | | | | | |
|---|---|---|---|---|---|
| Yen | $ Call | 108.31 | 108.33 | | |
| | | | $2.15mm | 9 SHARES OF MAY | |
| | | | $4.8mm | $970 FX + 7 MAY | 45.24% Cap, 54.76% Ord |
| Yen | $ Call | 108.31 | 108.33 | | |
| | | | | GATEX, $10,000 FX | 10% ORDS 90% CAP |
| Yen | $ Call | 108.31 | 108.33 | | 50 IBM |
| | | | | 50 IBM | |
| Yen | $ Call | 108.31 | 108.33 | | |
| Yen | $ Call | 108.31 | 108.33 | | |
| | | | | $31,500 GATEX + $3,500 FX | |
| Yen | $ Call | 108.31 | 108.33 | | |
| Yen | $ Call | 108.31 | 108.33 | | |
| Yen | $ Call | 108.31 | 108.33 | | |
| Yen | $ Call | 108.31 | 108.33 | | |
| Yen | $ Call | 108.31 | 108.33 | | |
| Yen | $ Call | 108.31 | 108.33 | | |
| Yen | $ Call | 108.31 | 108.33 | | |
| Yen | $ Call | 108.31 | 108.33 | | |
| | | | | FX | |
| Yen | $ Put | 102.44 | 102.42 | | |
| | | | | FX | |

| | | | | | | | |
|---|---|---|---|---|---|---|---|
| 32 | [redacted] | 11/17/1999 | 12/15/1999 | LJB Westinghouse Investments LLC | 222-09947-1-5 | $2,500,000 | $25,000 ex27699A |
| | | 11/17/1999 | 12/15/1999 | FWB Westinghouse Investments LLC | 222-09948-1-4 | $2,500,000 | $25,000 ex27700A |
| | | | | Blythe Brothers Partners | 222-09949-1-3 | | |
| | | | | Blythe Brothers Investors Inc | 222-09950-1-9 | | |
| 33 | | 11/17/1999 | 12/15/1999 | BGM Thompson Investments LLC | 222-09742-1-2 | $6,000,000 | $60,000 ex27712A |
| | | | | BGM Thompson Partners | 222-09743-1-1 | | |
| | | | | BGM Thompson Inc | 222-09744-1-0 | | |
| | 145924 | | | | | | |
| | | 11/18/1999 | 12/17/1999 | Stanley Rosen Revocable Living Trust, U/A/D 3/22/84 | 222-09002-1-2 | $1,250,000 | $12,500 ex27750A |
| | | | | Blatt Partners | | | |
| | | | | Blatt Enterprises | | | |
| | | 11/18/1999 | 12/17/1999 | Robert L. Rosen Revocable Living Trust | 222-09027-1-0 | $4,200,000 | $42,000 ex27751A |
| | | | | BSMT Partners | 222-09028-1-9 | | |
| | | | | BMST Enterprises, Inc | 222-09029-1-0 | | |
| 34 | | 11/18/1999 | 12/17/1999 | MP Brandywine Investment LLC | 222-09030-1-7 | $10,500,000 | $105,000 ex27749A |
| | | | | Brandywine Partners | 222-09032 | | |
| | | | | Brandywine Investors Inc | 222-09033 | | |
| 35 | | 11/18/1999 | 12/17/1999 | BMD River Edge Investments LLC | 222-10040-1-0 | $10,300,000 | $103,000 ex27740A |
| | | | | River Edge Partners | 222-10041-1-0 | | |
| | | | | River Edge Investors Inc | 222-10042-1-7 | | |
| 36 | | 11/18/1999 | 12/17/1999 | JPT Edison Investments LLC | 222-10046-1-3 | $40,000,000 | $400,000 ex27747A |
| | | | | Edison Partners | 222-10047-1-2 | | |
| | | | | Edison Investors Inc. | 222-10048-1-1 | | |
| 37 | | 11/18/1999 | 12/17/1999 | D3 Investments LLC | 222-09998-1-3 | $10,000,000 | $100,000 ex27754A |
| | | | | D3 Investment Partners | 222-09999-1-2 | | |
| | | | | D3 Investors, Inc. | 222-100000-1-7 | | |
| 38 | | 11/18/1999 | 12/17/1999 | Clearlake Investments LLC | 222-09974-1-1 | $6,250,000 | $62,500 ex27752A |
| 39 | | 11/18/1999 | 12/17/1999 | Gardenway Investments LLC | 222-09973-1-3 | $6,250,000 | $62,500 ex27753A |
| | | | | Oconlake Partners | 222-09975-1-0 | | |
| | | | | Ingalls Investors Inc. | 222-09976-1-9 | | |



DB-DOJ-COBRA-00044437

| | | | | | |
|---|---|---|---|---|---|
| Yen | $ Put | 102.44 | 102.42 | | 237 DAC |
| Yen | $ Put | 102.44 | 102.42 | 193 + 193 = 386 PEP, $9,000 FX | 386 PEP |
| EUR | $ Put | 1.0596 | 1.0598 | GATEX | |
| CDN | $ Put | 1.4404 | 1.4402 | See Above | |
| CDN | $ Put | 1.4404 | 1.4402 | See Above | |
| CDN | $ Put | 1.4404 | 1.4402 | | SENDING IN STOCK? |
| CDN | $ Put | 1.4404 | 1.4402 | 800 MER PFD | VARIOUS |
| CDN | $ Put | 1.4404 | 1.4402 | 5000 PYX | 5000 PYX |
| CDN | $ Put | 1.4404 | 1.4402 | 1000 SONE | 1000 SONE |
| CDN | $ Put | 1.4404 | 1.4402 | | 100 MI |
| CDN | $ Put | 1.4404 | 1.4402 | | 100 MI |

| | | | | | | | |
|---|---|---|---|---|---|---|---|
| 40 | Personal Privacy [redacted] | 11/10/1999 | 12/20/1999 | D&A Avenue Investments LLC | 222-09044-1-9 | $9,270,000 | $92,700 ex27766A |
| | | 11/10/1999 | 12/20/1999 | G&R Avenue Investments LLC | 222-09045-1-0 | $1,030,000 | $10,300 ex27767A |
| | | | | D&G Investment Partners | 222-09046 | | |
| | | | | DG Holdings Inc. | 222-09047 | | |
| 41 | [redacted] | 11/19/1999 | 12/20/1999 | DWC Ocean Drive Investments LLC | 222-10043-1-6 | $4,500,000 | $45,000 ex27019A |
| | | | | DWC Ocean Partners | 222-10044-1-5 | | |
| | | | | DWC Properties | 222-10045-1-4 | | |
| 42 | [redacted] | 11/10/1999 | 12/20/1999 | Donald Weisman Irrevocable Trust, U/A/D 2/10/70 | 222-10004-1-3 | $1,500,000 | $15,000 ex27020A |
| | | | | Weisman Ohio Partners | 222-10005-1-2 | | |
| | | | | Weisman Ohio Enterprises Inc. | 222-10006-1-1 | | |
| 43 | [redacted] | 11/19/1999 | 12/20/1999 | William H. Leckie Electing Small Business Trust | 222-10052-1-4 | $1,500,000 | $15,000 ex27021A |
| | | | | Timberbrook Partners | 222-10053-1-3 | | |
| | | | | Leckie Enterprises Inc | 222-10054-1-2 | | |
| 44 | [redacted] | 11/19/1999 | 12/20/1999 | HQ2 Investments LLC | 222-09970-1-5 | $20,000,000 | $200,000 ex27010A |
| | | | | H2Q Partners | 222-09971-1-4 | | |
| | | | | H2Q Equities LTD. | 222-09972-1-3 | | |
| 45 | [redacted] | 11/19/1999 | 12/20/1999 | Shenandoah Investments LLC | 222-09739-1-7 | $30,000,000 | $225,000 ex27024A |
| 46 | | 11/19/1999 | 12/20/1999 | Shenandoah Investments LLC | 222-09739-1-7 | $30,000,000 | $225,000 ex27023A |
| | | | | Mckinney Partners | 222-10000-1-0 | | |
| | | | | Mckinney Investors Inc | 222-10001-1-9 | | |
| 47 | [redacted] | 11/10/1999 | 12/20/1999 | DGJ East Lafayette Investments LLC | 222-10057-1-9 | $6,700,000 | $67,000 ex27022A |
| | | | | Lafayette Partners | 222-10058-1-8 | | |
| | | | | Boada & Sala, Inc. | 222-10059-1-7 | | |
| 48 | [redacted] | 11/22/1999 | 12/122/1999 | MP Allston Investments LLC | 222-10021-1-2 | $3,750,000 | $37,500 ex27076A |
| | | | | MP Allston Partners | 222-10022-1-1 | | |
| | | | | MP Allston Investors Inc. | 222-10023-1-0 | | |
| 49 | [redacted] | 11/22/1999 | 12/122/1999 | AKG Boulder Investments LLC | 222-10009-1-0 | $2,500,000 | $25,000 ex27060A |
| | | | | Boulder Ridge Partners | 222-10010-1-5 | | |

| | | | | | |
|---|---|---|---|---|---|
| Yen | $ Put | 103.19 | 103.17 | | |
| Yen | $ Put | 103.19 | 103.17 | | CAME IN DIRECT TO P'SHIP FROM AWAY |
| | | | | 1100 LVLT + $3,650 FX | |
| Yen | $ Put | 103.13 | 103.11 | | |
| | | | | | STOCK DONE AWAY? |
| Yen | $ Put | 103.13 | 103.11 | | |
| | | | | 350 SPY | |
| Yen | $ Put | 103.13 | 103.11 | | |
| | | | | 1 bond, $4,000 FX | 83.33% CAP, 40.00% ORD. STOCK ? |
| Yen | $ Put | 103.13 | 103.11 | | |
| | | | | 15,000 MUNI'S | |
| Eur | $ Call | 0.9954 | 0.9952 | | |
| Yen | $ Call | 109.72 | 109.74 | | |
| | | | | 20000 CNGR | |
| Eur | $ Call | 1.0088 | 1.0086 | | 100 TSFT |
| | | | | 108 TSFT | |
| Yen | $ Put | 102.04 | 102.02 | | |
| | | | | FX | |
| Yen | $ Call | 107.37 | 107.39 | | |

Personal Privacy

| | | | | | | | |
|---|---|---|---|---|---|---|---|
| | | | | Boulder Ridge Investors Inc. | 222-10011-1-4 | | |
| 50 | [redacted] | 11/22/1999 | 12/122/1999 | JCA Sunset BLVD. Investments LLC | 222-10060-1-4 | $7,500,000 | $75,000 ex27070A |
| | | | | Sunset BLVD. Partners | 222-10061-1-3 | | |
| | | | | James C. Anders, P.A. | 222-10052-1-2 | | |
| 51 | | 11/22/1999 | 12/122/1999 | D&A Highwoods Investments LLC | 222-10074-1-8 | $1,900,000 | $19,000 ex27074A |
| | | 11/22/1999 | 12/122/1999 | KA Highwoods Investments LLC | 222-10075-1-7 | $4,000,000 | $40,000 ex27072A |
| | | 11/22/1999 | 12/122/1999 | MP Highwoods Investments LLC | 222-10076-1-6 | $2,500,000 | $25,000 ex27073A |
| | | | | Highwood Partners | 222-10077-1-5 | | |
| | | | | Highwood Investors Inc | 222-10070-1-4 | | |
| 52 | | 11/22/1999 | 12/122/1999 | MC Beverwyck Investments LLC | 222-10071-1-1 | $5,000,000 | $50,000 ex27077A |
| | | | | MC Beverwyck Partners | 222-10072-1-0 | | |
| | | | | MC Beverwyck Investors Inc. | 222-10073-1-9 | | |
| 53 | | 11/22/1999 | 12/122/1999 | JMH leafy Way Investments LLC | 222-10012-1-3 | $4,100,000 | $41,000 ex27870A |
| | | 11/22/1999 | 12/122/1999 | DMK Peconic Investments LLC | 222-10013-1-1 | $3,000,000 | $30,000 ex27867A |
| | | 11/22/1999 | 12/122/1999 | LH Peconic Investments LLC | 222-10014-1-1 | $2,900,000 | $29,000 ex27869A |
| | | | | TTI Investors Partners | 222-10015-1-0 | | |
| | | | | Truetech, Inc. | 222-10016-1-9 | | |
| 54 | | 11/23/1999 | 12/22/1999 | JK Bryan Lane Investments LLC | 222-10049-1-0 | $5,500,000 | $55,000 ex27090A |
| | | | | Bryan Lane Partners | 222-10050-1-6 | | |
| | | | | Bryan Lane Investors Inc. | 222-10051-1-5 | | |
| 55 | | 11/23/1999 | 12/22/1999 | HCR Rivers Bend Investments LLC | 222-09992-1-9 | $7,200,000 | $72,000 ex27899A |
| | | 11/23/1999 | 12/22/1999 | EBR Rivers Bend Investments LLC | 222-09993-1-8 | $7,200,000 | $72,000 ex27900A |
| | | 11/23/1999 | 12/22/1999 | TC Lydia Lane Investments LLC | 222-09994-1-7 | $3,700,000 | $37,000 ex27901A |
| | | | | Chester Partners | 222-09995-1-6 | | |
| | | | | Chester Investors Inc. | 222-09996-1-5 | | |
| 56 | | 11/23/1999 | 12/22/1999 | DD Tiffany Circle Investments LLC | 222-10001-1-6 | $10,000,000 | $100,000 ex27913A |
| | | | | Tiffany Circle Partners | 222-10002-1-5 | | |
| | | | | Diamond Roofing Inc | 222-10003-1-4 | | |
| 57 | | 11/23/1999 | 12/22/1999 | WGB Executive Investments LLC | 222-10063-1-1 | $5,000,000 | $50,000 ex27912A |

| | | | | | |
|---|---|---|---|---|---|
| | | | | FX | |
| Yen | $ Put | 102.04 | 102.02 | | |
| | | | | FX | |
| Yen | $ Call | 107.37 | 107.39 | | |
| Yen | $ Call | 107.37 | 107.39 | | DONE AWAY |
| Yen | $ Call | 107.37 | 107.39 | | |
| Yen | $ Put | 102.04 | 102.02 | | |
| | | | | FX | |
| CAD | $ Put | 1.4419 | 1.4417 | | |
| Yen | $ Call | 107.37 | 107.39 | | |
| EUR | $ Call | 1.0083 | 1.0081 | | |
| | | | | FX | |
| Yen | $ Put | 101.39 | 101.37 | | |
| | | | | GATEX | |
| Yen | $ Put | 101.39 | 101.37 | | |
| Yen | $ Put | 101.39 | 101.37 | | |
| Yen | $ Put | 101.39 | 101.37 | | |
| | | | | 820 SPY, $58,000 FX | 820 SPY<br>Needs to buy 33% FX |
| Yen | $ Put | 101.19 | 101.17 | | |
| | | | | GATEX, $30,000 FX | |
| Yen | $ Put | 101.19 | 101.17 | | 1000 USTR |

| | | | | | | | |
|---|---|---|---|---|---|---|---|
| | | | | WGD Executive Partners | 222-10064-1-0 | | |
| | | | | WGD Executive Investors Inc. | 222-10065-1-9 | | |
| 58 | [redacted] | 11/23/1999 | 12/22/1999 | MPK Timber Investments LLC | 222-10088-1-2 | $5,000,000 | $50,000 ex27910A |
| | | | | Timber Partners | 222-10089-1-1 | | |
| | | | | MKP Investors, Inc | 222-10090-1-0 | | |
| 59 | | 11/23/1999 | 12/22/1999 | James Investments LLC | 222-09772-1-5 | $47,500,000 | $356,250 ex27922 |
| 60 | | 11/23/1999 | 12/22/1999 | James Investments LLC | 222-09772-1-5 | $47,500,000 | $356,250 ex27923A |
| | | | | Victory Partners | 222-10002-1-0 | | |
| | | | | Cerro Gordo Partners | 222-10003-1-7 | | |
| | | | | JM Victory Investors, Inc | 222-10004-1-6 | | |
| | | | | JS Cerro Gordo Investors, Inc | 222-10005-1-5 | | |
| 61 | | 11/24/1999 | 12/23/1999 | SKC Wilshire Investments LLC | 222-10109-1-7 | $35,000,000 | $350,000 |
| | | | | SRK Wilshire Partners | 222-10110-1-4 | | |
| | | | | SRK Wilshire Investors Inc. | 222-10111-1-3 | | |
| 62 | | 11/29/1999 | 12/20/1999 | KB Hoag Lane Investments LLC | 222-09962-1-5 | $900,000 | $9,000 |
| | | 11/29/1999 | 12/20/1999 | MB St. Andrews Investments LLC | 222-09963-1-4 | $5,200,000 | $52,000 |
| | | 11/29/1999 | 12/20/1999 | JB Hilltop Investments LLC | 222-09964-1-3 | $900,000 | $9,000 |
| | | | | Fayeville Partners | 222-09965-1-2 | | |
| | | | | Laurel Hollow Investors | 222-09966-1-1 | | |
| 63 | | 11/29/1999 | 12/20/1999 | RS Hunt Investments LLC | 222-10113-1-1 | $5,000,000 | $50,000 |
| | | 11/29/1999 | 12/20/1999 | MH Green Investments LLC | 222-10114-1-0 | $5,000,000 | $50,000 |
| | | | | Green Hunt Partners | 222-10115-1-9 | | |
| | | | | Green Hunt Investors Inc. | 222-10116-1-8 | | |
| 64 | | 11/29/1999 | 12/20/1999 | MD Bates Investments LLC | 222-10162-1-1 | $4,500,000 | $45,000 |
| | | 11/26/1999 | 12/20/1999 | JD Collins Investments LLC | 222-10163-1-0 | $4,500,000 | $45,000 |
| | | 11/29/1999 | 12/20/1999 | JF Northwestern Investments LLC | 222-10164-1-9 | $1,000,000 | $10,000 |
| | | | | Garfield Courts Apartments | 222-10165-1-8 | | |
| | | | | garfield Courts Investors Inc. | 222-10166-1-7 | | |
| 65 | | 11/29/1999 | 12/20/1999 | MS Manlius Center Investments LLC | 222-09976-1-6 | $6,000,000 | $60,000 |
| | | | | Manlius Partners | 222-09977-1-8 | | |



DB-DOJ-COBRA-00044440

| | | | | | |
|---|---|---|---|---|---|
| Yen | $ Put | 101.10 | 101.17 | 100 MPH | 100 MPH |
| Yen | $ Call | 106.62 | 106.64 | | |
| Eur | $ Call | 0.9936 | 0.9936 | | |
| Yen | $ Call | 107.21 | 107.23 | FX | FX |
| Yen | $ Call | 105.37 | 105.39 | | |
| Yen | $ Call | 105.37 | 105.39 | | |
| Yen | $ Call | 105.37 | 105.39 | 450 SPY | |
| Yen | $ Call | 105.37 | 105.39 | | |
| Yen | $ Call | 105.37 | 105.39 | 650 SPY | 650 SPY |
| Yen | $ Call | 105.37 | 105.39 | | |
| Yen | $ Call | 105.37 | 105.39 | | |
| Yen | $ Call | 105.37 | 105.39 | GATEX | |
| Yen | $ Call | 105.37 | 105.39 | 600 SGP<br>$39,100 FX | |

| | | | | | | | |
|---|---|---|---|---|---|---|---|
| | | | | Santaro Leasing | 222-09978-1-7 | | |
| 66 | [redacted] | 11/29/1999 | 12/20/1999 | JN Columbia Investments LLC | 222-10143-1-5 | $5,000,000 | $50,000 |
| | | | | JN Columbia Partners | 222-10144-1-4 | | |
| | | | | JN Columbia Investors Inc. | 222-10145-1-3 | | |
| 67 | | 11/29/1999 | 12/20/1999 | NRK Syracuse Investments LLC | 222-09864-1-4 | $1,300,000 | $13,000 |
| | | 11/29/1999 | 12/20/1999 | TB Cody Investments LLC | 222-09865-1-3 | $2,300,000 | $23,000 |
| | | 11/29/1999 | 12/20/1999 | RTW High Investments LLC | 222-09866-1-2 | $1,300,000 | $13,000 |
| | | | | BKW Partners | 222-09867-1-1 | | |
| | | | | BKW Lockport Investors Inc. | 222-09868-1-0 | | |
| 68 | | 11/29/1999 | 12/20/1999 | SLA Washington Investments LLC | 222-10146-1-2 | $3,000,000 | $30,000 |
| | | | | SLA Partners | 222-10147-1-1 | | |
| | | | | SLA Investors Inc. | 222-10148-1-0 | | |
| 69 | | 11/29/1999 | 12/20/1999 | WDJ Independence Investments LLC | 222-10066-1-8 | $3,000,000 | $30,000 |
| | | 11/29/1999 | 12/20/1999 | LDJ Independence Investments LLC | 222-10067-1-7 | $1,000,000 | $10,000 |
| | | | | Jordan Investment Partners | 222-10068-1-6 | | |
| | | | | Jordan Independence Investors Inc. | 222-10069-1-5 | | |
| 70 | | 11/29/1999 | 12/20/1999 | RR Washington Investments LLC | 222-10149-1-9 | $3,050,000 | $30,500 |
| | | 11/29/1999 | 12/20/1999 | DR Washington Investments LLC | 222-10150-1-5 | $600,000 | $6,000 |
| | | | | Clarkston Partners | 222-10151-1-4 | | |
| | | | | Clarkston Investors Inc. | 222-10152-1-3 | | |
| 71 | | 11/29/1999 | 12/20/1999 | Gaught Enterprises LLC | 222-10140-1-8 | $4,500,000 | $45,000 |
| | | | | Gaught Properties, LP | 222-10141-1-7 | | |
| | | | | Bodacious, Inc. | 222-10142-1-6 | | |
| 72 | | 11/29/1999 | 12/20/1999 | MR Windsor Investments LLC | 222-10106-1-0 | $20,000,000 | $200,000 |
| | | | | Mr Windsor Partners | 222-10107-1-9 | | |
| | | | | MR Windsor Investors | 222-10108-1-8 | | |
| 73 | | 11/29/1999 | 12/20/1999 | Sanders Properties, LLC | 222-10091-1-7 | $12,000,000 | $120,000 |
| | | | | J.R. Saunders Limited Partnership | 222-10092-1-6 | | |

| | | | | | |
|---|---|---|---|---|---|
| Yen | $ Call | 105.37 | 105.39 | GATEX | |
| Yen | $ Put | 98.33 | 98.31 | | |
| Yen | $ Put | 98.33 | 98.31 | | |
| Yen | $ Put | 98.33 | 98.31 | GATEX | |
| GBP | $ Call | 1.5734 | 1.5732 | GATEX, $9,000 FX | |
| EUR | $ Call | 0.9839 | 0.9837 | | 352 CCB |
| EUR | $ Call | 0.9839 | 0.9837 | 352 CCB, $5,000 FX | |
| GBP | $ Call | 1.5734 | 1.5732 | | |
| GBP | $ Call | 1.5734 | 1.5732 | GATEX, $5,100 FX | |
| Yen | $ Call | 105.76 | 105.78 | | DONE AWAY? |
| EUR | $ Put | 1.0371 | 1.0373 | GATEX | |
| Yen | $ Call | 105.37 | 105.39 | | DONE AWAY? |

| | | | | | | | |
|---|---|---|---|---|---|---|---|
| 74 | Personal Privacy [redacted] | 11/29/1999 | 12/20/1999 | WAA Delle Investments LLC | 222-10168-1-5 | $2,750,000 | $27,500 |
| | | 11/29/1999 | 12/20/1999 | SLA Delle Investments LLC | 222-10169-1-4 | $2,750,000 | $27,500 |
| | | | | Delle Partners | 222-10170-1-1 | | |
| | | | | WS Delle Investors Inc. | 222-10171-1-0 | | |
| 75 | | 11/29/1999 | 12/20/1999 | WPM Wedge Wood Investments LLC | 222-10192-1-5 | $4,000,000 | $40,000 |
| | | | | Wedge Wood Partners | 222-10193-1-4 | | |
| | | | | Wedge Wood Investors | 222-10194-1-3 | | |
| 76 | | 11/29/1999 | 12/20/1999 | BGH Barnett Investments LLC | 222-10220-1-1 | $2,500,000 | $25,000 |
| | | | | BGH Partners | 222-10221-1-0 | | |
| | | | | BGH Investors Inc. | 222-102222-1-9 | | |
| 77 | | 11/29/1999 | 12/20/1999 | RDB Coddle Creek Investments LLC | 222-10214-1-9 | $5,000,000 | $50,000 |
| | | | | Coddle Creek Partners | 222-10215-1-0 | | |
| | | | | Coddle Creek Investors Inc. | 222-10216-1-7 | | |
| 78 | | 11/29/1999 | 12/23/1999 | MMG 1999 Grantor Trust | 222-10099-1-9 | $70,000,000 | $1,925,000 |
| | | | | MMG Investment Partners | 222-10100-1-6 | | |
| | | | | Mitchell Madison Group L.L.C. | 222-10101-1-5 | | |
| 79 | | 11/29/1999 | 12/20/1999 | OLT 60th Street Investments LLC | 222-10132-1-0 | $2,025,000 | $20,250 |
| | | 11/29/1999 | 12/20/1999 | TLR 23rd Street Investments LLC | 222-10133-1-7 | $2,025,000 | $20,250 |
| | | 11/29/1999 | 12/20/1999 | BPG Johnson Investments LLC | 222-10134-1-6 | $1,545,000 | $15,450 |
| | | 11/29/1999 | 12/20/1999 | GPF Shore Road Investments LLC | 222-10135-1-5 | $2,025,000 | $20,250 |
| | | 11/29/1999 | 12/20/1999 | DHM Chestnut Investments LLC | 222-10136-1-4 | $1,545,000 | $15,450 |
| | | 11/29/1999 | 12/20/1999 | OLT 60th Street Investments LLC | 222-10132-1-8 | $2,300,000 | $23,000 |
| | | 11/29/1999 | 12/20/1999 | TLR 23rd Street Investments LLC | 222-10133-1-7 | $2,300,000 | $23,000 |
| | | 11/29/1999 | 12/20/1999 | BPG Johnson Investments LLC | 222-10134-1-6 | $1,475,000 | $14,750 |
| | | 11/29/1999 | 12/20/1999 | GPF Shore Road Investments LLC | 222-10135-1-5 | $2,300,000 | $23,000 |
| | | 11/29/1999 | 12/20/1999 | DHM Chestnut Investments LLC | 222-10136-1-4 | $1,475,000 | $14,750 |
| | | | | Lexington Partners, L.P. | 222-10137-1-3 | | |
| | | | | Lexington Media Partners II, L.P. | 222-10138-1-2 | | |
| | | | | Hampshire Partners | 222-10139-1-1 | | |
| 80 | | 11/30/1999 | 12/20/1999 | TOH Camberly Circle Investments LLC | 222-10037-1-4 | $6,050,000 | $60,500 |

| | | | | | |
|---|---|---|---|---|---|
| Yen | $ Call | 105.37 | 105.39 | | |
| Yen | $ Call | 105.37 | 105.39 | | |
| | | | | | 350 CPY |
| Yen | $ Call | 105.76 | 105.78 | | |
| | | | | | FX |
| Yen | $ Call | 105.76 | 105.78 | | |
| | | | | | FX |
| Yen | $ Call | 105.76 | 105.78 | | |
| | | | | | FX |
| EUR | $ Put | 1.0251 | 1 0253 | | |
| Yen | $ Call | 105.76 | 105.78 | | |
| Yen | $ Call | 105.76 | 105.78 | | |
| Yen | $ Call | 105.76 | 105.78 | | |
| Yen | $ Call | 105.76 | 105.78 | | |
| Yen | $ Call | 105.76 | 105.78 | | |
| EUR | $ Call | 0.9839 | 0.9837 | | |
| EUR | $ Call | 0.9839 | 0.9837 | | |
| EUR | $ Call | 0.9839 | 0.9837 | | |
| EUR | $ Call | 0.9839 | 0.9837 | | |
| EUR | $ Call | 0.9839 | 0.9837 | | |
| | | | | 72,463 ECPI | |
| Yen | $ Call | 105.67 | 105.69 | $53,400 GATEX + | |

| | | | | | | | |
|---|---|---|---|---|---|---|---|
| | | | | Camberly Circle Partners | 222-10038-1-3 | | |
| | | | | Camberly Circle Investors Inc. | 222-10039-1-2 | | |
| 01 | [redacted] | 11/30/1999 | 12/20/1999 | BWJ Birchwood Investments LLC | 222-10183-1-6 | $10,000,000 | $100,000 |
| | | | | BWJ Partners | 222-10181-1-0 | | |
| | | | | International Industrial Contracting Corp. | 222-10182-1-7 | | |
| 02 | | 11/30/1999 | 12/20/1999 | JCB Stone Canyon Investments LLC | 222-10223-1-8 | $17,500,000 | $175,000 |
| | | | | Stone Canyon Partners | 222-10224-1-7 | | |
| | | | | Stone Canyon Investors Inc. | 222-10225-1-6 | | |
| 03 | | 11/30/1999 | 12/20/1999 | RC Cutler Investments LLC | 222-10217-1-6 | $5,000,000 | $50,000 |
| | | | | Cutler Investments Partners | 222-10218-1-5 | | |
| | | | | Cutler Court Investors Inc. | 222-10219-1-4 | | |
| 04 | | 11/30/1999 | 12/20/1999 | PJG, LLC | 222-10172-1-9 | $2,000,000 | $20,000 |
| | | | | The Gilbridge Limited Partnership | 222-10173-1-8 | | |
| | | | | JBJG, Inc. | 222-10174-1-7 | | |
| 05 | | 11/30/1999 | 12/20/1999 | HDC 131 Circle Investments LLC | 222-10228-1-3 | $11,000,000 | $110,000 |
| | | | | Keefe Copeland Investors Inc. | 222-10229-1-2 | | |
| | | | | HDC 131 Circle Partners | 222-10250-1-4 | | |
| 06 | | 11/30/1999 | 12/20/1999 | JMC Superior Investments LLC | 222-10231-1-8 | $5,000,000 | $50,000 |
| | | 11/30/1999 | 12/20/1999 | LPT Superior Investments LLC | 222-10232-1-7 | $2,250,000 | $22,500 |
| | | 11/30/1999 | 12/20/1999 | DJC Superior Investments LLC | 222-10233-1-6 | $1,600,000 | $16,000 |
| | | 11/30/1999 | 12/20/1999 | JRL Superior Investments LLC | 222-10234-1-5 | $250,000 | $2,500 |
| | | | | Superior Partners | 222-10235-1-4 | | |
| | | | | JRL Superior Investments LLC | 222-10236-1-3 | | |
| 07 | | 11/30/1999 | 12/20/1999 | SS Shumard Oak Investments LLC | 222-10237-1-2 | $4,500,000 | $45,000 |
| | | 11/30/1999 | 12/20/1999 | AT Shadywood Investments LLC | 222-10238-1-1 | $4,500,000 | $45,000 |
| | | | | Shady Oaks Partners | 222-10239-1-0 | | |
| | | | | Shady oaks Investors Inc. | 222-10240-1-7 | | |
| 08 | | 11/30/1999 | 12/20/1999 | MGM Lake Mist Investments LLC | 222-10251-1-3 | $4,100,000 | $41,000 |
| | | | | Lake Mist Partners | 222-10252-1-2 | | |

| | | | | | |
|---|---|---|---|---|---|
| | | | | $6,600 FX | |
| EUR | $ Call | 0.0023 | 0.0021 | | |
| | | | | FX | |
| Yen | $ Call | 105.46 | 105.48 | | |
| | | | | 100 TXN | |
| Yen | $ Call | 105.46 | 105.48 | | |
| | | | | | DONE AWAY? |
| Yen | $ Call | 105.40 | 105.40 | | |
| | | | | 100 SPY | 100 SPY |
| Yen | $ Call | 105.46 | 105.48 | | |
| | | | | GATEX | |
| Yen | $ Call | 105.46 | 105.40 | | |
| Yen | $ Call | 105.46 | 105.40 | | |
| Yen | $ Call | 105.46 | 105.48 | | |
| Yen | $ Call | 105.46 | 105.48 | | |
| | | | | FX | |
| EUR | $ Call | 0.0023 | 0.0021 | | |
| SWF | $ Put | 1.5414 | 1.5412 | | |
| | | | | GATEX | |
| Yen | $ Call | 105.67 | 105.60 | | |
| | | | | $21,700 fx (EUR) + | Transfer MER STOCK? |

| | | | | | | | |
|---|---|---|---|---|---|---|---|
| | | | | Lake Mist Investors Inc. | 222-10253-1-1 | | |
| 89 | Privacy Act [redacted] | 11/30/1999 | 12/20/1999 | WCD River Avenue Investments LLC | 222-10254-1-0 | $11,750,000 | $117,500 |
| | | 11/30/1999 | 12/20/1999 | TDD River Avenue Investments LLC | 222-10255-1-9 | $11,750,000 | $117,500 |
| | | | | TDWD Investment Partnes | 222-10256-1-0 | | |
| | | | | TDWD Monmouth Beach Investors Inc. | 222-10257-1-7 | | |
| 90 | [redacted] | 11/30/1999 | 12/20/1999 | JN Columbia Investments LLC | 222-10143-1-5 | $1,000,000 | $10,000 |
| | | | | JN Columbia Partners | 222-10144-1-4 | | |
| | | | | JN Columbia Investors Inc. | 222-10145-1-3 | | |
| 91 | [redacted] | 11/30/1999 | 12/20/1999 | TBR Barnwell Investments LLC | 222-00065-1-5 | $3,000,000 | $30,000 |
| | | | | TBR Barnwell Partners | 222-00066-1-4 | | |
| | | | | TBR Barnwell Investments Inc | 222-0067-1-3 | | |
| | | | | ONR Partners | 222-09720-1-0 | | |
| 92 | [redacted] | 12/2/1999 | 12/20/1999 | BG Bartram Investments LLC | 222-10120-1-4 | $4,000,000 | $40,000 |
| | | 12/2/1999 | 12/20/1999 | JDB Cory Investments LLC | 222-10129-1-3 | $4,000,000 | $40,000 |
| | | | | JB Investment Partners | 222-10130-1-0 | | |
| | | | | JB Cory Investors Inc. | 222-10131-1-9 | | |
| 93 | [redacted] | 12/2/1999 | 12/20/1999 | CTM Collins North Investments LLC | 222-10258-1-6 | $7,000,000 | $70,000 |
| | | | | Collins North Partners | 222-10259-1-5 | | |
| | | | | Collins North Investors Inc. | 222-10260-1-2 | | |
| 94 | [redacted] | 12/2/1999 | 12/20/1999 | JJM Windrock Investments LLC | 222-10265-1-7 | $2,500,000 | $25,000 |
| | | | | JJM Windrock Partners | 222-10266-1-6 | | |
| | | | | JJM Windrock Investors Inc. | 222-10267-1-5 | | |
| 95 | [redacted] | 12/2/1999 | 12/20/1999 | RSK Swinford Investments LLC | 222-10272-1-8 | $10,000,000 | $100,000 |
| | | 12/2/1999 | 12/20/1999 | RSK Swinford Investments LLC | 222-10272-1-8 | $10,000,000 | $100,000 |
| | | | | Swinford Partners | 222-10273-1-7 | | |
| | | | | Swinford Lane Investors Inc. | 222-10274-1-6 | | |
| 96 | [redacted] | 12/2/1999 | 12/20/1999 | DCJ East Lafayette Investments LLC | 222-10057-1-9 | $2,000,000 | $20,000 |
| | | | | Lafayette Partners | 222-10058-1-0 | | |
| | | | | Boado & Solo, Inc. | 222-10059-1-7 | | |

| | | | | | |
|---|---|---|---|---|---|
| EUR<br>GWP | $ Call<br>$ Put | 0.9923<br>1.5414 | 0.9921<br>1.5412 | $5,400 FX + | 1000 EUD<br>AWAITING MORE STOCK? |
| Yen | $ Call | 105.46 | 105.48 | GATEX | |
| Yen | $ Call | 105.46 | 105.48 | | |
| Yen<br>Yen | $ Call<br>$ Call | 105 67<br>105 67 | 105.69<br>105 69 | FX | |
| Yen | $ Call | 105.78 | 105.8 | GATEX | |
| Yen | $ Call | 105.78 | 105.8 | GATEX | |
| Yen<br>EUR | $ Put<br>$ Call | 99.44<br>0.9769 | 99.42<br>0.9767 | GATEX 12-27 | 155 EMC,95 INTC, 270 LU, 110 QCOM |
| Eur | $ Call | 0.9769 | 0.9767 | 100 EMC, 200 LU +<br>100 QCOM | |
| | | | | 100 TSFT | 100 TSFT |



DB-DOJ-COBRA-00044461

| | | | | | | | |
|---|---|---|---|---|---|---|---|
| 97 | Personal Privacy [redacted] | 12/3/1999 | 12/22/1999 | West 57th Grantor Trust | 222-10099-1-7 | $5,000,000 | $137,500 |
| | | | | MMC Investment Partners | 222-10100-1-6 | | |
| | | | | Mitchell Madison Group L.L.C. | 222-10101-1-5 | | |
| 98 | | 12/6/1999 | 12/20/1999 | MS Glades Investments LLC | 222-10275-1-5 | $7,500,000 | $75,000 |
| | | 12/6/1999 | 12/20/1999 | AR Glades Investments LLC | 222-10276-1-6 | $7,500,000 | $75,000 |
| | | | | SR Glades Partners | 222-10277-1-3 | | |
| | | | | SR Glades Investors Inc. | 222-10278-1-2 | | |
| 99 | | 12/6/1999 | 12/20/1999 | IVP Lake Investments LLC | 222-10296-1-0 | $21,000,000 | $210,000 |
| | | | | Eakle Partners | 222-10297-1-0 | | |
| | | | | Eakle Investors Inc. | 222-10298-1-0 | | |
| 100 | | 12/6/1999 | 12/20/1999 | RLD Appomattox Investments LLC | 222-10290-1-6 | $750,000 | $7,500 |
| | | 12/6/1999 | 12/20/1999 | JDH Ellis Investments LLC | 222-10291-1-5 | $4,775,000 | $47,750 |
| | | 12/6/1999 | 12/20/1999 | JJG Oak Hill Investments LLC | 222-10292-1-4 | $2,925,000 | $29,250 |
| | | 12/6/1999 | 12/20/1999 | MDD Thorndale Investments LLC | 222-10293-1-3 | $400,000 | $4,000 |
| | | | | Ellis Street Partners | 222-10294-1-2 | | |
| | | | | Ellis Street Investors Inc. | 222-10295-1-1 | | |
| 101 | | 12/6/1999 | 12/20/1999 | DWG Investments LLC | 222-00722-1-0 | $6,000,000 | $60,000 |
| | | | | Cent. Amer. Real Estate LTD. | 222-00724-1-6 | | |
| | | | | Hidden Hills Partners | 222-10306-1-0 | | |
| 102 | | 12/7/1999 | 12/20/1999 | EGP Mantua Investments LLC | 222-10300-1-4 | $4,000,000 | $40,000 |
| | | | | Mantua Investors Partners | 222-10301-1-3 | | |
| | | | | Mantua Investors Inc. | 222-10302-1-2 | | |
| 103 | | 12/7/1999 | 12/20/1999 | WTW Wynstone Investments LLC | 222-10303-1-1 | $21,000,000 | $210,000 |
| | | | | Wynstone Partners | 222-10304-1-0 | | |
| | | | | The Wamberg Organization, Inc. | 222-10305-1-9 | | |
| 104 | | 12/7/1999 | 12/20/1999 | SAB Walnut Hill Investments LLC | 222-10306-1-6 | $40,000,000 | $400,000 |
| | | 12/7/1999 | 12/20/1999 | SAB Walnut Hill Investments LLC | 222-10308-1-0 | $6,700,000 | $67,000 |
| | | | | SAB Walnut Hill Partners | 222-10309-1-5 | | |
| | | | | SAB Walnut Hill Investors, Inc. | 222-10310-1-2 | | |

| | | | | | |
|---|---|---|---|---|---|
| EUR | $ Put | 1.0202 | 1.0204 | | ??????????????? |
| EUR | $ Call | 0.9949 | 0.9947 | | |
| EUR | $ Call | 0.9949 | 0.9947 | GATEX | |
| EUR | $ Call | 0.9949 | 0.9947 | 900 DAC | 927 DAC |
| EUR | $ Call | 0.9949 | 0.9947 | | |
| EUR | $ Call | 0.9949 | 0.9947 | | |
| EUR | $ Call | 0.9949 | 0.9947 | | |
| EUR | $ Call | 0.9949 | 0.9947 | GATEX | |
| EUR | $ Call | 0.9949 | 0.9947 | $10,075 FX (EUR) + $20,185 GATEX | |
| EUR | $ Call | 1.0009 | 1.0007 | FX | |
| EUR | $ Call | 1.0009 | 1.0007 | $53,600 fx (EUR) | 3700 WAG |
| EUR | $ Call | 1.0009 | 1.0007 | | |
| Yen | $ Call | 104.61 | 104.63 | | |

| | | | | | | | |
|---|---|---|---|---|---|---|---|
| 105 [redacted] Personal Privacy | 12/7/1999 | 12/20/1999 | FLC Crossfield Investments LLC | 222-10311-1-1 | $11,950,000 | $119,500 | |
| | | | Crossfield Partners | 222-10312-1-0 | | | |
| | | | FLC Crossfield Investors Inc. | 222-10313-1-9 | | | |
| | | | | | | | |
| | | | BY | | $94,450,000 | | |
| 1 Henry Camferdam | 11/16/1999 | 12/16/1999 | HNC Ditch Investments LLC | 222-09951-1-8 | $50,000,000 | $2,500,000 | ex27025A |
| Jeff Adams | 11/16/1999 | 12/16/1999 | JMA Sedgemoor Investments LLC | 222-09952-1-7 | $12,000,000 | $600,000 | ex27026A |
| Jay Michener | 11/16/1999 | 12/16/1999 | JM Walnut Investments LLC | 222-09953-1-6 | $7,000,000 | $350,000 | ex27627A |
| Carol Trigilio | 11/16/1999 | 12/16/1999 | CT Oak Tree Investments LLC | 222-09954-1-5 | $1,400,000 | $70,000 | |
| Brian Upchurch-BY | | | Carmel Partners | 222-09955-1-4 | | | |
| Wayne-BY | | | DAMC Inc. | 222-09956-1-3 | | | |
| | | | | | | | |
| 2 Victor Rice | 11/17/1999 | 12/16/1999 | VAR Tudor Place Investments LLC | 222-10024-1-9 | $21,500,000 | $1,075,000 | ex27710A |
| Victor Rice | 11/17/1999 | 12/16/1999 | VAR Tudor Place Investments LLC | 222-10024-1-9 | $21,500,000 | $1,075,000 | ex27719A |
| Vincent Laurenzo | 11/17/1999 | 12/16/1999 | VDL Gulfshore BLVD Investments LLC | 222-10025-1-0 | $7,000,000 | $350,000 | ex27720A |
| Neal Arnold | 11/17/1999 | 12/16/1999 | NDA Dauphin Investments LLC | 222-10026-1-7 | $7,000,000 | $350,000 | ex27721A |
| Bill Murphy-BY | | | VAR Partners | 222-10027-1-6 | | | |
| Ray Harmen-BY | | | VAR Investors Inc. | 222-10028-1-5 | | | |
| | | | | | | | |
| 3 Steve Cummins | 11/10/1999 | 12/20/1999 | DJM Tesoro Drive Investments LLC | 222-10029-1-4 | $5,000,000 | $250,000 | ex27740A |
| Dick Jones-BY | 11/10/1999 | 12/20/1999 | DJM Tesoro Drive Investments LLC | 222-10029-1-4 | $12,500,000 | $625,000 | ex27741A |
| | 11/10/1999 | 12/20/1999 | DJM Tesoro Drive Investments LLC | 222-10029-1-4 | $17,200,000 | $860,000 | ex27764A |
| | 11/10/1999 | 12/20/1999 | OW Tesoro Investments LLC | 222-10030-1-1 | $8,000,000 | $400,000 | ex27744A |
| | 11/10/1999 | 12/20/1999 | OW Tesoro Investments LLC | 222-10030-1-1 | $3,300,000 | $165,000 | ex27745A |
| | | | SA Tesoro Investment Partners | 222-10031-1-0 | | | |
| | | | Tesoro Drive Partners | 222-10032-1-9 | | | |
| | | | Tesoro Drive Investors Inc. | 222-10033-1-8 | | | |
| | | | SA Tesoro Investos Inc. | 222-10034-1-7 | | | |
| | | | | | | | |
| 4 Eric Harlsom | 11/10/1999 | 12/20/1999 | EH Old Stonehedge Investments LLC | 222-09900-1-3 | $46,000,000 | $2,300,000 | ex27769A |
| Doug Macgregor | 11/10/1999 | 12/20/1999 | DDM Bell Mountain Investments LLC | 222-09901-1-2 | $30,000,000 | $1,500,000 | ex27774A |
| Jeff Clarke | 11/10/1999 | 12/20/1999 | JC Woodland Investments LLC | 222-09902-1-0 | $20,000,000 | $1,000,000 | ex27775A |
| Charlie Paul-BY | | | CMC Austin Partners | 222-09903-1-0 | | | |
| | | | CMC Austin Investors Inc. | 222-09904-1-9 | | | |
| | | | | | | | |
| 5 Kevin Kalkhoven | 11/10/1999 | 12/20/1999 | KOK Sheridan Way Investments LLC | 222-10017-1-8 | $25,000,000 | $1,250,000 | ex27765A |



DB-DOJ-COBRA-00044446

| | | | | | |
|---|---|---|---|---|---|
| EUR | $ Call | 1.0009 | 1.0007 | 10,000 RIPE | |
| EUR | $ Call | 1.0167 | 1.0165 | | |
| Yen | $ Put | 103.63 | 103.61 | | |
| Yen | $ Put | 103.63 | 103.61 | | |
| Yen | $ Put | 103.63 | 103.61 | | |
| | | | OTP | BONDS ALL CAP. | |
| GBP | $ Put | 1.6416 | 1.6416 | | |
| EUR | $ Call | 1.0273 | 1.0271 | | |
| Yen | $ Call | 107.21 | 107.23 | | |
| Yen | $ Call | 107.21 | 107.23 | | |
| | | | | $1MM FX ALL ORD. | Various Muni Bonds |
| SWF | $ Call | 1.5620 | 1.5620 | | |
| SWF | $ Call | 1.5620 | 1.5620 | | |
| Aussie $ | $ Put | 0.6502 | 0.6504 | | |
| Dmark | $ Call | 1.0133 | 1.0135 | | |
| Yen | $ Put | 103.67 | 103.65 | | |
| | | | | SUNW $250,000 FX | SUNW |
| EUR | $ Put | 1.0489 | 1.0491 | | |
| SWF | $ Call | 1.5736 | 1.5738 | | |
| GBP | $ Call | 1.5939 | 1.5937 | | |
| | | | | $1,800,000 FX ALL ORD. | |
| EUR | $ Put | 1.0486 | 1.0488 | | |

| | | | | | | | | |
|---|---|---|---|---|---|---|---|---|
| | Danny Pettit | 11/18/1999 | 12/20/1999 | DBP Stratton Investments LLC | 222-10018-1-7 | $17,000,000 | $850,000 | ex27763A |
| | Robert Haney-EY | 11/18/1999 | 12/20/1999 | DBP Stratton Investments LLC | 222-10018-1-7 | $16,000,000 | $800,000 | ex27764A |
| | | | | Woodside Partners | 222-10019-1-6 | | | |
| | | | | Woodside Investors Inc. | 222-10020-1-3 | | | |
| 6 | Gary Snook | 11/23/1999 | 12/22/1999 | GS Owl Creek Investments LLC | 222-10102-1-4 | $21,000,000 | $1,050,000 | ex27915A |
| | Tom Darden | 11/23/1999 | 12/22/1999 | TFD Overlin Investments LLC | 222-10103-1-3 | $3,000,000 | $150,000 | ex27916A |
| | Ray Knight-EY | | | GSTD Partners | 222-10104-1-2 | | | |
| | | | | GSTD Investors | 222-10105-11 | | | |
| 7 | Jerry Zucker | 11/23/1999 | 12/22/1999 | JZ Buckingham Investments LLC | 222-10153-1-2 | $25,000,000 | $1,250,000 | ex27020A |
| | Jim Boyd | 11/23/1999 | 12/22/1999 | JZ Buckingham Investments LLC | 222-10153-1-2 | $20,000,000 | $1,000,000 | ex27019A |
| | Ray Knight-EY | 11/23/1999 | 12/22/1999 | JGB Bohicket Investments LLC | 222-10154-1-1 | $5,000,000 | $250,000 | ex27021A |
| | | | | JDJZ Partners | 222-10155-1-0 | | | |
| | | | | JDJZ Investors Inc. | 222-10156-1-9 | | | |
| 8 | Brian Sullivan | 11/24/1999 | 12/23/1999 | BFS Morgan Investments LLC | 222-10117-1-7 | $19,000,000 | $950,000 | |
| | Bill Wanner | 11/24/1999 | 12/23/1999 | WFW Grays Landing Investments LLC | 222-10118-1-6 | $21,500,000 | $1,075,000 | |
| | Richard Hembree | 11/24/1999 | 12/23/1999 | RDH Loch Investments LLC | 222-10119-1-5 | $4,000,000 | $200,000 | |
| | John Bean-EY | | | WRB Lake Partners | 222-10120-1-2 | | | |
| | | | | WRB Lake Investors Inc. | 222-10121-1-1 | | | |
| 9 | Tom Waldin | 11/24/1999 | 12/23/1999 | TDW Spinnaker Investments LLC | 222-10123-1-9 | $37,000,000 | $1,350,000 | |
| | Stuart Neidus | 11/24/1999 | 12/23/1999 | TDW Spinnaker Investments LLC | 222-10123-1-9 | $13,000,000 | $650,000 | |
| | Ralph King | 11/24/1999 | 12/23/1999 | STD Sugarbush Investments LLC | 222-10124-1-0 | $3,000,000 | $150,000 | |
| | Bart Francis-EY | 11/24/1999 | 12/23/1999 | RTK Camino Investments LLC | 222-10125-1-7 | $10,000,000 | $500,000 | |
| | | | | WNK Partners | 222-10126-1-6 | | | |
| | | | | WNK Spinnaker Investors Inc. | 222-10127-1-5 | | | |
| 10 | John Bertsch | 11/24/1999 | 12/23/1999 | JRB Reeds Investments LLC | 222-10185-1-4 | $25,000,000 | $1,250,000 | |
| | | 11/24/1999 | 12/23/1999 | JRB Reeds Investments LLC | 222-10185-1-4 | $500,000 | $25,000 | |
| | Drew Barton | 11/24/1999 | 12/23/1999 | APB Sanderson Investments LLC | 222-10189-1-0 | $23,000,000 | $1,150,000 | |
| | EY | 11/24/1999 | 12/23/1999 | APB Sanderson Investments LLC | 222-10189-1-0 | $4,000,000 | $200,000 | |
| | | | | Reeds Investment Partners | 222-10186-1-3 | | | |
| | | | | Reed Sanders Investors Inc. | 222-10107-1-2 | | | |
| | | | | Sanderson Investment Partners | 222-10190-1-7 | | | |
| | | | | Sanderson Reeds Invesors Inc. | 222-10191-1-6 | | | |

| | | | | | |
|---|---|---|---|---|---|
| SWF | $ Call | 1.5746 | 1.5740 | | |
| GBP | $ Call | 1.5964 | 1.5962 | | |
| | | | | $775,000<br>ALL ORD. | |
| Yen | $ Call | 105.67 | 105.69 | | |
| EUR | $ Call | 1.0134 | 1.0132 | | |
| | | | | GATEX<br>ALL CAP. | |
| Yen | $ Call | 106.19 | 106.21 | | |
| EUR | $ Call | 1.0183 | 1.1021 | | |
| EUR | $ Call | 1.0183 | 1.0181 | | |
| | | | | $400M GATEX,$600M FX<br>40% CAP., 60% ORD. | |
| EUR | $ Call | 1.0079 | 1.0077 | | |
| SWF | $ Put | 1.5368 | 1.5366 | | |
| EUR | $ Call | 1.0079 | 1.0077 | | |
| | | | | $875,000 FX<br>ALL ORD. | |
| EUR | $ Call | 1.0068 | 1.0066 | | |
| SWF | $ Call | 1.5057 | 1.5059 | | |
| SWF | $ Call | 1.5057 | 1.5059 | | |
| SWF | $ Call | 1.5057 | 1.5059 | | |
| | | | | $725,000 FX<br>ALL ORD. | |
| EUR | $ Call | 1.0049 | 1.0047 | | |
| EUR | $ Call | 1.0049 | 1.0047 | | |
| Yen | $ Put | 102.33 | 102.31 | | |
| Yen | $ Put | 102.33 | 102.31 | | |
| | | | | STOCKS | Various Stocks |
| | | | | $60,000 FX | |

| | | | | | | | |
|---|---|---|---|---|---|---|---|
| 11 | Richard Mann | 11/24/1999 | 12/23/1999 | RWM High Meadows Investments LLC | 222-10175-1-6 | $12,000,000 | $600,000 |
| | Fred Neal Hunter | 11/24/1999 | 12/23/1999 | FNH Courtland Investments LLC | 222-10176-1-5 | $1,500,000 | $75,000 |
| | | 11/24/1999 | 12/23/1999 | FNH Courtland Investments LLC | 222-10176-1-5 | $7,500,000 | $375,000 |
| | John Palmeur | 11/24/1999 | 12/23/1999 | JWP Hunter's Bluff Investments LLC | 222-10177-1-4 | $3,000,000 | $150,000 |
| | Calvin Carter | 11/24/1999 | 12/23/1999 | CHC Drawbridge Lane Investments LLC | 222-10178-1-2 | $3,000,000 | $150,000 |
| | | | | FNRM Partners | 222-10179-1-2 | | |
| | | | | FNRM Investors Inc. | 222-10180-1-9 | | |
| 12 | Cathy Greenwold | 11/29/1999 | 12/23/1999 | CG Mesa Investments LLC | 222-10195-1-2 | $250,000 | $12,500 |
| | Micheal Carrubias | 11/29/1999 | 12/23/1999 | CG Mesa Investments LLC | 222-10195-1-2 | $1,000,000 | $50,000 |
| | J. David Martin | 11/29/1999 | 12/23/1999 | MAC Divisadero Investments LLC | 222-10196-1-1 | $750,000 | $37,500 |
| | Robert Haney-EY | 11/29/1999 | 12/23/1999 | MAC Divisadero Investments LLC | 222-10196-1-1 | $1,750,000 | $87,500 |
| | | 11/29/1999 | 12/23/1999 | JDM Vallejo Investments LLC | 222-10197-1-0 | $3,000,000 | $150,000 |
| | | 11/29/1999 | 12/23/1999 | JDM Vallejo Investments LLC | 222-10197-1-0 | $12,000,000 | $600,000 |
| | | | | Sunset Coast Partners | 222-10198-1-9 | | |
| | | | | Sunset Mountain Partners | 222-10199-1-8 | | |
| | | | | Sunset Coast Investors Inc. | 222-10200-1-5 | | |
| | | | | Sunset Mountian Investors Inc. | 222-10201-1-4 | | |
| 13 | Leonard Cavens | 11/29/1999 | 12/23/1999 | LC Deer Path Investments LLC | 222-10202-1-3 | $2,950,000 | $147,500 |
| | Alan Duckey | 11/29/1999 | 12/23/1999 | AD Twilight Investments LLC | 222-10203-1-2 | $1,200,000 | $60,000 |
| | David Pease, Jr. | 11/29/1999 | 12/23/1999 | DHP Fiesta Investments LLC | 222-10206-1-9 | $13,750,000 | $687,500 |
| | David Pease III | 11/29/1999 | 12/23/1999 | DP Rookwood Investments LLC | 222-10207-1-8 | $3,250,000 | $162,500 |
| | Antonio Buchsbaum | 11/29/1999 | 12/23/1999 | APB Beechtree Investments LLC | 222-10208-1-7 | $2,500,000 | $125,000 |
| | Jennifer Pease | 11/29/1999 | 12/23/1999 | JMP Madison Investments LLC | 222-10209-1-6 | $2,500,000 | $125,000 |
| | Carl Rhodes-EY | | | Fairfiled Investment Partners | 222-10204-1-1 | | |
| | | | | Fairfiled Ohio Investors Inc. | 222-10205-1-0 | | |
| | | | | CB Fairfield Investors Inc. | 222-10210-1-3 | | |
| | | | | CB Investment Partners | 222-10230-1-9 | | |
| 14 | Bill Seippel | 12/1/1999 | 12/23/1999 | WHS Seneca Knoll Investments LLC | 222-10261-1-1 | $10,200,000 | $510,000 |
| | Walter Palmer | 12/1/1999 | 12/23/1999 | WHS Seneca Knoll Investments LLC | 222-10261-1-1 | $1,800,000 | $90,000 |
| | Charlie Paul-EY | 12/1/1999 | 12/23/1999 | WPP Farrahs Cavalry Investments LLC | 222-10262-1-0 | $5,000,000 | $250,000 |
| | | | | WSWP Partners | 222-10263-1-9 | | |

| | | | | | |
|---|---|---|---|---|---|
| EUR | $ Call | 1.0049 | 1.0047 | | |
| EUR | $ Call | 1.0049 | 1.0047 | | |
| SWF | $ Put | 1.5434 | 1.5432 | | |
| SWF | $ Put | 1.5434 | 1.5432 | | |
| SWF | $ Put | 1.5434 | 1.5432 | | |
| | | | | $325,000 FX | |
| | | | | ALL ORD. | |
| SWF | $ Put | 1.5574 | 1.5572 | | |
| SWF | $ Put | 1.5574 | 1.5572 | | |
| GBP | $ Put | 1.6212 | 1.6214 | | |
| GBP | $ Put | 1.6212 | 1.6214 | | |
| EUR | $ Call | 0.9933 | 0.9931 | | |
| EUR | $ Call | 0.9933 | 0.9931 | | |
| | | | | $55,000 FX | |
| | | | | DUK | DUK (stock) |
| Yen | $ Call | 104.67 | 104.69 | | |
| EUR | $ Call | 0.9933 | 0.9931 | | |
| Yen | $ Call | 104.67 | 104.69 | | |
| EUR | $ Call | 0.9933 | 0.9931 | | |
| EUR | $ Call | 0.9933 | 0.9931 | | |
| EUR | $ Call | 0.9933 | 0.9931 | | |
| | | | | STOCKS | Various Stocks |
| | | | | $35,000 FX | |
| GBP | $ Call | 1.6774 | 1.6772 | | |
| SWF | $ Put | 1.5559 | 1.5557 | | |
| EUR | $ Put | 1.0266 | 1.0268 | | |
| | | | | $330,000 FX | |

W&WP Virginia Investors Inc.
222-10264-1-0

# EXHIBIT G14

# Jenkens & Gilchrist

A PROFESSIONAL CORPORATION

2200 One American Center
600 Congress Avenue
Austin, Texas 78701

(512) 499-3800
Telecopier (512) 404-3520

www.jenkens.com

Chicago, Illinois
Dallas, Texas
Houston, Texas
Los Angeles, California
San Antonio, Texas
Washington, D.C.

From the desk of:
Patrick L. O'Daniel
(512) 499-3829

| Recipient | Company | Fax No. | Phone No. |
|---|---|---|---|
| Paul Daugerdas | J&G - Chicago | (312) 425-3909 | |

**• MESSAGE •**

## NOTICE OF CONFIDENTIALITY

GOVERNMENT EXHIBIT 14

The information contained in and transmitted with this facsimile is

1. SUBJECT TO THE ATTORNEY-CLIENT PRIVILEGE;
2. ATTORNEY WORK PRODUCT; OR
3. CONFIDENTIAL.

It is intended only for the individual or entity designated above. You are hereby notified that any dissemination, distribution, copying, or use of or reliance upon the information contained in and transmitted with this facsimile by or to anyone other than the recipient designated above by the sender is *unauthorized* and *strictly prohibited*. If you have received this facsimile in error, please notify Jenkens & Gilchrist, a professional corporation by telephone at (512) 499-3800 immediately. Any facsimile erroneously transmitted to you should be immediately returned to the sender by U.S. Mail, or if authorization is granted by the sender, destroyed.

Time: 9:17 AM Date: December 28, 1999 Employee No.: 713 Billing #: 45960-1 Total Pages (+ cover): 3



Confidential J&G Docs
JG-NC055932
JG014344_0001

## REVISED LEGAL FEE ALLOCATION
## ERNST & YOUNG CLIENT TRANSACTIONS

| | Total Legal | J&G Gross | Scheef & Stone | J&G Net | B&W |
|---|---|---|---|---|---|
| Victor Rice (21.5) | $645,000 | | | | |
| Neal Arnold (7.0) | $210,000 | | | | |
| Vincent Laurenzo (7.0) | $210,000 | | | | |
| VAR Investors, Inc. (35.5) | $1,065,000 | 1,005,000 | $153,000 | $852,000 | $60,000 |
| Myer Barlow (50.0) | $1,500,000 | | | | |
| William Mellon (150.0) | $4,500,000 | | | | |
| Mellow Investors Inc. (200.0) | $6,000,000 | $5,800,00 | $1,000,000 | $4,800,000 | $200,000 |
| Supplemental Bill | | $50,000 | $50,000 | | -$50,000 |
| Total | | $5,850,000 | $1,050,000 | | $150,000 |
| Eric Harslem (46.0) | $1,380,000 | | | | |
| Doug MacGregor (30.0) | $900,000 | | | | |
| Jeffrey Clarke (20.0) | $600,000 | | | | |
| CMC Austin Investors Inc. (96.0) | $2,880,000 | $2,780,000 | $476,000 | $2,304,000 | $100,000 |
| Henry Camferdam Jr. (50.0) | $1,500,000 | | | | |
| Jeffrey Adams (12.0) | $360,000 | | | | |
| Jay Michener (7.0) | $210,000 | | | | |
| Carol Trigilio (1.4) | $42,000 | | | | |
| BAMC, Inc. (70.4) | $2,112,000 | $2,012,000 | $322,400 | $1,689,600 | $100,000 |
| Supplemental Bill | | $25,000 | $25,000 | | -$25,000 |
| Total | | $2,037,000 | $347,400 | | $75,000 |
| Danny E. Pettit (33.0) | $990,000 | | | | |
| Kevin Kelkhoven (25.0) | $750,000 | | | | |
| Woodside Investors, Inc. (58.0) | $1,740,000 | $1,640,000 | $248,000 | $1,392,000 | $100,000 |
| Jerry Zucker (45.0) | $1,350,000 | | | | |
| James Boyd (5.0) | $150,000 | | | | |
| JBJZ Investors, Inc. (50.0) | $1,500,000 | $1,400,000 | $200,000 | $1,200,000 | $100,000 |
| Supplemental Bill | | $40,000 | $40,000 | | -$40,000 |
| Total | | $1,440,000 | $240,000 | | $60,000 |
| Andrew Barton (27.0) | $810,000 | | | | |
| John Bertsch (25.5) | $765,000 | | | | |
| Reed Sanders Investors Inc. (52.5) | $1,575,000 | $1,475,000 | $215,000 | $1,260,000 | $100,000 |
| Supplemental Bill | | $40,000 | $40,000 | | -$40,000 |
| Total | | $1,515,000 | $255,000 | | $60,000 |
| William Wanner Jr. (21.5) | $645,000 | | | | |
| Richard Hambree (4.0) | $120,000 | | | | |
| Brian Sullivan (19.0) | $570,000 | | | | |
| WRB Lake Investors Inc. (44.5) | $1,335,000 | $1,275,000 | $207,000 | $1,068,000 | $60,000 |

Austin 295712 v 1, 45962.00039



Confidential J&G Docs
JG-NC055933
JG014345_0001

| | | | | | |
|---|---|---|---|---|---|
| Gary Woods (11.3) | $339,000 | | | | |
| Billy J. McCombs (34.7) | $1,041,000 | | | | |
| SA Tesoro Investors Inc. (45.0) | $1,350,000 | $1,320,000 | $216,000 | $1,104,000 | $60,000 |
| David H. Pease, Jr. (13.75) | $412,500 | | | | |
| David H. Pease, III (3.25) | $97,500 | | | | |
| Antonia P. Buschbaum (2.5) | $75,000 | | | | |
| Jennifer Pease (2.5) | $75,000 | | | | |
| Fairfield Ohio Investors Inc. (22.0) | $660,000 | $620,000 | $92,000 | $528,000 | $40,000 |
| Leonard Cavens (2.95) | $88,500 | | | | |
| Alan Buckey (1.2) | $36,000 | | | | |
| CB Fairfield Investors Inc. (4.15) | $124,500 | $94,500 | – $5,100 | $99,600 | $30,000 |
| Supplemental Bill | | $20,000 | $20,000 | | -$20,000 |
| Total | | $114,500 | ~~$25,100~~ 14,900 | | $10,000 |
| Ralph King (10.0) | $300,000 | | | | |
| Stuart Naidus (3.0) | $90,000 | | | | |
| Thomas Waldis (40.0) | $1,200,000 | | | | |
| WNK Spinnaker Investors Inc. (53.0) | $1,590,000 | $1,490,000 | $218,000 | $1,272,000 | $100,000 |
| Supplemental Bill | | $30,000 | $30,000 | | -$30,000 |
| Total | | $1,520,000 | $245,000 | | $70,000 |
| William Seippel (12.0) | $360,000 | | | | |
| Walter Parrar (5.0) | $150,000 | | | | |
| WSWP Virginia Investors Inc. (17.0) | $510,000 | $480,000 | $72,000 | $408,000 | $30,000 |
| Thomas Dardan (3.0) | $90,000 | | | | |
| Gary Snook (21.0) | $630,000 | | | | |
| GSTD Investors Inc. (24.0) | $720,000 | $690,000 | $114,000 | $576,000 | $30,000 |
| Fred (Neal) Hunter (9.0) | $270,000 | | | | |
| Richard Mann (12.0) | $360,000 | | | | |
| Calvin Carter, Jr. (3.0) | $90,000 | | | | |
| John Palmour (3.0) | $90,000 | | | | |
| FNRM Investors Inc. (27.0) | $810,000 | $770,000 | $122,000 | $648,000 | $40,000 |
| Cathy Greenwold (1.25) | $37,500 | | | | |
| J. David Martin (15.0) | $450,000 | | | | |
| Michael Covarrubias (2.5) | $75,000 | | | | |
| Sunset Coast Investors, Inc. (4.25) | $127,500 | $120,700 | $18,700 | $102,000 | $6,800 |
| Sunset Mountain Investors Inc. (14.5) | $435,000 | $411,800 | $63,600 | $348,000 | $23,200 |
| TOTAL "Sunset" | $562,500 | | | | |
| GRAND TOTALS | $24,564,000 | $23,589,000 | $3,937,800 | $19,651,200 | $975,000 |

# EXHIBIT G15

Amy W. Keating
05/10/2004 05:55 PM

To: GCO-IRS Tax Matters/EY-APP/US@EY-NAmerica
cc:
Subject: FW COBRA/CDS/PICO

Melinda S. Mark 02/22/2000 10:52 AM

National Tax / FFC
Phone Number : 202-327-6815
Fax Number : 202-327-6725; efax# 202-313-0213
EYComm : [illegible]

To: Amy W. Keating/Philadelphia/TAX/EYLLP/US@EY-NAmerica
cc: Robert B. Coplan/National/TAX/EYLLP/US@EY-NAmerica
Subject: COBRA Info

I'll fax this to you as well

E&Y Spread.XLS E&Y Contact Persons.doc

(You'll need Excel 97 viewer to view the spreadsheet)

GOVERNMENT EXHIBIT 15

PENGAD 800-631-6989

DOJ 000851

| Client/ EY Contact | Account Name | DEAS Acct. No. | Date Formed | Jurisdiction | FEIN Obtained | S Elec. Filed |
|---|---|---|---|---|---|---|
| 1 Henry Camferdam | HMC Ditch Investments LLC | 222-09551-1-8 | 11/5/1999 | Delaware | 35-2090457 | |
| Jeff Adams | JMA Sedgemoor Investments LLC | 222-09552-1-7 | 11/5/1999 | Delaware | 35-2090452 | |
| Jay Michener | JM Walnut Investments LLC | 222-09553-1-6 | 11/5/1999 | Delaware | 35-2090488 | |
| Carol Inglis | CI Oak Tree Investments LLC | 222-09554-1-5 | 11/5/1999 | Delaware | 35-2090455 | |
| | Carmel Partners | 222-09555-1-4 | 11/5/1999 | Indiana | 35-2090451 | |
| Brian Upchurch-EY | BXMC Inc | 222-09556-1-3 | 11/8/1999 | Delaware | 35-2090454 | Filed 12/06/99 |
| 2 Victor Rice | VXR Tudor Place Investments LLC | 222-10024-1-9 | 11/5/1999 | Delaware | 15-1575723 | |
| Vincent Laurenzo | VDL Gulfshore BLVD Investments LLC | 222-10025-1-8 | 11/5/1999 | Delaware | 59-3607909 | |
| Niall Arnold | NEA Dauphin Investments LLC | 222-10026-1-7 | 11/10/1999 | Delaware | 15-1575725 | |
| Bill Murphy-EY | VXR Partners | 222-10027-1-6 | 11/10/1999 | New York | 15-1575720 | |
| Ray Harmon-EY | VXR Investors Inc. | 222-10028-1-5 | 11/5/1999 | Delaware | 15-1575721 | Filed 11/29/99 |
| 3 Billy McCombs | BJM Tesoro Drive Investments LLC | 222-10029-1-4 | 11/12/1999 | Delaware | 74-2936195 | |
| Gary Woods | GW Tesoro Investments LLC | 222-10030-1-1 | 11/12/1999 | Delaware | 74-2936194 | |
| | SA Tesoro Investment Partners | 222-10031-1-0 | 11/12/1999 | Texas | 74-2936192 | |
| | Tesoro Drive Partners | 222-10032-1-9 | 11/12/1999 | Texas | 74-2936193 | |
| Steve Cummins | Tesoro Drive Investors Inc | 222-10033-1-8 | 11/12/1999 | Delaware | 74-2936191 | Filed 12/06/99 |
| Dick Jones-EY | SA Tesoro Investors Inc | 222-10034-1-7 | 11/12/1999 | Delaware | 74-2936189 | Filed 12/06/99 |
| 4 Eric Hartsam | EH Old Stonehedge Investments LLC | 222-09980-1-3 | 11/12/1999 | Delaware | 74-2935753 | |
| Doug Macgregor | DSM Bull Mountain Investments LLC | 222-09981-1-2 | 11/12/1999 | Delaware | 74-2935749 | |
| Jeff Clarke | JC Woodland Investments LLC | 222-09982-1-0 | 11/12/1999 | Delaware | 74-2935754 | |
| | CMC Austin Partners | 222-09983-1-0 | 11/12/1999 | Texas | 74-2935752 | |
| Charlie Paul-EY | CMC Austin Investors Inc. | 222-09984-1-9 | 11/12/1999 | Delaware | 74-2935748 | Filed 1/10/00 |
| 5 Kevin Kallinowen | KDK Sheridan Way Investments LLC | 222-10017-1-5 | 11/5/1999 | Delaware | 94-0213905 | |
| Danny Pettit | DEP Stratton Investments LLC | 222-10018-1-7 | 11/5/1999 | Delaware | 98-0213905 | resent to client; |
| | Woodside Partners | 222-10019-1-6 | 11/5/1999 | California | 94-3347197 | awaiting signature |
| Robert Henry-EY | Woodside Investors Inc | 222-10020-1-3 | 11/5/1999 | Delaware | 94-3347205 | |
| 6 Gary Shrock | GS Owl Creek Investments LLC | 222-10102-1-4 | 11/15/1999 | Delaware | 62-1801337 | |
| Tom Durden | TFD Oberlin Investments LLC | 222-10103-1-3 | 11/22/1999 | Delaware | 56-2157499 | |
| | GSTD Partners | 222-10104-1-2 | 11/15/1999 | Colorado | 62-1801334 | |
| Ray Knight-EY | GSTD Investors, Inc | 222-10105-1-1 | 11/15/1999 | Delaware | 62-1801336 | Filed 12/28/99 |
| 7 Jerry Zucker | JZ Buckingham Investments LLC | 222-10153-1-2 | 11/15/1999 | Delaware | 57-1088088 | |
| Jim Boyd | JGB Bohicket Investments LLC | 222-10154-1-1 | 11/15/1999 | Delaware | 57-1088055 | |
| | JBJZ Partners | 222-10155-1-0 | 11/15/1999 | S. Carolina | 57-1088089 | |
| Ray Knight-EY | JBJZ Investors Inc | 222-10156-1-9 | 11/15/1999 | Delaware | 57-1088087 | Filed 12/06/99 |
| 8 Brian Sullivan | BFS Morgan Investments LLC | 222-10117-1-7 | 11/15/1999 | Delaware | 41-1955300 | |
| Bill Warner | WRW Grays Landing Investments LLC | 222-10118-1-6 | 11/15/1999 | Delaware | 41-1955293 | |
| Richard Hembree | RDH Loon Investments LLC | 222-10119-1-5 | 11/15/1999 | Delaware | 41-1955295 | |
| | WRB Lake Partners | 222-10120-1-2 | 11/15/1999 | Minnesota | 41-1955297 | |
| John Baum-EY | WRB Lake Investors Inc | 222-10121-1-1 | 11/15/1999 | Delaware | 41-1955298 | Filed 12/03/99 |
| 9 Tom Walden | TBW Spinnaker Investments LLC | 222-10123-1-9 | 11/17/1999 | Delaware | 65-0952550 | |
| Stuart Dacus | STD Sugarbush Investments LLC | 222-10124-1-8 | 11/17/1999 | Delaware | 34-1908701 | |
| Ralph King | RTK Camino Investments LLC | 222-10125-1-7 | 11/17/1999 | Delaware | 65-0982551 | |
| | WNK Partners | 222-10126-1-6 | 11/17/1999 | Florida | 65-0982548 | |
| Bart Francis-EY | WNK Spinnaker Investors Inc | 222-10127-1-5 | 11/17/1999 | Delaware | 65-0982550 | Filed 1/13/00 |
| 10 John Bursch | JRB Reeds Investments LLC | 222-10135-1-4 | 11/22/1999 | Delaware | 38-3502338 | |
| Drew Barton | AFB Sanderson Investments LLC | 222-10139-1-0 | 11/22/1999 | Delaware | 35-4339031 | |
| | Reeds Investment Partners | 222-10136-1-3 | 11/22/1999 | Michigan | 38-3502339 | |
| | Reed Sanders Investors Inc | 222-10137-1-2 | 11/22/1999 | Delaware | 38-3502344 | Filed 12/28/99 |
| | Sanderson Investment Partners | 222-10190-1-7 | 11/22/1999 | Ohio | 35-4339032 | |
| | Sanderson Reeds Investors Inc | 222-10191-1-6 | 11/22/1999 | Delaware | 35-4339029 | Filed 1/13/00 |
| 11 Richard Mann | RWM High Meadows Investments LLC | 222-10175-1-6 | 11/16/1999 | Delaware | 58-2187510 | |

DOJ 000852

| | | | | | |
|---|---|---|---|---|---|
| Fred Neal Hunter | FNH Courtland Investments LLC | 222-10176-1-5 | 11/05/1999 Delaware | 56-2158175 | |
| John Palmour | JWP Hunter's Bluff Investments LLC | 222-10177-1-4 | 11/17/1999 Delaware | 56-2158177 | |
| Calvin Carter | CHC Dowbridge Lane Investments LLC | 222-10178-1-2 | 11/17/1999 Delaware | resent 12/22/99 | |
| | FNRWI Partners | 222-10179-1-2 | 11/05/1999 No. Carolina | 56-2157508 | |
| | FNRWI Investors Inc | 222-10180-1-8 | 11/05/1999 Delaware | 56-2157511 | Filed 12/06/99 |
| 12 Cathy Greenwald | CG Mesa Investments LLC | 222-10195-1-2 | 11/15/1999 Delaware | 94-3345675 | |
| Michael Carrubias | MAC Olivadero Investments LLC | 222-10196-1-1 | 11/15/1999 Delaware | 94-3445677 | |
| J. David Martin | JDM Vallejo Investments LLC | 222-10197-1-0 | 11/15/1999 Delaware | 94-3345817 | |
| | Sunset Coast Partners | 222-10198-1-8 | 11/15/1999 California | 94-3345825 | |
| | Sunset Mountain Partners | 222-10199-1-8 | 11/15/1999 California | 94-3348824 | |
| | Sunset Coast Investors Inc. | 222-10200-1-5 | 11/15/1999 Delaware | 94-3345873 | Filed 12/27/99 |
| Robert Henry-EY | Sunset Mountain Investors Inc | 222-10201-1-4 | 11/15/1999 Delaware | 94-3345820 | Filed 12/27/99 |
| 13 Leonard Cavens | LC Deer Path Investments LLC | 222-10222-1-3 | 11/22/1999 Delaware | 31-1579104 | |
| Alan Buckley | AB Twilight Investments LLC | 222-10223-1-2 | 11/22/1999 Delaware | 31-1579101 | |
| David Pease, Jr | DHP Fiesta Investments LLC | 222-10226-1-9 | 11/22/1999 Delaware | 65-0963274 | |
| David Pease III | DP Rockwood Investments LLC | 222-10227-1-8 | 11/22/1999 Delaware | 31-1579102 | |
| Antonio Buchelbaum | APB Beachtree Investments LLC | 222-10228-1-7 | 11/22/1999 Delaware | 31-1579105 | |
| Jennifer Pease | JMP Madison Investments LLC | 222-10229-1-6 | 11/22/1999 Delaware | 39-1977891 | |
| | Fairfield Investment Partners | 222-10224-1-1 | 11/22/1999 Ohio | 39-1879031 | rescheduled to client |
| | Fairfield Ohio Investors Inc | 222-10225-1-0 | 11/22/1999 Delaware | 31-1579001 | for signature |
| | CB Fairfield Investors Inc | 222-10210-1-3 | 11/22/1999 Delaware | 31-1579002 | Filed 1/10/00 |
| Carl Rhodes-EY | CB Investment Partners | 222-10230-1-9 | 11/22/1999 Ohio | 31-1579029 | |
| 14 Bill Seppali | WHS Seneca Knoll Investments LLC | 222-10251-1-1 | 11/24/1999 Delaware | 54-1965108 | |
| Walter Pulmer | WFP Furatis Cavalry Investments LLC | 222-10252-1-0 | 11/24/1999 Delaware | 54-1964919 | |
| | WSWP Partners | 222-10253-1-9 | 11/24/1999 Virginia | 54-1965112 | |
| Charlie Paul-EY | WSWP Virginia Investors Inc | 222-10254-1-8 | 11/24/1999 Delaware | 54-1965110 | Filed 12/20/99 |
| 15 William N. Melton | WNM Hunters Crest Investments LLC | 222-09987-1-8 | 11/12/1999 Delaware | 54-1963818 | |
| Myer Barlow | MB 68th Street Investments LLC | 222-09985-1-7 | 11/12/1999 Delaware | 13-409339 | |
| | Mellow Partners | 222-09988-1-5 | 11/12/1999 Virginia | 54-1963815 | |
| | Mellow Investors, Inc | 222-09987-1-4 | 11/12/1999 Delaware | 54-1963818 | Filed 1/13/00 |

DOJ 000853

# EXHIBIT G16

Robert B. Coplan
06/07/2001 11:13 PM

To: Richard J. Joyner/Southwest/TAX/EYLLP/US@EY-NAmerica
cc: Jill L. Starr/Southwest/TAX/EYLLP/US@EY-NAmerica, Richard J. Shapiro/NewYork/TAX/EYLLP/US
Subject: Re: COBRA

I have not changed my position on this. In fact the email below is illuminating but not surprising to me, now that I see it is Jenkens that is involved. From the day we discussed doing COBRA with J&G we made our position to them quite clear -- the transaction had to be potentially profitable after ALL fees. We did not for a moment accept their argument that the opinion letter fee (several percentage points of the loss amount and sometimes millions) could be ignored in this analysis. This was one of the key reasons we had to restructure the transaction for us to consider selling it. I'll bet the client in your case only invested one percent of the loss amount -- that's all they had at risk. And they probably had maybe at best a 15% probability of winning their digital option bet. This transaction is not one we think had a "reasonable" expectation of making a profit, and this would especially be true with a several percent "opinion letter fee". Whoever you are dealing with can check with Paul Daugerdas at J&G and he will verify that E&Y would not go for the transactions without modifying the approach they took.

They are correct about the IRS Notice. That should not and did not change our opinion of the transaction. I said so before. They are implying that I was "willing to sign off last year" but am changing my mind this year. This is not true. I would sign off on the right transaction last year and this year, and my standard for signing has not changed since 1999. We would not have signed off on the "ignored opinion letter fee deal" with a 1% investment in 1999. The same holds true today. Notice 2000-44 has nothing to do with it.

Robert B. Coplan
Phone: 202-327-8707
Fax: 202-327-6725; Efax : 801-697-6495
EYComm: 9292672
Pager: 1-888-389-3353
Richard J. Joyner

Richard J. Joyner
06/01/2001 11:59 AM

To: Robert B. Coplan/National/TAX/EYLLP/US@EY-NAmerica
cc: Jill L. Starr/Southwest/TAX/EYLLP/US@EY-Namerica
Subject: Re: COBRA

Bob - can you guide us a bit here? My sense is that we have to include all of the fees related to the transaction, but wanted to get your input. Also, if you have any comments on the 2000-44 issue, those would also be appreciated.

---------------------- Forwarded by Richard J. Joyner/Southwest/TAX/EYLLP/US on 06/01/2001 10:58 AM
----------------------

Jill L. Starr
06/01/2001 10:46 AM

To: Richard J. Joyner/Southwest/TAX/EYLLP/US
cc:
Subject: Re: COBRA

Richard, I just spoke to Erwin Mayer at Jenkens. He said he would be happy to draft a letter on the economics of the transaction, but had one question. Are the fees Bob Coplan referred to the Attorney's fees for setting up the partnership, Scorp, etc and transaction fees, or will they include the fees for drafting the tax opinion. According to Erwin, the "cobra transaction" clearly could have made a profit if we just are referring to the attorney's fees for setting up the entity's and the fees for the option transactions. However, he said the "transaction" could not have been profitable if you have to include the attorney's fees for the tax opinion which are by far the substantial portion of the attorney's fees.

PENGAD 800-631-6989
GOVERNMENT
EXHIBIT
16

DOJ 049188

He also commented that Notice 2000-44 did not have any new requirements regarding the "economics" of the transactions so he didn't understand why EY was willing to sign off last year and why EY has these new "requirements" this year. I have a feeling we may need to forward this on to Bob Coplan, but wanted to run it by you first.

Jill Starr
Ernst & Young
National Tax Compliance-Southwest Area
Direct: 214.969.8434
Cell: 214.244.6244
Fax: 214.969.8003
—— Forwarded by Jill L. Starr/Southwest/TAX/EYLLP/US on 05/01/2001 10:27 AM ——

Richard J. Joyner
05/09/2001 09:52 PM

To: Jill L. Starr/Southwest/TAX/EYLLP/US@EY-NAmerica
cc:
Subject: Re: COBRA

Can you get someone to help me do a quick and dirty assessment here - it may be that we go back to Will and ask him to request this analysis from the law firm. What do you think?

———————— Forwarded by Richard J. Joyner/Southwest/TAX/EYLLP/US on 05/09/2001 02:37 PM

Robert B. Coplan 05/07/2001 08:10 AM

To: Richard J. Joyner/Southwest/TAX/EYLLP/US@EY-NAmerica
cc: Jill L. Starr/Southwest/TAX/EYLLP/US@EY-NAmerica, Richard J. Shapiro/NewYork/TAX/EYLLP/US
Subject: Re: COBRA

This would present the same situation we dealt with in one or two cases last year. It is still possible for us to sign a return with a Notice 2000-44 transaction on it, provided that it was implemented in a manner that we believe gives it a reasonable basis of succeeding. What that means is that the client has to give us information on the economics of the transaction -- was there a reasonable expectation of making a profit AFTER FEES? As you probably know, this was true in our structure, but several others who sold this transaction (notable the Jenkens & Gilchrist approach) allowed the client to invest as little as 1% of the loss amount in the digital options. This made the probability of winning the bet quite small, and in the case of J&G, the profit from winning the bet would not even have overcome the fees. We would not be able to sign a return with this structure, but there are others we could sign. In other words, we are being consistent in that we still believe the transaction CAN work, and nothing in the way of court cases has undermined that belief. However, the way in which the economics fall to support or not support business purpose is the key issue.

You will probably need to advise the client of this with regard to the return prep fee, since it will take you some time in any event to determine the economics of the transaction, and you can't do his return without such an examination.

Robert B. Coplan
Phone: 202-327-8707
Fax: 202-327-6725; Efax: 801-697-6495
EYComm: 9292672
Pager: 1-888-389-3053
Richard J. Joyner

Richard J. Joyner

To: Robert B. Coplan/National/TAX/EYLLP/US@EY-NAmerica

DOJ 049189

[redacted] 05/05/2001 05:52 PM

cc: Jill L. Starr/Southwest/TAX/EYLLP/US@EY-Namerica
Subject: COBRA

Bob:

We have a client whose return we prepared last year that did a new COBRA transaction in 2000. We were not involved in the transaction in any way - in fact, didn't know they did the deal until we got the tax return information. Can we sign the return with that transaction in it - with a standard engagement letter limiting our liability?

Richard

DOJ 049190

# EXHIBIT G17

Henry Camperdom

**COBRA ACTION WORK PLAN**
**(Revised 11/03/99)**

| Completed | Action Item |
|---|---|
| ✓ | 1) Qualify client<br>• Aggressive, willing to assume tax risk<br>• $50 million minimum income to be sheltered (ordinary preferable to capital)<br>• Business associates willing to participate<br>• Can make quick decision<br>• Relies primarily on E&Y as trusted business advisor |
| ✓ | 2) Have client and client's attorney/advisor (if any) sign E&Y nondisclosure agreement, as well as separate J&G nondisclosure agreement |
| ✓ | 3) Contact Brian Vaughn or Melinda Merk to secure National involvement on all sales calls |
| ✓ | 4) Present idea to client using Client version of PowerPoint slides posted to Toolkit<br>• DO NOT leave marketing materials with client under any circumstances |
| ✓ | 5) National will request tentative pricing illustration on sample digital swap ("DS").<br>• Counterparty A is Deutsche Bank AG London ("DBAG")<br>• Counterparty B is client<br>• Target amount (cost of long option) is equal to the desired loss<br>• Variables in pricing can include a) type of currency, and b) maturity dates.<br>• Client decides whether ordinary or capital loss is desired |
| | 6) National will deliver sample two-page indicative term sheet to client. DBAG will also provide historical volatility analysis of currency used in DS.<br>• For client's additional research and understanding, National can mail hard |

GOVERNMENT EXHIBIT 17

PENGAD 800-631-6989

DOJ 037081

copies of DBAG publication "Foreign Exchange Weekly"

✓ 7) Have client sign engagement letter with a fixed dollar amount stated as the fee. DO NOT reference tax losses in the engagement letter.

✓ 8) Client will sign documents prepared by J&G:
- General partnership - partnership agreement, account agreement, foreign currency agreement, and partnership authorization and indemnity agreement
- S corporation - certificate of incorporation, bylaws, account agreement, foreign currency agreement, and corporate resolution

✓ 9) Opening Accounts:
- J&G will forward all of the above documents to Deutsche Banc Alex. Brown ("DBAB") for processing
- J&G will forward one copy of DBAG account opening agreement to DBAG for processing

✓ 10) Executed copies of organizational documents to DBAG: J&G will provide copies of the following documents to DBAG for review:
- Partnership agreement
- Certificate of incorporation/bylaws
- Resolution/incumbency agreements indicating entity has authority to open accounts with DBAB and DBAG, has specific trading authority for "foreign exchange and OTC derivatives entered into with DBAG", and identifies authorized agents of the entity.

11) J&G will prepare and forward to DBAG for review a lawyer letter stating that they have advised client on transaction and believe it to be appropriate, and that indicates the strategy has substantial authority for tax purposes

12) DBAG will review verification that transaction

DOJ 037082

requires no credit approval and background check

13) Client and other individual(s) will provide DBAG with approximately 5% of the desired loss to purchase DS:
- Client provides wire instructions to fund DBAB accounts set up for transaction
- Client provides letter of authorization ("LOA") to move funds from DBAB to DBAG to fund purchase of DS
- J&G coordinates wire
- DBAB receives wire and processes LOA

14) Final DS pricing, after funds are wired
- DBAB provides final quote to client
- Client authorizes DBAB to proceed and execute DS
- Client decides whether position is bullish or bearish and informs DBAB

15) Execution of DS by DBAB

16) Written confirmation agreement will be supplied from DBAG within 2 days for client signature.
- Client returns signed copy to DBAG London.
- J&G reviews and keeps copy
- DBAB records position acquisition

17) Client and other individual(s) will contribute DS positions to newly formed general partnership
- J&G will prepare and provide assignment to be executed by client to DBAG to move DS to general partnership
- J&G will fax copy to DBAB Broker, who will process journal entry to move positions to general partnership
- DBAG will follow instructions on assignment
- The partnership will report the cost of the long option as an asset on the balance sheet of the partnership, with no liability for the short option. The credit is in the capital account.

DOJ 037083

18) Client and other individual(s) will contribute cash equal to 2% of the desired loss to the partnership

19) E&Y sends invoice to client for its 1.5% fee

20) After 30 days, options expire either in or out of the money. Partnership recognizes economic gain or loss on the spread.

21) Where required for generating ordinary loss, spot foreign currency will be purchased in partnership account with cash contributed by client. If capital loss is desired, capital assets will be purchased. When instructed by LOA, foreign currency will be journaled to partnership account. LOA will instruct DBAB to sell designated percent of foreign currency.
- Client signs LOAs prepared by J&G
- J&G delivers LOAs to DBAB
- DBAB processes LOAs

22) Account statements—As DS is a "derivative", there is technically no DBAG account, account number, or monthly statement, etc. By opening DBAB accounts and assigning CUSIP to DS, client can carry manually entered descriptions of the DS position, as well as provide an audit trail when journaled as a capital contribution to the partnership.
- DBAB will format the account statements

23) Transfer of 100% general partnership interest to S Corp causes technical termination of partnership

24) In liquidation of partnership interest, S Corp receives equivalent fair value amount of foreign currency or capital assets
- Distributed assets take on client's high outside basis

25) S Corporation sells the stepped-up assets to an unrelated third party generating ordinary or capital loss for tax purposes

26) Client engages J&G and LL&S to render a tax

DOJ 037084

opinion and concurring opinion, respectively.

27) EY prepares partnership tax return for 1999 transactions

28) If audited, EY will provide defense through appeals within the IRS

DOJ 037085

# EXHIBIT G18

**COBRA ACTION WORK PLAN**
**(Revised 11/05/99)**

| Completed | | Action Item |
|---|---|---|
| ✓ | 1) | Qualify client<br>• Aggressive, willing to assume tax risk<br>• $50 million minimum income to be sheltered (ordinary preferable to capital)<br>• Business associates willing to participate<br>• Can make quick decision<br>• Relies primarily on E&Y as trusted business advisor |
| ✓ | 2) | Have client and client's attorney/advisor (if any) sign E&Y nondisclosure agreement, as well as separate J&G nondisclosure agreement |
| ✓ | 3) | Contact Brian Vaughn or Melinda Merk to secure National involvement on all sales calls |
| ✓ | 4) | Present idea to client using Client version of PowerPoint slides posted to Toolkit<br>• DO NOT leave marketing materials with client under any circumstances |
| ✓ | 5) | National will request tentative pricing illustration on sample digital swap ("DS").<br>• Counterparty A is Deutsche Bank AG London ("DBAG")<br>• Counterparty B is client<br>• Target amount (cost of long option) is equal to the desired loss<br>• Variables in pricing can include a) type of currency, and b) maturity dates.<br>• Client decides whether ordinary or capital loss is desired |
| ✓ | 6) | National will deliver sample two-page indicative term sheet to client. DBAG will also provide historical volatility analysis of currency used in DS.<br>• For client's additional research and |

GOVERNMENT EXHIBIT 18

PENGAD 800-631-6989

DOJ 054573

understanding, National can mail hard copies of DBAG publication "Foreign Exchange Weekly"

7) Have client sign engagement letter with a fixed dollar amount stated as the fee. DO NOT reference tax losses in the engagement letter.

8) Contact J&G to request J&G engagement letter, and to provide necessary client information for documents to be prepared by J&G (see below)
- Call Paul Daugerdaus, Esq. at 312-425-3950 or Donna Guerin at 312-425-3939

9) Client will sign documents prepared by J&G:
- General partnership - partnership agreement, account agreement, foreign currency agreement, and partnership authorization and indemnity agreement
- S corporation - certificate of incorporation, bylaws, account agreement, foreign currency agreement, and corporate resolution

10) Opening Accounts:
- J&G will forward all of the above documents to Deutsche Banc Alex. Brown ("DBAB") for processing
- J&G will forward one copy of DBAG account opening agreement to DBAG for processing

11) Executed copies of organizational documents to DBAG: J&G will provide copies of the following documents to DBAG for review:
- Partnership agreement
- Certificate of incorporation/bylaws
- Resolution/incumbency agreements indicating entity has authority to open accounts with DBAB and DBAG, has specific trading authority for "foreign exchange and OTC derivatives entered into with DBAG", and identifies authorized agents of the entity.

DOJ 054574

12) J&G will prepare and forward to DBAG for review a lawyer letter stating that they have advised client on transaction and believe it to be appropriate, and that indicates the strategy has substantial authority for tax purposes

13) DBAG will review verification that transaction requires no credit approval and background check

14) Client and other individual(s) will provide DBAG with approximately 5% of the desired loss to purchase DS:
- Client provides wire instructions to fund DBAB accounts set up for transaction
- Client provides letter of authorization ("LOA") to move funds from DBAB to DBAG to fund purchase of DS
- J&G coordinates wire
- DBAB receives wire and processes LOA

15) Final DS pricing, after funds are wired
- DBAB provides final quote to client
- Client authorizes DBAB to proceed and execute DS
- Client decides whether position is bullish or bearish and informs DBAB

16) Execution of DS by DBAB

17) Written confirmation agreement will be supplied from DBAG within 2 days for client signature.
- Client returns signed copy to DBAG London.
- J&G reviews and keeps copy
- DBAB records position acquisition

18) Client and other individual(s) will contribute DS positions to newly formed general partnership
- J&G will prepare and provide assignment to be executed by client to DBAG to move DS to general partnership
- J&G will fax copy to DBAB Broker, who will process journal entry to move positions

DOJ 054575

to general partnership
- DBAG will follow instructions on assignment
- The partnership will report the cost of the long option as an asset on the balance sheet of the partnership, with no liability for the short option. The credit is in the capital account.

19) Client and other individual(s) will contribute cash equal to 2% of the desired loss to the partnership

20) E&Y sends invoice to client for its 1.5% fee

21) After 30 days, options expire either in or out of the money. Partnership recognizes economic gain or loss on the spread.

22) Where required for generating ordinary loss, spot foreign currency will be purchased in partnership account with cash contributed by client. If capital loss is desired, capital assets will be purchased. When instructed by LOA, foreign currency will be journaled to partnership account. LOA will instruct DBAB to sell designated percent of foreign currency.
- Client signs LOAs prepared by J&G
- J&G delivers LOAs to DBAB
- DBAB processes LOAs

23) Account statements—As DS is a "derivative", there is technically no DBAG account, account number, or monthly statement, etc. By opening DBAB accounts and assigning CUSIP to DS, client can carry manually entered descriptions of the DS position, as well as provide an audit trail when journaled as a capital contribution to the partnership.
- DBAB will format the account statements

24) Transfer of 100% general partnership interest to S Corp causes technical termination of partnership

25) In liquidation of partnership interest, S Corp

DOJ 054576

receives equivalent fair value amount of foreign currency or capital assets

- Distributed assets take on client's high outside basis

26) S Corporation sells the stepped-up assets to an unrelated third party generating ordinary or capital loss for tax purposes

27) Client engages J&G and LL&S to render a tax opinion and concurring opinion, respectively.

28) EY prepares partnership tax return for 1999 transactions

29) If audited, EY will provide defense through appeals within the IRS

DOJ 054577

# EXHIBIT G19

# COBRA ACTION WORK PLAN
(Revised 11/18/99)

| Completed | | Action Item |
|---|---|---|
| ________ | 1) | Qualify client<br>• Aggressive, willing to assume tax risk<br>• $50 million minimum income to be sheltered (ordinary preferable to capital)<br>• Business associates willing to participate<br>• Can make quick decision<br>• Relies primarily on E&Y as trusted business advisor |
| ________ | 2) | Have client and client's attorney/advisor (if any) sign E&Y nondisclosure agreement, as well as separate J&G nondisclosure agreement |
| ________ | 3) | Contact Brian Vaughn or Melinda Merk to secure National involvement on all sales calls |
| ________ | 4) | Present idea to client using Client version of PowerPoint slides posted to Toolkit<br>• DO NOT leave marketing materials with client under any circumstances |
| ________ | 5) | National will request tentative pricing illustration on sample digital swap ("DS").<br>• Counterparty A is Deutsche Bank AG London ("DBAG")<br>• Counterparty B is client<br>• Target amount (cost of long option) is equal to the desired loss<br>• Variables in pricing can include a) type of currency, and b) maturity dates.<br>• Client decides whether ordinary or capital loss is desired |
| ________ | 6) | National will deliver sample two-page indicative term sheet to client. DBAG will also provide historical volatility analysis of currency used in DS.<br>• For client's additional research and understanding, go to DBAG's website: http://www. fxmarkets.com |

GOVERNMENT EXHIBIT 19

PENGAD 800-631-6989

DOJ 001091

- Client can also contact David Parse at Deutsche Banc Alex. Brown ("DBAB") at 800-201-7574 for advice

7) Have client sign engagement letter with a fixed dollar amount stated as the fee. DO NOT reference tax losses in the engagement letter.

8) Contact J&G to request J&G engagement letter, and to provide necessary client information for documents to be prepared by J&G (see below)
   - Call Paul Daugerdas, Esq. at 312-425-3950 or Donna Guerin at 312-425-3939

9) Client will sign documents prepared by J&G:
   - LLC - articles of incorporation, account agreement, foreign currency agreement, and noncorporate resolution
   - General partnership - partnership agreement, account agreement, foreign currency agreement, and partnership authorization and indemnity agreement
   - S corporation - certificate of incorporation, bylaws, account agreement, foreign currency agreement, and corporate resolution

10) Opening Accounts:
   - J&G will forward all of the above documents to DBAB for processing
   - J&G will forward one copy of DBAG account opening agreement to DBAG for processing

11) Executed copies of organizational documents to DBAG: J&G will provide copies of the following documents to DBAG for review:
   - Partnership agreement
   - Certificate of incorporation/bylaws
   - Resolution/incumbency agreements indicating entity has authority to open accounts with DBAB and DBAG, has specific trading authority for "foreign exchange and OTC derivatives entered into with DBAG", and identifies authorized

DOJ 001092

agents of the entity.

12) J&G will prepare and forward to DBAG for review a lawyer letter stating that they have advised client on transaction and believe it to be appropriate, and that indicates the strategy has substantial authority for tax purposes

13) DBAG will review verification that transaction requires no credit approval and background check

14) Client and other individual(s) will provide DBAG with approximately 5% of the desired loss to purchase DS:
- Client provides wire instructions to fund DBAB accounts set up for transaction
- Client provides letter of authorization ("LOA") to move funds from DBAB to DBAG to fund purchase of DS
- J&G coordinates wire
- DBAB receives wire and processes LOA

15) Final DS pricing, after funds are wired
- DBAB provides final quote to client
- Client authorizes DBAB to proceed and execute DS
- Client decides whether position is bullish or bearish and informs DBAB

16) Execution of DS by DBAB

17) Written confirmation agreement will be supplied from DBAG within 2 days for client signature.
- Client returns signed copy to DBAG London.
- J&G reviews and keeps copy
- DBAB records position acquisition

18) Client and other individual(s) will contribute DS positions to newly formed general partnership
- J&G will prepare and provide assignment to be executed by client to DBAG to move DS to general partnership
- J&G will fax copy to DBAB Broker, who will process journal entry to move positions

DOJ 001093

to general partnership
- DBAG will follow instructions on assignment
- The partnership will report the cost of the long option as an asset on the balance sheet of the partnership, with no liability for the short option. The credit is in the capital account.

19) Client and other individual(s) will contribute cash equal to 2% of the desired loss to the partnership

20) E&Y sends invoice to client for its 1.5% fee

21) After 30 days, options expire either in or out of the money. Partnership recognizes economic gain or loss on the spread.

22) Where required for generating ordinary loss, spot foreign currency will be purchased in partnership account with cash contributed by client. If capital loss is desired, capital assets will be purchased. When instructed by LOA, foreign currency will be journaled to partnership account. LOA will instruct DBAB to sell designated percent of foreign currency.
- Client signs LOAs prepared by J&G
- J&G delivers LOAs to DBAB
- DBAB processes LOAs

23) Account statements—As DS is a "derivative", there is technically no DBAG account, account number, or monthly statement, etc. By opening DBAB accounts and assigning CUSIP to DS, client can carry manually entered descriptions of the DS position, as well as provide an audit trail when journaled as a capital contribution to the partnership.
- DBAB will format the account statements

24) Transfer of 100% general partnership interest to S Corp causes technical termination of partnership

25) In liquidation of partnership interest, S Corp receives equivalent fair value amount of foreign

DOJ 001094

currency or capital assets
- Distributed assets take on client's high outside basis

26) S Corporation sells the stepped-up assets to an unrelated third party generating ordinary or capital loss for tax purposes

27) Client engages J&G and LL&S to render a tax opinion and concurring opinion, respectively.

28) EY prepares partnership tax return for 1999 transactions

29) If audited, EY will provide defense through appeals within the IRS

DOJ 001095

# EXHIBIT G20

**COBRA ACTION WORK PLAN**
**(Revised 11/19/99)**

| Completed | Action Item |
|---|---|
| ________ | 1) Qualify client<br>• Aggressive, willing to assume tax risk<br>• $50 million minimum income to be sheltered (ordinary preferable to capital)<br>• Business associates willing to participate<br>• Can make quick decision<br>• Relies primarily on E&Y as trusted business advisor |
| ________ | 2) Have client and client's attorney/advisor (if any) sign E&Y nondisclosure agreement, as well as separate J&G nondisclosure agreement |
| ________ | 3) Contact Brian Vaughn or Melinda Merk to secure National involvement on all sales calls |
| ________ | 4) Present idea to client using Client version of PowerPoint slides posted to Toolkit<br>• DO NOT leave marketing materials with client under any circumstances |
| ________ | 5) National will request tentative pricing illustration on sample digital swap ("DS").<br>• Counterparty A is Deutsche Bank AG London ("DBAG")<br>• Counterparty B is client<br>• Target amount (cost of long option) is equal to the desired loss<br>• Variables in pricing can include a) type of currency, and b) maturity dates.<br>• Client decides whether ordinary or capital loss is desired |
| ________ | 6) National will deliver sample two-page indicative term sheet to client. DBAG will also provide historical volatility analysis of currency used in DS.<br>• For client's additional research and understanding, go to DBAG's website: http://www. fxmarkets.com |

GOVERNMENT EXHIBIT 20
PENGAD 800-631-6989

DOJ 004024

- Client can also contact David Parse at Deutsche Banc Alex. Brown ("DBAB") at 800-201-7574 for advice

7) Have client sign engagement letter with a fixed dollar amount stated as the fee. DO NOT reference tax losses in the engagement letter.

8) Contact J&G to request J&G engagement letter, and to provide necessary client information for documents to be prepared by J&G (see below)
   - Call Paul Daugerdas, Esq. at 312-425-3950 or Donna Guerin at 312-425-3939

9) Client will sign documents prepared by J&G:
   - LLC - articles of incorporation, account agreement, foreign currency agreement, and noncorporate resolution
   - General partnership - partnership agreement, account agreement, foreign currency agreement, and partnership authorization and indemnity agreement
   - S corporation - certificate of incorporation, bylaws, account agreement, foreign currency agreement, and corporate resolution

10) Opening Accounts:
   - J&G will forward all of the above documents to DBAB for processing
   - J&G will forward one copy of DBAG account opening agreement to DBAG for processing

11) Executed copies of organizational documents to DBAG: J&G will provide copies of the following documents to DBAG for review:
   - Partnership agreement
   - Certificate of incorporation/bylaws
   - Resolution/incumbency agreements indicating entity has authority to open accounts with DBAB and DBAG, has specific trading authority for "foreign exchange and OTC derivatives entered into with DBAG", and identifies authorized

DOJ 004025

agents of the entity.

12) J&G will prepare and forward to DBAG for review a lawyer letter stating that they have advised client on transaction and believe it to be appropriate, and that indicates the strategy has substantial authority for tax purposes

13) DBAG will review documents for verification that transaction requires no credit approval and background check

14) Client and other individual(s) will provide DBAG with approximately 5% of the desired loss to purchase DS:
- Client provides wire instructions to fund DBAB accounts set up for transaction
- Client provides letter of authorization ("LOA") to move funds from DBAB to DBAG to fund purchase of DS
- J&G coordinates wire
- DBAB receives wire and processes LOA

15) Final DS pricing, after funds are wired
- DBAB provides final quote to client
- Client authorizes DBAB to proceed and execute DS
- Client decides whether position is bullish or bearish and informs DBAB

16) Execution of DS by DBAB

17) Written confirmation agreement will be supplied from DBAG within 2 days for client signature.
- Client returns signed copy to DBAG London.
- J&G reviews and keeps copy
- DBAB records position acquisition

18) Client and other individual(s) will contribute DS positions to newly formed general partnership
- J&G will prepare and provide assignment to be executed by client to DBAG to move DS to general partnership
- J&G will fax copy to DBAB Broker, who

DOJ 004026

will process journal entry to move positions to general partnership

- DBAG will follow instructions on assignment
- The partnership will report the cost of the long option as an asset on the balance sheet of the partnership, with no liability for the short option. The credit is in the capital account.

19) Client and other individual(s) will contribute cash equal to 2% of the desired loss to the partnership

20) E&Y sends invoice to client for its 1.5% fee

21) After 30 days, options expire either in or out of the money. Partnership recognizes economic gain or loss on the spread.

22) Where required for generating ordinary loss, spot foreign currency will be purchased in partnership account with cash contributed by client. If capital loss is desired, capital assets will be purchased. When instructed by LOA, foreign currency will be journaled to partnership account. LOA will instruct DBAB to sell designated percent of foreign currency.

- Client signs LOAs prepared by J&G
- J&G delivers LOAs to DBAB
- DBAB processes LOAs

23) Account statements—As DS is a "derivative", there is technically no DBAG account, account number, or monthly statement, etc. By opening DBAB accounts and assigning CUSIP to DS, client can carry manually entered descriptions of the DS position, as well as provide an audit trail when journaled as a capital contribution to the partnership.

- DBAB will format the account statements

24) Transfer of 100% general partnership interest to S Corp causes technical termination of partnership

25) In liquidation of partnership interest, S Corp

DOJ 004027

receives equivalent fair value amount of foreign currency or capital assets

- Distributed assets take on client's high outside basis

26) S Corporation sells the stepped-up assets on the market generating ordinary or capital loss for tax purposes

27) Client engages J&G and B&W to render a tax opinion and concurring opinion, respectively.

28) EY prepares partnership tax return for 1999 transactions

29) If audited, EY will provide defense through appeals within the IRS

DOJ 004028