# EXHIBIT G45

JGB Bohicket Investments LLC

November 30, 1999

Deutsche Banc Alex Brown
Attn: Mr. David Parse
222 West Adams Street
Suite 1900
Chicago, IL 60606

To Whom It May Concern:

Please use this letter as your authorization to wire transfer $250,006 — from my account JGB Bohicket Investments LLC, Account No. 222-10154-11, to the following entity:

Deutsche Bank AG NY Branch
ABA #: 026-003-780
For Acct Of: DBAB-NY
Acct #: 100450210032
Ref: FX Options

Thank you for your attention to this matter.

Sincerely,

James G. Boyd, Member

CHICAGO 15902 v 1, 41349.00010

GOVERNMENT EXHIBIT 45

GOVERNMENT EXHIBIT 1052A



JG-CL0147999

JGB Bohicket Investments LLC

November 24, 1999

VIA TELECOPY (312) 424-6019

Mr. David Parse
Deutsche Banc Alex. Brown
222 West Adams Street
Suite 1900
Chicago, IL 60606

Re: JGB Bohicket Investments LLC
Account No. 222-10154-11

Dear Mr. Parse:

Please note from the attached assignment that the option positions in the above-referenced account have been assigned to JBJZ Partners, Account No. 222-10155-10 effective as of November 24, 1999. Please reflect such assignment in your records.

Thank you.

Very truly yours,

James G. Boyd, Member

CHICAGO 11902 v 1, 46448.00008

JGB Bohicket Investments LLC

November 24, 1999

**VIA TELECOPY (312) 424-6019**

Mr. David Parse
Deutsche Banc Alex. Brown
222 West Adams Street
Suite 1900
Chicago, IL 60606

Re: JGB Bohicket Investments LLC
Account No. 222-10154-11

Dear Mr. Parse:

This letter constitutes your authorization to transfer all remaining cash from the above-referenced account, JGB Bohicket Investments LLC to JBJZ Partners, Account No. 222-10155-10 effective immediately.

Thank you.

Very truly yours,

James G. Boyd, Member

CHICAGO 58002 v 1, 41885.00003



JG-CL0147997

# ASSIGNMENT AGREEMENT

**THIS AGREEMENT** is made the 24th day of November, 1999

**BETWEEN:**

(1) **JGB BOHICKET INVESTMENTS LLC** whose office is at 3510 Bohicket Road, Johns Island, South Carolina 29455 (the "Original Party").

(2) **DEUTSCHE BANK AG** acting through its ChicagoBranch with an office at 222 West Adams Street, Suite 1900, Chicago, Illinois 60606 (the "Counterparty").

(3) **JBJZ PARTNERS** whose office is at 16 Buckingham Drive, Charleston, South Carolina 29407 (the "New Party").

**WHEREAS:**

(A) By the transaction(s) made by telephone and evidenced by exchanges of letter, Telex or SWIFT confirmations, brief details of which are set out in the Schedule to this Agreement (the "Original Transactions") the Counterparty and the Original Party assumed the rights and potential future contractual duties set out therein.

(B) It is the desire of the parties, that subject to the terms of this Agreement the New Party shall be assigned the financial position of the Original Party and shall assume the rights and potential future contractual duties equivalent to those of the Original Party under the Original Transactions (such resulting transactions shall be the "New Transactions").

IN CONSIDERATION OF THE COVENANTS, ASSUMPTIONS AND ACKNOWLEDGEMENTS RECORDED HEREIN THE PARTIES HEREBY AGREE THAT:

**IT IS HEREBY AGREED** as follows:

1. The parties hereto agree that with effect on and from November 24, 1999 (the "Effective Date");

1.1 The Original Party hereby assigns, transfers and conveys to the New Party the financial positions described as the Original Transactions set out in the Schedule to this Agreement.

1.2 The New Party undertakes to the Counterparty to perform the potential future contractual duties and be bound by the terms of the New Transaction(s) in favor of the Counterparty in every way as if the New Party were and had been a party to the Original Transaction(s) as the Original Party on identical terms to the terms of the Original Transactions.

1.3 As of the Effective Date the Counterparty undertakes to the New Party to perform the potential future contractual duties and be bound by the terms of the New Transaction(s) in favor of the New Party in every way as if the New Party were and had been a party to the Original Transaction(s) as the Original Party on identical terms to the terms of the Original Transaction(s).

2. Each party will bear its own costs and expenses (including without limitation, all legal costs and expenses) incurred by it in connection with the negotiation, preparation and execution of this Agreement.

3. This Agreement may be executed in counterparts, each of which will be deemed an original.

4. This Agreement shall be governed by and construed in accordance with the laws of the State of New York.

CHICAGO 1 [illegible]

IN WITNESS whereof the parties hereto have caused this Agreement to be duly executed the day and year first written.

SIGNED for and on behalf of
JGB BORICKEY INVESTMENTS LLC

X ______________________________
James G. Boyd, Member

SIGNED for and on behalf of
DEUTSCHE BANK AG acting
through its Chicago Branch

______________________________

SIGNED for and on behalf of
JBJZ PARTNERS

X ______________________________
James G. Boyd, General Partner

CHICAGO 1/1/NN v 1, 412441.DOCX

## SCHEDULE

## DESCRIPTION OF ORIGINAL TRANSACTIONS

**Original FX Digital Option Transactions:**

| Transaction | Trade Date | Termination Date | Premium Amount | Reference Number |
|---|---|---|---|---|
| 1. | 23 Nov 99 | 22 Dec 99 | $5,000,000 | ox27921A |
| 2. | 23 Nov 99 | 22 Dec 99 | $4,750,000 | ox27921A |

CHICAGO 15000 v 1, 01348.00028

1. Section 1 – Second Digital Option Transaction

(i) Initial Exchange Provisions:

| | |
|---|---|
| Party A Initial Exchange Amount: | USD 4,750,000 |
| Party B Initial Exchange Amount: | Zero |
| Initial Exchange Date: | 25 November 1999, subject to adjustment in accordance with the Following Business Day Convention |

(ii) Final Exchange Provisions:

| | |
|---|---|
| Party A Final Exchange Amount: | Zero |
| Party B Final Exchange Amount: | USD 9,375,000 |
| Second Range Level: | USD 1.0121 per EUR 1.00 |
| Second Rate Determination Date: | Means the Termination Date |
| Final Exchange Date: | 27 December 1999, subject to adjustment in accordance with the Following Business Day Convention |

(A) If the Spot Rate is, on the Second Rate Determination Date at 10:00 a.m. local time in New York, less than or equal to the Second Range Level (such event being a "Second Digital Option Trigger Event"), then upon the occurrence of such Second Digital Option Trigger Event, (i) Party A shall pay to Party B the Party A Final Exchange Amount and (ii) Party B shall pay to Party A the Party B Final Exchange Amount. In determining whether a Second Digital Option Trigger Event has occurred, a particular spot rate shall be disregarded if the Calculation Agent, acting in good faith considers that it would not be commercially reasonable to take account of it.

(B) Upon the occurrence of a Second Digital Option Trigger Event, the Calculation Agent shall notify the other party orally (and, if requested, shall confirm such notice in writing by telex or telecopy) of the occurrence of the Second Digital Option Trigger Event and provide details of the occurrence of such Second Digital Option Trigger Event. A failure to give such notice shall not however prejudice the occurrence of the Second Digital Option Trigger Event.

Section 2 - Other Provisions

(i) For the purposes of this Transaction only, the following provision shall apply:

"Subparagraph (ii) of Section 2 (c) of the ISDA Form shall not apply to the First Digital Option Transaction and the Second Digital Option Transaction.

(ii) Offices:

(a) The Office of Party A for the Transaction is New York; and
(b) The Office of Party B for the Transaction is Delaware.

3. Representations:

Each party represents to the other party as of the date that it enters into this Transaction that (absent a written agreement between the parties that expressly imposes affirmative obligations to the contrary for this Transaction):

(i) Non-Reliance. It is acting for its own account, and it has made its own independent decisions to enter into this Transaction and as to whether the Transaction is appropriate or proper for it based upon its own judgement and upon advice from such advisers as it has deemed necessary. It is not relying on any communication (written or oral) of the other party including any affiliate or subsidiary thereof as investment advice or as a recommendation to enter into this Transaction, it being understood that information and explanations related to the terms and conditions of this Transaction shall not be considered to be investment advice or a recommendation to enter into the Transaction. No communication (written or oral) received from the other party shall be deemed to be an assurance or guarantee as to the expected results of this Transaction.

(ii) **Assessment and Understanding.** It is capable of assessing the merits of and understanding (on its own behalf or through independent professional advice), and understands and accepts the terms and conditions and risks of this Transaction. It is also capable of assuming, and assumes, the risks of the Transaction.

(iii) **Status of Parties.** The other party is not acting as a fiduciary for or adviser to it in respect of this Transaction.

**4. ISDA Agreement:**

If you and we are parties to either an ISDA Interest Rate and Currency Exchange Agreement (for which purposes this Transaction shall constitute a "Swap Transaction") or an ISDA Master Agreement (in each case an "Agreement") then this Confirmation supplements forms part of and is subject to such Agreement. If you and we are not yet parties to an Agreement then this Confirmation evidences a complete and binding agreement between Party A and Party B as to the terms of the Transaction to which this Confirmation relates. In addition Party A and Party B agree to use all reasonable efforts promptly to negotiate, execute and deliver an agreement in the form of the ISDA Master Agreement (Multicurrency-Cross Border) (the "ISDA Form") with such modifications as you and we will in good faith agree. Upon execution by Party A and Party B of such an agreement, this Confirmation will supplement, form part of, and be subject to that agreement. All provisions contained or incorporated by reference in that agreement upon its execution will govern this Confirmation. Until we execute and deliver that agreement, this Confirmation, together with all other documents referring to the ISDA Form (each a "Confirmation") confirming transactions (each a "Transaction") entered into between us (notwithstanding anything to the contrary in a Confirmation) shall supplement, form a part of, and be subject to an agreement in the form of the ISDA Form as if we had executed an agreement on the Trade Date of the first such Transaction between us in such form with the Schedule thereto (i) specifying only that (a) the governing law is New York law and (b) the Termination Currency is U.S. Dollars, (ii) incorporating the addition to the definition of "Indemnifiable Tax" contained in (page 48 of) the ISDA "Users Guide to the 1992 ISDA Master Agreements" and (iii) incorporating any other modifications to the ISDA form specified below.

**5. Definitions:**

The definitions and provisions contained in the 1991 ISDA Definitions (as amended by the 1997 Supplement) as published by the International Swaps and Derivatives Association, Inc (the "Swap Definitions") and in the 1998 FX and Currency Option Definitions (the "FX Definitions") as published by the International Swaps and Derivatives Association, Inc., the Emerging Markets Traders Association and The Foreign Exchange Committee (the "1998 Definitions", and together with the Swap Definitions, the "Definitions"), are incorporated into this Confirmation. In the event of any inconsistency between the Swap Definitions and the 1998 Definitions, the 1998 Definitions will govern. In the event of any inconsistency between either set of Definitions and this Confirmation, this Confirmation will govern.

Please confirm that the foregoing correctly sets forth the terms of our agreement by executing the copy of this Confirmation enclosed for that purpose and returning it to us or by sending to us a letter or telex substantially similar to this letter, which letter or telex sets forth the material terms of the Transaction to which this Confirmation relates and indicates your agreement to those terms.

Yours faithfully,
for and on behalf of
Deutsche Bank AG, New York

By: [signature]
Name: [signature]
Title:

By: [signature]
Name: PETER PARKER
Title: DIRECTOR

Confirmed as of the date first above written:
JGD SOHINKO? INVESTMENTS LLC

By: [signature]
Name:
Authorised Signatory

By:
Name:
Authorised Signatory

For any query relating to this Confirmation please contact: 212-469-4033

TOTAL P.10



JG-CL0147979

# EXHIBIT G46

Memo to File
JZ/JJ
12/9/99

- Spoke with Roy Knight & David Pease (Steven Smith also on line)
  Pension raise - 3.150
  .350
  } 3,500 = 7% of 50m[+]

  +1M for investment

  Instructions to David Pease (DB/AF) - 1.5M w/ 12½ breakdown

  BONY - 500K
  BoA - 500K
  Fin - 500K

  Discretionary authority to David (he acknowledged)

- Will transfer Cisco Systems stock for trading - 12/2/99
  Roy Knight will coordinate w/ Charlotte (Spoke with Charlotte)

PENGAD 800-631-6989 GOVERNMENT EXHIBIT 46

PENGAD 800-631-6989 GOVERNMENT EXHIBIT 1014

ZUZU00498

# EXHIBIT G47

Jenkens & Gilchrist
A PROFESSIONAL CORPORATION

225 WEST WASHINGTON
SUITE 2600
CHICAGO, ILLINOIS 60606

(312) 425-3900
TELECOPIER (312) 425-3909

www.jenkens.com

AUSTIN, TEXAS
(512) 499-3800

DALLAS, TEXAS
(214) 855-4500

HOUSTON, TEXAS
(713) 951-3300

LOS ANGELES, CALIFORNIA
(310) 820-8800

SAN ANTONIO, TEXAS
(210) 246-5000

WASHINGTON, D.C.
(202) 326-1500

Donna M. Guerin
(312) 425-3939
dguerin@jenkens.com

done
returned to FX
via overnight
[illegible]

December 14, 1999

**VIA FED EX**

Mr. Jerry Zucker
16 Buckingham Drive
Charleston, SC 29407

Dear Mr. Zucker:

Enclosed for execution are numerous documents. Please sign each where indicated. Please do not fill in any blanks which appear in those documents at this time (i.e., dates). We will be providing you in January, 2000, with copies of all of your transaction documents for your records.

Please return the documents to me in the enclosed self-addressed Fed Ex envelope as soon as possible. Please do not hesitate to contact me if you have any questions. Thank you

Very truly yours,

Donna M. Guerin

Donna M. Guerin
For JENKENS & GILCHRIST

DMG/slb
Enclosures

CHICAGO 17351 v 1, 59999

GOVERNMENT EXHIBIT 47

PENGAD 800-631-6989

ITCC00006



ITCC00006

**ASSIGNMENT OF PARTNERSHIP INTEREST IN JBJZ PARTNERS**

1. The undersigned hereby irrevocably assigns a partnership interest in JBJZ Partners, a South Carolina general partnership ("Partnership") as follows:

| Transferor | Percentage Interest Transferred | Transferee |
|---|---|---|
| JGB Bohicket Investments LLC | all of its general partnership interest | JBJZ Investors, Inc. |

not as an assignee, but as a substitute general partner of the Partnership.

2. This Assignment shall be effective as of the date hereof.

JGB Bohicket Investments LLC

Dated: December __, 1999

By: ______________________
James G. Boyd, Member

**ACCEPTANCE**

The undersigned hereby accepts the Assignment hereinabove described.

Dated: December __, 1999

JBJZ Investors, Inc.

By: ______________________
Jerry Zucker, President

CHICAGO 110027 v 1



ITCC00007

**JBJZ PARTNERS**

December __, 1999

VIA TELECOPY (312) 424-6019

Mr. David Parse
Deutsche Banc Alex. Brown
222 W. Adams, Suite 1900
Chicago, IL 60606

RE: JBJZ Partners
Account No. 222-10155-10

Dear Sir:

This letter is for the purpose of informing you that all interests in JBJZ Partners have been transferred to JBJZ Investors, Inc. and, accordingly such partnership has liquidated this date as a matter of law. Therefore, this constitutes your authorization to transfer from the above-captioned account all assets held therein to the account of JBJZ Investors, Inc., Account No. 222-10156-19 in liquidation of JBJZ Partners.

Such transfer should be effective immediately.

Please contact me if you have any questions regarding this matter.

Very truly yours,

JBJZ PARTNERS

BY: JZ Buckingham Investments LLC

By: [signature]
Jerry Zucker, Member

CHICAGO 178137 v 1..

ITCC00008



ITCC00008

**JBJZ INVESTORS, INC.**

December ___, 1999

**VIA TELECOPY (312) 424-6019**

Mr. David Parse
Deutsche Banc Alex. Brown
222 W. Adams, Suite 1900
Chicago, IL 60606

Re: JBJZ Investors, Inc.
Account No. 222-10156-19

Dear Sir:

This letter constitutes your authorization to sell the positions indicated on the attached Schedule A currently held in the above-referenced account.

Please contact me if you have any questions regarding this matter.

Very truly yours,

JBJZ INVESTORS, INC.

By: [signature]
Jerry Zucker, President

CHICAGO 170107 v 1,.

ITCC00009



ITCC00009

JBJZ INVESTORS, INC.

SCHEDULE A

CHICAGO 17007 v 1

JT 1334½

COPYRIGHT 1935 BY
DWIGHT & M. H. JACKSON
CHICAGO
PATENT PENDING

SEE RESTRICTIVE LEGEND ON REVERSE SIDE

NUMBER

SHARES

INCORPORATED UNDER THE LAWS OF THE STATE OF DELAWARE

# JBJZ INVESTORS, INC.

This Certifies that Jerry Zucker is the owner of Ninety (90) full paid and non-assessable SHARES OF THE COMMON STOCK OF JBJZ Investors, Inc. transferable only on the books of the Corporation by the holder hereof in person or by duly authorized Attorney upon the surrender of this Certificate properly endorsed.

COMMON

*The corporation will furnish without charge to each stockholder who so requests the powers, designations, preferences and relative, participating, optional or other special rights of each class of stock or series thereof and the qualifications, limitations or restrictions of such preferences and/or rights.*

IN WITNESS WHEREOF, the said Corporation has caused this Certificate to be signed by its duly authorized officers and to be sealed with the Seal of the Corporation, this 16th day of November A.D. 1999

Jerry Zucker
SECRETARY

Jerry Zucker
PRESIDENT



ITCC00011

ITCC00011

For Value Received, ____ hereby sell, assign and transfer unto ______________________________

______________________________ Shares represented by the within Certificate, and do hereby irrevocably constitute and appoint

______________________________ Attorney to transfer the said Shares on the books of the within named Corporation with full power of substitution in the premises.

Dated ________________ ______

In presence of

____________________ ____________________

NOTICE: THE SIGNATURE TO THIS ASSIGNMENT MUST CORRESPOND WITH THE NAME AS WRITTEN UPON THE FACE OF THE CERTIFICATE IN EVERY PARTICULAR, WITHOUT ALTERATION OR ENLARGEMENT OR ANY CHANGE WHATEVER

The securities represented by this certificate have not been registered under the Securities Act of 1933, as amended (the "Act"), and may not be sold, assigned or transferred in the absence of an applicable exemption from the registration requirements of the Act and applicable state securities laws, an effective registration statement under the Act and such laws or an opinion of counsel satisfactory to the corporation that registration under the Act is not required.

THIS SPACE IS NOT TO BE COVERED IN ANY WAY

JT 1334½

COPYRIGHT 1933 BY
DWIGHT & W. H. JACKSON
CHICAGO
PATENT PENDING

SEE RESTRICTIVE LEGEND ON REVERSE SIDE

NUMBER — SHARES

INCORPORATED UNDER THE LAWS OF THE STATE OF DELAWARE

# JBJZ INVESTORS, INC.

This Certifies that James G. Boyd is the owner of Ten (10) full paid and non-assessable SHARES OF THE COMMON STOCK OF JBJZ Investors, Inc. transferable only on the books of the Corporation by the holder hereof in person or by duly authorized Attorney upon the surrender of this Certificate properly endorsed.

*The corporation will furnish without charge to each stockholder who so requests the powers, designations, preferences and relative, participating, optional or other special rights of each class of stock or series thereof and the qualifications, limitations or restrictions of such preferences and/or rights.*

IN WITNESS WHEREOF, the said Corporation has caused this Certificate to be signed by its duly authorized officers and to be sealed with the Seal of the Corporation, this 16th day of November A.D. 1999

COMMON

Jerry Zucker, SECRETARY

Jerry Zucker, PRESIDENT

DWIGHT & W. H. JACKSON

CORPORATION SUPPLY CO
CHICAGO, ILLINOIS 60606

For Value Received, ____ hereby sell, assign and transfer unto ____________________________________________

____________________________________________ Shares represented by the within Certificate, and do hereby irrevocably constitute and appoint

____________________________________________ Attorney to transfer the said Shares on the books of the within named Corporation with full power of substitution in the premises.

Dated ____________________ ________

In presence of

________________________ ________________________

NOTICE: THE SIGNATURE TO THIS ASSIGNMENT MUST CORRESPOND WITH THE NAME AS WRITTEN UPON THE FACE OF THE CERTIFICATE IN EVERY PARTICULAR, WITHOUT ALTERATION OR ENLARGEMENT OR ANY CHANGE WHATEVER

The securities represented by this certificate have not been registered under the Securities Act of 1933, as amended (the "Act"), and may not be sold, assigned or transferred in the absence of an applicable exemption from the registration requirements of the Act and applicable state securities laws, an effective registration statement under the Act and such laws or an opinion of counsel satisfactory to the corporation that registration under the Act is not required.

THIS SPACE IS NOT TO BE COVERED IN ANY WAY

ITCC00014



ITCC00014

**CONSENT OF SOLE DIRECTOR**

**OF**

**JBJZ INVESTORS, INC.**

The undersigned, being the sole director of JBJZ Investors, Inc., a Delaware corporation (the "Corporation"), does hereby consent and agree to the adoption of the following resolutions pursuant to Section 141(f) of the General Corporation Law of the State of Delaware, in lieu of holding the organizational meeting of the Corporation:

1. Expenses of Incorporation.

RESOLVED: That the proper officers of the Corporation are hereby authorized and directed to pay out of the funds of the Corporation all expenses incurred in and by reason of the organization of the Corporation.

2. By-Laws.

RESOLVED: That the By-laws, adopted by the incorporator, a copy of which is included in the minute book of the Corporation, are hereby approved and adopted as the By-laws of the Corporation.

3. Officers.

RESOLVED: That the following person is hereby elected to the offices set forth opposite his name, to serve until his successors are elected and qualified or until his earlier resignation or removal:

Jerry Zucker - President

Chicago 172142 v 1, 99999 00001



ITCC00015

4. Certificate.

RESOLVED: That the form of certificate to evidence ownership of shares of the capital stock of the Corporation, in the form thereof attached to this consent is hereby approved and authorized for issuance by the Corporation.

5. Issuance of Common Shares.

RESOLVED: That the Corporation accepts the offer of the following persons to purchase the number of common share of the Corporation ("Common Shares") set forth opposite his name at the purchase price of One Dollar ($1.00) per Common Share:

| Name | No. of Common Shares | Consideration |
|---|---|---|
| Jerry Zucker | 90 | $90.00 |
| James G. Boyd | 10 | $10.00 |

FURTHER RESOLVED: That when each of the above named persons shall make full payment to the Treasurer of the Corporation for the Common Shares subscribed for by him, the appropriate officers of the Corporation shall execute and deliver to him a certificate representing said Common Shares, and said Common Shares shall be deemed to be full paid and non-assessable.

6. Bank Depository.

RESOLVED: That the funds of the Corporation shall be deposited with the financial institutions and upon the terms and conditions more fully set forth in the form of certificate relating thereto and attached to this consent and incorporated herein by reference.

7. Fiscal Year.

RESOLVED: That the fiscal year of the Corporation shall end on the last day of December of each year.

8. Subchapter S Election

RESOLVED: That the President of the Corporation is hereby authorized and directed, in the name and on behalf of the Corporation, to execute and file the Corporation's election to be taxed for the fiscal year beginning the date of the Corporation's incorporation as a S corporation, in accordance with the provisions of Subchapter S of Chapter 1 of Subtitle A of the Internal Revenue

Code of 1986, as amended, and to forward such other documents and instruments and to do all things and acts which may be necessary, convenient and proper to effect the election of the Corporation to be so taxed.

9. <u>General Authority of Officers</u>.

RESOLVED: That the proper officers of the Corporation are hereby authorized and directed to take all steps and do all acts and things, including the execution and delivery of documents, as are or may be necessary or appropriate to effectuate the purpose and intent of the foregoing resolutions.

Dated as of November 16, 1999

Jerry Zucker

Being the sole director of the Corporation



ITCC00017

Code of 1986, as amended, and to forward such other documents and instruments and to do all things and acts which may be necessary, convenient and proper to effect the election of the Corporation to be so taxed.

9. General Authority of Officers.

RESOLVED: That the proper officers of the Corporation are hereby authorized and directed to take all steps and do all acts and things, including the execution and delivery of documents, as are or may be necessary or appropriate to effectuate the purpose and intent of the foregoing resolutions.

Dated as of November 16, 1999

Jerry Zucker

Being the sole director of the Corporation

Chicago 17242 v 1. 99999 00000

# EXHIBIT G48

**JBJZ INVESTORS INC.**

December 22, 1999

Mr. David Parse
DB/Alex. Brown
222 West Adams Street
Suite 1900
Chicago, IL 60606

RE: Account No. 222-10156-19

Dear Sir:

This letter constitutes your authorization to transfer 500 shares of Cisco System Inc. (symbol: CSCO) from the above-captioned account into the account of JBJZ Partners, account number 222-10155-10 , as a contribution to its capital from JGB Bobjicket Investments LLC. Such transfer should be effective immediately.

Furthermore, this letter constitutes your authorization to transfer the following: 4500 shares of Cisco System Inc. (symbol: CSCO) from the above-captioned account into the account of JBJZ Partners, account number 222-10155-10 , as a contribution to its capital from JZ Buckingham Investments LLC. Such transfer should also be effective immediately.

Please contact me if you have any questions regarding this matter

Very truly yours,

JBJZ INVESTORS INC.

By: ____________________
Jerry Zucker, President

CHICAGO 27888 v 1

PENGAD 800-631-6989 GOVERNMENT EXHIBIT 48

PENGAD 800-631-6989 GOVERNMENT EXHIBIT 2381

DOJ 041562

# EXHIBIT G49

TO: Donna Guerin (312) 425 3909

From: Jerry Zucker (843) 747-4092

6 pages including cover page

GOVERNMENT EXHIBIT 49

GOVERNMENT EXHIBIT 1021

# Jenkens & Gilchrist

A PROFESSIONAL CORPORATION

225 WEST WASHINGTON STREET
SUITE 2600
CHICAGO, ILLINOIS 60606-3418

(312) 425-3900
FACSIMILE (312) 425-3909

www.jenkens.com

AUSTIN, TEXAS (512) 499-3800
DALLAS, TEXAS (214) 855-4500
HOUSTON, TEXAS (713) 951-3300
LOS ANGELES, CALIFORNIA (310) 820-8800
SAN ANTONIO, TEXAS (210) 246-5000
WASHINGTON, D.C. (202) 326-1500

PAUL M. DAUGERDAS
(312) 425-3440
pdaugerdas@jenkens.com

December 1, 1999

Mr. Jerry Zucker
16 Buckingham Drive
Charleston, SC 29407

Dear Mr. Zucker:

Thank you for engaging us and providing us the opportunity to represent you. My colleagues and I appreciate the confidence in us that is evidenced by your engagement.

This letter contains the terms applicable to your engagement of Jenkens & Gilchrist to represent you as your lawyers in connection with certain federal income tax matters.

We will consult with you about your objectives and, when appropriate, the means of achieving them in accordance with the ethical rules governing attorneys and applicable law. We will endeavor to keep you advised of the status of your matters to the extent necessary to enable you to make informed decisions.

We will provide competent representation of your interests. Expressions on our part concerning the probable outcome of our representation will reflect our best professional judgment, but are not guarantees, as they are limited by our knowledge of the facts and are based on the state of the law and our interpretation thereof at the time they are expressed.

We will maintain the confidentiality of information you provide to us, except to the extent that you consent to the contrary, or as necessary to carry out our representation or as required by the ethical rules governing lawyers or by applicable law.

I will be the principal attorney handling your matters. Subject to my supervision and at my instruction, your work, in whole or in part, may be performed by Donna Guerin or by other lawyers or legal assistants in the firm. My use of others may be for the purpose of involving lawyers or legal assistants with particular knowledge in a given area or for the purpose of otherwise providing legal services to you in what we deem to be the most efficient, cost effective and timely manner.

The amount charged for the legal services we provide to you will be based on a fixed fee of $1,260,000.00 for our advice and assistance in the facilitation and execution of European digital foreign currency option investment transactions in the amount of approximately $45.0 million, the

Jenkens & Gilchrist
A PROFESSIONAL CORPORATION

December 1, 1999
Page 2

documentation of the transaction, and our research and the rendering of a "more likely than not" tax opinion letter setting forth our conclusions and rationale.

If you terminate our representation, your papers and property will be returned to you promptly after our receipt of payment of all fees and expenses. Our own files, attorneys' notes, and work product pertaining to the matter will be retained by us. Your termination of us will not affect your responsibility for payment of legal services rendered and expenses paid or incurred by us on your behalf before we receive your notice of termination and in connection with an orderly transition of the matter.

The ethical rules governing lawyers list several types of conduct or circumstances that require or allow us to withdraw from representing you. We try to identify in advance and discuss any situations which may possibly lead to our withdrawal. In any event, if withdrawal becomes necessary, we will give you reasonable notice of that fact, and you agree to cooperate with us by executing any documents necessary to evidence the termination of our representation, in court or otherwise, and you agree that we are and will be entitled to be paid for all legal services rendered and expenses paid or incurred on your behalf before withdrawal and in connection with the orderly transition of the matter.

Please confirm your acknowledgment of and agreement with the foregoing by returning one copy of this letter to the undersigned.

If you have any questions about the amount of our fees or any other matters, please discuss them with me.

Again, I am grateful for the opportunity to represent you. We will give prompt attention to this matter and provide you with outstanding client service.

Very truly yours,

Paul M. Daugerdas
For JENKENS & GILCHRIST

PMD:slb

ACCEPTED AND AGREED TO this _______ day of ____________________, 1999.

By: ______________________
Jerry Zucker

CHICAGO1 15482 v 1, 55999.



JG-CL0148266

# JBJZ INVESTORS, INC.

December ______, 1999

Deutsche Banc Alex Brown
Attn: Mr. David Parse
222 West Adams Street
Suite 1900
Chicago, IL 60606

RE: Account No. 222-10156-19

To Whom It May Concern:

Please use this letter as your authorization to prepare a check in the amount of $1,400,000.00 payable to the order of Jenkens & Gilchrist, charged to JBJZ Investors, Inc., Account No. 222-10156-19.

Such check should be held by you for pick-up by an authorized representative of Jenkens & Gilchrist upon your notification of its availability by phone at 312-425-3950 or by fax to 312-425-3940.

Thank you for your immediate attention to this matter.

Sincerely,

JBJZ INVESTORS, INC.

By: ______________________
Jerry Zucker, President

CHICAGO 17345 v 1, 45441.

<u>JERRY ZUCKER</u>

**INSTRUCTIONS TO WIRE TO**
**DEUTSCHE BANC ALEX. BROWN**

ALLFIRST
Baltimore, Maryland
ABA 052-000-113
BT Alex. Brown Inc. Account # 068-8761-8
For further credit to Account #: 222-10156-19
Account Title: JBJZ Investors, Inc.
Amount: $1,350,000

88

**STATEMENT**

# Jenkens & Gilchrist

A PROFESSIONAL CORPORATION

**PAYMENT REMITTANCE ADDRESS:**

P.O. BOX [illegible]
DALLAS, TEXAS [illegible]
TAX ID [illegible]

**OFFICE LOCATIONS:**

AUSTIN, TEXAS
CHICAGO, ILLINOIS
DALLAS, TEXAS
HOUSTON, TEXAS
LOS ANGELES, CALIFORNIA
SAN ANTONIO, TEXAS
WASHINGTON, D.C.

December 6, 1999

JBJZ Investors, Inc.
16 Buckingham Drive
Charleston, SC 29407

Invoice: C120499
Client: 46149
Matter: 00001

**FOR PROFESSIONAL LEGAL SERVICES**

| | |
|---|---|
| **TOTAL** | **$1,400,000.00** |

A copy of this page is enclosed; please return it with your payment.

For billing inquiries, please call 214-855-4051. Tax ID# 36-4263272

JD

CHICAGO 17XXX9 v 1, 99999.



JG-CL0148035

# EXHIBIT G50

12/28/99

Jerry,

I spoke with Ray Knight at 3:00 pm today - The funds for the fees at Jenkens & Gilchrist and the second half from Brown Wood are on deposit at Deutsche Bank & they need authorization for the release as per letter w/ your file. I again raised the issue with Ray about the "margin coverage" on the Euro. He said he will call you tomorrow. He said the reason we only picked up the margin gain of 1/2 625K (plus the original $2.5M) was because we capped our exposure. His number is (704)331-1933.

Tim

GOVERNMENT EXHIBIT 50

GOVERNMENT EXHIBIT 2255

# EXHIBIT G51

DEC-29-1999 08:24 JENKENS & GILCHRIST P.01/01

JBJZ INVESTORS, INC.

December ______, 1999

Deutsche Banc Alex Brown
Attn: Mr. David Parze
222 West Adams Street
Suite 1900
Chicago, IL 60606

1,400,000

RE: Account No. 222-10156-19

To Whom It May Concern:

Please use this letter as your authorization to prepare a check in the amount of $1,400,000.00 payable to the order of Jenkens & Gilchrist, charged to JBJZ Investors, Inc., Account No. 222-10156-19.

Such check should be held by you for pick-up by an authorized representative of Jenkens & Gilchrist upon your notification of its availability by phone at 312-425-3950 or by fax to 312-425-3940.

Thank you for your immediate attention to this matter.

Sincerely,

JBJZ INVESTORS, INC.

By: ______________________
Jerry Zucker, President

CHICAGO [illegible]

GOVERNMENT EXHIBIT 51

DEC 29 1999 08:22 TOTAL P.01 PAGE.01

GOVERNMENT EXHIBIT 1012



ZDB04417

ZUDB00099

# EXHIBIT G52

The Intertech Group®

PLEASE DELIVER THE FOLLOWING PAGE(S) TO;

NAME: Donna Guerin

COMPANY: Jenkens + Gilchrist

FAX NO.: (312) 425-3909

FROM: Jim Boyd

DATE: 12/29/99

I am sending from a Xerox 7020 fax machine. IT IS AUTOMATIC. If you are not receiving the pages, or have any problem during transmission or receiving, please contact ______________________ at (843)744-5174

Number of Pages (including cover): - 4 -

Dear Donna: After receiving clarification from Roy Knight at E&Y re: the $40,000 referenced in attached letter and instructions authorizing $150,000 to be paid, please note I have approved the incremental amount - also have left a voice mail message for you confirming the approval. Thanks, Jim Boyd

CONFIDENTIALITY CAUTION:

This message is intended only for the use of the individual or entity to which it is addressed and contains information that is privileged and confidential. If the reader of this message is not the intended recipient, or the employee or agent responsible for delivering the message to the intended recipient, you are hereby notified that any dissemination, distribution or copying of this communication is strictly prohibited. If you have received this communication in error, please notify us immediately by telephone and return the original message to us at the above address at our cost.

P.O. Box 5205, North Charleston, SC 29405 • (843) 744-5174 • Fax (843) 747-4092

GOVERNMENT EXHIBIT 52

GOVERNMENT EXHIBIT 1009

Jenkens & Gilchrist
A PROFESSIONAL CORPORATION

225 WEST WASHINGTON STREET
SUITE 2600
CHICAGO, ILLINOIS 60606-5418

(312) 425-3900
FACSIMILE (312) 425-3909

www.jenkens.com

AUSTIN, TEXAS [illegible]
DALLAS, TEXAS [illegible]
HOUSTON, TEXAS [illegible]
LOS ANGELES, CALIFORNIA [illegible]
SAN ANTONIO, TEXAS [illegible]
WASHINGTON, D.C. [illegible]

PAUL M. DAUGERDAS
[illegible]
pdaugerdas@jenkens.com

December 1, 1999

Mr. James G. Boyd
3520 Bohicket Road
Johns Island, SC 29455

Dear Mr. Boyd:

Thank you for engaging us and providing us the opportunity to represent you. My colleagues and I appreciate the confidence in us that is evidenced by your engagement.

This letter contains the terms applicable to your engagement of Jenkens & Gilchrist to represent you as your lawyers in connection with certain federal income tax matters.

We will consult with you about your objectives and, when appropriate, the means of achieving them in accordance with the ethical rules governing attorneys and applicable law. We will endeavor to keep you advised of the status of your matters to the extent necessary to enable you to make informed decisions.

We will provide competent representation of your interests. Expressions on our part concerning the probable outcome of our representation will reflect our best professional judgment, but are not guarantees, as they are limited by our knowledge of the facts and are based on the state of the law and our interpretation thereof at the time they are expressed.

We will maintain the confidentiality of information you provide to us, except to the extent that you consent to the contrary, or as necessary to carry out our representation or as required by the ethical rules governing lawyers or by applicable law.

I will be the principal attorney handling your matters. Subject to my supervision and at my instruction, your work, in whole or in part, may be performed by Donna Guerin or by other lawyers or legal assistants in the firm. My use of others may be for the purpose of involving lawyers or legal assistants with particular knowledge in a given area or for the purpose of otherwise providing legal services to you in what we deem to be the most efficient, cost effective and timely manner.

The amount charged for the legal services we provide to you will be based on a fixed fee of $140,000.00 for our advice and assistance in the facilitation and execution of European digital foreign currency option investment transactions in the amount of approximately $5.0 million, the

CHICAGO 16422 v 1, 99999.



JG-CL0148032

Jenkens & Gilchrist
A PROFESSIONAL CORPORATION

December 1, 1999
Page 2

documentation of the transaction, and our research and the rendering of a "more likely than not" tax opinion letter setting forth our conclusions and rationale.

If you terminate our representation, your papers and property will be returned to you promptly after our receipt of payment of all fees and expenses. Our own files, attorneys' notes, and work product pertaining to the matter will be retained by us. Your termination of us will not affect your responsibility for payment of legal services rendered and expenses paid or incurred by us on your behalf before we receive your notice of termination and in connection with an orderly transition of the matter.

The ethical rules governing lawyers list several types of conduct or circumstances that require or allow us to withdraw from representing you. We try to identify in advance and discuss any situations which may possibly lead to our withdrawal. In any event, if withdrawal becomes necessary, we will give you reasonable notice of that fact, and you agree to cooperate with us by executing any documents necessary to evidence the termination of our representation, in court or otherwise, and you agree that we are and will be entitled to be paid for all legal services rendered and expenses paid or incurred on your behalf before withdrawal and in connection with the orderly transition of the matter.

Please confirm your acknowledgment of and agreement with the foregoing by returning one copy of this letter to the undersigned.

If you have any questions about the amount of our fees or any other matters, please discuss them with me.

Again, I am grateful for the opportunity to represent you. We will give prompt attention to this matter and provide you with outstanding client service.

Very truly yours,

Paul M. Daugerdas
For JENKENS & GILCHRIST

PMD:slb

ACCEPTED AND AGREED TO this 20th
day of December, 1999.

By: ______________________
James G. Boyd

CHICAGO 15422 v 1, 99999.



JG-CL0148033

**JAMES G. BOYD**

**INSTRUCTIONS TO WIRE TO**
**DEUTSCHE BANC ALEX. BROWN**

**ALLFIRST**
**Baltimore, Maryland**
**ABA 052-000-113**
**BT Alex. Brown Inc. Account # 068-8761-8**
**For further credit to Account #: 222-10156-19**
**Account Title: JBJZ Investors, Inc.**
**Amount: ~~$150,000~~** /140,000 changed to 150,000

CHICAGO 1 v1



JG-CL0148034

## CERTIFICATE OF SERVICE

I hereby certify that on April 21, 2008, I electronically filed the foregoing UNITED STATES' APPENDIX OF EXHIBITS with the Clerk of the Court using the ECF system which will send notification of such filing to the following:

Joel N. Crouch
Texas State Bar No. 05144220
Meadows, Collier, Reed
Cousins & Blau, L.L.P.
901 Main Street, Suite 3700
Dallas, Texas 75202

s/ David M. Steiner
David M. Steiner
Trial Attorney, Tax Division
U.S. Department of Justice
Post Office Box 55
Ben Franklin Station
Washington, D.C. 20044
(202) 307-5892

3215785.1