**IN THE UNITED STATES COURT OF FEDERAL CLAIMS**

| | | |
|---|---|---|
| **JZ Buckingham Investments, LLC, as Tax Matters Partner of JBJZ Partners, A South Carolina general partnership,** | § | |
| **Plaintiff,** | § | **Case No. 05-231 T** |
| | § | **Chief Judge Edward Damich** |
| **v.** | § | |
| **United States of America,** | § | |
| **Defendant.** | § | |

**PLAINTIFF'S RESPONSE TO UNITED STATES' ADDITIONAL PROPOSED FINDINGS OF UNCONTROVERTED FACTS IN OPPOSITION TO PLAINTIFF'S MOTION FOR PARTIAL SUMMARY JUDGMENT AS TO THE VALIDITY OF TREASURY REGULATION § 1.752-6**

Pursuant to RCPC 56(h)(2), Plaintiff responds to Defendant's Additional Proposed Findings of Uncontroverted Facts in Opposition to Plaintiff's Motion for Partial Summary Judgment as to the Validity of Treasury Regulation § 1.752-6.

1. COBRA is an acronym for Currency Options Bring Reward Alternatives. See e.g., COBRA PowerPoint, Govt. App. A at pp.126-144, Govt. Ex. 9.

**RESPONSE**:

Admit.

2. The COBRA transaction was designed in the months of September and October of 1999 by the national accounting firm Ernst & Young, LLP ("E&Y"), with the assistance of the Chicago law firm of Jenkens & Gilchrist ("J&G") and Deutsche Bank A.G. ("DB"). *See* e.g., Govt. App. A at pp.1-278 and 291-345, Govt. Exs. 1-13 and 17-24.

**RESPONSE:**

Plaintiff objects on the grounds that the facts asserted are not relevant to the limited issue before this Court regarding the validity of Treas. Reg. § 1.752-6. Plaintiff also objects to this proposed finding of fact on the grounds that it is argumentative and otherwise inappropriate in a proposed finding of facts. Further, Plaintiff objects to this proposed finding of fact on the grounds that it pertains to information that is outside the scope of Plaintiff's knowledge. Accordingly, to the extent the proposed find of fact addresses (1) the actions and intentions of third parties and/or (2) facts

that are not specific to the current transaction, Plaintiff lacks sufficient information to confirm the accuracy of this proposed finding of fact. Plaintiff further objects to the proposed finding of fact on the grounds that it is vague and ambiguous.

3. J&G and DB were already marketing a similar product known as the Option Partnership Strategy ("OPS') structured with a net premium to DB equal to 1% of the desired tax loss and a potential payoff equal to 2 X the net premium, or 2% of the desired tax loss, See Govt. App. A at pp.243-290, Govt. Exs. 13 and 16.

**RESPONSE:**

Plaintiff objects on the grounds that the facts asserted are not relevant to the limited issue before this Court regarding the validity of Treas. Reg. § 1.752-6. Plaintiff further objects to the proposed finding of fact on the grounds that it is vague and ambiguous. Plaintiff also objects to this proposed finding of fact on the grounds that it is argumentative and otherwise inappropriate in a proposed finding of facts. Further, Plaintiff objects to this proposed finding of fact on the grounds that it pertains to information that is outside the scope of Plaintiff's knowledge. Accordingly, to the extent the proposed find of fact addresses (1) the actions and intentions of third parties and/or (2) facts that are not specific to the current transaction, Plaintiff lacks sufficient information to confirm the accuracy of this proposed finding of fact.

4. The OPS strategy and its genesis are described in *The Diversified Group, Incorporated v. Daugerdas,* 139 F. Supp. 2d 445 (2001 S.D. N.Y.), in which The Diversified Group, alleged that Paul Daugerdas, the newly-appointed head of J&G's recently- formed Chicago office, had stolen its tax shelter product. *See The Diversified Group, Incorporated v. Daugerdas,* 139 F. Supp. 2d 445 (2001 S.D. N.Y.),

**RESPONSE:**

Plaintiff objects on the grounds that the facts asserted are not relevant to the limited issue before this Court regarding the validity of Treas. Reg. § 1.752-6. Plaintiff also objects to this proposed finding of fact on the grounds that it is argumentative and otherwise inappropriate in a proposed finding of facts. Plaintiff further objects to the proposed finding of fact on the grounds that it is vague and ambiguous. Further, Plaintiff objects to this proposed finding of fact on the grounds that it pertains to information that is outside the scope of Plaintiff's knowledge. Accordingly, to the extent the proposed find of fact addresses (1) the actions and intentions of third parties and/or (2) facts that are not specific to the current transaction, Plaintiff lacks sufficient information to confirm the accuracy of this proposed finding of fact.

5. In its suit against J&G, DGI broadly defined its stolen OPS product as follows: "The option partnership strategy is a tax-saving strategy wherein a taxpayer purchases and writes options and transfers these option positions to a partnership so as to create substantial increased basis in the partnership interest. As a result of these trades and transfer, the taxpayer claims that the basis of the taxpayer's partnership interest is increased by the cost of purchased call options, but is not reduced as a result of the partnership's assumption of the taxpayer's obligation with respect to the written call options." *See The Diversified Group, Incorporated v. Daugerdas,* 139 F. Supp. 2d at 449.

**RESPONSE:**

Plaintiff objects on the grounds that the facts asserted are not relevant to the limited issue before this Court regarding the validity of Treas. Reg. § 1.752-6. Plaintiff also objects to this proposed finding of fact on the grounds that it is argumentative and otherwise inappropriate in a proposed finding of facts. Plaintiff further objects to the proposed finding of fact on the grounds that it is vague and ambiguous. Further, Plaintiff objects to this proposed finding of fact on the grounds that it pertains to information that is outside the scope of Plaintiff's knowledge. Accordingly, to the extent the proposed find of fact addresses (1) the actions and intentions of third parties and/or (2) facts that are not specific to the current transaction, Plaintiff lacks sufficient information to confirm the accuracy of this proposed finding of fact.

6. The COBRA and OPS transactions are both predicated upon the use of nearly off-setting digital option contracts. See Govt. App. A at pp.243-290, Govt. Exs. 13 and 16.

**RESPONSE:**

Plaintiff objects on the grounds that the facts asserted are not relevant to the limited issue before this Court regarding the validity of Treas. Reg. § 1.752-6. Plaintiff further objects to the proposed finding of fact on the grounds that it is vague and ambiguous. Plaintiff also objects to this proposed finding of fact on the grounds that it is argumentative and otherwise inappropriate in a proposed finding of facts. Further, Plaintiff objects to this proposed finding of fact on the grounds that it pertains to information that is outside the scope of Plaintiff's knowledge. Accordingly, to the extent the proposed find of fact addresses (1) the actions and intentions of third parties and/or (2) facts that are not specific to the current transaction, Plaintiff lacks sufficient information to confirm the accuracy of this proposed finding of fact. Subject to and without waiver of said objections, Plaintiff admits only that the transaction at issue involved digital options. Plaintiff disputes any characterization of the foreign currency digital options involved in the transactions at issue as offsetting or "nearly offsetting."

7. In the late fall of 1999, J&G and DB implemented 105 OPS transactions. See Govt. App. A at pp.243-290, Govt. Exs. 13 and 16.

**RESPONSE:**

Plaintiff objects on the grounds that the facts asserted are not relevant to the limited issue before this Court regarding the validity of Treas. Reg. § 1.752-6. Plaintiff also objects to this proposed finding of fact on the grounds that it is argumentative and otherwise inappropriate in a proposed finding of facts. Plaintiff further objects to the proposed finding of fact on the grounds that it is vague and ambiguous. Further, Plaintiff objects to this proposed finding of fact on the grounds that it pertains to information that is outside the scope of Plaintiff's knowledge. Accordingly, to the extent the proposed finding of fact addresses (1) the actions and intentions of third parties and/or (2) facts that are not specific to the current transaction, Plaintiff lacks sufficient information to confirm the accuracy of this proposed finding of fact.

8. Concurrently, J&G and DB also implemented 15 COBRA transactions for E&Y. See Govt. App. A at pp.243-290, Govt. Exs. 13 through l6.

**RESPONSE:**

Plaintiff objects on the grounds that the facts asserted are not relevant to the limited issue before this Court regarding the validity of Treas. Reg. § 1.752-6. Plaintiff further objects to the proposed finding of fact on the grounds that it is vague and ambiguous. Plaintiff also objects to this proposed finding of fact on the grounds that it is argumentative and otherwise inappropriate in a proposed finding of facts. Further, Plaintiff objects to this proposed finding of fact on the grounds that it pertains to information that is outside the scope of Plaintiff's knowledge. Accordingly, to the extent the proposed find of fact addresses (1) the actions and intentions of third parties and/or (2) facts that are not specific to the current transaction, Plaintiff lacks sufficient information to confirm the accuracy of this proposed finding of fact.

9. The 15 1999 COBRA transactions generated noneconomic tax losses totaling $834 million. See Govt. App. A at pp.l-144 and 243-286, Govt. Exs. 1 through 9 and 13 through 15.

**RESPONSE:**

Plaintiff objects on the grounds that the facts asserted are not relevant to the limited issue before this Court regarding the validity of Treas. Reg. § 1.752-6. Plaintiff further objects to the proposed finding of fact on the grounds that it is vague and ambiguous. Plaintiff also objects to this proposed finding of fact on the grounds that it is argumentative and inflammatory and otherwise inappropriate in a proposed finding of facts. Further, Plaintiff objects to this proposed finding of fact on the grounds that it pertains to information that is outside the scope of Plaintiff's

knowledge. Accordingly, to the extent the proposed find of fact addresses (1) the actions and intentions of third parties and/or (2) facts that are not specific to the current transaction, Plaintiff lacks sufficient information to confirm the accuracy of this proposed finding of fact. Plaintiff disputes any characterization of the losses involved in the transaction at issue as "non-economic".

10. The OPS and COBRA transactions were designed to accomplish the same tax-driven objective and differed only slightly in their terms. The engine driving both transactions was offsetting foreign currency digital options: a purchased (or long) option and a sold (or short) option. See Govt. App. A at pp.1-399, Govt. Exs. 1 through 30.

**RESPONSE:**

Plaintiff objects on the grounds that the facts asserted are not relevant to the limited issue before this Court regarding the validity of Treas. Reg. § 1.752-6. Plaintiff further objects to the proposed finding of fact on the grounds that it is vague and ambiguous. Plaintiff also objects to this proposed finding of fact on the grounds that it is argumentative and otherwise inappropriate in a proposed finding of facts. Further, Plaintiff objects to this proposed finding of fact on the grounds that it pertains to information that is outside the scope of Plaintiff's knowledge. Accordingly, to the extent the proposed find of fact addresses (1) the actions and intentions of third parties and/or (2) facts that are not specific to the current transaction, Plaintiff lacks sufficient information to confirm the accuracy of this proposed finding of fact. Subject to and without waiver of said objections, Plaintiff agrees only that foreign currency digital options were involved in the transactions at issue. Plaintiff disputes any characterization of these digital options as offsetting or "tax-driven." Plaintiff otherwise denies the proposed finding of fact for insufficient knowledge.

11. As structured, the offsetting digital options of both OPS and COBRA provided a net payoff at a pre-agreed upon multiple of the net premium. See Govt. App. A at pp. 1-399, Govt. Exs. 1 through 30.

**RESPONSE:**

Plaintiff objects on the grounds that the facts asserted are not relevant to the limited issue before this Court regarding the validity of Treas. Reg. § 1.752-6. Plaintiff further objects to the proposed finding of fact on the grounds that it is vague and ambiguous. Plaintiff also objects to this proposed finding of fact on the grounds that it is argumentative and otherwise inappropriate in a proposed finding of facts. Further, Plaintiff objects to this proposed finding of fact on the grounds that it pertains to information that is outside the scope of Plaintiff's knowledge. Accordingly, to the extent the proposed find of fact addresses (1) the actions and intentions of third parties and/or (2) facts that are not specific to the current transaction, Plaintiff lacks sufficient information to confirm the accuracy of this proposed finding of fact.

12. In the instance of the OPS transactions, the net premium was equal to 1% of the desired loss, with the possibility of a payoff equal to 2 X the net premium. See Govt. App. A at pp.243-278, Govt. Ex. 13.

**RESPONSE:**

Plaintiff objects on the grounds that the facts asserted are not relevant to the limited issue before this Court regarding the validity of Treas. Reg. § 1.752-6. Plaintiff further objects to the proposed finding of fact on the grounds that it is vague and ambiguous. Plaintiff also objects to this proposed finding of fact on the grounds that it is argumentative and otherwise inappropriate in a proposed finding of facts. Further, Plaintiff objects to this proposed finding of fact on the grounds that it pertains to information that is outside the scope of Plaintiff's knowledge. Accordingly, to the extent the proposed find of fact addresses (1) the actions and intentions of third parties and/or (2) facts that are not specific to the current transaction, Plaintiff lacks sufficient information to confirm the accuracy of this proposed finding of fact.

13. In the case of COBRA, the net premium was equal to 5% of the desired loss, with a possibility of a payoff equal to 2.5 X the net premium. See Govt. App. A at pp.126-144, 271-278, and 470-475, Govt. Exs. 9, 13 and 41.

**RESPONSE:**

Plaintiff objects on the grounds that the facts asserted are not relevant to the limited issue before this Court regarding the validity of Treas. Reg. § 1.752-6. Plaintiff also objects to this proposed finding of fact on the grounds that it is argumentative and otherwise inappropriate in a proposed finding of facts. Further, Plaintiff objects to this proposed finding of fact on the grounds that it pertains to information that is outside the scope of Plaintiff's knowledge. Accordingly, to the extent the proposed find of fact addresses (1) the actions and intentions of third parties and/or (2) facts that are not specific to the current transaction, Plaintiff lacks sufficient information to confirm the accuracy of this proposed finding of fact. Plaintiff further objects to the proposed finding of fact on the grounds that it is vague and ambiguous. Subject to and without waiving said objections, Plaintiff only admits that the terms of the options involved in these cases are accurately described in Plaintiff's Proposed Findings of Uncontroverted Facts ¶ 8(a)-(f) & 9(a)-(c).

14. Notwithstanding these cosmetic changes, these offsetting option transactions were both designed to generate an artificially-inflated basis of a taxpayer's partnership interest, which, in turn, could be used to generate massive tax losses, and thereby eliminate a wealthy taxpayer's unrelated taxable income. See COBRA PowerPoint, Govt. App. A at pp.126-144, Govt. Ex. 9.

**RESPONSE:**

Plaintiff objects on the grounds that the facts asserted are not relevant to the limited issue before this Court regarding the validity of Treas. Reg. § 1.752-6. Plaintiff further objects to the proposed finding of fact on the grounds that it is vague and ambiguous. Plaintiff also objects to this proposed finding of fact on the grounds that it is argumentative and otherwise inappropriate in a proposed finding of facts. Further, Plaintiff objects to this proposed finding of fact to the extent that it pertains to information that is outside the scope of Plaintiff's knowledge. Accordingly, to the extent the proposed find of fact addresses (1) the actions and intentions of third parties and/or (2) facts that are not specific to the current transaction, Plaintiff lacks sufficient information to confirm the accuracy of this proposed finding of fact. Plaintiff disputes any characterization of the options involved in the transactions at issue as offsetting. Plaintiff disputes any characterization of the bases in the partnership interests involved in the transactions at issue as "artificially inflated."

15. E&Y began marketing the COBRA transaction in the fall of 1999. See Govt. App. A at pp.1-399, Govt. Exs. 1 through 30.

**RESPONSE:**

Plaintiff objects on the grounds that the facts asserted are not relevant to the limited issue before this Court regarding the validity of Treas. Reg. § 1.752-6. Plaintiff further objects to the proposed finding of fact on the grounds that it is vague and ambiguous. Plaintiff also objects to this proposed finding of fact on the grounds that it is argumentative and otherwise inappropriate in a proposed finding of facts. Further, Plaintiff objects to this proposed finding of fact on the grounds that it pertains to information that is outside the scope of Plaintiff's knowledge. Accordingly, to the extent the proposed find of fact addresses (1) the actions and intentions of third parties and/or (2) facts that are not specific to the current transaction, Plaintiff lacks sufficient information to confirm the accuracy of this proposed finding of fact.

16. Both E&Y and J&G required so-called "targets" (potential COBRA purchasers) to sign a non-disclosure agreement ("NDAs"). See Govt. App. A at pp.218-242, 341-343, and 456-457, Govt. Exs. 12, 23 and 24, 36.

**RESPONSE:**

Plaintiff objects on the grounds that the facts asserted are not relevant to the limited issue before this Court regarding the validity of Treas. Reg. § 1.752-6. Plaintiff further objects to the proposed finding of fact on the grounds that it is vague and ambiguous. Plaintiff also objects to this proposed finding of fact on the grounds that it is argumentative and otherwise inappropriate in a proposed finding of facts. Further, Plaintiff objects to this proposed finding of fact on the grounds that it pertains to information that is outside the scope of Plaintiff's knowledge. Accordingly, to the

extent the proposed find of fact addresses (1) the actions and intentions of third parties and/or (2) facts that are not specific to the current transaction, Plaintiff lacks sufficient information to confirm the accuracy of this proposed finding of fact.

17. The J&G NDA expressly disclosed J&G's role as a promoter and disclaimed any fiduciary relationship with the target. See Govt. App. A at pp.221-223 at p.223 ¶6.

**RESPONSE:**

Plaintiff objects on the grounds that the facts asserted are not relevant to the limited issue before this Court regarding the validity of Treas. Reg. § 1.752-6. Plaintiff further objects to the proposed finding of fact on the grounds that it is vague and ambiguous. Plaintiff also objects to this proposed finding of fact on the grounds that it is argumentative and otherwise inappropriate in a proposed finding of facts. Further, Plaintiff objects to this proposed finding of fact on the grounds that it pertains to information that is outside the scope of Plaintiff's knowledge. Accordingly, to the extent the proposed find of fact addresses (1) the actions and intentions of third parties and/or (2) facts that are not specific to the current transaction, Plaintiff lacks sufficient information to confirm the accuracy of this proposed finding of fact.

18. In addition to being required to sign NDAs, targets were not allowed to retain any of the marketing materials. See COBRA Action Workplan, Govt. App. A at pp.291-314, Govt. Exs. 17 through 20.

**RESPONSE:**

Plaintiff objects on the grounds that the facts asserted are not relevant to the limited issue before this Court regarding the validity of Treas. Reg. § 1.752-6. Plaintiff further objects to the proposed finding of fact on the grounds that it is vague and ambiguous. Plaintiff also objects to this proposed finding of fact on the grounds that it is argumentative and otherwise inappropriate in a proposed finding of facts. Further, Plaintiff objects to this proposed finding of fact on the grounds that it pertains to information that is outside the scope of Plaintiff's knowledge. Accordingly, to the extent the proposed find of fact addresses (1) the actions and intentions of third parties and/or (2) facts that are not specific to the current transaction, Plaintiff lacks sufficient information to confirm the accuracy of this proposed finding of fact.

19. Both of these limitations appear to have been imposed upon potential clients in order to minimize the possibility that the COBRA transactions might be disclosed to the IRS. See Govt. App. A at pp.348-349, Govt. Ex. 26.

**RESPONSE:**

Plaintiff objects on the grounds that the facts asserted are not relevant to the limited issue before this Court regarding the validity of Treas. Reg. § 1.752-6. Plaintiff also objects to this proposed finding of fact on the grounds that it is argumentative and otherwise inappropriate in a proposed finding of facts. Further, Plaintiff objects to this proposed finding of fact on the grounds that it pertains to information that is outside the scope of Plaintiff's knowledge. Accordingly, to the extent the proposed find of fact addresses (1) the actions and intentions of third parties and/or (2) facts that are not specific to the current transaction, Plaintiff lacks sufficient information to confirm the accuracy of this proposed finding of fact.

20. In the marketing of the program, targets were typically shown a template J&G draft legal opinion blessing the transaction for federal income tax purposes. See J&G draft legal opinion dated November 5, 1999, Govt. App. A at pp.400-426, Govt. Ex. 31.

**RESPONSE:**

Plaintiff objects on the grounds that the facts asserted are not relevant to the limited issue before this Court regarding the validity of Treas. Reg. § 1.752-6. Plaintiff further objects to the proposed finding of fact on the grounds that it is vague and ambiguous. Plaintiff also objects to this proposed finding of fact on the grounds that it is argumentative and otherwise inappropriate in a proposed finding of facts. Further, Plaintiff objects to this proposed finding of fact on the grounds that it pertains to information that is outside the scope of Plaintiff's knowledge. Accordingly, to the extent the proposed find of fact addresses (1) the actions and intentions of third parties and/or (2) facts that are not specific to the current transaction, Plaintiff lacks sufficient information to confirm the accuracy of this proposed finding of fact.

21. To assist in choreographing the intricately sequenced steps of this transaction, the promoters not only developed a COBRA power point, but a "COBRA Client Questionnaire" and a "COBRA Action Workplan." See Govt. App. A at pp.l-22, 236-244, 291-314, Govt. Exs. 1 through 3, 9, and 17 through 20.

**RESPONSE:**

Plaintiff objects on the grounds that the facts asserted are not relevant to the limited issue before this Court regarding the validity of Treas. Reg. § 1.752-6. Plaintiff further objects to the proposed finding of fact on the grounds that it is vague and ambiguous. Plaintiff also objects to this proposed finding of fact on the grounds that it is argumentative and otherwise inappropriate in a proposed finding of facts. Further, Plaintiff objects to this proposed finding of fact on the grounds that it pertains to information that is outside the scope of Plaintiff's knowledge.

Accordingly, to the extent the proposed find of fact addresses (1) the actions and intentions of third parties and/or (2) facts that are not specific to the current transaction, Plaintiff lacks sufficient information to confirm the accuracy of this proposed finding of fact.

22. The COBRA Power Point was used to market the product to potential clients and generally details the overall steps, with particular focus on the planned tax benefits. See Govt. App. A at pp.318-340, Govt. Ex. 9.

**RESPONSE:**

Plaintiff objects on the grounds that the facts asserted are not relevant to the limited issue before this Court regarding the validity of Treas. Reg. § 1.752-6. Plaintiff further objects to the proposed finding of fact on the grounds that it is vague and ambiguous. Plaintiff also objects to this proposed finding of fact on the grounds that it is argumentative and otherwise inappropriate in a proposed finding of facts. Further, Plaintiff objects to this proposed finding of fact on the grounds that it pertains to information that is outside the scope of Plaintiff's knowledge. Accordingly, to the extent the proposed find of fact addresses (1) the actions and intentions of third parties and/or (2) facts that are not specific to the current transaction, Plaintiff lacks sufficient information to confirm the accuracy of this proposed finding of fact.

23. The COBRA Client Questionnaire was designed to provide J&G the necessary information to implement the transaction, detailing both the amount and the character of the desired tax loss. See Govt. App. A at pp.315-340 and 348-445, Govt. Exs. 21-22, and 34.

**RESPONSE:**

Plaintiff objects on the grounds that the facts asserted are not relevant to the limited issue before this Court regarding the validity of Treas. Reg. § 1.752-6. Plaintiff further objects to the proposed finding of fact on the grounds that it is vague and ambiguous. Plaintiff also objects to this proposed finding of fact on the grounds that it is argumentative and otherwise inappropriate in a proposed finding of facts. Further, Plaintiff objects to this proposed finding of fact on the grounds that it pertains to information that is outside the scope of Plaintiff's knowledge. Accordingly, to the extent the proposed find of fact addresses (1) the actions and intentions of third parties and/or (2) facts that are not specific to the current transaction, Plaintiff lacks sufficient information to confirm the accuracy of this proposed finding of fact.

24. The COBRA Action Workplan was then to be used by E&Y to monitor the planned choreography. See Govt. App. A at pp.291-314, Govt. Ex. 17-20.

**RESPONSE:**

Plaintiff objects on the grounds that the facts asserted are not relevant to the limited issue before this Court regarding the validity of Treas. Reg. § 1.752-6. Plaintiff further objects to the proposed finding of fact on the grounds that it is vague and ambiguous. Plaintiff also objects to this proposed finding of fact on the grounds that it is argumentative and otherwise inappropriate in a proposed finding of facts. Further, Plaintiff objects to this proposed finding of fact on the grounds that it pertains to information that is outside the scope of Plaintiff's knowledge. Accordingly, to the extent the proposed find of fact addresses (1) the actions and intentions of third parties and/or (2) facts that are not specific to the current transaction, Plaintiff lacks sufficient information to confirm the accuracy of this proposed finding of fact.

25. The COBRA Power Point provides a good overview of the transaction, which slides can be briefly summarized as follows:

a. Step One: Purchase/Sale of Offsetting Option Contracts. Each individual simultaneously buys (goes long) and sells (goes short) digital foreign currency options at nearly identical strike prices, creating a position consisting of two offsetting options. See Govt. App. A at pp.126-144 at 130, Govt. Ex. 9.

b. Step Two: Transfer of Offsetting Options to Partnership. The individuals transfer the offsetting foreign currency option positions to a "newly formed general partnership." In calculating their basis in the partnership, the taxpayers take into account the stated premium of the long option and ignore the offsetting stated premium received for the short option. In addition, the individuals contribute cash equal to two per cent of the "desired loss" (i.e., the stated premium on the long option) to the partnership. See Govt. App. A at pp.126-144 at 131, Govt. Ex. 9.

c. Step Three: Termination of Options and Acquisition of Assets. The digital foreign currency options expire either in or out of the money, resulting in a gain or loss. The COBRA Presentation then states, "[i]f ordinary loss is desired, spot foreign currency will be purchased by the partnership. If capital loss is desired, capital assets will be purchased." See Govt. App. A at pp.126-144 at 132, Govt. Ex. 9.

d. Step Four: Transfer of Partnership Interests to S Corp. The individuals transfer their entire interest in the partnership to a newly formed S corporation, which results in the technical termination of the partnership for federal income tax purposes. See Govt. App. A at pp.126-144 at 133, Govt. Ex. 9.

e. Step Five: Distribution of Partnership Assets to S Corp and Their Sale. The partnership liquidates and distributes its assets to the S corporation. Under I.R.C. § 362(a), the taxpayers' artificially-inflated outside basis in the now-dissolved

partnership carries over and becomes the basis of the distributed stock and/or foreign currency distributed to the S corporation. The S corporation then "sells the stepped-up assets [i.e. the foreign currency or securities] to an unrelated third party, generating a loss for tax purposes." See Govt. App. A at pp.126-144 at 134, Govt. Ex. 9.

f. Although not specified on the COBRA PowerPoint, the final step of the transaction was the payment of fees and preparation and issuance to the taxpayers in the following tax year of two separate legal opinions to support COBRA's claimed tax benefits. See Govt. App. A at pp.427-433 and 446-455, Govt. Ex. 32 and 35.

**RESPONSE:**

Plaintiff objects on the grounds that the facts asserted are not relevant to the limited issue before this Court regarding the validity of Treas. Reg. § 1.752-6. Plaintiff further object to the proposed finding of fact on the grounds that it is vague and ambiguous. Plaintiff also objects to this proposed finding of fact on the grounds that it is argumentative and otherwise inappropriate in a proposed finding of facts. Further, Plaintiff objects to this proposed finding of fact on the grounds that it pertains to information that is outside the scope of Plaintiff's knowledge. Accordingly, to the extent the proposed find of fact addresses (1) the actions and intentions of third parties and/or (2) facts that are not specific to the current transaction, Plaintiff lacks sufficient information to confirm the accuracy of this proposed finding of fact. Subject to and without waiver of said objections, Plaintiff agrees only that the quoted portions of the proposed reference Power Point presentation are accurately reproduced in the proposed finding of fact. Plaintiff otherwise denies the proposed finding and any characterizations of the material described therein

26. E&Y charged a fee of 1.5.% of the taxpayers' desired loss and J&G charged a fee equal to 3% of the taxpayers' desired loss, net of the fee to be charged by Brown & Wood. See COBRA Engagement Letter, Govt. App. A at pp.279-282 and 446-455, Govt. Exs. 14 and 35.

**RESPONSE:**

Plaintiff objects on the grounds that the facts asserted are not relevant to the limited issue before this Court regarding the validity of Treas. Reg. § 1.752-6. Plaintiff further objects to the proposed finding of fact on the grounds that it is vague and ambiguous. Plaintiff also objects to this proposed finding of fact on the grounds that it is argumentative and otherwise inappropriate in a proposed finding of facts. Further, Plaintiff objects to this proposed finding of fact on the grounds that it pertains to information that is outside the scope of Plaintiff's knowledge. Accordingly, to the extent the proposed find of fact addresses (1) the actions and intentions of third parties and/or (2) facts that are not specific to the current

transaction, Plaintiff lacks sufficient information to confirm the accuracy of this proposed finding of fact.

27. J&G prepared one of the two legal opinions and because of J&G's status as a co-promoter, E&Y recruited the law firm of Brown & Wood, L.L.P. ("B&W") to prepare a second legal opinion. See Govt. App. A at pp.28-125 and 145-214, Govt. Exs. 6-8 and 10.

**RESPONSE:**

Plaintiff objects on the grounds that the facts asserted are not relevant to the limited issue before this Court regarding the validity of Treas. Reg. § 1.752-6. Plaintiff further objects to the proposed finding of fact on the grounds that it is vague and ambiguous. Plaintiff also objects to this proposed finding of fact on the grounds that it is argumentative and otherwise inappropriate in a proposed finding of facts. Further, Plaintiff objects to this proposed finding of fact on the grounds that it pertains to information that is outside the scope of Plaintiff's knowledge. Accordingly, to the extent the proposed find of fact addresses (1) the actions and intentions of third parties and/or (2) facts that are not specific to the current transaction, Plaintiff lacks sufficient information to confirm the accuracy of this proposed finding of fact.

28. Both of these opinions were boilerplate opinions containing virtually the same formulaic language except for the required change in the taxpayers' names and the names of their respective entities. See Govt. App. A at pp.28-125 and 145-214, Govt. Exs. 6-8, 10 and 31.

**RESPONSE:**

Plaintiff objects on the grounds that the facts asserted are not relevant to the limited issue before this Court regarding the validity of Treas. Reg. § 1.752-6. Plaintiff further objects to the proposed finding of fact on the grounds that it is vague and ambiguous. Plaintiff also objects to this proposed finding of fact on the grounds that it is argumentative and otherwise inappropriate in a proposed finding of facts. Further, Plaintiff objects to this proposed finding of fact on the grounds that it pertains to information that is outside the scope of Plaintiff's knowledge. Accordingly, to the extent the proposed find of fact addresses (1) the actions and intentions of third parties and/or (2) facts that are not specific to the current transaction, Plaintiff lacks sufficient information to confirm the accuracy of this proposed finding of fact. Plaintiff disputes any characterization of the legal opinions obtained in the transactions at issue as "boilerplate." Plaintiff disputes any characterization of the legal opinions obtained in the transactions at issue as "formulaic."

29. The transaction at issue closely adhered to each of these generic steps. See Govt. App. A at pp.427-570, Govt. Exs. 32-52.

**RESPONSE:**

Plaintiff objects on the grounds that the facts asserted are not relevant to the limited issue before this Court regarding the validity of Treas. Reg. § 1.752-6. Plaintiff further objects to the proposed finding of fact on the grounds that it is vague and ambiguous. Plaintiff also objects to this proposed finding of fact on the grounds that it is argumentative and otherwise inappropriate in a proposed finding of facts. Subject to and without waiver of said objections, Plaintiff agrees only that, for purposes of this Motion, the relevant aspects of the transaction at issue are accurately described in Plaintiffs' Proposed Findings of Uncontroverted Facts.

30. On November 16, 1999, Jerry Zucker and his business partner, James Boyd ("taxpayers"), committed to an aggregate $50 million COBRA transaction, to generate a $20 million ordinary tax loss and a $30 million short term capital loss, of which 90% was to be allocated to Zucker. See Govt. App. A at pp.427-433 and 446-455, Govt. Exs. 32 and 35.

**RESPONSE:**

Plaintiff objects to this proposed finding of fact on the grounds that it is vague and ambiguous. Plaintiff also objects on the grounds that the facts presented are not supported by the referenced document. Plaintiff further objects on the grounds that the facts asserted are not relevant to the limited issue before this Court regarding the validity of Treas. Reg. § 1.752-6. Subject to and without waiver of said objections, Plaintiff agrees only that on November 16, 1999, Jerry Zucker and James Boyd signed engagement letters dated November 15, 1999, with Ernst & Young regarding a proposed COBRA transaction. Plaintiff denies that the sole purpose of the transactions at issue was to generate a tax loss.

31. Upon notification of the precise plan, J&G immediately formed the requisite entities for implementing this COBRA transaction. JZ Buckingham LLC and JGB Bohicket LLC were formed by J&G on behalf of Zucker and Boyd. J&G also formed the other requisite entities on their behalf, the partnership JBJZ Partners and JBJZ Investors Inc., a Subchapter S corporation. See Govt. App. A at pp.446-455,458-466, Govt. Exs. 35, 37-39.

**RESPONSE:**

Plaintiff objects to this proposed finding of fact on the grounds that the terms "precise plan," "requisite entities," "their" and "this COBRA transaction" are vague and ambiguous. Plaintiff further objects on the grounds that the formation of JBJZ Investors, Inc. is not relevant to the limited issue before this Court regarding the validity of Treas. Reg. § 1.752-6. Subject to and without waiving said objections, and as Plaintiffs stipulated in its Proposed Findings of Uncontroverted Fact, Plaintiffs agree that (i) JZ Buckingham Investments, LLC was formed as a limited liability company under Delaware law on November 16, 1999, *see* Plaintiff's Proposed

Findings of Uncontroverted Fact at Par. 1, (ii) JGB Bohicket Investments, LLC was formed as a limited liability company under Delaware law on November 16, 1999, *see* Plaintiff's Proposed Findings of Uncontroverted Fact at Par. 3, (iii) JZ Buckingham Investments, LLC and JGB Bohicket Investments, LLC formed JBJZ Partners, a South Carolina general partnership on November 16, 1999, *see* Plaintiff's Proposed Findings of Uncontroverted Fact at Par. 5, (iv) JBJZ Investors, Inc. was formed as a Delaware Corporation on November 16, 1999, and (v) JBJZ Investors, Inc. at all relevant times was classified as an S Corporation for federal income tax purposes.

32. The Zucker LLC purchased a call option on the Japanese yen on or about November 23, 1999, with a premium of $25,000,000 and a strike price of 106.19, and a payout of $50,000,000. At the same time, the Zucker LLC sold a call option with a premium of $23,750,000 with a strike price of 106.21 and a payout of $46,875,000. See Indicative Terms and Conditions for JZ Buckingham LLC and JGB Bohicket LLC, Govt. App. A at pp.477-482, Govt. Ex. 42.

**RESPONSE:**

Plaintiff objects to this proposed finding of fact on the grounds that the terms "Zucker LLC," "call option," and "payout" are vague and ambiguous. Subject to these objections, and as stipulated in Plaintiff's Proposed Findings of Uncontroverted Fact, on November 23, 1999, JZ Buckingham Investments, LLC entered into over-the-counter, non-publicly traded European-style foreign currency option positions with Deutsche Bank AG New York Branch. *See* Plaintiff's Proposed Findings of Uncontroverted Fact at Par. 8. Specifically, on November 23, 1999, JZ Buckingham Investments, LLC purchased – for a premium of $25,000,000.00 – a digital option on the Japanese Yen/U.S. Dollar exchange rate with a strike price at greater than or equal to Japanese Yen 106.19 per U.S. $1.00, a termination date of December 22, 1999, and a final exchange amount of $50,000,000.00. *See* Plaintiff's Proposed Findings of Uncontroverted Fact at Par. 8.a. Also on November 23, 1999, JZ Buckingham Investments, LLC sold – for a premium of $23,750,000.00 – a digital option on the Japanese Yen/U.S. Dollar exchange rate with a strike price at greater than or equal to Japanese Yen 106.21 per U.S. $1.00, a termination date of December 22, 1999, and a final exchange amount of $46,875,000.00. *See* Plaintiff's Proposed Findings of Uncontroverted Fact at Par. 8.f.

33. The Zucker LLC only paid $1,250,000, the difference of the premiums, to Deutsche Bank for this option pair which was 5% of the $25,000,000 premium for the long option. See Govt. App. A at pp.447 and 467-469, Govt. Exs.35 and 40 (wiring $3,150,000 to Zucker LLC on 11/23/99). See also Indicative Terms and Conditions for JZ Buckingham LLC and JGB Bohicket LL, Govt. App. A at pp.477-482, Govt. Ex. 42.

**RESPONSE:**

Plaintiff objects to this proposed finding of fact on the grounds that the terms "option pair," "the long option" and "Zucker LLC" are vague and ambiguous. Plaintiff also objects on the grounds that the facts asserted are not relevant to the limited issue before this Court regarding the validity of Treas. Reg. § 1.752-6. Plaintiff further objects on the grounds that the proposed finding of fact uses inflammatory and argumentative language. Plaintiff disputes any characterization of the digital options in this case as "pairs." Subject to and without waiver of said objections, Plaintiff agrees only that the mathematical difference between the premium paid on the long option and the premium received on the short option described in Plaintiff's response to No. 32 above is $1,250,000.

34. The Zucker LLC also purchased a put option on the Euro with a premium of $20,000,000, a strike price of 1.0123, and a payout of $40,000,000.

**RESPONSE:**

Plaintiff objects to this proposed finding of fact on the grounds that the terms "put option" and "Zucker LLC" are vague and ambiguous. Subject to and without waiving objections, and as stipulated in Plaintiff's Proposed Findings of Uncontroverted Fact, JZ Buckingham Investments, LLC purchased – for a premium of $20,000,000.00 – a digital option on the Euro/U.S. Dollar exchange rate with strike price at less than or equal to U.S. $1.0123 per Euro 1.00, a termination date of December 22, 1999, and a final exchange amount of $40,000,000.00. *See* Plaintiff's Proposed Findings of Uncontroverted Fact at Par. 8.b.

35. At the same time, the Zucker LLC sold a put option on the Euro for $19,000,000 with a strike price of 1.0121, and a payout of $37,500,000. *Id.*

**RESPONSE:**

Plaintiff objects to this proposed finding of fact on the grounds that the terms "put option," "Zucker LLC" and "payout" are vague and ambiguous. Subject to and without waiver of said objections, and as stipulated in Plaintiff's Proposed Findings of Uncontroverted Fact, JZ Buckingham Investments, LLC sold – for a premium of $19,000,000.00 – a digital option on the Euro/U.S Dollar exchange rate with a strike price at less than or equal to U.S. $1.0121 per Euro 1.00, a termination date of December 22, 1999, and a final exchange amount of $37,500,000.00. *See* Plaintiff's Proposed Findings of Uncontroverted Fact at Par. 8.e.

36. The Zucker LLC paid only $1,000,000, the difference in the premiums, to Deutsche Bank for this option pair, which again was 5% of the long option. *Id.*

**RESPONSE:**

Plaintiff objects to this proposed finding of fact on the grounds that the terms "Zucker LLC," "option pair" and "the long option" are vague and ambiguous. Plaintiff also objects on the grounds that the proposed finding of fact uses inflammatory and argumentative language. Plaintiff further object on the grounds that the facts asserted are not relevant to the limited issue before this Court regarding the validity of Treas. Reg. § 1.752-6. Subject to and without waiver of said objections, Plaintiff agrees only that the mathematical difference between the premium paid on the long option described in Plaintiff's response to No. 34 and the premium received on the short option described in Plaintiff's response to No. 35 above is $1,000,000. Plaintiff disputes any characterization of the digital options in this case as pairs.

37. Contemporaneously, the Boyd LLC purchased a put option on the Euro for $5,000,000 with a strike price of 1.0123 and a payout of $10,000,000. *Id*.

**RESPONSE:**

Plaintiff objects to this proposed finding of fact on the grounds that the terms "put option," "Boyd LLC" and "payout" are vague and ambiguous. Subject to and without waiving said objections, and as stipulated in Plaintiff's Proposed Findings of Uncontroverted Fact, JGB Bohicket Investments, LLC purchased – for a premium $5,000,000.00 – a digital option on the Euro/U.S. Dollar exchange rate with a strike price at less than or equal to U.S. $1.0123 per Euro 1.00, a termination date of December 22, 1999, and a final exchange amount of $10,000,000.00. *See* Plaintiff's Proposed Findings of Uncontroverted Fact at Par. 8.a.

38. At the same time, the Boyd LLC sold a put option on the Euro for a premium of $4,750,000, with a strike price of 1.0121 and a payout of $9,375,000. *ld*.

**RESPONSE:**

Plaintiff objects to this proposed finding of fact on the grounds that the terms "put option," "Boyd LLC" and "payout" are vague and ambiguous. Subject to and without waiving said objections, and as stipulated in Plaintiff's Proposed Findings of Uncontroverted Fact, JGB Bohicket Investments, LLC sold – for a premium of $4,750,000.00 – a digital option on the Euro/U.S Dollar exchange rate with a strike price at less than or equal to U.S. $1.0121 per Euro 1.00, a termination date of December 22, 1999, and a final exchange amount of $9,375,000.00. *See* Plaintiff's Proposed Findings of Uncontroverted Fact at Par. 8.d.

39. The Boyd LLC paid only $250,000, the difference in the premiums, to Deutsche Bank for this option pair, which again was 5% of the long option. Govt. App. A at pp.527-535,, Govt. Ex. 45.

**RESPONSE:**

Plaintiff objects to this proposed finding of fact on the grounds that the terms "Boyd LLC," "option pair," and "the long option" are vague and ambiguous. Plaintiff also objects on the grounds that the proposed finding of fact uses inflammatory and argumentative language. Plaintiff further objects to this proposed finding of fact to the extent that it is irrelevant to the question before the Court pertaining to the validity of Treasury Regulation §1.752-6. Plaintiff contends that this proposed finding of fact is unnecessary and immaterial to the resolution of any of the issues presented to the Court in this Motion. Subject to and without waiver of said objections, Plaintiff agrees only that the mathematical difference between the premium paid on the long option described in Plaintiff's response to No. 37 above and the premium received on the short option described in Plaintiff's response to No. 38 above is $250,000. Plaintiff diputes any characterization of the digital options in this case as pairs.

40. The exercise date for all three pairs of these options was in thirty days or December 22, 1999. See Govt. App. A at pp.447 and 467-469, Govt. Exs.35 and 40 (wiring $3,150,000 to Zucker LLC on 11/23/99). See also Indicative Terms and Conditions for JZ Buckingham LLC and JGB Bohicket LL, Govt. App. A at pp.477-482, Govt. Ex. 42.

**RESPONSE:**

Plaintiff objects to this proposed finding of fact on the grounds that it is vague and ambiguous. Specifically, the term "exercise date" and the phrase "all three pairs of these options" are undefined and confusing. Plaintiff also objects on the grounds that the proposed finding of fact uses inflammatory and argumentative language. Plaintiffs vehemently disputes any characterization of the digital options in the transactions at issue as a pair. Plaintiff further objects to this proposed finding of fact to the extent that it is irrelevant to the question before the Court pertaining to the validity of Treasury Regulation §1.752-6. Plaintiff contends that this proposed finding of fact is unnecessary and immaterial to the resolution of any of the issues presented to the Court in this Motion. Subject to and without waiving said objections, Plaintiff agrees only that the digital options described in Plaintiff's responses to paragraphs 32, 34, 35, 37 and 38 above each had a termination date of December 22, 1999. *See* Plaintiff's Proposed Findings of Uncontroverted Fact at Pars. 8.a., 8.b., 8.c., 8.d., 8.e., and 8.f.

41. The Zucker LLC transferred its two pairs of options, and $9,000,000 in cash to the Partnership. See Govt. App. A at pp.500-526, Govt. Ex. 44.

**RESPONSE:**

Plaintiff objects to this proposed finding of fact on the grounds that it is vague and ambiguous. Specifically, the terms "Zucker LLC," "Partnership" and the phrase "pairs of options" are vague and undefined. Plaintiff also objects on the grounds that the proposed finding of fact uses inflammatory and argumentative language. Plaintiff

denies any characterization of the digital options at issue as pairs. Plaintiff further objects to this proposed finding of fact that on the grounds that any partnership contributions other than the digital options are not relevant to the limited question before the Court pertaining to the validity of Treasury Regulation §1.752-6. Plaintiff contends that this aspect of the proposed finding of fact is unnecessary and immaterial to the resolution of any of the issues presented to the Court in this Motion. Subject to and without waiving said objections, and as stipulated in Plaintiff's Proposed Findings of Uncontroverted Fact, JZ Buckingham Investments, LLC contributed its digital options to the JBJZ Partners on November 24, 1999. *See* Plaintiff's Proposed Findings of Uncontroverted Fact at Par. 10.

42. The Boyd LLC transferred its option pair and $100,000 to the Partnership. See Govt. App. A at pp.500-526, Govt. Ex. 44.

**RESPONSE:**

Plaintiff objects to this proposed finding of fact on the grounds that the terms "the Boyd LLC," "Partnership" and "its option pair" are vague and ambiguous. Plaintiff also objects on the grounds that the proposed finding of fact uses inflammatory and argumentative language. Plaintiff vehemently denies any characterization of the digital options at issue as pairs. Plaintiff further objects to this proposed finding of fact on the grounds that partnership contributions other than the digital options are not relevant to the limited question before the Court pertaining to the validity of Treasury Regulation §1.752-6. Plaintiff contends that this aspect of the proposed finding of fact is unnecessary and immaterial to the resolution of any of the issues presented to the Court in this Motion. Subject to and without waiving said objections, and as stipulated in Plaintiff's Proposed Findings of Uncontroverted Fact, JGB Bohicket Investments, LLC contributed its digital options to JBJZ Partners on November 24, 1999. *See* Plaintiff's Proposed Findings of Uncontroverted Fact at Par. 10.

43. The Partnership held the options until their expiration on December 22, 1999. See Govt. App. A at pp.561-562, Govt. Ex. 50.

**RESPONSE:**

Plaintiff objects to this proposed finding of fact on the grounds that the terms "the Partnership," "the options" and "expiration" are vague and ambiguous. Plaintiff also objects to this proposed finding of fact to the extent that it is irrelevant to the question before the Court pertaining to the validity of Treasury Regulation §1.752-6. Subject to and without waiving said objections, Plaintiff agrees that from the time of the transfers described in Plaintiff's responses to Nos. 41 and 42 above, until the options terminated in accordance with their terms on December 22, 1999, JBJZ Partners' held such options.

44. The options on the Yen expired out of the money. See Govt. App. A at pp.561-562, Govt. Ex. 50.

**RESPONSE:**

Plaintiff objects to this proposed finding of fact on the grounds that the terms "the options" and "out of the money" are vague and ambiguous. Plaintiff also objects to this proposed finding of fact to the extent that it is irrelevant to the question before the Court pertaining to the validity of Treasury Regulation §1.752-6. Plaintiff contends that this proposed finding of fact is unnecessary and immaterial to the resolution of any of the issues presented to the Court in this Motion. Subject to and without waiving said objections, Plaintiff denies this proposed finding of fact. Plaintiff admits only that upon the expiration of the long option on the Japanese Yen described in Plaintiff's response to No. 32, JBJZ Partners had the right to receive $50,000,000; upon the expiration of the short option on the Japanese Yen as described therein, JBJZ had the obligation to pay $46,875,000.

45. The options on the Euro expired in the money. That is, both Zucker's long option and DB's short option on the Euro were entitled to receive the payout amounts, providing Zucker was a net payout of the difference. See Govt. App. A at pp.561-562, Govt. Ex. 50.

**RESPONSE:**

Plaintiff objects to this proposed finding of fact on the grounds that the terms "expired," "Zucker," "DB," "payout amounts," "Zucker's long option" and "DB's short option" are vague and ambiguous. Plaintiff also objects to this proposed finding of fact to the extent that it is irrelevant to the question before the Court pertaining to the validity of Treasury Regulation §1.752-6. Plaintiff contends that this proposed finding of fact is unnecessary and immaterial to the resolution of any of the issues presented to the Court in this Motion. Subject to and without waiving said objections, Plaintiff denies this proposed finding of fact.

46. The Partnership received a payout from Deutsche Bank on the Euro options in the amount of $3,125,000. See Govt. App. A at pp.561-562, Govt. Ex. 50.

**RESPONSE:**

Plaintiff objects to this proposed finding of fact on the grounds that the terms "Partnership," "the Euro options" and "payout" are vague and ambiguous. Plaintiff also objects to this proposed finding of fact to the extent that it is irrelevant to the question before the Court pertaining to the validity of Treasury Regulation §1.752-6. Plaintiff contends that this proposed finding of fact is unnecessary and immaterial to the resolution of any of the issues presented to the Court in this Motion. Subject to and without waiving said objections, Plaintiff denies this proposed finding of fact.

47. On December 7 and 8, 1999, Zucker and Boyd contributed 5,000 shares of Cisco stock to the S Corp. See Govt. App. A at pp.552-553, Govt. Ex. 48.

**RESPONSE:**

Plaintiff objects to this proposed finding of fact on the grounds that the terms "Zucker," "Boyd," "Cisco stock" and "the S Corp" are undefined and vague. Plaintiff also objects to this proposed finding of fact to the extent that it is irrelevant to the question before the Court pertaining to the validity of Treasury Regulation §1.752-6. Plaintiff contends that this proposed finding of fact is unnecessary and immaterial to the resolution of any of the issues presented to the Court in this Motion.

48. On December 22, 1999, realizing that they had transferred the Cisco stock to the wrong entity, the S Corp transferred the Cisco stock to the Partnership. See Govt. App. A at pp.552-553, Govt. Ex. 48.

**RESPONSE:**

Plaintiff objects to this proposed finding of fact on the grounds that the terms "Partnership," "Cisco Stock" and "S Corp" are vague and ambiguous. Plaintiff also objects to this proposed finding of fact to the extent that it is irrelevant to the question before the Court pertaining to the validity of Treasury Regulation §1.752-6. Plaintiff contends that this proposed finding of fact is unnecessary and immaterial to the resolution of any of the issues presented to the Court in this Motion.

49. On December 22, 1999, the Partnership purchased $600,000 worth of Canadian dollars. On December 23, 1999, the Partnership purchased an additional $172,500 worth of Canadian dollars.

**RESPONSE:**

Plaintiff objects to this proposed finding of fact on the grounds the term "the Partnership" is undefined and vague. Plaintiff also objects to this proposed finding of fact on the grounds that it is irrelevant to the question before the Court pertaining to the validity of Treasury Regulation §1.752-6. Plaintiff contends that this proposed finding of fact is unnecessary and immaterial to the resolution of any of the issues presented to the Court in this Motion.

51. On December 27, 1999, the Zucker LLC and the Boyd LLC contributed their interests in the Partnership to the S Corp., causing a technical termination of the Partnership for federal income tax purposes. See 1999 Form1065 of JBJZ Partners, Govt. Ex. 53.

**RESPONSE:**

Plaintiff objects to this proposed finding of fact on the grounds that the terms "Zucker LLC," "Boyd LLC," "Partnership" and "the S Corp" are undefined and vague. Plaintiff also objects to this proposed finding of fact to the extent that it is irrelevant to the question before the Court pertaining to the validity of Treasury Regulation

§1.752-6. Plaintiff contends that this proposed finding of fact is unnecessary and immaterial to the resolution of any of the issues presented to the Court in this Motion. Subject to and without waiving said objections, Plaintiff agrees only that, on December 27, 1999, (i) JZ Buckingham Investments, LLC's interest in JBJZ Partners was contributed to JBJZ Investors, Inc, and (ii) JGB Bohicket Investments, LLC's interest in JBJZ Partners was contributed to JBJZ Investors, Inc. Plaintiff also agrees that these contributions caused a technical termination of JBJZ Partners for federal income tax purposes.

52. On December 27, 1999, the Partnership was liquidated and its assets are distributed to the S Corp. See 1999 Form 1065 of JBJZ Partners, Govt. Ex. 53.

**RESPONSE:**

Plaintiff objects to this proposed finding of fact on the grounds that the terms "the Partnership" and "the S Corp." are vague and ambiguous. Plaintiff also objects to this proposed finding of fact to the extent that it is irrelevant to the question before the Court pertaining to the validity of Treasury Regulation §1.752-6. Plaintiff contends that this proposed finding of fact is unnecessary and immaterial to the resolution of any of the issues presented to the Court in this Motion. Subject to and without waiving said objections, and as stated in Plaintiff's Complaint for Readjustment of Partnership Items, Plaintiff only agrees that under 26 U.S.C. §6226, on December 27, 1999, JBJZ Partners was dissolved and liquidated because the partnership interests in JBJZ Partners were contributed to JBJZ Investors, Inc. Upon liquidation, the assets of the Partnership, comprised of 5,000 shares of Cisco Systems, Inc. and an investment in Canadian Currency, were distributed to JBJZ Investors, Inc.

53. The S Corp then proceeds to sell the non-cash assets received from the Partnership.

**RESPONSE:**

Plaintiff objects to this proposed finding of fact on the grounds that the terms "the Partnership," "the S Corp," and "the non-cash assets" are undefined and vague. Plaintiff also objects to this proposed finding of fact to the extent that it is irrelevant to the question before the Court pertaining to the validity of Treasury Regulation §1.752-6. Plaintiff contends that this proposed finding of fact is unnecessary and immaterial to the resolution of any of the issues presented to the Court in this Motion. Subject to and without waiving said objections, and as stated in Plaintiff's Complaint for Readjustment of Partnership Items, Plaintiff agrees only that under 26 U.S.C. §6226, JBJZ Investors, Inc. sold all of its investments in the Canadian Currency and the shares of Cisco Systems, Inc. on December 28, 1999.

54. On December 28, 1999, the S Corp sold all 5,000 shares of its Cisco stock at $105.95 per share. See Form 1120S of JBJZ Investors, Inc., Govt. Ex. 54.

**RESPONSE:**

Plaintiff objects to this proposed finding of fact on the grounds that the terms "the S Corp." and "Cisco stock" are undefined and vague. Plaintiff also objects to this proposed finding of fact to the extent that it is irrelevant to the question before the Court pertaining to the validity of Treasury Regulation §1.752-6. Plaintiff contends that this proposed finding of fact is unnecessary and immaterial to the resolution of any of the issues presented to the Court in this Motion. Subject to and without waiving said objections, Plaintiff refers to its Response to No. 53 immediately above.

55. The proceeds from the sale were $529,729.34. See Form 1120S of JBJZ Investors, Inc., Govt. Ex. 54.

**RESPONSE:**

Plaintiff objects to this proposed finding of fact on the grounds that the term "the sale" is undefined and vague. Specifically, is undefined and confusing. Plaintiff also objects to this proposed finding of fact to the extent that it is irrelevant to the question before the Court pertaining to the validity of Treasury Regulation §1.752-6. Plaintiff contends that this proposed finding of fact is unnecessary and immaterial to the resolution of any of the issues presented to the Court in this Motion. Subject to and without waiving said objections, Plaintiff agrees that the collective amount realized on JBJZ Investors Inc.'s sale of Cisco stock during tax year 1999 was equal to $529,729.

56. On December 28, the S Corp sold all of its Canadian dollars. See. Form 1120S of JBJZ Investors, Inc., Govt. Ex. 54.

**RESPONSE:**

Plaintiff objects to this proposed finding of fact on the grounds that the terms "the S Corp" and "Canadian dollars" are vague and ambiguous. Plaintiff also objects on the grounds that the facts asserted are not relevant to the limited issue before this Court regarding the validity of Treas. Reg. § 1.752-6. Subject to and without waiving these objections, Plaintiff refers to its Response to No. 53 above.

57. The proceeds on the foreign currency sale were $ 778,407.35. See Form 1120S of JBJZ Investors, Inc., Govt. Ex. 54

**RESPONSE:**

Plaintiff objects to this proposed finding of fact on the grounds that the terms "the proceeds" and "the foreign currency sale" are vague and ambiguous. Plaintiff also objects on the grounds that the facts asserted are not relevant to the limited issue before this Court regarding the validity of Treas. Reg. § 1.752-6. Subject to and

without waiving these objections, Plaintiff agrees only that the amount realized on JBJZ Investors, Inc.'s sale of its Canadian currency during tax year 1999 was equal to $778,407.

58. The taxpayers paid a fee of $750,000 to E&Y, which was 1.5% of their desired loss of $50,000,000, and legal fees totaling $1,500,000 equal to 3% of their desired loss of $50,000,000. See E&Y Engagement letters dated November 15, 1999, Govt. App. A at 446-445, Govt. Ex. 35, Revised Legal Fee Allocation Ernst & Young Transactions, Govt. App. A at 279-282, Govt. Ex. 14.

**RESPONSE:**

Plaintiff objects to this proposed finding of fact on the grounds that the term "desired loss" is vague and argumentative. Plaintiff notes that the use of such inflammatory language is inappropriate in a proposed finding of fact. Plaintiff also objects on the grounds that the facts asserted are not relevant to the limited issue before this Court regarding the validity of Treas. Reg. § 1.752-6. Subject to and without waiving these objections, Plaintiff agrees only that the parties paid professional fees in connection with their participation in the transactions at issue to (1) Ernst & Young in the aggregate amount of $ 750,000, (2) Jenkens & Gilchrest in the aggregate amount of $ 1,440,000, and (3) Brown and Wood in the aggregate amount $ 60,000.

59. J&G was paid a fee of $1,440,000, of which $1,400,000 was paid by JBJZ Investors, Inc. by wire on December 29, 1999, with the balance of $40,000.00 separately invoiced and paid in 2000. B&W separately invoiced and was paid a fee of $60,000. See Revised Legal Fee Allocation Ernst & Young Transactions, Govt. App. A at 279-282, Govt. Ex. 14. See also Govt. App. A at 563-564, Govt. Ex. 51.

**RESPONSE:**

Plaintiff objects to this proposed finding of fact on the grounds that it is vague and ambiguous. It lacks any detail surrounding the alleged invoicing and payment and does not define the term "desired loss." Plaintiff also objects that the term "desired loss" is argumentative, and notes that use of such inflammatory language is inappropriate in a proposed finding of fact. Plaintiff further objects on the grounds that the facts asserted are not relevant to the limited issue before this Court regarding the validity of Treas. Reg. § 1.752-6. Subject to and without waiving said objections, Plaintiff refers to its response to paragraph no. 59 immediately above.

60. As a result of these fees and transaction costs, without the desired tax losses from the COBRA transaction, the taxpayers lost substantial amount of money on the COBRA transaction. See Govt. App. A at pp.561-562, Govt. Ex. 50 ($3.25MM payoff less $2.5MM net premium = $675,000 net proceeds from DB); Revised Legal Fee Allocation Ernst & Young Transactions, Govt. App. A at 279-282, Govt. Ex. 14 (less legal fees equal to 3% of $50MM = -$2.5MM); E&Y Engagement letters dated November 15, 1999, Govt. App. A at 446-445, Govt. Ex. 35 (less 1.5% of $50MM = -$750,000

**RESPONSE:**

Plaintiff objects to this proposed finding of fact on the grounds that the terms "desired tax losses," "these fees," "transaction costs," "COBRA transaction," "payoff," "net premium," "net proceeds," and "legal fees" are vague and ambiguous. Plaintiff also objects on the grounds that the finding is vague and ambiguous in its attempt to reflect a series of unexplained and unintelligible calculations of various amounts.

Plaintiff further object to this proposed finding of fact on the grounds that its use of the term "desired tax losses" is argumentative and is inappropriate in a proposed finding of fact. Furthermore, Plaintiff objects on the grounds that the facts asserted are not relevant to the limited issue before this Court regarding the validity of Treas. Reg. § 1.752-6. Subject to and without waiving said objections, Plaintiff agrees only that the JBJZ Partners recognized a collective gain on the termination of the foreign currency digital options described above in paragraphs 32, 34, 35, 37, & 38 in the amount of $625,000. Plaintiff also only agrees the parties incurred and paid professional fees in the amounts described in response to paragraph 58 above. Plaintiff disputes that the professional fees incurred in connection with the transactions at issue should be considered in determining any overall profit or loss on the transactions.

61. Taxpayers claimed a combined outside basis in the Partnership of $52,907,725 at the time that they contributed their respective partnership interests to the S Corporation. See 1999 Form 1065 of JBJZ Partners, Govt. Ex. 53

**RESPONSE:**

Plaintiff objects to this proposed finding of fact on the grounds that the terms "the Partnership," "the S Corporation," and "combined outside basis" are vague and ambiguous. Plaintiff also objects on the grounds that facts presented are not supported by the reference document. Plaintiff further object on the grounds that the facts asserted are not relevant to the limited issue before this Court regarding the validity of Treas. Reg. § 1.752-6. The only material fact relevant to this issue is that the taxpayers did not reduce their adjusted basis in their partnership interests in JBJZ Partners upon the contribution of the short options to JBJZ Partners. As previously stipulated, Plaintiff agrees only that the taxpayers did not do so. See Plaintiff's Statement of Uncontroverted Facts at ¶ 10(a) – (c).

62. This claimed basis consisted almost entirely of the $50,000,000 purported price of the long digital options on the Euro and the Yen. See 1999 Form 1065 of JBJZ Partners, Govt. Ex. 53.

**RESPONSE:**

Plaintiff objects to this proposed finding of fact on the grounds that the terms "this claimed basis," "almost entirely," and "the long digital options on the Euro and the Yen" are vague and ambiguous. Plaintiff further objects on the grounds that the facts

asserted are not relevant to the limited issue before this Court regarding the validity of Treas. Reg. § 1.752-6. The only material fact relevant to this issue is that the taxpayers did not reduce their adjusted basis in their partnership interests in JBJZ Partners upon the contribution of the short options to JBJZ Partners. As previously stipulated, Plaintiff agrees only that the taxpayers did not do so. See Plaintiff's Statement of Uncontroverted Facts at ¶ 10(a) – (c). Subject to and without waiving the foregoing objections, Plaintiff agrees only that the partners of JBJZ Partners increased their adjusted basis in their partnership interests by their basis in the long options upon the contribution of such options to the partnership on November 24, 1999. See Plaintiff's Statement of Uncontroverted Facts at ¶ 8(a) – (c) & ¶10.

63. The Partnership did not reduce this basis by the offsetting short options. See 1999 Form 1065 of JBJZ Partners, Govt. Ex. 53.

**RESPONSE:**

Plaintiff objects to this proposed finding of fact on the grounds that the terms "the Partnership," "this basis," and "the offsetting short options" are vague and ambiguous. Plaintiff also objects on the grounds that facts presented are not supported by the reference document. Plaintiff further object to this proposed finding of fact on the grounds that its use of the term "offsetting short options" is vague and argumentative and is inappropriate in a proposed finding of fact. Plaintiff vehemently disputes any characterization of the options involved in the transactions at issue "offsetting." Subject to and without waiving said objections, Plaintiff refers to Plaintiff's Statement of Uncontroverted Facts at ¶ 10(a) – (c).

64. The basis was increased by contributions of cash and income from the options, as well as capitalization of the fees paid to E&Y. See 1999 Form 1065 of JBJZ Partners, Govt. Ex. 53.

**RESPONSE:**

Plaintiff objects to this proposed finding of fact on the grounds that the terms "the basis," "the options," "contributions of cash," and "the fees paid to E&Y," are vague and ambiguous. Plaintiff also objects on the grounds that facts presented are not supported by the reference document. Plaintiff further object on the grounds that the facts asserted are not relevant to the limited issue before this Court regarding the validity of Treas. Reg. § 1.752-6. The only material fact relevant to this issue is that the taxpayers did not reduce their adjusted basis in their partnership interests in JBJZ Partners upon the contribution of the short options to JBJZ Partners. As previously stipulated, Plaintiff refers to Plaintiff's Statement of Uncontroverted Facts at ¶ 10(a) – (c).

65. Various smaller transactions also altered the basis to a small extent. See 1999 Form 1065 of JBJZ Partners, Govt. Ex. 53.

**RESPONSE:**

Plaintiff objects to this proposed finding of fact on the grounds that the terms "various smaller transactions," "the basis," "small," and "smaller" are vague and ambiguous. Plaintiff also objects on the grounds that facts presented are not supported by the reference document. Plaintiff further object on the grounds that the facts asserted are not relevant to the limited issue before this Court regarding the validity of Treas. Reg. § 1.752-6.

66. On the termination of the Partnership, taxpayers claim that the basis in the Cisco stock and Canadian currency distributed to the S Corporation took on the same basis as their outside basis in the Partnership. See Form 1120S of JBJZ Investors, Inc., Govt. Ex. 54.

**RESPONSE:**

Plaintiff objects to this proposed finding of fact on the grounds that the terms "the Partnership," "the Cisco Stock," "Canadian currency," and "the S Corporation" are vague and ambiguous. Plaintiff further object on the grounds that the facts asserted are not relevant to the limited issue before this Court regarding the validity of Treas. Reg. § 1.752-6. The only material fact relevant to this issue is that the taxpayers did not reduce their adjusted basis in their partnership interests in JBJZ Partners upon the contribution of the short options to JBJZ Partners. As previously stipulated, Plaintiff agrees only that the taxpayers did not do so. See Plaintiff's Statement of Uncontroverted Facts at ¶ 10(a) – (c).

67. The taxpayers claim that their aggregate tax basis of the assets in the S Corp was $50,952,250. See Form 1120S of JBJZ Investors, Inc., Govt. Ex. 54.

**RESPONSE:**

Plaintiff objects to this proposed finding of fact on the grounds that the term "the S Corp" is vague and ambiguous. Plaintiff further object on the grounds that the facts asserted are not relevant to the limited issue before this Court regarding the validity of Treas. Reg. § 1.752-6. The only material fact relevant to this issue is that the taxpayers did not reduce their adjusted basis in their partnership interests in JBJZ Partners upon the contribution of the short options to JBJZ Partners. As previously stipulated, Plaintiff agrees only that the taxpayers did not do so. See Plaintiff's Statement of Uncontroverted Facts at ¶ 10(a) – (c).

68. This consisted of the $52,907,725 basis in their partnership interests plus $1,400,000 which they paid to J&G, less over $3 million in cash disbursements. See Form 1120S of JBJZ Investors, Inc., Govt. Ex. 54.

**RESPONSE:**

Plaintiff objects to this proposed finding of fact on the grounds that the terms "This," "they," and "their" are vague and ambiguous. Plaintiff further object on the grounds that the facts asserted are not relevant to the limited issue before this Court regarding the validity of Treas. Reg. § 1.752-6. The only material fact relevant to this issue is that the taxpayers did not reduce their adjusted basis in their partnership interests in JBJZ Partners upon the contribution of the short options to JBJZ Partners. As previously stipulated, Plaintiff agrees only that the taxpayers did not do so. See Plaintiff's Statement of Uncontroverted Facts at ¶ 10(a) – (c).

69. On its Form 1120 S for its 1999 tax year, the S Corporation reported $49,644,114 in ordinary and capital losses from the sale of the Cisco stock and Canadian currency. See Form 1120S of JBJZ Investors, Inc., Govt. Ex. 54.

**RESPONSE:**

Plaintiff objects to this proposed finding of fact on the grounds that the terms "the S Corporation," and "the Cisco stock," are vague and ambiguous. Plaintiff further objects on the grounds that the proposed fact is not relevant to the limited issue before the court regarding the validity of Treas. Reg. § 1.752-6. Subject to and without waiving said objections, Plaintiff agrees only that on its Form 1120S for its 1999 tax year, JBJZ Investors, Inc. reported: (1) a short term capital loss of $29,446,675 from the sale of Canadian currency, (2) a short term capital loss of $2,019,744 from the sale of Cisco stock held for less than a year, and (3) a long term capital loss of $18,177,695 from the sale of Cisco stock held for over a year.

70. This consisted of an ordinary loss of $29,446,675 from the sale of the Canadian currency, a short term capital loss of $2,019,106 from the sale of the Cisco stock held for less than a year, and a long term capital loss of $18,177,695 from the sale of Cisco stock held for over a year. See Form 1120S of JBJZ Investors, Inc., Govt. Ex. 54

**RESPONSE:**

Plaintiff objects to this proposed finding of fact on the grounds that the terms "this" and "the Cisco stock" are vague and ambiguous. Plaintiff also objects on the grounds that facts presented are not supported by the reference document. Subject to and without waiving said objections, Plaintiff refers to its response to No. 69 immediately above.

71. On their respective 1999 Form 1040s, Zucker and Boyd, as the stockholders of the S Corporation, reported their pro rata shares of the $29,446,675 in ordinary loss from the sale of the Canadian currency. See 1999 Forms 1040, Govt. Exs. 55 and 57.

**RESPONSE:**

Plaintiff objects to this proposed finding of fact on the grounds that the terms "Zucker", "Boyd", "the S Corporation" and "pro rata shares" are vague and ambiguous. Plaintiff further objects on the grounds that the proposed fact is not relevant to the limited issue before the court regarding the validity of Treas. Reg. § 1.752-6. Subject to and without waiving said objections, Plaintiff agrees only that: (1) Jerry Zucker reported an ordinary loss of $26,502,007 from JBJZ Investors, Inc. on Schedule E of his Form 1040 for tax year 1999; and (2) James Boyd reported an ordinary loss of $2,944,668 from JBJZ Investors, Inc. on Schedule E of his Form 1040 for tax year 1999.

72. Boyd, on his 1999 Form 1040, claimed the entire amount of his allocable loss of $2,019,106 from the S-Corporation's sale of Cisco stock as a short term capital loss. See Boyd 1999 Forms 1040, Govt. Exs. 55.

**RESPONSE:**

Plaintiff objects to this proposed finding of fact on the grounds that the terms "Boyd", "the S-Corporation," "Cisco stock," and "allocable loss" are vague and ambiguous. Plaintiff further objects on the grounds that the proposed fact is not relevant to the limited issue before the court regarding the validity of Treas. Reg. § 1.752-6. Subject to and without waiving said objections, Plaintiff refers to its response to No. 71 above.

73. Zucker, on his 1999 Form 1040, claimed the entire amount of his allocable loss of $18,177,695 from the S-Corporation's sale of Cisco stock as a long term capital loss. See Boyd 1999 Forms 1040, Govt. Exs. 57.

**RESPONSE:**

Plaintiff objects to this proposed finding of fact on the grounds that the terms the "Zucker", "the S-Corporation," "Cisco stock," and "allocable loss" are vague and ambiguous. Plaintiff further objects on the grounds that the proposed fact is not relevant to the limited issue before the court regarding the validity of Treas. Reg. § 1.752-6. Subject to and without waiving said objections, Plaintiff refers to its response to No. 71 above.

Respectfully submitted,

By: s/Joel N. Crouch
Joel N. Crouch
Texas State Bar No. 05144220

MEADOWS, COLLIER, REED,
COUSINS & BLAU, L.L.P.
901 Main Street, Suite 3700
Dallas, TX 75202
(214) 744-3700 Telephone
(214) 747-3732 Facsimile

jcrouch@meadowscollier.com

ATTORNEY FOR PLAINTIFF

**CERTIFICATE OF SERVICE**

I hereby certify that on May 16, 2008, a copy of the foregoing Response to the United States' Proposed Findings of Fact and Conclusions of Law was served upon counsel listed below via electronic means.

Dennis Donahue
John Lindquist
David M. Steiner
United States Department of Justice
Tax Division
P.O. Box 55 Ben Franklin Station
Washington, D.C. 20044

Joseph Pitzinger, Esq.
Jonathan Blacker, Esq.
United States Department of Justice
Tax Division
717 North Harwood
Suite 400
Dallas, Texas 75201

***Attorneys for the United States***

s/Joel N. Crouch
Joel N.Crouch