**IN THE UNITED STATES COURT OF FEDERAL CLAIMS**

| | | |
|---|---|---|
| **JZ Buckingham Investments LLC as Tax Matters Partner of JBJZ Partners, a South Carolina general partnership,** | § | |
| | § | **CASE NO. 05-231 T** |
| **Plaintiff,** | § | **Chief Judge Edward J. Damich** |
| **v.** | § | |
| **United States of America,** | § | |
| **Defendant.** | § | |

**PLAINTIFF'S OPPOSITION TO UNITED STATES' MOTION FOR LEAVE TO FILE SUR-REPLY**

The Government moved this Court for leave to file a sur-reply to Plaintiff's reply in support of its motion for partial summary judgment on the validity of Treas. Reg. § 1.752-6.

The gravamen of the Government's motion is that it must be allowed to comment on the recent court decisions of *Sala* and *Kornman*.[1] In *Sala*, the court validated a so-called Notice 2000-44 transaction involving foreign currency options, and in doing so struck down Treas. Reg. § 1.752-6 (the Regulation).[2] *Kornman* involved a Son-of-Boss transaction, and while it ruled against the taxpayer, it never addressed the issue of the validity of the Regulation.[3]

The Government is frantic to spin the *Sala* decision and with good reason: the *Sala* Court invalidated the Regulation based on the *identical* arguments, and same impartial facts, that Plaintiff relies on here.

The court held that the Regulation failed to satisfy any of the exceptions to the statutory bar against retroactive regulation under I.R.C. § 7805.[4] The court found that the legislative-grant exception was not satisfied because the Regulation exceeded Congress' alleged grant of authority

---

[1] *Sala v. U.S.*, 2008 WL 1836693 (D.Colo. 2008); *Kornman & Assoc. Inc. v. U.S.*, 2008 WL 2009848 (5th Cir. 2008).
[2] *Sala*, 2008 WL 1836693 at *31-32.
[3] *Kornman*, 2008 WL 2009848 at *16.
[4] *Sala*, 2008 WL 1836693 at * 31.

in Section 309 of the 2000 Tax Act.[5] That grant called for rules "comparable" to those set forth in I.R.C. § 358(h) to address loss "acceleration and duplication" arising from the assumption of "liabilities described in Section 358(h)(3)."[6] The court found that the Regulation accomplished none of these objectives: (1) its rules are not "comparable" to I.R.C. § 358(h) because the Regulation altered § 358's definition of "liability" by carving out an exception for Notice 2000-44 transactions,[7] (2) it does not address the "acceleration and depreciation" of losses because the transactions described in Notice 2000-44 do not involve accelerated or duplicated losses,[8] and (3) it does not apply to "liabilities described in section 358(h)(3)" because that section is limited to *corporate* transactions.[9] The *Sala* Court also found that the anti-abuse exception was not met because the Regulation did not prevent the "abuse of the statute" (i.e., I.R.C. § 358(h)-type abuses); rather, it was an obvious attempt to bootstrap the Government's litigating position in Son of Boss cases.[10] It expressly rejected the Government's commonly-plead defense that "abuse is patent in Son of Boss Transactions."

The mere fact that *Sala* rejected the Government's theories in this case does not render the opinion unclear or confusing. Rather, *Sala* (and *Kornman*) speak for themselves, and the Government's effort to conjure the need for explanation is unavailing:

- The Government contends that *Sala* is a newly-raised issue that requires a full response.[11] At the risk of stating the obvious, a court decision is <u>not</u> a new issue. *Standard Federal Bank* (cited by the Government[12]) dovetails with this conclusion, as the court in that case granted leave to file a sur-reply because there

---

[5] *Id*. at * 26-28.
[6] Community Renewal Tax Relief Act of 2000, Pub. L. 106-554, § 309(c), 114 Stat. 2763, 2763A-638 (2000) ("The Secretary of the Treasury or his Delegate – (1) shall prescribe rules which provide appropriate adjustments under subchapter K of chapter 1 of the Internal Revenue Code of 1986 to prevent the acceleration or duplication of losses through the assumption of (or transfer of assets subject to) liabilities described in section 358(h)(3) of such Code").
[7] *Sala* at *27.
[8] *Id.*
[9] *Id.* at *28
[10] *Id.*
[11] U.S. Mot. at iii, ¶ 9.
[12] *Id*.

were "*factual contentions* and *legal issue*s newly raised in defendant's reply brief."[13] Here, Plaintiff's reply raises no new factual contentions or legal theories challenging the Regulation.

- The Government also claims that this Court could benefit from its analysis, and previews its critique of *Sala*.[14] It challenges the *Sala* Court's reading of Section 309 of the 2000 Act, arguing that Section 309 authorized rules for liabilities described in Section 358(h), not just liabilities to which Section 358(h) applies.[15] This contention, however, is a regurgitated argument from the Government's Opposition.[16] While the Government may wish to rehash all of its arguments in an attempt to distract from *Sala*, such an exercise offers nothing of value to this Court.

- Regarding *Kornman*, the court never addressed the validity of the Regulation; rather, it found that the obligation at issue was a partnership liability under the statute.[17] The court unequivocally held that it "express[es] no opinion on the other issues raised by the parties."[18] The Government freely admits this fact, but persists that *Kornman* has relevance here.[19] The idea that a court decision that ignores the Regulation can somehow be relevant to this Court's determination regarding the validity of the Regulation is nonsensical.

- The Government also sensationalizes *Kornman*'s observation of the differing opinions on the level of deference afforded to Treasury regulations.[20] The *Kornman* court, however, never reached the deference issue.[21] The Government does not dispute this fact, but nevertheless claims that the court's *non*-discussion and *non*-decision on deference somehow necessitates a response.[22] This melodramatic plea is likewise senseless and should be summarily rejected.

In summary, *Sala* is not a new issue, and the Government's desire to lay its tired arguments on top of it does not justify a sur-reply. Further, *Kornman* never addressed the Regulation, and thus has no conceivable relevance to the limited issue before this Court. Accordingly, any information that the Government would offer in a sur-reply would be superfluous. For these reasons, this Court should deny the Government's Motion.

---

[13] *Standard Federal Bank v. United States*, 51 Fed. Cl. 695,701 (2002).
[14] U.S. Mot. at iii, ¶ 10.
[15] *Id*.
[16] Opposition at 29, note 75.
[17] *Kornman*, 2008 WL 2009848 at *16.
[18] *Id*.
[19] U.S. Mot. at v., ¶ 13.
[20] Id. at ¶ 12.
[21] *Kornman*, 2008 WL 2009848 at *9, note 10.
[22] U.S. Mot. at v., ¶ 12.

Respectfully submitted,

By: s/Joel N. Crouch
Joel N. Crouch
Texas State Bar No. 05144220

MEADOWS, COLLIER, REED,
COUSINS & BLAU, L.L.P.
901 Main Street, Suite 3700
Dallas, TX 75202
(214) 744-3700 Telephone
(214) 747-3732 Facsimile

jcrouch@meadowscollier.com

ATTORNEYS FOR PLAINTIFF

**CERTIFICATE OF SERVICE**

I hereby certify that on May 29, 2008, a copy of the foregoing Opposition was served upon counsel listed below via electronic means.

Dennis Donahue
John Lindquist
David M. Steiner
United States Department of Justice
Tax Division
P.O. Box 55 Ben Franklin Station
Washington, D.C. 20044

Joseph Pitzinger, Esq.
Jonathan Blacker, Esq.
United States Department of Justice
Tax Division
717 North Harwood
Suite 400
Dallas, Texas 75201

***Attorneys for the United States***

s/Joel N. Crouch
Joel N. Crouch