OAO88 (Rev. 1/94) SUBPOENA

Issued by the

# UNITED STATES COURT OF FEDERAL CLAIMS

JZ Buckingham Investments LLC as Tax Matters Partner of JBJZ Partners, a South Carolina general partnership

**SUBPOENA**

V.

United States of America

Case Number:[1] **05-231 T**

TO: **JENKENS & GILCHRIST (as more fully defined in Exhibit A attached hereto)**

☐ YOU ARE COMMANDED to appear in the United States District court at the place, date, and time specified below to testify in the above case

| PLACE OF TESTIMONY | COURTROOM |
|---|---|
| | DATE AND TIME |

X YOU ARE COMMANDED to appear at the place, date, and time specified below to testify at the taking of a deposition in the above referenced case.

| PLACE OF DEPOSITION | DATE AND TIME |
|---|---|
| **Meadows, Collier, Reed, Cousins & Blau, 901 Main Street #3700, Dallas, TX 75202** | **May 18, 2007 at 9:00 a.m.** |

X YOU ARE COMMANDED to produce and permit inspection and copying of the following documents or objects at the place, date and time specified below.

**See Attached.**

| PLACE | DATE AND TIME |
|---|---|
| | |

☐ YOU ARE COMMANDED to permit inspection of the following premises at the date and time specified below

| PREMISES | DATE AND TIME |
|---|---|
| | |

Any organization not a party to this suit that is subpoenaed for the taking of a deposition shall designate one or more officers, directors, or managing agents, or other persons who consent to testify on its behalf, and may set forth, for each person designated, the matters on which the person will testify Federal Rules of Civil Procedure, 30(b)(6)

| ISSUING OFFICER'S SIGNATURE AND TITLE (INDICATE IF ATTORNEY FOR PLAINTIFF OR DEFENDANT) | | DATE |
|---|---|---|
| [signature] | Attorney for Plaintiffs | 4.25.07 |

ISSUING OFFICER'S NAME. ADDRESS AND PHONE NUMBER
Joel N Crouch, Esq
901 Main Street, Suite 3700, Dallas, TX 75248
(214) 744-3700

[1] If action is pending in district other than district of issuance. state district under case number

AO88 (Rev 1/94) SUBPOENA

## PROOF OF SERVICE

DATE PLACE

SERVED

SERVED ON (PRINT NAME) MANNER OF SERVICE

SERVED BY (PRINT NAME) TITLE

## DECLARATION OF SERVER

I declare under penalty of perjury under the laws of the United States of America that the foregoing information contained in the Proof of Service is true and correct.

Executed on ____________________
DATE

____________________
SIGNATURE OF SERVER

____________________
ADDRESS OF SERVER

____________________

RCFC 45

(c) PROTECTION OF PERSONS SUBJECT TO SUBPOENAS

(1) A party or an attorney responsible for the issuance and service of a subpoena shall take reasonable steps to avoid imposing undue burden or expense on a person subject to that subpoena The court on behalf of which the subpoena was issued shall enforce this duty and impose upon the party or attorney in breach of this duty an appropriate sanction which may include but is not limited to lost earnings and reasonable attorney's fee

(2) (A) A person commanded to produce and permit inspection and copying of designated books papers documents or tangible things, or inspection of premises need not appear in person at the place of production or inspection unless commanded to appear for deposition, hearing or trial

(B) Subject to paragraph (d) (2) of this rule a person commanded to produce and permit inspection and copying may within 14 days after service of subpoena or before the time specified for compliance if such time is less than 14 days after service, serve upon the party or attorney designated in the subpoena written objection to inspection or copying of any or all of the designated materials or of the premises If objection is made, the party serving the subpoena shall not be entitled to inspect and copy materials or inspect the premises except pursuant to an order of the court by which the subpoena was issued If objection has been made the party serving the subpoena may, upon notice to the person commanded to produce move at any time for an order to compel the production. Such an order to comply production shall protect any person who is not a party or an officer of a party from significant expense resulting from the inspection and copying commanded

(3) (A) On timely motion the court by which a subpoena was issued shall quash or modify the subpoena if it

(i) fails to allow reasonable time for compliance
(ii) requires a person who is not a party or an officer of a party to travel to a place more than 100 miles from the place where that person resides is employed or regularly transacts business in person, except that subject to the provisions of clause (c) (3) (B) (iii) of this rule, such a person may in order to attend trial be commanded to travel from any such place within the state in which the trial is held, or
(iii) requires disclosure of privileged or other protected matter and no exception or waiver applies, or
(iv) subjects a person to undue burden

(B) If a subpoena

(i) requires disclosure of a trade secret or other confidential research development or commercial information or
(ii) requires disclosure of an unretained expert's opinion or information not describing specific events or occurrences in dispute and resulting from the expert's study made not at the request of any party or
(iii) requires a person who is not a party or an officer of a party to incur substantial expense to travel more than 100 miles to attend trial the court may, to protect a person subject to or affected by the subpoena quash or modify the subpoena, or if the party in who behalf the subpoena is issued shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship and assures that the person to whom the subpoena is addressed will be reasonably compensated the court may order appearance or production only upon specified conditions

(d) DUTIES IN RESPONDING TO SUBPOENA.

(1) A person responding to a subpoena to produce documents shall produce them as they are kept in the usual course of business or shall organize and label them to correspond with the categories in the demand

(2) When information subject to a subpoena is withheld on a claim that it is privileged or subject to protection as trial preparation materials the claim shall be made expressly and shall be supported by a description of the nature of the documents communications or things not produced that is sufficient to enable the demanding party to contest the claim

**Exhibit A**

THIS SUBPOENA NAMES JENKENS & GILCHRIST[1], AS THE DEPONENT.

1. Pursuant to Rule 30(b)(6) of the Rules of the Court of Federal Claims, JENKENS & GILCHRIST is directed to designate a person or persons to testify on its behalf regarding any or all transactions described in Internal Revenue Service ("IRS") Notice 2000-44, including but not limited to, transactions known as COBRA. Specifically, the designated person or persons is directed to testify as to matters, which include, but may not be limited to:
   a. JENKENS & GILCHRIST's settlement or closing agreement referenced in IRS News Release (IR-2007-71) regarding Jenkens & Gilchrist's agreement to a $76 million tax penalty for promoting tax shelters.
   b. The IRS' legal and factual position regarding whether each of the sold and purchased digital options contracts at issue in the penalty described above are a single option or investment; whether for purposes of determining the "aggregate amount invested" under I.R.C. §6707, the IRS' position is that each of the sold and purchased digital option contracts is a separate option or investment rather than a single option or investment; and whether for purposes of computing the tax shelter ratio under I.R.C. §6111 (in effect prior to 2004) the IRS' position is that each sold and purchased digital option contract is a single option or investment rather than separate options or investments This includes the Internal Revenue Service's position regarding the penalty, as expressed orally, in writing, or computationally.

[1] JENKENS & GILCHRIST is defined herein to include Jenkens & Gilchrist, a Professional Corporation, a Texas professional corporation (EIN 75-2204006), ("J&G Texas"); Jenkens & Gilchrist, a Professional Corporation, an Illinois professional corporation (EIN 36-426-3272) ("J&G Illinois"); Jenkens & Gilchrist LLP (EIN 95-4775690) ("J&G California"); Jenkens & Gilchrist Parker Chapin, LLP (EIN 13-4148545) ("J&G New York"); and JGPC Incorporated ("JGPC Inc") (EIN: 20-8614033)

c. Whether the IRS assessed or threatened to assess or provided computations of a potential penalty under § 6707 prior to JENKENS & GILCHRIST's agreement to any settlement or closing agreement.

d. The IRS' position as to whether the penalty under § 6707 could be challenged administratively or in court prior to its payment

e. Whether JENKENS & GILCHRIST concluded that it had to pay any penalty assessed under § 6707 prior to challenging it in court.

Plaintiff requests that JENKENS & GILCHRIST provide to Plaintiff at least seven (7) days before the date of the deposition (1) the names and titles of the persons it will designate to give testimony and (2) summaries of the areas in which each designated person will give testimony.

2. Pursuant to Rule 45 of the Rules of the Court of Federal Claims, JENKENS & GILCHRIST is commanded to produce and to permit inspection and copying of all non-privileged documents, communications, or both relating to the matters listed in paragraph 1.

a. Please produce the documents in accordance with the following instructions:

i. The documents sought by this Subpoena shall include all documents (as defined herein) within your possession, custody, control or access, or within the possession, custody, control or access of any of your representatives (as defined herein)

ii. This Subpoena is continuing in nature, and if you or your agents or representatives acquire additional documents regarding this Subpoena, all such subsequently acquired documents should be made available to Plaintiff's counsel.

iii. If you at any time had possession or control of a document called for under this Subpoena, and if such document has been lost, destroyed or is not presently in your possession or control, you shall describe in writing, the document, the date of its

loss, destruction, purge or separation from possession or control, and the circumstances surrounding its loss, destruction, purge or separation from possession or control.

iv. The documents shall be produced as they are kept in the usual course of business or shall be organized and labeled to correspond with the categories in this Subpoena.

v. The selection of documents and files and other sources shall be performed in such a manner as to insure that the file or other source from which a document is obtained may be identified.

vi. In the event that you contend that any document is privileged or otherwise not subject to production or inspection, you are requested to identify each such document, in writing, by date, author, addressee, and general subject matter, and to identify all persons who received any copy thereof or otherwise obtained access thereto. Also, you are requested to state the basis for your assertion of privilege or other grounds for exclusion with respect to each document claimed to be privileged or otherwise not subject to production.

vii. Whenever appropriate, the singular form of a word shall be interpreted as plural, and the masculine gender shall be deemed to include the feminine.

b. The requested documents should be construed using the following definitions:

i. "Documents" as used herein shall mean all writings and recordings, including the original and non-identical copies, whether different from the original by reason of any notation made on such copies or otherwise (including but without limitation to, email and attachments, correspondence, memoranda, notes, diaries, minutes, statistics, letters, telegrams, minutes, contracts, reports, studies, checks,

statements, tags, labels, invoices, brochures, periodicals, telegrams, receipts, returns, summaries, pamphlets, books, interoffice and intraoffice communications, offers, notations of any sort of conversations, working papers, applications, permits, file wrappers, indices, telephone calls, meetings or printouts, teletypes, telefax, invoices, worksheets, and all drafts, alterations, modifications, changes and amendments of any of the foregoing), graphic or aural representations of any kind (including without limitation, photographs, charts, microfiche, microfilm, videotape, recordings, motion pictures, plans, drawings, surveys), and electronic, mechanical, magnetic, optical, or electric records or representations of any kind (including without limitation, computer files and programs, tapes, cassettes, discs, recordings), including metadata, drafts, alterations, modifications, changes of memoranda, etc., to any of the foregoing.

ii. "<u>You</u>," "<u>your</u>," and "<u>yours</u>," as used herein shall refer to JENKENS & GILCHRIST as defined herein, and its representatives and all other past and present representatives of such in their representative capacity.

iii. "<u>Communication</u>" as used herein shall mean any contact between or among JENKENS & GILCHRIST, its employees, agents or representatives regarding the matters listed in paragraph 1. Further, Communication shall include but not be limited to, all documents (as defined above), telephone or personal conversations, meetings, conferences and discussions, at any time or place, and under any circumstances whatsoever, whereby information of any nature was stated or in any manner transmitted or transferred.

iv. "Entity" as used herein shall mean a corporation, partnership, association, agency, governmental body (or any division, department or unit thereof), or any other legal entity other than a natural person.

v. "Representative" as used herein shall mean any and all present or former agents, employees, servants, officers, directors, attorneys, accountants, consultants and other persons or entities acting or purporting to act on behalf of the person or entity referred to.

vii. "Person" as used herein shall mean a natural person other than an entity and shall be construed to include groups of natural persons.

viii. "Relate to," "relates to," and "relating to" mean, consist of, refer to, pertain to, reflect, evidence, or be in any way logically or factually connected with the matter discussed.

3 The deposition will be recorded stenographically and on audio tape The deposition will be taken before an officer authorized to administer oaths and take testimony pursuant to Rule 28 of the Rules of the Court of Federal Claims and will continue from day to day during regular business hours until completed.