# In the United States Court of Federal Claims

No. 05-231T
(Filed: October 3, 2008)

```
*************************************
JZ BUCKINGHAM INVESTMENTS LLC,    *
                                  *
                    Plaintiff,    *
                                  *
         v.                       *
                                  *
THE UNITED STATES,                *
                                  *
                    Defendant.    *
                                  *
*************************************
```

## OPINION

On September 26, 2008, the Court issued an opinion ruling on three motions *in limine*. In the opinion, the Court denied Plaintiff's Motion to Exclude Government Expert Dr. David LaRue ("Plaintiff's LaRue Motion"). On September 29, 2008, Plaintiff filed a motion for reconsideration of the ruling.

Plaintiff asserts that the Court denied Plaintiff's LaRue motion based "in substantial part" on the Court's finding that Dr. LaRue's testimony is relevant to whether the tax returns in question were filed with a good faith belief in their completeness and accuracy. This issue of good faith is, as Plaintiff points out, a defense to an assertion of accuracy-related penalties, yet accuracy-related penalties are not at issue in this case.

However, one of the several factors relevant to whether a transaction has economic substance, a determination that *is* at issue in this case, is whether the taxpayer's subjective motivation was solely tax avoidance. *See Coltec Indus. Inc. v. United States*, 454 F.3d 1340, 1355 (Fed. Cir. 2006) (recognizing that even a transaction that has economic substance could still be disregarded if the taxpayer had no subjective business motivation (citing *Dow Chem. Co. v. United States*, 435 F.3d 594, 599 (6th Cir. 2006))). On this factor, Dr. LaRue opines that a reasonable tax professional would recognize Plaintiff's tax returns as having been prepared to avoid the risk of audit. If the tax returns do evidence an intent to avoid the risk of audit, it would lend toward a finding that Plaintiff did not subjectively believe the transaction to have a

legitimate business purpose and was motivated instead by tax avoidance.[1]  Thus, Dr. LaRue's conclusions are relevant to the economic substance determination in this case, notwithstanding that they may also be relevant to a penalty defense that is not at issue.  *See* Fed. R. Evid. 401, 702.

      Plaintiff's motion for reconsideration is therefore DENIED.

      s/ Edward J. Damich
      EDWARD J. DAMICH
      Chief Judge

---

[1]  Though Plaintiff notes in its LaRue motion that no cases have been cited in which a Court relied upon the nature of a tax return in an economic substance analysis, this fact falls far short of proving that such evidence is actually irrelevant and should be excluded.